| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Edward O. Sassower, P.C. | Warren A. Usatine, Esq. |
| Joshua A. Sussberg, P.C. (*pro hac vice* pending) | Felice R. Yudkin, Esq. |
| Steven N. Serajeddini, P.C. (*pro hac vice* pending) | Ryan T. Jareck, Esq. |
| Ciara Foster (*pro hac vice* pending) | Court Plaza North, 25 Main Street |
| 601 Lexington Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10022 | Telephone:     (201) 489-3000 |
| Telephone:     (212) 446-4800 | msirota@coleschotz.com |
| Facsimile:     (212) 446-4900 | wusatine@coleschotz.com |
| edward.sassower@kirkland.com | fyudkin@coleschotz.com |
| joshua.sussberg@kirkland.com | rjareck@coleschotz.com |
| steven.serajeddini@kirkland.com | |
| ciara.foster@kirkland.com | |
| | |
| *Proposed Co-Counsel for Debtors and Debtors in Possession* | *Proposed Co-Counsel for Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY
OF ORDER (I) AUTHORIZING WEWORK INC. TO
ACT AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

### Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing Debtor WeWork Inc. to act as the Foreign Representative (as defined herein) on behalf of the Debtors' estates in the Canadian Proceeding (as defined herein) and (ii) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 1107, and 1505 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

---

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

2

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Appointment of Foreign Representative**

7.      The Debtors' operations in Canada are primarily run through a number of Canadian entities:  (i) WeWork Canada GP ULC and WeWork Canada LP ULC are Canadian unlimited liability corporations; (ii) 700 2 Street Southwest Tenant LP, 4635 Lougheed Highway Tenant LP,

and 1090 West Pender Street Tenant LP are Canadian limited partnerships; and (iii) 9670416 CANADA Inc. is a Canadian corporation (the entities listed in (i)-(iii), collectively, the "Canada Debtors"). WeWork Inc. is the ultimate parent and holds substantially all of the economic interests in the Canada Debtors.

8. WeWork Inc., as the proposed Foreign Representative, will shortly seek ancillary relief in Canada on behalf of the Debtors' estates in a court of proper jurisdiction in Toronto, Ontario, Canada, (the "Canadian Court") pursuant to the Companies' Creditors Arrangement Act (Canada) R.S.C. 1985, c. C-36 (as amended, the "CCAA"). The purpose of the ancillary proceeding (the "Canadian Proceeding") is to request that the Canadian Court (i) recognize the Debtors' chapter 11 cases as "foreign main proceedings" under the applicable provisions of the CCAA to, among other things, protect the Debtors' assets and operations in Canada, (ii) lend assistance to the Court, and (iii) grant any other appropriate relief that the Foreign Representative deems as just and appropriate.

9. To commence the Canadian Proceeding, the Debtors require authority for a Debtor entity to act as the "foreign representative"[3] on behalf of the Debtors' estates (the "Foreign Representative"). Therefore, the Debtors request authority to appoint WeWork Inc. as such Foreign Representative.

10. More specifically, section 46 of the CCAA provides in part:

    a. **Application for recognition of a foreign proceeding.** — A foreign representative may apply to the court for recognition of the foreign proceeding in respect of which he or she is a foreign representative.

---

[3] A "foreign representative" is defined in section 45(1) of the CCAA to mean "a person or body, including one appointed on an interim basis, who is authorized, in a foreign proceeding respect of a debtor company, to (a) monitor the debtor company's business and financial affairs for the purpose of reorganization; or (b) act as a representative in respect of the foreign proceeding."

4

      b.      **Documents that must accompany application.** — . . . the application must be accompanied by . . . (b) a certified copy of the instrument, however designated, authorizing the foreign representative to act in that capacity or a certificate from the foreign court affirming the foreign representative's authority to act in that capacity . . .

CCAA, R.S.C., Ch. C-36, § 46 (1985) (Can.).

11. Accordingly, for WeWork Inc. to seek recognition as the Foreign Representative in the Canadian Proceeding, and thereby apply to have the Debtors' chapter 11 cases recognized by the Canadian Court, this Court must enter an order authorizing WeWork Inc. to act as the Foreign Representative in the Canadian Proceeding. If the Order is granted, WeWork Inc. will be able to file the Order with the Canadian Court as the instrument authorizing WeWork Inc. to act as the Foreign Representative pursuant to section 46 of the CCAA.

