**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION SEEKING ENTRY OF**
**AN ORDER (I) EXTENDING TIME TO FILE (A) SCHEDULES AND**
**STATEMENTS AND (B) 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (i) extending the deadline by which the Debtors must file (a) their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") to and including January 6, 2024, for a total of sixty (60) days from the Petition Date (as defined herein), and (b) their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in rule 2015.3 (the "2015.3 Reports") of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to and including the later of (x) thirty (30) days after the meeting of creditors (the "341 Meeting") to be held pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code") and (y) January 6, 2024, sixty (60) days from the Petition Date; and (ii) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c), 2015.3(d), and 9006(b), and the applicable Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Basis for Relief**

**I.      Cause Exists to Extend the Time to File the Schedules and Statements.**

7.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs within fourteen (14) days of the petition date.  Pursuant to Bankruptcy Rules 1007(c) and 9006(b), however, the Court has authority to extend the time required for the filing of the Schedules and Statements "for cause shown."  Fed. R. Bankr. P. 1007(c) and 9006(b).  Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order" and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party."  *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (internal citations and quotation marks omitted).

8.      Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements.  The ordinary operation of the Debtors' business requires the Debtors to maintain voluminous books, records, and complex accounting systems.  To prepare the Schedules and Statements, the Debtors must compile information from those books and records, and from documents relating to the claims of thousands of creditors, and the Debtors' many assets and contracts.  This information is extensive and located in numerous places throughout the Debtors' organization.  Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

9.      The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements, but resources are strained.  Given the amount of work completing the Schedules and Statements entails and the competing demands on the Debtors' employees and professionals to assist with stabilizing and continuing business operations during the initial postpetition period, as well as the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors will not be able to properly and accurately complete the Schedules and Statements within the required time period.

10.      In addition, prior to the Petition Date, the Debtors focused primarily on preparing for the chapter 11 filing, preparing the business to transition into chapter 11, and negotiating with their significant creditor constituencies for a soft landing into chapter 11.  Although the Debtors have commenced the process that will enable them to prepare and finalize what will be voluminous Schedules and Statements and are working diligently to move the process forward, the Debtors anticipate that they may require up to forty-six (46) additional days to complete the Schedules and Statements.  The extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time.  No party in interest will be prejudiced by the extension requested herein because the Debtors have financial and operational incentives to progress these chapter 11 cases as expeditiously as possible.  The Debtors therefore request that the Court extend the fourteen-day period by an additional forty-six (46) days, without prejudice to the Debtors' right to request further extensions for cause shown.

11.     Courts in this district have granted similar relief to that requested herein in a number

of cases.  *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 15, 2023)

(granting the debtors a total of fifty-two days from the petition date to file their schedules and

statements); *In re Cyxtera Tech., Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023) (granting

debtors a total of thirty-six days from the petition date to file their schedules and statements);

*In re Bed Bath & Beyond*, No. 23-13359 (VFP) (Bank. D.N.J. Apr. 25, 2023) (granting debtors a

total of thirty-four days from the petition date to file their schedules and statements); *In re David's

Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (granting debtors a total of

thirty-five days from the petition date to file their schedules and statements); *In re BlockFi Inc*,

No. 22-19361 (MBK) (Bankr. D.N.J Nov. 29, 2022) (granting debtors a total of forty-four days

from the petition date to file their schedules and statements).[3]

## II.     Cause Exists to Extend the Time to File the 2015.3 Reports.

12.     Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than

seven days before the date set for the 341 Meeting and no less than every six months thereafter,

periodic financial reports of the value, operations, and profitability of each entity that is not a

publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a

substantial or controlling interest.  *See* Fed. R. Bankr. P. 2015.3(a)–(c).  Bankruptcy Rule

9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports

"for cause." Fed. R. Bankr. P. 9006(b)(1).  Additionally, Bankruptcy Rule 2015.3(d) provides the

Court with the ability, after notice and a hearing, to modify the reporting requirements for cause,

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

13.     The Debtors directly and indirectly own non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3 and, as such, are required to file 2015.3 Reports.  The Debtors are not in a position to complete the initial 2015.3 Reports within the time required in Bankruptcy Rule 2015.3 due to (i) the size, complexity, and geographic scope of the Debtors' business; (ii) the substantial burdens imposed by complying with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases; and (iii) the same considerations supporting an extension of the date by which to file the Schedules and Statements.  Accordingly, cause exists to extend the deadline for filing the 2015.3 Reports as requested herein.

