**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF**
**CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s
principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address
in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd.
Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"):  (a) authorizing, but not directing, the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees (as defined herein) in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to, including or following the Petition Date), without regard to whether such obligations accrued or arose before or after the Petition Date, and (ii) undertake the Tax Planning Activities (as defined herein); and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Taxes and Fees Overview

7.      In the ordinary course of business, the Debtors collect, withhold, and incur income taxes, franchise taxes, sales and use taxes, personal property taxes, commercial rent taxes, foreign taxes, and other governmental and regulatory taxes, penalties, interests, assessments and fees (collectively, "Taxes and Fees").[3]  The Debtors pay or remit, as applicable, Taxes and Fees to various governmental authorities (each, an "Authority," and collectively, the "Authorities") on a periodic basis (monthly, quarterly, semi-annually, or annually, as applicable) depending on the nature and incurrence of the particular Taxes and Fees and as required by applicable laws and regulations. A schedule identifying the Authorities is attached hereto as **Exhibit C**.[4]  The Debtors generally, but not exclusively, pay and remit Taxes and Fees via checks, through third party service providers, or an Authority's online portals.  In some cases, the Debtors' customers or contract counterparties withhold taxes from the Debtors' invoice payments and remit the taxes directly to the Authorities.  From time to time, the Debtors may also receive tax credits for overpayments or refunds in respect of Taxes and Fees.  The Debtors generally use these credits in the ordinary

---

[3]    This Motion does not seek relief with respect to the Debtors' collection and remittance of employee-related taxes and withholdings, which are instead addressed in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief*, filed contemporaneously herewith.

[4]    Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit C**.  The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified in **Exhibit C**.

course of business to offset against future Taxes and Fees or cause the amount of such credits to be refunded to the Debtors.

8.       The Debtors indirectly pay certain sales and use taxes, property taxes, and regulatory and other Taxes and Fees in the ordinary course of business through their third-party tax administrator, Anybill Financial Services, Inc. (together with certain of its affiliates, "Anybill").[5]   To do so, certain of the Debtors' employees provide Anybill with information related to amounts owed to the applicable Authorities and the required timing for payment.  The Debtors remit funds to Anybill via ACH, wire transfer, or through an automatic debit, pulling funds directly into Anybill's bank account.  In turn, Anybill remits such tax payments to the applicable Authorities once the funds are received from the Debtors.  As of the Petition Date, the Debtors estimate that they owe Anybill approximately $8,000 on account of its services as the Debtors' tax administrator.  The Debtors request authority, but not direction, to pay such fees due and owing as of the Petition Date and further seek authority to continue honoring such fees as they become due and owing in the ordinary course of business during their chapter 11 cases.

9.       Additionally, the Debtors are subject to, or may become subject to, routine audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during these chapter 11 cases.  Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, "Assessments").[6]  The Debtors seek authority, not direction, to pay or remit tax obligations on account of any Assessments as they arise

---

[5]    Funds are transferred from the Company to an affiliate of Anybill (Paypool), which then generates the payments.

[6]    Nothing in this Motion, or any related order, constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

in the ordinary course of the Debtors' business, including as a result of any resolutions of issues addressed in an Audit.

10.     Additionally, the Debtors request authority, not direction, to make distributions of cash, directly or indirectly, to The We Company MC LLC or its parent, WeWork Inc., to satisfy any Taxes and Fees owed by or in respect of income of The We Company MC LLC, that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during these chapter 11 cases in respect of The We Company MC LLC's ownership of equity interests in The We Company Management Holdings L.P., a Cayman Islands exempted limited partnership, under applicable law, in each case without regard to any restrictions, conditions, or limitations on such distributions that may otherwise exist under that certain Third Amended and Restated Agreement of Exempted Limited Partnership of The We Company Management Holdings L.P., dated as of October 21, 2021 (such distributions, the "Tax Distributions").

11.     The Debtors seek authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees (including any obligations subsequently determined upon Audit or otherwise to be owed), including:  (a) Taxes and Fees that accrue or are incurred postpetition; (b) Taxes and Fees that have accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed; (c) payments made prepetition by the Debtors that were lost or otherwise not received in full by any of the Authorities; and (d) Taxes and Fees incurred for prepetition periods that become due and payable after the commencement of these chapter 11 cases, including as a result of Audits.  In addition, for the avoidance of doubt, the Debtors seek authority to pay Taxes and Fees for so-called "straddle" periods.[7]

---

[7]     The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative or priority treatment.

12.     Finally, the Debtors seek authority to undertake certain typical activities related to tax planning, and to pay Taxes and Fees related thereto, including:  (a) converting Debtor entities from one form to another (*e.g.*, converting an entity from a corporation to a limited liability company) via conversion, merger, or otherwise ("Entity Conversions"); (b) making certain tax elections (including with respect to the tax classification of Debtor entities) ("Tax Elections"); (c) changing the position of Debtor entities within the Debtors' corporate structure ("Entity Movements"); (d) modifying or resolving intercompany claims and moving assets or liabilities among Debtor entities if doing so will not alter the substantive rights of the Debtors' stakeholders in these chapter 11 cases ("Asset and Liability Movements"); and (e) filing one or more requests for a private letter ruling with the Internal Revenue Service (a "Ruling Request" and, together with the Entity Conversions, Tax Elections, Entity Movements, and Asset and Liability Movements, the "Tax Planning Activities").

13.     The Debtors estimate that approximately $8.9 million[8] in Taxes and Fees is outstanding as of the Petition Date.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date |
|---|---|---|
| Income Taxes | Income taxes incurred in the ordinary course of business based on the jurisdictions in which the Debtors do business, generally payable on an annual basis. | $1.2 million |
| Sales and Use Taxes | Taxes on goods and services sold or used, assessed based on the value of such goods and services, generally payable on a monthly, quarterly, or annual basis. | $3.1 million |

---

[8]    The Debtors cannot predict the amounts of any potential Assessments that may result from Audits, if any. Accordingly, the Debtors' estimate of outstanding Taxes and Fees as of the Petition Date does not include any amounts relating to potential Assessments.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date |
|---|---|---|
| Franchise Taxes | Franchise taxes required to conduct business in the ordinary course based on the jurisdictions in which the Debtors do business. | $50,000 |
| Foreign Taxes | Taxes due to Authorities in foreign jurisdictions, including foreign corporate income taxes, value added taxes, foreign regulatory fees, and business rate taxes. | $1.2 million |
| Personal Property Taxes | Taxes related to personal property holdings, payable as such taxes come due in the ordinary course, at least on an annual basis. | $640,000 |
| Commercial Rent Taxes | This tax is charged to tenants who occupy or use a property for commercial activity in Manhattan, south of the center line of 96th street and pay at least $250,000 each year in rent. | $1.9 million |
| Regulatory and Other Taxes and Fees | Taxes and Fees related to compliance with regulatory requirements, including periodic licensing, permitting, reporting, business licensing, and similar requirements, generally payable on a monthly, quarterly, or annual basis, depending on the specific Taxes and Fees. | $870,000 |
| | **Total** | $8.9 million |

14.     Any failure by the Debtors to pay Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including (but not limited to):  (a) Authorities may initiate Audits of the Debtors, which would unnecessarily divert the Debtors' attention from these chapter 11 cases; (b) Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the Debtors' estates; and (c) in certain instances, certain of the Debtors' directors and officers could be subject to claims of personal liability, which would likely distract those key individuals from their duties related to the Debtors' restructuring.  Taxes and Fees not timely paid as required by law may result in fines and penalties, the accrual of interest, or both.  In addition, nonpayment of Taxes and Fees may give

rise to priority claims under section 507(a)(8) of the Bankruptcy Code.  Finally, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not even constitute property of the Debtors' estates.  Accordingly, the Debtors seek authority to pay, in their sole discretion, Taxes and Fees (including Assessments) in the ordinary course of business as they become due and to engage in Tax Planning Activities as necessary.

