**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al*., | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF
INTERIM AND FINAL ORDERS (I) APPROVING
THE DEBTORS' PROPOSED ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR
RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE
PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"):  (i) approving the Debtors' proposed adequate assurance of payment for future utility services; (ii) prohibiting utility providers from altering, refusing, or discontinuing services; (iii) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests (as defined below); (iv) authorizing fee payments to Engie Insight Services Inc. (the "Utility Agent"); and (v) granting related relief. In addition, the Debtors request that the Court schedule a final hearing twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

4.     The bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

5.     The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.     On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**The Utility Services**

7.      In connection with the operation of their business and management of their leased or managed properties, the Debtors obtain electricity, natural gas, telecommunications, water, waste management (including sewer and trash), internet, and other similar services (collectively, the "Utility Services") from a number of utility providers or brokers (each, a "Utility Provider" and collectively, the "Utility Providers").  A nonexhaustive list of the Utility Providers and their affiliates which provide Utility Services to the Debtors as of the Petition Date (the "Utility Services List") is attached hereto as **Exhibit C**.[3]

8.      Uninterrupted Utility Services are essential to the Debtors' ongoing operations and, hence, the overall success of these chapter 11 cases.  As of the Petition Date, the Debtors operate approximately 300 shared workspaces and four corporate offices.  These locations require electricity, telecommunications, internet, water, waste management, and the other Utility Services to operate.  Any interruption of the Utility Services would interfere with the Debtors' ability to operate their workspaces and irreparably harm relationships with the Debtors' members.  As such, should any Utility Provider refuse or discontinue service, even for a brief period, the Debtors' entire business operations would be severely disrupted and the Debtors' ability to successfully operate and manage their reorganization efforts would be jeopardized.  Furthermore, because the Debtors' members depend on the Debtors' workspaces and services to operate their own

---

[3]     The descriptions of the Utility Services set forth in this Motion constitute a summary only.  The actual terms of the Utility Services and related agreements will govern in the event of any inconsistency with the description thereof set forth herein.  Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted one or more Utility Providers.  By this Motion, the Debtors request relief applicable to all Utility Providers, regardless of whether such Utility Provider is specifically identified on **Exhibit C**.  Additionally, the listing of an entity on the Utility Services List is not an admission that such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

businesses, any disruption to the Utility Services would adversely affect countless other businesses

and their employees, members, and suppliers.

9.      To manage the Debtors' payments owed to their Utility Providers, the Debtors pay

certain of the Utility Providers with the assistance of their Utility Agent.  Specifically, three times

a week the Utility Agent pays certain Utility Providers directly for Utility Services on behalf of

the Debtors.  In practice, those certain Utility Providers submit invoices directly to the Utility

Agent.  The Utility Agent compiles, audits, and consolidates invoices before presenting them to

the Debtors.  The Utility Agent receives funds from the Debtors via ACH push for the consolidated

invoice amount, which is then used by the Utility Agent to pay the Debtors' Utility Providers.

Furthermore, the Utility Agent provides digital energy management services aimed at aggregating

metering data across the Debtors' portfolio of Utility Providers to assist the Debtors in cash

preservation analyses, including turning off Utility Services at the rejected leased premises.[4]

10.      The Debtors pay the Utility Agent a monthly fee of approximately $20,000 in the

ordinary course of business (the "Utility Agent Fees"), and occasionally apply certain offset credits

against the Utility Agent Fees for past services.  In addition, to ensure continued Utility Services,

the Debtors maintain an advance reserve deposit in favor of the Utility Agent in the amount of

$75,000, subject to occasional increases at the Debtors discretion to mitigate risks associated with

an imminent disconnection.  As of the Petition Date, the Debtors owe approximately $120,000 in

Utility Agent Fees.  Pursuant to the terms of the Final Order, the Debtors seek authority to honor

any amounts owed on account of prepetition Utility Agent Fees and to pay any Utility Agent Fees

---

[4]      A detailed description of the Debtors lease rejection plan is set forth in the *Debtors Omnibus Motion Seeking Entry of an Order (I) Authorizing (A) The Rejection of Certain Unexpired Leases and (B) The Abandonment of Certain Personal Property, If Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief.*

that may arise on a postpetition basis in the ordinary course of business in accordance with prepetition practices to ensure that the applicable Utility Services are uninterrupted.

11.    In addition, for certain of the Debtors' locations, Utility Services are billed directly to the Debtors' landlords and passed through to the Debtors as part of the Debtors' rent or operating expense payments made in accordance with the applicable lease agreements. The relief requested herein is with respect to all Utility Providers supplying Utility Services to the Debtors, including those that indirectly supply services through the applicable landlords.[5]

12.    To the best of the Debtors' knowledge, there are no defaults or arrearages with respect to the undisputed invoices for prepetition Utility Services. On average, the Debtors pay approximately $1.95 million each month for Utility Services, calculated as the historical average payment for the twelve-month period ending October, 2023, including amounts paid through the Utility Agent but excluding Utility Services billed directly to the Debtors' landlords.

**I.    Proposed Adequate Assurance of Payment.**

13.    The Debtors intend to pay postpetition obligations owed to the Utility Providers in the ordinary course of business and consistent with prepetition practices. The Debtors' cash generated in the ordinary course of business and access to cash collateral is sufficient to pay the Debtors' Utility Services obligations in accordance with their prepetition practice during the pendency of their chapter 11 cases.

14.    To provide additional assurance of payment, the Debtors propose to deposit approximately $1 million (the "Adequate Assurance Deposit") into a newly created, segregated, interest-bearing bank account (whether already in existence or otherwise, such account,

---

[5]    Notwithstanding any current or future nonpayment, deferral, waiver, or other compromise of rent, such landlords shall be required to continue to pay for Utility Services in the ordinary course until the effective date of the rejection of the applicable lease agreement, if any, pursuant to section 365 of the Bankruptcy Code.

the "Adequate Assurance Account") within twenty (20) days of entry of the Interim Order or the interim order approving the Debtors' use of cash collateral, whichever is later.  The Debtors propose to maintain the Adequate Assurance Account with a minimum balance equal to at least fifty percent of the Debtors' historical monthly cost of Utility Services from the Utility Providers, which may be adjusted by the Debtors to account for the termination of Utility Services by the Debtors or other arrangements with respect to adequate assurance of payment reached with individual Utility Providers.

15.     The Adequate Assurance Deposit will be held at the Adequate Assurance Account at JPMorgan Chase & Co. for the benefit of the Utility Providers until either (i) the Debtors' termination of Utility Services from such Utility Providers, at the earliest, if there are no outstanding disputes related to postpetition payments due, or (ii) at the conclusion of these chapter 11 cases, if not applied earlier, subject to the Debtors' right to terminate or discontinue the applicable Utility Services.  The Adequate Assurance Deposit may be applied to any postpetition defaults in payment to the applicable Utility Providers.  No liens senior to the interests of the Utility Providers will encumber the Adequate Assurance Deposit or the Adequate Assurance Account.

16.     The Adequate Assurance Deposit, in conjunction with the Debtors' cash flow from operations and ability to pay for future Utility Services in accordance with their prepetition practice (collectively, the "Proposed Adequate Assurance"), provides adequate assurance of payment as required by section 366 of the Bankruptcy Code.

## II.     The Adequate Assurance Procedures.

17.     The Debtors request that the Court approve the procedures for requesting different or additional adequate assurance of future payment (each, an "Adequate Assurance Request") set forth in the proposed Interim Order and Final Order (the "Adequate Assurance Procedures").  Any

Utility Provider that is not satisfied with the Proposed Adequate Assurance may make an Adequate Assurance Request pursuant to the Adequate Assurance Procedures.

18.    The Adequate Assurance Procedures provide a streamlined process for a Utility Provider to address potential concerns with respect to the Proposed Adequate Assurance, while at the same time allowing the Debtors to continue their business operations uninterrupted.  Under the Adequate Assurance Procedures, a Utility Provider may object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain notice parties.  The Debtors, in their discretion, may then resolve any Adequate Assurance Request by mutual agreement with the applicable Utility Provider and without further order of the Court.  If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.  Unless and until a Utility Provider timely files an objection or serves an Adequate Assurance Request, such Utility Provider shall be (i) deemed to have received adequate assurance of payment "satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, refusing services to, or discriminating against the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

**III.    Modifications to the Utility Services List.**

19.    The Debtors have made an extensive and good-faith effort to identify all Utility Providers and include them on the Utility Services List.  To the extent the Debtors identify new or additional Utility Providers or discontinue services from existing Utility Providers, the Debtors seek authority, in their sole discretion, to amend the Utility Services List to add or remove any Utility Provider.  For any Utility Provider that is subsequently added to the Utility Services List, the Debtors will serve such Utility Provider with a copy of the Interim Order or Final Order, as

applicable, including the Adequate Assurance Procedures.  The Debtors request that the terms of the Interim Order or Final Order, as applicable, and the Adequate Assurance Procedures apply to any subsequently identified Utility Provider.  For any Utility Provider that is subsequently removed from the Utility Services List, the Debtors request the authority to decrease the Adequate Assurance Deposit by an amount equal to two weeks of the Debtors' average cost of services from such removed Utility Provider.

