**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested)<br><br>**HEARING DATE AND TIME:**<br>**November 28, 2023, 10:00 a.m., prevailing Eastern Time**<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (I) AUTHORIZING AND APPROVING**
**PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017, and the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**PLEASE TAKE NOTICE** that, subject to Court availability, on November 28, 2023, at 10:00 a.m., prevailing Eastern Time, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), authorizing and approving procedures for rejecting or assuming executory contracts and unexpired leases and granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

PLEASE TAKE FURTHER NOTICE that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/WeWork.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ Michael D. Sirota

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:    (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:    (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:    (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (I) AUTHORIZING AND APPROVING**
**PROCEDURES TO REJECT OR ASSUME EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing and approving procedures (as described herein, the "Contract Procedures") for rejecting or assuming executory contracts and unexpired leases (each, a "Contract" and collectively, the "Contracts"); and (b) granting related relief.  The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, equipment, fixtures, furniture, and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1, 6007-1, and 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

5.     The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance.  WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.     On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Executory Contracts and Unexpired Leases

7.      The Debtors are party to thousands of Contracts, which include, among other agreements, real property leases, contracts with vendors for the supply of goods and services, and other contracts related to the operation of the Debtors' business.  During the pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, assume, assume and assign, or reject the Contracts.

8.      The Debtors are in the process of evaluating all of their Contracts, including as part of the Debtors' ongoing initiative to rationalize their expansive lease portfolio,[3] to determine whether such Contracts should be (a) rejected, as they are unfavorable to the Debtors or no longer beneficial for the Debtors' business operations, or (b) assumed (including as amended) or assumed (including as amended) and assigned, as they are favorable or otherwise valuable to the Debtors' estates (including those Contracts that the Debtors may assume as amended following consensual negotiations with the applicable contract counterparties).  As set forth in more detail in the First Day Declaration, this analysis is well underway.

9.      Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject or assume Contracts, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—not to mention the attendant burden on the Court's docket.  Accordingly, the Debtors hereby request approval of these Contract Procedures to streamline their ability to (a) reject burdensome Contracts that no longer provide a benefit to

---

[3]    On September 6, 2023, the Debtors announced that they would be launching a global initiative to renegotiate nearly all of WeWork's leases, which initiative remains ongoing as of the Petition Date.  *See generally* David Tolley, Chief Executive Officer, WeWork, *A Letter from WeWork's CEO on the Next Phase of WeWork*, (Sept. 6, 2023), https://www.wework.com/newsroom/a-letter-from-weworks-ceo-on-the-next-phase-of-wework.

the Debtors' estates and (b) assume (included as amended) fruitful Contracts that the Debtors believe will benefit the estates, while also providing parties in interest with adequate notice of the rejection or assumption of a Contract and an opportunity to object to such relief within a reasonable time period.[4]

### The Proposed Rejection Procedures

10.     The Debtors seek entry of the Order authorizing and approving the following procedures with respect to rejection of the Contracts (the "Rejection Procedures"):

a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors to such Contract;  (iii) the names and addresses of the counterparties to such Contract(s) (each, a "Rejection Counterparty" and, collectively, the "Rejection Counterparties"); (iv) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned by Debtors (the "Abandoned Property"), if any, and a reasonable description of abandoned property; (vi) with respect to real property, any known third party having a secured interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100, and the Rejection Counterparties shall be listed in alphabetical order.  Further, the Rejection Notice shall include the proposed form of Order (the "Rejection Order") approving the rejection of the Contracts.  No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.    ***Service of the Rejection Notice***.  No later than three (3) business days after filing a Rejection Notice, the Debtors will cause such Rejection Notice to be served, regardless of the manner and means required for

---

[4]    Contemporaneously herewith, the Debtors also filed the *Debtors' Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases and (B) Abandonment of any Personal Property, Effective as of the Rejection Date and (II) Granting Related Relief* (the "Lease Rejection Motion") to effectuate the rejection of approximately sixty-nine unexpired leases.

