**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>                   Debtors.[1] | Chapter 11<br><br>Case No.    23-19865 (JKS)<br><br>(Joint Administration Requested)<br><br>**HEARING DATE AND TIME:**<br>**November 28, 2023, 10:00 a.m., prevailing Eastern Time**<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED**
**LEASES AND (B) ABANDONMENT OF ANY PERSONAL, EFFECTIVE**
**AS OF THE REJECTION DATE AND (II) GRANTING RELATED RELIEF**

       **PLEASE TAKE NOTICE** that, subject to Court availability, on November 28, 2023, at

10:00 a.m., prevailing Eastern Time, the above-captioned debtors and debtors in possession

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017, and the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

(the "Debtors"), by and through their undersigned proposed counsel, shall move (the "Motion")

before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the

United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"),

50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form

submitted herewith, (a) authorizing the Debtors to (i) reject certain unexpired leases, including any

amendments, modifications, or supplements thereto, and (ii) abandon certain equipment, fixtures,

furniture, or other personal property that may be located at the premises, each as effective as of

the Rejection Date; and (b) granting related relief.

      **PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall

rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which

the relief requested should be granted.  A proposed Order granting the relief requested in the

Motion is also submitted herewith.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in

the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be

filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice

before the Bankruptcy Court in accordance with the *General Order Regarding Electronic Means*

*for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order")

and the *Commentary Supplementing Administrative Procedures* dated as of March 2004

(the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the

official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the General Order and

the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing

date set forth above.

       **PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter

11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring,

LLC at https://dm.epiq11.com/WeWork.  You may also obtain copies of any pleadings by visiting

the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees

set forth therein.

       **PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly

filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR

9013-3(d), and the relief requested may be granted without further notice or hearing.

[<em>Remainder of page intentionally left blank</em>]

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:     (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:     (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:     (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and Debtors in Possession*

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' OMNIBUS MOTION SEEKING ENTRY**
**OF AN ORDER (I) AUTHORIZING (A) THE REJECTION**
**OF CERTAIN UNEXPIRED LEASES AND (B) THE ABANDONMENT**
**OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE**
**AS OF THE REJECTION DATE; AND (II) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion (the "<u>Motion</u>"):[2]

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at <u>https://dm.epiq11.com/WeWork</u>.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

## **Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (i) authorizing (a) the rejection of certain unexpired leases, including

any amendments, modifications, or supplements thereto (each, a "Lease," and collectively,

the "Leases") for nonresidential real property located at the premises (as applicable,

the "Premises") set forth on Schedule 1[3] to **Exhibit A** attached hereto and (b) the abandonment

of certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that

may be located at the Premises, each effective as of the later of (x) the rejection date listed on

Schedule 1 to the Order and (y) the date the Debtors have surrendered the premises as set forth

herein; and (ii) granting related relief.

## **Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order*

*of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering

a final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

[3]     The Debtors reserve the right to amend Schedule 1 to the Order by removing certain leases from such exhibit prior to the hearing on this Motion.

4.      The bases for the relief requested herein are sections 105(a), 365(a), and 554 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance.  WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

3

**Leases to Be Rejected**

7.      As discussed in the First Day Declaration, the Debtors have worked tirelessly to build stakeholder consensus around a value-maximizing restructuring of the Company.   The Debtors' efforts on this front yielded an agreement in principle on the terms of that restructuring among the Company and certain of its key creditor constituencies, as reflected in the Restructuring Support Agreement, which is attached as Exhibit B to the First Day Declaration. A key component of the Company's go-forward business plan is the continuation and completion of the Debtors' ongoing effort to rationalize their lease portfolio.   This effort entails, among other things, the closure of certain underperforming locations following a comprehensive cost-benefit analysis.

8.      With the assistance of Hilco Real Estate, LLC ("Hilco"), the Company's real estate advisor, the Company's lease rationalization process has accelerated in recent months in connection with the Company's broader restructuring efforts.   As of the Petition Date, Hilco is in active negotiations with over 400 landlords in an effort to consummate lease amendment agreements to help maximize the value of the Debtors' go-forward business.   Hilco has also aided in the Debtors' review and identification of Leases that are likely to continue to drive losses for the Debtors and should be rejected.

