**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) APPROVING NOTIFICATION**
**AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF,**
**EXCHANGES FOR AND DECLARATIONS OF WORTHLESSNESS WITH**
**RESPECT TO COMMON STOCK, AND (II) GRANTING RELATED RELIEF**

TO: THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1. The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"): (a) approving certain notification and hearing procedures, substantially in the form of Exhibit 1 attached to the Interim Order (the "Procedures"), related to certain issuances or transfers of, or declarations of worthlessness with respect to, Debtor WeWork Inc.'s existing classes of common stock or any Beneficial Ownership[3] therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock"); (b) directing that any issuance, purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief. In addition, the Debtors request that

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

[3]    "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the Court schedule a final hearing twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

### Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105, 362, and 541 of title 11 of the United States Code (the "Bankruptcy Code") and rules 9013-1 and 9013-5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

5.     The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year

2022, WeWork's revenue was approximately $3.25 billion. The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.     On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## The Tax Attributes

7.     Companies generate various Tax Attributes (as defined below) through the course of their operations. For example, a company generates net operating losses ("NOLs") if the operating expenses it has incurred exceed the revenues it has earned during a single tax year. A company may apply, or "carry forward," NOLs to reduce future tax payments (subject to certain conditions discussed below). NOLs arising in taxable years beginning before January 1, 2018, may be used to offset up to 100 percent of taxable income for a taxable year and NOLs arising in taxable years beginning after December 31, 2017, may be used to offset up to 80 percent of taxable income for a taxable year. *See* Internal Revenue Code ("IRC") § 172. In addition, a company's deduction for net business interest expense is limited to 30 percent of its adjusted taxable income plus certain other amounts. *See* IRC § 163. Any business interest expense that exceeds the maximum permitted deduction is disallowed and is carried forward and treated as business interest expense in the following tax year ("163(j) Carryforwards"). *Id*. Companies can also generate a variety of other tax attributes, including general business credits, unused minimum tax credits,

4

foreign tax credits, and capital loss carryforwards (any such other tax attributes together with any

NOLs, "net unrealized built-in losses" (as described herein),[4] and 163(j) Carryforwards,

collectively the "Tax Attributes").

8.    Debtor The We Company Management Holdings L.P. is a Cayman Islands limited

partnership (the "We Company Partnership") that is treated as a partnership for U.S. federal

income tax purposes, and Debtor subsidiaries owned by the We Company Partnership generate

substantially all of the Debtors' revenue and incur substantially all of the Debtors' expenses.  Most

of the Debtors' U.S. Tax Attributes arose and will arise as a result of allocations of income, gain,

loss and deduction under applicable provisions of the IRC from the We Company Partnership as a

result of Debtor WeWork Inc.'s majority indirect equity ownership interest in the We Company

Partnership.

9.    The Debtors currently estimate that, as of December 31, 2022, they had

approximately $7.7 billion of U.S. federal NOLs, a capital loss carryover of approximately $126

million, approximately $716 million of 163(j) Carryforwards, "net unrealized built-in losses" and

certain other Tax Attributes.[5]  The Debtors may generate additional Tax Attributes in the 2023 and

2024 tax years, including during the pendency of these chapter 11 cases.  The Tax Attributes are

potentially of significant value to the Debtors and their estates because the Tax Attributes may

offset U.S. federal taxable income or U.S. federal tax liability in future years.  In addition, the

Debtors may utilize such Tax Attributes to offset any taxable income generated by transactions

---

[4]    The Debtors believe that they have a "net unrealized built-in loss" because they estimate that the aggregate
adjusted basis of all of their assets is greater than their fair market value, and, as described in more detail below,
Section 382 of the IRC limits a corporation's ability to utilize its asset basis for depreciation, amortization, and
depletion deductions after an "ownership change," or to offset any gain on sale of such assets, if the corporation
has a "net unrealized built-in loss" at the time of the "ownership change."

[5]    Amounts are estimates and are subject to change.  The Tax Attributes include certain amounts that are subject to
limitations on their utilization as a result of a prior "ownership change" under section 382 of the IRC and state
and local Tax Attributes of approximately $7.7 billion in the aggregate.

consummated during these chapter 11 cases.  Accordingly, the value of the Tax Attributes will inure to the benefit of the Debtors' stakeholders.

10.     A company's Tax Attributes can become subject to significant limitations under sections 382 and 383 of the IRC if an "ownership change" occurs.  The purpose of the relief requested herein is to minimize the risk that an "ownership change" occurs before the conclusion of these restructuring cases.

11.     Debtor WeWork Inc. has two classes of common stock:  (i) economic Class A common stock, which is publicly traded on the New York Stock Exchange ("Class A Common Stock");  and (ii) non-economic Class C common Stock, which is not publicly traded ("Class C Common Stock") and which shares, together with an equivalent number of units in the We Company Partnership (such units, "Partnership Units," and together with such shares of Class C Common Stock, the "Class C Common Equity"), can be tendered in redemption to the We Company Partnership in certain circumstances in exchange for shares of Class A Common Stock pursuant to the terms of the Amended and Restated Agreement of Exempted Limited Partnership of the We Company Partnership.[6]  As of the Petition Date, approximately 72.7 percent of the value of WeWork Inc.'s Class A Common Stock is held by entities affiliated with SoftBank Corporation ("SoftBank"), with the vast majority of the remainder held by various institutional investors.  A limited number of the Debtors' current and former employees hold equity interests as well.

12.     The relief requested herein is intended to preserve the value of the Tax Attributes, which constitute valuable assets of the Debtors' estates, for the benefit of the Debtors' stakeholders.  Conversely, a premature limitation of the Tax Attributes could cause substantial

---

[6]     Shares of Class C Common Stock are nontransferable, but may be tendered, together with an equivalent number of Partnership Units, for redemption in exchange for WeWork Inc. Class A Common Stock.  At the election of Debtor WeWork Inc., such Class C Common Stock (together with the paired Partnership Units) can also be exchanged for cash.

deterioration of value and significantly reduce recoveries to the Debtors' creditors. Failure to obtain the relief sought in this Motion could, therefore, greatly increase the risk that the Debtors would be unable to maximize the value of their estates.

