| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Edward O. Sassower, P.C. | Warren A. Usatine, Esq. |
| Joshua A. Sussberg, P.C. (*pro hac vice* pending) | Felice R. Yudkin, Esq. |
| Steven N. Serajeddini, P.C. (*pro hac vice* pending) | Ryan T. Jareck, Esq. |
| Ciara Foster (*pro hac vice* pending) | Court Plaza North, 25 Main Street |
| 601 Lexington Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10022 | Telephone:     (201) 489-3000 |
| Telephone:     (212) 446-4800 | msirota@coleschotz.com |
| Facsimile:     (212) 446-4900 | wusatine@coleschotz.com |
| edward.sassower@kirkland.com | fyudkin@coleschotz.com |
| joshua.sussberg@kirkland.com | rjareck@coleschotz.com |
| steven.serajeddini@kirkland.com | |
| ciara.foster@kirkland.com | |

*Proposed Co-Counsel for Debtors and Debtors in Possession*

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS
(I)AUTHORIZING THE DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL
INFORMATION OF CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (II) WAIVING THE REQUIREMENT
TO FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and "Final Order," respectively):  (i) authorizing, but not directing, the Debtors to (a) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors in lieu of filing separate creditor lists for each Debtor, (b) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (c) redact or withhold certain confidential information of customers, and (d) redact certain personally identifiable information; (ii) waiving the requirement to file a list of equity holders and provide notices directly to equity security holders; and (iii) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing twenty-eight (28) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court,

---

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 1007, 2002, 9007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

**Background**

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### Basis for Relief

**I.** **Cause Exists to Authorize the Debtors to File a Single Consolidated List of Top Thirty Unsecured Creditors and Prepare a List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

7.        Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each of the debtors' creditors. 11 U.S.C. § 521(a); Fed. R. Bankr. P. 1007(a)(1); *see also* Local Rule 1007-1. Additionally, Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bank. P. 1007(d). This list is primarily used by the United States Trustee for the District of New Jersey (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against a debtor and, thereby, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

8.        The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis (the "Top 30 List").[3] Because the top creditor lists for each individual Debtor overlap, the Debtors submit that filing separate lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate top creditor lists for each individual Debtor could consume an excessive amount of the Debtors', and their advisors', limited

---

[3]    The Debtors submit that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 30 List within ten days of any such conversion.

time and resources.  The Debtors believe that the Top 30 List will better aid the U.S. Trustee in the efforts to communicate with these creditors.

9.      Allowing the Debtors to prepare and maintain a consolidated list of their creditors (the "Consolidated Creditor Matrix"), in lieu of filing a separate creditor matrix for each Debtor, is warranted under the circumstances of these chapter 11 cases where there are thousands of creditors and parties in interest.  Converting the Debtors' computerized information to a format compatible with the matrix requirements, as well as the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome and would increase the risk of error with respect to information already on computer systems maintained by the Debtors or their agents.  Accordingly, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

10.     The Debtors, working together with Epiq Corporate Restructuring, LLC ("Epiq") as their proposed claims and noticing agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent"), have already prepared a single, consolidated list of the Debtors' creditors in electronic format.  The Debtors are prepared to make the Consolidated Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense), and the Debtors intend to file a copy of the Consolidated Creditor Matrix on the docket.

11.     Courts in this jurisdiction have granted relief similar to the relief requested herein. *See, e.g.*, *In re Cyxtera Techs., Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. June 29, 2023) (authorizing the debtors to file a consolidated creditor matrix and a consolidated list of the debtors' 30 largest unsecured creditors); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re David's Bridal, LLC,* No. 23-13131 (CMG) (Bankr. D.N.J.

Apr. 19, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J Nov. 30, 2022)

(authorizing a consolidated list of the debtors' 50 largest unsecured creditors); *In re Nat'l Realty*

*Inv. Advisors, LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (authorizing a consolidated

list of the debtors' 30 largest unsecured creditors).[4]

12.     Accordingly, the Debtors submit that filing a Top 30 List and a Consolidated

Creditor Matrix is necessary for the efficient and orderly administration of these chapter 11 cases,

appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

## II.     Redaction of Certain Confidential Information of Customers Is Warranted.

13.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request

of a party in interest, to "protect an entity with respect to a trade secret or confidential research,

development, or commercial information." 11 U.S.C. § 107(b)(1). Pursuant to Bankruptcy

Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the

estate or any entity in respect of a trade secret or other confidential research, development, or

commercial information." Fed. R. Bankr. P. 9018.

