**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) RESTATING AND**
**ENFORCING THE WORLDWIDE AUTOMATIC STAY,**
***IPSO FACTO* PROTECTIONS, AND ANTI-DISCRIMINATION**
**PROVISIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE**
**FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) restating and enforcing the worldwide automatic stay, *ipso facto* protections, and anti-discrimination provisions of the Bankruptcy Code (as defined herein); (b) approving the form and manner of notice related thereto, substantially in the form attached to the Order as Exhibit 2 (the "Notice"); and (c) granting related relief.

2.      The Debtors further seek authority, but not direction, to translate this Motion, the Order, and/or the Notice into other languages to better inform creditors, governmental units, and interested parties of the relief requested herein.

### Jurisdiction and Venue

3.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them in the First Day Declaration.

5.      The bases for the relief requested herein are sections 105(a), 362, 365 and 525 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9013-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

6.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

7.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**The Debtors' Global Network**

8.      As further described in the First Day Declaration, the Debtors' operations span two continents and serve thousands of members and customers.  The broader WeWork enterprise operates across six continents and includes joint venture operations in Japan, China, India, Brazil, and many other countries.  The Company's global real estate portfolio comprises over 750 leases and 600 landlords, with locations from Singapore to South Africa, Sydney to São Paulo, and is supported by a network of over a thousand vendors globally that supply key products and services.

9.      The global reach of the WeWork enterprise requires the Debtors to rely on, and incur obligations to, suppliers of goods and services and other creditors that are based outside the United States.  These goods and services are highly specialized and vital to preserving the value of the Debtors' business.  Without continued support from their non-U.S. vendors, the Debtors would face severe interruptions to their operations, which would result in a significant loss of operational efficiency, decrease the competitiveness of their businesses, and impair stakeholder value at the outset of these chapter 11 cases.

10.      Many of the Debtors' foreign suppliers, however, lack meaningful, if any, relationships with the United States.  Non-U.S. creditors and contract counterparties may be unfamiliar with the chapter 11 process, the scope of a debtor in possession's authority to operate its business, and/or the importance and implications of the automatic stay.  Certain of the Debtors' non-U.S. creditors—and others—may attempt to seize assets located outside of the United States or take other actions violating the automatic stay to the detriment of the Debtors, their estates, and creditors.  Additionally, upon the commencement of these chapter 11 cases, counterparties to the Debtors' agreements could attempt to terminate unexpired leases or executory contracts pursuant to *ipso facto* or other provisions in contravention of sections 362 and 365 of the Bankruptcy Code.

Similarly, governmental units outside of the United States may deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor that are required for the Debtors' ongoing business operations in violation of sections 362 and 525 of the Bankruptcy Code.

11.     The Debtors seek the relief requested herein out of an abundance of caution and to assist them in most effectively informing non-U.S. creditors and governmental units of the broad protections offered by the Bankruptcy Code.  For the avoidance of doubt, the Debtors do not seek by this Motion to expand or enlarge the rights afforded to them under the Bankruptcy Code. Instead, the Debtors seek to affirm those rights and believe that an order from this Court will help protect the Debtors against improper actions taken by, and provide clarity for, non-U.S. parties in interest.

**Basis for Relief**

**I.     The Court Should Confirm the Protections of the Automatic Stay in Section 362 of the Bankruptcy Code.**

12.     As a result of the commencement of these chapter 11 cases, and by operation of section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things:  (a) commencing or continuing any judicial, administrative, or other proceeding against any of the Debtors that was or could have been commenced prior to the Petition Date; (b) taking any action to collect, assess, recover, or otherwise enforce a claim against any of the Debtors that arose prepetition; and (c) acting to obtain possession of or to exercise control over property of the Debtors' estates.  *See* 11 U.S.C. §§ 362(a)(1), (3), (6).  The injunction contained in section 362 of the Bankruptcy Code is a core protection for debtors, providing them with a "breathing spell from creditors in order to permit the debtor to attempt repayment or reorganization."  *See In re Univ. Med. Ctr.,* 973 F.2d 1065, 1084 (3d Cir. 1992).

5

13.    Given its fundamental importance to a debtor's reorganization efforts, courts broadly construe the Bankruptcy Code's automatic stay provisions.  *See, e.g.*, *In re All. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad.") (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 6296); *In re NextWave Pers. Commc'ns., Inc.,* 244 B.R. 253, 271 (Bankr. S.D.N.Y. 2000) ("The automatic stay is broadly written and broadly construed.").  As such, the automatic stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order, protecting a debtor's property and contracts wherever located and whomever held by.  *See, e.g.*, *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (holding that while the debtor may enforce the terms of a contract against a creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to the assumption by the debtor); *In re Mirant,* 440 F.3d 238, 252–53 (5th Cir. 2006) (holding that the automatic stay prohibited termination of debtor's contract without further relief).

14.    Furthermore, section 362 of the Bankruptcy Code applies worldwide. *See, e.g.*, *In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the extraterritorial application of the automatic stay.") (citation omitted); *Secs. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC (In re Bernard L. Madoff Inv. Secs. LLC)*, 474 B.R. 76 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996).  The Bankruptcy Court has authority to fashion appropriate remedies for violations of the automatic stay. *See, e.g.*, 11 U.S.C. §§ 105(a), 362(k); *see also Standard Indus., Inc. v. Acquila, Inc. (In re C.W. Mining Co.)*, 625 F.3d 1240,

1246 (10th Cir. 2010) (holding that a debtor may pursue remedies regarding a stay violation by

contempt motion pursuant to rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules")); *Buckeye Check Cashing, Inc. v. Meadows (In re Meadows)*, 396 B.R.

