**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS**
**TO (A) CONTINUE USING THE CASH MANAGEMENT SYSTEM,**
**(B) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,**
**AND (C) MAINTAIN EXISTING DEBTOR BANK ACCOUNTS, BUSINESS FORMS,**
**AND BOOKS AND RECORDS; (II) AUTHORIZING THE DEBTORS TO CONTINUE**
**TO PERFORM INTERCOMPANY TRANSACTIONS; (III) WAIVING CERTAIN**
**U.S. TRUSTEE REQUIREMENTS; AND (IV) GRANTING RELATED RELIEF**

TO:  THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

## Relief Requested

1.      The Debtors seek entry of orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"):  (a) authorizing, but not directing, the Debtors to (i) continue using the Cash Management System, (ii) honor certain prepetition obligations related thereto, and (iii) maintain existing Debtor Bank Accounts, Business Forms, and Books and Records; (b) authorizing the Debtors to continue to perform intercompany transactions and funding consistent with the Debtors' historical practices; (c) granting interim and final waivers of the Debtors' compliance with the deposit and investment guidelines set forth in section 345(b) of the Bankruptcy Code; and (d) granting related relief.   In addition, the Debtors request that the Court schedule a final hearing eighty-five (85) days after the commencement of these chapter 11 cases to consider entry of the Final Order.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this Motion have the meaning ascribed to them elsewhere in this Motion or in the First Day Declaration, as applicable.

4.      The bases for the relief requested herein are sections 105, 345, 363, 364, and 503 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013–1 and 9013–5 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules").

### Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety of industries, from freelancers to Fortune 100 companies, come together to optimize performance.  WeWork is publicly traded on the New York Stock Exchange and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## The Cash Management System

### I.  Overview.

7.    In the ordinary course of business, the Debtors and their non-Debtor affiliates
(the "Non-Debtor Affiliates") maintain and operate a complex global cash management system
(the "Cash Management System"), a schematic of which is attached as Exhibit 1 to the Interim
Order.  As of the Petition Date, the Cash Management System comprises 1,004 bank accounts
(such accounts, together with any other bank accounts WeWork may open in the ordinary course
of business, the "Bank Accounts") that are owned by Debtors and certain Non-Debtor Affiliates
and are held at thirty-seven banks across forty countries in thirty-one different currencies (such
banks, collectively, the "Cash Management Banks").  As of the Petition Date, the Debtors hold
approximately $164 million in cash across Debtor Bank Accounts.

8.    The Cash Management System is critical to WeWork's business.  It streamlines
WeWork's ability to collect, transfer, and disburse funds generated from its operations and
facilitates cash monitoring, forecasting, and reporting.  WeWork's Treasury department
maintains daily oversight of the Cash Management System and implements cash management
controls for accepting, processing, and releasing funds, including in connection with any
Intercompany Transactions.  WeWork's Accounting department regularly reconciles WeWork's
books and records to ensure that all transfers are accounted for properly.

9.    The Cash Management System generally comprises four[3] separate components:
(i) the cash management system for U.S. operations (the "U.S. Cash Management System");
(ii) the cash management system for the Asia-Pacific region ("APAC," and such cash
management system, the "APAC Cash Management System"); (iii) the cash management system

---

[3]    Cash management for the Company's joint venture operations in Japan, Argentina, Brazil, Chile, Colombia,
Mexico, Netherlands, China, India, and U.S, is managed by an unrelated system comprising bank accounts
controlled entirely by Non-Debtor Affiliates.

for UAE, Russia, Norway, Hungary, Poland, and the Czech Republic ("Non-Pool EMEA," and

such cash management system, the "Non-Pool EMEA Cash Management System"); and (iv) the

Notional Cash Pool, which manages cash for operations in jurisdictions outside of the U.S.,

APAC, and Non-Pool EMEA, including Australia, Singapore, and certain jurisdictions in Europe

(the jurisdictions in the Notional Cash Pool, "Pool Jurisdictions").

      10.     Each day, in the ordinary course of business, the Blocked Account Control

Agreement Account (the "BACA Account") transfers $25 million into the Master Operating

Account, which in turn transfers funds on an as-needed basis around the rest of the Cash

Management System:

- ***United States.***  The Master Operating Account transfers funds to the U.S. Operating Accounts (the "U.S. Operating Accounts") daily on an as-needed basis to fund ordinary course operations at WeWork's leased facilities in the United States.  The Master Operating Account also transfers funds as needed to the U.S. Payroll Account to fund payroll for U.S.-based employees.

- ***Notional Cash Pool.***  Funds are transferred from the Master Operating Account to the Interco Account on as-needed basis.  Historically, funds were then transferred from the Interco Account to the Pool Settlement Account on an as-needed basis to help ensure that the Company maintained a minimum aggregate balance in the Notional Cash Pool and from time to time were also transferred to other accounts inside and related to the Notional Cash Pool to help fund operations in Pool Jurisdictions.  Prior to the Petition Date, as discussed in greater detail below, the Company began to transfer funds from the Interco Account to Pool-Related Concentration Accounts to fund operations in the Pool Jurisdictions.  The mechanics of the Notional Cash Pool are set forth in greater detail below.

- ***APAC.***  The Interco Account also transfers funds on an as-needed basis to the APAC Master Concentration Account, (the "APAC Master Concentration Account"), which in turn transfers funds to one or more of the Intermediate Concentration Accounts that sit at the top of each cash management structure in the five jurisdictions in APAC.  Funds are then transferred directly to an Operating Account or to a subsequent Intermediate Concentration Account and

ultimately to one or more Operating Accounts to fund ordinary course operations at certain Non-Debtor Affiliates' leased properties in APAC.[4]

- ***Non-Pool EMEA.*** Finally, the Interco Account transfers funds on an as-needed basis to one of the Master Concentration Accounts that sit at the top of each cash management structure in the five jurisdictions in Non-Pool EMEA.[5] Funds transferred to one of the Non-Pool EMEA Master Concentration Accounts (the "Non-Pool EMEA Master Concentration Accounts") are transferred to one or more Intermediate Concentration Account and ultimately to Operating Accounts or directly to Operating Accounts to fund operations at certain Non-Debtor Affiliates' leased properties in Non-Pool EMEA.

11.     WeWork's cash receipts from operations across the Company's business enterprise are deposited into Operating Accounts held directly by special purpose operating entities incorporated to hold one or more lease agreements.[6] Cash deposited into the Operating Accounts is automatically swept up either directly or through a series of Intermediate Concentration Accounts and Master Concentration Accounts into the Master Operating Account and then ultimately into the BACA Account.   The Operating Accounts also make ordinary course disbursements to fund operations at the Company's leased properties.   Because the vast majority of Operating Accounts in the Cash Management System are "zero balance" accounts that are swept daily, almost all disbursements from the Operating Accounts result in a temporary overdraft (each, an "Operating Overdraft").   Master Concentration Accounts in each country where the Company operates generally settle Operating Overdrafts overnight by cash transfers.

---

[4]   As discussed in greater detail below, operations in two Asia-Pacific jurisdictions, Singapore and Australia, were historically funded through the Notional Cash pool.  Reference herein to operations in the Asia Pacific region do not include operations in Singapore and Australia.

[5]   There is no Master Concentration Account in the cash management structure of Hungary.  Rather, the Interco Account transfers funds directly to an Operating Account maintained by Non-Debtor Affiliate WeWork Hungary Kft.

[6]   A *de minimis* amount of the Company's operating revenue comes in the form of checks deposited into the LockBox Accounts as discussed in greater detail in Section II below.  Proceeds from such checks are then credited to the corresponding Operating Account.

12.     WeWork's cash system in Pool Jurisdictions was historically governed by a notional cash pooling arrangement with Cash Management Bank J.P. Morgan SE - Luxembourg ("JPM Lux," the notional cash pool maintained thereby, the "Notional Cash Pool," and the Bank Accounts comprising the Notional Cash Pool, the "Cash Pool Accounts").  The Notional Cash Pool, including the Pool Overdraft Limit provided thereby, historically allowed WeWork to minimize tax and other operational complexities associated with intercompany transfers among multiple jurisdictions within the Notional Cash Pool, organize and monitor cash flows for its operations in the Pool Jurisdictions, ensure that available cash was efficiently used to meet financial obligations and reduce the risk of cash shortage or idle funds.[7]

13.     The Cash Management System is similar to those commonly employed by businesses of comparable size and scale to WeWork to help control funds, ensure cash availability for each entity, and reduce administrative expenses.  WeWork estimates that its cash receipt collections averaged approximately $250 million per month in the twelve months prior to the Petition Date.  In addition, WeWork estimates that total disbursements to third parties averaged approximately $290 million per month in the twelve months prior to the Petition Date.

14.     Because of the nature and operational scale of the Debtors' business, any disruption to the Cash Management System would have an immediate and material adverse effect on the Debtors' business and operations to the detriment of their estates and stakeholders. Accordingly, to minimize any disruption, the Debtors request authority to continue to use their existing Cash Management System during the pendency of these chapter 11 cases, subject to the terms described herein.

---

[7]    As discussed in greater detail in section III below, on October 18, 2023, JPM exercised its right setoff right under the Cash Pooling Agreement and reduced the Pool Overdraft Limit to $1, which effectively deactivated the Notional Cash Pool. The Debtors have since been transferring funds directly from the Interco Account to the Pool-Related Concentration Account in each Pool Jurisdiction to fund operations there.

## II.     The Bank Accounts.

15.     As of the Petition Date, the Cash Management System comprises a total of 1,004 Bank Accounts.   Of the Bank Accounts, 560 are owned and controlled by the Debtors (the "Debtor Bank Accounts"), which are identified on Exhibit 2 to the Interim Order, while the remaining 444 are owned by Non-Debtor Affiliates.   The Debtors' primary Cash Management Bank outside of the APAC Cash Management System is J.P. Morgan Chase Bank, N.A. ("JPM"), and its primary Cash Management Banks in the APAC Cash Management System are HSBC Bank ("HSBC") and JPM.   Cash Management Banks in the Non-Pool EMEA Cash Management System include JPM, Citibank Europe plc, Unicredit Bank, PKO Bank, AO Raiffeisenbank, and Skandinaviska Enskilda Banken.

16.     The Bank Accounts generally fall into one of a number of broad categories:[8]

| Bank Accounts | Description of Accounts |
|---|---|
| BACA Account<br><br>*JPM Account ending in 7550* | In the ordinary course of business, Debtor WeWork Companies U.S. LLC maintains a Bank Account that holds approximately fifty percent of WeWork's cash on hand and sits at the top of the Cash Management System.  Cash in the BACA Account comes primarily from ordinary course operations, the proceeds of the Company's debt facilities, and service retainers paid by members pursuant to their membership agreements (the "Service Retainers").<br><br>Each day, the BACA Account automatically transfers $25 million into the Master Operating Account, which transfers cash to other parts of the Debtors' Cash Management System.  The BACA Account is subject to a deposit account control agreement (a "DACA") in favor of Goldman Sachs International Bank ("GSIB"). |
| Master Operating Account<br><br>*JPM Account ending in 5960* | Debtor WeWork Companies U.S. LLC maintains a Bank Account that disburses funds to the U.S. Operating Accounts, the U.S. Payroll Account, and the Interco Account on an as-needed basis (the "Master Operating Account").  Cash is transferred from the Master Operating Account to the U.S. Payroll Account to make disbursements for U.S. payroll and to the Interco Account to fund the rest of the Cash Management System.  The Master Operating Account also sweeps funds from the U.S. Operating Accounts, the U.S. Payroll Account, and the Interco Account on a daily basis.  The Master Operating Account maintains a minimum cash balance of $10 million and sweeps all excess funds into the |

---

[8]     These descriptions of each type of Bank Account are for illustrative purposes only.  A single Bank Account may fall into more than one of the categories described below.

| Bank Accounts | Description of Accounts |
|---|---|
| | BACA Account on a daily basis.<br><br>The Master Operating Account is also used to pay interest on the Company's funded debt obligations. |
| Master Disbursement Account<br><br>*JPM Account*<br>*ending in 5952* | Debtor We Work Management LLC maintains a Bank Account that disburses funds for enterprise-level payments, including, among other things, marketing expenses, utility payments, insurance payments, and payments in connection with the Credit Card Program (the "Master Disbursement Account"). The Master Disbursement Account is funded by the Master Operating Account on an as-needed basis. |
| Interco Account<br><br>*JPM Account*<br>*ending in 7298* | Debtor WeWork Interco LLC maintains a Bank Account that receives cash from the Master Operating Account on as-needed basis and then remits cash into the Notional Cash Pool, the APAC Master Concentration Account, and the Non-Pool EMEA Master Concentration Accounts on an as-needed basis (the "Interco Account"). The Interco Account also receives funds from the Notional Cash Pool, the APAC Master Concentration Account, and the Non-Pool EMEA Master Concentration Accounts on a periodic basis. The Interco Account is a zero balance account. |
| **Operating Accounts** | |
| Operating Accounts<br><br>*894 Accounts* | In general, each Company entity is party to one or more leases of real property and maintains an operating bank account at a local branch of JPM, with respect to entities in the U.S. and Pool Jurisdictions; at JPM or HSBC, with respect to certain entities in APAC; and at JPM, Citibank Europe plc, Unicredit Bank, PKO Bank, AO Raiffeisenbank, or Skandinaviska Enskilda Banken with respect to entities in Non-Pool EMEA (collectively, the "Operating Accounts"). Cash from collection of membership fees, Service Retainers, and other sources that is disbursed into the Operating Accounts is swept on a daily basis into the Master Operating Account, in the case of U.S. Operating Accounts, or, in the case of operations outside the U.S., into an Intermediate Concentration Account or Master Concentration Account.<br><br>In the ordinary course of business, the Operating Accounts make disbursements to fund operating expenses including cleaning services, security, and food and drinks supplied to members at WeWork's leased locations, resulting in Operating Overdrafts. Cash is then disbursed overnight from a Master Concentration Account either directly or indirectly into the Operating Accounts to settle the Operating Overdrafts. |
| **Concentration Accounts** | |
| Master Concentration Account<br><br>*Twenty-Nine Accounts* | Certain Debtor and Non-Debtor Affiliates maintain concentration accounts that sweep funds from Intermediate Concentration Accounts or Operating Accounts and then disburse the same directly or indirectly into the Master Operating Account (the "Master Concentration Account"). Funds in each Master Concentration Account are transferred on an as-needed basis into Operating Accounts either directly or indirectly through one or more Intermediate Concentration Accounts to settle Operating Overdrafts. |

