**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF FILING OF REVISED**
**PROPOSED INTERIM ORDER (I) APPROVING**
**THE DEBTORS' PROPOSED ADEQUATE ASSURANCE**
**OF PAYMENT FOR FUTURE UTILITY SERVICES, (II) PROHIBITING**
**UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING**
**SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR**
**RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE**
**PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

PLEASE TAKE NOTICE that on November 7, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* [Docket No. 11] (the "Utilities Motion").

PLEASE TAKE FURTHER NOTICE that the Debtors hereby file a revised proposed form of *Interim Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* (the "Revised Proposed Interim Utilities Order").

PLEASE TAKE FURTHER NOTICE that a clean version of the Revised Proposed Utilities Order is attached hereto as **Exhibit A** and a blackline marked against the proposed interim order filed with the Utilities Motion is attached hereto as **Exhibit B**.

*[Remainder of Page Intentionally Left Blank]*

2

Dated: November 7, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## Exhibit A

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) APPROVING THE DEBTORS'
PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES
FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE
PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

**ORDERED**.

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures, (iv) authorizing fee payments to the company's Utility Agent; (v) scheduling a final hearing to consider approval of the Motion on a final basis, and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

upon all of the proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, 2023, at _____

**(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and served so as to be

actually received by the Debtors' proposed counsel on or before _____, **2023,**

**at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion, the Court may enter an

order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      Subject to the Adequate Assurance Procedures for resolving Adequate Assurance

Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future

Utility Services in the ordinary course of business, shall constitute adequate assurance of future

payment as required by section 366 of the Bankruptcy Code.

4.      The following Adequate Assurance Procedures are hereby approved on an interim

basis:

  a.      Within twenty (20) days of the entry of this Interim Order, the Debtors will
          deposit the Adequate Assurance Deposit not to exceed $1 million, which is
          equal to approximately fifty percent of the Debtors' historical monthly cost
          of Utility Services from the Utility Providers, in the newly created,
          segregated, interest-bearing Adequate Assurance Account.

  b.      If an amount relating to Utility Services provided postpetition by any Utility
          Provider is unpaid, and remains unpaid beyond any applicable grace period,
          such Utility Provider may request a disbursement from the Adequate
          Assurance Account up to the amount applicable to each such Utility
          Provider by giving notice to: (i) the Debtors, WeWork Inc. c/o Epiq
          Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005
          (weworknotices@wework.com); (ii) proposed counsel to the Debtors,
          Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York
          10022, Attn:    Steven    N.    Serajeddini,    P.C.
          (steven.serajeddini@kirkland.com)    and    Ciara    Foster
          (ciara.foster@kirkland.com); (iii) proposed co-counsel to the Debtors,
          Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New
          Jersey 07601, Attn:  Michael D. Sirota, Esq. (msirota@coleschotz.com),

3

Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (v) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com) and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110 Attn: Paul R. DeFilippo (PDefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmdlaw.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vi) the Office of The United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.J.D'Auria@usdoj.gov); (collectively, the "Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c.   Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed.

d.   Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Adequate Assurance Request") within thirty (30) days of the Petition Date. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

e.   Any Adequate Assurance Request must:  (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided and the account number(s) for such location(s); (iii) a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services; and (vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

h.      The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided*, *however,* (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and (ii) such summary record and the agreements themselves shall be available to the Notice Parties upon request.

i.      If the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute whether they received adequate assurance of future payment pursuant to the procedures set forth in this Interim Order, as required by section 366 of the Bankruptcy Code, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

l.      At all times prior to resolution of such dispute at a Determination Hearing and the entry of any Court order as a result thereof, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.     The Utility Providers, including those Utility Providers paid by the Debtors' landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.      Absent further order of the Court, all Utility Providers, including those Utility Providers paid by the Debtors' landlords or through the Utility Agent, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.  Notwithstanding anything to the contrary in this Interim Order, nothing in this Interim Order affects the rights and obligations of the Debtors and their landlords under section 365 of the Bankruptcy Code with respect to nonresidential real property leases.

7.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a newly created, segregated, interest-bearing Adequate Assurance Account during the pendency of these chapter 11 cases.

8.      The Debtors are authorized, but not directed, to add or remove such parties from the Utility Services List; *provided* that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with two (2) weeks' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider or such Utility Provider's removal, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  To the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of notice of such dispute, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.

9.      For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Interim Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  If an objection is received, to the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.  The Debtors shall supplement Exhibit C to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

10.      To the extent that the Debtors become delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors.  Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided.  If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Adequate Assurance Account the amount of postpetition charges claimed as delinquent.  The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished, by the amount disbursed, after payment of the delinquent balance.  If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.

7

11.     The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.  Any subsequently identified Utility Provider not previously provided notice of this Interim Order and the Adequate Assurance Procedures shall be provided notice in accordance with paragraph 10 above, and afforded the opportunity to object or present an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

12.     Absent further order of the Court, any landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Interim Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord or third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

13.     Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  If there are no outstanding disputes, then upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five (5) business

days following the date upon which the plan becomes effective.  Notice of any reduction of the

Adequate Assurance Deposit that exceeds $50,000 shall immediately be provided to the Notice

Parties.

