**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**Order Filed on November 8, 2023**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

# INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

**DATED: November 8, 2023**

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (a) authorizing, but not directing, the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date), without regard to whether such obligations accrued or arose before or after the Petition Date, and (ii) undertake the Tax Planning Activities, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on __12/6__, **2023, at** __11:00 a.m.__ **(Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before __November 29__**, 2023, at 4:00 p.m. (Eastern Time)**. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors are authorized, but not directed, on an interim basis to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business until the date a Final Order on the Motion is entered in accordance with applicable law; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—until the date of the Final Order is entered including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided* that, notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" period amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such

(Page | 5)
Debtors:         WeWork Inc., *et al.*
Case No.         23-19865 (JKS)
Caption of Order: Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief

---

amounts, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

4. The Debtors are authorized, but not directed, to continue paying Taxes and Fees on behalf of certain of their non-Debtor affiliates, including any prepetition amounts related thereto, in the ordinary course of business during these chapter 11 cases, consistent with historical practices; *provided* that the Debtors keep clear records of all such payments.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

6. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

7. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

8. The Debtors are authorized to undertake certain typical activities related to tax planning, including any Tax Planning Activities; *provided*, *however,* that the Debtors will give the U.S. Trustee and the advisors to any statutory committee appointed in these chapter 11 cases five (5) business days' notice before effectuating any such Tax Planning Activity, during which time the U.S. Trustee or any such statutory committee may object to such Tax Planning Activities and request a hearing before the Court.

9. The Debtors are authorized to make payments on account of the Tax Distributions as set forth in the Motion.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

10. The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits that have been completed, are in progress, or arise from prepetition periods.

11. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of

Case 23-19865-JKS    Doc 93    Filed 11/08/23    Entered 11/08/23 16:24:10    Desc Main
Document    Page 7 of 9

(Page | 7)
Debtors:            WeWork Inc., *et al.*
Case No.            23-19865 (JKS)
Caption of Order:   Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and
                    (II) Granting Related Relief

claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash Collateral Orders shall control.

13. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts

(Page | 8)
Debtors:        WeWork Inc., *et al*.
Case No.        23-19865 (JKS)
Caption of Order:   Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief

owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

17. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief |

20. The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

21. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

22. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.