**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

Order Filed on November 8, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

WEWORK INC., *et al.*,

      Debtors.[1]

Chapter 11

Case No. 23-19865 (JKS)

(Joint Administration Requested)

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT,
AND ADMINISTRATIVE PROCEDURES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through six (6) and the

**Exhibit 1** attached hereto, is hereby **ORDERED**.

DATED: November 8, 2023

Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to designate these chapter 11 cases as complex cases; (b) approving and implementing certain notice, case management, and administrative procedures as provided in **Exhibit 1** to this Order (collectively, the "Case Management Procedures"); and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' otion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.    The Motion is **GRANTED** as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

2.    The Court concludes that the above-captioned cases constitute complex chapter 11 cases.

3.    The Case Management Procedures set forth in **<u>Exhibit 1</u>** hereto are approved and shall apply as provided therein in these chapter 11 cases, except as otherwise ordered by the Court. Notice and service accomplished in accordance with the Case Management Procedures, including service via electronic mail (where available), shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.   To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Case Management Procedures shall govern and supersede such rules.   To the extent any notice requirements in the Case Management Procedures conflict with the notice requirement provided in the Assumption Procedures or the Rejection Procedures as set forth in the order approving *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* filed contemporaneously herewith, the notice requirement in the Assumption Procedures or the Rejection Procedures shall govern.

4.    The next three omnibus hearings are scheduled as follows:

(a)    11:00 a.m., prevailing Eastern Time, on 12/6, 2023;

(b)    2:00 p.m., prevailing Eastern Time, on 1/9, 2024; and

(c)    2:00 p.m., prevailing Eastern Time, on 1/30, 2024.

5.    The Debtors are authorized to make non-substantive revisions and corrections as needed to the Case Management Procedures, including filling in (a) the omnibus hearing schedule, and (b) the date and docket number of this Order where indicated therein.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

6.      Any party may obtain a copy of the Case Management Procedures by: (a) accessing the website maintained by the Claims Agent at https://dm.epiq11.com/WeWork free of charge; (b) contacting the Claims Agent directly (i) by mail or hand delivery at WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005; (ii) by email at WeWork@epiqglobal.com; or (iii) by telephone at (877) 959-5845 (toll-free) and +1 (503) 852-9067 (international); or (c) by accessing PACER on the Court's website at https://www.njb.uscourts.gov for a nominal fee.

7.      As soon as practicable after the entry of this Order, a copy of the Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List (as defined in the Case Management Procedures attached as **Exhibit 1** hereto). To help ensure that all parties who may participate in these chapter 11 cases are aware of the terms of the Case Management Procedures, the Claims Agent shall post the Case Management Procedures on the Case Website (as defined in the Case Management Procedures attached as **Exhibit 1** hereto).

8.      If the Case Management Procedures are modified during these chapter 11 cases, the Debtors shall (a) make updated versions of the Case Management Procedures available on the Case Website, (b) file a notice of the updated procedures (along with a copy of the updated procedures) electronically on the docket, and (c) serve such updated procedures in accordance with the revised Case Management Procedures.

9.      This Order shall be effective immediately upon entry, and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures, and (II) Granting Related Relief |

10.    Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

11.    A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(f).

12.    This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## Exhibit 1

**Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:        (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Joint Administration Requested) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

On November 6, 2023 (the "Petition Date"), WeWork Inc. and its debtor affiliates, as debtors and debtors in possession in the above-referenced chapter 11 cases (collectively, the "Debtors") commenced the above-captioned bankruptcy cases (these "Chapter 11 Cases") by filing their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On [●], 2023, the Court entered an order (the "Case Management Order") [Docket No. [●]], pursuant to sections 102(1), 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1001, 1007, 2002, 9007, 9013, 9014, and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Bankruptcy Rules for the District of New Jersey (the "Local Rules"), approving (a) these Notice, Case Management, and Administrative Procedures (collectively, the "Case Management Procedures"), and (b) the form and notice thereof.

