| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C. (*pro hac vice* pending)<br>Steven N. Serajeddini, P.C. (*pro hac vice* pending)<br>Ciara Foster (*pro hac vice* pending)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>edward.sassower@kirkland.com<br>joshua.sussberg@kirkland.com<br>steven.serajeddini@kirkland.com<br>ciara.foster@kirkland.com<br><br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Ryan T. Jareck, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:    (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>*Proposed Co-Counsel for Debtors and*<br>*Debtors in Possession* | <br><br>Order Filed on November 9, 2023<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>WEWORK INC., *et al.*,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Joint Administration Requested) |

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO (A) MAINTAIN INSURANCE AND SURETY COVERAGE
ENTERED INTO PREPETITION AND PAY RELATED PREPETITION
OBLIGATIONS AND (B) RENEW, SUPPLEMENT, MODIFY, OR PURCHASE
INSURANCE AND SURETY COVERAGE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through nine (9), is **ORDERED**.

**DATED: November 9, 2023**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an interim order (this "Interim Order") (i) authorizing the Debtors to (a) maintain coverage under the Insurance Policies and the Surety Bonds (as applicable) and pay related prepetition obligations and (b) renew, supplement, modify, or purchase insurance and surety coverage in the ordinary course of business, (c) scheduling a final hearing to consider approval of the Motion on a final basis, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Final Hearing on the Motion will be held on **December 6, 2023, at 11:00 am (Eastern Time)**. Objections, if any, that relate to the Motion shall be filed and served so as to be actually received by the Debtors' proposed counsel on or before **November 29, 2023, at 4:00 p.m. (Eastern Time)**. If no objections are filed to the Motion, the Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3. The Debtors are authorized, but not directed, to continue and maintain the Insurance Policies, including, but not limited to, the Insurance Policies identified on Exhibit C to the Motion, and, in their sole discretion, pay any related prepetition or postpetition amounts or obligations thereto in the ordinary course of business, and consistent with prepetition practice, including, but not limited to, Premiums, Deductibles, SIRs, Brokerage Fees, and any other related expenses. The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier listed on Exhibit C to the Motion within two (2) business days after the date this Interim Order is entered.

4. The Debtors are authorized, but not directed, to honor the terms of the Financing Agreements and pay Premiums thereunder, in the ordinary course of their business and consistent with past practices.

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

5. The Debtors are authorized, but not directed, to continue and maintain their Surety Bond Program as applicable, including, in their sole discretion: (i) maintaining new Surety Bonds and paying any related prepetition and postpetition amounts or obligations thereto in the ordinary course of business, and consistent with prepetition practice, including, but not limited to, Surety Premiums, Surety Brokerage Fees, and any other related expenses; (ii) entering into or acquiring additional bonding capacity, as necessary, in the ordinary course of business, and consistent with prepetition practice; (iii) requesting releases from duplicate bonding obligations; (iv) revising and/or supplementing the Surety Bonds consistent with the terms thereof; (v) providing collateral and complying with collateral and indemnity requirements in the ordinary course of business; (vi) replacing the Surety Bond Broker as may be necessary; and (vii) executing other agreements in connection with the Surety Bond Program, each in the ordinary course of their business and consistent with past practices to the extent the Debtors determine that such action is in the best interest of their estates.

6. Notwithstanding anything herein to the contrary, nothing in this Interim Order shall require the Sureties to issue any new bonds (or related instruments) or maintain, modify, renew, or increase the penal sum or amount of any surety bonds (or related instruments), including, but not limited to, the Surety Bonds.

7. The Debtors are authorized, but not directed, in their sole discretion, to renew, amend, supplement, extend, or purchase existing or additional insurance policies and surety bonds in the ordinary course of business, and consistent with prepetition practice on a postpetition basis, as well as replace any of the Brokers as may be necessary.

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

8. To the extent the Debtors subsequently become aware of additional Insurance Policies or Surety Bonds that have not previously been disclosed, or to the extent the Debtors enter into material new Insurance Policies or Surety Programs or renew any material Insurance Policies and Surety Bonds, the Debtors shall disclose these policies and programs to the U.S. Trustee, the professional advisors to any statutory committees appointed in these chapter 11 cases, the Ad Hoc Group, and SoftBank.

9. The Debtors are authorized, but not directed, to honor any amounts owed on account of any Insurance Policy Audits that take place in the ordinary course of business, and consistent with prepetition practice.

10. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

11. To the extent that any Insurance Policies or Surety Bonds or any related obligation, contract, or agreement are deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in accordance with this Interim Order shall constitute the postpetition assumption of any such Insurance Policies or Surety Bonds or any related obligation, contract, or agreement pursuant to section 365 of the Bankruptcy Code.

12. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

13. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order is intended as or shall be construed or deemed to be: (i) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (iii) a promise or requirement to pay any particular claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (viii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (ix) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (x) a waiver of the obligation of

(Page | 8)
Debtors:           WeWork Inc., *et al*.
Case No.           23-19865 (JKS)
Caption of Order:  Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief

any party in interest to file a proof of claim; or (xi) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

14. Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made pursuant to the authority granted in this Interim Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Interim Order, the terms of the Cash Collateral Orders shall control.

15. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition

| | |
|---|---|
| (Page \| 9) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Interim Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage Entered into Prepetition and Pay Related Prepetition Obligations, and (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage, and (II) Granting Related Relief |

amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

16. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

17. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

18. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Interim Order shall be effective and enforceable immediately upon entry hereof.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21. The Debtors shall serve by regular mail a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f) within two (2) business days after the entry of this Interim Order.

22. Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.