**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF DEBTORS' MOTION**
**FOR ENTRY OF AN ADMINISTRATIVE FEE ORDER**
**ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND**
**PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT**
**OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

**PLEASE TAKE NOTICE** that on December 6, 2023, at 11:00 a.m., prevailing Eastern

Time, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in

possession (the "Debtors"), by and through their undersigned proposed counsel, shall move the

*Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

*Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, establishing procedures for the allowance of interim compensation and reimbursement of expenses of professionals retained by this Court.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order"), and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/WeWork.   You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF AN**
**ADMINISTRATIVE FEE ORDER ESTABLISHING**
**PROCEDURES FOR THE ALLOWANCE AND PAYMENT**
**OF INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT**

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (the "Motion"):[2]

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2016-3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

## Background

4.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or the "Company"), are the global leader in flexible workspace, integrating community, member services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's mission is to create a collaborative work environment where people and companies across a variety

---

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "First Day Declaration"), which is incorporated herein by reference.  Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork became a publicly traded company in 2021 and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

5.      On November 6, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

**Retention of Professionals**

6.      The Debtors will be filing applications for authority to retain and employ (i) Kirkland & Ellis LLP and Kirkland & Ellis International LLP as their bankruptcy co-counsel, (ii) Cole Schotz P.C. as their bankruptcy co-counsel, (iii) Alvarez & Marsal North America, LLC as their financial advisor, (iv) PJT Partners LP as their investment banker, (v) Hilco Real Estate, LLC as their real estate consultant, (vi) Epiq Corporate Restructuring, LLC as their administrative advisor, (vii) Deloitte Tax LLP as their tax services provider, (viii) Munger, Tolles, & Olson LLP as counsel to the special committee of the board of directors

of WeWork Inc. (the "Special Committee"), and (ix) Province, LLC as financial advisor to the

Special Committee.  The Debtors and counsel to any statutory committee appointed in these

chapter 11 cases (the "Committee") may seek to retain additional professionals to render services

in connection with these chapter 11 cases.[3]

### Relief Requested

7.      The Debtors seek entry of an administrative fee order, substantially in the form

attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a) and 331 of the Bankruptcy

Code and Local Rule 2016-3, authorizing an orderly, regular process for allowance and payment

of interim compensation for services rendered and reimbursement of expenses incurred by

attorneys   and   other   professionals   retained   by   the   Debtors   and   the   Committee

(collectively, the "Professionals"), whose services are authorized by this Court and who are

required to file applications for the allowance of compensation and reimbursement of expenses

pursuant to sections 330 and 331 of the Bankruptcy Code and Local Rule 2016-1.

8.      More specifically, the Debtors request that procedures for compensating and

reimbursing the Professionals retained under section 327 of the Bankruptcy Code and, to the extent

applicable, sections 328(a) and 1103 of the Bankruptcy Code, be established comparable to those

approved in other chapter 11 cases in this district and in accordance with the guidelines set forth

in Local Rule 2016-3.

9.      The requested procedures would require the presentation of monthly fee statements

to the parties described below for interim payment of compensation for professional services

rendered  and  reimbursement  of  expenses  incurred  by  each  such  Professional  during  the

---

[3]      For the avoidance of doubt, the Debtors submit that any professionals they elect to employ and retain in the
ordinary course of business should not be subject to any Order granting the relief requested in this Motion.

immediately preceding month.  The Debtors submit that the proposed procedures for compensating and reimbursing the Professionals will enable the Court and all parties in interest to monitor professional fees and costs effectively and in a timely manner.  In accordance with Local Rule 2016-3, the proposed procedures (the "Compensation Procedures") are as follows:

    (A)    <u>Monthly Fee Statements</u>.