## Basis for Relief

12. Section 1505 of the Bankruptcy Code provides that "[a] trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law." 11 U.S.C. § 1505. Furthermore, section 1107(a) of the Bankruptcy Code provides, in relevant part, that "a debtor in possession shall have all the rights . . . and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

13. Thus, sections 1505 and 1107 of the Bankruptcy Code confer upon WeWork Inc., as a debtor in possession, sufficient rights, powers, and duties to act as a Foreign Representative of the Debtors' estates in the Canadian Proceeding. To avoid any possible confusion or doubt regarding this authority and to comply with the requirements of section 46 of the CCAA, the Debtors seek entry of an order, pursuant to section 1505 of the Bankruptcy Code, explicitly

5

authorizing WeWork Inc. to act as the Foreign Representative of the Debtors' estates in the Canadian Proceeding.

14. Authorizing WeWork Inc. to act as the Foreign Representative on behalf of the Debtors' estates in the Canadian Proceeding will allow for coordination between these chapter 11 cases and the Canadian Proceeding, and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates. Indeed, courts across various jurisdictions have granted relief similar to that requested herein in other large chapter 11 cases where a debtor has foreign assets or operations requiring a recognition proceeding. *See, e.g.*, *In re Cyxtera Techs. Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023); *In re David's Bridal, LLC*, Case No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. June 28, 2023); *In re Armstrong Flooring, Inc.*, Case No. 22-10426 (MFW) (Bankr. D. Del. May 11, 2022); *In re Skillsoft Corporation*, Case No. 20-11532 (MFW) (Bankr. D. Del. June 16, 2020).[4] Accordingly, the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Waiver of Memorandum of Law

15. The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**No Prior Request**

16. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

17. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 6, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:  (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:  (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:  (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Proposed Co-Counsel for Debtors and Debtors in Possession* | *Proposed Co-Counsel for Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Steven N. Serajeddini, P.C. (*pro hac vice* pending)<br>Ciara Foster (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>edward.sassower@kirkland.com<br>joshua.sussberg@kirkland.com<br>steven.serajeddini@kirkland.com<br>ciara.foster@kirkland.com<br><br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Ryan T. Jareck, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:    (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>WEWORK INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING WEWORK INC. TO ACT
AS FOREIGN REPRESENTATIVE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED.**

(Page | 3)
| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing WeWork Inc. to Act as Foreign Representative and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Order (I) Authorizing WeWork Inc. to Act as Foreign Representative and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing Debtor WeWork Inc. ("WeWork Inc.") to act as foreign representative on behalf of the Debtors' estates pursuant to sections 105(a), 1107, and 1505 of the Bankruptcy Code, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)
| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing WeWork Inc. to Act as Foreign Representative and (II) Granting Related Relief |

2. WeWork Inc. is hereby authorized to act as the Foreign Representative on behalf of the Debtors' estates in connection with the Canadian Proceeding. As Foreign Representative, WeWork Inc. shall be authorized and shall have the power to act in any way permitted by applicable foreign law, including (i) seeking recognition of the Debtors' chapter 11 cases in the Canadian Proceeding, (ii) requesting that the Canadian Court lend assistance to this Court in protecting the Debtors' property, and (iii) seeking any other appropriate relief from the Canadian Court that WeWork Inc. deems just and proper in furtherance of the protection of the Debtors' estates.

3. This Court requests the aid and assistance of the Canadian Court to recognize the Debtors' chapter 11 cases as a "foreign main proceeding" and WeWork Inc. as a "foreign representative" pursuant to the CCAA, and to recognize and give full force and effect in all provinces and territories of Canada to this Order.

4. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or otherwise waived.

5. The Debtors shall serve by regular mail a copy of this Order and Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after entry of this Order.

6. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

(Page | 5)
Debtors: WeWork Inc., *et al.*
Case No. 23-19865 (JKS)
Caption of Order: Order (I) Authorizing WeWork Inc. to Act as Foreign Representative and (II) Granting Related Relief

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.