14.     Extending the deadline to file the initial 2015.3 Reports will provide the Debtors with the necessary time to examine the books and records of their non-Debtor subsidiaries that are subject to Bankruptcy Rule 2015.3.  The additional time will also enable the Debtors to work with their financial advisors and the United States Trustee for the District of New Jersey (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3.  Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to the later of (i) thirty (30) days after the 341 Meeting or (ii) sixty (60) days from the Petition Date pursuant to Bankruptcy Rule 2015.3(d).

15.     Courts in this and other districts regularly have found cause to extend the deadline for filing 2015.3 reports in chapter 11 cases of comparable size, complexity, and geographic scope. *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. June 4, 2023) (granting debtors the later of thirty days after the 341 meeting or a total of forty-four days from the petition

date to file their 2015.3 reports); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y.

July 13, 2022) (granting debtors the later of thirty days after the 341 meeting or a total of forty-four

days from the petition date to file their 2015.3 reports); *In re Alliant Tech. L.L.C.*, No. 21-19748

(JKS) (Bankr. D.N.J. Dec. 21, 2021) (granting debtors a total of thirty-six days from petition date

to file their 2015.3 reports); *In re Akorn Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. May 20, 2020)

(granting debtors the later of thirty days after the 341 meeting or a total of forty-one days from the

petition date to file their 2015.3 reports); *In re Aceto Corp.*, No. 19-13448 (VFP) (Bankr. D.N.J.

Feb. 19, 2019) (granting debtors the later of thirty days after the first date scheduled for the 341

Meeting or sixty days from the petition date to file their 2015.3 reports).[4]

## Waiver of Memorandum of Law

16.    The Debtors request that the Court waive the requirement to file a separate

memorandum of law pursuant to rule 9013-1(a)(3) of the Local Rules because the legal basis upon

which the Debtors rely is set forth herein, and the Motion does not raise any novel issues of law.

## No Prior Request

17.    No prior request for the relief sought in this Motion has been made to this or any

other court.

## Notice

18.    The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk &

Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'

prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for

each of the states in which the Debtors operate; (h) the United States Attorney's Office for the

District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue

Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of

the nature of the relief requested, no other or further notice need be given.


[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 6, 2023

/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:    (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:    (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:    (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Proposed Co-Counsel for Debtors and* | *Proposed Co-Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) EXTENDING TIME
TO FILE (A) SCHEDULES AND STATEMENTS
AND (B) 2015.3 REPORTS, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending Time to File (A) Schedules and Statements, and (B) 2015.3 Reports, and (II) Granting Related Relief |

Upon the *Debtors' Motion Seeking Entry of an Order (I) Extending to File (A) Schedules and Statements and (B) 2015.3 Reports, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) extending the deadline by which the Debtors must file the Schedules and Statements by forty-six (46) days, for a total of sixty (60) days from the Petition Date, through and including January 6, 2024 without prejudice to the Debtors' ability to request additional extensions for cause shown; and (ii) extending the deadline by which the Debtors must file the 2015.3 Reports of the Bankruptcy Rules, or to file a motion with the Court seeking a modification of such reporting requirements for cause, to the later of: (a) thirty (30) days after the 341 Meeting or (b) sixty (60) days from the Petition Date, each without prejudice to the Debtors' ability to request additional extensions; and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending Time to File (A) Schedules and Statements, and (B) 2015.3 Reports, and (II) Granting Related Relief |

and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules 1007(c) and 9006(b), the time by which the Debtors shall file the Schedules and Statements is extended by an additional forty-six (46) days beyond the fourteen-day extension provided for pursuant to Bankruptcy Rule 1007(c) through and including January 6, 2024.

3.      The time within which the Debtors must file the 2015.3 Reports is extended to the later of (i) thirty (30) days after the 341 Meeting or (ii) sixty (60) days from the Petition Date. The Debtors reserve the right to file a motion with the Court seeking a modification of such reporting requirements for cause.

4.      The foregoing extensions are without prejudice to the Debtors' right to file a motion with this Court seeking furthers extension upon showing of cause.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending Time to File (A) Schedules and Statements, and (B) 2015.3 Reports, and (II) Granting Related Relief |

7.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

8.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.