**I.      Income Taxes**.

15.      The Debtors incur and are required to pay various state, local, and federal income taxes (collectively, "Income Taxes") in the jurisdictions where the Debtors operate.[9]  The Debtors generally remit Income Taxes on an annual and quarterly basis each year.  In some jurisdictions, the Debtors remit to relevant Authorities estimated amounts with respect to Income Taxes, resulting in tax credits or overpayments that may be refunded to the Debtors in certain circumstances.  In 2022, the Debtors remitted approximately $237,000 in Income Taxes to the applicable Authorities.

16.      As of the Petition Date, the Debtors estimate that they owe approximately $1.2 million on account of prepetition Income Taxes to the applicable Authorities.  The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Income Taxes

---

[9]      In the ordinary course of business, the Debtors pay or remit certain Taxes and Fees on behalf of certain of their non-Debtor affiliates.  While the Debtors believe that they have the authority to continue paying such taxes and Fees as intercompany ordinary course transactions as set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief*, filed contemporaneously herewith, out of an abundance of caution, the Debtors seek authority to pay Taxes and Fees on behalf of their non-Debtor affiliates, including any prepetition obligations related thereto, in the ordinary course of business during these chapter 11 cases.

due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

## II.    Sales and Use Taxes.

17.    The Debtors incur, collect, or remit sales and use taxes to the Authorities in connection with the sale, purchase, and use of goods and services (collectively, "Sales and Use Taxes").

18.    Generally, on a monthly basis (with some Authorities requiring payment on an annual, monthly, or quarterly basis) the Debtors remit Sales and Use Taxes either indirectly through Anybill, in which WeWork funds the Anybill account and the funds are utilized in order to remit the taxes to the appropriate taxing jurisdiction, or directly through online accounts with the specific taxing Authority.  In 2022, the Debtors remitted approximately $5.3 million in Sales and Use Taxes to the applicable Authorities, including interest and penalties.  As of the Petition Date, the Debtors estimate that they have incurred or collected approximately $3.1 million in Sales and Use Taxes that have not been remitted to the relevant Authorities.  The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Sales and Use Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

## III.    Franchise Taxes.

19.    The Debtors incur and are required to pay various state and local franchise taxes for the privilege of doing business within such jurisdictions (collectively, "Franchise Taxes").  The Debtors generally remit Franchise Taxes on an annual and quarterly basis each year.  In 2022, the Debtors remitted approximately $2.4 million in Franchise Taxes to the applicable Authorities.

20.    As of the Petition Date, the Debtors believe that they owe $50,000 in Franchise Taxes to the Authorities.  The Debtors request authority, but not direction, to pay all Franchise

Taxes due and owing as of the Petition Date and further seek authority to continue honoring Franchise Taxes as they become due and owing in the ordinary course of business during their chapter 11 cases.

### IV.    Foreign Taxes.

21.    Because part of the Debtors' business is conducted abroad, the Debtors incur various taxes from foreign jurisdictions, including foreign corporate income taxes, value added taxes, withholding taxes, business rate taxes, foreign regulatory fees, and other foreign taxes (collectively, "Foreign Taxes").   As of the Petition Date, the Debtors estimate that they owe approximately $1.2 million to the applicable Authorities on account of prepetition Foreign Taxes. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Foreign Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

### V.    Personal Property Taxes.

22.    State and local laws in the jurisdictions where the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' personal property (collectively, "Personal Property Taxes").[10]   To avoid the imposition of statutory liens on their personal property, the Debtors pay Personal Property Taxes as they come due in the ordinary course of business.

23.    In 2022, the Debtors remitted approximately $10.3 million in Personal Property Taxes to the applicable Authorities on an annual, semi-annual, or monthly basis, depending on the

---

[10]    The Debtors do not own any real property.  The Debtors' landlords remit Personal Property Taxes on properties that the Debtors lease to the applicable Authorities, which the Debtors indirectly pay pursuant to the terms of the respective leases with such landlords.  Accordingly, as of the Petition Date, the Debtors do not owe any real estate taxes.  Nevertheless, the Debtors seek authority to honor any real estate taxes as they become due and owing in the ordinary course of business during their chapter 11 cases, if any.

applicable Authority, including interest and penalties. These payments are either paid indirectly through Anybill or directly through online accounts with the specific taxing Authority. As of the Petition Date, the Debtors estimate that they have incurred approximately $640,000 in Personal Property Taxes that have not been remitted to the relevant Authorities. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Personal Property Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

**VI.    Commercial Rent Taxes**.

24.    The Debtors incur, in the ordinary course of business, certain commercial rent taxes in New York City (the "Commercial Rent Taxes"). The Commercial Rent Tax is filed and paid on a quarterly basis. The remittance of tax is completed on the NYC Department of Finance website through WeWork's online account. In 2022, the Debtors remitted approximately $7.9 million in Commercial Rent Taxes.[11] As of the Petition Date, the Debtors estimate that they owe approximately $1.9 million to New York City on account of prepetition Commercial Rent Taxes. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Commercial Rent Taxes that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

---

[11]    The Debtors have historically filed and paid a Commercial Rent Tax to the city of San Francisco, California ("San Francisco") on a quarterly basis. At the end of calendar year 2022, however, San Francisco determined that the Debtors are not an applicable taxpayer liable for the San Francisco Commercial Rent Tax. As such, with agreement from San Francisco, the Debtors terminated their filing obligations for the Commercial Rent Tax to San Francisco beginning on January 1, 2023. As for the tax that was remitted to San Francisco in the calendar year 2022, such payments were submitted on the San Francisco Treasurer & Tax Collector website through the Debtors' online account. For the avoidance of doubt, the $7.9 million in Commercial Rent Taxes remitted in 2022 includes both Commercial Rent Taxes owed to New York City and San Francisco.

## VII.    Regulatory and Other Taxes and Fees.

25.    The Debtors incur, in the ordinary course of business, certain SEC filing fees, NYSE listing fees, certificate of authority fees, corporate regulatory fees, franchise fees, intellectual property fees, business license fees, and other regulatory taxes and fees (collectively, "Regulatory and Other Taxes and Fees").  The Debtors typically remit Regulatory and Other Taxes and Fees to the relevant Authorities on a monthly, quarterly, or annual basis, depending on the applicable Authority.  These payments are either paid indirectly through Anybill or directly through online accounts with the specific taxing Authority.  In 2022, the Debtors remitted approximately $535,000 in Regulatory and Other Taxes and Fees to the applicable Authorities.  As of the Petition Date, the Debtors estimate that approximately $870,000 in Regulatory and Other Taxes and Fees will have accrued and remain unpaid to the relevant Authorities.  The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Regulatory and Other Taxes and Fees that are due and owing as of the Petition Date or may become due and owing in the ordinary course of business during their chapter 11 cases.