### Basis for Relief

20.     Section 366 of the Bankruptcy Code, which protects a debtor against the immediate termination or alteration of utility services after the petition date, provides a debtor thirty (30) days following the petition date to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider before the utility provider may alter, refuse, or discontinue service.  11 U.S.C. § 366(c)(2).  For purposes of section 366 of the Bankruptcy Code, "assurance of payment" can be provided, *inter alia*, in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or other mutually-agreed form of security. 11 U.S.C. § 366(c)(1).  Although assurance of payment must be "adequate," it need not constitute an absolute guarantee of a debtor's ability to pay.    *See In re Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5 (S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.—NY*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'") (citation omitted), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.—NY*, 117 F.3d 646 (2d Cir. 1997).

21.     When considering whether a given assurance of payment is "adequate," courts should examine the totality of the circumstances to make an informed decision as to whether a

utility provider will be subject to an unreasonable risk of nonpayment.  *See In re Keydata Corp.*,

12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) ("The phrase 'adequate assurance of payment' is not

defined in the Code.  Its meaning depends upon the facts and circumstances of each case . . . .");

*In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002) ("That, the Court

believes, is the key to the analysis—to look at the totality of the circumstances to see the extent to

which utilities are subjected to unreasonable risk of payment.").   In determining the level of

adequate assurance, however, "a bankruptcy court must 'focus upon the need of the utility for

assurance, and . . . require that the debtor supply *no more than that*, since the debtor almost

perforce has a conflicting need to conserve scarce financial resources.'"  *Va. Elec. & Power Co.*,

117 F.3d at 650 (emphasis in original) (quoting *In re Penn Jersey Corp.*, 72 B.R. 981, 985

(Bankr. E.D. Pa. 1987));  *see  also In re Penn. Cent. Transp. Co.*,  467 F.2d  100,  103–04

(3d Cir. 1972) (affirming the bankruptcy court's ruling that no utility deposits were necessary

where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to

give further security to suppliers who already are reasonably protected").  Accordingly, demands

by a Utility Provider for a guarantee should be refused when the Debtors' specific circumstances

already afford adequate assurance of payment.

22.     Here, the Utility Providers are adequately assured against any risk of nonpayment

for future services, especially in light of the Debtors' history of on-time payment in the ordinary

course of business.  The Adequate Assurance Deposit and the Debtors' ongoing ability to meet

obligations as they come due in the ordinary course provide assurance that the Debtors will pay

their future obligations to the Utility Providers.  In contrast, termination of Utility Services could

render the Debtors unable to operate their business to the detriment of all stakeholders.

*See In re Monroe Well Serv.,  Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that

without utility service the debtors "would have to cease operations" and that section 366 of the

Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it").

23.    Courts    are    permitted    to    fashion    reasonable    procedures,    such    as

the Adequate Assurance Procedures proposed herein, to implement the protections afforded under

section 366 of the Bankruptcy Code.  *See, e.g.*, *In re Circuit City Stores, Inc.*, 2009 WL 484553,

at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366 of the Bankruptcy

Code allows the Court to adopt the Procedures set forth in the Utility Order").  Such procedures

are important because, without them, the Debtors "could be forced to address numerous requests

by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.*

24.    Moreover, any rights the Utility Providers believe they have under sections

366(b) and (c)(2) of the Bankruptcy Code are wholly preserved under the Adequate Assurance

Procedures because the Utility Providers may choose, in accordance with the Adequate Assurance

Procedures, to request modification of the Proposed Adequate Assurance.  *See id.* at *5–6.

The Adequate Assurance Procedures, however, "avoid a haphazard and chaotic process whereby

each [Utility Provider] could make extortionate, last-minute demands for adequate assurance

which the Debtors would be pressured to pay under the threat of losing critical [U]tility

[S]ervice[s]." *See id.* at *6.

25.    Because the Adequate Assurance Procedures are reasonable and in accord with the

purposes of section 366 of the Bankruptcy Code, the Court should grant the relief requested herein.

Similar procedures have been approved by courts in this district.  *See, e.g.*, *In re Rite Aid Corp.*,

No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 15, 2023) (approving an adequate assurance deposit

equal to approximately a quarter of the debtors' monthly utility expenses on an interim basis); *In*

*re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (approving adequate

assurance deposit equal to approximately half of the debtors' monthly utility expenses on a final basis); *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re David's Bridal, LLC*, No. 23-12131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 17, 2023) (same).[6]

26.     Additionally, courts in this district and others have approved the payment of Utility Agents in other chapter 11 cases.  *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Oct. 15, 2023) (authorizing payment to the debtor's utility agent on an interim basis); *In re David's Bridal, LLC*, No. 23-12131 (CMG) (Bankr. D.N.J. May 18, 2023) (authorizing payment to the debtor's utility agent on a final basis); *In re Frontier Comm'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (same); *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 2, 2018) (same); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same).[7]

27.     Furthermore, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.  The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366 thereof.  Accordingly, the Court should exercise its powers under sections 366 and 105(a) of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

---

[6]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[7]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

**Processing of Checks and Electronic Fund Transfers Should Be Authorized**

28.     The Debtors have sufficient funds to pay the amounts described in this Motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to the consensual use of cash collateral.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein.  Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

**The Requirements of Bankruptcy Rule 6003(b) Are Satisfied**

29.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days (21) after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  For the reasons discussed herein, the relief requested is vital to a smooth transition into chapter 11.  Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

**Request of Waiver of Stay**

30.     To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen (14) day stay under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

**Waiver of Memorandum of Law**

31.     The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

32.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other

rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### No Prior Request

33.      No prior request for the relief sought in this Motion has been made to this or any other court.

### Notice

34.      The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue

Service; (k) the Utility Providers; (l) the Utility Agent; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

### Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) APPROVING THE DEBTORS'
PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES
FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE
PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures, (iv) authorizing fee payments to the company's Utility Agent; (v) scheduling a final hearing to consider approval of the Motion on a final basis, and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors:            WeWork Inc., *et al.*
Case No.            23-19865 (JKS)
Caption of Order:   Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of
                    Payment for Future Utility Services, (II) Prohibiting Utility Providers from
                    Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors'
                    Proposed Procedures for Resolving Adequate Assurance Requests,
                    (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting
                    Related Relief

was appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____**, 2023, at** _____

**(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be

actually received by the Debtors' proposed counsel on or before _____**, 2023,**

**at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an

order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      Subject to the Adequate Assurance Procedures for resolving Adequate Assurance

Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future

Utility Services in the ordinary course of business, shall constitute adequate assurance of future

payment as required by section 366 of the Bankruptcy Code.

4.      The following Adequate Assurance Procedures are hereby approved on an interim

basis:

        a.      Within twenty (20) days of the entry of this Interim Order, the Debtors will
                deposit the Adequate Assurance Deposit not to exceed $1 million, which is

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

equal to approximately fifty percent of the Debtors' historical monthly cost of Utility Services from the Utility Providers, in the newly created, segregated, interest-bearing Adequate Assurance Account.

b.  If an amount relating to Utility Services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com) and Ciara Foster (ciara.foster@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (v) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com) and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110 Attn: Paul R. DeFilippo (PDefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmdlaw.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vi) the Office of The United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.J.D'Auria@usdoj.gov); (collectively, the "Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account,

(Page | 6)
Debtors:                    WeWork Inc., *et al*.
Case No.                    23-19865 (JKS)
Caption of Order:           Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of
                            Payment for Future Utility Services, (II) Prohibiting Utility Providers from
                            Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors'
                            Proposed Procedures for Resolving Adequate Assurance Requests,
                            (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting
                            Related Relief

---

the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c.      Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed.

d.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Adequate Assurance Request") within thirty (30) days of the Petition Date. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

e.      Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided and the account number(s) for such location(s); (iii) a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services; and (vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No.: | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

h.    The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided, however,* (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and (ii) such summary record and the agreements themselves shall be available to the Notice Parties upon request.

i.    If the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute whether they received adequate assurance of future payment pursuant to the procedures set forth in this Interim Order, as required by section 366 of the Bankruptcy Code, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

l.    At all times prior to resolution of such dispute at a Determination Hearing and the entry of any Court order as a result thereof, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.    The Utility Providers, including those Utility Providers paid by the Debtors' landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.    Absent further order of the Court, all Utility Providers, including those Utility Providers paid by the Debtors' landlords or through the Utility Agent, are prohibited from altering,

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

7.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a newly created, segregated, interest-bearing Adequate Assurance Account during the pendency of these chapter 11 cases.