delivery of notices stated in the affected Contract(s): (i) by overnight service and electronic mail upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known, with email service upon such counsel being sufficient) and all known parties who may have any interest in any applicable Abandoned Property; and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (B) any statutory committee appointed in these chapter 11 cases; (C) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (D) the agents under the Debtors' prepetition secured facilities and counsel thereto; (E) (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii)Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com), as counsel to the Ad Hoc Group; (F) (i) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com), as counsel to SoftBank; (G) Cooley LLP, 355 S. Cooley LLP, 1333 2nd Street, Suite 400, Santa Monica, CA 90401, Attn: Tom Hopkins (thopkins@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), Logan Tiari (ltiari@cooley.com), Michael A. Klein (mklein@cooley.com), as counsel to Cupar Grimmond, LLC; (H) the United States Attorney's Office for the District of New Jersey; (I) the Internal Revenue Service; (J) the U.S. Securities and Exchange Commission; (K) the office of the attorney general for each of the states in which the Debtors operate; and (L) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[5] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and served on the following

---

[5]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

parties (collectively, the "Objection Service Parties") so that such objection is ***actually received*** no later than ten (10) days after the date the relevant Rejection Notice is sent by overnight service and electronic mail (the "Rejection Objection Deadline"):

(i) the Debtors, WeWork Inc. c/o Epiq Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Connor Casas (connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to any Committee appointed in these chapter 11 cases; (v) counsel to the Ad Hoc Group, (A) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com) and (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 355 S. Cooley LLP, 1333 2nd Street, Suite 400, Santa Monica, AA 90401, Attn:  Tom Hopkins (thopkins@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), Logan Tiari (ltiari@cooley.com), Michael A. Klein (mklein@cooley.com).

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection.   Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set

forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (B) notifying such affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the property has been surrendered, all WeWork-issued key cards have been deactivated unless otherwise agreed with the landlord, and the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.     ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of (i) the applicable Rejection Date set forth in the Rejection Notice, (ii) such other date to which the Debtors and the applicable Rejection Counterparty agree, or (iii) as ordered by the Court.

f.     ***Consent Orders***.  Any Objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g.     ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the applicable Rejection Date but shall provide any affected Rejection Counterparty and Service Parties of removal of any Contract from the Rejection Notice as soon as reasonably practicable after such removal.

h.     ***No Application of Security Deposits***.  To the extent applicable, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off, recoup, draw on, apply, or otherwise use such security deposit or other arrangement without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i.  ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all of Debtor's personal property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property, unless otherwise specified by the Debtors (and other than any leased property not owned by the Debtors), shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Company, including any right to reproduce, modify, or create derivatives, shall be conferred to any Landlord as a result of such abandonment, and Landlord shall have no right to the continued use of such intellectual property at the premises subject to the rejected Lease.

j.  ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

### The Proposed Assumption Procedures

11.    The Debtors seek entry of the Order authorizing and approving the following assumption procedures with respect to the Contracts (the "<u>Assumption Procedures</u>" and together with the Rejection Procedures, the "<u>Contract Procedures</u>"):

a.  ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as <u>Exhibit 2</u> (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract or Contracts to be assumed; (ii) the names and

addresses of the counterparties to such Contracts (each, an "Assumption Counterparty"); (iii) the Debtor or Debtors to such Contract; (iv) the identity of any proposed assignee of such Contracts (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100. Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order").

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than three (3) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[6]

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[7] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) days after the date the relevant Assumption Notice is sent by overnight service and electronic mail and promptly serve such objection on the Objection Service Parties.

d.   ***No Objection***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection. Each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount shall be binding on all counterparties to such

---

[6]   The Debtors shall serve (email being sufficient) a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[7]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be assumed upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or if resolution is not reached and/or the objection is overruled or withdrawn, such Contract shall be assumed as of (i) the Assumption Date set forth in the Assumption Notice, (ii) such other date to which the Debtors and the counterparty to such Contract have agreed, or (iii) as ordered by the Court.

f.    ***Consent Orders***.  Any Objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

g.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

12.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any

11

Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[8]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

**<u>Basis for Relief</u>**

**I.    The Contract Procedures are in the Best Interests of the Debtors' Estates.**

13.    Given the large number of Contracts to which the Debtors are a party, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the reorganization process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to assume or reject.  The Contract Procedures are reasonable and fair to the Contract counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection, assumption, or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

---

[8]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

14.    Courts in this circuit often enter orders approving similar relief as requested in this Motion.  *See, e.g.*, *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (entering an order for procedures to reject executory contracts and unexpired leases); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J Jan. 17, 2023) (same); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 16, 2021) (same); *In re Bluestem Brands, Inc.* No. 20-10566 (MFW) (Bankr. D. Del. April 13, 2020) (same).[9]

## II.    Rejection, Assumption, Assignment, and Amendment of the Contracts is an Exercise of the Debtors' Business Judgment.