9.      The Debtors' meticulous, well-considered Lease rejection plan is centered on value maximization.   First, the Debtors, with the assistance of their advisors, conducted a comprehensive analysis of the Debtors' lease portfolio, financial performance, and market geography to identify locations that provided limited or no benefit to the Debtors.   Once identified, the Debtors determined the best strategy to maximize value following exit of the applicable premises, including by transferring members at the loss-making premises to nearby

higher performing locations and exploring options to allow certain members to negotiate new leases with landlords of the rejected Leases.

10.    By this Motion, the Debtors seek to reject the Leases set forth in Schedule 1, to be effective as of the later of (i) the "Rejection Date" identified in Schedule 1 or (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing (email being sufficient), of the Debtors' surrender of the premises and (a) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the property has been surrendered, all WeWork-issued key cards have been deactivated unless otherwise agreed with the landlord, and the landlord may rekey the leased premises (the later of (i) and (ii), the "Rejection Date").  The Debtors may modify the Rejection Date set forth in Schedule 1, and intend to do so, subject to the Court's entry of the Order, upon seven (7)-days' notice to affected landlords.  For the avoidance of doubt, the Debtors may agree with an affected landlord, through written confirmation (which may be by email through counsel), to an alternative Rejection Date earlier than the rejection date set forth in Schedule 1 to the order.

11.    The Debtors' lease portfolio has been, and continues to be, a significant contributing factor to their current financial challenges.  The rejection of the Leases is critical for the Debtors to administer their estates efficiently during the pendency of these chapter 11 cases. As of the Rejection Date, the Debtors will have vacated most of the Leases sought to be rejected by this Motion.[4]  Therefore, absent rejection, the Debtors may be obligated to pay rent under the Leases even though they will have ceased operations at, and will no longer be in possession of,

---

[4]    In some circumstances, the Debtors have allowed for certain members to negotiate new arrangements with landlords of the rejected Leases so that the member may stay on the affected premises.  The Debtors are not party to such new arrangements.

such locations.  Moreover, in addition to their obligations to pay rent under the Leases, the

Debtors may be obligated to pay certain real property taxes, utilities, insurance, and other related

charges associated with the Leases.  As such, the Debtors have determined, as a sound exercise

of their business judgment, that the cost of the Leases exceeds any marginal benefit that could

potentially be achieved through assignments or subleases.

12.    Accordingly, in an effort to reduce unnecessary postpetition rent and

administrative costs, the Debtors have determined that it is in the best interests of their estates to

reject the Leases set forth on Schedule 1, effective as of the Rejection Date.

### **Personal Property to Be Abandoned**

13.    To the extent that any Personal Property is located at the Premises, the Debtors

will evaluate such remaining Personal Property at the Premises to determine whether such

Personal Property is (a) of minimal or no material value or benefit to the Debtors' estates,

(b) burdensome insofar as the costs and expenses of removal and storage of such property are

likely to exceed the net proceeds realizable from their sale, and/or (c) the costs of removal or

storage would be disproportionately burdensome.  Because the Debtors plan to shut down all

operations at the Premises, the Personal Property, if any, will no longer be necessary for the

administration of the Debtors' estates.  For the avoidance of doubt, the Debtors seek to abandon

such Personal Property remaining in the Leases as of the Rejection Date, as set forth on

Schedule 1, pursuant to section 554 of the Bankruptcy Code.

14.    Accordingly, to reduce postpetition administrative costs and, in the exercise of the

Debtors' sound business judgment, the Debtors believe that the abandonment of Personal

Property that may be located at each of the Premises, if any, is appropriate and in the best

interests of the Debtors, their estates, and their creditors.