## I.    An "Ownership Change" May Negatively Affect the Debtors' Utilization of the Tax Attributes.

13.    Sections 382 and 383 of the IRC limit the amount of U.S. federal taxable income and U.S. federal tax liability, respectively, that can be offset by a corporation's tax attributes in taxable years (or portions thereof) following an "ownership change." Generally, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more "5-percent shareholders"[7] has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the 3-year testing period ending on the date of the ownership change. *See* IRC §§ 382(g), 382(i). The total percentage point increase of stock owned by one or more "5-percent shareholders" within the measuring period is generally referred to as the amount of the "owner shift." In situations involving multiple classes of stock with different rights, the determination of whether a shareholder is a "5-percent shareholder" is made by reference to stock value (without regard to certain considerations such as control premiums or minority discounts, and with reference to certain mechanical tests). For example, an ownership change would occur in the following situation:

> An individual ("A") owns 50.1 percent of the stock of corporation XYZ. A sells her 50.1 percent interest to another individual ("B"), who owns 5 percent of XYZ's stock. Under section 382 of the IRC, an ownership change has occurred because B's interest in XYZ has increased more than 50 percentage points (from 5 percent to 55.1 percent) during the testing period. The same result would follow even if B owned no XYZ stock prior to the transaction with A because B both becomes a "5-

---

[7]    A "5-percent shareholder" is any person or entity (or group of people that is treated as a single entity under the applicable rules) with Beneficial Ownership of 5 percent or more of a corporation's stock at any time during the 3-year testing period ending on the date of the ownership change. IRC § 382(k)(7).

percent shareholder" and increases his ownership by more than 50 percentage points during the testing period.

14.     It is critical to understand that, under these rules, a company can be harmed as a result of actions by parties that are unknown to the company.  As noted above, if a person unknown to the company were to acquire more than 5 percent of the company's equity (determined in accordance with the rules set forth above), the company would experience an "owner shift" (or an increase in the magnitude of an "owner shift") that could lead to an "ownership change."  By the time the company could identify such unknown shareholder, such shareholder would have already purchased the shares and the harm to the Debtors' estates would be irreversibly done.  Accordingly, for the Procedures to be effective, the Procedures must bind unknown parties.

15.     As one particularly salient example, companies in certain instances may enact charter restrictions to protect their tax attributes.  Such charter restrictions may impose ***substantive*** limitations on sales and purchases of equity that are similar to the procedural limitations requested in this Motion.  Even when such charter restrictions are not put to a shareholder vote before being enacted, they always bind unknown parties (*i.e.*, persons that are not shareholders at the time the vote is taken) and do so via public information issued by the company in connection with the adoption of such charter restrictions.

16.     On April 7, 2023, WeWork entered into a Tax Asset Preservation Plan (the "NOL Rights Plan") in order to discourage the creation of new "5-percent shareholders" and therefore, reduce the likelihood of an "ownership change."[8]  However, the NOL Rights Plan can only deter additional acquisitions by "5-percent shareholders;" it cannot prevent them.  Further, the NOL Rights Plan only survives until April 4, 2024 (unless terminated earlier in accordance with the

---

[8]     The NOL Rights Plan was approved by the WeWork Inc. board of directors, but was not subject to a shareholder vote.

terms of the NOL Rights Plan) and does not apply to certain existing "5-percent shareholders" or their transferees.  As stated above, an "ownership change" occurs if the percentage (by value) of the stock of a corporation owned by one or more "5-percent shareholders" has increased by more than 50 percentage points over the lowest percentage of stock owned by such shareholders at any time during the 3-year testing period ending on the date of the ownership change.  *See* IRC §§ 382(g), 382(i).  As of the Petition Date, the Debtors' "owner shift" percentage is approximately 42.51 percent.  Thus, during the pendency of the chapter 11 cases, the NOL Rights Plan will do little to discourage a potential "owner shift" that would cause an "ownership change."

17.     It is true that the relief requested in this Motion is not being put to a shareholder vote—nor should it be, because the requested relief is intended to maximize the value of the Debtors' estates for the benefit of all stakeholders—but unlike charter restrictions, the relief requested in this Motion merely implements ***procedures*** that must be observed before relevant actions are taken.  To preserve to the fullest extent possible the Debtors' flexibility to craft a value maximizing chapter 11 plan that maximizes the use of their Tax Attributes, the Debtors seek the limited relief requested herein, which will enable them to closely monitor certain exchanges for and transfers of Common Stock so as to be in a position to act expeditiously to prevent such exchanges and transfers, if necessary, so as to preserve the Tax Attributes.

18.     An "ownership change" can also occur as a result of a "worthless stock deduction" claimed by any "50-percent shareholder."  IRC § 382(g)(4)(D).  A "50-percent shareholder" is any person or entity (or group of people that is treated as a single entity under the applicable rules) with Beneficial Ownership of 50 percent or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the worthless stock deduction is claimed.  *Id*.  If the "50-percent shareholder" still owns the corporation's stock at the

end of the taxable year, sections 382 and 383 of the IRC essentially treat such person or entity as newly purchasing the stock on the first day of the next taxable year. For example, if a person or entity that owns 50 percent of a corporation's stock claims a worthless stock deduction with respect to the 2022 tax year but does not sell such stock in 2022, that person is treated as: (a) not having owned the stock at the end of 2022; and (b) having purchased the stock on the first day of the 2023 tax year. Such deemed purchase would cause an ownership change because the "50-percent shareholder" would be deemed to have a 50-percentage-point increase in its stock ownership. Notably, while the seminal case of *Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines Inc.)*, 928 F.2d 565 (2d Cir. 1991) is generally relied upon to support equity trading motions in general, the specific issue in *Prudential Lines* was, in fact, a worthless stock deduction.