14.     Cause exists pursuant to section 107(b)(1) of the Bankruptcy Code to authorize the

Debtors to redact from any paper filed or to be filed with the Court or otherwise made public in

these chapter 11 cases, including the Consolidated Creditor Matrix, the Top 30 List, and the

schedules of assets and liabilities and the statements of financial affairs (collectively,

the "Schedules and Statements"), the names and all associated identifying information of the

Debtors' customers. The Debtors' customer list, and related customer data, is an important and

valuable asset of the Debtors, and it is vital that the Debtors maintain their customer list in strict

---

[4]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion.
Copies of these orders are available upon request of the Debtors' proposed counsel.

confidence.  Accordingly, cause exists to authorize the Debtors to redact from any paper filed or to be filed the names, home addresses, and email addresses of the Debtors' customers.

15.    Where cause exists, such as here where the Debtors' customers' identities and contact information are valuable, proprietary, and confidential commercial information, bankruptcy courts in the Third Circuit and others have authorized debtors to redact the names and other identifying information of the debtors' customers.  *See, e.g.*, *In re Genesis Glob. Holdco, LLC*, 652 B.R. 618, 632 (Bankr. S.D.N.Y. 2023) (collecting cases where courts have held that customer lists constitute confidential commercial information); *In re FTX Trading LTD*, No. 22-11068 (JTD) (Bankr. D. Del. Oct. 24, 2023) (authorizing the debtors to redact names, addresses, and email addresses of their customers from any filings with the court or made publicly available in the chapter 11 cases for 90 days); *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. Apr. 25, 2023) (authorizing the debtors to redact confidential customer information from any filings with the court or made publicly available); *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 21, 2020) (authorizing the debtors to redact or withhold the publication of customer names, mailing addresses, and email addresses); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file all lists of customer creditors under seal); *In re Altegrity, Inc.*, No. 15-10226 (LSS), 2015 WL 10963572 (Bankr. D. Del. July 6, 2015) at *3–4 (authorizing the debtors to file under seal confidential commercial information); *In re Voyager Digit. Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022) (authorizing the debtors to redact the names of "Confidential Parties," including customers, from professional

retention applications).  As such, cause exists to authorize the Debtors to redact from any paper filed or to be filed the names, addresses, and email address of the Debtors' customers.

16.    The Debtors will make the unredacted version of the Consolidated Creditor Matrix, Top 30 List, Schedules and Statements, and any other applicable filings redacted pursuant to the Interim Order and the Final Order available to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and any other party upon Court order.

## III.    Redaction of Certain Confidential Information of Individuals Is Warranted.

17.    Section 107(c) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
>
> (B)  Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

18.    In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business.[5]  For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"),[6] which provides individuals domiciled in California the right to, among other things, request their

---

[5]    *See, e.g.*, the Virginia Consumer Data Protection Act Va. Code §§ 59.1-575-59.1-585 (effective as of January 1, 2023), the Colorado Privacy Act, Colo. Rec. Stat. § 6-1 (effective as of July 1, 2023), the Utah Consumer Privacy Act, Utah Code § 13-61 (effective on December 31, 2023), the Florida Digital Bill of Rights, Fla. Stat. § 501.701 (effective on July 1, 2024), the Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on July 1, 2024), the Tennessee Information Protection Act, Tenn. Code Ann. § 47-18 (effective on July 1, 2025).

[6]    The CCPA was further amended by the California Privacy Rights Act of 2020 (the "CPRA"), effective January 1, 2023.

collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (i) annual gross revenue in excess of $25 million in the preceding calendar year; (ii) annually buys, sells, or shares the personal information of 100,000 or more consumers or households; or (iii) derives 50 percent or more of its annual revenues from selling or sharing consumers' personal information. Cal. Civ. Code § 1798.140(d)(1). The Debtors likely qualify as CCPA Entities because there are over forty WeWork co-working spaces in California, and the Debtors' annual gross revenue for 2022 was approximately $3.25 billion.

19. In addition, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("Personal Data"). The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom, regardless of whether the processing takes place in the United Kingdom, or the European Economic Area, regardless of whether the processing takes place in the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).