485, 498 (6th Cir. BAP 2008) ("[A]ctions to recover damages for stay violations are generally

brought by motion, with attorney fees expressly allowable under § 362(k).").

## II.    The Court Should Confirm the Invalidation of *Ipso Facto* Provisions Under Section 365 of the Bankruptcy Code and Other Contractual Rights.

15.    Section 365(e)(1)(B) of the Bankruptcy Code prohibits counterparties to debtor

contracts from terminating or modifying such contracts, including rights or obligations thereunder,

solely on account of a debtor's bankruptcy filing—thereby invalidating "*ipso facto*" provisions.

Section 365 of the Bankruptcy Code also prohibits, absent court approval, third parties from

enforcing the terms of a contract against the Debtors.  *See N.L.R.B. v. Bildisco & Bildisco,* 465

U.S. 513, 531–32 (1984).  Third parties must continue to perform under executory contracts until

they are assumed or rejected.  *See In re Calpine Corp.,* No. 06-10678, 2009 Bankr. LEXIS 1041,

at *15 (Bankr. S.D.N.Y. May 7, 2009).

## III.    The Court Should Confirm the Injunction of Governmental Action Under Section 525 of the Bankruptcy Code.

16.    In addition to the automatic stay, other provisions of the Bankruptcy Code provide

important protections to debtors.  Section 525 of the Bankruptcy Code prohibits governmental

units from, among other things:  (a) denying, revoking, suspending, or refusing to renew any

license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon

such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant,

solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before

the commencement of these chapter 11 cases, or are insolvent during the pendency of these

chapter 11 cases.  *See In re Psycho-Therapy and Counseling Ctr., Inc.*, 195 B.R. 522, 533

(Bankr. D. Col. 1996) (holding that the debtor's exclusion from a governmental program on account of its non-payment of a dischargeable debt would interfere with the debtor's breathing spell and fresh start).[3]

17.     Moreover, filing for chapter 11 bankruptcy protection does not have to be the only motivation behind a governmental unit's actions for the court to find discrimination occurred under section 525 of the Bankruptcy Code.  In setting the standard to evaluate discrimination under section 525 of the Bankruptcy Code, the Supreme Court stated that if the proximate cause of an act was the debtor filing for bankruptcy or not paying dischargeable debt, a violation of section 525 has occurred.  *FCC v. NextWave Personal Commc'ns, Inc*, 537 U.S. 293, 294 (2003).  In so holding, the Supreme Court did not limit application of section 525 to situations where initiation of bankruptcy proceedings was the cause-in-fact of a governmental actor's discriminatory behavior.  *Id.*; *see also In re Envtl. Source Corp.*, 431 B.R. 315, 323 (Bankr. D. Mass. 2010) (finding that because the debtor's financial incapacity was the proximate cause of the debarment, the other motives of the Commonwealth in enacting the debarment statute were irrelevant); *In re Valentin*, 309 B.R. 715, 720–22 (Bankr. E.D. Pa. 2004) (finding that a debtor's failure to pay prepetition rent was the proximate cause of the housing authority's decision to evict in violation of section 525).  Indeed, the government unit's motives do not have to be obvious for a court to find that they discriminated against a debtor.  *See In re McKibben,* 233 B.R. 378, 381 (Bankr. E.D. Tex. 1999).  Courts must evaluate the evidence and make an inference as to the government unit's intent.  *See In re Ellis*, 493 B.R. 818, 828 (Bankr. D. Colo. 2013).

---

[3]     The definition of "governmental unit" under the Bankruptcy Code is not limited to the United States and includes, among others, foreign states and departments, agencies, or instrumentalities of foreign states and governments. *See* 11 U.S.C. § 101(27).

18.     Section 525 of the Bankruptcy Code is designed to protect property interests, including "license[s], charter[s], franchise[s], and other similar grants," that are not obtainable from the private sector and that are essential to the debtor's fresh start. *In re Jasper*, 325 B.R. 50, 54 (Bankr. D. Me. 2005). One purpose behind section 525 of the Bankruptcy Code is to enable a debtor to continue to run their business and to protect a debtor's "means of earning a living or pursuing a livelihood." *In re Elsinore Shore Assocs.*, 66 B.R. 723, 741–42 (Bankr. D. N.J. 1986). Courts have found a violation of section 525 where the government action frustrates a debtor's ability to reorganize. *See In re Anderson*, 15 B.R. 399, 400 (Bankr. S.D. Miss. 1981) (finding that non-renewal of a liquor license would be prohibited government action under section 525 because it would force them to close their retail store, lose their means of earning a living, and ultimately preclude the reorganization of the debtors).

19.     The list of discriminatory acts in section 525 is not meant to be exhaustive. *See In re Elsinore Shore Assocs.*, 66 B.R. at 740. Courts have prohibited discrimination even where the type of discrimination was not explicitly listed or did not fit squarely in section 525 of the Bankruptcy Code. *See, e.g.*, *Perez v. Campbell*, 402 U.S. 637, 648 (1971) (finding that a statute violated supremacy clause because it required debtor to pay a judgment to get driver's license reinstated, emphasizing that "(o)ne of the primary purposes of the Bankruptcy Act is to give debtors 'a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt.'"); *In re Golliday*, 216 B.R. 407 (Bankr. W.D. Mich. 1998) (finding that a city was prohibited from terminating debtor's position as elected city commissioner due to defaulted obligation that was dischargeable in bankruptcy); *see also* H.R. Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), *reprinted in* App. Pt. 4(d)(i) *infra*; S. Rep. No. 989, 95th Cong., 2d Sess. 81 (1978) (explaining that courts are not limited to the discriminatory acts explicitly laid out in section

525 of the Bankruptcy Code but, instead, should, "mark the contours of the anti-discrimination provision in pursuit of sound bankruptcy policy.").