| Bank Accounts | Description of Accounts |
|---|---|
| Intermediate Concentration Accounts<br><br>*Thirteen Accounts* | Certain Debtor and Non-Debtor Affiliates maintain intermediate accounts (the "Intermediate Concentration Accounts," and together with the Master Concentration Accounts, the "Concentration Accounts") that receive funds swept from Operating Accounts or other Intermediate Concentration Accounts, as applicable.  Funds in Intermediate Concentration Accounts are then swept into, as applicable, another Intermediate Concentration Account or a Master Concentration Account.  There are no Intermediate Concentration Accounts in the U.S. and Pool Jurisdictions.  Intermediate Concentration Accounts in APAC and Non-Pool EMEA are not zero balance accounts. |
| **Payroll Accounts** | |
| Payroll Accounts<br><br>*Multiple Accounts* | The Debtors maintain multiple Bank Accounts used to fund payroll to WeWork's enterprise employees (the "Payroll Accounts"):<br><br>• Payroll Account ending in 5977 held by Debtor We Work Management LLC is used to fund payroll obligations for WeWork's payroll in the U.S. (the "U.S. Payroll Account").<br><br>• Payroll Account ending in 6069 held by Non-Debtor Affiliate WeWork International Limited is used to fund Non-Community Payroll [9] obligations for WeWork's employees in the U.K. (the "U.K. Payroll Account").[10]<br><br>• In APAC, payroll is paid through the in country Operating Accounts for Thailand, Vietnam, Indonesia, Malaysia, and the Philippines.  In South Korea, the standalone Payroll Account ending 5899 funds payroll.<br><br>• Five Payroll Accounts ending in 6364, 1780, 1740, 0483, and 4889 held by certain Non-Debtor Affiliates are used to fund payroll obligations for WeWork's employees in certain Pool Jurisdictions, including Germany, France, Italy, and Belgium (the "Pool Jurisdictions Payroll Accounts").  Generally, in the Pool Jurisdictions, payroll is paid through either Payroll Accounts or in country Operating Accounts.<br><br>• In Non-Pool EMEA, payroll is paid through the in-country Operating Accounts.<br><br>Each of the Payroll Accounts is funded by the Master Operating Account, in the case of the U.S. Payroll Account; the U.K. Pool Participant Account, in the case of the U.K. Payroll Account; and certain Pool-Related Concentration Accounts, in the case of the Pool Jurisdictions Payroll Accounts.  The Payroll Accounts in the Notional Cash Pool are all zero balance accounts. |

---

[9]   As used herein, "Non-Community Payroll" refers to payroll to employees who perform corporate functions. Employees who support members directly at WeWork's leased locations outside of the U.S. are generally paid out of the Operating Accounts.

[10]   The U.K. Payroll Account is also the U.K. Pool-Related Concentration Account.  This Bank Account also makes disbursements on account of certain operational expenditure for all non-U.S. WeWork entities.

| Bank Accounts | Description of Accounts |
|---|---|
| **Cash Pool and Related Accounts**[11] | |
| Pool Settlement Account<br><br>*JPM Lux Accounts ending in 6117* | Debtor WeWork Interco LLC maintains one primary Bank Account in the Notional Cash Pool (the "Pool Settlement Account"). Historically, the Pool Settlement Account was manually funded by the Interco Account ending in 7298 on an as-needed basis to ensure that the Notional Cash Pool remained in compliance with the Cash Pooling Agreement. |
| Pool Participant Accounts<br><br>*Twelve Accounts* | Historically, twelve of the Cash Pool Accounts served as both concentration accounts and disbursement accounts with respect to a corresponding Pool-Related Concentration Account (the "Pool Participant Accounts"). The Notional Cash Pool includes one Pool Participant Account for each country that participates in the Notional Cash Pool. Historically, the Pool Settlement Account periodically transferred funds to the Pool Participant Accounts to ensure the Company remained in compliance with the Cash Pooling Agreement. The Pool Participant Accounts also swept funds from the Pool-Related Concentration Accounts on a daily basis. |
| Pool-Related Concentration Accounts<br><br>*Twelve Accounts* | Each Pool Participant Account has a corresponding concentration and disbursement account that sits outside the Notional Cash Pool (each, a "Pool-Related Concentration Account"). Each of the Pool Jurisdictions has one Pool-Related Concentration Account held at a JPM branch located in such country. The Pool-Related Concentration Accounts serve as master concentration accounts for the Operating Accounts in such country. Historically, subject to the Cash Pooling Agreement, Pool-Related Concentration Accounts drew cash from their corresponding Pool Participant Accounts and then disbursed funds on an as-needed basis directly to Operating Accounts. The Pool-Related Concentration Accounts were zero balance accounts. Starting from October 18, 2023, the Pool-Related Concentration Accounts are no longer zero balance accounts and are now allowed to hold cash. |
| Pool Tax Disbursement Accounts<br><br>*JPM Lux Accounts ending in 9870 and 6168* | Non-Debtor Affiliate WeWork Companies (International) B.V. maintains two Bank Accounts at JPM Lux that sit in the Notional Cash Pool and make tax disbursements on account of all of the Company's wholly-owned Dutch entities (the "Pool Tax Disbursement Accounts"). The Pool Tax Disbursement Accounts are primarily funded by Intercompany Loans issued by WeWork Interco LLC. |
| WeWork Interco Pool Accounts<br><br>*JPM Lux Accounts ending in 9443 and 9735* | Debtor WeWork Interco LLC maintains two additional Bank Accounts in the Notional Cash Pool (the "WeWork Interco Pool Accounts"). Historically, the WeWork Interco Pool Accounts have been used for intercompany transfers within the Notional Cash Pool that are EUR denominated or GBP denominated, respectively. As of the Petition Date, WeWork Interco Pool Accounts have *de minimis* balances. |
| Other Pool Accounts | The Notional Cash Pool Bank Account ending in 2440 is primarily used to receive all EUR proceeds related to the WeWork Workplace product. The |

---

[11]  The description of the Cash Pool Accounts and related Bank Accounts is based on historical practice. As explained in greater detail below, since October 18, 2023, the Notional Cash Pool was effectively deactivated, and on October 30, 2023, the Notional Cash Pool was formally terminated.

Case 23-19865-JKS   Doc 20   Filed 11/07/23   Entered 11/07/23 02:40:21   Desc Main
Document     Page 12 of 109

| Bank Accounts | Description of Accounts |
|---|---|
| *JPM Lux Accounts ending in 2623 and 2440* | Notional Cash Pool Bank Account ending in 2623 is inactive and holds $0 in cash. |
| **Investment Accounts** | |
| Investment Accounts<br><br>*Fourteen Accounts* | WeWork maintains fourteen Bank Accounts at Goldman Sachs & Co. LLC (the "Investment Accounts"). The Investment Accounts are funded with excess cash from the BACA Account via transfers through the Master Operating Account. The funds in the Investment Accounts are invested, at the Debtors' discretion, in various money market funds. As of the Petition Date, the balances in the Investment Accounts are *de minimis*. |
| **Common Desk Accounts** | |
| Common Desk Accounts<br><br>*Eight Accounts* | Certain Debtors maintain eight Bank Accounts (the "Common Desk Accounts") that collect revenue and make disbursements for operating expenses similar to the Operating Accounts. Unlike the Operating Accounts, the Common Desk Accounts are not zero balance accounts. |
| **Inactive and Other Accounts** | |
| Inactive and Other Accounts<br><br>*Multiple Accounts* | WeWork maintains several additional Bank Accounts at JPM that are either immaterial to the global cash management system, hold *de minimis* funds, or both (the "Other Accounts"):<br><br>• TopCo Account: Debtor WeWork Inc. maintains a Bank Account at JPM ending in 3801, the purpose of which is to house cash arising out of any equity issuance by WeWork Inc. and the price paid by WeWork employees in connection with the exercise of their stock options. The balance in the TopCo Account as of the Petition Date is *de minimis*.<br><br>• The L/C Collateral Account: Debtor WeWork Companies U.S. LLC maintains a Bank Account at JPM ending in 0937 to house cash that collateralizes certain of the Company's letters of credit. The L/C Collateral Account is subject to a DACA in favor of GSIB. The balance in the L/C Collateral as of the Petition Date is *de minimis*.<br><br>• The LockBox Accounts: Debtor We Work Management LLC, Common Desk Operations LLC, and WeWork Canada LP ULC maintain Bank Accounts at JPM ending in 8913, 8839, and 9170, respectively, the purpose of which is to hold funds from checks sent to the Debtors by their members. The balance in the LockBox Accounts as of the Petition Date is *de minimis*.<br><br>• The Project Swift Account: Debtor WW Project Swift Development LLC maintains a Bank Account at JPM ending in 0355. The Project Swift Account was originally opened in connection with a single lease at a property that WeWork subsequently exited. As of the Petition Date the Project Swift Account holds approximately $250,000 in cash. The Debtors intend to withdraw any remaining funds from and close the Project Swift Account as soon as practicable after the Petition Date. |

| Bank Accounts | Description of Accounts |
|---|---|
| | • ARK Investment Account:  Non-Debtor Affiliate ARK Investment Group Holdings LLC ("ARK") maintains a Bank Account at JPM ending in 9367 that houses distributions from subsidiary Non-Debtor Affiliate WeWork Capital Advisors, LLC, in which ARK owns an 80 percent stake.  As of the Petition Date the ARK Investment Account holds $0 in cash.<br><br>• Inactive Accounts:  The Debtors' Cash Management System also includes certain inactive accounts which were used for historical operating, investment, or legal purposes and hold *de minimis* cash balances. |
| Adequate Assurance Account<br><br>*JPM Account*<br>*ending in 6257* | Debtor We Work Management LLC maintains a Bank Account ending in 6257 (the "Adequate Assurance Account").  The Adequate Assurance Account will hold $1 million as adequate assurance for utility providers, as further described in the Utilities Motion.[12] |

## III.    Ordinary Course Cash Flows.

17.    ***Cash Generation***.    Substantially all of WeWork's cash on hand comprises proceeds from WeWork's ordinary course operations and historical funded-debt borrowings. The Operating Accounts receive cash generated from the Debtors' operations, including receivables on account of, among others, WeWork's space-as-a-service business, WeWork Access, and WeWork Workplace.  Excess funds from the Operating Accounts are generally swept upstream on a daily basis.  In the U.S., Operating Accounts are "zero balanced" directly into the Master Operating Account, and in Pool Jurisdictions, Operating Accounts are "zero balanced" into Pool-Related Concentration Accounts, either directly or through one or more Intermediate Concentration Accounts.    The Pool-Related Concentration Accounts and the Intermediate and Master Concentration Accounts in APAC and Non-Pool EMEA are permitted to hold cash to fund operations in their respective jurisdictions on an as-needed basis.

---

[12] Contemporaneously herewith, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing the Payment of Certain Fees for Services Performed, and (V) Granting Related Relief* (the "Utilities Motion").  The Adequate Assurance Account will be funded in accordance with the procedures set forth in the Utilities Motion.

18.     ***Cash Disbursement***.   In the ordinary course of business, WeWork's Operating Accounts make disbursements to third parties to meet WeWork's payment obligations. Disbursements from the Operating Accounts primarily consist of (i) payments on account of payroll obligations, in the case of APAC (other than South Korea) and Non-Pool EMEA, (ii) payments to vendors and suppliers, (iii) rent payments, (iv) non-enterprise level marketing expenses, and (v) other ordinary course operating expenses.   Disbursements on account of payroll obligations are made from either the Payroll Accounts or the Operating Accounts, as applicable.   Disbursements on account of enterprise-level taxes, interest, and other debt service payments, enterprise level marketing expenses, insurance payments, and other corporate expenses are made out of the Master Disbursement Account.   Finally, disbursements on account of utility obligations are made out of Master Disbursement Account and into an account maintained by the Debtors' utility agent, who then makes payment to each utility provider.   The collection and disbursement of cash on behalf of each Debtor and Non-Debtor Affiliate is tracked and recorded and results in Intercompany Claims between each Debtor and Non-Debtor Affiliate.

19.     Because a majority of the Operating Accounts are "zero balance" accounts, nearly all disbursements from Operating Accounts result in Operating Overdrafts.  Operating Overdrafts are then settled each night through a series of transfers from the Master Operating Account, Master Concentration Accounts, and Intermediate Concentration Accounts, as applicable. Historically, pursuant to the definitive documentation that governs WeWork's relationship with JPM, the maximum amount of Operating Overdrafts permitted across all JPM Bank Accounts in any given day is capped at $62 million (the "Original Intraday Limit").  On November 2, 2023, JPM informed the Company that it had reduced the Original Intraday Limit to $0.  Following

good faith, arm's-length negotiation, prior to the Petition Date, JPM and the Company agreed to the following changes to the Company's Cash Management System (the "Adjusted JPM Cash Management Structure"):  (a) JPM, in its sole discretion, will continue to maintain the Cash Management System (including modifications from past practices in the discretion of JPM) for the Company, which Cash Management System will include (i) with respect to the U.S. Bank Accounts, an overdraft limit of up to $35 million in the aggregate inclusive of the Intraday Sublimit (as defined below) subject to adjustment from time to time pursuant to the JPM Agreement and any other definitive documentation that governs WeWork's relationship with JPM  (the "Adjusted Intraday Limit"), (ii) with respect to the Bank Accounts in U.K., Canada, and Australia, and any other jurisdictions as mutually agreed between the Company and JPM, an overdraft sublimit of up to $15 million in the aggregate (the "Intraday Sublimit"), and (iii) the Cash Management System for Non-Debtor Affiliates in Germany, Ireland, France, Italy, and Netherlands shall have access to JPM's "just-in-time" product; (b) access to the Adjusted Intraday Limit is subject to the Company's maintaining a minimum cash balance across Debtor Bank Accounts of an aggregate amount equal to the Adjusted Intraday Limit *plus* $20 million in cash *plus* the projected processional fees for the applicable period as set forth in the applicable Approved Budget (each as defined in the Cash Collateral Orders) (the "Minimum Liquidity Requirement"); (c) in the event that the Debtors fail to maintain the Minimum Liquidity Requirement, unless otherwise agreed to with JPM, the Company shall not request any overdraft amounts from the Bank Accounts, and JPM shall not have any obligation to honor any requests for overdraft amounts; and (d) the Cash Collateral Orders shall provide for a carve out (the "JPM Carve Out") from any liens and claims for the benefit of JPM on account of the JPM Intraday Exposure, which shall be subject and subordinate only to the Carve Out (each as defined in the

Cash Collateral Orders); *provided* that, in the event that (x) JPM ceases to maintain the Adjusted

JPM Cash Management Structure, (y) the Company, at its sole discretion, decides to terminate its

access to the Adjusted Intraday Limit, or (z) the JPM Intraday Exposure is supported by one or

more debtor-in-possession letters of credit in an aggregate amount equal to the Minimum

Liquidity Requirement, any and all obligations of the Company under the Adjusted JPM Cash

Management Structure shall immediately cease.