14.      The Debtors' service of the Motion upon the Utility Services List shall not

constitute an admission or concession that any such entity is a "utility" within the meaning of

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect

thereto.

15.      Notwithstanding anything to the contrary in any other order of this Court, including

any order authorizing use of cash collateral, the interests of any party, including but not limited to

the Debtors' pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be

subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time

as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Interim Order, or as

otherwise ordered by the Court.

16.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments

not otherwise due.

17.      Notwithstanding the relief granted in this Interim Order and any actions taken

pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed

to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular

claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law;

(b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim

on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication,

admission, or finding that any particular claim is an administrative expense claim, other priority

claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order

granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

18.    Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed

substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance
with any budget or cash flow forecast in connection therewith and any other terms and conditions
thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions,
requirements, or restrictions of the Cash Collateral Orders.  To the extent there is any inconsistency
between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash
Collateral Orders shall control.

19.    The Debtors are authorized, but not directed, to issue postpetition checks, or to
effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests
that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts
owed in connection with the relief granted herein and to the extent authorized by this Interim
Order.

20.    The banks and financial institutions on which checks were drawn or electronic
payment requests made in payment of the prepetition obligations approved herein are authorized
to receive, process, honor, and pay all such checks and electronic payment requests when presented
for payment, and all such banks and financial institutions are authorized to rely on the Debtors'
designation of any particular check or electronic payment request as approved by this Interim
Order.

21.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents
of the Motion or otherwise deemed waived.

22.    The Debtors are authorized to take all actions necessary to effectuate the relief
granted pursuant to this Interim Order in accordance with the Motion.

23.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim
Order shall be effective and enforceable immediately upon entry hereof.

11

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

27.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
|      Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) APPROVING THE DEBTORS'
PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING
SERVICES, (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES
FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, (IV) AUTHORIZING FEE
PAYMENTS TO THE UTILITY AGENT, AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through fifteen (15), is

**ORDERED**.

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, (IV) Authorizing Fee Payments to the Utility Agent, and (V) Granting Related Relief* (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an interim order (this "<u>Interim Order</u>") (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting Utility Providers from altering, refusing, or discontinuing services, (iii) approving the Adequate Assurance Procedures, (iv) authorizing fee payments to the company's Utility Agent; (v) scheduling a final hearing to consider approval of the Motion on a final basis, and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

cause for the relief granted herein; and upon all of the proceedings had before the Court and after

due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis as set forth herein.

2.      The Final Hearing on the Motion will be held on _____, **2023, at**
_____ **(Eastern Time)**.  Objections, if any, that relate to the Motion shall be filed and
served so as to be actually received by the Debtors' proposed counsel on or before
_____, **2023, at 4:00 p.m. (Eastern Time)**.  If no objections are filed to the Motion,
the Court may enter an order approving the relief requested in the Motion on a final basis
without further notice or hearing.

3.      Subject to the Adequate Assurance Procedures for resolving Adequate Assurance
Requests, the Adequate Assurance Deposit, together with the Debtors' ability to pay for future
Utility Services in the ordinary course of business, shall constitute adequate assurance of future
payment as required by section 366 of the Bankruptcy Code.

4.      The following Adequate Assurance Procedures are hereby approved on an interim
basis:

    a.     Within twenty (20) days of the entry of this Interim Order, the Debtors
will deposit the Adequate Assurance Deposit not to exceed $1 million,
which is equal to approximately fifty percent of the Debtors' historical
monthly cost of Utility Services from the Utility Providers, in the newly
created, segregated, interest-bearing Adequate Assurance Account.

    b.     If an amount relating to Utility Services provided postpetition by any
Utility Provider is unpaid, and remains unpaid beyond any applicable
grace period, such Utility Provider may request a disbursement from the
Adequate Assurance Account up to the amount applicable to each such
Utility Provider by giving notice to: (i) the Debtors, WeWork Inc. c/o
Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR
97005 (weworknotices@wework.com); (ii) proposed counsel to the
Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New
York 10022, Attn: Steven N. Serajeddini, P.C.
(steven.serajeddini@kirkland.com) and Ciara Foster
(ciara.foster@kirkland.com); (iii) proposed co-counsel to the Debtors,

Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iv) counsel to the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (v) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn: Gary T. Holtzer (gary.holtzer@weil.com), Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com) and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110 Attn: Paul R. DeFilippo (PDefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmdlaw.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vi) the Office of The United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), and Peter D'Auria (Peter.J.D'Auria@usdoj.gov); (collectively, the "Notice Parties"). The Debtors shall honor such request within ten (10) business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c.    Each Utility Provider holding an existing deposit is permitted to maintain its existing deposit in addition to its right to funds in the Adequate Assurance Account. Such Utility Provider may not, absent a separate order granting relief from Section 362 of the Bankruptcy Code, apply such existing deposit to any prepetition amounts owed.

d.    Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Adequate Assurance Request") within thirty (30) days of the Petition Date. Any Utility Provider that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

e.    Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided and the account number(s) for such location(s); (iii) a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; (v) certify that the Utility Provider does not already hold a deposit equal to or greater than two weeks of Utility Services; and