Pursuant to the Case Management Order, all notices, motions, applications, briefs, memoranda, declarations, affidavits, objections, responses, replies, supporting documents, and other papers filed in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, and orders entered in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures.  Additionally, to the extent there is a conflict between the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules and these Case Management Procedures, these Case Management Procedures shall govern in all respects.

2

*Accordingly, all parties in interest are strongly encouraged to review the below Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein prior to filing any documents in the Chapter 11 Cases.*

## Case Management Procedures

**A.    Omnibus Hearings**

1.    <u>All Matters to Be Heard at Omnibus Hearings</u>.  All matters requiring a hearing in these Chapter 11 Cases, including with regards to any contested matters and any related adversary proceedings, shall be heard at periodic omnibus hearings (each, an "<u>Omnibus Hearing</u>"), in accordance with these Case Management Procedures, unless otherwise ordered by the Court for good cause shown.  The Debtors shall be authorized to schedule, in cooperation with the Court, Omnibus Hearings to consider (a) all motions, applications, and other requests for relief, along with any notices, briefs, memoranda, declarations, affidavits, replies, and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>"); and (b) all objections and responses to such Requests for Relief and documents filed in support of such objections and responses (collectively, the "<u>Objections</u>" and, together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") pursuant to the following procedures:

(a)    <u>Initial Omnibus Hearings</u>.  The next three Omnibus Hearings shall be held on the following dates and times:

(i)     11:00  a.m., prevailing Eastern Time, on     12/6, 2023;

(ii)    2:00 p.m., prevailing Eastern Time, on      1/9 , 2024; and

(iii)    2:00, p.m., prevailing Eastern Time, on     1/30, 2024.

(b)    <u>Subsequent Omnibus Hearings</u>.  The Debtors shall be authorized to schedule, in coordination with the Court, additional Omnibus Hearings.  The Debtors shall file notices of additional Omnibus Hearing dates with the Court on a periodic basis.  Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent (the "<u>Claims Agent</u>") shall post the dates of the Omnibus Hearings on a website established for this case at https://dm.epiq11.com/WeWork (the "<u>Case Website</u>").  Entities may contact the Claims Agent for information concerning all scheduled Omnibus Hearings.

(c)    <u>Proposed Notice of Agenda</u>.  Before noon (prevailing Eastern Time) on the day that is two (2) business days before each Omnibus Hearing, the Debtors' counsel will file a proposed Notice of Agenda with regard to the matters that are

scheduled to be heard at such Omnibus Hearing (the "Notice of Agenda"). The Notice of Agenda may include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of such adjournment.

(d)     Content of Notice of Agenda.   The proposed Notice of Agenda shall list: (i) the docket number (in docketing order) and title of each matter scheduled for hearing at such Omnibus Hearing, including the initial filing and any filed responses, replies, or documents related thereto; (ii) the relevant Objection Deadlines and whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; and (iv) other comments that will assist the Court. The matters listed on the proposed Notice of Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and affidavits of service. Resolved or continued matters shall be listed ahead of unresolved matters on the Notice of Agenda. Contested matters shall be listed in the order of docketing with the corresponding docket number.

All amended Notices of Agenda shall list matters as listed in the original Notice of Agenda with all edits and additional information being listed in boldface type.

Copies of the Notice of Agenda shall be served upon all counsel who have entered an appearance in the case, as well as all other counsel with a direct interest in any matter on the Notice of Agenda and the U.S. Trustee simultaneously with the filing of the Notice of Agenda with the Court.

When an adversary proceeding is scheduled, the Notice of Agenda shall indicate the adversary proceeding number and the corresponding docket number for pleadings filed in the adversary proceeding on the Notice of Agenda, in addition to the information regularly required in a Notice of Agenda.

(e)     Adjournment of Omnibus Hearings.   Unless the Court orders otherwise, the Debtors' counsel may, without further leave of the Court, (i) adjourn any hearing on a Request for Relief filed by the Debtors to a subsequent Omnibus Hearing either (A) if no Objection contesting the relief has been filed, or (B) with the consent of any party that has filed such an Objection; and (ii) adjourn any hearing on a Request for Relief filed by a non-Debtor party to a subsequent Omnibus Hearing provided that the filing party consents and either (A) no Objection contesting the relief has been filed or (B) any party that has filed such an Objection consents. Notice of such adjournments may be filed separately on the docket or noted in the Proposed Hearing Agenda.