1.    Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "Monthly Fee Statement") on the following parties:

A.    WeWork Inc. c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd. Beaverton, OR 97005, Attn: weworknotices@wework.com;

B.    Cole Schotz P.C., as proposed co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com);

C.    Kirkland & Ellis LLP, as proposed co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C. (edward.sassower@kirkland.com), Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com);

D.    United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (fran.b.steele@usdoj.gov) and Peter D'Auria (peter.dauria@usdoj.gov);

E.    counsel to the Ad Hoc Group, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq.

(eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (brodya@gtlaw.com);

F.      counsel to SoftBank, (i) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com);

G.      counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com);

H.      counsel to any statutory committees appointed in these chapter 11 cases;

I.      any other secured creditor and counsel, to the extent known;

J.      any party requesting notice of all proceedings; and

K.      any other party designated by the Court.

2.      Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "UST Guidelines").

3.      Time spent travelling without actively working on the chapter 11 cases shall be billed at 50% of the Professional's normal hourly rate.

4.      Except as otherwise provided in the Professional's specific retention orders, all timekeepers must contemporaneously maintain time

6

entries, in increments of tenths (1/10th) of an hour, for each individual.

5.      Except as otherwise provided in the order authorizing the Professional's retention, all Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

(B)     Objections.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C)     Payments.

1.      On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80 percent of the fees and 100 percent of the expenses not subject to an objection. No payments shall be made to a Professional until the Professional's retention is approved by the Court. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection. If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

2.      If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3.      If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees

and expenses until the next interim or final fee application or another date directed by the Court.

4.      The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an objection or not.  Failure by a party listed in section (A)(1) to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any Interim Fee Application (as defined below) or final fee application.

(D)      Fee Applications.

1.      A Professional who has received monthly payments under the Order must, at four-month intervals (the "Interim Fee Period") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "Interim Fee Application"), unless otherwise agreed between such professional and the U.S. Trustee.

2.      Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Period for which the application seeks allowance of fees and reimbursement of expenses.  The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3.      The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

4.      Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

5.      Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement or any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

6.      Any party under section (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

10.     The Compensation Procedures will enable the Debtors to closely monitor the costs of administration of these chapter 11 cases, maintain a level cash flow, and implement efficient cash management procedures.  Moreover, the Compensation Procedures will also enable the Court and parties-in-interest to ensure the reasonableness of the compensation and reimbursement sought by Professionals on a regular basis.

## **Basis for Relief**

11.     A professional's right to seek interim payments from a debtor's estate is governed by section 331 of the Bankruptcy Code, which authorizes professionals to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if the court permits.  It provides, in relevant part:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

12.     In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of this title," thereby codifying the bankruptcy courts' inherent equitable powers.

11 U.S.C. § 105(a).

13. The Compensation Procedures are needed not only to encourage professionals to

provide services in connection with these chapter 11 cases but also to avoid having professionals

fund the cases. *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897-98 (Bankr. N.D. Ga. 1981)

(establishing procedures for monthly interim compensation). Relevant criteria when considering

a motion to establish interim compensation procedures include "the size of [the] reorganization

cases, the complexity of the issues involved, and the time required on the part of the attorneys for

the debtors in providing services necessary to achieve a successful reorganization of the

debtors . . . ." *Id.* at 897. Courts in this district have recognized that the permissive language of

section 331 of the Bankruptcy Code, coupled with the court's inherent power under section 105(a)

of the Bankruptcy Code, provide authority for the entry of orders establishing procedures for

monthly compensation and reimbursement of expenses of professionals. *See, e.g.*, *In re Cyxtera*

*Techs., Inc.* No. 23-14853 (JKS) (Bank. D.N.J. July 21, 2023); *In re Whittaker,*

*Clark & Daniels Inc.*, No. 23-13565 (MBK) (Bankr. D.N.J. June 6, 2023); *In re David's*

*Bridal, LLC,* No. 23-13131 (CMG) (Bankr. D.N.J. May 18, 2023); *In re Bed Bath & Beyond Inc.*,

No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023); *In re BlockFi, Inc.*, No. 22-19361 (MBK)

(Bankr. D.N.J. January 17, 2023).[4]

14. The Compensation Procedures are appropriate in light of the facts described above.

Such procedures are necessary to ensure that the Professionals are compensated fairly and timely

for their services in these chapter 11 cases and are not forced to bear undue financial burden or

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

risk caused by delays in payment.  Moreover, the Compensation Procedures will enable the

Debtors to closely monitor the costs of administration of their chapter 11 cases and avoid large

spikes in their cash outlays.  Finally, the Compensation Procedures will allow the Court and key

parties in interest to ensure the reasonableness and necessity of the compensation and

reimbursement sought.