## Basis for Relief Requested

## I.    Certain Taxes and Fees May Not Be Property of the Debtors' Estates.

26.    Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  Certain Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors.  *See, e.g.*, 26 U.S.C. § 7501 (stating that certain taxes and fees are held in trust); *Begier v. Internal Revenue*

*Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); *In re Shank*, 792 F.2d 829, 833 (9th Cir. 1986) (holding that a sales tax required by state law to be collected by sellers from their customers is a "trust fund" tax and "not released by bankruptcy discharge").  For example, all U.S. federal internal revenue tax withheld is considered to be held in a "special fund in trust for the United States."  *Begier*, 496 U.S. at 60 (quoting 26 U.S.C. § 7501).  Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" Taxes and Fees, the Debtors should be permitted to pay those funds to the applicable Authorities as they become due.[12]

## II.    Certain Taxes and Fees May Be Priority Claims Entitled to Priority Treatment Under the Bankruptcy Code.

27.    Claims on account of certain Taxes and Fees may be priority claims entitled to payment before general unsecured claims.  *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment).  Courts have authorized early payment of priority claims when such early payment is intended to prevent some harm or to procure some benefit for the estate. *See*, *e.g.*, *In re Lehigh & N. Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding courts may authorize payment of prepetition claims under the "necessity of payment" doctrine when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) (stating that the court may authorize pre-plan payment of priority claims because "the need to pay these claims in an ordinary course of business time frame is simple common sense").

28.    Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if

---

[12] For clarity, the Debtors are requesting authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. *See In re Equalnet*, 258 B.R. at 369 ("[C]ertain types of claims enjoy a priority status in addition to being sometimes critical to the ongoing nature of the business. For instance . . . certain tax claims are both priority claims in whole or in part. The need to pay these claims in an ordinary course of business time-frame is simple common sense."). Payment of such Taxes and Fees likely will give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on such Taxes and Fees during these chapter 11 cases.

29.     It is also possible that at least some Taxes and Fees may be entitled to secured status with respect to the property that the Debtors own. As secured claims, these Taxes and Fees would be entitled to priority treatment if and when the Debtors sell the property that these Taxes and Fees are recorded against or when the Debtors confirm a plan of reorganization. *See* 11 U.S.C. §§ 506(a); 1129(a)(9)(C); 1129(b)(2)(A) (requiring that any plan of reorganization "crammed down" over a class of secured creditors pay those creditors in full or allow those creditors to retain their liens). As with priority tax claims, payment of secured tax claims only affects the timing of payments and will not unduly prejudice the rights and recoveries of other creditors of the Debtors.

### III.  Payment of Taxes and Fees and Undertaking the Tax Planning Activities as Provided Herein is a Sound Exercise of the Debtors' Business Judgment.

30.     Courts have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989).  In doing so, the *Ionosphere* court acknowledged that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims.  *See Ionosphere Clubs*, 98 B.R. at 175.

31.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."  *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also Armstrong World*, 29 B.R. at 397 (relying on section 363 of the Bankruptcy Code to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); *In re Ionosphere Clubs*, 98 B.R. at 175 (finding that a sound business justification existed to justify payment of certain prepetition wages); *In re Filene's Basement, LLC*, 2014 WL 1713416 (Bankr. D. Del. April 29, 2014) (explaining that a debtor's business judgment for section 363 of the Bankruptcy Code will be presumed reasonable if the debtor articulates a reasonable basis for their decision) (citations omitted).

32.     Further,    pursuant    to    Bankruptcy    Code    section 1107(a),    "a    debtor-in-possession . . . shall perform all the functions and duties . . . of a trustee serving in a case under [chapter 11 of the Bankruptcy Code]." 11 U.S.C. § 1107(a); *see also* 11 U.S.C. § 1108 (authorizing the trustee to operate the debtor's business).  Thus, debtors-in-possession are fiduciaries "holding the bankruptcy estate and operating the business for the benefit of creditors. . . ." *In re CoServ*, 273 B.R. at 497.  Courts have noted that there are instances in which a debtor-in-possession may fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.*

33.     Courts also authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses.  *See In re Just for Feet*, 242 B.R. at 824−26.  Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").  *See, e.g.*, *In re Ionosphere Clubs*, 98 B.R. at 176; *In re Lehigh & N. Eng. Ry Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *see also In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (noting that, in the Third Circuit, debtors may pay prepetition claims that are "essential to the continued operation of the business") (citation omitted).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a

novel concept." *In re Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)).

34.    The Debtors' timely payment of Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases. *See, e.g.*, *Schmehl v. Helton*, 662 S.E.2d 697, 707 (W. Va. 2008) (noting that corporate officers may be held responsible for payment of certain corporate taxes); *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (citing *United States v. Energy Res. Co.*, 495 U.S. 545 (1990)) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for unpaid taxes).  Any collection action on account of such amounts, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration, and ultimately the success, of these chapter 11 cases.[13]

35.    Finally, the Debtors' failure to timely pay Taxes and Fees may result in increased tax liability for the Debtors if interest and penalties accrue on unpaid Taxes and Fees.  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.

---

[13]    Nothing herein is a concession that the Debtors' officers, directors, or employees would have personal liability for unpaid taxes.  However, the intent of such collection efforts, even if ultimately unwarranted, would be a critical distraction.  In addition, such individuals may be entitled to indemnification by the Debtors' estates which would be an unnecessary cost to incur.

36.    For the foregoing reasons, the Court should authorize the Debtors to pay all prepetition and postpetition obligations on account of Taxes and Fees, including any Assessments, and undertake Tax Planning Activities.  Courts in this district and elsewhere routinely approve relief similar to that requested herein.  *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 15, 2023) (authorizing the debtors to pay prepetition taxes and fees in the ordinary course of business and to conduct tax planning activities)*; In re Cyxtera Techs., Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. June 6, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (authorizing the debtors to pay prepetition taxes and fees in the ordinary course of business); *In re David's Bridal LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re BlockFi Inc.*, No.  22-19361 (MBK) (Bankr. D.N.J Jan. 17, 2023) (same); *In re RTW Retailwinds, Inc.*, No. 20-18445 (JKS) (Bankr. D.N.J Aug. 8, 2020) (same); *In re Modell's Sporting Goods, Inc.*, No. 20-14179 (VFP) (Bankr. D.N.J June 24, 2020) (same).[14]

## The Requirements of Bankruptcy Rule 6003(b) are Satisfied

37.    Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. The Debtors' payment of Taxes and Fees and Assessments is vital to a smooth transition into

---

[14]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

chapter 11.   Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

### **Request of Waiver of Stay**

38.    To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen (14) day stay under Bankruptcy Rule 6004(h).  Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

### **Waiver of Memorandum of Law**

39.    The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### **Reservation of Rights**

40.    Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, another priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the

Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any

lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver

or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other

rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption,

adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of

the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law,

statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are

valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity,

or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in

interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of

the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court

grants the relief sought herein, any payment made pursuant to the Court's order is not intended

and should not be construed as an admission as to the validity, priority, or amount of any particular

claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### No Prior Request

41.     No prior request for the relief sought in this Motion has been made to this Court or

any other court.