8.      The Debtors are authorized, but not directed, to add or remove such parties from the Utility Services List; *provided* that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with two (2) weeks' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider or such Utility Provider's removal, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  To the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of notice of such dispute, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

9.     For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Interim Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  If an objection is received, to the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.  The Debtors shall supplement Exhibit C to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

10.     To the extent that the Debtors become delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors.  Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided.  If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Adequate Assurance Account

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

the amount of postpetition charges claimed as delinquent. The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished, by the amount disbursed, after payment of the delinquent balance. If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.

11.     The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List. Any subsequently identified Utility Provider not previously provided notice of this Interim Order and the Adequate Assurance Procedures shall be provided notice in accordance with paragraph 10 above, and afforded the opportunity to object or present an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

12.     Any landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Interim Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord or third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

13.     Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  If there are no outstanding disputes, then upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the date upon which the plan becomes effective.  Notice of any reduction of the Adequate Assurance Deposit that exceeds $50,000 shall immediately be provided to the Notice Parties.

14.     The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

15.     Notwithstanding anything to the contrary in any other order of this Court, including any order authorizing use of cash collateral, the interests of any party, including but not limited to the Debtors' pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time

(Page | 12)
Debtors:            WeWork Inc., *et al.*
Case No.            23-19865 (JKS)
Caption of Order:   Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of
                    Payment for Future Utility Services, (II) Prohibiting Utility Providers from
                    Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors'
                    Proposed Procedures for Resolving Adequate Assurance Requests,
                    (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting
                    Related Relief

as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Interim Order, or as

otherwise ordered by the Court.

16.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments

not otherwise due.

17.     Notwithstanding the relief granted in this Interim Order and any actions taken

pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed

to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular

claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law;

(b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim

on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication,

admission, or finding that any particular claim is an administrative expense claim, other priority

claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order

granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or

reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an

admission as to the validity, priority, enforceability, or perfection of any lien on, security interest

in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the

Debtors', or any other party in interest's, claims, causes of action, or other rights under the

Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection

of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code;

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

(i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

18.    Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions,

(Page | 14)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash Collateral Orders shall control.

19.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

20.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

22.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

(Page | 15)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

23.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

27.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
|     Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**FINAL ORDER (I) APPROVING
THE DEBTORS' PROPOSED ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR
RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE
PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through fifteen (15),

is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures, (iv) authorizing fee payments to the company's Utility Agent, and (V) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)
Debtors:                WeWork Inc., *et al.*
Case No.                23-19865 (JKS)
Caption of Order:       Final Order (I) Approving the Debtors' Proposed Adequate Assurance of
                        Payment for Future Utility Services, (II) Prohibiting Utility Providers from
                        Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors'
                        Proposed Procedures for Resolving Adequate Assurance Requests,
                        (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting
                        Related Relief

of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due deliberation and

sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      Subject to the Adequate Assurance Procedures for resolving Adequate Assurance

Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future

Utility Services in the ordinary course of business, shall constitute adequate assurance of future

payment as required by section 366 of the Bankruptcy Code.

3.      The Debtors are authorized to satisfy any prepetition Utility Agent Fees owed to

the Utility Agent absent further order of the Court and to continue to utilize the Utility Agent in

connection with administering the Utility Services in accordance with their past practices.

4.      The following Adequate Assurance Procedures are hereby approved on a Final

basis:

    a.      Within twenty (20) days of the entry of this Final Order, the Debtors will
            deposit the Adequate Assurance Deposit of $1 million, which is equal to
            approximately fifty percent of the Debtors' historical monthly cost of
            Utility Services from the Utility Providers, in the newly created, segregated,
            interest-bearing Adequate Assurance Account.

    b.      If an amount relating to Utility Services provided postpetition by any Utility
            Provider is unpaid, and remains unpaid beyond any applicable grace period,
            such Utility Provider may request a disbursement from the Adequate
            Assurance account up to the amount applicable to each such Utility Provider

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

by giving notice to: (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com) and Ciara Foster (ciara.foster@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (v) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com) and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110 Attn: Paul R. DeFilippo (PDefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmdlaw.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vi) the Office of The United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.J.D'Auria@usdoj.gov)); (collectively, the "Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c.   Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed.

(Page | 6)

Debtors:                 WeWork Inc., *et al.*

Case No.:               23-19865 (JKS)

Caption of Order:       Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief

d.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "<u>Adequate Assurance Request</u>") within thirty (30) days of the Petition Date.  Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

e.      Any Adequate Assurance Request must:  (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided and the account number(s) for such location(s); (iii) a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services; and (vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

h.      The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided*, *however*, (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and (ii) such summary record and

(Page | 7)
Debtors:                    WeWork Inc., *et al.*
Case No.                    23-19865 (JKS)
Caption of Order:           Final Order (I) Approving the Debtors' Proposed Adequate Assurance of
                            Payment for Future Utility Services, (II) Prohibiting Utility Providers from
                            Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors'
                            Proposed Procedures for Resolving Adequate Assurance Requests,
                            (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting
                            Related Relief

---

the agreements themselves shall be available to the Notice Parties upon request.

i.      If the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute whether they received adequate assurance of future payment pursuant to the procedures set forth in this Final Order, as required by section 366 of the Bankruptcy Code, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

m.      At all times prior to resolution of such dispute at a Determination Hearing and the entry of any Court order as a result thereof, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.      The Utility Providers, including those Utility Providers paid by the Debtors' landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.      Absent further order of the Court, all Utility Providers, including those Utility Providers paid by the Debtors' landlords or through the Utility Agent, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

7.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a newly created, segregated, interest-bearing account the Adequate Assurance Account during the pendency of these chapter 11 cases.

8.      The Debtors are authorized, but not directed, to add or remove such parties from the Utility Services List; *provided* that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with two (2) weeks' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider or such Utility Provider's removal, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  To the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of notice of such dispute, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.

9.      For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  If an objection is received, to the

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No.: | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.  The terms of this Final Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.  The Debtors shall supplement Exhibit C to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

10.     To the extent that the Debtors become delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors.  Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided.  If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Adequate Assurance Account the amount of postpetition charges claimed as delinquent.  The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished, by the amount disbursed, after payment of the delinquent balance.  If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.  Any subsequently identified

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

Utility Provider not previously provided notice of this Final Order and the Adequate Assurance Procedures shall be provided notice in accordance with paragraph 10 above, and afforded the opportunity to object or present an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

11.     The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

12.     Any landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Final Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord or third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

13.     Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

Utility Provider.  If there are no outstanding disputes, then upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the date upon which the plan becomes effective.  Notice of any reduction of the Adequate Assurance Deposit that exceeds $50,000 shall immediately be provided to the Notice Parties.

14.     The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

15.     Notwithstanding anything to the contrary in any other order of this Court, including any order authorizing use of cash collateral, the interests of any party, including but not limited to the Debtors' pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Final Order, or as otherwise ordered by the Court.

16.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

17.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

18. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made pursuant to the authority granted in this Final Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Final Order, the terms of the Cash Collateral Orders shall control.

(Page | 14)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

19.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

20.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

22.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

23.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

24.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 15)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief |

25.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## Exhibit C

**Utility Services List**

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| ACC | 00001235501, 00001234344, 00001230057 | Data Services | PO BOX 5077 CAROL STREAM  IL 60197-5077 United States | $    2,405 |
| Access One | 3016000921 | Data Services | PO BOX 74008744 CHICAGO  IL 60674-8744 United States | $       188 |
| Action Environmental Services | 662299, 674157 | Waste | PO BOX 554744 Detroit  MI 48255-4744 United States | $       667 |
| ADT Security Services | 403565960 | Data Services | PO BOX 371878 PITTSBURGH  PA 15250-7878 United States | $         25 |
| AT&T | 251999625, 256407827, 318836889, 152830837, 831-001-1194 799, 8003-095-6587, 831-001-0138 911, 831-001-1197 848, 831-000-8192 911, 831-001-0391 039, 831-001-0134 352, 831-000-8251 953, 831-000-9212 547, 831-000-8485 474, 831-000-8299 732, 831-001-1076 494, 831-000-9009 256, 831-000-8497 786, 831-000-7204 050, 831-000-9115 478, 831-001-2372 423, 831-000-8485 456, 831-000-7681 140, 831-000-9040 672, 831-001-0138 301, 831-000-8180 531, 831-000-8268 509, 831-000-9252 073, 831-000-8485 760, 831-000-9167 507, 831-000-8485 064, 831-000-8547 867, 831-001-0163 938, 831-001-0133 639, 831-000-8485 314, 831-000-9475 256, 831-000-8485 664, 831-000-9052 990, 831-000-8438 620, 831-000-8438 418, 831-000-8433 365, 831-000-9354 460, 831-000-9821 312, 831-000-9069 508, 831-000-9212 706, 831-000-9115 676, 831-000-9322 363, 305 604-0636 002, 831-000-8485 536, 305 374-5666 002, 831-000-8485 646, 831-001-0138 541, 831-000-9015 104, 831-000-9350 336, 831-001-0141 193, 831-001-1471 622, 831-000-8354 805, 831-001-0570 221, 415 474-6617 495, 415 775-3890 582, 831-000-8431 576, 831-000-8332 347, 831-000-8130 561, 831-000-9070 359, 831-000-8251 902, 831-000-8147 210, 831-001-1472 758, 831-000-8147 218, 831-001-2056 224, 831-000-8039 518, 831-000-8147 314, 831-000-8175 068, 831-000-9154 253, 831-000-8356 164, 831-000-9212 753, 831-000-9167 522, 831-000-9102 191, 831-000-9368 856, 831-000-9167 563, 831-000-9218 239, 831-000-9094 320, 831-000-9507 568, 831-000-9469 691, 831-000-9482 356, 831-000-9574 353, 831-000-9433 664, 831-000-9305 577, 831-000-9406 569, 831-000-9610 218, 831-001-0100 905, 831-000-9962 835, 831-000-9991 175 | Data Services | PO BOX 5014 CAROL STREAM  IL 60197-5014 United States | $   77,160 |
| AT&T Mobility | 287267995193 SUM, 140 100-1512 (287267995193), 140 100-3556 (287267995193), 140 100-1337 (287267995193), 140 100-3678 (287267995193), 929 317-7758 (287267995193), 929 310-9087 (287267995193), 917 742-9229 (287267995193), 929 522-8473 (287267995193), 646 853-1166 (287267995193), 140 100-4604 (287267995193), 140 100-1177 (287267995193), 646 589-4799 (287267995193), 140 100-3735 (287267995193), 140 100-2984 (287267995193), 140 100-2985 (287267995193), 140 100-3398 (287267995193), 917 930-5206 (287267995193), 646 708-5677 (287267995193), 646 589-1833 (287267995193), 718 764-7467 (287267995193), 347 421-2238 (287267995193), 917 488-6671 (287267995193), 646 853-0318 (287267995193), 140 100-0853 (287267995193), 646 491-2084 (287267995193), 140 100-4686 (287267995193), 140 100-1795 (287267995193), 917 628-7577 (287267995193), 140 100-2996 (287267995193), 140 100-3490 (287267995193), 140 100-3154 (287267995193), 140 100-1101 (287267995193), 646 954-7208 (287267995193), 347 439-0828 (287267995193), 917 529-2406 (287267995193), 646 923-6607 (287267995193), 140 100-3552 (287267995193), 646 830-8581 (287267995193), 347 446-4335 (287267995193), 917 865-8466 (287267995193), 646 812-4335 (287267995193), 140 100-3612 (287267995193), 140 100-2698 (287267995193), 140 100-2964 (287267995193), 140 100-3218 (287267995193), 140 100-3767 (287267995193), 140 100-3323 (287267995193), 140 100-2963 (287267995193), 718 730-2333 (287267995193), 917 499-0451 (287267995193), 140 100-3399 (287267995193), 718 687-8958 (287267995193), 646 659-5774 (287267995193), 140 100-2700 (287267995193), 140 100-1176 (287267995193), 140 100-1794 (287267995193), 140 100-3657 (287267995193), 646 874-1707 (287267995193), 917 545-0580 (287267995193), 140 100-1175 (287267995193), 646 671-1817 (287267995193), 718 536-6164 (287267995193), 140 100-4055 (287267995193), 140 100-1587 (287267995193), 929 215-8559 (287267995193), 347 749-3361 (287267995193), 646 954-5926 (287267995193), 718 536-8212 (287267995193), 140 100-1604 (287267995193), 140 100-3219 (287267995193), 140 100-4020 (287267995193), 718 419-5195 (287267995193), 609 772-9447 (287267995193) | Data Services | PO BOX 6463 CAROL STREAM  IL 60197-6463 United States | $       848 |
| Atmos Energy | 4046940727, 4047383293, 4025549048 | Natural Gas | PO Box 630872 Cincinnati  OH 45263-0872 United States | $       147 |
| Bai Connect | P50551, P54937, P55689 | Data Services | 15301 Ventura Blvd Suite D-220, Sherman Oaks  CA 91403 United States | $    2,573 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| BCN Telecom | BOC07388 SUM, 3106231532, 3106231531, 3106231530, 3106231319, 8182390146, 8182390141, 8182390145, 8182390148, 3234500026, 3234500029, 3234500025, 3234660023, 3234660014, 7142100109, 7142630360, 8588660186, 8588660183, 8588660185, 4153150170, 4153150173, 4153150171, 4153150172, 4153150109 | Data Services | PO BOX 842840 Boston  MA 02284-2840 United States | $      618 |
| Bel Air Internet | P54937, P55689 | Data Services | 15301 VENTURA BLVD. Ste 250, Sherman Oaks  CA 91403 United States | $      740 |
| Bin There Dump That | We Work Austin-801 Barton Springs | Waste | 677 Lemens Ave Hutto  TX 78634 United States | $      853 |
| Break it Down | WeWork-Barton Springs | Waste | PO Box 144851 Austin  TX 78714 United States | $      106 |
| Cablevision Lightpath | 104529, 100462, 100215, 100518, 100628, 100454, 100736, 100461, 58499, 58644, 58598, 58905, 58919, 100219, 100152, 100223, 100216, 100213, 100457, 101117, 100977, 100044, 100999 | Data Services | PO BOX 360111 PITTSBURGH  PA 15251-6111 United States | $   15,316 |
| CenturyLink | 88650708, 5-KMRF9GWZ, 5-CM7SH7DQ, 87022520 | Data Services | 100 CenturyLink Drive Monroe, LA 71203 United States | $    2,104 |
| Charter Communications | 089481501, 224660701, 089518901, 086742201, 101042901, 101500301, 101339501, 105394101, 099620701, 128937701, 073874001, 176720901, 089673501, 099203701, 109602001, 100699001, 101080301, 223302901, 087624001, 095075201, 104543801, 100645601, 103089001, 103194501, 089454701, 104850601, 105494301, 121151401, 106042901, 100056401, 102476301, 130689001, 109148501, 089492401, 089516601, 089519101, 089515801, 089647401, 077851801, 089453701, 097177601, 075486601, 080656501, 081698901, 130002201, 109104101, 107498901, 130452301, 214313201, 100954601, 094992401, 114637601, 098155401, 087804001, 102150301, 104030201, 104210401, 102989001, 107245201, 108129001, 102170401, 104457401, 102863701, 8260 13 059 4925094, 8448 20 013 0691362, 8349 11 037 1079617, 8150 23 001 0404337, 8150 23 001 0333106, 8150 20 007 1148495, 8150 20 007 1247636, 8150 20 007 1213521, 8150 20 007 1735523, 8150 20 005 0153276, 8150 20 007 2194274, 8150 20 899 0018087 SUM, 8150200071030453, 8150200071067810 | Data Services | BOX 223085 PITTSBURGH  PA 15251-2085 United States | $   52,314 |