15.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1099 (2d Cir. 1993); *see also Nat'l Labor Relations Bd. V. Bildisco and Bildisco* (*In re Bildisco*), 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)).    The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

16.    The Court may also authorize the Contract Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and

---

[9]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize property available to satisfy the debtor's stakeholders.

17.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease. Furthermore, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate. *See In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate); *see also In re TS Indus., Inc.*, 117 B.R. 682, 685 (Bankr. D. Utah 1990); *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990).

18.     Furthermore, as with the assumption or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action. *See In re Borders Grp. Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("In approving a transaction conducted pursuant to section 363(b)(1), courts consider whether the debtor exercised sound business judgment."); *see also Crystalin, LLC v. Selma Props. Inc. (In re Crystalin, LLC)*, 293 B.R. 455, 463 (B.A.P. 8th Cir. 2003); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Delaware and Hudson Ry. Co.*,

124 B.R. 169, 176 (Bankr. D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" standard for transactions under section 363 of the Bankruptcy Code).

19.    The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates.  Furthermore, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every motion seeking the rejection, assumption, or assumption and assignment of Contracts.  The information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment.  Accordingly, the Court should approve the Contract Procedures.

**III.    The Assignment of Contracts Should Be Approved Free and Clear of Interests.**

20.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

21.    Executory contracts and unexpired leases are property of a debtor's estate. *See, e.g.*, *In re Rickel Home Ctr., Inc.*, 209 F.3d 291, 300 (3d Cir. 2000) ("Unexpired leases, like executory contracts, are included in the definition of 'property of the estate' under section 541."). To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property, and may be transferred free and clear

of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code.  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed.  The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.

22.     Courts have granted similar authority.  *See, e.g.*, *In re Cyxtera Techs., Inc.*, No. 23-14853 (Bankr. D.N.J. June 29, 2023) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re Bon Ton Stores, Inc.*, No. 18-10248 (Bankr. D. Del. Aug. 30, 2018) (same); *In re Magnum Hunter Resources Corporation*, No. 15-12533 (Bankr. D. Del. Feb. 26, 2016) (same); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (Bankr. D. Neb. Jan. 17, 2019) (same); *In re Eastman Kodak Co.*, No. 12-10202 (Bankr. S.D.N.Y. Jan. 8, 2013) (same).

## IV.    Abandonment by the Debtors of Personal Property is Proper Under Section 554(a).

23.     With respect to the Debtors' request for authority to abandon property, the standard set forth in section 554(a) of the Bankruptcy Code is satisfied.  Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, a bankruptcy court must find that either:  (i) the property is

burdensome to the estate or (ii) the property is both of inconsequential value and inconsequential benefit to the estate. *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *In re Boogaard*, 89 B.R. 397, 397 (Bankr. D. Del. 1988); *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).    The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of fixtures, furniture, and other office equipment, signage, or trade fixtures that is (a) of minimal or no material value or benefit to the Debtors' estates, (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale, and/or (c) the costs of removal or storage would be disproportionately burdensome.

24.    Accordingly, the Court should authorize, but not direct, the Debtors to remove or abandon certain of the Debtors' personal property, including, without limitation, equipment, fixtures, furniture, signage, trade fixtures and other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

**V.    The Contract Procedures Satisfy Due Process.**

25.    The counterparties to the Contracts will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, assume as amended, or assume (including as amended) and assign their respective Contract as of the effective date of such assumption or rejection. *See, e.g.*, *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to

contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).  Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will vacate the premises before or promptly after serving the Rejection Notice, thereby allowing the counterparties to take possession of and relet the property promptly.  *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding that bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44–46 (D.N.J. Aug. 31, 2000) (holding that bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores*, *Inc.* 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys and vacated premises and served motion to reject lease as soon as possible).

26.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that:  "[i]n a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."  Fed. R. Bankr. P. 9014(a).