6

## Basis for Relief

**I.      Rejection of the Leases Reflects the Debtors' Sound Business Judgment.**

15.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession,
"subject to the court's approval, may . . . reject any executory contract or unexpired lease of the
debtor."  The decision to assume or reject an executory contract or unexpired lease is a matter
within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco &
Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an
executory contract is simply whether rejection would benefit the estate, the 'business judgment'
test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead
Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).  Application of the business judgment
standard requires a court to approve a debtor's business decision unless the decision is the
product of bad faith, whim, or caprice.  *See, e.g.*, *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507,
511–12 (Bankr. D. Del. 2003).  Further, "[t]his provision allows a trustee to relieve the
bankruptcy estate of burdensome agreements which have not been completely performed."
*Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996)
(citation omitted).

16.      Rejection of a contract or unexpired lease is appropriate where such rejection
would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon
Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).  Upon finding that a debtor has exercised its
sound business judgment in determining that rejection of certain contracts or leases is in the best
interests of its creditors and all parties in interest, a court should approve the rejection under
section 365(a).  *See Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658
(2019) (stating that the bankruptcy court will generally approve a debtor's choice to assume or
reject an executory contract under the deferential "business judgement rule"); *In re Nickels*

7

*Midway Pier, LLC*, 332 B.R. 262, 271 (Bankr. D.N.J. 2005), *aff'd in part, rev'd in part and remanded*, 341 B.R. 486 (D.N.J. 2006), *aff'd*, 255 F. App'x 633 (3d Cir. 2007) (stating that a bankruptcy court should defer to a debtor's decision to reject a contract unless it is so unreasonable that the decision could only be based on bad faith or whim); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 183 (Bankr. D.N.J. 2002) (stating that to satisfy the "business judgement test" for rejecting executory contracts and unexpired leases, the debtor must establish that the rejection will benefit the estate).

## II.    Rejection of the Leases is in the Best Interest of the Debtors' Estates.

17.    After evaluation and analysis, the Debtors, with the assistance of their advisors, have determined that the rejected Leases will continue to operate at a loss in the Debtors' lease portfolio, regardless of the Debtors' efforts to retain and market the Leases, ultimately frustrating the Debtors' efforts to maintain profitable operations at the premises.  Therefore, the Leases are otherwise a burden to the Debtors' estates and cannot be efficiently administered by the Debtors' estates during the pendency of these chapter 11 cases.

18.    The Debtors seek to reject the Leases, pursuant to section 365(a) of the Bankruptcy Code, to avoid the incurrence of any additional unnecessary expenses related to the Leases and operating the associated premises.  The Debtors have concluded that the cost of maintaining the Leases outweighs any revenues that such locations or premises currently generate or that they are likely to generate in the near future.  Absent rejection, the Debtors believe that the Leases will continue to burden the Debtors' estates with substantial administrative expenses at a critical time when the Debtors are making concerted efforts to maximize liquidity and preserve the Debtors' estates.  Rejecting the Leases will help ease the Debtors' cash burn and increase the Debtors' liquidity.

19.     For all of the foregoing reasons, the Debtors have decided, in the sound exercise of their business judgment, to reject the Leases.  Accordingly, the Debtors respectfully request that the Bankruptcy Court authorize the rejection of the Leases pursuant to section 365(a) of the Bankruptcy Code.

**III.    Abandonment of Any Personal Property Is Authorized by Section 554(a) of the Bankruptcy Code.**

20.     The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See In re Contract Research Solutions, Inc.*, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("In abandoning property under § 554, the debtor 'need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon.'"), citing *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).  The right to abandon property is virtually unfettered, unless: (a) abandonment of the property will contravene laws designed to protect public health and safety; or (b) the property poses an imminent threat to the public's welfare.  *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations are relevant under the instant facts.

21.     Before deciding to abandon the Personal Property, if any, the Debtors have determined or will determine whether the costs of removing, transporting, and storing such Personal Property outweigh any benefit to the Debtors' estates.  Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Leases giving rise to additional incurrence of

9

administrative rent and other lease obligations.  Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to abandon Personal Property located on the Premises.