19.     In addition, an owner shift can also be caused by certain issuances of equity, even where the amount of equity issued is less than 5 percent of the company's equity. *See* IRC §382(g)(4)(A), Treasury Regulations § 1.382-2T(j). While there are certain exceptions to this rule, such exceptions may or may not apply to the Debtors based on the facts and circumstances. *See* Treasury Regulations § 1.382-3(j).[9] Absent an exception, these rules could

---

[9]     The "segregation rules" under section 382 of the IRC provide that certain transactions (including issuances of stock) can cause a "public group" of a loss corporation (i.e., a group of individuals, entities or other persons each of whom owns, directly or constructively, less than 5 percent of the loss corporation) to segregate into one or more separate "public groups." Treasury Regulations § 1.382-2T(j)(2). Under these rules, unless an exception applies, the issuance of stock by a loss corporation, including in connection with certain reorganizations or changes as a result of certain redemptions, generally creates a new public group, whose members are treated as acquiring the newly issued shares. Any such deemed acquisition may result in an "owner shift" that could cause an "ownership change." Two exceptions to these rules are the small issuance exception and the cash issuance exception. The small issuance exception excludes from the segregation rules an issuance of stock that, together with all prior issuances during the year, represents 10 percent or less of the loss corporation's outstanding stock as of the beginning year, determined either on a class-by-class basis or based on the value of all the company's stock, generally at the loss corporation's option. If the small issuance exception does not apply, then the cash issuance exception applies to a percentage of stock issued for cash that equals 50 percent of the aggregate percentage of the loss company's stock owned by public groups. Whether any stock issuances are exempt under the small issuance exception or the cash issuance exception depends on the facts and circumstances surrounding the transaction(s) in a given taxable year.

apply in connection with an exchange of Class C Common Equity for Class A Common Stock and may cause an "owner shift" that could cause an "ownership change."

20.    If an ownership change occurs, section 382 of the IRC limits the amount of a corporation's future U.S. federal taxable income that may be offset by its "pre-change losses," and section 383 of the IRC limits the amount of a corporation's future U.S. federal tax liability that may be offset by its "excess credits," in each case, to an annual amount based on the fair market value of all of the stock of the corporation prior to the ownership change multiplied by the long-term tax-exempt rate that applies to the month of the ownership change.[10]  *See* IRC §§ 382(b) and 383(a).  Pre-change losses and excess credits include the Debtors' Tax Attributes and any so-called "recognized built-in losses" (as defined in section 382(h)(2)(B) of the IRC).[11]  Once a Tax Attribute is limited under section 382 or 383 of the IRC, its use may be limited forever.[12]  Thus, certain issuances or transfers of or worthless stock deductions with respect to the Beneficial Ownership of Common Stock effected before the effective date of the Debtors' emergence from chapter 11 protection may trigger an "ownership change," severely endangering the Debtors' ability to utilize the Tax Attributes, which would cause substantial damage to the Debtors' estates.

21.    Notably, the Debtors have limited the relief requested herein to the extent necessary to preserve the value of their estates.  Specifically, the proposed Interim Order and Final Order

---

[10]    The applicable long-term tax-exempt rate changes from month to month.  For ownership changes occurring in November 2023, the applicable long-term tax-exempt rate is 3.65 percent.

[11]    The rules relating to potential limitations on the ability to offset taxable income with so-called "recognized built-in losses" are highly complex and depend on, among other things, the extent (if any) of a debtor's "net unrealized built-in loss" at the time the ownership change occurs.  A "net unrealized built-in loss" is equal to the excess of the aggregate adjusted basis of all of a corporation's applicable assets over their fair market value (as determined for purposes of section 382 of the IRC) immediately prior to the ownership change.  IRC § 382(h)(3)(A)(i).  Once a "net unrealized built-in loss" is limited under section 382 or 383 of the IRC, its use is limited for 5 years.

[12]    Any recognized built-in loss recognized during the five-year "recognition period" is treated as if it were a pre-change loss subject to the section 382 limitation.  IRC § 382(h)(1)(B).

will affect only:  (a) holders of the equivalent of more than 2,436,902 shares of Class A Common Stock;[13] (b) parties who are interested in purchasing or otherwise acquiring an amount of Class A Common Stock that would result in such party becoming a holder of 4.5 percent or more of Beneficial Ownership of Class A Common Stock; (c) parties who are interested in having their Class C Common Equity (including Partnership Units) exchanged for shares of newly issued shares of Class A Common Stock, and (d) any "50-percent shareholder" seeking to claim a worthless stock deduction.[14]

22.      To maximize the use of the Tax Attributes and enhance recoveries for the Debtors' stakeholders, the Debtors seek limited relief that will enable them to closely monitor certain transfers of, exchanges for, and issuances of or with respect to Beneficial Ownership of Common Stock and certain worthless stock deductions for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock so as to be in a position to act expeditiously to prevent such transfers or worthlessness deductions for U.S. federal income tax purposes, if necessary, with the purpose of preserving the Tax Attributes.  By establishing and implementing such Procedures, the Debtors will be in a position to object to "owner shifts" that threaten their ability to preserve the value of their Tax Attributes for the benefit of the estates.

---

[13]   Based on approximately 54,153,392 shares of Class A Common Stock outstanding as calculated for purposes of Section 382 of the IRC as of September 1, 2023.

[14]   As defined above, a "50-percent shareholder" is any person or entity (or group of people that is treated as a single entity under the applicable rules) with Beneficial Ownership of 50 percent or more of a corporation's stock "at any time during the 3-year period ending on the last day of the taxable year" with respect to which the "worthless stock deduction" (for U.S. federal income tax purposes) is claimed.  IRC § 382(g)(4)(D).  For the avoidance of doubt, a person or entity owning less than 50 percent of the Debtors' equity may nevertheless constitute a "50-percent shareholder" because of aggregation with other person or entities that acquired the Debtor's equity as part of a coordinated acquisition.

II.    **Proposed Procedures for Transfers of, Exchanges for, or Declarations of Worthlessness with Respect to Common Stock**.

23.    The Procedures are the mechanism by which the Debtors propose that they will monitor and, if necessary, object to certain transfers of Beneficial Ownership of Common Stock, exchanges for and issuances of Common Stock, and declarations of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock to ensure preservation of the Tax Attributes. The Procedures, which are fully set forth in Exhibit 1 to the Interim Order and the Final Order, are detailed below.[15]

Procedures for Transfers of Common Stock

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com); and Ciara Foster (ciara.foster@kirkland.com); and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) counsel to any statutory committee appointed in these chapter 11 cases; (iv) counsel to the Ad Hoc Group, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (Jonah.peppiatt@davispolk.com); and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (v) counsel to SoftBank, (a) Weil, Gotshal, & Manges, 767 5th Ave, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (b) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New

---

[15]    Capitalized terms used in this section but not otherwise defined herein have the meanings given to them in the Procedures. To the extent that this summary and the terms of the Procedures are inconsistent, the terms of the Procedures control.