20.     The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data.  The only possible legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" ground.  Article 6(1)(f) UK GDPR and EU GDPR.  This ground, however, will only apply where the processing is necessary for the relevant purpose.  Such processing will not be necessary where there is a less intrusive way of achieving that purpose.  This ground will also not apply if, when balanced against each other, the rights and freedoms of the relevant individuals override the legitimate interest in question.  The legal basis of "compliance with a legal obligation," Article 6(1)(c) UK GDPR and EU GDPR, would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of these chapter 11 cases.

21.     In addition, processing (including disclosure) under the UK GDPR and EU GDPR must comply with certain key principles, including the principle of data minimization, which requires that any processing must be necessary in relation to its purpose.[7]  Disclosure of the unredacted names and home and email addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose.  The right of individual creditors not to have their unredacted names and home and email addresses disclosed on the public docket would also override the legitimate interest of disclosing such information to facilitate these

---

[7]     The CPRA codifies the minimization principle in California.  *See* Cal. Civ. Code § 1798.140(e) (defining "business purpose" to mean "the use of personal information for the business' operational purposes, or other notified purposes, or for the service provider or contractor's operational purposes . . . provided that the use of personal information shall be *reasonably necessary and proportionate* to achieve the purpose for which the personal information was collected or processed or for another purpose that is compatible with the context in which the personal information was collected") (emphasis added).

chapter 11 cases.  Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR on account of (i) having no legal basis and (ii) breaching the minimization principle.

22.      Violators of the UK GDPR and EU GDPR risk severe penalties.  If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4 percent of worldwide annual turnover—*i.e.*, total annual revenues—of the preceding financial year.  *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019).  Similarly, for a breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4 percent of worldwide annual turnover—*i.e.*, total annual revenues—of the preceding financial year.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).[8]  The processing of information includes transferring or disclosing it to others.  The UK GDPR and EU GDPR may apply to WW Worldwide C.V., a Netherland entity that owns UK non-debtor subsidiaries, as it may be processing data relating to their creditors, including employees, customers, and their individual equity holders, in the context of an establishment in the United Kingdom or in a member state of the European Economic Area.

23.      The Debtors request authority to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including but not limited to the Consolidated Creditor Matrix and the Schedules and Statements, (a) the home and email addresses of natural persons—including the Debtors' employees and individual equity holders—who are citizens of the United States located in the United States and (b) the names, home and email addresses, and other Personal Data of any

---

[8]      Indeed, on May 12, 2023, the Data Protection Commission of Ireland fined Facebook (Meta Ireland) €1.2 billion for improperly transferring data to the United States under the EU GDPR. *See In re Meta Platforms Ireland Ltd.*, Reference No. IN-20-8-1 (Ir. Data Prot. Comm'n May 12, 2023).

natural person to the extent they are processed subject to the UK GDPR or EU GDPR because,

respectively, (x) such personally identifiable information can be used to perpetrate identity theft[9]

and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11

U.S.C. § 107(c)(1), and (y) disclosure risks violating the CCPA, UK GDPR, and EU GDPR,

exposing the Debtors to potential civil liability and significant financial penalties.

24.    Redaction is necessary to protect personally identifiable information that would

create "undue risk of identity theft or other unlawful injury to the individual or the individual's

property." 11 U.S.C. § 107(c)(1). Such risk is real and not merely speculative. In at least one

chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly

accessible creditor and employee information filed in the chapter 11 case to track the employee at

her new address that had not been publicly available until then, forcing the employee to change

address again.[10] More recently, in a chapter 11 case in the Southern District of New York, at least

nine phishing scams have been uncovered, including instances where scammers posed as

associates of debtor's counsel using fake email accounts purportedly from debtor's counsel, posed

as the debtor's claims agent, falsified a court order to provide for purported "filing fees" and "tax

---

[9]    *See In re Endo Int'l. PLC*, No. 22-22549 (JLG), 2022 WL 16640880 at *7, 10-12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *see also In re Genesis Global Holdco, LLC*, 652 B.R. 618, 636-38 (Bankr. S.D.N.Y Aug. 4, 2023) (citing *Endo*, and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identify thief's search for data and a stalker's or abuser's ability to find his or her target" and that "an undue risk of identity theft of unlawful injury exists to the Individual [creditors] should their names, addresses, or other contact information be released in the bankruptcy cases. . . . redaction of the Individual [creditors] names is important because contact information—including home addresses—could easily be found on the internet through the use of their names."). *Id*. at 635, 637.