## IV.  The Court Should Grant the Relief Requested Under Section 105(a) of the Bankruptcy Code.

20.     Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g.*, *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988); *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986).  Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

21.     The application of the protections afforded a debtor by sections 362, 365, and 525 of the Bankruptcy Code is automatic upon the filing of a chapter 11 petition. *See* 11 U.S.C. § 362(a)(3) ("[A] petition filed under section 301 . . . of this title . . . operates as a stay, applicable to all entities, of, [among other things,] any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."); 11 U.S.C. § 525(a) ("[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, a person that is or has been a debtor under this title.").

22.     Despite the automatic effect of these provisions, non-U.S. creditors and governmental units unfamiliar with the Bankruptcy Code may attempt to proceed against the

Debtors' property outside the United States even though the Debtors have filed voluntary petitions. Such unilateral self-help, litigation, or collection actions could adversely affect the Debtors' efficient administration of these chapter 11 cases and result in irreparable harm to the estates and interested parties. Therefore, although the automatic stay, anti-discrimination provisions, and *ipso facto* protections are self-executing on the Petition Date, the Debtors believe that an order from the Court is necessary and appropriate in light of the Debtors' global operations to best facilitate creditor compliance with the Bankruptcy Code. Service of the Notice as set forth herein will advance the efficient administration of these chapter 11 cases.

23.     Courts in this and other jurisdictions routinely grant similar relief to that requested in this Motion in previous chapter 11 cases under comparable circumstances. *See, e.g.*, *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. June 7, 2023); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023); *In re BlockFi, Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 30, 2022); *In re Aceto Corp.*, No. 19-13448 (VFP) (Bankr. D.N.J. Feb.22, 20119).[4]

24.     In sum, the requested relief will, among other things, (a) help the Debtors inform non-U.S. creditors, governmental units, and interested parties of debtor protections that may be unfamiliar to them, (b) ensure that parties to unexpired leases and executory contracts with the Debtors continue to perform their duties and obligations thereunder and governmental units do not unfairly discriminate or take action against the Debtors in violation of the Bankruptcy Code, and (c) facilitate the Debtors' orderly transition into chapter 11 and minimize disruptions to their

---

[4]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request made to the Debtors' proposed counsel.

businesses.[5]  Accordingly, the Debtors request that the Court enter an order substantially in the form attached hereto to most effectively enforce the automatic stay, the anti-discrimination provisions, and the *ipso facto* protections of the Bankruptcy Code.

### Waiver of Memorandum of Law

25.    The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

26.    Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other

---

[5]    As necessary, the Debtors anticipate translating this Motion, the Order, and/or the Notice into other languages in order to better inform creditors, governmental units, and interested parties of the relief requested herein.

rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## No Prior Request

27.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

28.     The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue Service; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ *Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:    (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:    (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:    (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Proposed Co-Counsel for Debtors and Debtors in Possession* | *Proposed Co-Counsel for Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) RESTATING AND
ENFORCING THE WORLDWIDE AUTOMATIC STAY,
*IPSO FACTO* PROTECTIONS, AND ANTI-DISCRIMINATION
PROVISIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE
FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Restating and Enforcing the Worldwide Automatic Stay, Ipso Facto Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "Motion"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[2] for entry of an order (this "Order") (a) restating and enforcing the worldwide automatic stay, *ipso facto* protections, and anti-discrimination provisions of the Bankruptcy Code, (b) approving the related form and manner of notice, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and

---

[1]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

[2]    A complete list of the Debtors in these chapter 11 cases is attached hereto as **Exhibit 1**.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

after due deliberation and sufficient cause appearing therefor **IT IS HEREBY**

**ORDERED THAT**:

1.     The Motion is **GRANTED** as set forth herein.

2.     Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby stayed, restrained, and enjoined from:

    a.    commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

    b.    enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

    c.    taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the Debtors' estates;

    d.    taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

    e.    taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

    f.    taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

g. offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and

h. commencing or continuing any proceeding concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3. Pursuant to sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time during the pendency of these chapter 11 cases, because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these chapter 11 cases or (b) commencement of these chapter 11 cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

4. Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

5.    For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

6.    The form of Notice, attached hereto as **Exhibit 2**, is approved.  The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.  The Debtors are further authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these chapter 11 cases to any foreign party in interest at the Debtors' discretion.

7.    Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

8.    This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions. This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.    Notwithstanding any Bankruptcy Rule to the contrary, to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of an executory contract or unexpired lease, including any right to assert an offset, recoupment,

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors'

ability to subsequently assert that any particular contract is terminated, expired, or otherwise no

longer an executory contract or unexpired lease.