20.     Maintaining the Adjusted JPM Cash Management Structure is critical to the

operational viability of the Debtors' business enterprise.  Any disruption to the Adjusted JPM

Cash Management Structure, which is carefully calibrated to meet the Debtors' operational

needs, would lead to delays in payment to employee payroll, vendors, taxing authorities, and

other key stakeholders, and would threaten the Company's operational viability.

21.     ***Cash Pooling Activities.***   The Notional Cash Pool comprises nineteen Bank

Accounts held at JPM Lux, including:

- three Bank Accounts at Debtor WeWork Interco LLC (including the Pool Settlement Account),

- one Bank Account at Debtor WeWork Workplace LLC,

- two Bank Accounts at Non-Debtor Affiliate WeWork Companies (International) B.V.,

- one Bank Account at Non-Debtor Affiliate WeWork International Limited, and

- twelve Pool Participant Accounts held by certain of WeWork's foreign-based affiliates (each such affiliate, a "Pool Participant").[13]

---

[13] The Pool Participants include WeWork International Limited, WeWork Germany GmbH, WeWork France SAS, WeWork Italy S.R.L., WeWork Netherlands B.V., WW Sweden AB, WeWork Belgium SRL, WeWork Community Workspace S. L., WeWork Community Workspace Ireland Limited, WeWork Canada LP ULC, WeWork Australia Pty Ltd, and WeWork Singapore Pte. Ltd.

22.     Each Pool Participant holds a Pool Participant Account at JPM Lux and a corresponding Pool-Related Concentration Account at a local branch of JPM.  Historically, the Notional Cash Pool allowed a Pool-Related Concentration Account to draw funds from its corresponding Pool Participant Account regardless of whether such Pool Participant Account maintained a positive balance.  Pursuant to the agreement governing the Notional Cash Pool (the "Cash Pooling Agreement"), JPM would honor such draw requests from any of the Pool-Related Concentration Accounts subject to (i) an aggregate gross overdraft limit of $165 million (the "Pool Overdraft Limit"), and (ii) the maintenance of a zero or positive aggregate pool balance calculated by offsetting the credit and debit positions of all of the Cash Pool Accounts.  Historically, the Debtors periodically transferred funds from the Interco Account on an as-needed basis to the Pool Settlement Account to ensure that the Notional Cash Pool remains in compliance with requirements under the Cash Pooling Agreement.

23.     On October 18, 2023, JPM took several actions to reduce the Pool Overdraft Limit to $1 and set off balances in Pool Participant Accounts to ensure that each such account had a balance greater than or equal to $0, which effectively deactivated the Notional Cash Pool. The Debtors have since adjusted their cash management system in each Pool Jurisdiction to transfer funds directly from the Interco Account to each Pool-Related Concentration Account on an as-needed basis.   Since the reduction of the Pool Overdraft Limit, the Debtors have transferred approximately $165 million from the Interco Account to the various Pool-Related Concentration Accounts to remain in compliance with the requirements under the Cash Pooling Agreement, resulting in a substantial strain on the Debtors' liquidity.  On October 31, 2023, JPM informed the Debtors that it intended to terminate the notional pooling arrangements effective as of that date (the "Pool Termination Date").

24.     Each Pool-Related Concentration Account disburses funds on an as-needed basis into local Operating Accounts either directly or through one or more Intermediate Concentration Accounts.    Funds deposited into the Operating Accounts are used to settle the Operating Overdrafts in the Pool Jurisdictions, and excess cash collected by the Operating Accounts, if any, is swept on a daily basis into the Pool-Related Concentration Accounts.    Each of the Operating Accounts in the Pool Jurisdictions is a "zero balance" account.    Prior to October 18, 2023, the Pool-Related Concentration Accounts were zero balance accounts, and funds in these accounts were swept into the Pool Participant Accounts on a daily basis.    The Pool-Related Concentration Accounts no longer transfer funds into the Notional Cash Pool and are allowed to hold cash.

25.     ***APAC and Non-Pool EMEA Cash Management Systems***.    Unlike the Notional Cash Pool, all of the WeWork entities within the APAC Cash Management System and the Non-Pool EMEA Cash Management System are Non-Debtor Affiliates.    In general, funds transferred to the APAC Master Concentration Account and to one of the Master Concentration Accounts in Non-Pool EMEA are transferred to Operating Accounts held by Non-Debtor Affiliates either directly or through one or more Intermediate Concentration Accounts.    The Operating Accounts and Master Concentration Accounts in both the APAC Cash Management System and the Non-Pool EMEA Cash Management System are not "zero balance" accounts and are generally allowed to hold funds to fund operations as necessary.

26.     ***Guarantee Facility.***    WeWork also maintains a letter of credit facility (the "L/C Facility" and participating banks the "L/C Banks") as part of the Cash Management System. Pursuant to the L/C Facility, the L/C Banks issue letters of credit to support certain of WeWork's real estate leases and surety bonds.    As of the Petition Date, there are approximately $1.563 billion in aggregate outstanding principal and accrued interest for obligations outstanding

under the L/C Facility.  Historically, cash held in the L/C Collateral Account was used to cash collateralize WeWork's obligations under the L/C Facility; however, following the Company's entry into a reimbursement agreement with SoftBank on February 10, 2020, the L/C Collateral Account was drawn down and now contains *de minimis* funds.  While the L/C Collateral Account is no longer integral to the Cash Management System, out of an abundance of caution the Debtors seek authority, but not direction, to maintain the L/C Collateral Accounts as described herein.

## IV.   The Bank Fees.

27.    In the ordinary course of business, the Debtors incur periodic service charges and other fees in connection with maintenance of the Cash Management System (collectively, the "Bank Fees").  Each month, the Debtors incur *de minimis* Bank Fees in connection with maintaining Debtor and Non-Debtor Affiliate Bank Accounts.  Generally, the Bank Fees are netted against the interest payment that the Cash Management Banks owe to the Debtors and do not involve additional cash outlay by the Debtors.  As of the Petition Date, the Debtors estimate that they owe a *de minimis* amount in prepetition Bank Fees, all of which will be netted against the interest payment owed by the Cash Management Banks.  To maintain the integrity of their Cash Management System, the Debtors seek authority to continue paying Bank Fees, including any Bank Fees that are owed as of the Petition Date, in the ordinary course on a postpetition basis, consistent with historical practice.

## V.    Critical Payment Processing Providers.

28.    In the ordinary course of business, the Debtors accept, among other payment methods, American Express, Visa, Mastercard, Diners, Discover, and JCB from customers.  To process the non-cash payment transactions, the Debtors are party to certain agreements with payment processors (the "Payment Processors"), who in turn charge the Debtors a processing fee

(collectively, the "Processing Fees").  The Debtors incur approximately $900,000 in Processing

Fees per month.  The Debtors estimate that they owe approximately $1.2 million in prepetition

Processing Fees as of the Petition Date.[14]

## VI.    Credit Card Program.

29.    As part of the Cash Management System, the Debtors provide certain employees

with access to travel and travel-related expense credit cards and purchase credit cards issued by

American Express and Barclays Bank PLC (collectively, the "Corporate Credit Cards") as part of

its credit card program (the "Credit Card Program").  The Corporate Credit Cards are used to

cover certain authorized business or travel expenses, including miscellaneous operational

expenses, hotel stays and meals, and other necessary and approved company expenditures.  The

Debtors pay the balances accrued on the Corporate Credit Cards directly for approved charges

made by their respective employees through the Master Disbursement Account.  Employees

receive monthly billing statements that reflect the payments these entities made on their behalf.

For any expenses not approved by these entities, the employees are responsible for paying the

accrued balances on the Corporate Credit Cards directly.

30.    The Debtors incur approximately $700,000 each month under the Cash

Management System to maintain the Credit Card Program.  As of the Petition Date, the Debtors

do not estimate that they owe any amount in prepetition obligations related to the Credit Card

Program.  Out of an abundance of caution, however, the Debtors seek authority to honor any

prepetition amounts owed on account of the Credit Card Program.

---

[14]    Contemporaneously herewith, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto, and (II) Granting Related Relief* (the "Customer Programs Motion"). The Debtors seek authority, but not direction, to pay any prepetition amounts owed on account of the Processing Fees and to continue paying the Processing Fees in the ordinary course of business on a postpetition basis in the Customer Program Motion.

31.     The Credit Card Program is an integral part of the Debtors' Cash Management System.   Employees continued use of the Corporate Credit Cards for operational and travel purposes and the Debtors' ability to pay the balances accrued on the Corporate Credit Cards through the Credit Card Program is essential to the continued operation of the Debtors' businesses.   To the extent not otherwise authorized under any order of this Court granting the relief requested in the Wages Motion,[15] the Debtors seek authority, but not direction, to issue Corporate Credit Cards pursuant to the Credit Card Program consistent with prepetition practice in the ordinary course of business, subject to any terms and conditions thereof, and to pay any amount due and owing thereunder in the ordinary course of business on a postpetition basis, including, without limitation, making payments on account of charges that were made under the Credit Card Program both prior to and after the Petition Date.

## VII.    Compliance with the Bankruptcy Code and Guidelines.

### A.    Compliance with U.S. Trustee Guidelines and Section 345 of the Bankruptcy Code

32.     Section 345(a) of the Bankruptcy Code governs a debtor's cash deposits during a chapter 11 case and authorizes deposits of money as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment."   To comply with section 345 of the Bankruptcy Code, the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* (the "U.S. Trustee Guidelines") for the United States Trustee for the District of New Jersey (the "U.S. Trustee") generally require chapter 11 debtors to, among other things, deposit all estate funds into an account with an authorized bank depository that agrees to comply with certain requirements set by the U.S. Trustee (each,

---

[15]   Contemporaneously herewith, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs; and (II) Granting Related Relief* (the "Wages Motion").

an "Authorized Depository").  Section 345(b) of the Bankruptcy Code requires a debtor's bank to post a bond unless a debtor's funds are "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States."  11 U.S.C. § 345(b).

33.    The majority of the Debtors' Cash Management Banks are held at JPM, an authorized depository under the U.S. Trustee Guidelines (the "Authorized Depositories"), while the remaining Cash Management Banks—at which the Debtors maintain forty-four of their Bank Accounts—are not.  Likewise, most of the Debtor Bank Accounts are insured by the Federal Deposit Insurance Corporation (the "FDIC").  JPMorgan Chase Bank, Toronto, JPMorgan Chase Bank, Amsterdam, JPM Lux, and JPMorgan Chase Bank, London, where certain Debtors maintain accounts outside the United States (the "Foreign Bank Accounts"), are well-capitalized, financially stable, and reputable institutions.[16]  These financial institutions are well-positioned to continue performing depository and cash management functions during these chapter 11 cases.  Furthermore, given the global scope of the Debtors' operations and cash management requirements, it is not feasible to post a bond or relocate the Foreign Bank Accounts to U.S.-only accounts, which could have potentially significant tax or regulatory impacts.  Cause exists to allow the Debtors to continue utilizing the existing Bank Accounts consistent with historical practices.

34.    In the event that any of the Debtor Bank Accounts cease to comply with, or do not comply with, the requirements of section 345(b) of the Bankruptcy Code during these chapter 11

---

[16]    Outside of the US, the Debtor Bank Accounts are located in Canada, Netherlands, Luxembourg, and U.K.  The Debtor Bank Accounts in Canada are insured by the Canada Deposit Insurance Corporation, which insures accounts up to CA$100,000.  Similarly, the Netherlands Bank Accounts are insured by the Dutch Deposit Guarantee up to €100,000.  The Luxembourg Bank Accounts are insured by the Deposit Guarantee Fund, which insures accounts up to €100,000.  The U.K. Bank Accounts are insured by the Financial Services Compensation Scheme up to €85,000.

cases, the Debtors request that the Court grant the Debtors a forty-five (45) day extension, without prejudice to the Debtors' right to seek and additional extension after the entry of the Interim Order, to either (a) bring the applicable Bank Accounts into compliance with section 345(b) of the Bankruptcy Code or (b) seek appropriate relief from the Court.

> **B.      Compliance with U.S. Trustee Guidelines as to Business Forms and Books and Records.**

35.      As part of the Cash Management System, the Debtors use a variety of preprinted business forms (including letterhead, correspondence forms, invoices, and other business forms) in the ordinary course of business (collectively, and as they may be modified from time to time, the "Business Forms").  The Debtors also maintain books and records to document their financial results and a wide array of operating information (collectively, the "Books and Records").  To avoid a material disruption to their business operations and to minimize administrative expense to their estates, the Debtors request authorization to continue using all of the Business Forms and Books and Records in a manner consistent with prepetition practice, without reference to the Debtors' status as chapter 11 debtors in possession.

## VIII.   Intercompany Transactions.

36.      Characteristic of a global enterprise, in the ordinary course of business, WeWork entities maintain and engage in routine business transactions with one another, including issuing and receiving Intercompany Loans (such transactions, the "Intercompany Transactions"), that may result in intercompany claims (the "Intercompany Claims").   Generally, Intercompany Claims arise in the ordinary course of business as Debtors and Non-Debtor Affiliates periodically transfer cash to one another, either via the Notional Cash Pool, the APAC Cash Management System, or the Non-Pool EMEA Cash Management System, for certain purposes as described above.   The Debtors can ascertain, trace, and account for all Intercompany

Transactions through bank cash balance reports, which are reflective of actual cash movements, and will continue to monitor Intercompany Transactions on a postpetition basis in the ordinary course of business. Intercompany Claims are generally reflected as journal entry receivables and payables, as applicable, in the Company's accounting systems and, in some circumstances, documented through intercompany agreements.

37. The Intercompany Transactions are essential components of the Debtors' global operations and relate to, among other things: (i) allocations of costs, revenue, or receipts in respect of assets or contracts with third parties across the applicable WeWork entities; (ii) concentration of cash in the Master Concentration Accounts and Intermediate Concentration Accounts for cash management purposes; (iii) satisfaction of Intercompany Loans or other debt-related payments; (iv) transfer of funds to Operating Accounts for the purpose of settling Operating Overdrafts and making ordinary course expenditures, as needed; and (v) remittance of profits to parent entities in the form of dividends or partnership distributions (as applicable).