4

(vi) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

h.      The Debtors may, without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable; *provided, however,* (i) the Debtors shall maintain a summary record of such agreements and their respective terms, and (ii) such summary record and the agreements themselves shall be available to the Notice Parties upon request.

i.      If the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute whether they received adequate assurance of future payment pursuant to the procedures set forth in this Interim Order, as required by section 366 of the Bankruptcy Code, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

l.      At all times prior to resolution of such dispute at a Determination Hearing and the entry of any Court order as a result thereof, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.      The Utility Providers, including those Utility Providers paid by the Debtors' landlords, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.      Absent further order of the Court, all Utility Providers, including those Utility Providers paid by the Debtors' landlords or through the Utility Agent, are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.  Notwithstanding anything to the contrary in this Interim Order, nothing in this Interim Order affects the rights and obligations of the Debtors and their landlords under section 365 of the Bankruptcy Code with respect to nonresidential real property leases.

7.      The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a newly created, segregated, interest-bearing Adequate Assurance Account during the pendency of these chapter 11 cases.

8.      The Debtors are authorized, but not directed, to add or remove such parties from the Utility Services List; *provided* that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with two (2) weeks' notice thereof and the opportunity to respond to such removal.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider or such Utility Provider's removal, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. To the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of notice of such dispute, the Debtors shall

request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.

9.      For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Interim Order, including the Adequate Assurance Procedures, and provide such Utility Provider two (2) weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List.  If an objection is received, to the extent the Debtors and the Utility Provider are unable to reach a consensual resolution within fourteen (14) days of the Debtors' receipt of such objection, the Debtors shall request a hearing before this Court at the next omnibus hearing date or such other date that the Debtor and the Utility Provider may agree.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.  The Debtors shall supplement Exhibit C to the Motion with the names of any subsequently identified Utility Provider and file the same with the Court.

10.     To the extent that the Debtors become delinquent with respect to a Utility Provider's account after the Petition Date, such Utility Provider shall be permitted to file a written notice of delinquency with the Court (a "Delinquency Notice") and serve such Delinquency Notice on the Debtors.  Such Delinquency Notice must set forth the amount of the delinquency with enough detail for the Debtors and other parties-in-interest to determine the amount owing, by account number, and the dates services were provided.  If such delinquency is not cured, and none of the Debtors have objected to the Delinquency Notice within ten (10) days of receipt, the Debtors will be required to remit to the respective Utility Provider from the Adequate Assurance Account the amount of postpetition charges claimed as delinquent.  The Debtors will further be required to ensure that the Adequate Assurance Deposit is replenished, by

7

the amount disbursed, after payment of the delinquent balance.  If an objection is filed to the Delinquency Notice, the Debtors will request that this Court schedule a hearing to resolve the dispute.

11.      The relief granted herein is for all Utility Providers providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.  Any subsequently identified Utility Provider not previously provided notice of this Interim Order and the Adequate Assurance Procedures shall be provided notice in accordance with paragraph 10 above, and afforded the opportunity to object or present an Adequate Assurance Request in accordance with the Adequate Assurance Procedures.

12.      ~~Any~~<u>Absent further order of the Court, any</u> landlord or third party that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease, and has been provided notice of the relief provided by this Interim Order, must continue paying for such Utility Services in the ordinary course of business and may not cease, reduce, delay, or otherwise interfere with the payment or delivery of such Utility Services, regardless of any nonpayment, deferral, or waiver of rent, or any defaults with respect to the applicable lease; *provided* that a landlord or third party may cease payments on account of Utility Services following the effective date of any rejection of the applicable lease pursuant to section 365 of the Bankruptcy Code, if any.

13.      Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated two-week utility expense for such Utility Services or (ii) the amount of the Adequate Assurance Deposit then attributable to the

applicable Utility Provider.  If there are no outstanding disputes, then upon the effective date of a

plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors,

less any amount owed on account of unpaid, postpetition Utility Services, by no later than five

(5) business days following the date upon which the plan becomes effective.  Notice of any

reduction of the Adequate Assurance Deposit that exceeds $50,000 shall immediately be

provided to the Notice Parties.

14.    The Debtors' service of the Motion upon the Utility Services List shall not

constitute an admission or concession that any such entity is a "utility" within the meaning of

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect

thereto.

15.    Notwithstanding anything to the contrary in any other order of this Court,

including any order authorizing use of cash collateral, the interests of any party, including but not

limited to the Debtors' pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall

be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such

time as the Adequate Assurance Deposit is returned to the Debtors pursuant to this Interim

Order, or as otherwise ordered by the Court.

16.    Nothing in this Interim Order authorizes the Debtors to accelerate any payments

not otherwise due.

17.    Notwithstanding the relief granted in this Interim Order and any actions taken

pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or

deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any

particular claim against the Debtors under the Bankruptcy Code or other applicable

non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute

any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

18.      Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of

the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders.  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash Collateral Orders shall control.

19.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

20.    The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

21.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

23.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

24.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

25.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

26.     The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

27.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

28.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.