(f)     Cancellation of Omnibus Hearings.   If no matters are scheduled for hearing at an Omnibus Hearing, the Debtors may cancel the Omnibus Hearing, with the consent of the Court, by filing a notice of cancellation on the docket for these Chapter 11 Cases.

**B.** **Filing Procedures; General Motion Practice; Deadlines for Filing of Responsive Pleadings**

2.    <u>Procedures Established for Court Filings</u>.    Registered users of the Court's Electronic Case Filing System (the "<u>ECF System</u>") shall file all Court Filings electronically.  Any Court Filing that refers specifically to a pleading that has already been filed in the Chapter 11 Cases shall make specific reference to the docket number assigned by the Court to such pleading by use of the designation "Docket No. ___" or similar designation.

3.    <u>General Motion Practice</u>.  The following procedures shall be followed for Requests for Relief generally, except as otherwise provided by these Case Management Procedures or an order of the Court:

(a)    <u>Requests for Relief</u>.  Any Request for Relief, including briefs, must be filed at least twenty-one calendar days prior to the hearing thereon.  A Request for Relief may be scheduled by the filing party to be heard at any Omnibus Hearing at least twenty-one calendar days after the filing of such Request for Relief.

(b)    <u>Inconsistent Filings</u>.  If a party other than the Debtors files a Court Filing and purports to set a hearing date inconsistent with these Case Management Procedures (an "<u>Inconsistent Filing</u>"), the hearing shall be scheduled, without the necessity of Court order, for the first Omnibus Hearing after the 21-day notice period has expired, and the Debtors shall provide such party with notice of these Case Management Procedures upon request.  If such filing is filed at least twenty-one days from the next Omnibus Hearing, then the hearing with respect to such filing shall be deemed to be on such Omnibus Hearing.  If such filing is less than twenty-one days prior to the next Omnibus Hearing, then the hearing with respect to such filing shall be the next Omnibus Hearing after the required twenty-one days have passed.  The movant must provide notice of the corrected hearing date to all affected parties and thereafter file a certificate of service regarding the notice.

(c)    <u>Service of Requests for Relief</u>.  All Requests for Relief shall be served in accordance with the provisions of the Bankruptcy Rules, the Local Rules, and any applicable Court order on:  (i)  the Master Service List and (ii) each entity with a particularized interest in the subject matter of the specific Court Filing (each, an "<u>Affected Entity</u>").

(d)    <u>Notices of Requests for Relief</u>.  Parties should consult the Local Rules regarding the form and content of notices with respect to Requests for Relief and visit the Court's website at http://njb.uscourts.gov for more information.

6

(e)     <u>Requests for Shortened Time or Limited Notice</u>.  Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to (i) file a Request for Relief upon shortened notice; or (ii) seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

(f)     <u>Expedited Hearings</u>.  If a party in interest has an emergency or other situation that it believes requires consideration on less than the twenty-one day notice as required by Local Rule 9013-2(c), the moving party should file and serve, a separate written application requesting shortened time and expedited hearing in respect of the underlying motion in the form provided at Local Rule 9013-2(c).

If the Court grants the motion for expedited hearing, the underlying motion will be set at the next available Omnibus Hearing or at some other appropriate shortened date approved by the Court.

Requests for expedited hearings will only be granted under emergency or exigent circumstances.

(g)     <u>Negative Noticing Procedures</u>.  Subject to the Court's discretion, the Court may approve notice procedures providing that if no Objections are timely filed and served by a deadline set in accordance with the Bankruptcy Rules and/or the Case Management Order and/or the Local Rules, the Court may enter an order granting the relief requested without further notice or a hearing ("<u>Negative Notice</u>").  The notice of motion accompanying such motion must specifically advise parties of the Objection Deadline and must also inform the recipient that if no Objections are filed and served, the Court may enter an order granting the motion without further notice or hearing.