### Waiver of Memorandum of Law

15.     The Debtors request that the Court waive the requirement to file a separate

memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the

Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

16.     No prior request for the relief sought in this Motion has been made to this Court or

any other court.

### Notice

17.     The Debtors will provide notice of this Motion to the following parties or their

respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk &

Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'

prepetition secured credit facilities and counsel thereto; (g) counsel to any statutory committee

appointed in these chapter 11 cases (h) the office of the attorney general for each of the states in

which the Debtors operate; (i) the United States Attorney's Office for the District of New Jersey;

(j) the Securities and Exchange Commission; (k) the Internal Revenue Service;  and (l) any party

that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief

requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form

submitted herewith, granting the relief requested herein and such other relief as is just and proper

under the circumstances.

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ADMINISTRATIVE FEE ORDER ESTABLISHING
PROCEDURES FOR THE ALLOWANCE AND PAYMENT
OF INTERIM COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT</u>**

The relief set forth on the following pages, numbered three (3) through nine (9) is

**ORDERED**.

(Page | 3)

| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

Upon the *Debtors' Motion for Entry of an Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court* (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an administrative order (this "<u>Order</u>") establishing procedures for the allowance and payment of interim compensation and reimbursement of expenses of certain professionals retained by Order of this Court pursuant to sections 105(a) and 331 of the Bankruptcy Code and Local Rule 2016-3, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

2.      Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals retained in these chapter 11 cases pursuant to section 327 and, to the extent applicable, sections 328(a) and 1103 of the Bankruptcy Code, may seek monthly compensation in accordance with the following procedures (the "<u>Compensation Procedures</u>"):

(A)    <u>Monthly Fee Statements</u>.

1.      Not later than the 25th day of the month following the month for which compensation is sought, each Professional seeking compensation under the Order must file and serve, by electronic transmission, hand delivery, or overnight delivery, or by any means directed by the Court, a monthly fee and expense statement (a "<u>Monthly Fee Statement</u>") on the following parties:

A.      WeWork Inc. c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd. Beaverton, OR 97005, Attn: weworknotices@wework.com;

B.      Cole Schotz P.C., as proposed co-counsel to the Debtors, Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com);

C.      Kirkland & Ellis LLP, as proposed co-counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn: Edward O. Sassower, P.C. (edward.sassower@kirkland.com), Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com), Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com);

D.      United States Trustee for the District of New Jersey, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

Steele (fran.b.steele@usdoj.gov) and Peter D'Auria (peter.dauria@usdoj.gov);

E. counsel to the Ad Hoc Group, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (brodya@gtlaw.com);

F. counsel to SoftBank, (i) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com);

G. counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com);

H. counsel to any statutory committees appointed in these chapter 11 cases;

I. any other secured creditor and counsel, to the extent known;

J. any party requesting notice of all proceedings; and

K. any other party designated by the Court.

2. Unless otherwise provided in the order authorizing the Professional's retention, each Professional's Monthly Fee Statement, in accordance with Local Rules 2016-1 and 2016-3, shall include a monthly invoice with fee and expense detail that describes

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

the fees and expenses incurred by such Professional in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines established by the Office of the United States Trustee (the "<u>UST Guidelines</u>").

3. Time spent travelling without actively working on the chapter 11 cases shall be billed at 50% of the Professional's normal hourly rate.

4. Except as otherwise provided in the Professional's specific retention orders, all timekeepers must contemporaneously maintain time entries, in increments of tenths (1/10th) of an hour, for each individual.

5. Except as otherwise provided in the order authorizing the Professional's retention, all Monthly Fee Statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the UST Guidelines, and applicable law.

(B) <u>Objections</u>.