### Notice

42.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty largest unsecured claims against the Debtors (on a consolidated basis);

(c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'

prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; (k) the Authorities; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:      (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and Debtors in Possession*                    *Proposed Co-Counsel for Debtors and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:       (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF
CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through nine (9), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date), without regard to whether such obligations accrued or arose before or after the Petition Date, and (ii) undertake the Tax Planning Activities, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.       The Motion is **GRANTED** on an interim basis as set forth herein.

2.       The Final Hearing on the Motion will be held on _____, **2023, at _____ (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before _____, **2023, at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.       The Debtors are authorized, but not directed, on an interim basis to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business until the date a Final Order on the Motion is entered in accordance with applicable law; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—until the date of the Final Order is entered including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided* that, notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" period amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

amounts, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4.      The Debtors are authorized, but not directed, to continue paying Taxes and Fees on behalf of certain of their non-Debtor affiliates, including any prepetition amounts related thereto, in the ordinary course of business during these chapter 11 cases, consistent with historical practices; *provided* that the Debtors keep clear records of all such payments.

5.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

6.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

7.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

8.      The Debtors are authorized to undertake certain typical activities related to tax planning, including any Tax Planning Activities; *provided*, *however,* that the Debtors will give the U.S. Trustee and the advisors to any statutory committee appointed in these chapter 11 cases five (5) business days' notice before effectuating any such Tax Planning Activity, during which time the U.S. Trustee or any such statutory committee may object to such Tax Planning Activities and request a hearing before the Court.

9.      The Debtors are authorized to make payments on account of the Tax Distributions as set forth in the Motion.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

10.     The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits that have been completed, are in progress, or arise from prepetition periods.

11.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash Collateral Orders shall control.

13.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

owed in connection with the relief granted herein and to the extent authorized by this Interim

Order.

14.     The banks and financial institutions on which checks were drawn or electronic

payment requests made in payment of the prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Interim

Order.

15.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents

of the Motion or otherwise deemed waived.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Interim Order in accordance with the Motion.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim

Order shall be effective and enforceable immediately upon entry hereof.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice

of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

by such notice.

19.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

20.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

21.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**FINAL ORDER (I) AUTHORIZING THE PAYMENT
OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date), without regard to whether such obligations accrued or arose before or after the Petition Date, and (ii) undertake the Tax Planning Activities and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to:  (a) negotiate, pay, and remit

(or use tax credits to offset), or otherwise satisfy Taxes and Fees (including corresponding

Assessments) that arose or accrued prior to the Petition Date and that will become due and owing

in the ordinary course of business during the pendency of these chapter 11 cases at such time when

Taxes and Fees are payable in accordance with applicable law; and (b) negotiate, pay and remit

(or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business

on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit

in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees

arising as a result of the Audits or Assessments; *provided* that, notwithstanding anything to the

contrary herein or in the Motion, in the event the Debtors make a payment with respect to any

Taxes and Fees for the prepetition portion of any "straddle" period amount, and this Court

subsequently determines such amount was not entitled to priority or administrative treatment under

section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be

required to) seek an order from the Court requiring a return of such amounts, and the payment of

such amount shall, upon order of the Court, be refunded to the Debtors.

3.      The Debtors are authorized, but not directed, to continue paying Taxes and Fees on

behalf of certain of their non-Debtor affiliates, including any prepetition amounts related thereto,

(Page | 5)
Debtors:              WeWork Inc., *et al.*
Case No.              23-19865 (JKS)
Caption of Order:     Final Order (I) Authorizing the Payment of Certain Taxes and Fees and
                      (II) Granting Related Relief

in the ordinary course of business during these chapter 11 cases, consistent with

historical practices; *provided* that the Debtors keep clear records of all such payments.

4.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing

contained in this Final Order shall create any rights in favor of, or enhance the status of any claim

held by, any of the Authorities.

5.      Nothing in this Final Order authorizes the Debtors to accelerate any payments not

otherwise due.

6.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are

authorized to seek a refund or credit.

7.      The Debtors are authorized to undertake certain typical activities related to tax

planning, including any Tax Planning Activities; *provided*, however, that the Debtors will give the

U.S. Trustee and the advisors to any statutory committee appointed in these chapter 11 cases

five (5) business days' notice before effectuating any such Tax Planning Activity, during which

time the U.S. Trustee or any such statutory committee may object to such Tax Planning Activities

and request a hearing before the Court.

8.      The Debtors are authorized to make payments on account of the Tax Distributions

as set forth in the Motion.

9.      The Debtors' rights to contest the validity or priority of any Taxes and Fees on any

grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating

to Audits that have been completed, are in progress, or arise from prepetition periods.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

10.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

11.    Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made pursuant to the authority granted in this Final Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders.  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Final Order, the terms of the Cash Collateral Orders shall control.