| City of Atlanta | 0127180302, 0221938301, 0221939301, 0086273303 | Water | PO BOX 105275 ATLANTA  GA 30348-5275 United States | $      247 |
| City of Austin | 10825 15755 | Electric, Water | PO Box 2267 Austin  TX 78783-2267 United States | $    6,218 |
| City of Berkeley | 75471-46662 | Waste | PO BOX 23523 Oakland  CA 94623-0523 United States | $    2,249 |
| City of Beverly Hills | 06281214-14369, 33001311-14501, 06281610-14369 | Waste | PO Box 845806 Utility Billing, Los Angeles CA 90084-5806 United States | $      937 |
| City of Dallas | 100991530, 100439963, 100919068 | Water | CITY HALL 2D South DALLAS  TX 75277 United States | $      156 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| City of McKinney | 293991-112028 | Water | P.O. Box 8000 McKinney TX 75070-8000 United States | $ 475 |
| City of Miami Beach | 519302-03 | Water | PO Box 116649 ATLANTA GA 30368-6649 United States | $ 942 |
| City of Mountain View | 4080-179000.01, 4080-180100.01, 4080-180000.13 | Waste, Water | PO Box 743338 Los Angeles CA 90074-3338 United States | $ 2,438 |
| City of Palo Alto Utilities | 30097584 | Natural Gas, Water, Waste | PO Box 51019 Los Angeles CA 90051-5319 United States | $ 8,150 |
| City of Portland | 293-789-490-0, 293-812-240-0 | Water | PO Box 4216 Portland OR 97208-4216 United States | $ 848 |
| City of Santa Monica | 00557980-05, 00055005-13 | Water, Waste | PO Box 7125 Finance Billing & Collections, Artesia CA 90702-7125 United States | $ 311 |
| Cogent | 1175PEAC00001, 3280PEAC00001, 99HIGHST00001, 7581ARLI00001, 100SUMME00001, 515NORTH00001, 330NORTH00001, 222SOUTH00001, 1SOUTHDE00001, 128SOUTH00001, 5215NORT00001, 12001TH00001, 1700LINC00001, 10250CON00001, 222NORTH00001, 3003WOOD00001, 1504THAV00001, 1440BROA00002, 199WATER00001, WEWORKMA00001, 450LEXIN00001, 135E57TH00001, 115BROAD00001, 750LEXIN00001, 500FIFTH00001, 575LEXIN00001, 1450BROA00001, 25WEST4500001, 22CORTLA00001, 1601MARK00001, 1900MARK00001, 2425EAST00001, 101NORTH00001, 1730MINO00001, 12013RDA00001, GRANITES00003, 200BERKE00001, 1100MAIN00001, 200SOUTH00004, 2820NORT00001 | Data Services | PO BOX 791087 BALTIMORE MD 21279-1087 United States | $ 24,310 |
| Cogent Waste Solutions | 4112700, 3944800, 3759400 | Waste | 5835 47TH ST MASPETH NY 11378 United States | $ 346 |
| Columbia Gas of Ohio | 20707340 001 000 3 | Natural Gas | PO Box 4629 CAROL STREAM IL 60197-4629 United States | $ 79 |
| Comcast | 939042693, 933758165, 931087374, 708731413, 930891656, 933702183, 939763863, 930903743, 939029818, 939042855, 939814829, 939828224, 932763158, 934500394, 935415158, 935421910, 935415211, 935447695, 939042882, 934578049, 935408860, 934532652, 933740228, 932775465, 934539363, 934552025, 930886147, 708730429, 939068665, 933752044, 934545633, 930911277, 932763098, 8498 33 008 2951594, 8498 32 004 0250676, 8498 83 008 2490957, 8155 40 039 6101329, 8773 10 312 0784905, 8299 70 004 1564442, 8299 70 004 1601202, 8499 05 354 4093404, 8220 18 893 0817085, 8396 51 173 1080231, 708730657, 708738428, 708737581, 708738911, 708737228, 708738682, 708736765, 708737974, 708738398, 708737759, 708731014, 932774364 SUM, 20.VLXP.092385, 14.VLXP.076046, 38.VLXP.042242..CBCL.., 38.VLXP.043923..CBCL.., 11.VLXP.024784, 61.VLXP.068196, 61.VLXP.053088, 61.VLXP.058523, 63.VLXP.065322, 63.VLXP.067779, 63.VLXP.072758, 63.vlxp.064160, 63.VLXP.066180, 63.VLXP.067142, 67.VLXP.036859, 63.VLXP.082968..CBCL.. | Data Services | PO BOX 37601 PHILADELPHIA PA 19101-0601 United States | $ 51,411 |
| ComEd | 1667044118, 0167019061, 0010061159, 0391000089, 6849058060, 1619078117, 1503166168, 0567052064, 1755024082, 1053038235, 0247033058, 0025129140, 5304053099, 0943068237, 1388137041, 0123000564, 1743057302, 1818157097, 0313040103, 1808149074, 0837039491, 0018055162, 2183002095, 2113019099, 0808087078, 0828073114, 0833098043, 6178087099, 0418013064, 0343141275, 0358101112, 0958028012, 1386003051, 0600039156, 0606034128, 0066035265 | Electric | PO Box 6111 CAROL STREAM IL 60197-6111 United States | $ 18,312 |
| CompostNow | Preet Mankad - WeWork, WeWork - Durham, One City | Waste | PO Box 12152 Raleigh NC 27605 United States | $ 135 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Con Edison | 62-2065-2036-0001-1, 62-2010-0587-0601-8, 61-1404-5855-0001-5, 44-2023-0220-0101-8, 49-9028-0326-0003-2, 41-4105-9859-0101-3, 41-4105-5880-0007-2, 41-4105-9859-0201-1, 41-4105-9859-1001-4, 41-4105-9859-0901-6, 41-4105-9859-0901-6, 41-4105-9859-0301-9, 41-4105-9859-0701-0, 41-4105-9859-0601-2, 41-4105-9859-0801-8, 41-4117-9633-0001-9, 41-4117-4230-0006-8, 41-4117-4172-0003-9, 41-4117-4175-0001-6, 41-5031-3665-0008-4, 41-5031-6130-0002-9, 41-4141-0102-0001-7, 40-1113-1615-2007-3, 40-1113-1615-4005-5, 40-1113-1615-5005-4, 40-1113-1615-3003-1, 46-1029-0077-6000-3, 41-3133-5102-0601-4, 43-4135-1660-0006-7, 43-4135-1670-0009-0, 49-4071-0320-2101-0, 41-6205-7970-0003-4, 41-6205-7830-0002-2, 41-6205-7925-0003-8, 40-3013-3252-0001-8, 43-1011-0802-0008-8, 43-1011-0803-0004-5, 44-2031-1798-1406-7, 44-2031-1782-0008-6, 44-2031-1782-2204-9, 44-2031-1782-4005-8, 44-2031-1782-2005-9, 44-2031-1782-1008-5, 44-2031-1782-3005-9, 42-6001-0009-0007-0, 42-6001-0009-1004-6, 42-6001-0010-5306-9, 42-6001-0010-1806-2, 42-6001-0010-9906-2, 42-6001-0010-0205-8, 42-6001-0010-0005-2, 42-6001-0010-0402-1, 42-6001-0010-0505-1, 42-6001-0010-0905-3, 42-6001-0010-1606-6, 42-6001-0010-0105-0, 42-6001-0010-1405-3, 42-6001-0010-0805-5, 42-6001-0010-1504-3, 42-6001-0010-5009-9, 42-6001-0010-1203-2, 42-6001-0009-2503-6, 42-6001-0010-0305-6, 42-6001-0010-1106-7, 42-6001-0010-1706-4, 42-6001-0010-1904-5, 42-6001-0010-1006-9, 42-6001-0010-1305-5, 42-6001-0010-0705-7, 43-6123-3000-0003-5, 43-6123-3000-0001-3, 43-6123-3000-3001-6, 43-6123-3000-2001-7, 43-6123-3000-1001-8, 43-6123-3000-4001-5, 43-6123-3000-5001-4, 41-1015-8750-0003-7, 41-1015-8776-0003-2, 41-1015-8787-0003-9, 41-1015-8805-0004-7, 41-1015-8840-0003-6, 41-1015-8745-0009-4, 41-1015-8820-0003-8, 41-1015-8785-0005-8, 41-1015-1490-0010-6, 41-1015-8795-0004-0, 41-1015-8830-0003-7, 41-1015-8878-0102-6, 41-1015-8878-0202-4, 41-1015-8878-0002-8, 41-1015-8760-0002-8, 41-1015-8878-0402-0, 41-1015-8835-0004-4, 41-1015-8775-0003-4, 41-1015-8850-0007-6, 41-1015-8825-0002-9, 40-3029-4028-0100-7, 40-3029-2020-0002-4, 40-3029-2021-0002-2, 40-3029-2018-0002-8, 42-7225-0238-3904-4, 42-7225-0238-4104-0, 42-7225-0238-4303-8, 42-7225-0238-3803-8, 42-7225-0238-1203-3, 42-7225-0238-4204-8, 42-7225-0238-4004-2, 42-7225-0238-0804-9, 43-4035-5390-0004-4, 43-4035-5370-0003-8, 43-4035-5345-0008-9, 43-4035-5360-0006-2, 43-4035-5395-0005-0, 43-4035-5340-0005-6, 43-4035-6946-0000-0, 43-1035-0283-1506-2, 43-1035-0283-0506-3, 43-1035-0283-1006-3, 43-6015-1745-0011-8, 43-6015-1770-0005-8, 43-6125-2540-0004-4, 41-2133-1160-0009-3, 41-2133-1165-0011-8, 41-2133-1177-0109-5, 41-2133-1160-0114-1, 41-2133-1163-0107-9, 41-2133-1165-0110-8, 41-2133-1163-0006-3, 41-2133-1171-0011-6, 41-2133-1171-0106-4, 41-2133-1175-0106-5, 41-2133-1169-0010-2, 41-2133-1173-0004-7, 41-2133-1173-0107-8, 41-2133-1177-0009-7, 41-2133-1175-0008-3, 43-7127-3690-0002-5, 41-1015-8715-0004-8, 41-1015-8695-0007-5, 41-1015-8710-0002-3, 43-4035-5940-0009-5, 43-4035-5950-0007-8, 41-1037-8000-0003-1, 41-1037-7910-0005-7, 41-1037-7925-0003-0, 41-1037-7985-0005-9, 41-1037-7915-0004-9, 43-2127-4625-0002-5, 43-2127-4570-0003-1, 43-2127-4605-0004-3, 43-2127-4580-0003-0, 49-9028-0634-0002-1, 43-2127-4555-0006-5, 43-2127-4655-0004-8, 43-2127-4545-0005-8, 43-2127-4625-1002-4, 44-1133-6470-0100-3, 44-1133-6470-0200-1, 21-1618-0825-0402-2, 21-1618-0824-0202-9, 21-1618-0825-0202-6, 21-1618-0825-0602-7, 44-5135-0655-0002-4, 44-5135-0660-0002-4, 40-3131-2070-0004-9 | Electric | 390 WEST ROUTE 59 ATTN: PAYMENT PROCESSING, SPRING VALLEY NY 10977-5300 United States | $   128,743 |