The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

27.    Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

 i. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

 ii. list parties alphabetically and identify the corresponding contract or lease;

 iii. specify the terms, including the curing of defaults, for each requested assumption or assignment;

 iv. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

 v. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

 vi. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

28.    The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts while conserving estate resources.

Counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

29.     The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof.  Further, given the substantial number of Contracts the Debtors will be seeking to assume or reject, obtaining Court approval of each assumption or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption.

30.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

31.     As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms thereof.

32.     In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on this Court's docket while protecting parties in interest by providing notice and the opportunity to object and obtain a hearing.  Moreover, the Debtors have determined that the Contract Procedures are appropriate means to protect and maximize the value of the Debtors' estates.  The Contract Procedures are in the best interest of the Debtors and their estates and should therefore be approved.

**Request of Waiver of Stay**

33.      To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  Furthermore, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied.  The Debtors also seek to waive the fourteen-day stay required of any assignment of Contract under Bankruptcy Rule 6006(d).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

**Waiver of Memorandum of Law**

34.      The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

35.      Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365

of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection

of any lien on, security interest in, or other encumbrance on property of the Debtors' estates;

(g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of

action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval,

assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under

section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual,

common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this

Motion are valid, and the rights of all parties in interest are expressly reserved to contest the

extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of

any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under

section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired

lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's

order is not intended and should not be construed as an admission as to the validity, priority, or

amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such

claim.

### No Prior Request

36.     No prior request for the relief sought in this Motion has been made to this or any

other court.

### Notice

37.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty largest unsecured claims against the Debtors (on a consolidated basis);

(c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.   In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:     (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:     (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:     (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Proposed Co-Counsel for Debtors and* | *Proposed Co-Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming executory contracts and unexpired leases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No.: | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

2.      The following Rejection Procedures are approved in connection with rejecting Contracts:

a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty" and, collectively, the "Rejection Counterparties"); (iv) the proposed effective date of rejection for each such Contract(s) (each, the "Rejection Date"); (v) if any such Contract is a lease, the personal property to be abandoned by Debtors (the "Abandoned Property"), if any, and a reasonable description of abandoned property; (vi) with respect to real property, any known third party having a secured interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100, and the Rejection Counterparties shall be listed in alphabetical order.  Further, the Rejection Notice shall include the proposed form of Order (the "Rejection Order") approving the rejection of the Contracts.  No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.    ***Service of the Rejection Notice***.  No later than three (3) business days after filing a Rejection Notice, the Debtors will cause such Rejection Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s):  (i) by overnight service and electronic mail upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known, with email service upon such counsel being sufficient) and all known parties who may have any interest in any applicable Abandoned Property; and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn:  Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (B) any statutory committee appointed in these chapter 11 cases; (C) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (D) the agents under the

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

Debtors' prepetition secured facilities and counsel thereto; (E) Davis Polk & Wardwell, LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (F) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (G) Cooley LLP, as counsel to Cupar Grimmond, LLC; (H) the United States Attorney's Office for the District of New Jersey; (I) the Internal Revenue Service; (J) the U.S. Securities and Exchange Commission; (K) the office of the attorney general for each of the states in which the Debtors operate; and (L) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[1] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and served on the following Objection Service Parties so that such objection is ***actually received*** no later than ten (10) days after the date the relevant Rejection Notice is sent by overnight service and electronic mail (the "Rejection Objection Deadline"):

(i) the Debtors, WeWork Inc. c/o Epiq Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Connor Casas (connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to any Committee appointed in these chapter 11 cases; (v) counsel to the Ad Hoc Group, (A) Davis Polk

---

[1]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

& Wardwell, LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com) and (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 355 S. Cooley LLP, 1333 2nd Street, Suite 400, Santa Monica, AA 90401, Attn: Tom Hopkins (thopkins@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), Logan Tiari (ltiari@cooley.com), Michael A. Klein (mklein@cooley.com).