## IV.    Rejection of the Leases Effective as of the Rejection Date Is Appropriate.

22.    Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.)*, No. 03-6419, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").  In considering whether to approve retroactive rejection, courts examine a number of factors, and generally

approve retroactive rejection where it promotes the purposes of section 365(a) of the Bankruptcy Code.  *See In re Chi-Chi's, Inc.*, 305 B.R. at 399 ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a). . . . only after balancing the equities in a particular case, should the court approve a retroactive rejection of nonresidential lease.").

23.     The balance of equities favors rejection of the Leases effective as of the Rejection Date.  Without such relief, the Debtors will incur unnecessary administrative expenses related to such Leases—agreements that do not provide a net benefit to the Debtors' estates in light of the rent and related charges the Debtors are obligated to pay thereunder without corresponding and commensurate benefits to the estates.  *See* 11 U.S.C. § 365(d)(3).  The landlords of the Leases will not be unduly prejudiced if the rejection is deemed effective as of the Rejection Date. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the landlords of the Leases, thereby allowing such party sufficient opportunity to respond accordingly.  Possession of the Premises will be promptly delivered to the landlords, along with an unequivocal and irrevocable statement of surrender and abandonment of the Premises.  The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases as soon as they determined that the rejection of the Leases was in the best interests of their estates and do not seek to reject the Lease effective as of the Rejection Date due to any undue delay on their own part.

24.     Courts in this and other jurisdictions have approved relief similar to that requested herein.  *See, e.g.*, *In re Cyxtera Techs., Inc.,* No. 23-14853 9JKS) (Bankr. D.N.J. July 20, 2023) (authorizing rejection of unexpired leases effective as of a specified prior date); *In re L'Occitane, Inc.,* No. 21-10632 (MBK) (Bankr. D.N.J. Jan. 28, 2021) (same); *In re SLT Holdco, Inc.,* No. 20-

18368 (MBK) (Bankr. D.N.J. July 10, 2020) (same); *In re Modell's Sporting Goods, Inc.,* No. 20-12179 (VFP) (Bankr. D.N.J. Mar. 13, 2020) (same); *In re Alex & Ani, LLC,* No. 21-10918 (CTG) (Bankr. D. Del. July 16, 2021) (authorizing rejection of unexpired leases effective as of the petition date); *In re RGN Grp. Holdings, LLC*, No. 20-11961 (BLS) (Bankr. D. Del. Feb. 11, 2021) (authorizing rejection of unexpired leases effective as of a specified prior date); *In re Town Sports Int'l., LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Nov. 24, 2020) (authorizing rejection of unexpired leases effective as of the petition date).[5]

25.     Accordingly, the Debtors respectfully submit that the Court should deem the Leases rejected effective as of the Rejection Date.

### Reservation of Rights

26.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates;

---

[5]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

(g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Waiver of Memorandum of Law

27.     The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

28.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

29.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest    unsecured    claims    against    the    Debtors    (on    a    consolidated    basis);

(c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'
prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for
each of the states in which the Debtors operate; (h) the United States Attorney's Office for the
District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue
Service; (k) the landlords of the Leases listed on Schedule 1 to **Exhibit A**; (l) the Customer
Counterparties; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.
In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:     (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:     (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:     (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING (A) THE REJECTION OF
CERTAIN UNEXPIRED LEASES AND (B) THE ABANDONMENT
OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE
AS OF THE REJECTION DATE; AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, if Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief |

Upon the *Debtors' Omnibus Motion Seeking Entry of an Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, If Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (i) authorizing (a) the rejection of the Leases at the Premises set forth on **Schedule 1** attached hereto and (b) the abandonment of the Personal Property that may be located at each of the Premises, if any, each effective as of the Rejection Date; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning given to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, if Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief |

had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS**

**HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

2.      Each of the Leases set forth on <u>Schedule 1</u> attached hereto is rejected effective as

of the later of (i) the "Rejection Date" identified in <u>Schedule 1</u> or (ii) the date the Debtors

relinquish control of the premises by notifying the affected landlord in writing (email being

sufficient), of the Debtors' surrender of the premises and (a) turning over keys issued by the

landlord, key codes, and/or security codes, if any, to the affected landlord or (b) notifying such

affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the

property has been surrendered, all WeWork-issued key cards have been deactivated, unless

otherwise agreed to by landlord, and the landlord may rekey the leased premises (the later of (i)

and (ii), the "<u>Rejection Date</u>").