York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (pacelli@wmd-law.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.DAuria@usdoj.gov) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d.  The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of

this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

e.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to transfers, Exchanges (as defined below), and declarations of worthlessness for U.S. federal income tax purposes):  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

<u>Procedures for Exchanges</u>

Notwithstanding anything to the contrary in the Amended and Restated Agreement of Exempted Limited Partnership of the We Company Partnership, the following procedures apply to proposed redemptions of Partnership Units and Class C Common Stock in exchange for newly issued shares of Class A Common Stock (an "<u>Exchange</u>"):

a.      Prior to effectuating any Exchange, the holder of Class C Common Equity (the "<u>Exchanging Holder</u>") must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended Exchange, substantially in the form attached to the Procedures as **<u>Exhibit 1D</u>** (each, a "<u>Declaration of Intent to Exchange Class C Common Equity for Shares of Class A Common Stock</u>").

b.      The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock to file with the Court and serve on such Exchanging Holder or potential Exchanging Holder an objection to any proposed Exchange described in the Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock. To the extent that the Debtors receive an appropriate Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

<u>Procedures for Declarations of Worthlessness of Common Stock</u>

a.      Any person or entity that was (within the applicable period), currently is, or becomes a 50-Percent Shareholder[16] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **<u>Exhibit 1E</u>** (each, a "<u>Declaration of Status as</u>

---

[16]    For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.   Prior to filing any U.S. federal or state tax return, or any amendment to such a return, or taking any other action, that claims any deduction for worthlessness for U.S. federal income tax purposes of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction for U.S. federal income tax purposes (a "Declaration of Intent to Claim a Worthless Stock Deduction"), substantially in the form attached to the Procedures as **Exhibit 1F**.

   i.   The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness for U.S. federal income tax purposes described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii.   If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court or such objection is withdrawn.

   iii.   If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

Notice Procedures

a.   No later than five (5) business days following entry of the Interim Order, the Debtors shall serve a notice by first class or overnight mail, substantially in

the form attached to the Procedures as **Exhibit 1G** (the "Notice of Interim Order"), on: (i) the U.S. Trustee for the District of New Jersey; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) to the extent known, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) the Notice Parties. Additionally, no later than five (5) business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.  All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors and the Notice Parties, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

e.  Notwithstanding anything to the contrary herein, based on the Company's knowledge of the Beneficial Ownership of its Common Stock, SoftBank shall not be required to file an otherwise required notice or other declaration of a Substantial Shareholder or Declaration of Status as a 50-Percent Shareholder solely with respect to SoftBank's Beneficial Ownership in the Company as of the Petition Date.

f.    The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in this Motion.

**Basis for Relief Requested**

24.    Section 541 of the Bankruptcy Code provides that property of the estate comprises, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541. The Tax Attributes are property of the Debtors' estates. *See Off. Comm. of Unsecured Creditors v. PSS Steamship Co.* (*In re Prudential Lines Inc.*), 928 F.2d 565, 573 (2d Cir. 1991) ("We hold that the right to a carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy estate."); *Off. Comm. of Unsecured Creditors v. Forman* (*In re Forman Enters., Inc.*), 273 B.R. 408, 416 (Bankr. W.D. Pa. 2002) (finding that NOLs are property of the debtors' estates); *Nisselson v. Drew Indus., Inc.* (*In re White Metal Rolling & Stamping Corp.*), 222 B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same). Section 362(a)(3) of the Bankruptcy Code, moreover, stays "any act [of a person or an entity] to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Accordingly, any act of a holder of a debtor's equity securities that causes the termination, or limits use, of the Tax Attributes violates the automatic stay. *See, e.g.*, *In re Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by § 362(a)(3) as an exercise of control over the NOL, which is property of the estate.").

25.    Implementation of the Procedures is necessary and appropriate to enforce the automatic stay under section 362 of the Bankruptcy Code and, critically, to preserve the value of the Tax Attributes for the benefit of the Debtors' estates. Under sections 382 and 383 of the IRC, certain transfers or issuances of or declarations of worthlessness for U.S. federal income tax

purposes with respect to Beneficial Ownership of Common Stock prior to the consummation of a chapter 11 plan could eliminate, or limit the use, of the Tax Attributes.  As stated above, the Debtors estimate that as of December 31, 2022, they had approximately $7.7 billion of U.S. federal NOLs, a capital loss carryover of approximately $126 million, approximately $716 million of 163(j) Carryforwards, and certain other Tax Attributes.  In addition, the Debtors may generate additional Tax Attributes in the 2023 and 2024 tax years.  As noted above, these Tax Attributes may be necessary to address tax consequences resulting from the implementation of a chapter 11 plan and, depending upon the structure utilized to consummate a chapter 11 plan, they may provide the potential for material future tax savings (including in post-emergence years) or other potential tax structuring opportunities in these chapter 11 cases.  The elimination or limitation of the Tax Attributes could, therefore, be materially detrimental to all parties in interest, including by potentially limiting the Debtors' ability to utilize certain structures to consummate a chapter 11 plan.  Granting the relief requested herein will preserve the Debtors' flexibility in operating their businesses during the pendency of these chapter 11 cases and implementing an exit plan that makes full and efficient use of the Tax Attributes and maximizes the value of the Debtors' estates.

26.    Additionally, the Procedures do not bar all exchanges for, transfers of or declarations of worthlessness with respect to Beneficial Ownership of Common Stock.  Rather, the Debtors seek to establish procedures only to monitor those types of transactions that would pose a serious risk under the ownership change test pursuant to sections 382 and 383 of the IRC and to preserve the Debtors' ability to seek substantive relief if it appears that a proposed transfer or declaration of worthlessness (for U.S. federal income tax purposes) could jeopardize the Debtors' utilization of the Tax Attributes.  Because of the Tax Attributes' importance to the

Debtors' estate, and thus all parties in interest, the benefits of implementing the Procedures outweigh the drawbacks of subjecting a small subset of transfers to the Procedures.