[10]    The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), Docket No. 4.

fees," called individual creditors from a number formerly associated with the debtor's now defunct customer center, or manipulated the automatic reply function of the debtor's customer support email system to send emails containing phishing URLs in the subject line to approximately 144,000 email addresses associated with individual creditors of the debtors, all designed to obtain individual creditors' personally identifiable information, account information, or to gain access to their financial assets.[11]  These events also suggest that disclosure of individuals' identifying information would not satisfy a legitimate interest assessment and would not be compliant with the minimization principle under the CCPA, UK GDPR, and EU GDPR.

25.    The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the Interim Order or the Final Order to (a) the Court, (b) the U.S. Trustee, (c) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (d) Davis Polk & Wardwell LLP, as counsel to the Ad Hoc Group; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) counsel to any official committee appointed in these chapter 11 cases; (g) Epiq; and (h) any party in interest upon request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, *provided* that any receiving parties shall covenant not to transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or any other privacy or data protection law or regulation.  In addition, the Debtors will distribute, as applicable, any notices that are received at the Debtors' corporate

---

[11]  *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722.

headquarters and are intended for a current employee.  A version containing the redacted home

and email addresses of individual creditors located in the United States and the names and the

redacted names and home and email addresses of individual creditors whose Personal Data is

processed in the United Kingdom or a European Economic Area member state will be filed with

the Court and shall be available for viewing via Epiq's website, https://dm.epiq11.com/WeWork.

26.     Courts in this jurisdiction and within the Third Circuit have granted the relief

requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re BlockFi, Inc.*, No. 22-19361

(MBK) (Bankr. D.N.J. Oct. 19, 2023) (authorizing the debtors to redact the names and home and

email addresses of all individuals listed on the creditor matrix, schedules and statements, and other

documents filed with the court); *In re Cyxtera Techs., Inc.,* No. 23-14853 9JKS) (Bankr. D.N.J.

June 29, 2023) (authorizing the debtors to redact the home and email addresses of individuals listed

on the creditor matrix, schedules and statements, and other documents filed with the court); *In re

Bed, Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bank. D.N.J. May 17, 2023) (same); *In re David's

Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 19, 2023) (authorizing the debtors to

redact (i) the home and email addresses of individuals and (ii) and the names, home and email

addresses of customers and employees that are minors listed on the creditor matrix, schedules and

statements, and other documents filed with the court); *In re Christopher & Banks Corp.*, No.

21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (authorizing the debtors to redact the home

addresses of individuals listed on the creditor matrix, schedules and statements, and other

documents filed with the court); *see also In re Prime Core Technologies Inc., et al.,* No 23-11161

(JKS) (Bankr. D. Del. September 20, 2023) (authorizing the debtors to redact the names, addresses,

and any other contact information of individual customers from all court filings); *In re FTX

Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 20, 2023) (authorizing the debtors to redact

the names, addresses, and email addresses of their natural-person customers from any documents

filed with the court or made publicly available in the debtors' chapter 11 cases).[12]

27.     In addition to granting the requested relief, bankruptcy courts in other districts

within the Third Circuit have expounded on the importance of authorizing debtors to redact

individual creditors' personally identifiable information, including home addresses in particular.

In *Art Van Furniture*, Chief Judge Sontchi overruled the objection of the U.S. Trustee to the same

redaction relief proposed here, noting that the proposed redaction is not a "burden of proof" issue

so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-

10533 (CSS) (Bankr. D. Del. Mar. 2020).[13]  Judge Sontchi found that "at this point and given the

risks associated with having any kind of private information out on the internet, [redaction] has

really become routine [and] I think obvious relief."  *Id.* at 25:13–16.  Similarly, in *Forever 21*, in

overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which

the theft of personal identification is a real risk, as is injury to persons who, for personal reasons,

---

[12]  Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[13]  Similarly, Judge Sontchi previously overruled the Delaware U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [*sic*] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public."  *See* Hr'g Tr. at 45:25-46:2, 47:22–24. The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122

(KG) (Bankr. D. Del. Dec. 19, 2019).

28.     Furthermore, Judge Gross found that it was not necessary to the effective

administration of the debtors' bankruptcy estates to disclose the personally identifiable information

of the debtors' stakeholders who are European Economic Area citizens, which created risk that

debtors could be fined under the UK or EU GDPR for unnecessary disclosures of

personal information.