12.    Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order is intended as or shall be construed or deemed to be:  (a) an

implication or admission as to the amount of, basis for, or validity of any particular claim against

the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of

the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds;

(c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding

that any particular claim is an administrative expense claim, other priority claim, or otherwise of

a type specified or defined in this Order or the Motion or any order granting the relief requested

by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract,

or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity,

priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on

property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in

interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other

applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract,

lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the

Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied

pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are

expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens;

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Restating and Enforcing the Worldwide Automatic Stay, *Ipso Facto* Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Related Form and Manner of Notice, and (III) Granting Related Relief |

(j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

15.     The Debtors shall serve by regular mail a copy of this Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after entry of this Order.

16.     Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

17.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**EXHIBIT 1**

**List of Debtors**

1. WeWork Inc.

2. 1 Beacon Street Tenant LLC

3. 1 Belvedere Drive Tenant LLC

4. 1 Glenwood Ave Tenant LLC

5. 1 Lincoln Street Tenant LLC

6. 1 Milk Street Tenant LLC

7. 1 Post Street Tenant LLC

8. 1 South Dearborn Street Tenant LLC

9. 1 Union Square West HQ LLC

10. 10 East 38th Street Tenant LLC

11. 10 East 40th Street HQ LLC

12. 100 Bayview Circle Tenant LLC

13. 100 Broadway Tenant LLC

14. 100 S State Street Tenant LLC

15. 100 Summer Street Tenant LLC

16. 10000 Washington Boulevard Tenant LLC

17. 1001 Woodward Ave Tenant LLC

18. 1003 East 4th Place Tenant LLC

19. 101 East Washington Street Tenant LLC

20. 101 Marietta Street NorthWest Tenant LLC

21. 101 North 1st Avenue Tenant LLC

22. 10250 Constellation Tenant LLC

23. 1031 South Broadway Tenant LLC

24. 10585 Santa Monica Boulevard Tenant LLC

25. 10845 Griffith Peak Drive Tenant LLC

26. 10885 NE 4th Street Tenant LLC

27. 109 S 5th Street Tenant LLC

28. 1090 West Pender Street Tenant LP

29. 10900 Stonelake Boulevard Tenant LLC

30. 1099 Stewart Street Tenant LLC

31. 11 Park Pl Tenant LLC

32. 110 110th Avenue Northeast Tenant LLC

33. 110 Corcoran Street Tenant LLC

34. 110 Wall Manager LLC

35. 1100 15th Street NW Tenant LLC

36. 1100 Ludlow Street Tenant LLC

37. 1100 Main Street Tenant LLC

38. 1111 Broadway Tenant LLC

39. 1111 West 6th Street Tenant LLC

40. 1114 W Fulton Market Q LLC

41. 1115 Broadway Q LLC

42. 1115 Howell Mill Road Tenant LLC

43. 1115 W Fulton Market Q LLC

44. 115 Broadway Tenant LLC

45. 115 East 23rd Street Tenant LLC

46. 1150 South Olive Street Tenant LLC

47. 1155 Perimeter Center West Tenant LLC

48. 1155 West Fulton Street Tenant LLC

49. 1156 6th Avenue Tenant LLC

50. 117 NE 1st Ave Tenant LLC

51. 1175 Peachtree Tenant LLC

52. 11801 Domain Blvd Tenant LLC

53. 12 East 49th Street Tenant LLC

54. 12 South 1st Street Tenant LLC

55. 120 West Trinity Place Tenant LLC

56. 1200 17th Street Tenant LLC

57. 1200 Franklin Avenue Tenant LLC

58. 1201 3rd Avenue Tenant LLC