38. ***Intercompany Loans***. The Debtors fund their international operations through a system of interest bearing intercompany loans (the "Intercompany Loans"). In the ordinary course of business, Debtor WeWork Interco LLC issues Intercompany Loans to certain Non-Debtor Affiliates in Pool Jurisdictions and Non-Pool EMEA (the "Non-APAC Loans"). Interest on the Non-APAC Loans ranges from 0% to 15% and is payable semi-annually. To fund operations in APAC, WeWork Interco LLC issues an Intercompany Loan to Non-Debtor Affiliate WeWork Asia Holding Company B.V., which in turn issues Intercompany Loans to Non-Debtor Affiliates within APAC (the "APAC Loans"). Interest on the APAC Loans ranges from 3% to 8% and is payable semi-annually.

39.     Within each jurisdiction, when funds are transferred from a Master Concentration Account or Intermediate Concentration Account sitting at one WeWork entity to an Operating Account sitting at another WeWork entity to settle the Operating Overdraft incurred by the Operating Account, such transfer is recorded as an Intercompany Loan issued by the entity maintaining the applicable Master Concentration Account or Intermediate Concentration Account in favor of the entity holding the applicable Operating Account.  In the U.S., such Intercompany Loans do not bear any interest.  In all other jurisdictions, such Intercompany Loans accrue interest at a rate between 5% and 8%.

40.     ***Cash Pooling Intercompany Transactions***.  As described above, historically, the Pool Participant Accounts transferred funds on an as-needed basis to corresponding Pool-Related Concentration Accounts.  The Pool-Related Concentration Accounts then directly disbursed funds to Operating Accounts and Payroll Accounts.  Cash from the Operating Accounts was swept on a daily basis into Pool-Related Concentration Accounts and ultimately into the Pool Participant Accounts.  Cash was also transferred from the Interco Account into the Pool Settlement Account and from the Pool Settlement Account into other Cash Pool Accounts to ensure that the Notional Cash Pool was in compliance with the requirements under the Cash Pooling Agreement.  While the Pool-Related Concentration Accounts, Operating Accounts, and Payroll Accounts in the Pool Jurisdictions maintained zero balance, amounts transferred to or drawn from the Pool Participant Accounts were recorded on WeWork's Books and Records as Intercompany Loans.  The Notional Cash Pool was monitored by WeWork's Treasury department on a daily basis.

41.     Following JPM's exercise of its setoff right and reduction of the Pool Overdraft Limit, the Debtors began disbursing funds directly from the Interco Account to the Pool-Related

Concentration Accounts.  The Pool-Related Concentration Accounts then transfer funds directly to Operating Accounts on an as-needed basis.  Furthermore, the Pool-Related Concentration Accounts no longer sweep funds into the Pool Participant Accounts but are allowed to hold cash.

42.    ***Non-Debtor Affiliate Intercompany Transactions***.    The Debtors engage in Intercompany Transactions with certain of their Non-Debtor Affiliates in the ordinary course of business—either through the Notional Cash Pool, the APAC Cash Management System, or the Non-Pool EMEA Cash Management System.  When cash is needed to fund a foreign-based Non-Debtor Affiliate in APAC or Non-Pool EMEA, the U.S.-based Debtors will make an ordinary course transfer from the Master Operating Account to the Interco Account.  Funds in the Interco Account are then transferred to the APAC Master Concentration Account and subsequently into the Payroll Accounts, Master Concentration Accounts, Intermediate Concentration Accounts, and Operating Accounts held by Non-Debtor Affiliates. Funds in the Interco Account are transferred directly into the Payroll Accounts, Master Concentration Accounts, Intermediate Concentration Accounts, and Operating Accounts held by Non-Debtor Affiliates in Non-Pool EMEA.  This series of disbursements allows WeWork to cover business operations and costs such as employee payroll, payments to vendors, and benefits and expenses incurred by the international offices, including rent, insurance, and similar operational costs through overnight settlement of Operating Overdrafts.  Because all Non-Debtor Affiliates in Pool Jurisdictions, APAC, and Non-Pool EMEA are either direct or indirect wholly-owned subsidiaries of Debtor entities, these Intercompany Transactions ultimately inure to the benefit of the Debtors.  In addition, excess cash generated from the business operations of the foreign-based Debtors and Non-Debtor Affiliates is occasionally repatriated back to the Interco Account and ultimately up to the BACA Account to help fund domestic business operations.

The Debtors anticipate that the Intercompany Transactions will continue postpetition in the ordinary course of business.

43.    The Intercompany Transactions are an essential component of WeWork's operations and centralized Cash Management System, and the Debtors are equipped to closely monitor and record the Intercompany Transactions under the Cash Management System. The Intercompany Transactions described herein are comparable to those of other companies with similarly complex corporate structures and are characteristic of global enterprises comparable in size. Importantly, any Intercompany Transactions can be, and will be, tracked on a postpetition basis and remain fully subject to periodic reviews by the Debtors. Accordingly, any discrepancies can, and will be, addressed consistent with past practices.

44.    Any interruption of the Intercompany Transactions would severely disrupt the Debtors' operations and greatly harm the Debtors' estates and their stakeholders as these Intercompany Transactions are integral in allowing WeWork to support its global operations. Accordingly, the Debtors seek authority—and, to the extent applicable, relief from the automatic stay—to continue the Intercompany Transactions (including with respect to "netting" or setoffs) in the ordinary course of business on a postpetition basis, including Intercompany Transactions with Non-Debtor Affiliates, in a manner consistent with the Debtors' past practices and to grant administrative expense status to Intercompany Claims due from Debtors to other Debtors and to Non-Debtor Affiliates as a result of Intercompany Transactions; *provided* that all Intercompany Claims shall be subject to the Cash Collateral Orders[17] and any interim or final order of the

---

[17]    "Cash Collateral Orders" mean the interim and final orders entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith.

Court authorizing the Debtors' incurrence of debtor-in-possession letter of credit financing (the "DIP LC Order").[18]

**Basis for Relief Requested**

**I.    Maintaining the Existing Cash Management System Is Essential to Maximizing the Value of the Debtors' Estates.**

45.     The Cash Management System constitutes an ordinary course and essential business practice of the Debtors.  The Cash Management System provides material benefits to the Debtors including, among other things, the ability to control corporate funds, ensure the availability of funds when necessary, and reduce costs and administrative expenses by facilitating the movement of funds and developing timely and accurate account balance information.  Thus, to ensure the stable operation of the Debtors' business and realize the benefits of the Cash Management System, the Debtors should be allowed to continue using the Cash Management System, including the Credit Card Program, and should not be required to open new bank accounts.

46.     Pursuant to 28 U.S.C. § 586(a)(3) and the U.S. Trustee Guidelines, debtors in possession are required to, among other things:  (a) close all existing bank accounts and open new debtor in possession accounts; (b) establish one debtor in possession bank account for all estate monies required for the payment of taxes, including payroll taxes; and (c) maintain a separate debtor in possession account for cash collateral (collectively, the "Accounting Requirements").  The Accounting Requirements are intended to provide a clear line of demarcation between prepetition and postpetition transactions and operations and to prevent

---

[18]   This Motion provides an overview of the Debtors' typical Intercompany Transactions.  The relief requested herein is applicable with respect to all Intercompany Transactions and is not limited to those Intercompany Transactions described in this Motion.  To the extent that there are any outstanding prepetition obligations related to Intercompany Transactions not described herein, the Debtors, out of an abundance of caution, seek authority to honor such obligations.

inadvertent payment of prepetition claims.  Considering the breadth and complexity of the Debtors' international businesses and financial affairs and the sheer volume of collections, disbursements, and movement of funds through the Cash Management System on a daily basis, enforcement of the Accounting Requirements during these chapter 11 cases would severely disrupt the ordinary financial operations of the Debtors by reducing efficiencies and causing unnecessary expense.

47.    Notwithstanding the Accounting Requirements, continuation of the Cash Management System, including the Credit Card Program, is permitted pursuant to section 363(c)(1) of the Bankruptcy Code, which authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).  Bankruptcy courts routinely treat requests for authority to continue using existing cash management systems as a relatively "simple matter[.]"  *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987).  In addition, in granting such relief, courts recognize that an integrated cash management system "allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes that require cash."  *In re Columbia Gas Sys., Inc.*, 136 B.R. 930, 934 (Bankr. D. Del. 1992), *aff'd in relevant part*, 997 F.2d 1039, 1061 (3rd Cir. 1993).  As a result, courts have concluded that the requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient."  *Columbia Gas*, 997 F.2d at 1061; *see also Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111, 1114 (5th Cir. 1995) (noting that debtor's cash management system allowed it "to administer more efficiently and effectively its financial operations and assets").

48. To accomplish the goals of the Accounting Requirements without the burden and expense of overhauling the Cash Management System in the early days of these chapter 11 cases, the Debtors, with the assistance of their advisors, have implemented internal control procedures that prohibit payments on account of prepetition debts without the prior approval of Debtors' Treasury department. In light of such protective measures, the Debtors submit that parties in interest will not be harmed by their maintenance of the Cash Management System, including the Credit Card Program.

49. Requiring the Debtors to adopt a new, segmented cash management system during these chapter 11 cases would be expensive, burdensome, and unnecessarily disruptive to the Debtors' operations. Importantly, the Cash Management System provides the Debtors with the ability to track and report the location and amount of funds, which, in turn, allows management to track and control such funds, ensure cash availability, and reduce administrative costs through a centralized method of coordinating the collection and movement of funds. Any disruption of the Cash Management System, including the Credit Card Program, could have a negative effect on the Debtors' restructuring efforts.

50. By contrast, maintaining the current Cash Management System will facilitate the Debtors' transition into chapter 11 by, among other things, minimizing delays in paying postpetition debts and eliminating administrative inefficiencies. Maintaining the current Cash Management System will also allow the Debtors' Treasury and Accounting employees to focus on their daily responsibilities. The Debtors can distinguish between prepetition and postpetition obligations and payments without closing the Bank Accounts and opening new ones. With the protective measures put in place by the Debtors and their advisors, the benefits of continuing the Cash Management System decidedly outweigh the costs.

51.     In addition, all Cash Management Banks where the Debtors maintain Debtor

Bank Accounts have been or are in the process of being advised not to honor checks, drafts, or

other requests for payment issued prior to the Petition Date, except as otherwise expressly

permitted by an order of the Court and as directed by the Debtors.  Therefore, the goals of the

U.S. Trustee Guidelines can be satisfied, and the Debtors' creditors will be protected without

closing the Bank Accounts.

52.     As part of the requested relief, the Debtors also seek a waiver of the requirement

to establish specific bank accounts for tax payments.  The Debtors' tax obligations can be paid

out of the Debtor Bank Accounts as they are in the ordinary course of business, and the

U.S. Trustee can adequately monitor the flow of funds into, among, and out of the accounts, as

set forth in the required reporting.  Moreover, the creation of a new debtor-in-possession account

designated solely for tax obligations would be unnecessary and inefficient.

53.     The Debtors further request authorization to continue to pay, honor, or deduct

certain Bank Fees from the appropriate accounts.  Payment of the Bank Fees will minimize

disruption to the Debtors' operations and is therefore in the best interests of their estates.  Absent

payment of the Bank Fees, the Cash Management Banks might assert setoff rights against the

funds in the Bank Accounts, freeze the Debtor Bank Accounts, and/or refuse to provide banking

services to the Debtors.  Accordingly, pursuant to sections 105(a) and 363(b) of the Bankruptcy

Code, the Debtors seek authority, in their sole discretion, to pay and/or reimburse the Cash

Management Banks in the ordinary course of business for any Bank Fees arising prior to or after

the Petition Date.

54.     For these reasons, cause exists to continue to allow the Debtors to use the existing

Debtor Bank Accounts as described herein.  The Debtors will work in good faith with the

U.S. Trustee, however, to resolve any concerns regarding the continued use of these accounts on a postpetition basis.

55.    Courts in this and other districts have regularly allowed debtors in large chapter 11 cases to maintain their existing cash management systems and such relief generally is non-controversial.  *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18992 (MBK) (Bankr. D.N.J. Oct. 17, 2023) (authorizing the debtors to continue using the cash management system maintained by the debtors prepetition on an interim basis); *In re Cyxtera Techs., Inc.,* No 23-14853 (JKS) (Bankr. D.N.J. October 25, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. June 13, 2023); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Jan. 17, 2023) (authorizing the debtors to continue using the cash management system maintained by the debtors prepetition on a final basis).[19]

## II.    Maintaining the Existing Cash Management System Will Not Harm Parties in Interest.

56.    The Debtors' continued use of their Cash Management System will facilitate the Debtors' transition into chapter 11 by, among other things, avoiding administrative inefficiencies, expenses, and distraction associated with disrupting this system and minimizing delays in the payment of postpetition obligations.  Parties in interest will not be harmed by the Debtors' maintenance of their existing Cash Management System, including maintenance of the Bank Accounts and continuance of the Intercompany Transactions, because the Debtors have developed and implemented appropriate mechanisms to ensure that unauthorized payments will not be made on account of obligations incurred before the Petition Date.  Specifically, with the

---

[19]    Due to the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

assistance of their advisors, the Debtors have implemented internal control procedures that prohibit payments on account of prepetition debts without the prior approval of the Debtors' accounting department.  In light of such protective measures, maintaining the Cash Management System is in the best interests of their estates and creditors.

III.   **Authorizing the Debtors to Continue Using Debit, Wire, Credit Card, and ACH Payments is Warranted.**

57.    The Debtors request that the Court grant further relief from any applicable guidelines to the extent they require the Debtors to make all disbursements by check.  In the ordinary course of business, the Debtors conduct transactions through methods, including, but not limited to, wires, ACH transactions, direct deposits, and other similar methods.  If the Debtors' ability to conduct transactions by these methods is impaired, the Debtors may be unable to perform under certain contracts, and payments to vendors could be delayed, resulting in unnecessary disruption to their business operations and the incurrence of additional costs to their estates.