Negative Notice may be used in connection with motions including, but not limited to, matters requesting the following relief:  (a) rejection of a non-residential real property lease or executory contract pursuant to <u>11 U.S.C. § 365</u>; <u>(b)</u> extension of deadline to seek removal action pursuant to Bankruptcy Rule 9027; (c) sales of assets outside the ordinary course of business pursuant to <u>11 U.S.C. § 363</u> with a purchase price set on a case-by-case basis; (d) approval of settlements and compromises pursuant to Bankruptcy Rule 9019 of claims where the settled amount of the claim does not exceed an amount set on a case-by-case basis; and (e) nothing contained herein shall be construed to limit a party in interest's ability to request that the Court approve the use of Negative Notice procedures in connection with motions not specifically identified above.

If an Objection is timely filed and served, a hearing will be scheduled for the next Omnibus Hearing date unless otherwise ordered by the Court.

(h)     <u>Evidentiary Hearings</u>.  Nothing herein shall prejudice the rights of any party to seek appropriate discovery with respect to any Court Filings, and all parties'

rights to request an evidentiary hearing or establish a discovery schedule are preserved. Parties who intend to offer evidence at any hearing must file a witness and exhibit list at least forty-eight hours before the scheduled hearing unless otherwise ordered by the Court or agreement by the parties.

(i)    Certificate of No Objection.  After the Objection date has passed with no Objection having been filed or served, counsel for the movant may file a Certification of No Objection substantially in the form as it appears in the General Order Governing Procedures for Complex Chapter 11 Cases on the annexed Schedule "1" stating that no Objection has been filed or served on the movant.

By filing such certifications, counsel for the movant is representing to the Court that the movant is unaware of any Objection to the motion or application and that counsel has reviewed the Court's docket and no Objection appears thereon.

Upon receipt of the Certification of No Objection, the Court may enter the order accompanying the motion or application without further pleading or hearing and, once the order is entered, the hearing scheduled on the motion or application shall be cancelled without further notice.

4.    Filing and Service of Objections, Replies, and Other Responsive Pleadings.  The

following procedures shall be followed, except as otherwise provided by these Case Management

Procedures or an order of the Court:

(a)    Objections and Replies.  Any Objection, including related briefs, must be filed on or before the date that is seven (7) days prior to the hearing set on the motion unless otherwise provided by the Court (the "Objection Deadline").  If an Objection is filed, the movant or another interested party may file a reply and any documents in support of the reply, including briefs (collectively, a "Reply"), with the Court on or before four (4) days before the applicable hearing date unless otherwise provided by the Court (the "Reply Deadline").

(b)    Extension of Objection or Reply Deadline.  The Objection Deadline may be extended upon the consent of the entity filing the Request for Relief without further order of the Court, *provided* that the Objection Deadline shall not be less than seven (7) days before the hearing on such matter without further approval of the Court. The Reply Deadline may be extended with the approval of the Court. Unless otherwise agreed by the entity filing the Request for Relief, adjournment of the hearing on the Request for Relief shall not extend the Objection Deadline.

(c)    Service of Objections.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtor, (iii) those entities on the Master Service List, and (iv) each Affected Entity.

(d)     Service of Replies to Objections.  Any Reply shall be filed and served by the applicable Reply Deadline upon (i) the entity filing the Request for Relief, (ii) the Debtors, (iii) each party that filed an Objection, (iv) each party on the Master Service List, and (v) each Affected Entity.

5.     Granting the Request for Relief Without a Hearing.  A Request for Relief may be granted without a hearing to the extent allowed under the Bankruptcy Rules or the Local Rules, except as otherwise provided herein.  If the Court decides not to grant the Request for Relief without a hearing, (a) the Request for Relief shall be heard at the next scheduled Omnibus Hearing, and (b) the decision not to grant the Request for Relief shall not constitute an extension of the Objection Deadline related thereto with respect to any party, unless otherwise agreed between the party seeking relief and the party seeking to object.