An objection to a Monthly Fee Statement must be filed and served on the applicable Professional and the parties listed in subdivision (A)(1) not later than fourteen (14) days after service of the statement. The objection must set forth the nature of the objection and the amount of fees and expenses at issue. Grounds for objection include: (i) the Debtors' failure to timely file monthly operating reports; and (ii) the Debtors' failure to remain current with administrative expenses and fees under 28 U.S.C. § 1930.

(C) <u>Payments</u>.

1. On the expiration of the objection deadline under subdivision (B), a Professional may file and serve on the parties listed in subdivision (A)(1) Local Form *Certification of No Objection* or Local Form *Certification of Partial Objection*, and then receive 80 percent of the fees and 100 percent of the expenses not subject to an objection. No payments shall be made to a Professional until the Professional's retention is approved by the Court. A Professional may seek authorization as part of its next interim or final fee application to receive the remaining 20 percent of fees not subject to an objection. If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the objection is

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this subdivision.

2.   If the parties resolve an objection and if the applicable Professional files and serves on the parties listed in subdivision (A)(1) a statement indicating that the objection is withdrawn and describing the terms of the resolution, the Debtors may pay in accordance with subdivision (C)(1) that portion of the Monthly Fee Statement which is no longer subject to an objection.

3.   If the parties are unable to resolve an objection not later than fourteen (14) days after the deadline for filing an objection under subdivision (B), the Professional may either (i) file a response to the objection together with a request for payment of the fees and expenses to which the objection applies and schedule a hearing on at least fourteen (14) days' notice; or (ii) forgo payment of those fees and expenses until the next interim or final fee application or another date directed by the Court.

4.   The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any Interim Fee Application (as defined below) or final fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in an objection or not.  Failure by a party listed in section (A)(1) to object to a Monthly Fee Statement shall not constitute a waiver of any kind nor prejudice that party's right to object to any Interim Fee Application (as defined below) or final fee application.

(D)   <u>Fee Applications</u>.

1.   A Professional who has received monthly payments under the Order must, at four-month intervals (the "<u>Interim Fee Period</u>") or such other intervals directed by the Court, file and serve on the parties listed in subdivision (A)(1) an interim application under section 331 of the Bankruptcy Code for allowance of the compensation and reimbursement of the expenses sought in the monthly statements issued during the applicable period (an "<u>Interim Fee Application</u>"), unless otherwise agreed between such professional and the U.S. Trustee.

2.   Interim Fee Applications must be filed and served on or before the 45th day after the end of the Interim Period for which the application

| Debtors: | WeWork Inc., *et al*. |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

seeks allowance of fees and reimbursement of expenses. The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court or required by the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, and the UST Guidelines.

3. The pendency of an objection or the entry of a Court order holding that the prior payment of compensation or the reimbursement of expenses was improper as to a particular Monthly Fee Statement will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above unless the Court orders otherwise.

4. Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as the Interim Fee Application is submitted.

5. Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection to any Monthly Fee Statement or any Interim Fee Application will bind any party in interest or the Court with respect to the final applications for allowance of compensation and reimbursement of expenses of Professionals.

6. Any party under section (A)(1) may request that a Professional deliver a Monthly Fee Statement or an Interim Fee Application in an electronically searchable format mutually acceptable to the parties.

3. The Debtors shall include all payments to Professionals on their monthly operating reports, detailed to state the amount paid to each Professional.

4. All Professionals that are law firms shall make a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. Section 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, in connection with any Monthly Fee Statements, interim fee applications, and

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses of Professionals Retained by Order of this Court |

final fee applications to be filed in these chapter 11 cases. All professionals that are law firms shall provide any and all Monthly Fee Statements, interim fee applications, and final fee applications in "LEDES" format to the U.S. Trustee.

5. Each member of the Committee shall be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) and supporting vouchers to the Committee's counsel, which counsel will collect and submit the Committee members' requests for reimbursement in accordance with the Compensation Procedures. For the avoidance of doubt, this provision only permits the Committee member to request reimbursement and does not extend to any representative purporting to act on behalf of the Committee member.

6. Time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. All fees and expenses paid to Professionals are subject to disgorgement until such time as they are allowed pursuant to a final order of this Court.

8. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Debtors are authorized to take all actions necessary to carry out this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.