12.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

13.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit C**

**Authorities**

| Tax Type | Tax Authority | Address |
|---|---|---|
| ALAMEDA COUNTY ASSESSMENT APPEALS BOARD | REGULATORY AND OTHER TAXES AND FEES | 224 W. WINTON AVE. ROOM 169 HAYWARD, CA 94544 |
| ALAMEDA COUNTY TAX COLLECTOR | PROPERTY TAX | TREASURER TAX-COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 |
| ARIZONA DEPARTMENT OF REVENUE | INCOME / FRANCHISE TAXES REGULATORY AND OTHER TAXES AND FEES | ARIZONA DEPARTMENT OF REVENUE P.O. BOX 29079 PHOENIX, AZ 85038 |
| ARLINGTON COUNTY TREASURER | PROPERTY TAXES | ELLEN M. BOZMAN GOVERNMENT CENTER 2100 CLARENDON BLVD. ARLINGTON, VA 22201 |
| AZ PRIVILEGE USE RETURN TPT-2 | SALES AND USE TAX | 1600 WEST MONROE STREET PHOENIX, AZ 85007 |
| BOULDER COUNTY TREASURER | PROPERTY TAXES | TREASURER'S OFFICE PO BOX 471 BOULDER, CO 80306 |
| CA ST LOC DIST SALES USE CDTFA- 401-A | SALES AND USE TAX | CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION P.O. BOX 942879 SACRAMENTO, CA 94279 |
| CALGARY | VALUE ADDED TAXES | THE CITY OF CALGARY TAX RECEIVABLE #8044 CALGARY, AB T2P 3L9 |
| CANADA REVENUE AGENCY | REGULATORY AND OTHER TAXES AND FEES | 9755 KING GEORGE BOULEVARD SURREY, BC V3T 5E1 |
| CCSF | REGULATORY AND OTHER TAXES AND FEES | ASSESSMENT APPEALS BOARD, CITY HALL, ROOM 405 #1 DR. CARLTON B. GOODLETT PLACE SAN FRANCISCO, CA 94102-4697 |
| CHICAGO DEPARTMENT OF FINANCE - TAX DIVISION | SALES AND USE TAX | 333 S. STATE STREET ROOM 300 CHICAGO, IL 60604 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| CITY AND COUNTY OF DENVER | PROPERTY TAXES<br>SALES AND USE TAX | CITY AND COUNTY OF DENVER<br>DEPARTMENT OF FINANCE, TREASURY DIVISION<br>DALLAS, TX 75266-0860 |
| CITY OF ATLANTA | REGULATORY AND OTHER TAXES AND FEES | DEPARTMENT OF FINANCE, OFFICE OF REVENUE<br>55 TRINITY AVENUE, SW<br>ATLANTA, GA 30303 |
| CITY OF BELLEVUE | SALES AND USE TAX | CITY OF BELLEVUE - TAX DIVISION<br>450 110TH AVE NE<br>BELLEVUE, WA 98004 |
| CITY OF BERKELEY | REGULATORY AND OTHER TAXES AND FEES | 2180 MILVIA STREET<br>3RD FLOOR<br>BERKELEY, CA 94704 |
| CITY OF BEVERLY HILLS | REGULATORY AND OTHER TAXES AND FEES | 455 NORTH REXFORD DRIVE<br>BEVERLY HILLS, CA 90210 |
| CITY OF BURBANK | REGULATORY AND OTHER TAXES AND FEES | 301 E. OLIVE AVENUE<br>BURBANK, CA 91502 |
| CITY OF CAMBRIDGE | PROPERTY TAXES | 795 MASSACHUSETTS AVE.<br>CAMBRIDGE, MA 2139 |
| CITY OF COSTA MESA | REGULATORY AND OTHER TAXES AND FEES | 77 FAIR DRIVE<br>COSTA MESA, CA 92626 |
| CITY OF CULVER CITY | REGULATORY AND OTHER TAXES AND FEES | 9770 CULVER BOULEVARD1ST FLOORCULVER CITY, CA 90232 |
| CITY OF DECATUR | PROPERTY TAXES<br>REGULATORY AND OTHER TAXES AND FEES | P.O. BOX 220<br>DECATUR, GA 30031 |
| CITY OF DETROIT | PROPERTY TAXES | DETROIT TAXPAYER SERVICE CENTER COLEMAN A. YOUNG MUNICIPAL CENTER 2 WOODWARD AVENUE DETROIT, MI |

| Tax Type | Tax Authority | Address |
|---|---|---|
| CITY OF EL SEGUNDO | REGULATORY AND OTHER TAXES AND FEES | 350 MAIN STREET<br>EL SEGUNDO, CA 90245 |
| CITY OF EMERYVILLE | REGULATORY AND OTHER TAXES AND FEES | 1333 PARK AVENUE<br>EMERYVILLE, CA 94608 |
| CITY OF GLENDALE | REGULATORY AND OTHER TAXES AND FEES | 633 E. BROADWAY<br>GLENDALE, CA 91206 |
| CITY OF KANSAS CITY | REGULATORY AND OTHER TAXES AND FEES | CITY HALL<br>414 E. 12TH ST<br>KANSAS CITY, MO 64106 |
| CITY OF MANHATTAN BEACH | REGULATORY AND OTHER TAXES AND FEES | 1400 HIGHLAND AVENUE IN MANHATTAN BEACH<br>MANHATTAN BEACH, CA 90226 |
| CITY OF MIAMI | REGULATORY AND OTHER TAXES AND FEES | CITY OF MIAMI, ATTN: CUSTOMER SERVICE SECTION<br>444 S.W. 2ND AVENUE, 6TH FLOOR<br>MIAMI, FL 33130 |
| CITY OF MOUNTAIN VIEW | REGULATORY AND OTHER TAXES AND FEES | CITY OF MOUNTAIN VIEW<br>FINANCE & ADMINISTRATIVE SERVICES DEPARTMENT, ATTN BUSINESS LICENSE<br>MOUNTAIN VIEW, CA 94039-7540 |
| CITY OF OAKLAND | REGULATORY AND OTHER TAXES AND FEES | BUSINESS TAX OFFICE<br>250 FRANK H. OGAWA PLAZA<br>OAKLAND, CA 94612 |
| CITY OF PASADENA | REGULATORY AND OTHER TAXES AND FEES | BUSINESS LICENSE SECTION<br>100 NORTH GARFIELD AVE.<br>PASADENA, CA 91101 |
| CITY OF PHILADELPHIA | INCOME / FRANCHISE TAXES | PHILADELPHIA DEPT. OF REVENUE<br>P.O. BOX 1660<br>PHILADELPHIA, PA 19105-1660 |
| CITY OF PORTLAND | INCOME / FRANCHISE TAXES | REVENUE DIVISION CUSTOMER SERVICE CENTER<br>111 SW COLUMBIA STREET<br>PORTLAND, OR 97201 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| CITY OF SACRAMENTO | PROPERTY TAX REGULATORY AND OTHER TAXES AND FEES | P.O. BOX 508<br>SACRAMENTO, CA 95812-0508 |
| CITY OF SANDY SPRINGS | REGULATORY AND OTHER TAXES AND FEES | 1 GALAMBOS WAY<br>SANDY SPRINGS, GA 30328 |
| CITY OF SEATTLE | SALES AND USE TAX | 700 FIFTH AVE<br>4TH FLOOR<br>SEATTLE, WA 98104 |
| CITY OF SEATTLE BUSINESS LICENSING AND TAX ADMINISTRATION | REGULATORY AND OTHER TAXES AND FEES | P.O. BOX 34214<br>SEATTLE, WA 98124-4214 |
| CITY OF WEST HOLLYWOOD | REGULATORY AND OTHER TAXES AND FEES | 8300 SANTA MONICA BLVD<br>WEST HOLLYWOOD, CA 90069 |
| CLARK COUNTY | PROPERTY TAXREGULATORY AND OTHER TAXES AND FEES | OFFICE OF THE COUNTY TREASURER500 S GRAND CENTRAL PKWYLAS VEGAS, NV 89155-1220 |
| CO RETAIL SALES TAX RETURN DR0100 | SALES AND USE TAX | COLORADO DEPARTMENT OF REVENUE SECTION OR EMPLOYEE NAME AND ROOM NUMBER<br>P.O. BOX 17087<br>DENVER, CO 80217-0087 |
| CO RETAILERS USE TAX RETURN DR0173 | SALES AND USE TAX | COLORADO DEPARTMENT OF REVENUE SECTION OR EMPLOYEE NAME AND ROOM NUMBER<br>P.O. BOX 17087<br>DENVER, CO 80217-0087 |
| CO-BOULDER SALES USE TAX RETURN | SALES AND USE TAX | 1136 ALPINE AVENUE<br>BOULDER, CO 80304 |
| CO-DENVER OCCUPANCY TAX | SALES AND USE TAX | 201 W. COLFAX AVE.<br>DEPARTMENT 1009<br>DENVER, CO 80202 |
| COLLIN COUNTY TAX ASSESSOR-COLLECTOR | PROPERTY TAXES | ADMINISTRATION BUILDING<br>2300 BLOOMDALE RD.<br>MCKINNEY, TX 75071 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| COLORADO DEPARTMENT OF REVENUE | SALES AND USE TAX | COLORADO DEPARTMENT OF REVENUE SECTION OR EMPLOYEE NAME AND ROOM NUMBER P.O. BOX 17087 DENVER, CO 80217-0087 |
| CONTRA COSTA COUNTY TAX COLLECTOR | PROPERTY TAX | CONTRA COSTA COUNTY TREASURER-TAX COLLECTOR'S OFFICE P. O. BOX 631 MARTINEZ, CA 94553-0063 |
| CORAL GABLES | REGULATORY AND OTHER TAXES AND FEES | CORAL GABLES CITY HALL 405 BILTMORE WAY CORAL GABLES, FL 33134 |
| COUNTY OF FAIRFAX | PROPERTY TAX REGULATORY AND OTHER TAXES AND FEES | 12000 GOVERNMENT CENTER PARKWAY SUITE 223 FAIRFAX, VA 22035 |
| DALLAS COUNTY TAX ASSESSOR / COLLECTOR | PROPERTY TAXES | 500 ELM STREET STE 3300 DALLAS, TX 75202 |
| DALLAS COUNTY UTILITY AND RECLAMATION DISTRICT | PROPERTY TAXES | P.O. BOX 140035 IRVING, TX 75014-0035 |
| DAVIDSON COUNTY CLERK | PROPERTY TAXES | DAVIDSON COUNTY CLERK MAILING ADDRESS P.O. BOX 196333 NASHVILLE, TN 37219-6333 |
| DC SALES USE TAX RETURN FR-800 M | SALES AND USE TAX | 1101 4TH STREET, SW STE 270 WEST WASHINGTON DC, DC 20024 |
| DEKALB COUNTY TAX COMMISSIONER | PROPERTY TAXES | DEKALB COUNTY TAX COMMISSIONER PROPERTY TAX DIVISION ATLANTA, GA 30368-7545 |
| DEPARTMENT OF CODE COMPLIANCE SERVICES | REGULATORY AND OTHER TAXES AND FEES | ATTN: CONSUMER HEALTH DIVISION 7901 GOFORTH RD DALLAS, TX 75238 |
| DISTRICT OF COLUMBIA OFFICE OF TAX AND REVENUE | INCOME / FRANCHISE TAXES PROPERTY TAXES | 1101 4TH ST SW #270 WASHINGTON DC, DC 20024 |