| Cox Business | 001 3110 125731701, 001 8501 253808001, 001 8501 271315001, 001 8610 135202901, 001 8610 135537801, 001 7601 060968901, 001333060968801, 001 7601 061473601, 001 7601 061289701 | Data Services | PO BOX 53214 PHOENIX AZ 85072-3214 United States | $   9,600 |
| Cox Communications | 001 0101 053182501 | Data Services | PO BOX 78000 DEPT 781114, Detroit MI 48278-1114 United States | $   1,421 |
| Crown Castle Fiber | B19935, B31688, B17822, B23529, B31704, B31518, B16135, B23457, B24864, B24366, B24049, B26760, B23502, B31199, B31200, B26761, B33839, B31201, B30724, B11496, B13610, B23494, B22866, B26013, B25369, B22779, B20259, B24283, B22837, B22785, B23038, B22778, B22989, B35389, B34838, B19626, B19634, B23456, B22947, B23958, B23889, B23753, B19936, B31654, B30633, B20261, B19915, B31510, B31520, B17932, B17671, B31647, B17793, B17812, B17831, B17794, B17627, B19118, B24042, B23585, B19122, B19690, B23596, B22955, B19833, B19827, B22772, B23527, B19921, b25426, B23594, B34354, B23265, B24015, B19585, B24293, B23365, B24826, B25456, B24543, B24250, B32401, B24176, B24289, B24306, B25427, B24245, B24296, B24022, B19664, B24425, B23947, B24340, B23531, B01752 SUM, S153481, B16126 SUM, S286645 | Data Services | PO BOX 27135 New York NY 10087-7135 United States | $   78,552 |
| DataVerge | DV004468 | Data Services | 882 3RD. AVENUE 8TH FLOOR, Brooklyn NY 11132 United States | $   1,091 |
| Direct Energy | 1837590, 1837591 | Electric | PO Box 70220 PHILADELPHIA PA 19176-0220 United States | $   1,096 |
| EBS-Energy Billing Service | 150016582401 | Water | PO Box 210 Goshen IN 46527 United States | $   125 |
| EllumNet | 10557, 10156 | Data Services | PO BOX 140778 DALLAS TX 75214 United States | $   502 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Engie Resources | 0000083968, 0000119718, 0000165568 | Electric | PO Box 841680 DALLAS  TX 75284-1680 United States | $        105 |
| Eversource Energy | 2831 447 0049, 2831 445 0082, 2596 166 1037, 2596 163 1014, 2596 165 1038, 2596 168 1035, 2842 147 0023, 2842 146 0024, 2842 149 0039, 2749 442 0055, 2749 439 0035, 2842 145 0033, 2749 440 0032, 2749 441 0049, 2842 148 0030, 2749 438 0044, 3011 196 0024, 3011 197 0023, 3011 194 0018, 3002 154 0015, 3020 812 0011, 2661 976 1062, 2661 990 1064, 2661 977 1038, 2884 870 0036, 2685 258 0039, 2607 862 1039, 2884 868 0022 | Electric | PO Box 56007 Boston  MA 02205-6007 United States | $     28,327 |
| Everstream | R91910216331-R SUM, 1449 Woodward Ave #800, 1001 Woodward Ave #600 | Data Services | PO BOX 932549 Cleveland  OH 44193-0030 United States | $      1,890 |
| Fileo Carting | 01-23065 5, 01-25072 9, 01-22930 1, 01-22789 1 | Waste | 161 McKinley St Closter  NJ 07624 United States | $      3,123 |
| FirstDigital | 9805 | Data Services | PO BOX 849746 Los Angeles  CA 90084-9746 United States | $        431 |
| FPL - Florida Power & Light | 11995-09363, 18236-16519, 44687-10316, 64193-87342, 57490-74257, 62454-73332, 87143-30316, 40960-94257, 34803-69341, 10095-12037, 72908-26515, 19066-22038, 50128-20311, 49039-53331, 48010-55239, 14350-16512, 08282-22034, 38507-63339, 69422-40315, 17484-84258, 93826-77343, 15671-26519, 55485-92426 | Electric | General Mail Facility @ FPL Group, Inc, Miami FL 33188-0001 United States | $      8,044 |
| Fusion | 3990977 | Data Services | PO BOX 411470 Boston  MA 02241-1289 United States | $      1,007 |
| Georgia Natural Gas | 005362694-5339520 | Natural Gas | PO Box 71245 Charlotte  NC 28272-1245 United States | $        103 |
| Georgia Power | 08656-57003, 71038-28018 | Electric | 96 ANNEX @ Southern Company, ATLANTA  GA 30396 United States | $      4,908 |
| Granite Telecommunications | 03960339 SUM, 04491232, 04430011, 04329948, 04115676, 04158880, 04039459, 04115702, 04079863, 04115704, 04115731, 04115728, 04120584, 04114839, 04258105, 04237733, 04283844, 04209530, 04280988, 04252555, 04201611, 04124696, 04513000, 04115679, 04242153, 04443620, 04126906, 04405430, 04431744, 04111717, 04315726, 04075626, 04076030, 05029305, 04257962, 04170878, 04076582, 04209896, 04250415, 04076591, 04251191, 04283682, 04326772, 04300875, 04251131, 04282109, 04328612, 04294985, 04417498, 04277523 | Data Services | PO BOX 841304 Boston  MA 02284 United States | $      6,203 |
| GTT Communications | T188315, T119066, T188323 | Data Services | P.O. BOX 842630 DALLAS  TX 75284-2630 United States | $      4,355 |
| Hotwire Communications | 11821838, 30227142 | Data Services | PO BOX 57330 PHILADELPHIA  PA 19111-7330 United States | $        709 |
| Hudson Energy | 300062904 | Electric | PO Box 731137 DALLAS  TX 75373-1137 United States | $        506 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Industrial Carting | 1373 | Waste | 65 Emerson Place Brooklyn NY 11205 United States | $ 576 |
| Just Energy | 7362666 | Electric | PO BOX 650518 DALLAS TX 75265-0518 United States | $ 3,979 |
| KBSIII 201 Spear Street | R31120 | Electric | PO BOX 953197 St Louis MO 63195-3197 United States | $ 702 |
| KINGS III of America | 59330 | Data Services | 751 Canyon Drive - STE 100 Coppell TX 75019 United States | $ 69 |
| Level 3 Communications | 5-XPBSRLGR, 5-TQY1FQMS, 5-RYXJZPRW, 5-FMFCGYFQ, 5-3KGDWLGR, 5-HXGD3GYQ, 5-FCCFBSSC 9, 5-SSGQCLC8, 5-BYTSSGQG 9, 5-BC2BGSM7, 5-C8XBQXC, 5-C1FSFRXC 5, 5-HDSKCNRL, 5-S4SKRHDH, 5-QGK7KYPD, 5-2KGHCF7H, 5-8S88Y90X, 5-LKKSVCBG, 5-RTWSKMYR, 5-WHHRBLQR, 5-PMGFTCNR, 5-MH9LQR4F, 5-CMGR5MGM, 5-WDPTLCFR, 5-D8GVG9BK 3, 5-QGFN7LDR, 5-GGKQHH5L, 5-DDKSDFLX, 5-SGMHGFSC, 5-GTPHDQ88, 5-HCQFKWD9, 5-FRSFRRFG 8, 5-3D0MFLTH, 5-3RFJH7GQ, 5-WWZQHDFZ, 5-RHQSKGLS, 5-MCLBDQJD, 5-DCFWSNXP, 5-NGS5CCQM 0, 5-GK5HHCKK, 5-HDBH9Y2G, 5-Q1SQLJ7K, 5-9MCHLMSH, 5-FMDJMJV, 5-BPBPKNSD, 5-9GHCPGQR, 5-LJRCPGPD 5, 5-NBK8WGGM, 5-SLC4SNQR, 5-GHGKKQ7C 3, 5-LCRFMQDS, 5-S2LXGQGS, 5-FMGMBBCN, 5-SR8TYCQL, 5-0RBCLDGK, 5-GQJGGJGQ, 5-N7QKLFPR, 5-FGBCTKPB, 5-WWKCHHP5, 5-lqhtyzzj, 5-GKH6DYMH, 5-NGSKTMRY, 5-NTS2LV0Q, 5-HTQCGJF7, 5-FBJGCJQK, 5-5C8GSLGP 4, 5-YGVFNCZG, 5-mkggkgdb, 5-GSMMZMKW, 5-GCW2LCTG 7, 5-SGYD3QGC, 5-2XRRLQFS, 5-GGQHCPHN SUM, 5-0DBLLMJS SUM, 5-HTCFSDGM SUM, BDJQ6055, 333951450, 333951449, 336165988, BDJZ4175, 336165987, 336165986 | Data Services | PO BOX 910182 DENVER CO 80291-0182 United States | $ 58,898 |