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection.  Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (B) notifying such affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the property has been surrendered, all WeWork-issued key cards have been deactivated unless otherwise agreed with the landlord, and the landlord may rekey the leased premises; *provided*, *further*, that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of (i) the applicable Rejection Date set forth in the Rejection Notice, (ii) such other date to which the Debtors and the applicable Rejection Counterparty agree, or (iii) as ordered by the Court.

f. ***Consent Orders***. Any Objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g. ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the applicable Rejection Date but shall provide any affected Rejection Counterparty and Service Parties of removal of any Contract from the Rejection Notice as soon as reasonably practicable after such removal.

h. ***No Application of Security Deposits***. To the extent applicable, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off, recoup, draw on, apply, or otherwise use such security deposit or other arrangement without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i. ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract. The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all of Debtor's personal property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property, unless otherwise specified by the Debtors (and other than any leased property not owned by the Debtors), shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Company, including any right to reproduce, modify, or create derivatives, shall be conferred to any Landlord as a result of such abandonment, and Landlord shall have no right to the continued use of such intellectual property at the premises subject to the rejected Lease.

j.    ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) if no objection is timely filed, the Rejection Objection Deadline, and (B) if an objection is timely filed, the date that all such filed objections have either been overruled or withdrawn. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.    The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.    ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each, an "Assumption Counterparty"); (iii) the Debtor or Debtors to such Contract; (iv) the identity of any proposed assignee of such Contracts (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business, either by mutual agreement by the parties or otherwise; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100. Further, the Assumption Notice shall include the proposed form of order (the "Assumption Order").

(Page | 9)

| Debtors: | WeWork Inc., *et al*. |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

    b.    ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than three (3) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[2]

    c.    ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[3] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) days after the date the relevant Assumption Notice is sent by overnight service and electronic mail and promptly serve such objection on the Objection Service Parties.

    d.    ***No Objection***. If no objection to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection. Each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

    e.    ***Unresolved Timely Objections***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service

---

[2]   The Debtors shall serve (email being sufficient) a counterparty to a Contract to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[3]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

Parties. Such Contract will only be assumed upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or if resolution is not reached and/or the objection is overruled or withdrawn, such Contract shall be assumed as of (i) the Assumption Date set forth in the Assumption Notice, (ii) such other date to which the Debtors and the counterparty to such Contract have agreed, or (iii) as ordered by the Court.

  f.  ***Consent Orders***. Any Objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

  g.  ***Removal from Schedule***. The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

  4.  With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) in connection with the assignment by the Debtor to the Assignee); and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

Assignee with all rights, titles, and interests to the applicable Contracts.[4] For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

6.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

7.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

---

[4]  Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract. The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

8.     The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

9.     Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code (other than those contemplated to be assumed by this Order); (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

11.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

14.     The fourteen-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

15.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Proposed Rejection Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF REJECTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2023 the United States Bankruptcy

Court for the District of New Jersey (the "Court") entered an order on the motion

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

(the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "Procedures Order") attached hereto as **Schedule 1**.

  **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

  **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases no later than seven (7) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (i) the Debtors, WeWork Inc. c/o Epiq Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Connor Casas (connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota,

---

[2] Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R.

Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck (rjareck@coleschotz.com); (iii)

Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100,

Newark, New Jersey 07102, Attn:  Fran Steele, (Fran.B.Steele@usdoj.gov), Peter D'Auria

(Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to any

Committee appointed in these chapter 11 cases; (v) counsel to the Ad Hoc Group, (A) Davis

Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York 10017, Attn:  Eli J.

Vonnegut,        Esq.        (eli.vonnegut@davispolk.com),        Natasha        Tsiouris,        Esq.

(natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com),

and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn:

Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Gary T. Holtzer

(gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel

(kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (B) Wollmuth

Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo

(pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F.

Pacelli (jpacelli@wmd-law.com); (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 355 S.

Cooley LLP, 1333 2nd Street, Suite 400, Santa Monica, CA 90401, Attn:  Tom Hopkins

(thopkins@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), Logan Tiari

(ltiari@cooley.com), Michael A. Klein (mklein@cooley.com).  Only those responses that are

timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

rejection of each Contract shall become effective on the applicable Rejection Date set forth in

**Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to such

Contract agree.[3]

 **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a

hearing to consider the objection for the Contract or Contracts to which such objection relates

and shall provide at least five (5) days' notice of such hearing to the applicable Rejection

Counterparty and the other Objection Service Parties.  If such objection is overruled or

withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set

forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or

counterparties to any such Contract agree.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures

Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or

other arrangement, the Contract counterparty may not set off, recoup, draw on, apply, or

otherwise use such security deposit or other arrangement, without further order of the Court,

unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

 **PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal

property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be

deemed abandoned as of the Rejection Date.