3.      The Debtors shall not be liable for any additional administrative expenses arising

after the Rejection Date with respect to the Leases.

4.      The Debtors are authorized, but not directed, to abandon any Personal Property

located at the Premises and all such property is deemed abandoned as of the Rejection Date.  The

applicable counterparty to each Lease may utilize or dispose of such Personal Property without

liability to any third parties, and without further notice to any party claiming an interest in such

abandoned Personal Property.  The automatic stay, to the extent applicable, is modified to allow

for such utilization or disposition.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, if Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief |

5.      The Debtors may agree with an affected landlord, through written confirmation (which may be by email through counsel), to an alternative Rejection Date earlier than the date set forth in Schedule 1.

6.      The Debtors do not waive any claims that they may have against any counterparty to the Leases, whether such claims arise under, are related to the rejection of, or are independent of the Leases.

7.      Nothing herein shall prejudice the rights of the Debtors to argue that any of the Leases were terminated prior to the Petition Date, or that any claim for damages arising from the rejection of the Leases is limited to the remedies available under any applicable termination provision of such lease, sublease, or contract, as applicable, or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

8.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, if Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief |

to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

9.      Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made pursuant to the authority granted in this Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing (A) the Rejection of Certain Unexpired Leases and (B) the Abandonment of Certain Personal Property, if Any, Each Effective as of the Rejection Date; and (II) Granting Related Relief |

substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Order, the terms of the Cash Collateral Orders shall control.