27.    Courts in this district and elsewhere routinely approve relief similar to that requested herein.  *See, e.g.*, *In re Cyxtera Techs., Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. July 19, 2023) (approving certain notification and hearing procedures with respect to certain transfers of equity interests on a final basis); *In re Bed Bath & Beyond, Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 31, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023) (same); *In re BlockFi, Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (same); *In re SIO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Apr. 24, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Sept. 22, 2022) (same).[17]

## Waiver of Memorandum of Law

28.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

29.    Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any

---

[17]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

**No Prior Request**

30.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

31.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:      (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN TRANSFERS
OF, EXCHANGES FOR, AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, exchanges for, and declarations of worthlessness for U.S. federal income tax purposes with respect to, Common Stock, (b) directing that any issuance, purchase, sale, other transfer of, or declaration of worthlessness for U.S. federal income tax purposes with respect to, Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*, (c) scheduling a final hearing (the "Final Hearing") to consider approval of the Motion on a final basis, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor **IT IS HEREBY ORDERED THAT**:

    1.      The Motion is **GRANTED** on an interim basis as set forth herein.

    2.      The Final Hearing on the Motion will be held on _____, **2023, at** _____

**(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be

actually received by the Debtors' proposed counsel on or before _____, **2023,**

**at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an

order approving the relief requested in the Motion on a final basis without further notice or hearing.

    3.      The Procedures, as set forth in **<u>Exhibit 1</u>** attached hereto, are hereby approved on

an interim basis; *provided*, *however*, that any party in interest may file a motion and seek

emergency relief from the Procedures based upon a showing of sufficient cause; *provided*, *further*,

that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and

preserved.

    4.      Any transfer or issuance of or declaration of worthlessness for U.S. federal income

tax purposes with respect to Beneficial Ownership of Common Stock in violation of the

Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

    5.      In the case of any such transfer of Beneficial Ownership, or issuance, of Common

Stock in violation of the Procedures, including but not limited to the notice requirements, the

person or entity making such transfer shall be required to take remedial actions specified by the

(Page | 5)

| Debtors: | WeWork Inc., *et al*. |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer or issuance is null and void *ab initio*.

6.      In the case of any such declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

7.      The Debtors may retroactively or prospectively, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

8.      Within five (5) business days of entry of this Interim Order, or as soon as reasonably practicable thereafter, the Debtors shall send the notice of this Interim Order, by first class mail, to all parties that were served with the notice of the Motion, publish the Notice of Interim Order once in *The New York Times*, and post the Procedures to the website established by the Debtors' proposed claims and noticing agent, Epic Restructuring LLC, for these chapter 11 cases (https://dm.epiq11.com/WeWork), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

9.      To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

10.      The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse compliance therewith.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

11.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

12.    The requirements set forth in the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

13.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

14.    Notwithstanding any Bankruptcy Rule to the contrary, to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.    The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013 5(f) within five (5) business days after the entry of this Interim Order.

18.    Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## <u>Exhibit 1</u>

**Procedures for Transfers of, Exchanges for, and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF,
EXCHANGES FOR, AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

    a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com); and Ciara Foster (ciara.foster@kirkland.com); and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) counsel to any statutory committee appointed in these chapter 11 cases; (iv) counsel to the Ad Hoc Group, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (Jonah.peppiatt@davispolk.com); and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (v) counsel to SoftBank, (a) Weil, Gotshal, & Manges, 767 5th Ave, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (b) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (pacelli@wmd-law.com); and (vi) the Office of the United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele, (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.DAuria@usdoj.gov) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Interim Order (as defined herein), or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures

---

[1]    Capitalized terms used but not otherwise defined herein have the meaning given to them in the Motion.

set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c.      Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d.      The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

e.      For purposes of these Procedures (including, for the avoidance of doubt, with respect to transfers, Exchanges (as defined below), and declarations of worthlessness for U.S. federal income tax purposes):  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a

number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply to Exchanges for Common Stock.

Notwithstanding anything to the contrary in the Amended and Restated Agreement of Exempted Limited Partnership of the We Company Partnership, the following procedures apply to proposed redemptions of Partnership Units and Class C Common Stock in exchange for newly issued shares of Class A Common Stock (an "Exchange"):

a.       Prior to effectuating any Exchange, the holder of Class C Common Equity (the "Exchanging Holder") must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended Exchange, substantially in the form attached to the Procedures as **Exhibit 1D** (each,

a "<u>Declaration of Intent to Exchange Class C Common Equity for Shares of Class A Common Stock</u>").

b.  The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock to file with the Court and serve on such Exchanging Holder or potential Exchanging Holder an objection to any proposed Exchange described in the Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock.  Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock.  To the extent that the Debtors receive an appropriate Declaration of Intent to Exchange Class C Common Equity for shares of Class A Common Stock and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

The following procedures apply for declarations of worthlessness of Common Stock (for U.S. federal income tax purposes).

a.  Any person or entity that was (within the applicable period), currently is, or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **<u>Exhibit 1E</u>** (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Interim Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.  Prior to filing any U.S. federal or state tax return, or any amendment to such a return, or taking any other action, that claims any deduction for worthlessness (for U.S. federal income tax purposes) of Beneficial

---

[2]   For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction for U.S. federal income tax purposes (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1F**.

     i.   The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness (for U.S. federal income tax purposes) described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

     ii.  If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court or such objection is withdrawn.

     iii. If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

## Notice Procedures

The following notice procedures apply to these Procedures:

     a.   No later than five (5) business days following entry of the Interim Order, the Debtors shall serve a notice by first class or overnight mail, substantially in the form attached to the Procedures as **Exhibit 1G** (the "<u>Notice of Interim Order</u>"), on: (i) the U.S. Trustee for the District of New Jersey; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) to the extent known, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) the Notice Parties.

Additionally, no later than five (5) business days following entry of the Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "<u>Notice of Final Order</u>") on the same entities that received the Notice of Interim Order.

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.    Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors and the Notice Parties, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

e.    Notwithstanding anything to the contrary herein, based on the Company's knowledge of the Beneficial Ownership of its Common Stock, SoftBank shall not be required to file an otherwise required notice or other declaration of a Substantial Shareholder or Declaration of Status as a 50-Percent Shareholder solely with respect to SoftBank's Beneficial Ownership in the Company as of the Petition Date.

f.    The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in this Motion.