> But I'll say the GDPR contains a necessity test in its guidelines. Is
> disclosure necessary for the legal proceedings at hand? Clearly,
> disclosing home addresses is not necessary for the conduct of the
> bankruptcy case and the absence of the address does not prejudice
> anyone; indeed, there's been no objection from any creditor in
> this case.

Hr'g Tr. at 62:16–22, *In re Forever 21, Inc.*, No. 19-12122.

29.     For these reasons, cause exists to authorize the Debtors to redact, pursuant to 11

U.S.C. § 107(c)(1) and in compliance with the CCPA, UK GDPR, and EU GDPR, the home and

email addresses of natural persons (and, where such information has been provided to, and is being

processed by, an organization with an establishment located in the United Kingdom or a member

state of the European Economic Area, the names, home addresses, and other Personal Data of any

natural persons) listed on the Consolidated Creditor Matrix, Schedules and Statements, or any

other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of

applicable data privacy law, thereby exposing them to severe monetary penalties that could

threaten the value of the Debtors' estate during this sensitive stage of their restructuring, (b) would

unnecessarily render individuals more susceptible to identity theft and phishing scams, and

(c) could jeopardize the safety of employees, contract workers, and other individual creditors or

individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence,

16

harassment, or stalking by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

IV. **Under the Circumstances of These Chapter 11 Cases, it is Appropriate for This Court to Waive the Requirement to File a List of Equity Holders and to Provide Notice Directly to Equity Security Holders.**

30.     Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtors' equity security holders.  Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d) requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Fed. R. Bankr. P. 2002(d).  Bankruptcy courts have authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

31.     The requirements to file a list of, and to provide notice directly to, equity security holders should be waived as to Debtor WeWork Inc. ("WeWork Inc.").  WeWork Inc.'s common stock is publicly traded on the New York Stock Exchange, with approximately 52.83 million outstanding shares of common stock as of the Petition Date and cannot be readily traced to specific individual holders.  WeWork Inc. does not maintains a list of its registered equity security holders (an "Equity List") and therefore must obtain the names and addresses of its beneficial shareholders from a securities agent.  Preparing and submitting such a list with last known addresses for each

17

equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the estates or parties in interest.

32.     WeWork Inc. has taken several actions to inform its equity security holders of the commencement of these chapter 11 cases.  On or about the date hereof, the Debtors will issue a press release announcing the filing.  Moreover, WeWork Inc. disclosed its most significant holder of outstanding equity in connection with its statement of corporate ownership, and each of its affiliated Debtors filed with their petitions a list of holders of outstanding equity.  As soon as is practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor WeWork Inc.'s common stock.  Accordingly, the Debtors request that the requirements to file a list of and to provide notice directly to Debtor WeWork Inc.'s equity security holders (other than registered holders of Debtor WeWork Inc.'s common stock) be waived.

33.     Bankruptcy courts have granted substantially similar relief in other complex cases. *See, e.g.*, *In re Cyxtera Techs, Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Jun. 29, 2023) (waiving the requirement to provide notice directly to equity security holders under Bankruptcy Rule 2002(d) and authorizing the Debtors to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of the Debtors' equity securities); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. Aug. 11, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022) (waiving the requirements to file a list of and to provide notice of commencement of the case to equity security holders); *In re PhaseBio Pharms., Inc.*, No. 22-10995

(LSS) (Bankr. D. Del. Nov. 15, 2022) (same); *In re NewAge Inc.*, No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022) (same).

## **Waiver of Memorandum of Law**

34.    The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## **No Prior Request**

35.    No prior request for the relief sought in this Motion has been made to this or any other court.

## **Notice**

36.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023

/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:      (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and*            *Proposed Co-Counsel for Debtors and*
*Debtors in Possession*                                       *Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) AUTHORIZING THE
DEBTORS TO (A) FILE A CONSOLIDATED LIST
OF THE DEBTORS' THIRTY LARGEST UNSECURED
CREDITORS, (B) FILE A CONSOLIDATED LIST OF
CREDITORS IN LIEU OF SUBMITTING A SEPARATE
MAILING MATRIX FOR EACH DEBTOR, (C) REDACT
OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION
OF CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (II) WAIVING THE REQUIREMENT TO
FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing separate creditors lists for each Debtor, (ii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (iii) redact or withhold certain confidential information of customers, and (iv) redact certain personally identifiable information, (b) waiving the requirement to file a list of equity holders and provide notices directly to equity security holders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, **2023, at _____ (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before _____, **2023, at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1 to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen days of any such conversion.