59. 1201 Wills Street Tenant LLC

60. 1201 Wilson Blvd Tenant LLC

61. 12130 Millennium Drive Tenant LLC

62. 1240 Rosecrans Tenant LLC

63. 125 S Clark Street Tenant LLC

64. 125 West 25th Street Tenant LLC

65. 12655 Jefferson Blvd Tenant LLC

66. 128 South Tryon Street Tenant LLC

67. 130 5th Avenue Tenant LLC

68. 130 Madison Avenue Tenant LLC

69. 130 W 42nd Street Tenant LLC

70. 1305 2nd Street Q LLC

71. 1330 Lagoon Avenue Tenant LLC

72. 1333 New Hampshire Avenue Northwest Tenant LLC

73. 135 E 57th Street Tenant LLC

74. 135 Madison Ave Tenant LLC

75. 1372 Peachtree Street NE Tenant LLC

76. 1389 Peachtree Street Northwest Tenant LLC

77. 1400 Lavaca Street Tenant LLC

78. 1410 Broadway Tenant LLC

79. 1411 4th Avenue Tenant LLC

80. 142 W 57th Street Tenant LLC

81. 1430 Walnut Street Tenant LLC

82. 1440 Broadway Tenant LLC

83. 1448 NW Market Street Tenant LLC

84. 1449 Woodward Avenue Tenant LLC

85. 145 W 45th Street Tenant LLC

86. 1450 Broadway Tenant LLC

87. 1453 3rd Street Promenade Q LLC

88. 1455 Market Street Tenant LLC

89. 1460 Broadway Tenant LLC

90. 148 Lafayette Street Tenant LLC

91. 149 5th Avenue Tenant LLC

92. 149 Madison Avenue Tenant LLC

93. 15 West 27th Street Tenant LLC

94. 150 4th Ave N Tenant LLC

95. 152 3rd Street Tenant LLC

96. 1525 11th Ave Tenant LLC

97. 1535 Broadway Tenant LLC

98. 154 W 14th Street Tenant LLC

99. 1547 9th Street HQ LLC

100. 1557 West Innovation Way Tenant LLC

101. 1560 Broadway Tenant LLC

102. 16 East 34th Street Tenant LLC

103. 160 Varick Street Tenant LLC

104. 160 W Santa Clara St Tenant LLC

105. 1600 7th Avenue Tenant LLC

106. 1601 Elm Street Tenant LLC

107. 1601 Market Street Tenant LLC

108. 1601 Vine Street Tenant LLC

109. 161 Avenue of the Americas Tenant LLC

110. 1615 Platte Street Tenant LLC

111. 1619 Broadway Tenant LLC

112. 166 Geary Street HQ LLC

113. 1660 Lincoln Street Tenant LLC

114. 167 N Green Street Tenant LLC

115. 1700 Lincoln Street Tenant LLC

116. 1701 Rhode Island Avenue Northwest Tenant LLC

117. 1725 Hughes Landing Boulevard Tenant LLC

118. 1730 Minor Avenue Tenant LLC

119. 17300 Laguna Canyon Road Tenant LLC

120. 177 E Colorado Blvd Tenant LLC

121. 1775 Tysons Boulevard Tenant LLC

122. 18 West 18th Street Tenant LLC

123. 180 Geary Street HQ LLC

124. 180 Sansome Street Tenant LLC

125. 1814 Franklin St Q LLC

126. 18191 Von Karman Avenue Tenant LLC

127. 1825 South Grant Street Tenant LLC

128. 1828 Walnut St Tenant LLC

129. 183 Madison Avenue Q LLC

130. 1840 Gateway Dr Tenant LLC

131. 185 Madison Avenue Tenant LLC

132. 18691 Jamboree Road Tenant LLC

133. 1875 K Street NW Tenant LLC

134. 1881 Broadway HQ LLC

135. 1900 Market Street Tenant LLC

136. 1900 Powell Street Tenant LLC

137. 1910 North Ola Avenue Tenant LLC

138. 1920 McKinney Ave Tenant LLC

139. 195 Montague Street Tenant LLC

140. 199 Water Street Tenant LLC

141. 2 Belvedere Drive Tenant LLC

142. 2 Embarcadero Center Tenant LLC

143. 2 North LaSalle Street Tenant LLC

144. 20 W Kinzie Tenant LLC

145. 200 Berkeley Street Tenant LLC

146. 200 Massachusetts Ave NW Tenant LLC

147. 200 Portland Tenant LLC

148. 200 South Biscayne Blvd Tenant LLC

149. 200 South Orange Avenue Tenant LLC

150. 200 Spectrum Center Drive Tenant LLC

151. 201 Spear St Tenant LLC

152. 2031 3rd Ave Tenant LLC

153. 205 Hudson Street Tenant LLC

154. 205 North Detroit Street Tenant LLC

155. 21 Penn Plaza Tenant LLC

156. 210 N Green Partners LLC

157. 210 N Green Promoter LLC

158. 2120 Berkeley Way Tenant LLC

159. 21255 Burbank Boulevard Tenant LLC

160. 214 West 29th Street Tenant LLC

161. 22 Cortlandt Street HQ LLC

162. 2201 Broadway Tenant LLC

163. 221 6th Street Tenant LLC

164. 2211 Michelson Drive Tenant LLC

165. 222 Kearny Street Tenant LLC

166. 222 North Sepulveda Tenant LLC