IV.   **The Court Should Authorize the Debtors to Continue Conducting Intercompany Transactions in the Ordinary Course and Grant Administrative Expense Status to Postpetition Intercompany Claims.**

58.    The Debtors' funds move through the Cash Management System as described above.  At any given time, there may be Intercompany Claims owed by one Debtor to another Debtor and/or by a Non-Debtor Affiliate to a Debtor in the ordinary course as part of the Cash Management System.  The Debtors track all fund transfers in their accounting system and can ascertain, trace, and account for all Intercompany Transactions previously described. The Debtors, moreover, will continue to maintain records of such Intercompany Transactions.  If the Intercompany Transactions were to be discontinued, the Cash Management System and related administrative controls would be disrupted to the detriment of the Debtors and their

estates.  Furthermore, granting the Debtors relief to continue Intercompany Transactions between Debtors and Non-Debtor Affiliates is warranted under the circumstances.  If any of the Non-Debtor Affiliates were to be severed from the Cash Management System, it may not be able to meet its obligations as they come due, which may in turn have adverse, value-destructive consequences across the entire WeWork corporate structure.  Additionally, the Debtors anticipate that postpetition Intercompany Transactions with Non-Debtor Affiliates will be consistent with those prepetition.  Accordingly, the continued performance of the Intercompany Transactions is in the best interest of the Debtors' estates and their creditors and, therefore, the Debtors should be permitted to continue such performance.

59.    The Debtors submit that postpetition Intercompany Transactions arising in the ordinary course are authorized as a matter of law pursuant to section 363(c)(1) of the Bankruptcy Code, and no additional relief is required.  Out of an abundance of caution, however, the Debtors request authority to continue to enter into the Intercompany Transactions in the ordinary course of business and in accordance with the Interim Order and Final Order after the Petition Date.

60.    Because these transactions represent extensions of intercompany credit made in the ordinary course of the Debtors' operations that are an essential component of the Cash Management System, the Debtors request the authority to continue conducting the Intercompany Transactions in the ordinary course of business without the need for further Court order and request that pursuant to sections 503(b)(1) and 364(b) of the Bankruptcy Code, all postpetition payments (or other transfer of cash, whether to or from the Debtors) from a Debtor to another Debtor or a Non-Debtor Affiliate on account of a postpetition Intercompany Transaction be accorded administrative expense status, subject and junior to any claims, including adequate protection claims, cash collateral and/or claims for postpetition financing,

granted in connection with approving the use of such cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements. This relief will ensure that each entity receiving payments from a Debtor will continue to bear ultimate repayment responsibility for such ordinary course transactions, thereby reducing the risk that these transactions would jeopardize the recoveries available to each Debtor's respective creditors.

61.     Moreover, the relief requested herein fairly balances the Debtors' need to facilitate the ordinary course operation of their business, minimize disruption, and preserve value, on the one hand, with the interests of their stakeholders in transparency, on the other hand. The requested relief will also ensure that a Debtor's estate will not be unduly burdened by the cost of transfers.

62.     Similar relief has been granted in other comparable multi-debtor chapter 11 cases in this district and others. *See*, *e.g.*, *In re Rite Aid Corp.*, No. 23-18992 (MBK) (Bankr. D.N.J. Oct. 17, 203) (authorizing the debtors to continue using the cash management system maintained by the debtors prepetition on an interim basis); *In re Cyxtera Techs., Inc.,* No 23-14853 (JKS) (Bankr. D.N.J. October 25, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. June 13, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2023) (same).

## V.     The Court Should Authorize the Debtors to Continue Using Existing Business Forms and Books and Records.

63.     To avoid disruption of the Cash Management System and unnecessary expenses, the Debtors request authorization to continue to use the Business Forms and Books and Records substantially in the form existing immediately before the Petition Date, without reference to their status as debtors in possession.

64.     The Debtors submit that parties in interest will not be prejudiced by this relief. Parties doing business with the Debtors likely will be aware of their status as debtors in possession and, thus, changing Business Forms is unnecessary and would be unduly burdensome.  The Debtors further submit that once they have exhausted their existing stock of Business Forms, they shall ensure that any new Business Forms are clearly labeled "Debtors in Possession."  With respect to any Business Forms that exist or are generated electronically, the Debtors shall ensure that such electronic Business Forms are clearly labeled "Debtors in Possession."

65.     The Debtors should also be permitted to maintain their existing Books and Records rather than open a new set as required under the U.S. Trustee Guidelines.  The Debtors use a sophisticated recordkeeping system that enables them to consolidate their Books and Records for financial reporting purposes while tracking operations and results of individual entities across their corporate structure.  Continued use of the Debtors' current Books and Records, therefore, will maximize efficiency and reduce administrative strain on the Debtors in these chapter 11 cases.

**VI.     Authorizing the Cash Management Banks to Continue to Maintain, Service, and Administer the Bank Accounts in the Ordinary Course of Business is Warranted.**

66.     As discussed above, strict implementation of the U.S. Trustee Guidelines would needlessly interrupt the Debtors' operations and impair the Debtors' efforts to preserve the value of their estates and reorganize in an efficient manner.  Thus, the Debtors request that the Court authorize the Cash Management Banks to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business.  In this regard, the Cash Management Banks should be authorized to receive, process, honor, and pay any and all checks, ACH transfers and other instructions, and

36

drafts payable through, drawn, or directed on such Bank Accounts after the Petition Date by holders, makers, or other parties entitled to issue instructions with respect thereto. Notwithstanding the foregoing, any check, draft, or other notification that the Debtors advise the Cash Management Banks to have been drawn, issued, or otherwise presented before the Petition Date may be honored by the Cash Management Banks only to the extent authorized by order of the Court.

67.     The Debtors further request that the Court authorize the Cash Management Banks to accept and honor all representations from the Debtors as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated before or after the Petition Date.  The Debtors also request that, to the extent a bank honors a prepetition check or other item drawn on any account either:  (a) at the direction of the Debtors; (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored; or (c) as a result of a mistake made despite implementation of customary item handling procedures, such bank will not be deemed to be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item honored postpetition.  Such relief is reasonable and appropriate because the Cash Management Banks are not in a position to independently verify or audit whether a particular item may be paid in accordance with a Court order or otherwise.

68.     Moreover, the Debtors request that the Court authorize the Cash Management Banks to (a) continue to charge the Debtors the Bank Fees, as applicable, and (b) charge-back returned items to the Bank Accounts, whether such items are dated before, on, or subsequent to the Petition Date, in the ordinary course of business.  The Debtors further request that the Court order that liens on any of the Bank Accounts granted to creditors will not have priority over the

Bank Fees of the respective bank at which the Bank Account is located. Finally, the Debtors request that the Court authorize the Debtors to pay any Bank Fees, including prepetition amounts.

69.     The relief requested herein is consistent with relief regularly granted by Courts in this and other districts. *See, e.g.*, *In re Rite Aid Corp.*, No. 23-18992 (MBK) (Bankr. D.N.J. Oct. 17, 203) (authorizing cash management banks to continue to maintain, service, and administer debtors' bank accounts as accounts of the debtors as debtors in possession on an interim basis); *In re Cyxtera Techs., Inc.,* No 23-14853 (JKS) (Bankr. D.N.J. October 25, 2023) (same); *In re David's Bridal, LLC*, No. 23-13131 (CMG) (Bankr. D.N.J. June 13, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023) (same); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (same).

## VII.   Cause Exists for Waiving the U.S. Trustee Guidelines Regarding Authorized Depositories on an Interim and Final Basis.

70.     To the extent that that the requirements of section 345 of the Bankruptcy Code are inconsistent, or otherwise conflict, with (a) the cash management practices under the Cash Management System or (b) any action taken by the Debtors in accordance with an order of this Court, the Debtors seek a waiver of the requirements of section 345 of the Bankruptcy Code to allow the Debtors to continue their existing cash management practices.

71.     Section 345(a) of the Bankruptcy Code authorizes deposit or investment of the money of the estate, such as cash, as "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a). Although section 345(b) of the Bankruptcy Code generally requires that, with respect to investments other than investments "insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit

of the United States," the estate must require a bond in favor of the United States secured by the

undertaking of a U.S. Trustee approved corporate surety, the court is permitted to dispense with

this undertaking "for cause."  11 U.S.C. § 345(b).

72.     Courts may extend, modify, or waive compliance with section 345 of the

Bankruptcy Code and the U.S. Trustee Guidelines for "cause."  In evaluating whether "cause"

exists, courts have considered a number of factors such as:

> a.     the sophistication of the debtor's business;
>
> b.     the size of the debtor's business operations;
>
> c.     the amount of the investments involved;
>
> d.     the bank ratings (*e.g.*, Moody's Investor Service, Inc. and Standard & Poor's Financial Services LLC) of the financial institutions where the debtor in possession funds are held;
>
> e.     the complexity of the case;
>
> f.     the safeguards in place within the debtor's own business for insuring the safety of the funds;
>
> g.     the debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;
>
> h.     the benefit to the debtor;
>
> i.     the harm, if any, to the debtor;
>
> j.     the harm, if any, to the estate; and
>
> k.     the reasonableness of the debtor's request for relief from section 345(b) requirements in light of the overall circumstances of the case.

*In re Service Merch. Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

73.     Cause exists to waive the requirements under section 345(b) of the Bankruptcy

Code.  While the vast majority of the Debtors' Bank Accounts are maintained at JPM, which is

an Authorized Depository, JPM's foreign branches, which maintain the Foreign Bank Accounts,

are not.  Nevertheless, these foreign banks are well-capitalized, financially stable, and reputable

institutions, and, therefore, the Debtors can maintain their Bank Accounts at these institutions without jeopardizing any parties in interest. The principal basis for exclusion of certain of these financial institutions from the U.S. Trustee Guidelines is location, not financial soundness or stability. Indeed, many of these institutions are simply based outside of the United States and thus less likely to be identified by the U.S. Trustee as Authorized Depositories. These financial institutions are well-positioned to perform the depository and cash management functions during the chapter 11 cases.

74.     Moreover, these chapter 11 cases are large and involve sophisticated Debtors with international operations, and the Foreign Bank Accounts are essential to conducting these international operations. Given the global scope of the Debtors' operations and cash management requirements, it is not feasible to consolidate all cash activities to the narrow group of financial institutions approved in the U.S. Trustee Guidelines. Furthermore, any effort to relocate the Debtors' entire Cash Management System into strictly U.S. accounts could have potentially significant tax or regulatory impacts in numerous jurisdictions, all of which would need to be subject to extensive diligence and analysis to ensure that no unwanted or detrimental effects would arise. Given the breadth of jurisdictions involved, such an analysis would likely require a tremendous amount of time and resources, all to the detriment of the Debtors' estates at the outset of these chapter 11 cases. Conversely, the Debtors' estates and creditors will not be harmed by the Debtors' maintenance of the status quo as modified by the relief requested herein because of the relatively safe and prudent practices already utilized by the Debtors. Therefore, the Debtors request that they be permitted to continue to maintain their Bank Accounts in the ordinary course of business. The Debtors will work in good faith with the U.S. Trustee to address any concerns regarding the continued use of these accounts on a postpetition basis.

**VIII.  Cause Exists for Waiving the U.S. Trustee Guidelines Regarding Payroll and Tax Trust Accounts.**

75.     The Debtors also seeks a waiver of the U.S. Trustee Guidelines insofar as they require the establishment of specific debtor-in-possession accounts for payroll.  The Debtors believe that their payroll obligations may be more efficiently met through their existing Cash Management System and their existing Bank Accounts, and that requiring the establishment of a new payroll account would be unnecessary and disruptive to their business.

76.     In addition, the Debtors seek a waiver of the U.S. Trustee Guidelines insofar as they require debtors to establish specific debtor-in-possession accounts for tax payments and to deposit in such tax accounts sufficient funds to pay any tax liability (when incurred) associated with the Debtors' payroll.  The Debtors believe that they can pay their tax obligations most efficiently from the existing Bank Accounts in accordance with their existing practices, and that the U.S. Trustee can adequately monitor the flow of funds into, between, and out of the Bank Accounts.  The creation of new accounts designed solely for tax obligations would be unnecessary and inefficient.  With the current system, the Debtors are current on their payroll tax obligations.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

77.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.

For the reasons discussed herein, the relief requested is vital to a smooth transition into chapter 11. Accordingly, the Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

## Request of Waiver of Stay

78.     To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

## Waiver of Memorandum of Law

79.     The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## Reservation of Rights

80.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or

42

authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## No Prior Request

81.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

82.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'

prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for

each of the states in which the Debtors operate; (h) the United States Attorney's Office for the

District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue

Service; (k) the Cash Management Banks; and (l) any party that has requested notice pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice

need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court enter interim and final orders, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 7, 2023
/s/ Michael D. Sirota

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:      (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and*      *Proposed Co-Counsel for Debtors and*
*Debtors in Possession*                      *Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE
USING THE CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN
EXISTING DEBTOR BANK ACCOUNTS, BUSINESS FORMS, AND BOOKS
AND RECORDS; (II) AUTHORIZING THE DEBTORS TO CONTINUE TO
PERFORM INTERCOMPANY TRANSACTIONS; (III) WAIVING CERTAIN
U.S. TRUSTEE REQUIREMENTS; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twenty (20), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) continue using the Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) maintain existing Debtor Bank Accounts, Business Forms, and Books and Records, and (b) continue Intercompany Transactions and funding consistent with the Debtors' historical practices; (c) granting administrative expense status to postpetition Intercompany Claims; (d) granting interim and final waivers of the Debtors' compliance with the deposit and investment guidelines set forth in section 345(b) of the Bankruptcy Code; (e) scheduling a final hearing to consider approval of the Motion on a final basis; and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on **[January 30], 2023, at 10:00 a.m. (Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before **[●], 2023, at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtors are authorized, on an interim basis, but not directed, to:  (a) continue using the Cash Management System, as in effect on the Petition Date and substantially as identified on **Exhibit 1** attached hereto, as summarized in the Motion and consistent in all respects with the Adjusted JPM Cash Management Structure (as defined below), and references to the Cash Management System as used in this Interim Order shall mean as such Cash

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Management System has been modified by the Adjusted JPM Cash Management Structure, and honor any prepetition obligations related thereto pursuant to the terms hereof; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession and continue using, in their present form, the Books and Records; (c) continue to perform Intercompany Transactions in the ordinary course of business and on the same terms and consistent with past practice (including with respect to transaction amounts); (d) maintain all of their existing Debtor Bank Accounts, including, but not limited to, the Debtor Bank Accounts identified on **Exhibit 2** attached hereto, in the names and with the account numbers existing immediately before the Petition Date, without the need to comply with the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts (to the extent applicable); (e) treat the Debtor Bank Accounts for all purposes as debtor in possession accounts; (f) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course and by all usual means, including checks, wire transfers, ACH transfers, and other debits or electronic means; and (g) pay the Bank Fees, including any prepetition amounts, and any postpetition ordinary course Bank Fees incurred in connection with the Debtor Bank Accounts (which, absent such payment, would be entitled to administrative expense priority under Section 503(b) of the Bankruptcy Code), and to otherwise perform their obligations under the documents governing the Debtor Bank Accounts; *provided* that, in each case, such action is taken in the ordinary course of business and consistent with historical practices.  Notwithstanding the foregoing, once the Debtors' existing checks have been

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

used, the Debtors shall, when reordering checks, require the designation "Debtors in Possession" and the corresponding bankruptcy case number on all checks.  Further, within fourteen (14) days of the entry of this Interim Order, the Debtors will update any electronically produced checks to reflect their status as debtors-in-possession and to include the corresponding bankruptcy number.