**C.     Service and Notice Procedures**

6.     Procedures Established for Notices.  All Court Filings shall be filed with the Court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

7.     Entities Entitled to Service.  All Court Filings shall be served on the Master Service List and any other Affected Entities according to the Notice Procedures, except as otherwise provided by these Case Management Procedures or an order of the Court.  In accordance with Bankruptcy Rule 2002, the Claims Agent shall maintain the Master Service List, which shall be updated in accordance with paragraph 9 below.  An updated Master Service List can be obtained by (a) accessing the Case Website, (b) contacting the Claims Agent directly, or (c) contacting Debtors' counsel directly.

8.     Parties on the Master Service List.  The Master Service List shall consist of the Core Service List and the 2002 Notice List.  The 2002 Notice List shall include all entities who have filed a written request for service of filings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 (a "2002 Notice Request").  The Core Service List shall include the following parties:

(a)     the Debtor(s);

(b)     the Debtors' counsels;

(c)     the Newark, New Jersey office of the United States Trustee for Region 3 (the "U.S. Trustee");

(d)     the chairperson of any official committees established pursuant to section 1102 of the Bankruptcy Code;

(e)     counsel retained by any official committees established pursuant to section 1102 of the Bankruptcy Code, or counsel retained by the thirty (30) largest creditors if an official committee has not been appointed.

(f)     Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017, Attn: Eli J. Vonnegut, as counsel to the Ad Hoc Group;

(g)     Weil, Gotshal & Manges LLP, 767 5th Ave, New York, NY 10153, Attn: Gary T. Holtzer, Gabriel A. Morgan, Kevin H. Bostel and Eric L. Einhorn, and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn: Paul R. DeFilippo, Steven S. Fitzgerald, and Joseph F. Pacelli, as counsel to SoftBank;

(h)     Cooley LLP, 355 S. Grand Avenue, Suite 900, Los Angeles, CA 90071, Attn: Tom Hopkins, Cullen D. Speckhart, Logan Tiari, Michael A. Klein, as counsel to Cupar Grimmond, LLC;

(i)     Munger, Tolles & Olson LLP, 350 South Grand Avenue, 50th Floor, Los Angeles, California 90071-1560, Attn: Thomas Walper, Seth Goldman, as counsel to the special committee of the board of directors of WeWork Inc.;

(j)     the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto;

(k)     the office of the attorney general for each of the states in which the Debtors operate;

(l)     the United States Attorney's Office for the District of New Jersey;

(m)     the Securities and Exchange Commission;

(n)     the Internal Revenue Service; and

(o)     Any other person or entity as authorized by the Court.

9.     Maintenance of the Master Service List.  The Claims Agent shall maintain and update the Master Service List.  Service on the persons/entities listed on the Master Service List

shall be made with respect to those matters enumerated in the Case Management Order.  The

Claims Agent must update the Master Service List at least every fourteen days during the first

sixty days of the case and at least every thirty days thereafter.  The Debtors' counsel must file a

Master Service List with the Court every thirty days during these chapter 11 cases, only to the

extent there are updates.

10.     2002 Notice Request.  Any creditor or party in interest may enter an appearance

and request receipt of all Court Filings pursuant to Bankruptcy Rule 2002 by filing a 2002 Notice

Request with the Court and providing a copy of the 2002 Notice Request to (a) the Debtors and

their counsel and (b) the Claims Agent.  Except as set forth in paragraph 13 below, a 2002 Notice

Request filed with the Court shall be deemed proper if and only if it includes the following

information with respect to the party filing such request:  (a) the name, organization (if any), full

street address (no P.O. boxes), phone number, fax number (if any), and email address (if any) of

the party requesting service; (b) if made by an attorney, the party or parties that such attorney

represents; and (c) a certification that a copy of the 2002 Notice Request has been provided to the

Debtors and their counsel and the Claims Agent.