6

| Tax Type | Tax Authority | Address |
|---|---|---|
| DISTRICT OF COLUMBIA TREASURER | SALES AND USE TAX | 1101 4TH STREET, SW STE 270 WEST WASHINGTON DC, DC 20024 |
| DURHAM COUNTY TAX COLLECTOR | PROPERTY TAXES | 201 EAST MAIN STREET 3RD FLOOR DURHAM, NC 27701 |
| DUTCH TAX AUTHORITY | REGULATORY AND OTHER TAXES AND FEES | KLOOSTERWEG 22PO BOX 2865DJ HEERLEN,  6401 |
| FL SALES USE TAX RETURN DR-15 | SALES AND USE TAX | FLORIDA DEPARTMENT OF REVENUE 5050 W TENNESSEE STREET TALLAHASSEE TALLAHASSEE, FL  32399-0120 |
| FLORIDA DEPARTMENT OF REVENUE | PENALTIES AND INTEREST | TAXPAYER SERVICES, FLORIDA DEPARTMENT OF REVENUE MAIL STOP 3-2000 TALLAHASSEE, FL 32399-0112 |
| FORSYTH | REGULATORY AND OTHER TAXES AND FEES | 1092 TRIBBLE GAP ROAD CUMMING, GA 30040 |
| FORSYTH COUNTY OFFICE OF TAX COMMISSIONER | PROPERTY TAXES | 1092 TRIBBLE GAP RD CUMMING, GA 30040 |
| FRANCHISE TAX BOARD - STATE OF CALIFORNIA | INCOME / FRANCHISE TAXES | FRANCHISE TAX BOARD PO BOX 942857 SACRAMENTO, CA 94257- 0500 |
| FULTON COUNTY TAX COMMISSIONER | PROPERTY TAXES | 141 PRYOR STREET SW ATLANTA, GA 30303 |
| GA SALES USE TAX REPORT ST-3 | SALES AND USE TAX | GEORGIA DEPT. OF REVENUE PO BOX 105408 ATLANTA, GA 30348-5408 |
| GREGORY F.X. DALY COLLECTOR OF REVENUE (PERSONAL PROPERTY TAX, CITY OF ST. LOUIS) | PROPERTY TAXES | CITY OF ST. LOUIS CITY HALL SAINT LOUIS, MO 63103 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| HARRIS COUNTY TAX OFFICE | PROPERTY TAXES | ANN HARRIS BENNETT TAX ASSESSOR-COLLECTOR<br>P.O. BOX 4663<br>HOUSTON, TX 77210-4663 |
| HILLSBOROUGH COUNTY | REGULATORY AND OTHER TAXES AND FEES | PO BOX 30012<br>TAMPA, FL 33630-3012 |
| HILLSBOROUGH COUNTY TAX COLLECTOR | PROPERTY TAXES | NANCY C. MILLAN, TAX COLLECTOR<br>P.O. BOX 30012<br>TAMPA, FL 33630-3012 |
| IL SALES USE TAX RETURN E911 ST-1 | SALES AND USE TAX | PO BOX 19035<br>SPRINGFIELD, IL 62794-9035 |
| IRVING ISD TAX ASSESSOR - COLLECTOR | PROPERTY TAX REGULATORY AND OTHER TAXES AND FEES | IRVING INDEPENDENT SCHOOL DISTRICT - TAX OFFICE<br>P. O. BOX 152021<br>IRVING, TEXAS 75015, TX 75015 |
| JACKSON COUNTY COURTHOUSE | PROPERTY TAXES | JACKSON COUNTY COURTHOUSE<br>415 E 12TH STREET<br>KANSAS CITY, MO 64106 |
| KING COUNTY TREASURY | PROPERTY TAXES | KING COUNTY TREASURY OPERATIONS, KING STREET CENTER<br>201 S. JACKSON ST, SUITE 710<br>SEATTLE, WA 98104 |
| LEHI CITY | REGULATORY AND OTHER TAXES AND FEES | 153 NORTH 100 EAST<br>LEHI, UT 84043 |
| LONG BEACH | REGULATORY AND OTHER TAXES AND FEES | 100 CIVIC CENTER DRIVE<br>NEWPORT BEACH, CA 92660 |
| LOS ANGELES COUNTY TAX COLLECTOR | PROPERTY TAXES REGULATORY AND OTHER TAXES AND FEES | LOS ANGELES COUNTY TAX COLLECTOR, KENNETH HAHN HALL OF ADMINISTRATION<br>225 NORTH HILL STREET<br>LOS ANGELES, CA 90012 |
| MA SALES USE TAX RETURN ST-9 | SALES AND USE TAX | EXECUTIVE OFFICE FOR ADMINISTRATION AND FINANCE100 CAMBRIDGE STREETBOSTON, MA 02204 |