| Logix Fiber Networks | 44001251, 44001179, 44004812, 44001176 | Data Services | P.O. BOX 734120 DALLAS TX 75373-4120 United States | $ 3,638 |
| Los Angeles Dept of Water & Power | 334 477 4445 | Electric | P.O. Box 30808 Los Angeles CA 90030-0808 United States | $ 2,511 |
| MCI Comm Service | 1EX85434 | Data Services | PO BOX 15043 ALBANY NY 12212-5043 United States | $ 19 |
| MetTel | 0100525846 SUM, 0100529293 SUM, 689929, 700511, 1020940, 526834 | Data Services | PO BOX 9660 MANCHESTER NH 03108-9660 United States | $ 2,228 |
| MidAmerican Energy | 462316, 462305, 462306, 462549, 462338, 465936, 462309, 462308, 462287, 462429, 462493, 462490, 462496, 462491, 462495, 462494, 462492, 462471, 462475, 462462, 462461, 462457, 462470, 462463, 462459, 462460, 462474, 462464, 462472, 462458, 462290, 462289, 462286, 462288, 462312, 462310, 462311, 462313, 462314, 462468, 462467, 462466, 462469, 462285, 462315, 462553, 462340 | Electric | PO Box 8019 Davenport IA 52808-8019 United States | $ 8,465 |
| Monkeybrains | 13681 | Data Services | 286 12th St San Francisco CA 94103 United States | $ 899 |
| MSI Holyoke | 00003274 | Electric | PO Box 94685 c/o Martin Smith Inc, Seattle WA 98124 United States | $ 1,624 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| NiTel | 2919 Commerce St | Data Services | Department 4929 CAROL STREAM IL 60122-4929 United States | $ 2,021 |
| NV Energy | 3000361559121593243, 3000361559121593250 | Electric | PO Box 30150 Reno NV 89520-3150 United States | $ 8,969 |
| NYC Water Board | 50001-17195-001, 10001-01415-001, 9000107780001, 4000107781001 | Waste, Water | PO Box 11863 Newark NJ 07101-8163 United States | $ 490 |
| Optical Communications Group | WeWork SUM, WWPSD-001, WeW-001 | Data Services | 79-24 71st Avenue Glendale NY 11385 United States | $ 300 |
| Pacific Gas & Electric | 2409321310-6, 6881574713-1, 9186249934-9, 9592122841-7, 5178468978-1, 5454577525-3 | Natural Gas, Electric | P.O. BOX 997300 PG&E CORPORATION, SACRAMENTO CA 95899-7300 United States | $ 25,103 |
| Pacific Power-Rocky Mountain Power | 71836153-001-4 | Electric | PO Box 26000 Portland OR 97256-0001 United States | $ 3,220 |
| PECO | 16950-61281 | Electric | PO BOX 37629 PAYMENT PROCESSING, PHILADELPHIA PA 19101 United States | $ 1,823 |
| Peoples Gas | 0612833067-00002 | Natural Gas | PO Box 6050 CAROL STREAM IL 60197-6050 United States | $ 396 |
| PEPCO (Potomac Electric Power Company) | 5000 8361 185, 5000 8289 584, 5000 8361 607, 5503 3901 319, 5503 3901 285 | Electric | PO Box 13608 PHILADELPHIA PA 19101-3608 United States | $ 2,305 |
| Pinnacle Sustainability Solutions | WeWork - NY47 | Waste | 45 S Park Place Ste 165, Morristown NJ 07960 United States | $ 2,942 |
| Qwest/CenturyLink | 206-624-7675 248 | Data Services | 100 CenturyLink Drive Monroe, LA 71203 United States | $ 63 |
| RCN | 8101-0432378-01, 6101-0460830-01, 6101-0460708-01, 6101-0454736-01, 6101-0454932-01, 6101-0456003-01, 6101-0460110-01, 6101-0459784-01, 8101-0452142-01, 1001-0966174-01 | Data Services | PO BOX 11816 Newark NJ 07101 United States | $ 6,744 |
| Recycle Track Systems | BKN02, BKN10, CHI01, MIA02, NY02, NY07, NY10, NY-120, NY12, NY21, NY22, NY24, NY27, NY28, NY30, NY31, NY36, NY39, NY44, NY45, NY46, NY56, NY78, NY91, NY95, NY99, QNS01, 115 W 18th St | Waste | PO Box 412782 Boston NY 02241 United States | $ 25,566 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Reliant Energy Solutions | 17 120 078-5 | Electric | PO BOX 120954 Dept 0954 DALLAS TX 75312-0954 United States | $    9,901 |
| Republic Services | 3-0094-0025548 | Waste | PO Box 9001099 Louisville KY 40290-1099 United States | $    573 |
| Re-Stream | 200 Portland St | Waste | 124 Prospect St Waltham MA 02453 United States | $    839 |
| Royal Waste Services | 23098, 23831 | Waste | 187-40 Hollis Ave Hollis NY 11423 United States | $    419 |
| RWS Facility Services | WEW7218501, 10-1857-WEW7812 | Waste | PO Box 740209 Dept #40299, ATLANTA GA 30374-0209 United States | $    8,812 |
| SilverIP Communications | 625 West Adams Street Tenant | Data Services | 2241 S WABASH AVE CHICAGO IL 60616 United States | $    2,963 |
| Skywire Networks | 45114524, 45116304, 45112476, 45113368, 45113972, 45114526 | Data Services | PO BOX 189112 Brooklyn NY 11218 United States | $    5,437 |
| Sohonet Inc | LA1810.1 | Data Services | DEPT LA 24489 PASADENA CA 91185-4489 United States | $    1,033 |
| Southern California Edison | 700265392852, 700158528154, 700298696487, 700161712683, 700449067406, 700399270636 | Electric | P.O. Box 600 Rosemead CA 91771-0001 United States | $    7,553 |
| Southern California Gas (The Gas Co.) | 141 702 0903 6 | Natural Gas | 1801 S. Atlantic Blvd. Monterey Park CA 91756 United States | $    1,398 |
| Southwest Gas | 910000490828, 910000253237 | Natural Gas | PO Box 24531 Oakland CA 94623-1531 United States | $    49 |
| Sparklight | 134087378 | Data Services | PO BOX 78000 PHOENIX AZ 85062-8000 United States | $    461 |
| Spectrum Business | 8260 13 052 6146199, 8260 13 208 7232251, 8260 13 028 1975089 | Data Services | PO BOX 60074 CITY OF INDUSTRY CA 91716-0074 United States | $    343 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Texas Gas Service | 912847348 2412630 64 | Natural Gas | PO Box 219913 Kansas City  MO 64121-9913 United States | $        64 |
| The Junkluggers of NYC | 379 West Broadway, 1440 Broadway, 10 East 40th Street, 450 Lexington Avenue, 1460 Broadway-WeWork, 77 Sands Street, 154 West 14th, 142 West 57th Street, 135 W 41st St, 205 Hudson St, 115 Broadway, 450 Park Avenue South, 609 Greenwich Street, 8 West 40th Street, 368 9th Ave, 35 East 21st St Floor 8W, 130 Madison Avenue | Waste | 33-56 11th St Astoria  NY 11106 United States | $      2,181 |
| Time Warner Cable | TBD | Data Services | 41-61 Kissena Blvd Flushing  NY 11355-3189 United States | $     11,458 |
| TXU Energy | 900048273101, 10443720007302617, 10443720009032914, 10443720007855131, 10443720001124161, 900048119292, 900048119246, 900058464880 | Electric | PO BOX 650638 DALLAS  TX 75265-0638 United States | $      2,203 |
| United World Telecom | G723670 | Data Services | 3333 S Congress Ave Suite 300, Delray Beach FL 33445 United States | $        453 |
| University of Maryland | 7761 Greenhouse Road Tenant LLC | Data Services | 5825 UNIVERSITY RESEARCH COURT SUITE 2500, COLLEGE PARK MD 20740 United States | $      1,233 |
| Verizon | U0176449, U0157609, 718 384 8181 648 22 7, 651-723-099-0001-67, 654-611-387-0001-47, 751-723-091-0001-15, 6517268830001, 212 361 6120 717 21 1, 151-723-767-0001-97, 212 219 2560 591 21 0, U0203988, U0205841 SUM, 48481439C, 48481517C, 48481549C, 54523115C (U0205841), 48481441C, 11547586C, 48481485C, 61128829C, 48481553C, 48481491C, 49562473C (U0205841), 48705733C, 48481537C, 50637499C, 49683121C, 48481489C, 48481451C, 48481483C (U0205841), 48481557C (U0205841), 56210731C, 48481473C, 48481569C, 54111183C, 55699297C, 56824847C, 48481503C, 48481447C, 31365382C, 54523113C (U0205841), 7125364C, 48481513C, 48481471C, 48481449C, 48481565C, 48481567C, 1915620C, 1915615C, 49678729C, 49678633C, 6291077IC, 1915129C, 49678703C, 56388535C, 1915128C, 48481535C, 1915092C, 48481515C, 48481465C, 48481519C, 48481539C (U0205841), 48705715C, 51642151C, 48481457C, 48481461C, 48481443C, 48481511C, 25896528C, 48481545C, 48481497C, 48481541C, 48481459C, 48481541C (U0205841), 48481459C, 49562475C, 48481563C, 59531621C, 53024193C, 48481425C, 48481469C, 48481481C, 48481529C (U0205841), 61117549C, 1802045C (U0205841), 1810617C, 13161927C, 48481487C, 48481433C, 48481533C, 62541955C, 60004931C, 59860655C, 61628349C, V007M-000-000-001-000 SUM | Data Services | PO BOX 15043 ALBANY  NY 12212-5043 United States | $    111,532 |