 **PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with

respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

bar date established in these chapter 11 cases, if any, and (b) the later of (i) the Rejection

Objection Deadline, if no objection is filed and (ii) the date that all such filed objections have

either been overruled or withdrawn.   IF YOU FAIL TO TIMELY SUBMIT A PROOF OF

CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU

WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING

SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES,

(2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE

CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY

DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH

CLAIM.

Dated: [_____], 2023

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| Email:        msirota@coleschotz.com | Telephone:      (212) 446-4800 |
|               wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
|               fyudkin@coleschotz.com | Email:        edward.sassower@kirkland.com |
|               rjareck@coleschotz.com |               joshua.sussberg@kirkland.com |
| |               steven.serajeddini@kirkland.com |
| |               ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## **Schedule 1**

**Procedures Order**

**Schedule 2**

**Rejected Contracts**

| Rejection Counterparty | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|
| | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 2**

**Proposed Assumption Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND
THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND
READ THE CONTENTS OF THIS NOTICE CAREFULLY.

     **PLEASE TAKE NOTICE** that on [_____], 2023 the United States Bankruptcy

Court for the District of New Jersey (the "Court") entered an order entered an order on the

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
   proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s
   principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address
   in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd.
   Beaverton, OR 97005.

motion (the "<u>Motion</u>") [2] of debtors and debtors in possession (the "<u>Debtors</u>"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "<u>Procedures Order</u>") attached hereto as **<u>Schedule 1</u>**.

 **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "<u>Assumption Notice</u>"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **<u>Schedule 2</u>** attached hereto is hereby assumed (including as amended) or assumed (including as amended) and assigned, as applicable, effective as of the date (the "<u>Assumption Date</u>") set forth in **<u>Schedule 2</u>**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

 **PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

 **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11

---

[2] Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

[3] To the extent the Debtors seek to assume and assign a lease of nonresidential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice.

[4] The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

cases no later than seven (7) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties:  (i) the Debtors, WeWork Inc. c/o Epiq Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn:  Connor Casas (connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele, (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to any Committee appointed in these chapter 11 cases; (v) counsel to the Ad Hoc Group, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel

4

(kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (B) Wollmuth

Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo

(pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F.

Pacelli (jpacelli@wmd-law.com); (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 355 S.

Cooley LLP, 1333 2nd Street, Suite 400, Santa Monica, CA 90401, Attn:  Tom Hopkins

(thopkins@cooley.com), Cullen D. Speckhart (cspeckhart@cooley.com), Logan Tiari

(ltiari@cooley.com), Michael A. Klein (mklein@cooley.com).  Only those responses that are

timely filed, served, and received will be considered at any hearing.

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the

assumption of each Contract shall become effective on the applicable Assumption Date set forth

in **Schedule 2** attached hereto, or such other date as the Debtors and the counterparty or

counterparties to such Contract agree.[5]

      **PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the

Contract is set forth in **Schedule 2** attached hereto.  If a written objection to the proposed cure

amount is not timely filed, then the cure amount shall be binding on all parties and no amount in

excess thereof shall be paid for cure purposes.

      **PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any

Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a

hearing to consider the objection for the Contract or Contracts to which such objection relates

and shall provide at least five (5) days' notice of such hearing to the applicable Assumption

---

[5]   An objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice shall
not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice.
Any objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice
must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption
is not timely or properly objected to, such assumption will be effective in accordance with this Assumption
Notice and the Procedures Order.

Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed as of the Assumption Date set forth in **Schedule 2** attached hereto or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

[*Remainder of page intentionally left blank*]

Dated: [_____], 2023

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
Email:          msirota@coleschotz.com
                wusatine@coleschotz.com
                fyudkin@coleschotz.com
                rjareck@coleschotz.com


*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          edward.sassower@kirkland.com
                joshua.sussberg@kirkland.com
                steven.serajeddini@kirkland.com
                ciara.foster@kirkland.com


*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## Schedule 1

**Procedures Order**

**Schedule 2**

**Assumed Contracts**

| Contract to be Assumed | Assumption Counterparty | Description of Contract[1] | Amendments to Contract | Cure Amount | Assumption Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.