10.     Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

**Rejected Leases**

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 1 | Terminated Lease with Signed Termination Agreement | 3000 S Robertson Blvd Los Angeles, CA 90034 | 3000 S Robertson Property Owner LLC | 4 Park Plaza, Suite 400, Irvine, CA, 92614 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 2 | Unexpired Lease | 1 Little W 12th St New York, NY 10014 | 2 Ninth Avenue Partners LLC | 177 Christopher Street, New York, NY, 10014 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 3 | Unexpired Lease | 1 Union Square West New York, NY 10003 | Union Square Associates, LLC | One Union Square West, New York, NY, 10003 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 4 | Unexpired Lease | 10 East 38th Street New York, NY 10016 | 10 East 38th Street Company, L.L.C. | 34-09 Queens Boulevard, Long Island City, NY, 11101 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 5 | Unexpired Lease | 10 East 40th Street New York, NY 10016 | Ronbet 40th Street LLC | 9 East 40th Street, 8th Floor, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 6 | Unexpired Lease | 100 Summer Street WeWork FL 2400 Boston, MA 02110 | 100 Summer Owner LLC | 500 Boylston St, 21st Floor, Suite 2100, Boston, MA, 02116 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 7 | Unexpired Lease | 101 North 1st Avenue Suite 800 Phoenix, AZ 85003 | 101 North First Ave LLC | 222 SW Columbia Street, Suite 700, Portland, OR, 97201 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 8 | Unexpired Lease | 1045 Howe Street Vancouver, BC V6Z 2A9 | Grandland Management Ltd. and 1045 Howe Street Holdings Ltd. | 206-1168 Hamilton Street, Vancouver, British Columbia, V6B 2S2 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 9 | Unexpired Lease | 1090 West Pender Street Vancouver, BC V6E 2N7 | West Pender II LP and Optrust West Pender Inc. and 1090 Pender Properties Ltd. | 1055 Dunsmuir Street, PO Box 49001, Suite 1800, Four Bentall Centre, Vancouver, British Columbia, V7X 1B1 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 10 | Unexpired Lease | 1156 6th Avenue New York, NY 10036 | 1156 APF LLC | 28 West 44th Street, 7th Floor, New York, NY, 10036 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 11 | Unexpired Lease | 125 S Clark Street, 17th floor Chicago, IL 60603 | CR-Chicago 125 South Clark Street, LLC | 1251 Avenue of the Americas, 27 th Floor, New York, NY, 10020 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 12 | Unexpired Lease | 130 Madison Avenue New York, NY 10016 | Walsam 130 MAD LLC | 419 Park Avenue South, 15th Floor, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 13 | Unexpired Lease | 1389 Peachtree Street NorthEast Atlanta, GA 30309 | 1389 Peachtree Street, LP | 1776 Peachtree street NW, Suite 200S, Atlanta, GA, 30309 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 14 | Unexpired Lease | 1453 3rd Street Promenade Santa Monica, CA 90401 | Promenade Gateway, L.P. | 9777 Wilshire Boulevard, Suite 815, Beverly Hills, CA, 90212 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 15 | Unexpired Lease | 1455 Market Street San Francisco, CA 94103 | Hudson 1455 Market Street, LLC | 11601 Wilshire Boulevard, Suite 900, Los Angeles, CA, 90025 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 16 | Unexpired Lease | 161 Avenue of the Americas New York, NY 10013 | Soho AOA Owner, LLC | 44 W. 28th Street, 6th Floor, New York, NY, 10001 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 17 | Unexpired Lease | 1619 Broadway 11th Floor New York, NY 10019 | 1619 Broadway Realty LLC | 60 Columbus Circle, 20th Floor, New York, NY, 10023 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 18 | Unexpired Lease | 171 East Liberty Street Toronto, ON M6K 0A2 | Liberty Market Building Two LP | 49 Jackes Avenue, Suite 200, Toronto, ON, M4T 1E2 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 19 | Unexpired Lease | 180 Geary Street San Francisco, CA 94108 | Geary-Stockton Realty, LLC | 150 East 58th Street, Penthouse, New York, NY, 10155 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 20 | Unexpired Lease | 1814 Franklin St Oakland, CA 94612 | 1814 Franklin Investors, LLC | 555 12th Street, Suite 650, Oakland, CA, 94607 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 21 | Unexpired Lease | 18191 Von Karman Avenue Irvine, CA 92612 | Lakeshore Land Lessee PT LLC | 2600 Michelson Drive, 17th Floor, Irvine, CA, 92612 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 22 | Unexpired Lease | 183 Madison Avenue New York, NY 10016 | 183 Madison Owner APF LP | 28 West 44th Street, Floor 7, New York, NY, 10036 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 23 | Unexpired Lease | 200 Broadway New York, NY 10038 | Westfield Fulton Center LLC | 185 GREENWICH STREET, Management Office Oculus Level C2, New York, NY, 10007 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 24 | Unexpired Lease | 205 Hudson St New York, NY 10013 | Trinity Hudson Holdings, LLC | 345 Hudson St, 12th Floor, New York, NY, 10014 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 25 | Unexpired Lease | 22 Cortlandt Street New York, NY 10007 | Mayore Estates LLC and 80 Lafayette Associates LLC | 100 Henry Street, Brooklyn, NY, 11201 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 26 | Unexpired Lease | 222 Kearny Street San Francisco, CA 94108 | GRE-F 222 Kearny Fee, LLC and GRE-F 222 Kearny Leasehold, LLC | 900 North Michigan Avenue, Suite 1450, Chicago, IL, 60611 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 27 | Unexpired Lease | 229 West 36th Street 4th floor New York, NY 10018 | West 36 TT, LLC | 9-20 35th Avenue, Suite 2L, Astoria, NY, 11106 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 28 | Unexpired Lease | 2420 17th St Denver, CO 80202 | 2420 17TH STREET LLC | 50 Hudson Yards, New York, NY, 10001 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 29 | Unexpired Lease | 25 Taylor St San Francisco, CA 94102 | War Horse Golden Gate LLC | 175 Varick Street, New York, NY, 10014 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 30 | Unexpired Lease | 255 Greenwich Street New York, NY 10007 | Resnick 255 Greenwich, LLC | 110 East 59th Street, 34th Floor, New York, NY, 10022 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 31 | Unexpired Lease | 261 Madison Ave New York, NY 10016 | 260-261 Madison Avenue LLC | 261 Madison Avenue, 27th Floor , New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 32 | Unexpired Lease | 28 West 44th Street New York, NY 10036 | APF 28 West 44 Owner LP | 28 West 44th Street, 7th Floor, New York, NY, 10036 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 33 | Unexpired Lease | 292 Adelaide Street West Toronto, ON M5V 1P6 | Lifetime Adelaide Street Inc. | 49 Jackes Avenue, Suite 200, Toronto, Ontario, M4T 1E2 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 34 | Unexpired Lease | 311 W 43rd St. New York, NY 10036 | DWF V 311 W 43rd, LLC | 301 Howard Street, Suite 2100, San Francisco, CA, 94105 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 35 | Unexpired Lease | 315 W 36th Street New York, NY 10017 | 36 LLC | 419 Park Avenue South, 15th Floor, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 36 | Unexpired Lease | 3340 Peachtree Rd #1010 Atlanta, GA 30326 | TPL Property Owner, L.P. | 3340 Peachtree Road NE, Suite 1660, Atlanta, GA, 30326 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 37 | Unexpired Lease | 3601 Walnut St Denver, CO 80205 | MCP HUB I PROPERTY, LLC | 425 Market Street, Suite 1050, San Francisco, CA, 94105 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 38 | Unexpired Lease | 38 West 21st Street New York, NY 10010 | Jack Vogel Associates | 36 East 12th Street, 7th floor, New York, NY, 10003 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 39 | Unexpired Lease | 40 Water Street Boston, MA 02109 | RFM-KTB CSQ Propco, LLC | 177 Milk Street, Boston, MA, 02109 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 40 | Unexpired Lease | 419 Park Avenue South New York, NY 10016 | Walber 419 Company LLC and 419 Park Avenue South Associates LLC | 419 Park Avenue South,15th Floor, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 41 | Unexpired Lease | 430 California Street San Francisco, CA 94104 | 400 California LLC | 430 California Street, Basement Level, San Francisco, CA, 94104 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 42 | Unexpired Lease | 437 5th Avenue New York, NY 10016 | Ronbet 437 LLC | 9 East 40th Street, 8th Floor, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 43 | Unexpired Lease | 437 Madison Avenue New York, NY 10022 | Madison Avenue Leasehold LLC | 767 Third Avenue, New York, NY, 10017 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 44 | Unexpired Lease | 44 Wall Street New York, NY 10005 | 44 Wall Street Holdings, LP | 3710 Rawlins St., Suite 1100, Dallas, TX 75219 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 45 | Unexpired Lease | 4635 Lougheed Highway Burnaby, BC V5C 3Z6 | Shape Brentwood Limited Partnership, Brentwood Towncentre Limited Partnership and 0862223 B.C. Ltd. | 2020 One Bentall Centre, 505 Burrard Street, Box 206, Vancouver, British Columbia, V7X 1M6 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 46 | Unexpired Lease | 483 Broadway New York, NY 10013 | C&A 483 Broadway LLC | 1407 Broadway, 41st Floor, New York, NY, 10018 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 47 | Unexpired Lease | 500 5th Avenue New York, NY 10110 | 500 Fifth Avenue (New York) LLC | 1290 Avenue of the Americas, New York, NY, 10104 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 48 | Unexpired Lease | 505 Park Avenue New York, NY 10011 | G.S. 505 Park, LLC | 505 Park Avenue, New York, NY, 10022 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 49 | Unexpired Lease | 511 West 25th Street New York, NY 10011 | AL 511 West 25th Street Owner, LLC | 142 West 57th Street, 18th Floor, New York, NY, 10019 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 50 | Unexpired Lease | 54 W 40th St New York, NY 10018 | 54 West 40th Realty LLC | 770 Lexington Avenue, 9th Floor, New York, NY, 10065 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 51 | Unexpired Lease | 57 East 11th Street New York, NY 10003 | Namor Realty Company L.L.C | 9 West 57th Street, 30th floor, New York, NY, 10019 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 52 | Unexpired Lease | 599 Broadway New York, NY 10011 | 599-6 LLC | 152 West 57th Street, New York, NY, 10019 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 53 | Unexpired Lease | 6 East 32nd Street New York, NY 10016 | 6E32 Fee Owners LLC | 30 West 26th Street, 8th floor, New York, NY, 10010 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 54 | Unexpired Lease | 7 West 18th Street New York, NY 10011 | West 18th Street Venture, LLC | 7501 Wisconsin Avenue, Suite 1300W, Bethesda, MD, 20814 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 55 | Unexpired Lease | 8 West 40th Street New York, NY 10018 | AB 40th Street LLC | 110 East 59th Street, 34th Floor, New York, NY, 10022 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 56 | Unexpired Lease | 800 Market Street San Francisco, CA 94102 | 800 Market Street, LLC | 425 Market Street, 23rd Floor, San Francisco, CA, 94105 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 57 | Unexpired Lease | 81 Prospect Street Brooklyn, NY 11201 | RFR/K 81 Prospect Owner LLC | 375 Park Avenue, 10th Floor, New York, NY, 10152 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 58 | Unexpired Lease | 8305 Sunset Boulevard Los Angeles, CA 90069 | Sunset Park Holdings, LLC | 1526 South Broadway, Los Angeles, CA, 90015 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 59 | Unexpired Lease | 8687 Melrose Ave Los Angeles, CA 90069 | Pacific Design Center 1, LLC | 750 Lexington Avenue, 28th Floor, New York, NY, 10022 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 60 | Unexpired Lease | 920 5th Ave Suite 1500 Seattle, WA 98104 | BXP Madison Centre I LLC and BXP Madison Centre II LLC | Four Embarcadero Center Lobby Level, Suite One, San Francisco, CA, 94111-5994 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 61 | Unexpired Lease | 980 6th Avenue New York, NY 10018 | VBG 990 AOA LLC | 292 Madison Avenue, 7th Floor, New York, NY, 10017 | 11/10/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 62 | Unexpired Lease | Manhattan Beach Towers, 1240 Rosecrans Ave Manhattan Beach, CA 90266 | Onni Manhattan Towers LP | 315 W. 9th Street, Suite 801, Los Angeles, CA, 90015 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |

**Project Realize**

Day 1 Rejection Exhibit

| No. | Title/Description of Lease | Property Address | Landlord / Counterparty | Landlord / Counterparty Address | Rejection Effective Date | Abandoned Personal Property |
|---|---|---|---|---|---|---|
| 63 | Unexpired Lease | One Metropolitan Square St. Louis, MO 63102 | 270B Metropolitan Square, LLC | 1125 Ocean Avenue, Lakewood, NJ, 08701 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 64 | Unexpired Lease | Suite 200 808 Wilshire Boulevard Santa Monica, CA 90401 | Douglas Emmett 2014, LLC | 1299 Ocean Avenue, Suite 1000, Santa Monica, CA, 90401 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 65 | Unexpired Lease *For the avoidance of doubt, Debtor occupies the 6th-9th floor Premises at 77 Sands pursuant to a separate lease agreement that is not being rejected as part of this motion* | 77 Sands St Brooklyn, NY 11201 | RFR/K 77 Sands Owner LLC | 375 Park Avenue, 10th Floor, New York, NY, 10152 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 66 | Unexpired License Agreement | 54 W 40th St New York, NY 10018 | Blue Bottle Coffee, Inc. | 300 Webster Street, Oakland, CA, 94607 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 67 | Unexpired Storage License | 311 W 43rd St. New York, NY 10036 | DWF V 311 W 43rd, LLC | 200 State Street, 12th Floor, Boston, MA, 02109 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 68 | Unexpired Sublease | 437 Madison Avenue New York, NY 10022 | Santander Holdings USA, Inc. | 2 Morrissey Boulevard, Dorchester, MA, 02125 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |
| 69 | Unexpired Sublease | 6 East 32nd Street New York, NY 10016 | Dataminr Inc. | 6 East 32nd Street, New York, NY, 10016 | 11/6/2023 | Miscellaneous Furniture, Fixtures and/or Equipment |