## <u>Exhibit 1A</u>

**Declaration of Status as a Substantial Shareholder**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing class (or series) of common stock or any

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

        (City)        (State)

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock**

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

<div align="center">

**DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK**[2]

</div>

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "<u>Proposed Transfer</u>") one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]  For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023).  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

2

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties timely file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

     (City)       (State)

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

### DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

2

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1D**

**Declaration of Intent to Exchange Class C
Common Equity for Shares of Class A Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO EXCHANGE
## CLASS C COMMON EQUITY FOR SHARES OF CLASS A COMMON STOCK [2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to exchange shares of Class C Common Equity for shares of Class A Common Stock of

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

WeWork Inc. ("the Exchange").    WeWork Inc. is a debtor and debtor in possession in
Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New
Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the
undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and
served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has
Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Exchange, the undersigned
party proposes to exchange Partnership Units (together with shares of Class C Common Equity)
for shares of Class A Common Stock.  If the Proposed Transfer is permitted to occur, the
undersigned party will have Beneficial Ownership of_____ shares of Common Stock after
such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer
identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order
(I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and
Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief*
[Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with
the Court and served upon the Notice Parties (as defined in the Interim Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the
Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the undersigned party acknowledges that it is prohibited from consummating the Exchange unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Exchange described herein. If the Debtors or any of the other Notice Parties file an objection, such Exchange will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Exchange may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:   _____
Address:   _____
_____
Telephone:   _____
Facsimile:   _____

Dated: _____ __, 20__

_____, _____

(City)            (State)

## **Exhibit 1E**

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In re:

WEWORK INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-19865 (JKS)

(Joint Administration Requested)

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder[2] with respect to one or more shares of the existing class (or series) of common stock

or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock,

collectively, the "Common Stock") of WeWork Inc.  WeWork Inc. is a debtor and debtor in

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]   For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-19865 (JKS)  pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ___] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
     (City)       (State)

## Exhibit 1F

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

<u>**DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION**</u>

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction for U.S. federal income tax purposes (the "<u>Worthless Stock Deduction</u>") with respect to one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "<u>Common Stock</u>") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at <u>https://dm.epiq11.com/WeWork</u>. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless (for U.S. federal income tax purposes) during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Interim Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Interim Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have thirty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such thirty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

11

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional thirty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

(City)          (State)

## Exhibit 1G

**Notice of Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF INTERIM**
**ORDER (I) APPROVING NOTIFICATION**
**AND HEARING PROCEDURES FOR CERTAIN TRANSFERS**
**OF, EXCHANGES FOR, AND DECLARATIONS OF WORTHLESSNESS**
**WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASS (OR SERIES) OF COMMON STOCK (THE "COMMON STOCK") OF WEWORK INC.:**

**PLEASE TAKE NOTICE** that on November 6, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

*Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ____] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on June 6, 2023, the Court entered the *Interim Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Interim Order") approving procedures for certain transfers of, exchanges for, and declarations of worthlessness (for U.S. federal income tax purposes) with respect to Common Stock set forth in **Exhibit 1** attached to the Interim Order (the "Procedures").[2] The Procedures are available to view and download on the website established by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, for these chapter 11 cases at https://dm.epiq11.com/WeWork.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Order, a 50-Percent Shareholder may not claim a worthless stock deduction for U.S. federal income tax purposes with respect to Common Stock or Beneficial Ownership of Common Stock in violation of the

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning given to them in the Interim Order or the Motion, as applicable.

Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, upon the request of any entity, the proposed notice and claims agent for the Debtors, Epiq Corporate Restructuring, LLC, will provide a copy of the Interim Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.njb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/WeWork.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the Motion shall be held on [●], 2023, at [●], prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on [●], 2023, and shall be served on: (a) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C., Joshua A. Sussberg, P.C., Steven N. Serajeddini, P.C., and Ciara Foster; and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq., Warren A. Usatine, Esq., Felice Yudkin, Esq., and Ryan T. Jareck, Esq.; (c) counsel to the ad Hoc Group, (i) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, New York, Attn: Eli J. Vonnegut, Esq., Natasha Tsiouris, Esq., and Jonah A. Peppiatt, Esq., and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq.; (d) counsel to SoftBank, (i) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Attn.: Gary T. Holtzer, Gabriel A.

Morgan, Kevin H. Bostel, and Eric L. Einhorn, and (ii) Wollmuth Maher & Deutsch LLP, 500 5th

Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo, Steven S. Fitzgerald, and Joseph

F. Pacelli; (e) the Office of the United States Trustee for the District of New Jersey, One Newark

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele,

and Peter D'Auria; and (f) counsel to any statutory committee appointed in these chapter 11 cases.

In the event no objections to entry of the Final Order on the Motion are timely received, the Court

may enter such Final Order without need for the Final Hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Interim Order, failure to

follow the procedures set forth in the Interim Order shall constitute a violation of, among other

things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Interim Order shall preclude

any person desirous of acquiring any Common Stock from requesting relief from the Interim Order

from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that, other than to the extent that the Interim Order

expressly conditions or restricts trading in Common Stock, nothing in the Interim Order or in the

Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any

holders of Common Stock, including in connection with the treatment of any such stock under any

chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer

of, or declaration of worthlessness for U.S. federal income tax purposes with respect to Common

Stock, Beneficial Ownership thereof, or option with respect thereto in violation of the Interim

Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions

as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Interim Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

[*Remainder of page intentionally left blank*]

Dated: [_____], 2023

/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
|     Debtors.[1] | (Joint Administration Requested) |

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s
principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address
in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd.
Beaverton, OR 97005.

**FINAL ORDER (I) APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN TRANSFERS
OF, EXCHANGES FOR, AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO COMMON STOCK, AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders(I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness for U.S. federal income tax purposes with respect to, Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Procedures, as set forth in <u>Exhibit 1</u> attached to this Final Order are hereby approved on a final basis.

3.      Any transfer of or declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio.*

4.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio.*

5.      In the case of any such declaration of worthlessness for U.S. federal income tax purposes with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio.*

6.      The Debtors may, retroactively or prospectively, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

7.      The Debtors shall post the Procedures to the website established by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, for these chapter 11 cases (https://dm.epiq11.com/WeWork), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

8.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

9.      Nothing herein shall preclude any person from requesting relief from this Final Order from this Court, subject to the Debtors' rights to oppose such relief.