4.      The Debtors are authorized, on an interim basis, to submit a single consolidated list of their thirty largest unsecured creditors in lieu of a separate list for each Debtor.

5.      The Debtors are authorized, on an interim basis, pursuant to section 107(b) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases.

6.      The Debtors are authorized, on an interim basis, pursuant to section 107(c) of the Bankruptcy Code, to redact on the Consolidated Creditor Matrix, Schedules and Statements, or other documents filed with the Court (a) the home and email addresses of all natural persons who are United States citizens located in the United States and (b) the names, home and email addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state.  The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court; (b) the U.S. Trustee; (c) Weil, Gotshal, Manges LLP and Wollmuth Maher & Deutsch LLP as counsel to SoftBank; (d) Davis Polk & Wardwell LLP, as counsel to the Ad Hoc Group; (e) Cooley LLC, as counsel to Cupar Grimmond, LLC; (f) counsel to any official committee appointed in these chapter 11 cases; (g) Epiq, the Debtors' Proposed Claims and

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

Noticing Agent; and (h) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the CCPA, UK GDPR, and EU GDPR; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

7.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

8.      The Debtors shall file a redacted version of the Consolidated Creditor Matrix with the Court as well as post it on the website of Epiq, the Proposed Claims and Noticing Agent.

9.      The Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

10.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for Debtor WeWork Inc. is waived.

11.      Any requirement that Debtor WeWork Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of the Debtors' equity securities.

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

12.    The Debtors, through Epiq, are authorized, on an interim basis, to serve all pleadings and papers, including the notice of commencement of these chapter 11 cases, on all parties listed on the Consolidated Creditor Matrix (including via email if available).

13.    Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any party whose personally identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon persons whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

14.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

15.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16.    The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

17.    The Debtors shall serve by regular mail or email a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two business days after the entry of this Order.

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

18.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

19.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
(B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH
DEBTOR, (C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL
INFORMATION OF CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION; (II) WAIVING THE REQUIREMENT TO
FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES DIRECTLY
TO EQUITY SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through seven (7), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing separate creditors lists for each Debtor, (ii) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, and (iii) redact or withhold certain confidential information of customers, and (iv) redact certain personally identifiable information, (b) waiving the requirement to file a list of equity holders and provide notices directly to equity security holders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey,

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1007-1 to submit a Consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen days of any such conversion.

3.      The Debtors are authorized to submit a single consolidated list of their thirty largest unsecured creditors in lieu of a separate list for each Debtor.

4.      The Debtors are authorized, on a final basis, to file one Consolidated Creditor Matrix for all Debtors.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

5.      The Debtors are authorized, on a final basis, pursuant to section 107(b) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases.

6.      The Debtors are authorized, on a final basis, pursuant to section 107(c) of the Bankruptcy Code, to redact on the Consolidated Creditor Matrix, Schedules and Statements, or other documents filed with the Court (a) the home and email addresses of all natural persons who are United States citizens located in the United States and (b) the names, home and email addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state.  The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court; (b) the U.S. Trustee; (c) Weil, Gotshal, Manges LLP and Wollmuth Maher & Deutsch LLP as counsel to SoftBank; (d) Davis Polk & Wardwell LLP, as counsel to the Ad Hoc Group; (e) Cooley LLC, as counsel to Cupar Grimmond, LLC; (f) counsel to any official committee appointed in these chapter 11 cases; (g) Epiq, the Debtors' Proposed Claims and Noticing Agent; (h) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, subject to the restrictions of the CCPA, UK GDPR, and EU GDPR; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.  Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.  The Debtors shall file a redacted version of the Consolidated Creditor Matrix with the Court as well as post it on the website of Epiq, the Debtors' Claims and Noticing Agent.

7.      The Debtors shall cause the Consolidated Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties in interest.

8.      The requirement under Bankruptcy Rule 1007(a)(3) to file an Equity List for Debtor WeWork Inc. is waived.

9.      Any requirement that Debtor WeWork Inc. provide notice directly to equity security holders under Bankruptcy Rule 2002(d) is waived, and the Debtors are authorized to serve the notices required under Bankruptcy Rule 2002(d) on the registered holders of the Debtors' equity securities.

10.      The Debtors, through Epiq, are authorized, on a final basis, to serve all pleadings and papers on all parties listed on the Consolidated Creditor Matrix (including via email if available).

11.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any party whose personally identifiable

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief |

information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon persons whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.