167. 222 S Riverside Plaza Tenant LLC

168. 2221 Park Place Tenant LLC

169. 2222 Ponce De Leon Blvd Tenant LLC

170. 225 South 6th St Tenant LLC

171. 225 W 39th Street Tenant LLC

172. 229 West 36th Street Tenant LLC

173. 231 11th Ave Tenant LLC

174. 2323 Delgany Street Tenant LLC

175. 24 Farnsworth Street Q LLC

176. 2-4 Herald Square Tenant LLC

177. 2401 Elliott Avenue Tenant LLC

178. 2420 17th Street Tenant LLC

179. 2425 East Camelback Road Tenant LLC

180. 245 Livingston St Q LLC

181. 25 West 45th Street HQ LLC

182. 250 E 200 S Tenant LLC

183. 250 Park Avenue Tenant LLC

184. 255 Giralda Avenue Tenant LLC

185. 255 Greenwich Street Tenant LLC

186. 255 S King St Tenant LLC

187. 2600 Executive Parkway Tenant LLC

188. 2700 Post Oak Blvd. Tenant LLC

189. 27-01 Queens Plaza North Tenant LLC

190. 2755 Canyon Blvd WW Tenant LLC

191. 28 2nd Street Tenant LLC

192. 28 West 44th Street HQ LLC

193. 29 West 30th Street Tenant LLC

194. 30 Hudson Street Tenant LLC

195. 30 Wall Street Tenant LLC

196. 300 Morris Street Tenant LLC

197. 300 Park Avenue Tenant LLC

198. 3000 Olym Boulevard Tenant LLC

199. 3000 S Robertson Blvd Q LLC

200. 3001 Bishop Drive Tenant LLC

201. 3003 Woodbridge Ave Tenant LLC

202. 3090 Olive Street Tenant LLC

203. 31 St James Ave Tenant LLC

204. 3101 Park Boulevard Tenant LLC

205. 311 W 43rd Street Tenant LLC

206. 3120 139th Avenue Southeast Tenant LLC

207. 315 East Houston Tenant LLC

208. 315 W 36th Street Tenant LLC

209. 316 West 12th Street Tenant LLC

210. 3200 Park Center Drive Tenant LLC

211. 3219 Knox Street Tenant LLC

212. 3280 Peachtree Road NE Tenant LLC

213. 33 Arch Street Tenant LLC

214. 33 East 33rd Street Tenant LLC

215. 33 Irving Tenant LLC

216. 330 North Wabash Tenant LLC

217. 3300 N. Interstate 35 Tenant LLC

218. 332 S Michigan Tenant LLC

219. 333 West San Carlos Tenant LLC

220. 3365 Piedmont Road Tenant LLC

221. 340 Bryant Street HQ LLC

222. 345 4th Street Tenant LLC

223. 345 West 100 South Tenant LLC

224. 35 East 21st Street HQ LLC

225. 353 Sacramento Street Tenant LLC

226. 35-37 36th Street Tenant LLC

227. 360 NW 27th Street Tenant LLC

228. 3600 Brighton Boulevard Tenant LLC

229. 38 West 21st Street Tenant LLC

230. 385 5th Avenue Q LLC

231. 3900 W Alameda Ave Tenant LLC

232. 391 San Antonio Road Tenant LLC

233. 40 Water Street Tenant LLC

234. 400 California Street Tenant LLC

235. 400 Capitol Mall Tenant LLC

236. 400 Concar Drive Tenant LLC

237. 400 Lincoln Square Tenant LLC

238. 400 Spectrum Center Drive Tenant LLC

239. 4005 Miranda Ave Tenant LLC

240. 401 San Antonio Road Tenant LLC

241. 404 Fifth Avenue Tenant LLC

242. 4041 Macarthur Boulevard Tenant LLC

243. 405 Mateo Street Tenant LLC

244. 408 Broadway Tenant LLC

245. 410 North Scottsdale Road Tenant LLC

246. 414 West 14th Street HQ LLC

247. 415 Mission Street Tenant LLC

248. 419 Park Avenue South Tenant LLC

249. 420 5th Avenue Q LLC

250. 420 Commerce Street Tenant LLC

251. 424-438 Fifth Avenue Tenant LLC

252. 428 Broadway Tenant LLC

253. 429 Lenox Ave Tenant LLC

254. 430 Park Avenue Tenant LLC

255. 4311 11th Avenue Northeast Tenant LLC

256. 433 Hamilton Avenue Tenant LLC

257. 437 5th Avenue Q LLC

258. 437 Madison Avenue Tenant LLC

259. 44 East 30th Street HQ LLC

260. 44 Montgomery Street Tenant LLC

261. 44 Wall Street HQ LLC

262. 448 North LaSalle Street Tenant LLC

263. 45 West 18th Street Tenant LLC

264. 450 Lexington Tenant LLC

265. 460 Park Ave South Tenant LLC

266. 460 West 50 North Tenant LLC

267. 4635 Lougheed Highway Tenant LP

268. 475 Sansome St Tenant LLC

269. 483 Broadway Tenant LLC

270. 49 West 27th Street HQ LLC

271. 490 Broadway Tenant LLC

272. 50 W 28th Street Tenant LLC

273. 500 11th Ave North Tenant LLC

274. 500 7th Avenue Tenant LLC

275. 501 Boylston Street Tenant LLC