4.      The Debtors are authorized to continue using the Cash Management System as adjusted in accordance with the provisions of this paragraph (the "Adjusted JPM Cash Management Structure"):  (a) JPM, in its sole discretion, will continue to maintain the Cash Management System (including modifications from past practices in the discretion of JPM) for the Company, which Cash Management System will include (i) with respect to the U.S. Bank Accounts, an overdraft limit of up to $35 million in the aggregate inclusive of the Intraday Sublimit (as defined below) subject to adjustment from time to time pursuant to the JPM Agreement and any other definitive documentation that governs WeWork's relationship with JPM  (the "Adjusted Intraday Limit"), (ii) with respect to the Bank Accounts in U.K., Canada, and Australia, and any other jurisdictions as mutually agreed between the Company and JPM, an overdraft sublimit of up to $15 million in the aggregate (the "Intraday Sublimit"), and (iii) the Cash Management System for Non-Debtor Affiliates in Germany, Ireland, France, Italy, and Netherlands shall have access to JPM's "just-in-time" product; (b) access to the Adjusted Intraday Limit is subject to the Company's maintaining a minimum cash balance across Debtor Bank Accounts of an aggregate amount equal to the Adjusted Intraday Limit *plus* $20 million in cash *plus* the projected processional fees for the applicable period as set forth in the applicable

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Approved Budget (each as defined in the Cash Collateral Orders) (the "Minimum Liquidity Requirement"); (c) in the event that the Debtors fail to maintain the Minimum Liquidity Requirement, unless otherwise agreed to with JPM, the Company shall not request any overdraft amounts from the Bank Accounts, and JPM shall not have any obligation to honor any requests for overdraft amounts; and (d) the Cash Collateral Orders shall provide for a carve out (the "JPM Carve Out") from any liens and claims for the benefit of JPM on account of the JPM Intraday Exposure, which shall be subject and subordinate only to the Carve Out (each as defined in the Cash Collateral Orders); *provided* that, in the event that (x) JPM ceases to maintain the Adjusted JPM Cash Management Structure, (y) the Company, at its sole discretion, decides to terminate its access to the Adjusted Intraday Limit, or (z) the JPM Intraday Exposure is supported by one or more debtor-in-possession letters of credit in an aggregate amount equal to the Minimum Liquidity Requirement, any and all obligations of the Company under the Adjusted JPM Cash Management Structure shall immediately cease.

5.     The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtors shall only instruct or request any Cash Management Bank to pay or have any check, draft, or other payment item issued on a Debtor Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an Order of the Court.

6.     The Cash Management Banks are authorized to debit the Debtor Bank Accounts in the ordinary course of business, consistent with historical practices and the Cash Management System, without the need for further order of this Court for:  (a) all checks drawn on the Debtor Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System;  (d) satisfying any payments in connection with the Cash Management System (including with respect to "netting" or setoffs, and the automatic stay under Bankruptcy Code Section 362(a) is lifted to the extent necessary to allow the Cash Management Banks to effectuate such "netting" or setoffs).

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

7.      Any existing deposit agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices or as may be permitted pursuant to the terms and conditions governing the Debtor Bank Accounts, including, without limitation, the opening and closing of bank accounts, but in all events subject to the terms and conditions of this Interim Order.

8.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession, without interruption, consistent with historical practices and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.  Those certain existing deposit and other agreements between the Debtors and the Cash Management Banks and/or the Payment Processors shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to offset or charge-back rights with respect to return items, shall remain in full force and effect; *provided* that any material changes with respect to the cash management relationship between the Debtors and the Payment Processors, including any changes effectuated through the Payment Processors' exercise of their discretionary rights and privileges under their agreements with the Debtors, shall not be permitted absent the prior approval of the Court.

9.      Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices, to implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, opening any new bank account(s) or closing any existing Debtor Bank Accounts and entering into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; *provided*, *however*, the Debtors will notify the Ad Hoc Group and SoftBank as soon as reasonably practicable after any material changes to the Cash Management System and procedures related thereto.  Any new bank account opened by the Debtors shall be bound by the terms of this Interim Order.  The relief granted in this Interim Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Debtor Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."  The Debtors shall provide reasonable notice to the U.S. Trustee and any

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

statutory committee appointed in the chapter 11 cases of the opening of a new bank account or closing of an existing Debtor Bank Account.

10.     The Debtors are authorized to open and close bank accounts; *provided, however*, that any such new bank account shall be established at an institution that is (a) a party to a Uniform Depository Agreement for the District of New Jersey ("UDA") with the U.S. Trustee or is willing to immediately execute a UDA and (b) agrees to be bound by the terms of this Interim Order.  The Debtors shall provide notice within one (1) business day to the U.S. Trustee and counsel to any statutory committees of the opening of a new bank account or closing of an existing Debtor Bank Account.  In addition, the opening or closing of a bank account shall be timely indicated on the Debtors' monthly operating reports.  The U.S. Trustee and any statutory committees appointed in these chapter 11 cases will have fourteen (14) days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, and/or any statutory committees appointed in these chapter 11 cases.  Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number.

11.     All Cash Management Banks maintaining any of the Debtor Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Debtors specifically issue timely stop payment orders in accordance with the documents governing such Debtor Bank Accounts.

12.     The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Debtor Bank Accounts in the ordinary course of business consistent with historical practices, and the automatic stay is modified to the extent necessary to allow the Cash Management Banks to effectuate such setoffs.

13.     The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

14.     Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors, without any duty to inquire otherwise, with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be or shall be

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

15.     Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Debtor Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

16.     The Debtors are authorized, but not directed, to issue Corporate Credit Cards pursuant to the Credit Card Program, subject to any terms and conditions thereof, and to pay any amount due and owing thereunder in the ordinary course of business on a postpetition basis, including, without limitation, making payments on account of charges that were made under the Credit Card Program both prior to and after the Petition Date, subject to the limitations of this Interim Order and any other applicable interim and/or final orders of this Court.

17.     The Debtors are authorized, but not directed, to continue engaging in and satisfying any payments in connection with the Intercompany Transactions (including with respect to "netting" or setoffs) in connection with the Cash Management System in the ordinary course of business on a postpetition basis in a manner consistent with the Debtors' past practice. For the avoidance of doubt, the Debtors are also authorized to continue Intercompany

(Page | 14)

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Transactions arising from or related to the operation of their business, including Intercompany Transactions with Non-Debtor Affiliates to the extent ordinary course and consistent with past practice (including with respect to amount).

18.     The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  Upon request of the U.S. Trustee, the Ad Hoc Group, SoftBank, and any statutory committee appointed in these chapter 11 cases, the Debtors shall make records related to the foregoing available to the U.S. Trustee, the Ad Hoc Group, SoftBank, and any statutory committee to the extent such records are kept by the Debtors in the ordinary course of business on a confidential professional eyes only basis.

19.     During the period prior to the entry of the Final Order, all postpetition payments from a Debtor to another Debtor or Non-Debtor Affiliate under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code; *provided* that all Intercompany Claims shall be subject to the interim Cash Collateral Order and the DIP LC Order.

(Page | 15)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

20.     Nothing in this Interim Order shall be interpreted to authorize the Debtors to loan or otherwise transfer any money to any Non-Debtor Affiliate absent further order of this Court other than through postpetition Intercompany Transactions.

21.     Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

22.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a

(Page | 16)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) other than explicitly set forth herein, a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) other than explicitly set forth herein, a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

23.    Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related*

(Page | 17)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

*Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including

compliance with any budget or cash flow forecast in connection therewith and any other terms

and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any

terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there

is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the

terms of the Cash Collateral Orders shall control.

24. To the extent any of the Debtor Bank Accounts are not in compliance with

section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines

(the "U.S. Trustee Guidelines"), the Debtors shall have thirty (30) days from the date of this

Interim Order to come into compliance with section 345(b) of the Bankruptcy Code and the U.S.

Trustee Guidelines, without prejudice to seeking an additional extension or a final waiver of such

requirements; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from

seeking further relief from the Court to the extent that an agreement cannot be reached within

that time period (or such other period as agreed to by the Debtors and the U.S. Trustee).

25. For Cash Management Banks at which the Debtors hold Debtor Bank Accounts

that are party to a UDA with the U.S. Trustee, within five (5) business days of entry of this

Interim Order, the Debtors shall (a) contact each Cash Management Bank, (b) provide the Cash

Management Banks with each of the Debtors' employer identification numbers, and (c) identify

each of their Debtor Bank Accounts held at such Cash Management Banks as being held by a

debtor in possession in a bankruptcy case, and provide the case number.

(Page | 18)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

26.     For Cash Management Banks at which the Debtors hold accounts that are not party to a UDA with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Cash Management Banks to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) days of the date of this Interim Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

27.     Notwithstanding the Debtors' use of the Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of which entity pays those disbursements.

28.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

29.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

(Page | 19)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

30.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

31.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

32.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

33.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

34.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

35.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

36.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

37.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

(Page | 20)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

38.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit 1**

**Cash Management System Schematic**



## Exhibit 2

**Bank Accounts**

| Entity | Bank | Location | Currency | Account Type | Account No. (last four digits) |
|---|---|---|---|---|---|
| We Work Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Adequate Assurance Account | 6257 |
| WeWork Companies U.S. LLC | JPMorgan Chase Bank, N.A. | United States | USD | BACA Account | 7550 |
| Common Desk Holdings LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 0242 |
| Common Desk Operations LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 0527 |
| Common Desk De, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 5970 |
| Common Desk West 7th, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 6192 |
| Common Desk Oc, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 8028 |
| Common Desk Daymaker LLC | JPMorgan Chase Bank, N.A. | United States | USD | Common Desk Account | 9797 |
| WeWork Interco LLC | JPMorgan Chase Bank, N.A. | United States | USD | Interco Account | 7298 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 9818 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 9653 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 63 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 6932 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 0367 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 0375 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 0670 |
| WeWork Companies U.S. LLC | Goldman Sachs Asset Management | United States | USD | Investment Account | 7397 |
| Common Desk Operations LLC | JPMorgan Chase Bank, N.A. | United States | USD | Lockbox Account | 8839 |

1

| We Work Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Lockbox Account | 8913 |
|---|---|---|---|---|---|
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Lockbox Account | 9170 |
| We Work Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Master Disbursement Account | 5952 |
| WeWork Companies Inc. | JPMorgan Chase Bank, N.A. | United States | USD | Master Operating Account | 5960 |
| WeWork Co Inc. | Citibank, N.A. | United States | USD | Operating Account | 6885 |
| WeWork Companies U.S. LLC | HSBC Bank USA NA | United States | USD | Operating Account | 1307 |
| WeWork Workplace LLC | J.P. Morgan SE - Luxembourg | Luxembourg | EUR | Operating Account | 2440 |
| WeWork Interco LLC | J.P. Morgan SE - Luxembourg | Luxembourg | USD | Operating Account | 8876 |
| WeWork Canada LP ULC | J.P. Morgan SE - Luxembourg | Luxembourg | CAD | Operating Account | 9462 |
| WW Worldwide C.V. | JPMorgan Chase Bank, Amsterdam | Netherlands | EUR | Operating Account | 3060 |
| WeWork Workplace LLC | JPMorgan Chase Bank, London | United Kingdom | GBP | Operating Account | 3254 |
| We Work 154 Grand LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0054 |
| 1 South Dearborn Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0096 |
| 6543 South Las Vegas Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0107 |
| PxWe Facility & Asset Management Services LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0157 |
| 10885 NE 4th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0168 |
| 149 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0176 |
| 38 West 21st Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0184 |
| 21 Penn Plaza Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0192 |
| 9200 Timpanogos Highway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0200 |
| 880 3rd Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0218 |
| 8305 Sunset Boulevard HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0222 |
| 490 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0226 |
| 515 Folsom Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0226 |
| 902 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0234 |
| 15 West 27th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0259 |

| 115 East 23rd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0267 |
|---|---|---|---|---|---|
| 1201 Wills Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0275 |
| 330 North Wabash Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0283 |
| 515 N State Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0291 |
| 1700 Lincoln Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0317 |
| 6 East 32nd Street WW Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0351 |
| 424-438 Fifth Ave Tenant | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0553 |
| Creator Fund Managing Member LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0560 |
| 10 East 40th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0583 |
| 1 Beacon Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0597 |
| 1099 Stewart Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0605 |
| 119 W Parrish Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0613 |
| 1535 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0639 |
| 18 West 18th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0647 |
| 920 5th Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0662 |
| Mailroom Bar At 110 Wall LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0688 |
| 1111 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0696 |
| 148 Lafayette Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0704 |
| 8687 Melrose Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0712 |
| 12 South 1st Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0716 |
| 115 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0720 |
| WW 110 Wall LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0753 |
| WW 2221 South Clark LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0761 |
| 30 Hudson Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0767 |
| Insurance Services By WeWork LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0809 |
| 75 Arlington Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0815 |
| 110 110th Avenue Northeast Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0906 |

| | | | | | |
|---|---|---|---|---|---|
| WWCo Architecture Holdings LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 0916 |
| 161 Avenue Of The Americas Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1010 |
| 881 Peachtree Street Northeast Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1059 |
| 29 West 30th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1077 |
| 475 Sansome St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1078 |
| The We Company Management Holdings L.P. | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1089 |
| 660 J Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1091 |
| 546 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1125 |
| 400 Spectrum Center Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1133 |
| 100 Summer Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1181 |
| 205 North Detroit Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1213 |
| 160 Varick Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1257 |
| 35 East 21st Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1265 |
| 625 West Adams Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1298 |
| 1560 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1323 |
| 800 North High Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1371 |
| WeWork Companies Partner LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1389 |
| 1156 6th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1395 |
| WW 111 West Illinois LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1397 |
| WW 535 Mission LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1413 |
| 180 Geary Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1505 |
| 1100 Main Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1520 |
| 50-60 Francisco Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1531 |
| 7500 Legacy Circle Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1552 |
| 755 Sansome Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1576 |
| 3001 Bishop Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1612 |
| WW Project Swift Member LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1620 |