11.     Certification Opting Out of Email Service.  Any individual or entity filing a

2002 Notice Request who does not maintain (and cannot practicably obtain) an email address, and

therefore cannot receive service by email, must include in the 2002 Notice Request a certification

to that effect (the "Certification").  The Certification shall include a statement certifying that the

individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an

email address at which the individual or entity could receive service by email.  Such individual or

entity will thereafter receive paper service as provided in these Case Management Procedures.

11

12.    <u>No Email or Certification Provided</u>. If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days of receipt of service of the 2002 Notice Request and specifically request an email address and/or Certification. ***Until (a) an email address or (b) a Certification is provided in response to the Debtors' request, such party shall not be added to the 2002 Notice List and shall not be served with copies of Court Filings filed in these Chapter 11 Cases unless such Court Filings directly affect such party.***

13.    <u>Service of Motions Required to Be Served on All Creditors and Parties in Interest</u>. With respect to Requests for Relief for which particular notices are required to be served on all creditors and parties in interest—including pursuant to Bankruptcy Rules 2002(a)(2), 2002(a)(3), 4001, 6004, 6007, and/or 9019—and subject to paragraph 16 below, parties shall serve all such filings by electronic mail (where available), except as otherwise provided in paragraphs 12 through 13 hereof, on the Master Service List and any Affected Entity.

14.    All notices required by subdivisions Bankruptcy Rules 2002(a)(2), 2002(a)(3), 2002(a)(6), and 4001 shall be served upon:

    (a)    each entity designated on the Master Service List;

    (b)    when the notice is of a proposed use, sale, lease, or abandonment of property or of a hearing thereon, each entity designated on the most recent Master Service List and each entity having an interest in the property;

    (c)    when the notice relates to relief from the stay in order to take action against property of the Debtors' Estate, each entity having a lien, encumbrance or interest in the subject property;

    (d)    when the notice relates to use of cash collateral or obtaining credit, each entity who has an interest in the cash collateral or each entity who has a lien or other interest in property on which a lien is proposed to be granted;

    (e)    when the notice is of a proposed compromise or settlement or of a hearing thereon, each entity designated on the most recent Master Service List and each entity who is a party to the compromise or settlement; and

      (f)      when the notice is of an application for compensation or reimbursement of expenses or of a hearing thereon, each entity designated on the most recent Master Service List and each professional person who is seeking compensation or reimbursement whose retention in these Chapter 11 Cases is authorized by the Court.

15.    <u>Service by Email</u>.  All Court Filings shall be electronically filed using the ECF System and served via email (where available) as provided in these Case Management Procedures, which shall be deemed to constitute proper service for all parties who are sent such email service, provided, however, that notwithstanding anything to the contrary herein, (a) a summons and complaint in an adversary proceeding shall not be served by email and (b) documents filed under seal shall not be served subject to any protective orders entered in these Chapter 11 Cases and section 107(c)(3) of the Bankruptcy Code.  In accordance with Bankruptcy Rule 9036, the "Notice of Electronic Filing" that is automatically generated and sent via email by the ECF System shall constitute proper, sufficient, and effective service by email for those parties who are, or whose agents are, registered attorney users of the ECF System (collectively, the "<u>ECF System Users</u>").  Therefore, a party filing a Court Filing that is served on the ECF System Users via the ECF System has no further obligation to serve such Court Filing on the ECF System Users, provided that service to an ECF System User shall not be effective if the filing party receives notice that service of the Court Filing did not reach the ECF System User.

      (a)      <u>Consent to Electronic Service</u>.  Each creditor or party in interest that files a 2002 Notice Request shall be deemed to have consented to service of all Court Filings solely by electronic transmission, unless such creditor or party in interest has included a Certification opting out of such service.

      (b)      <u>Email Subject Line</u>.  With respect to the service of any Court Filing, the subject line of the email shall include: (i) the Debtors' case name and case number (*In re WeWork Inc.*, Case No. 23-19865 (JKS)); (ii) the name of the party serving such Court Filing; and (iii) the title of the Court Filing being served.  If the title of the Court Filing is too long to fit reasonably within the subject line of the email, the subject line shall contain a shortened version of such title, and the text of the email shall contain the full name of such Court Filing.