8

| Tax Type | Tax Authority | Address |
|---|---|---|
| MARICOPA COUNTY TREASURER | PROPERTY TAXES | 301 WEST JEFFERSON ST., SUITE 100 STE 100 PHOENIX, AZ 85003 |
| MARIN COUNTY CENTRAL COLLECTIONS | REGULATORY AND OTHER TAXES AND FEES | CENTRAL COLLECTIONS COUNTY OF MARIN CIVIC CENTER – ROOM 217 SAN RAFAEL, CA 94913-4220 |
| MARYLAND STATE DEPARTMENT OF ASSESSMENTS AND TAXATION | PROPERTY TAXES | DEPARTMENT OF ASSESSMENTS AND TAXATION 301 W. PRESTON STREET BALTIMORE, MD 21201-2395 |
| MD SALES AND USE TAX RETURN FORM 202 | SALES AND USE TAX | REVENUE ADMINISTRATION DIVISION, TAXPAYER SERVICE DIVISION 110 CARROLL STREET ANNAPOLIS, MD 21411-0001 |
| MECKLENBURG COUNTY TAX COLLECTOR | PROPERTY TAXES | VALERIE C. WOODARD CENTER 3205 FREEDOM DR. CHARLOTTE, NC 28208 |
| MI SALES USE WITHHOLDING 5080 (THE 20TH) | SALES AND USE TAX | MICHIGAN DEPARTMENT OF TREASURY P.O. BOX 30059 LANSING, MI 48909 |
| MIAMI DADE | REGULATORY AND OTHER TAXES AND FEES | BUSINESS TAX 200 NW 2ND AVENUE MIAMI, FL 33128 |
| MIAMI-DADE COUNTY - STATE OF FLORIDA | PROPERTY TAXES | 111 NW 1ST STREET MIAMI, FL 33128 |
| MINNESOTA DEPARTMENT OF REVENUE | INCOME / FRANCHISE TAXES | MINNESOTA REVENUE 600 N. ROBERT ST. ST. PAUL, MN 55146 |
| MN SALES USE TAX RETURN ST-1 | SALES AND USE TAX | MINNESOTA REVENUE 600 N. ROBERT ST. ST. PAUL, MN 55146 |
| MO CONSUMERS USE TAX RETURN 53-C | SALES AND USE TAX | HARRY S TRUMAN STATE OFFICE BUILDING 301 WEST HIGH STREET JEFFERSON CITY, MO 65101 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| MONTGOMERY COUNTY TAX ASSESSOR - COLLECTOR | PROPERTY TAXES | MONTGOMERY COUNTY TAX OFFICE 400 N. SAN JACINTO CONROE, TX 77301-2823 |
| MONTREAL, QUEBEC | VALUE ADDED TAXES | 305 RENÉ-LÉVESQUE BOULEVARD WEST MONTRÉAL, QC H2Z 1A6 |
| MULTNOMAH COUNTY TAX COLLECTOR | PROPERTY TAXES | MULTNOMAH BUILDING 501 SE HAWTHORNE BLVD. PORTLAND, OR 97214 |
| NC SALES AND USE TAX RETURN E-500 | SALES AND USE TAX | NORTH CAROLINA DEPARTMENT OF REVENUE ATTN: BANKRUPTCY UNIT PO BOX 1168 RALEIGH, NC 27602-1168 |
| NEW JERSEY DIVISION OF TAXATION | INCOME / FRANCHISE TAXES | NJ DIVISION OF TAXATION PO BOX 248 TRENTON, NJ 08646-0248 |
| NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE | PENALTIES AND INTEREST | NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE HARRIMAN CAMPUS RD ALBANY, NY 12227 |
| NEWPORT BEACH | REGULATORY AND OTHER TAXES AND FEES | 100 CIVIC CENTER DRIVE NEWPORT BEACH, CA 92660 |
| NJ SALES USE TAX RETURN ST-50 (Q) ST-51 (M) | SALES AND USE TAX | NJ DIVISION OF TAXATION BANKRUPTCY SECTIONPO BOX 245TRENTON, NJ 08695-0245 |
| NORTH CAROLINA DEPARTMENT OF REVENUE | INCOME / FRANCHISE TAXES | NORTH CAROLINA DEPARTMENT OF REVENUE POST OFFICE BOX 25000 RALEIGH, NC 27640-0640 |
| NV COMBINED SALES USE TAX RETURN ST-18 | SALES AND USE TAX | 1550 COLLEGE PARKWAY STE 115 CARSON CITY, NV 89706 |
| NYC DEPARTMENT OF FINANCE | COMMERCIAL RENT TAX & INCOME / FRANCHISE TAXES | COMMERCIAL RENT TAX UNIT 345 ADAMS STREET BROOKLYN, NY 11201 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| NYS DEPARTMENT OF TAXATION AND FINANCE | INCOME / FRANCHISE TAXES<br>SALES AND USE TAX | STATE CAMPUS BLDG 9<br>ALBANY, NY 12227 |
| NYS SALES TAX PROCESSING | SALES AND USE TAX | NEW YORK STATE DEPT OF TAXATION AND FINANCE, BANKRUPTCY SECTION<br>PO BOX 5300<br>ALBANY, NY 12205-0300 |
| OH UNIVERSAL USE TAX RETURN UUT-1 | SALES AND USE TAX | OHIO DEPARTMENT OF TAXATION<br>4485 NORTHLAND RIDGE BLVD.<br>COLUMBUS, OH 43229 |
| OH UST-1 SALES | SALES AND USE TAX | OHIO DEPARTMENT OF TAXATION<br>4485 NORTHLAND RIDGE BLVD.<br>COLUMBUS, OH 43229 |
| ORANGE COUNTY TREASURER - TAX COLLECTOR | PENALTIES AND INTEREST PROPERTY TAX | COUNTY OF ORANGE<br>ATTN: TREASURER-TAX COLLECTOR<br>SANTA ANA, CA 92702-4515 |
| OREGON DEPARTMENT OF REVENUE | INCOME / FRANCHISE TAXES | OREGON DEPARTMENT OF REVENUE<br>PO BOX 14790<br>SALEM, OR 97309-0470 |
| PA SALES USE HOTEL TAX PA-3 | SALES AND USE TAX | PA DEPARTMENT OF REVENUE<br>PO BOX 280905<br>HARRISBURG, PA 17128-0905 |
| PALO ALTO | REGULATORY AND OTHER TAXES AND FEES | 250 HAMILTON AVE<br>4TH FLOOR<br>PALO ALTO, CA 94301 |
| REVENUE DIVISION - METRO SHS TAX | INCOME / FRANCHISE TAXES | REVENUE DIVISION CUSTOMER SERVICE CENTER<br>111 SW COLUMBIA STREET<br>PORTLAND, OR 97201 |
| SALT LAKE COUNTY ASSESSOR'S OFFICE | PROPERTY TAXES | SALT LAKE COUNTY GOVERNMENT CENTER<br>2001 SOUTH STATE STREET<br>SALT LAKE CITY, UT 84190 |
| SAN DIEGO COUNTY TREASURER-TAX COLLECTOR | PROPERTY TAX | DAN MCALLISTER<br>TREASURER-TAX COLLECTOR, SAN DIEGO COUNTY ADMIN. CENTER<br>SAN DIEGO, CA 92101 |