| Verizon Wireless | 842220502-00001, 842220462-00001, 742025959-00001 SUM, 509-514-3285 (742025959-00001), 509-514-1455 (742025959-00001), 646-957-2471 (742025959-00001), 516-566-9387 (742025959-00001), 646-957-3889 (742025959-00001), 646-957-4831 (742025959-00001), 917-936-6948 (742025959-00001), 509-824-5324 (742025959-00001), 646-957-4362 (742025959-00001), 917-938-4145 (742025959-00001), 917-594-7760 (742025959-00001), 415-310-2887 (742025959-00001), 509-601-7138 (742025959-00001), 646-942-1048 (742025959-00001), 929-412-3185 (742025959-00001), 646-957-3620 (742025959-00001), 415-961-8784 (742025959-00001), 646-618-5078 (742025959-00001), 646-477-5245 (742025959-00001), 509-514-1555 (742025959-00001), 929-618-1771 (742025959-00001), 917-594-7660 (742025959-00001), 646-485-4159 (742025959-00001), 415-271-4511 (742025959-00001), 509-655-1949 (742025959-00001), 646-872-3179 (742025959-00001), 917-789-3633 (742025959-00001), 509-601-4860 (742025959-00001), 646-799-0416 (742025959-00001), 917-781-7855 (742025959-00001), 646-901-9344 (742025959-00001), 917-938-5569 (742025959-00001), 509-867-9820 (742025959-00001), 415-610-1836 (742025959-00001), 917-693-1298 (742025959-00001), 646-632-5795 (742025959-00001), 509-666-7719 (742025959-00001), 917-938-5568 (742025959-00001), 917-594-7438 (742025959-00001), 917-485-2122 (742025959-00001), 929-243-0702 (742025959-00001), 646-483-6863 (742025959-00001), 646-992-1153 (742025959-00001), 917-594-7656 (742025959-00001), 646-799-4168 (742025959-00001), 509-514-6875 (742025959-00001), 646-952-1298 (742025959-00001), 347-867-5498 (742025959-00001), 646-847-5307 (742025959-00001), 509-666-9904 (742025959-00001), 917-733-1021 (742025959-00001), 646-300-5482 (742025959-00001), 917-594-7736 (742025959-00001), 509-514-0874 (742025959-00001), 917-920-0335 (742025959-00001), 509-824-3950 (742025959-00001), 646-276-5609 (742025959-00001), 646-978-0704 (742025959-00001), 929-243-6792 (742025959-00001), 917-781-7821 (742025959-00001), 509-514-3059 (742025959-00001), 917-594-7703 (742025959-00001), 917-485-2608 (742025959-00001), 509-209-6937 (742025959-00001), 509-824-3380 (742025959-00001), 509-919-2287 (742025959-00001), 929-243-6110 (742025959-00001), 917-992-9885 (742025959-00001), 646-799-2155 (742025959-00001), 509-370-8069 (742025959-00001), 509-867-8731 (742025959-00001), 509-514-3219 (742025959-00001), 646-901-8085 (742025959-00001), 646-872-9277 (742025959-00001), 929-458-5066 (742025959-00001), 646-939-5344 (742025959-00001), 917-594-7763 | Data Services | PO BOX 660108 DALLAS  TX 75266-0108 United States | $      5,704 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Address Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Verizon Wireless Account Numbers Cont. | (742025959-00001), 914-606-2267 (742025959-00001), 646-872-7785 (742025959-00001), 646-872-5278 (742025959-00001), 917-968-2816 (742025959-00001), 646-300-4287 (742025959-00001), 646-831-4195 (742025959-00001), 646-984-0216 (742025959-00001), 206-247-4684 (742025959-00001), 646-988-1069 (742025959-00001), 917-485-1140 (742025959-00001), 917-781-7856 (742025959-00001), 646-901-6513 (742025959-00001), 646-300-4764 (742025959-00001), 917-485-1758 (742025959-00001), 646-565-8456 (742025959-00001), 646-300-4930 (742025959-00001), 646-276-8075 (742025959-00001), 646-678-2400 (742025959-00001), 646-584-4347 (742025959-00001), 917-594-7790 (742025959-00001), 415-271-2932 (742025959-00001), 646-946-3546 (742025959-00001), 509-514-1477 (742025959-00001), 917-968-1812 (742025959-00001), 929-243-6542 (742025959-00001), 347-640-0380 (742025959-00001), 646-588-9689 (742025959-00001), 415-271-5412 (742025959-00001), 646-949-7197 (742025959-00001), 509-867-8959 (742025959-00001), 646-300-4219 (742025959-00001), 917-938-4209 (742025959-00001), 509-992-5091 (742025959-00001), 509-992-2132 (742025959-00001), 929-297-2426 (742025959-00001), 509-992-5950 (742025959-00001), 509-992-4095 (742025959-00001), 509-505-3185 (742025959-00001), 509-992-3692 (742025959-00001), 509-953-3640 (742025959-00001), 509-867-8312 (742025959-00001), 509-992-5913 (742025959-00001), 509-904-9480 (742025959-00001), 509-795-9977 (742025959-00001), 509-666-7533 | | | |
| Washington Gas | 210001737092 | Natural Gas | PO BOX 37747 PHILADELPHIA PA 19101-5047 United States | $       7 |
| Waste Connections Lone Star | 5183-57243, 5183-57244 | Waste | PO Box 679859 DALLAS TX 75267-9859 United States | $     120 |
| Waste Connections LS | 5181-015111522 | Waste | PO Box 679859 DALLAS TX 75267 United States | $     121 |
| Waste Connections of Florida | 6440-067217 | Waste | 3840 NW 37th Ct Miami Hauling, Miami  FL 33142-4208 United States | $     911 |
| Waste Connections of New York | 101069575, 101068690, 101066699, 101067933, 101064047, 101065547, 101067443, 101067259, 101066478, 101067117, 101073458, 101072132 | Waste | P.O. BOX 660654 DALLAS  TX 75266-0654 United States | $   7,279 |
| Waste Management | 22-04130-13007 | Waste | PO Box 13648 PHILADELPHIA  PA 19101-3648 United States | $     492 |
| Water Systems Inc | UWBA-104-1-C | Water | P.O. Box 31569 CLARKSVILLE  TN 37040 0027 United States | $     112 |
| Wave | 3201-1068267-01 | Data Services | PO BOX 31001-2714 PASADENA  CA 91110-2714 United States | $   1,093 |
| WiLine Networks | 901998 | Data Services | PO Box 102150 PASADENA  CA 91189-2150 United States | $   1,349 |
| Xcel Energy | 53-0012595766-9, 53-0012595775-0, 53-0012595755-6, 53-0012595763-6 | Electric | P.O. Box 9477 (2200) @ Xcel Energy Remit Processing, Minneapolis MN 55484-9477 United States | $   2,923 |

| Utility Provider | Account Number(s) (if known) | Service (s) | Complete Mailing Addres Including Zip Code | Proposed Adequate Assurance |
|---|---|---|---|---|
| Zayo Group | 019132, 039612, 029266, 038422, 025176, 029980, 019880, 028260, 029456, 038077, 029368, 029795, 037466, 030446, 019168, 018530, 030669, 016924, 031946, 017987, 027762, 038896, 029496, 037567, 028471, 030709, 029033, 030985, 037667, 037964, 038811, 038111, 038614, 038367, 038384, 028300, 028411, 028661, 029750, 038870, 030316, 027344, 031750, 017466, 031541, 028195, 038019, 030374, 008189, 037184, 037402, 028485, 039265, 027992, 037813, 028796, 019891, 029897, 029625, 029909, 031076, 030423, 038416, 030905, 038412, 038071, 030668, 031077, 030940, 029554, 028858, 027764 | Data Services | PO BOX 952136 DALLAS  TX 75395-2136 United States | $    69,368 |
| zRace Communications | 110513 | Data Services | 1325 HOWARD AVE. #604 BURLINGGAME  CA 94010 United States | $    34 |