10.      The requirements set forth in this Final Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws and do not excuse compliance therewith.

11.      Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12.     The requirements set forth in the Bankruptcy Rules are satisfied by the contents of the Motion or otherwise deemed waived.

13.     Notwithstanding any Bankruptcy Rule to the contrary, to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers Of, Exchanges For, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief |

16.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## <u>Exhibit 1</u>

**Procedures for Transfers of, Exchanges for, and Declarations
of Worthlessness with Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR TRANSFERS OF, EXCHANGES
FOR, AND DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO BENEFICIAL OWNERSHIP OF COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

a.  Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a
    Substantial Shareholder (as defined herein) must file with the Court, and
    serve upon:    (i)  the Debtors, WeWork Inc. c/o Epiq Corporate
    Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005
    (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors,
    (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York
    10022,    Attn:    Steven    N.    Serajeddini,    P.C.
    (steven.serajeddini@kirkland.com);    and    Ciara    Foster
    (ciara.foster@kirkland.com); and (B) Cole Schotz P.C., Court Plaza North,
    25 Main Street, Hackensack, New Jersey 07601, Attn:  Michael D. Sirota,
    Esq.    (msirota@coleschotz.com),    Warren    A.    Usatine,    Esq.
    (wusatine@coleschotz.com),    Felice    R.    Yudkin,    Esq.
    (fyudkin@coleschotz.com),    and    Ryan    T.    Jareck,    Esq.
    (rjareck@coleschotz.com); (iii) counsel to any statutory committee
    appointed in these chapter 11 cases; (iv) counsel to the Ad Hoc Group,
    (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New
    York 10017, Attn:  Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com),
    Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A.
    Peppiatt, Esq. (Jonah.peppiatt@davispolk.com); and (B) Greenberg Traurig,
    LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn:  Alan J.
    Brody, Esq. (BrodyA@gtlaw.com); (v) counsel to SoftBank, (a) Weil,
    Gotshal, & Manges, 767 5th Ave, New York, New York 10153,
    Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel
    (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com),
    and (b) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New
    York 10110, Attn:  Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven
    S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli
    (pacelli@wmd-law.com); and (vi) the Office of the United States Trustee for
    the District of New Jersey, One Newark Center, 1085 Raymond Boulevard,
    Suite 2100, Newark, New Jersey 07102, Attn:  Fran Steele,
    (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.DAuria@usdoj.gov)
    (collectively, the "Notice Parties"), a declaration of such status, substantially
    in the form attached to the Procedures as Exhibit 1A (each, a "Declaration
    of Status as a Substantial Shareholder"), on or before the later of (A) twenty
    (20) calendar days after the date of the Notice of Interim Order (as defined
    herein), or (B) ten (10) calendar days after becoming a Substantial
    Shareholder; *provided* that, for the avoidance of doubt, the other procedures

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning given to them in the Motion.

set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d.  The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such thirty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional thirty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

e.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to transfers, Exchanges (as defined below), and declarations of worthlessness for U.S. federal income tax purposes): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a

2

number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply to Exchanges for Common Stock.

Notwithstanding anything to the contrary in the Amended and Restated Agreement of Exempted Limited Partnership of the We Company Partnership, the following procedures apply to proposed redemptions of Partnership Units and Class C Common Stock in exchange for newly issued shares of Class A Common Stock (an "Exchange"):

a.    Prior to effectuating any Exchange, the holder of Class C Common Equity (the "Exchanging Holder") must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended Exchange, substantially in the form attached to the Procedures as **Exhibit 1D** (each,

a "<u>Declaration of Intent to Exchange Class C Common Equity for Shares of
Class A Common Stock</u>").

b.      The Debtors and the other Notice Parties shall have thirty (30) calendar days
after receipt of a Declaration of Intent to Exchange Class C Common Equity
for shares of Class A Common Stock to file with the Court and serve on such
Exchanging Holder or potential Exchanging Holder an objection to any
proposed Exchange described in the Declaration of Intent to Exchange Class
C Common Equity for shares of Class A Common Stock on the grounds that
such transfer might adversely affect the Debtors' ability to utilize their Tax
Attributes.  If the Debtors or any of the other Notice Parties file an objection,
such transaction will remain ineffective unless such objection is withdrawn,
or such transaction is approved by a final and non-appealable order of the
Court.  If the Debtors and the other Notice Parties do not object within such
thirty-day period, such transaction can proceed solely as set forth in the
Declaration of Intent to Exchange Class C Common Equity for shares of
Class A Common Stock.  Further transactions within the scope of this
paragraph must be the subject of additional notices in accordance with the
procedures set forth herein, with an additional thirty-day waiting period for
each Declaration of Intent to Exchange Class C Common Equity for shares
of Class A Common Stock.  To the extent that the Debtors receive an
appropriate Declaration of Intent to Exchange Class C Common Equity for
shares of Class A Common Stock and determine in their business judgment
not to object, they shall provide notice of that decision as soon as is
reasonably practicable to the other Notice Parties.

The following procedures apply for declarations of worthlessness of Common Stock (for U.S.
federal income tax purposes).

a.      Any person or entity that currently was (within the applicable period), is or
becomes a 50-Percent Shareholder[2] must file with the Court and serve upon
the Notice Parties a declaration of such status, substantially in the form
attached to the Procedures as **<u>Exhibit 1E</u>** (each, a "<u>Declaration of Status as
a 50-Percent Shareholder</u>"), on or before the later of (i) twenty (20) calendar
days after the date of the Notice of Interim Order and (ii) ten (10) calendar
days after becoming a 50-Percent Shareholder; *provided* that, for the
avoidance of doubt, the other procedures set forth herein shall apply to any
50-Percent Shareholder even if no Declaration of Status as a 50-Percent
Shareholder has been filed.

b.      Prior to filing any U.S. federal or state tax return, or any amendment to such
a return, or taking any other action, that claims any deduction for
worthlessness (for U.S. federal income tax purposes) of Beneficial

---

[2]      For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since
December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined
in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction for U.S. federal income tax purposes (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1F**.

c.    The Debtors and the other Notice Parties shall have thirty (30) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction (for U.S. federal income tax purposes) to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    i.    If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court or such objection is withdrawn.

    ii.    If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to the other Notice Parties.