276. 501 East Kennedy Boulevard Tenant LLC

277. 501 East Las Olas Blvd Tenant LLC

278. 501 Eastlake Tenant LLC

279. 5049 Edwards Ranch Tenant LLC

280. 505 Main Street Tenant LLC

281. 505 Park Avenue Q LLC

282. 50-60 Francisco Street Tenant LLC

283. 511 W 25th Street Tenant LLC

284. 515 Folsom Street Tenant LLC

285. 515 N State Street Tenant LLC

286. 5161 Lankershim Boulevard Tenant LLC

287. 5215 North O'Connor Boulevard Tenant LLC

288. 524 Broadway Tenant LLC

289. 525 Broadway Tenant LLC

290. 53 Beach Street Tenant LLC

291. 540 Broadway Q LLC

292. 545 Boylston Street Q LLC

293. 546 5th Avenue Tenant LLC

294. 550 7th Avenue HQ LLC

295. 550 Kearny Street HQ LLC

296. 57 E 11th Street Tenant LLC

297. 575 5th Avenue Tenant LLC

298. 575 Lexington Avenue Tenant LLC

299. 5750 Wilshire Boulevard Tenant LLC

300. 5960 Berkshire Lane Tenant LLC

301. 599 Broadway Tenant LLC

302. 6 East 32nd Street WW Q LLC

303. 600 B Street Tenant LLC

304. 600 California Street Tenant LLC

305. 600 H Apollo Tenant LLC

306. 6001 Cass Avenue Tenant LLC

307. 601 South Figueroa Street Tenant LLC

308. 606 Broadway Tenant LLC

309. 609 5th Avenue Tenant LLC

310. 609 Greenwich Street Tenant LLC

311. 609 Main street Tenant LLC

312. 611 North Brand Boulevard Tenant LLC

313. 615 S. Tenant LLC

314. 625 Massachusetts Tenant LLC

315. 625 West Adams Street Tenant LLC

316. 63 Madison Avenue Tenant LLC

317. 65 East State Street Tenant LLC

318. 650 California Street Tenant LLC

319. 6543 South Las Vegas Boulevard Tenant LLC

320. 655 15th Street NW Tenant LLC

321. 655 Montgomery St Tenant LLC

322. 655 New York Avenue Northwest Tenant LLC

323. 660 J Street Tenant LLC

324. 660 North Capitol St NW Tenant LLC

325. 6655 Town Square Tenant LLC

326. 67 Irving Place Tenant LLC

327. 6900 North Dallas Parkway Tenant LLC

328. 695 Town Center Drive Tenant LLC

329. 7 West 18th Street Tenant LLC

330. 700 2 Street Southwest Tenant LP

331. 700 K Street NW Tenant LLC

332. 700 North Miami Tenant LLC

333. 700 SW 5th Tenant LLC

334. 708 Main St Tenant LLC

335. 71 5th Avenue Tenant LLC

336. 71 Stevenson Street Q LLC

337. 711 Atlantic Ave Tenant LLC

338. 725 Ponce De Leon Ave NE Tenant LLC

339. 7272 Wisconsin Avenue Tenant LLC

340. 729 Washington Ave Tenant LLC

341. 7300 Dallas Parkway Tenant LLC

342. 731 Sansome Street Tenant LLC

343. 75 Arlington Street Tenant LLC

344. 75 E Santa Clara Street Tenant LLC

345. 75 Rock Plz Tenant LLC

346. 750 Lexington Avenue Tenant LLC

347. 750 White Plains Road Tenant LLC

348. 755 Sansome Street Tenant LLC

349. 756 W Peachtree Tenant LLC

350. 77 Sands Tenant LLC

351. 77 Sands WW Corporate Tenant LLC

352. 77 Sleeper Street Tenant LLC

353. 7761 Greenhouse Rd Tenant LLC

354. 777 6th Street NW Tenant LLC

355. 78 SW 7th Street Tenant LLC

356. 8 W 40th Street Tenant LLC

357. 80 M Street SE Tenant LLC

358. 800 Bellevue Way Tenant LLC

359. 800 Market Street Tenant LLC

360. 800 North High Street Tenant LLC

361. 801 B. Springs Road Tenant LLC

362. 808 Wilshire Boulevard Tenant LLC

363. 820 18th Ave South Tenant LLC

364. 821 17th Street Tenant LLC

365. 83 Maiden Lane Q LLC

366. 830 Brickell Plaza Tenant LLC

367. 830 NE Holladay Street Tenant LLC

368. 8305 Sunset Boulevard HQ LLC

369. 8687 Melrose Avenue Tenant LLC

370. 8687 Melrose Green Tenant LLC

371. 88 U Place Tenant LLC

372. 880 3rd Ave Tenant LLC

373. 881 Peachtree Street Northeast Tenant LLC

374. 8910 University Center Lane Tenant LLC

375. 90 South 400 West Tenant LLC

376. 901 North Glebe Road Tenant LLC

377. 901 Woodland St Tenant LLC

378. 902 Broadway Tenant LLC

379. 920 5th Ave Tenant LLC

380. 920 SW 6th Avenue Tenant LLC

381. 9200 Timpanogos Highway Tenant LLC

382. 925 4th Avenue Tenant LLC

383. 925 N La Brea Ave Tenant LLC

384. 9670416 CANADA Inc.