| WeWork La LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1624 |
|---|---|---|---|---|---|
| 609 Main Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1631 |
| We Work Retail LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1660 |
| 63 Madison Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1672 |
| 44 Wall Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1703 |
| 1115 Broadway Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1713 |
| 611 North Brand Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1730 |
| 700 North Miami Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1739 |
| 28 2nd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1766 |
| 1440 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1833 |
| 360 NW 27th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1836 |
| 901 North Glebe Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1862 |
| WeWork Asset Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1869 |
| 405 Mateo Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1885 |
| WeWork Workplace LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1896 |
| 75 Rock Plz Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1903 |
| 16 East 34th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1935 |
| 30 Wall Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 1972 |
| 1003 East 4th Place Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2019 |
| 340 Bryant Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2022 |
| Fieldlens LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2056 |
| 1100 15th Street NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2076 |
| 575 Lexington Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2107 |
| 1100 Ludlow Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2126 |
| 101 East Washington Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2133 |
| Cities By We LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2175 |
| 33 East 33rd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2178 |

| 5960 Berkshire Lane Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2236 |
|---|---|---|---|---|---|
| WW 110 Wall LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2262 |
| 149 Madison Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2273 |
| 120 West Trinity Place Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2293 |
| 145 W 45th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2299 |
| 205 Hudson Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2305 |
| 606 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2315 |
| 2221 Park Place Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2316 |
| 10 East 38th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2336 |
| Play By WeWork LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2357 |
| 1828 Walnut St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2361 |
| 180 Sansome Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2376 |
| 3900 W Alameda Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2379 |
| 10250 Constellation Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2387 |
| 100 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2395 |
| WeWork Wellness LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2396 |
| 152 3rd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2398 |
| 1175 Peachtree Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2403 |
| 12 East 49th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2429 |
| 1450 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2437 |
| 1619 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2460 |
| 415 Mission Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2465 |
| 925 4th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2473 |
| 8910 University Center Lane Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2481 |
| 44 Montgomery Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2499 |
| 4041 Macarthur Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2506 |
| 221 6th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2507 |

| 408 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2515 |
|---|---|---|---|---|---|
| 1330 Lagoon Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2523 |
| 135 Madison Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2549 |
| 2031 3rd Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2553 |
| 920 SW 6th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2556 |
| 99 Chauncy Street Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2560 |
| 1920 McKinney Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2561 |
| 5049 Edwards Ranch Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2564 |
| 460 West 50 North Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2575 |
| 11801 Domain Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2587 |
| 1900 Market Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2603 |
| 7272 Wisconsin Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2621 |
| 90 South 400 West Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2625 |
| WeWork 175 Varick LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2627 |
| The Hub Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2629 |
| 1115 W Fulton Market Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2661 |
| 200 South Orange Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2665 |
| 345 West 100 South Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2676 |
| 731 Sansome Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2701 |
| 10585 Santa Monica Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2720 |
| 448 North Lasalle Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2731 |
| WW 811 West 7th Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2749 |
| WW 107 Spring Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2756 |
| 222 Kearny Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2778 |
| Five Hundred Fifth Avenue HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2798 |
| 609 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2802 |
| 21255 Burbank Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2803 |

| WW 520 Broadway LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2806 |
|---|---|---|---|---|---|
| WeWork Bryant Park LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2814 |
| WeWork Commons LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2822 |
| 315 East Houston Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2828 |
| 1900 Powell Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2851 |
| 1 Post Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2877 |
| 750 White Plains Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 2883 |
| WeWork Space Services LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3003 |
| 50 W 28th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3033 |
| 2201 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3058 |
| 525 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3101 |
| WeWork Construction LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3105 |
| 128 South Tryon Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3114 |
| 1601 Elm Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3122 |
| 77 Sands WW Corporate Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3165 |
| WW Onsite Services Exp LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3204 |
| 250 E 200 S Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3220 |
| 167 N Green Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3255 |
| 1200 Franklin Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3261 |
| 420 Commerce Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3263 |
| 1615 Platte Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3271 |
| 729 Washington Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3276 |
| 1 Milk Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3289 |
| 1201 Wilson Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3297 |
| 255 Giralda Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3313 |
| 8687 Melrose Green Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3313 |
| 483 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3321 |

| 725 Ponce De Leon Ave NE Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3325 |
|---|---|---|---|---|---|
| 231 11th Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3339 |
| 801 Barton Springs Owner LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3362 |
| WeWork Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3501 |
| 300 Morris Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3578 |
| 1410 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3655 |
| 505 Main Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3657 |
| WeWork Little West 12th LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3682 |
| 609 Greenwich Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3685 |
| 225 W 39th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3693 |
| 67 Irving Place Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3701 |
| 1115 Howell Mill Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3707 |
| 130 Madison Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3719 |
| We Work 349 5th Ave LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3719 |
| 1725 Hughes Landing Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3762 |
| 385 5th Avenue Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3786 |
| WeWork 156 2nd LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3828 |
| 2401 Elliott Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3903 |
| 1701 Rhode Island Avenue Northwest Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3982 |
| 3101 Park Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 3986 |
| 12130 Millennium Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4102 |
| 2222 Ponce De Leon Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4110 |
| 225 South 6th St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4128 |
| WeWork Services LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4137 |
| 901 Woodland St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4144 |
| 1 Glenwood Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4151 |
| 255 S King St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4169 |

| 201 Spear St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4177 |
|---|---|---|---|---|---|
| 655 Montgomery St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4185 |
| 195 Montague Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4228 |
| WW Vendorco LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4251 |
| 142 W 57th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4269 |
| 109 S 5th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4285 |
| 31 St James Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4293 |
| 100 S State Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4301 |
| 125 S Clark Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4319 |
| 925 N La Brea Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4327 |
| 177 E Colorado Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4343 |
| 12655 Jefferson Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4350 |
| 200 Spectrum Center Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4368 |
| 524 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4400 |
| 2-4 Herald Square Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4434 |
| 1430 Walnut Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4442 |
| 501 Eastlake Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4459 |
| 75 E Santa Clara Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4467 |
| 110 Wall Manager LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4475 |
| 450 Lexington Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4612 |
| WW 11 John LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4620 |
| WW 350 Lincoln LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4638 |
| 53 Beach Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4837 |
| 11 Park Pl Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4860 |
| 27-01 Queens Plaza North Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4878 |
| 130 W 42nd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4894 |
| 8 W 40th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4944 |

| 575 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 4969 |
|---|---|---|---|---|---|
| 830 NE Holladay Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5024 |
| 1111 West 6th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5028 |
| 437 5th Avenue Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5039 |
| 650 California Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5040 |
| WW Onsite Services LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5057 |
| 5215 North O'Connor Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5072 |
| 777 6th Street NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5094 |
| 125 West 25th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5110 |
| 316 West 12th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5119 |
| Welkio LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5130 |
| 1400 Lavaca Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5135 |
| 1600 7th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5151 |
| WeWork 25 Taylor LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5157 |
| 545 Boylston Street Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5161 |
| 401 San Antonio Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5169 |
| WW Onsite Services AAG LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5185 |
| WW Onsite Services Sfi LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5193 |
| 711 Atlantic Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5200 |
| WW Onsite Services Sum LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5201 |
| 3000 Olym Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5267 |
| 801 B. Springs Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5346 |
| 2700 Post Oak Blvd. Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5379 |
| 1601 Vine Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5387 |
| WW 26 JS Member LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5472 |
| WW 222 Broadway LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5550 |
| WW 1550 Wewatta Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5556 |

| | | | | | |
|---|---|---|---|---|---|
| 2420 17th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5564 |
| 10845 Griffith Peak Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5572 |
| WW 5782 Jefferson LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5572 |
| WW 312 Arizona LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5580 |
| 315 W 36th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5598 |
| 1460 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5606 |
| 1453 3rd Street Promenade Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5720 |
| 57 E 11th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5753 |
| 820 18th Ave South Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5796 |
| 25 West 45th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5811 |
| 433 Hamilton Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5813 |
| 501 East Kennedy Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5852 |
| 615 S. Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5862 |
| 80 M Street SE Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5870 |
| 1031 South Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5886 |
| 4005 Miranda Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5886 |
| 7761 Greenhouse Rd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5896 |
| 511 W 25th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5911 |
| 311 W 43rd Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5912 |
| 7 West 18th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5920 |
| 1840 Gateway Dr Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5930 |
| 410 North Scottsdale Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5937 |
| 700 SW 5th Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5938 |
| Legacy Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5953 |
| 185 Madison Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5960 |
| 3365 Piedmont Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 5993 |
| 1875 K Street NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6009 |

| 88 U Place Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6017 |
|---|---|---|---|---|---|
| WW 1601 Fifth Avenue LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6025 |
| 33 Irving Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6033 |
| 300 Park Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6041 |
| 9777 Wilshire Boulevard Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6052 |
| 428 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6058 |
| 599 Broadway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6059 |
| 404 Fifth Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6066 |
| One Gotham Center Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6074 |
| WW Enlightened Hospitality Investor LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6082 |
| 3300 N. Interstate 35 Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6090 |
| Clubhouse TS LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6108 |
| 460 Park Ave South Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6117 |
| WeWork Real Estate LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6124 |
| 4311 11th Avenue Northeast Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6132 |
| WeWork Magazine LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6132 |
| 2425 East Camelback Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6190 |
| 708 Main St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6198 |
| 17300 Laguna Canyon Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6219 |
| 5750 Wilshire Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6223 |
| 1240 Rosecrans Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6230 |
| 800 Market Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6232 |
| 150 4th Ave N Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6248 |
| WW 85 Broad LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6260 |
| 1525 11th Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6271 |
| WW 1328 Florida Avenue LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6278 |
| WW 220 NW Eighth Avenue LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6286 |

| WW Journal Square Holdings LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6294 |
|---|---|---|---|---|---|
| WW Journal Square Member LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6302 |
| 1200 17th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6309 |
| 1201 3rd Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6325 |
| 601 South Figueroa Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6362 |
| 3200 Park Center Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6390 |
| 3280 Peachtree Road NE Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6408 |
| 33 Arch Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6416 |
| 391 San Antonio Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6424 |
| 400 California Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6432 |
| 695 Town Center Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6507 |
| 980 6th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6508 |
| 756 W Peachtree Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6515 |
| 750 Lexington Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6523 |
| 1155 West Fulton Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6557 |
| 44 East 30th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6621 |
| 414 West 14th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6628 |
| 1114 W Fulton Market Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6651 |
| 6655 Town Square Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6685 |
| 1814 Franklin St Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6693 |
| 99 High Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6696 |
| 2323 Delgany Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6727 |
| 45 West 18th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6766 |
| One Metropolitan Square Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6777 |
| 199 Water Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6788 |
| 2 Belvedere Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6790 |
| 100 Bayview Circle Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6795 |

| 3219 Knox Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6861 |
|---|---|---|---|---|---|
| 2211 Michelson Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6892 |
| 40 Water Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6896 |
| 222 S Riverside Plaza Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6904 |
| 500 7th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6938 |
| 1411 4th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6961 |
| 22 Cortlandt Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 6998 |
| WeWork Labs Entity LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7006 |
| 2120 Berkeley Way Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7019 |
| 24 Farnsworth Street Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7021 |
| 28 West 44th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7103 |
| 183 Madison Avenue Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7108 |
| 65 East State Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7138 |
| 18191 Von Karman Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7163 |
| 501 Boylston Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7181 |
| 49 West 27th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7186 |
| 200 Berkeley Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7199 |
| South Tryon Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7199 |
| 83 Maiden Lane Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7203 |
| 7300 Dallas Parkway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7207 |
| 18691 Jamboree Road Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7215 |
| 500 11th Ave North Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7223 |
| 200 Massachusetts Ave NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7228 |
| 214 West 29th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7231 |
| 1557 West Innovation Way Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7261 |
| 229 West 36th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7286 |
| 808 Wilshire Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7305 |

| 245 Livingston St Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7320 |
|---|---|---|---|---|---|
| 1 Lincoln Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7329 |
| 1660 Lincoln Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7519 |
| WeWork 261 Madison LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7546 |
| 1001 Woodward Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7571 |
| 540 Broadway Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7686 |
| 2755 Canyon Blvd WW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7700 |
| 3000 S Robertson Blvd Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7800 |
| 1389 Peachtree Street Northwest Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7816 |
| 655 New York Avenue Northwest Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7827 |
| 77 Sands Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7842 |
| 333 West San Carlos Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7859 |
| 6001 Cass Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7867 |
| WW 1010 Hancock LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7867 |
| WW 995 Market LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7875 |
| 10900 Stonelake Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7883 |
| 35-37 36th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7883 |
| 117 NE 1st Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7909 |
| WW 1161 Mission LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7925 |
| 505 Park Avenue Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7930 |
| WW 555 West 5th Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7933 |
| 429 Lenox Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7941 |
| 20 W Kinzie Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7966 |
| 6900 North Dallas Parkway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7967 |
| 600 H Apollo Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7974 |
| 101 Marietta Street Northwest Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7980 |
| 332 S Michigan Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 7982 |

| | | | | | |
|---|---|---|---|---|---|
| 130 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8022 |
| 101 North 1st Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8028 |
| WeWork Commons LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8028 |
| 353 Sacramento Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8030 |
| 800 Bellevue Way Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8048 |
| 1150 South Olive Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8051 |
| 10000 Washington Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8055 |
| 3090 Olive Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8062 |
| 2 North Lasalle Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8063 |
| 166 Geary Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8069 |
| 1 Belvedere Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8071 |
| Powered By We LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8089 |
| WW 205 E 42nd Street LLC. | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8089 |
| 2600 Executive Parkway Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8103 |
| 1547 9th Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8160 |
| 71 Stevenson Street Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8196 |
| 77 Sleeper Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8196 |
| 821 17th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8204 |
| 400 Concar Drive Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8212 |
| 1825 South Grant Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8220 |
| 437 Madison Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8236 |
| 830 Brickell Plaza Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8238 |
| 71 5th Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8261 |
| 345 4th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8283 |
| WeWork 54 West 40th LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8285 |
| Wildgoose I LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8295 |
| 1730 Minor Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8303 |