13

(c)   Email Attachments.  All Court Filings served by email shall include access to a computer file containing the entire document (including any proposed form of order and exhibits, attachments or other materials) in PDF format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost.  The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format.

(d)   Effective Date of Service.  Service by email on a party shall be effective as of the earlier of:  (i) the date the Court Filing (or a notice stating that the Court Filing cannot be attached but is available on the ECF System or the Case Website) is transmitted by email to the email address provided by such party; or (ii) the date the Court Filing is posted on the ECF System where service on such ECF System User via the ECF System is proper under these Case Management Procedures.

16.   Certificates of Service.  The certificate of service for each filing must be filed with the Court together with the complete Service List that was utilized and served for a particular filing, but such certificate of service is not to be served via hard copy on the recipients of the filing.

17.   Service in Adversary Proceedings.  All filings in adversary proceedings shall be served, pursuant to Bankruptcy Rule 7005, upon all parties to the adversary proceeding, all parties known to have a particularized interest in the subject of such adversary proceeding, and the parties listed on the Master Service List.  Any summons, complaint, or motion initiating an adversary proceeding shall be served in hard copy format, pursuant to Bankruptcy Rule 7004, upon the party or parties against whom relief is sought, all parties known to have a particularized interest in the subject of such proceeding, and the parties listed on the Master Service List.  Absent leave of the Court, responsive pleadings shall be filed only by defendants in adversary proceedings and/or by parties in interest who seek to be joined or to dismiss for failure to join a necessary party.

18.   Service of Orders.  Except as otherwise provided by an order of the Court, all parties submitting orders shall serve a confirmed copy of any entered order on the parties that were entitled to service of the underlying Request for Relief in accordance with these Case Management Procedures.  The Claims Agent shall post all entered orders on the Case Website.

19.     <u>Service Upon United States Trustee</u>.  Pursuant to the General Order Governing

Procedures for Complex Chapter 11 Cases, the U.S. Trustee requires service upon it of all

pleadings and papers, including but not limited to, petitions, schedules, statements of financial

affairs, plan, disclosure statement, and monthly operating reports, in hard copy format regardless

of whether the U.S. Trustee receives the same electronically.

20.     <u>Right to Request Special Notice Procedures</u>.  Nothing herein shall prejudice the

rights of any party in interest, upon a showing of good cause, to seek an amendment or waiver of

the provisions of the Case Management Procedures, including, without limitation, the right to file

a motion seeking emergency *ex parte* relief or relief upon shortened notice.

**D.     Additional Case Management Procedures**

22.     <u>Adequate Notice</u>.  Notice and service accomplished in accordance with the

provisions set forth in these Case Management Procedures shall be deemed adequate in all respects

pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

23.     <u>Computation of Time</u>.  Unless otherwise specified, all time periods referenced in

these Case Management Procedures shall be calculated in accordance with

Bankruptcy Rule 9006(a).

24.     <u>Extensions of Time</u>.  Except as otherwise expressly set forth in any order entered

in these Chapter 11 Cases, if a Motion to extend the time for a party to take any action is filed

consistent with these Case Management Procedures before the expiration of the period prescribed

by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the provisions of any order

entered by this Court, the time shall automatically be extended until the Court acts on the Motion,

without the necessity for the entry of a bridge order.  For the avoidance of doubt, an automatic

extension under these Case Management Procedures does not require the issuance or entry of an

order extending time.  If the Court denies such Motion to extend, then the applicable action must

be completed no later than 5:00 p.m., prevailing Eastern Time, on the first business day after the Court enters such order.

25.    Effect of the Case Management Procedures.  The Bankruptcy Rules and the Local Rules shall continue to apply to all proceedings in these Chapter 11 Cases, except to the extent that any provision of these Case Management Procedures by its terms supersedes or is inconsistent with such rules.

26.    Modification of Order.  Any party may at any time apply for reconsideration or modification of the Order approving these Case Management Procedures.  Service of said motion shall be made to all persons/entities on the Master Service List.  The Court may amend Case Management Procedures from time to time as necessary.