11

| Tax Type | Tax Authority | Address |
|---|---|---|
| SAN FRANCISCO TREASURER & TAX COLLECTOR | PROPERTY TAXES COMMERCIAL RENT REGULATORY AND OTHER TAXES AND FEES | SAN FRANCISCO TAX COLLECTOR P.O. BOX 7426 SAN FRANCISCO, CA 94120 |
| SAN FRANCISCO TREASURER AND TAX COLLECTOR | INCOME / FRANCHISE TAXES | SAN FRANCISCO TAX COLLECTOR P.O. BOX 7425 SAN FRANCISCO, CA 94120 |
| SAN JOSE | REGULATORY AND OTHER TAXES AND FEES | 200 E. SANTA CLARA ST. SAN JOSE, CA 95113 |
| SAN MATEO COUNTY TAX COLLECTOR | PROPERTY TAX REGULATORY AND OTHER TAXES AND FEES | 555 COUNTY CENTER FLOOR 1 REDWOOD CITY, CA 94063 |
| SAN RAMON | REGULATORY AND OTHER TAXES AND FEES | 7000 BOLLINGER CANYON RD,SAN RAMON, CA 94583 |
| SANTA CLARA COUNTY DEPARTMENT OF TAX AND COLLECTIONS | PROPERTY TAX | TAX AND COLLECTIONS 110 WEST TASMAN DRIVE SAN JOSE, CA 95134-1700 |
| SANTA MONICA FINANCE DEPARTMENT | REGULATORY AND OTHER TAXES AND FEES | FINANCE DEPARTMENT 1685 MAIN STREET SANTA MONICA, CA 90401 |
| STATE OF DELAWARE | INCOME / FRANCHISE TAXES | THE DELAWARE DEPARTMENT OF STATE DIVISION OF CORPORATIONS DOVER, DE 19903 |
| STATE OF ILLINOIS DEPARTMENT OF REVENUE | SALES AND USE TAX | PO BOX 19013 SPRINGFIELD, IL 62794-9013 |
| STATE OF OHIO | INCOME / FRANCHISE TAXES | OHIO DEPARTMENT OF TAXATION P.O. BOX 182101 COLUMBUS, OH 43218-2101 |
| STATE OF WASHINGTON DEPARTMENT OF REVENUE | REGULATORY AND OTHER TAXES AND FEES | STATE OF WASHINGTON BUSINESS LICENSING SERVICE OLYMPIA, WA 98507-9034 |

| Tax Type | Tax Authority | Address |
|---|---|---|
| TAMPA BUSINESS LICENSE TAX DIVISION | REGULATORY AND OTHER TAXES AND FEES | BUSINESS TAX DIVISION PO BOX 31047 TAMPA, FL 33631-3047 |
| TENNESSEE DEPARTMENT OF REVENUE | INCOME / FRANCHISE TAXES REGULATORY AND OTHER TAXES AND FEES | TENNESSEE DEPARTMENT OF REVENUE ANDREW JACKSON BUILDING NASHVILLE, TN 37242 |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | INCOME / FRANCHISE TAXES SALES AND USE TAX | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS P.O. BOX 13528 AUSTIN, TX 78711-3528 |
| THE CITY OF CALGARY | REGULATORY AND OTHER TAXES AND FEES | PO BOX 2100, STN M CALGARY, AB |
| THE COMMONWEALTH OF MASSACHUSETTS | PROPERTY TAXES | DEPARTMENT OF REVENUE PO BOX 7000 BOSTON, MA 2204 |
| THE MARIN COUNTY TAX COLLECTOR | PROPERTY TAX | P.O. BOX 4220 SAN RAFAEL, CA 94913-4220 |
| TN SALES USE TAX RETURN RVR0000201 | SALES AND USE TAX | TENNESSEE DEPARTMENT OF REVENUE, ANDREW JACKSON BUILDING 500 DEADERICK STREET NASHVILLE, TN 37424 |
| TORONTO | VALUE ADDED TAXES | 5100 YONGE ST. TORONTO, ON M2N 5V7 |
| TRAVIS COUNTY TAX OFFICE | PROPERTY TAXES | P.O. BOX 149328 AUSTIN, TX 78714-9328 |
| TREASURER, ARLINGTON COUNTY | REGULATORY AND OTHER TAXES AND FEES | 2100 CLARENDON BLVD STE 215 ARLINGTON, VA 22201 |
| TX SALES USE TAX RETURN 01-114 | SALES AND USE TAX | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS, LYNDON B. JOHNSON STATE OFFICE BUILDING 111 EAST 17TH STREET AUSTIN, TX 78774 |

13

| Tax Type | Tax Authority | Address |
|---|---|---|
| UT SALES AND USE TAX RETURN TC- 62M | SALES AND USE TAX | UTAH STATE TAX COMMISSION 210 NORTH 1950 WEST SALT LAKE CITY, UT 84134 |
| UTAH COUNTY ASSESSOR'S OFFICE | PROPERTY TAXES | UTAH COUNTY TREASURER100 E CENTER STREETPROVO, UT 84606 |
| UTAH STATE TAX COMMISSION | INCOME / FRANCHISE TAXES | UTAH STATE TAX COMMISSION 210 NORTH 1950 WEST SALT LAKE CITY, UT 84134-0260 |
| VA DEALERS SALES USE TAX ST-9 | SALES AND USE TAX | VIRGINIA TAX, OFFICE OF CUSTOMER SERVICES P.O. BOX 1115 RICHMOND, VA 23218-1115 |
| VANCOUVER | VALUE ADDED TAXES | MINISTRY OF FINANCE PO BOX 9435 STN PROV GOVT VICTORIA, BC V8W 9V3 |
| VILLE DE MONTREAL SERVICE DES FINANCES | REGULATORY AND OTHER TAXES AND FEES | C.P. 11043, SUCCURSALE CENTRE- VILLE MONTREAL, QC H3C 4X8 |
| VIRGINIA DEPARTMENT OF TAXATION | PENALTIES AND INTEREST | VIRGINIA TAX OFFICE OF CUSTOMER SERVICES RICHMOND, VA 23218-1115 |
| WA COMBINED ANNUAL EXCISE TAX RETURN | SALES AND USE TAX | WASHINGTON STATE DEPARTMENT OF REVENUE, ATTN: BANKRUPTCY UNIT 2101 4TH AVE SEATTLE, WA 98121 |
| WA-CITY OF SEATTLE B&O TAX | SALES AND USE TAX | WASHINGTON STATE DEPARTMENT OF REVENUE, ATTN: BANKRUPTCY UNIT 2101 4TH AVE SEATTLE, WA 98121 |
| WAKE COUNTY TAX ADMINISTRATION | PROPERTY TAXES | P.O. BOX 2331 RALEIGH, NC 27602 |
| WENDY BURGESS, TAX ASSESSOR-COLLECTOR (TARRANT COUNTY) | PROPERTY TAXES | TARRANT COUNTY TAX OFFICE PO BOX 961018 FORT WORTH, TX 76161-0018 |