### Notice Procedures

The following notice procedures apply to these Procedures:

a.    No later than five (5) business days following entry of the Interim Order, the Debtors shall serve a notice by first class or overnight mail, substantially in the form attached to the Procedures as **Exhibit 1G** (the "<u>Notice of Interim Order</u>"), on:  (i) the U.S. Trustee for the District of New Jersey; (ii) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) to the extent known, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders of Common Stock, as applicable); and (vii) the Notice Parties.  Additionally, no later than five (5) business days following entry of the

Final Order, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.     All registered and nominee holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors and the Notice Parties, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

e.     Notwithstanding anything to the contrary herein, based on the Company's knowledge of the Beneficial Ownership of its Common Stock, SoftBank shall not be required to file an otherwise required notice or other declaration of a Substantial Shareholder or Declaration of Status as a 50-Percent Shareholder solely with respect to SoftBank's Beneficial Ownership in the Company as of the Petition Date.

f.     The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in this Motion.

## <u>Exhibit 1A</u>

**Declaration of Status as a Substantial Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock,

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually consummated on or prior to May 5, 2023).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

collectively, the "Common Stock") of WeWork Inc.  WeWork Inc. is a debtor and debtor in possession in Case No 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____]  (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____

      (City)      (State)

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually consummated on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc.  WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

2

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice

Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ \_\_, 20\_\_

_____, _____

   (City)          (State)

## **Exhibit 1D**

**Declaration of Intent to Exchange Class C
Common Equity for Shares of Class A Common Stock**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

WEWORK INC., *et al.*,

Debtors.[1]

Chapter 11

Case No. 23-19865 (JKS)

(Joint Administration Requested)

## DECLARATION OF INTENT TO EXCHANGE
## CLASS C COMMON EQUITY FOR SHARES OF CLASS A COMMON STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to exchange shares of Class C Common Equity for shares of Class A Common Stock of

WeWork Inc. ("the Exchange").    WeWork Inc. is a debtor and debtor in possession in

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of either (x) 2,436,902 shares of Class A Common Stock or (y) a number of shares of Class C Common Stock that, if exchanged together with an equivalent number of Partnership Units and taking into account such entity's or individual person's Beneficial Ownership of Class A Common Stock, would cause such entity or person to have Beneficial Ownership of Class A Common Stock that (taking into account dilution from such exchange) would constitute 4.5 percent of all Class A Common Stock, in the aggregate, for purposes of section 382 of the IRC as of the Petition Date; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Exchange, the undersigned party proposes to exchange Partnership Units (together with shares of Class C Common Equity) for shares of Class A Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Exchange unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Exchange described herein. If the Debtors or any of the other Notice Parties file an objection, such Exchange will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Exchange may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1E**

**Declaration of Status as a 50-Percent Shareholder**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br><div align="right">Debtors.[1]</div> | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder[2] with respect to one or more shares of the existing class (or series) of common stock

or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock,

collectively, the "Common Stock") of WeWork Inc.  WeWork Inc. is a debtor and debtor in

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); *provided* that for the purposes of any chapter 11 plan of reorganization, the Ad Hoc Group shall not be treated as a single "entity" as defined under Treasury Regulations section 1.382-3(a)(1) solely as a result of its members' formulation of or participation in (a) the Restructuring Transactions (as defined in the RSA) or (b) the transactions contemplated by that certain *Transaction Support Agreement*, entered into March 17, 2023 by and among WeWork, SoftBank, and certain holders of the Debtors' unsecured notes (as modified, if applicable, to reflect the transactions that were actually implemented on or prior to May 5, 2023); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

PLEASE TAKE FURTHER NOTICE that, as of _____, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares of Common Stock | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## <u>Exhibit 1F</u>

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction for U.S. federal income tax purposes (the "Worthless Stock Deduction") with respect to one or more shares of the existing class (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of WeWork Inc. WeWork Inc. is a debtor and debtor in possession in Case No. 23-19865 (JKS) pending in the United States Bankruptcy Court for the District of New Jersey (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless (for U.S. federal income tax purposes) during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ____] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness (for U.S. federal income tax purposes) contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____

      (City)        (State)

## **Exhibit 1G**

**Notice of Final Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested) |

### NOTICE OF FINAL ORDER
### (I) APPROVING NOTIFICATION AND
### HEARING PROCEDURES FOR CERTAIN TRANSFERS OF,
### EXCHANGES FOR, AND DECLARATIONS OF WORTHLESSNESS
### WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASS (OR SERIES) OF COMMON STOCK (THE "COMMON STOCK") OF WEWORK INC.:**

**PLEASE TAKE NOTICE** that on November 6, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of New Jersey (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

*Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. __] (the "<u>Motion</u>").

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of, Exchanges for, and Declarations of Worthlessness with Respect to Common Stock, and (II) Granting Related Relief* [Docket No. ___] (the "<u>Final Order</u>") approving procedures for certain transfers of, exchanges for, and declarations of worthlessness for U.S. federal income tax purposes with respect to Common Stock set forth in <u>Exhibit 1</u> attached to the Final Order (the "<u>Procedures</u>").[2]   The Procedures are available to view and download on the website established by the Debtors' proposed claims and noticing agent, Epiq Corporate Restructuring, LLC, for these chapter 11 cases at https://dm.epiq11.com/WeWork.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction for U.S. federal income tax purposes with respect to Common Stock or Beneficial Ownership of Common Stock in violation of the

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning given to them in the Interim Order or the Motion, as applicable.

15

Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any entity, the proposed notice and claims agent for the Debtors, Epiq Corporate Restructuring, LLC, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.njb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/WeWork.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that, other than to the extent that the Final Order expressly conditions or restricts trading in Common Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness for U.S. federal income tax purposes with respect to Common Stock, Beneficial Ownership thereof, or option with respect thereto in violation of the Final Order

16

is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this

court may determine**.**

       **PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order

are in addition to the requirements of applicable law and do not excuse compliance therewith.

*[Remainder of page intentionally left blank]*

17

Dated: [_____], 2023
/s/
_____

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:     (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:     (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:     (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

18