385. 9777 Wilshire Boulevard Q LLC

386. 980 6th Avenue Tenant LLC

387. 9830 Wilshire Boulevard Tenant LLC

388. 99 Chauncy Street Q LLC

389. 99 High Street Tenant LLC

390. Bird Investco LLC

391. CD Locations, LLC

392. Cities by We LLC

393. Clubhouse TS LLC

394. Common Coffee, LLC

395. Common Desk Daymaker LLC

396. Common Desk DE, LLC

397. Common Desk Holdings LLC

398. Common Desk OC , LLC

399. Common Desk Operations LLC

400. Common Desk West 7th, LLC

401. Creator Fund Managing Member LLC

402. Euclid LLC

403. Euclid WW Holdings Inc.

404. FieldLens LLC

405. Five Hundred Fifth Avenue HQ LLC

406. Insurance Services by WeWork LLC

407. Legacy Tenant LLC

408. Mailroom Bar at 110 Wall LLC

409. MissionU PBC

410. One Gotham Center Tenant LLC

411. One Metropolitan Square Tenant LLC

412. Parkmerced Partner LLC

413. Play by WeWork LLC

414. Powered By We LLC

415. Project Caesar LLC

416. Project Standby I LLC

417. Prolific Interactive LLC

418. PxWe Facility & Asset Management Services LLC

419. South Tryon Street Tenant LLC

420. Spacious Technologies, LLC

421. The Hub Tenant LLC

422. The We Company Management Holdings L.P.

423. The We Company Management LLC

424. The We Company MC LLC

425. The We Company PI L.P.

426. Waltz Merger Sub LLC

427. We Rise Shell LLC

428. We Work 154 Grand LLC

429. We Work 349 5th Ave LLC

430. We Work Management LLC

431. We Work Retail LLC

432. WeInsure Holdco LLC

433. Welkio LLC

434. WeWork 156 2nd LLC

435. WeWork 175 Varick LLC

436. WeWork 25 Taylor LLC

437. WeWork 261 Madison LLC

438. WeWork 54 West 40th LLC

439. WeWork Asset Management LLC

440. WeWork Bryant Park LLC

441. WeWork Canada GP ULC

442. WeWork Canada LP ULC

443. WeWork Commons LLC

444. WeWork Companies U.S. LLC

445. WeWork Companies Partner LLC

446. WeWork Construction LLC

447. WeWork Holdings LLC

448. WeWork Interco LLC

449. WeWork LA LLC

450. WeWork Labs Entity LLC

451. WeWork Little West 12th LLC

452. WeWork Magazine LLC

453. WeWork Real Estate LLC

454. WeWork Services LLC

455. WeWork Space Services Inc.

456. WeWork Space Services LLC

457. WeWork Wellness LLC

458. WeWork Workplace LLC

459. Wildgoose I LLC

460. WW 1010 Hancock LLC

461. WW 107 Spring Street LLC

462. WW 11 John LLC

463. WW 110 Wall LLC

464. WW 111 West Illinois LLC

465. WW 115 W 18th Street LLC

466. WW 1161 Mission LLC

467. WW 120 E 23rd Street LLC

468. WW 1328 Florida Avenue LLC

469. WW 1550 Wewatta Street LLC

470. WW 1601 Fifth Avenue LLC

471. WW 1875 Connecticut LLC

472. WW 2015 Shattuck LLC

473. WW 205 E 42nd Street LLC

474. WW 210 N Green LLC

475. WW 220 NW Eighth Avenue LLC

476. WW 222 Broadway LLC

477. WW 2221 South Clark LLC

478. WW 240 Bedford LLC

479. WW 25 Broadway LLC

480. WW 26 JS Member LLC

481. WW 312 Arizona LLC

482. WW 350 Lincoln LLC

483. WW 379 W Broadway LLC

484. WW 401 Park Avenue South LLC

485. WW 5 W 125th Street LLC

486. WW 500 Yale LLC

487. WW 51 Melcher LLC

488. WW 520 Broadway LLC

489. WW 535 Mission LLC

490. WW 555 West 5th Street LLC

491. WW 5782 Jefferson LLC

492. WW 600 Congress LLC

493. WW 641 S Street LLC

494. WW 718 7th Street LLC

495. WW 745 Atlantic LLC

496. WW 79 Madison LLC

497. WW 81 Prospect LLC

498. WW 811 West 7th Street LLC

499. WW 85 Broad LLC

500. WW 995 Market LLC

501. WW Brooklyn Navy Yard LLC

502. WW BuildCo LLC

503. WW Co-Obligor Inc.

504. WW Enlightened Hospitality Investor LLC

505. WW Holdco LLC

506. WW Journal Square Holdings LLC

507. WW Journal Square Member LLC

508. WW Onsite Services AAG LLC

509. WW Onsite Services EXP LLC

510. WW Onsite Services LLC

511. WW Onsite Services SFI LLC

512. WW Onsite Services SUM LLC

513. WW Project Swift Development LLC

514. WW Project Swift Member LLC

515. WW VendorCo LLC

516. WW Worldwide C.V.

517. WWCO Architecture Holdings LLC

## **EXHIBIT 2**

**Form of Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF ENTRY OF**
**AN ORDER (I) RESTATING AND**
**ENFORCING THE WORLDWIDE AUTOMATIC STAY,**
***IPSO FACTO* PROTECTIONS, AND ANTI-DISCRIMINATION**
**PROVISIONS OF THE BANKRUPTCY CODE, (II) APPROVING THE**
**FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

  **PLEASE TAKE NOTICE** that on November 6, 2023, the above-captioned debtors and

debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

the District of New Jersey (the "<u>Court</u>").  The Debtors' chapter 11 cases are pending before the Honorable John K. Sherwood, and are being jointly administered under the lead case *WeWork Inc., et al.*, Case No. 23-19865 (JKS).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction that is applicable to all entities and protects the Debtors from, among other things:  (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of the Debtors' cases or (ii) to recover a claim against the Debtors that arose before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to that certain *Order (I) Restating and Enforcing the Worldwide Automatic Stay, Ipso Facto Protections, and Anti-Discrimination Provisions of the Bankruptcy Code, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* (the "<u>Order</u>") [Docket No. [__]], entered on [_____], 2023, and attached hereto as **<u>Exhibit A</u>**, all persons (including individuals, partnerships, corporations, and other entities, and all those acting on their behalf) wherever located, persons party to a contract or agreement with the Debtors, and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any

---

[2]    Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned cases.  The Debtors expressly reserve the right to contest any claims that may be asserted against them.

division, department, agency, instrumentality, or service thereof, and all those acting on their behalf) are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

      **PLEASE TAKE FURTHER NOTICE** that a complete list of the Debtors in these chapter 11 cases is attached to the Order as <u>Exhibit 1</u>.

      **PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims, interests, causes of action, or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against, the Debtors or their estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code, and applicable law.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things:  (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases as set forth more particularly in the Order.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating or modifying such contracts or agreements because of a Debtor's bankruptcy filing, except as permitted by the Court under applicable law.

      **PLEASE TAKE FURTHER NOTICE** that pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code, and applicable law (whether in or outside of the United States) may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law, including contempt proceedings that may result in fines, sanctions, and punitive damages against the entity and its assets inside the United States.

**PLEASE TAKE FURTHER NOTICE** nothing in the Order expands, enlarges, or limits the rights afforded to any party under the Bankruptcy Code, nor does the Order modify the rights provided under section 362(b) of the Bankruptcy Code, and all rights of parties in interest to assert that any action is subject, or not subject, to the automatic stay and injunction contemplated by section 362 of the Bankruptcy Code and the Order, including because of the operation of section 362(b) of the Bankruptcy Code, are preserved.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' chapter 11 cases, including copies of pleadings filed therein, may be obtained by accessing the Debtors' publicly available website at https://dm.epiq11.com/WeWork.

Dated: [＿＿], 2023
/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com


*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


*Proposed Co-Counsel for Debtors and
Debtors in Possession*