17

| 250 Park Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8303 |
|---|---|---|---|---|---|
| 550 Kearny Street HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8327 |
| 200 Portland Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8353 |
| 419 Park Avenue South Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8507 |
| WeWork Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8553 |
| 3600 Brighton Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8559 |
| 550 7th Avenue HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8606 |
| 430 Park Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8608 |
| Waltz Merger Sub LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8615 |
| 3003 Woodbridge Ave Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8652 |
| 660 North Capitol St NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8671 |
| 1 Union Square West HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8673 |
| 1155 Perimeter Center West Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8820 |
| 1333 New Hampshire Avenue Northwest Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8852 |
| 200 South Biscayne Blvd Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8855 |
| 1455 Market Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8895 |
| 9830 Wilshire Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8928 |
| 625 Massachusetts Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8962 |
| 1372 Peachtree Street NE Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8988 |
| 1449 Woodward Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 8996 |
| 1601 Market Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9002 |
| 1775 Tysons Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9010 |
| 400 Capitol Mall Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9010 |
| 2 Embarcadero Center Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9028 |
| 222 North Sepulveda Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9036 |
| 1881 Broadway HQ LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9067 |
| 78 SW 7th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9069 |

| 420 5th Avenue Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9076 |
|---|---|---|---|---|---|
| 1910 North Ola Avenue Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9166 |
| 1305 2nd Street Q LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9189 |
| WW Brooklyn Navy Yard, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9434 |
| WW 600 Congress LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9442 |
| WW 240 Bedford, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9459 |
| WW 81 Prospect, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9467 |
| WW 745 Atlantic LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9475 |
| WW 51 Melcher, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9483 |
| WW 210 N Green LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9491 |
| WW 718 7th Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9509 |
| 160 W Santa Clara St Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9510 |
| WW 641 S Street, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9517 |
| WW 1875 Connecticut LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9525 |
| WW 2221 South Clark LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9533 |
| WW 25 Broadway LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9558 |
| 655 15th Street NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9565 |
| WW 379 W Broadway LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9566 |
| WW 401 Park Avenue South LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9574 |
| 700 K Street NW Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9581 |
| WW 79 Madison LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9590 |
| 154 W 14th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9599 |
| 600 California Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9607 |
| WW 110 Wall LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9608 |
| 135 E 57th Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9615 |
| WW 5 W 125th Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9616 |
| WW 115 W 18th Street, LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9624 |

19

| 1448 NW Market Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9631 |
|---|---|---|---|---|---|
| WW 120 E 23rd Street LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9632 |
| WW 500 Yale LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9640 |
| 400 Lincoln Square Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9649 |
| WW 2015 Shattuck LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9657 |
| 255 Greenwich Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9668 |
| 3120 139th Avenue Southeast Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9729 |
| 5161 Lankershim Boulevard Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9885 |
| 600 B Street Tenant LLC | JPMorgan Chase Bank, N.A. | United States | USD | Operating Account | 9959 |
| WeWork Canada GP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1476 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1477 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1478 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1479 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1483 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1485 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1486 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1489 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1490 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 1606 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 3399 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 3403 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 4719 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 4755 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8041 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8188 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8190 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8279 |

| 4635 Lougheed Highway Tenant LP | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8281 |
|---|---|---|---|---|---|
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8346 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8349 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8350 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8351 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8567 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8568 |
| 1090 West Pender Street Tenant LP | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8570 |
| 700 2 Street Southwest Tenant LP | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 8572 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9230 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9279 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9280 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9281 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9304 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9306 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9333 |
| WeWork Canada LP ULC | JPMorgan Chase Bank, Toronto | Canada | CAD | Operating Account | 9362 |
| WeWork Companies U.S. LLC | Goldman Sachs Bank USA | United States | USD | Other Account | 0937 |
| WW Project Swift Development LLC | JPMorgan Chase Bank, N.A. | United States | USD | Other Account | 0355 |
| WeWork Inc. | JPMorgan Chase Bank, N.A. | United States | USD | Other Account | 3801 |
| We Work Management LLC | JPMorgan Chase Bank, N.A. | United States | USD | Payroll Account | 5977 |
| WeWork Interco LLC | J.P. Morgan SE - Luxembourg | Luxembourg | USD | Pool Settlement Account | 6117 |
| WeWork Interco LLC | J.P. Morgan SE - Luxembourg | Luxembourg | EUR | WeWork Interco Pool Account | 9443 |
| WeWork Interco LLC | J.P. Morgan SE - Luxembourg | Luxembourg | GBP | WeWork Interco Pool Account | 9735 |

## Exhibit B

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s
principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address
in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd.
Beaverton, OR 97005.

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE USING THE CASH MANAGEMENT SYSTEM, (B) HONOR
CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND
(C) MAINTAIN EXISTING DEBTOR BANK ACCOUNTS, BUSINESS FORMS,
AND BOOKS AND RECORDS; (II) AUTHORIZING THE DEBTORS TO CONTINUE
TO PERFORM INTERCOMPANY TRANSACTIONS; (III) WAIVING CERTAIN
U.S. TRUSTEE REQUIREMENTS; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through eighteen (18), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of a final order (this "Final Order") (a) authorizing, but not directing, the Debtors to (i) continue using the Cash Management System, (ii) honor certain prepetition obligations related thereto, (iii) maintain existing Debtor Bank Accounts, Business Forms, and Books and Records, and (b) continue Intercompany Transactions and funding consistent with the Debtors' historical practices; (c) granting administrative expense status to postpetition Intercompany Claims; (d) granting final waivers of the Debtors' compliance with the deposit and investment guidelines set forth in section 345(b) of the Bankruptcy Code; and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to:  (a) continue using the Cash Management System, as in effect on the Petition Date and substantially as identified on Exhibit 1 attached to the Interim Order, as summarized in the Motion and consistent in all respects with the Adjusted JPM Cash Management Structure (as defined below) and references to the Cash Management System as used in this Final Order shall mean as such Cash Management System has been modified by the Adjusted JPM Cash Management Structure, and honor any prepetition obligations related thereto pursuant to the terms hereof; (b) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession and continue using, in their present form, the Books and Records; (c) continue to perform Intercompany Transactions in the ordinary course of business and on the same terms and consistent with past practice (including with respect to transaction

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

amounts); (d) maintain all of their existing Debtor Bank Accounts, including, but not limited to, the Debtor Bank Accounts identified on Exhibit 2 attached to the Interim Order, in the names and with the account numbers existing immediately before the Petition Date, without the need to comply with the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts (to the extent applicable); (e) treat the Debtor Bank Accounts for all purposes as debtor in possession accounts; (f) deposit funds in and withdraw funds from the Debtor Bank Accounts in the ordinary course and by all usual means, including checks, wire transfers, ACH transfers, and other debits or electronic means; and (g) pay the Bank Fees, including any prepetition amounts, and any postpetition ordinary course Bank Fees incurred in connection with the Debtor Bank Accounts (which, absent such payment, would be entitled to administrative expense priority under Section 503(b) of the Bankruptcy Code), and to otherwise perform their obligations under the documents governing the Debtor Bank Accounts; *provided* that, in each case, such action is taken in the ordinary course of business and consistent with historical practices.  Notwithstanding the foregoing, once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtors in Possession" and the corresponding bankruptcy case number on all checks.  Further, within fourteen (14) days of the entry of this Final Order, the Debtors will update any electronically produced checks to reflect their status as debtors-in-possession and to include the corresponding bankruptcy number.

3.    The Debtors are authorized to continue using the Cash Management System as adjusted in accordance with the provisions of this paragraph (the "Adjusted JPM Cash

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Management Structure"):   (a) JPM, in its sole discretion, will continue to maintain the Cash

Management System (including modifications from past practices in the discretion of JPM) for

the Company, which Cash Management System will include (i) with respect to the U.S. Bank

Accounts, an overdraft limit of up to $35 million in the aggregate inclusive of the Intraday

Sublimit (as defined below) subject to adjustment from time to time pursuant to the JPM

Agreement and any other definitive documentation that governs WeWork's relationship with

JPM  (the "Adjusted Intraday Limit"), (ii) with respect to the Bank Accounts in U.K., Canada,

and Australia, and any other jurisdictions as mutually agreed between the Company and JPM, an

overdraft sublimit of up to $15 million in the aggregate (the "Intraday Sublimit"), and (iii) the

Cash Management System for Non-Debtor Affiliates in Germany, Ireland, France, Italy, and

Netherlands shall have access to JPM's "just-in-time" product; (b) access to the Adjusted

Intraday Limit is subject to the Company's maintaining a minimum cash balance across Debtor

Bank Accounts of an aggregate amount equal to the Adjusted Intraday Limit *plus* $20 million in

cash *plus* the projected processional fees for the applicable period as set forth in the applicable

Approved Budget (each as defined in the Cash Collateral Orders) (the "Minimum Liquidity

Requirement"); (c) in the event that the Debtors fail to maintain the Minimum Liquidity

Requirement, unless otherwise agreed to with JPM, the Company shall not request any overdraft

amounts from the Bank Accounts, and JPM shall not have any obligation to honor any requests

for overdraft amounts; and (d) the Cash Collateral Orders shall provide for a carve out (the "JPM

Carve Out") from any liens and claims for the benefit of JPM on account of the JPM Intraday

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

Exposure, which shall be subject and subordinate only to the Carve Out (each as defined in the Cash Collateral Orders); *provided* that, in the event that (x) JPM ceases to maintain the Adjusted JPM Cash Management Structure, (y) the Company, at its sole discretion, decides to terminate its access to the Adjusted Intraday Limit, or (z) the JPM Intraday Exposure is supported by one or more debtor-in-possession letters of credit in an aggregate amount equal to the Minimum Liquidity Requirement, any and all obligations of the Company under the Adjusted JPM Cash Management Structure shall immediately cease.

4.        The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order; *provided* that the Debtors shall only instruct or request any Cash Management Bank to pay or have any check, draft, or other payment item issued on a Debtor Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an Order of the Court.

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

5.     The Cash Management Banks are authorized to debit the Debtor Bank Accounts in the ordinary course of business, consistent with historical practices and the Cash Management System, without the need for further order of this Court for:  (a) all checks drawn on the Debtor Bank Accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor Bank Accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System; (d) satisfying any payments in connection with the Cash Management System (including with respect to "netting" or setoffs, and the automatic stay under Bankruptcy Code Section 362(a) is lifted to the extent necessary to allow the Cash Management Banks to effectuate such "netting" or setoffs).

6.     Any existing deposit agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices or as may be permitted pursuant to the terms and conditions governing the Debtor Bank Accounts, including, without limitation, the opening and closing of bank accounts, but in all events subject to the terms and conditions of this Final Order.

7.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession, without interruption, consistent with historical practices and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Debtor Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.  Those certain existing deposit and other agreements between the Debtors and the Cash Management Banks and/or the Payment Processors shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to offset or charge-back rights with respect to return items, shall remain in full force and effect; *provided* that any material changes with respect to the cash management relationship between the Debtors and the Payment Processors, including any changes effectuated through the Payment Processors' exercise of their discretionary rights and privileges under their agreements with the Debtors, shall not be permitted absent the prior approval of the Court.

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

8.      Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices, to implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, opening any new bank account(s) or closing any existing Debtor Bank Accounts and entering into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate; *provided*, *however*, the Debtors will notify the Ad Hoc Group and SoftBank as soon as reasonably practicable after any material changes to the Cash Management System and procedures related thereto.  Any new bank accounts opened by the Debtors shall be bound by the terms of this Final Order.  The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Debtor Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Cash Management Bank."  The Debtors shall provide reasonable notice to the U.S. Trustee and any statutory committee appointed in the chapter 11 cases of the opening of a new bank account or closing of an existing Debtor Bank Account.

9.      The Debtors are authorized to open and close bank accounts; *provided*, *however*, that any such new bank account shall be established at an institution that is (a) a party to a Uniform Depository Agreement for the District of New Jersey ("UDA") with the U.S. Trustee or is willing to immediately execute a UDA and (b) agrees to be bound by the terms of this Interim Order.  The Debtors shall provide notice within one (1) business day to the U.S. Trustee and

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

counsel to any statutory committees of the opening of a new bank account or closing of an existing Debtor Bank Account.  In addition, the opening or closing of a bank account shall be timely indicated on the Debtors' monthly operating reports.  The U.S. Trustee and any statutory committees appointed in these chapter 11 cases will have fourteen (14) days from receipt of such notice to file any objection with regard to the opening or closing of a bank account, or such later date as may be extended by the Court or agreed to between the Debtors, the U.S. Trustee, and/or any statutory committees appointed in these chapter 11 cases.  Any new debtor-in-possession bank account must bear the designation "Debtor-in-Possession" and designated as "Debtor-in-Possession" accounts with the case number.

10.    All Cash Management Banks maintaining any of the Debtor Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Debtor Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Debtor Bank Accounts.

11.    The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Debtor Bank Accounts in the ordinary course of business consistent with historical practices, and the automatic stay is modified to the extent necessary to allow the Cash Management Banks to effectuate such setoffs.

12.    The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

13.     Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors, without any duty to inquire otherwise, with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

14.     Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Debtor Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

15.    The Debtors are authorized, but not directed, to issue Corporate Credit Cards pursuant to the Credit Card Program, subject to any terms and conditions thereof, and to pay any amount due and owing thereunder in the ordinary course of business on a postpetition basis, including, without limitation, making payments on account of charges that were made under the Credit Card Program both prior to and after the Petition Date, subject to the limitations of this Final Order and any other applicable interim and/or final orders of this Court.

16.    The Debtors are authorized, but not directed, to continue engaging in and satisfying any payments in connection with the Intercompany Transactions (including with respect to "netting" or setoffs) in connection with the Cash Management System in the ordinary course of business on a postpetition basis in a manner consistent with the Debtors' past practice. For the avoidance of doubt, the Debtors are also authorized to continue Intercompany Transactions arising from or related to the operation of their business, including Intercompany Transactions with Non-Debtor Affiliates to the extent ordinary course and consistent with past practice (including with respect to amount).

17.    The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  Upon request of the U.S. Trustee, the Ad Hoc Group, SoftBank, and any statutory committee appointed in these chapter 11 cases, the Debtors shall make records

(Page | 14)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

related to the foregoing available to the U.S. Trustee, the Ad Hoc Group, SoftBank, and any statutory committee to the extent such records are kept by the Debtors in the ordinary course of business on a confidential professional eyes only basis.

18.    All postpetition payments from a Debtor to another Debtor or Non-Debtor Affiliate under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code; *provided* that all Intercompany Claims shall be subject to the Cash Collateral Orders and the DIP LC Order.

19.    Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

20.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority

(Page | 15)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) other than explicitly set forth herein, a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) other than explicitly set forth herein, a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

21.     Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made pursuant to the authority granted in this Final Order shall not be

(Page | 16)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Final Order, the terms of the Cash Collateral Orders shall control.

22. Section 345 of the Bankruptcy Code and any provision of the U.S. Trustee Guidelines requiring that the Bank Accounts be U.S. Trustee authorized depositories is waived with respect to the Debtor Bank Accounts existing as of the Petition Date.

23. Notwithstanding the Debtors' use of the Cash Management System, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor regardless of which entity pays those disbursements.

24. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition

(Page | 17)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

amounts owed in connection with the relief granted herein and to the extent authorized by this Final Order.

25.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

26.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

28.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon entry hereof.

29.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 18)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Final Order (I) Authorizing the Debtors to (A) Continue Using the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Existing Debtor Bank Accounts, Business Forms, and Books and Records; (II) Authorizing the Debtors to Continue to Perform Intercompany Transactions; (III) Waiving Certain U.S. Trustee Requirements; and (IV) Granting Related Relief |

31.    This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Final Order.