**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING AND ESTABLISHING**
**PROCEDURES FOR THE COMPROMISE AND SETTLEMENT**
**OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER**
**OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on December 6, 2023, at 11:00 a.m., prevailing Eastern

Time, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in

possession (the "Debtors"), by and through their undersigned proposed counsel, shall move the

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

*Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* (the "<u>Motion</u>") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "<u>Order</u>"), substantially in the form submitted herewith, (a) authorizing and approving the Settlement Procedures (as defined in the Motion) to allow the Debtors to compromise and settle the De Minimis Claims (as defined in the Motion); (b) approving the proposed form and manner of the Settlement Notice, substantially in the form attached to Order as <u>Exhibit 1</u>; and (c) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "<u>General Order</u>"), and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "<u>Supplemental Commentary</u>") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at <u>www.njb.uscourts.gov</u>, the official website for the Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and

shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/WeWork.   You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: November 15, 2023

/s/ Michael D. Sirota

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:      (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:      (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:      (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and Debtors in Possession*

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING AND ESTABLISHING**
**PROCEDURES FOR THE COMPROMISE AND SETTLEMENT**
**OF DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER**
**OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

the following in support of this motion (the "Motion"):[2]

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"): (a) authorizing and approving the procedures outlined below

(the "Settlement Procedures") to allow the Debtors to compromise and settle both prepetition and

postpetition claims, cross-claims, litigation, and causes of action, including but not limited to,

prepetition claims threatened or actions brought by various parties (each a "Claimant," and

collectively, the "Claimants") against one or more of the Debtors or their estates, or brought by

the Debtors or their estates against one or more Claimant(s), in judicial, administrative, or other

actions or proceedings with a Settlement Amount (as defined below) less than or equal to

$1 million (collectively, the "De Minimis Claims," and each settlement reached with respect

thereto pursuant to the Settlement Procedures, a "Settlement"); (b) approving the proposed form

and manner of notice that will be provided to affected creditors (the "Settlement Notice"),

substantially in the form attached as Exhibit 1 to the Order and incorporated herein by reference;

and (c) granting related relief.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court")

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

---

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to
the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork
Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "First Day Declaration").
A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors'
chapter 11 cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court's entering

a final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105 and 363 of title 11 of the

United States Code (the "Bankruptcy Code"), rules 2002, 9006, and 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local Bankruptcy Rules

for the District of New Jersey (the "Local Rules").

**Background**

5.     The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or

the "Company"), are the global leader in flexible workspace, integrating community, member

services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's

mission is to create a collaborative work environment where people and companies across a variety

of industries, from freelancers to Fortune 100 companies, come together to optimize performance.

WeWork became a publicly traded company in 2021 and employs over 2,650 full-time and fifty

part-time workers in the United States and abroad.  The Company operates over 750 locations in

thirty-seven countries and is among the top commercial real estate lessors in business hubs

including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022,

WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11

cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for

sustainable, long-term growth.

6.     On November 6, 2023 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87]

authorizing the procedural consolidation and joint administration of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has

been made in these chapter 11 cases, and no official committees have been appointed

or designated.

### De Minimis Claims and Settlement Procedures

7.      Given the Debtors' size, scope, and complexity, disputes inevitably arise between

the Debtors and other parties concerning a variety of matters in the ordinary course of operating a

business.  These disputes include, but are not limited to, tort claims, property claims, landlord

disputes, customer disputes, investor and/or shareholder disputes, vendor disputes, employment-

related disputes, disputes concerning leases, lease guarantees, and letters of credits, collections

disputes with parties doing business with the Debtors, disputes arising under various state and

federal statutes, and other routine litigation and pre-litigation matters, arbitration, and mediation

initiated by or against the Debtors.  As a result, both the Debtors and numerous third parties hold,

or may come to hold, various claims and causes of action against one another that they have

asserted or may assert through actual or threatened litigation, administrative action, or arbitration

in appropriate forums.

8.      The Debtors routinely settle De Minimis Claims in the ordinary course of business.

Before the commencement of these chapter 11 cases, the Debtors, from time to time with the

assistance of outside counsel, investigated, evaluated, and attempted to resolve these disputes.

Depending on the specific facts and circumstances of each dispute and the inherent risks involved

in litigation, the Debtors sometimes determined, in a sound exercise of their business judgment,

that it was more cost efficient to consensually resolve certain disputes than to engage in costly,

4

time-consuming, and uncertain litigation over relatively small amounts (*i.e.*, the De Minimis Claims).

9.      The Debtors seek authority, but not direction, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to implement the Settlement Procedures to compromise and settle De Minimis Claims during these chapter 11 cases.  The Settlement Procedures will minimize expenses and maximize value for creditors of the Debtors' estates, serve the interests of judicial economy, and are in the best interests of all stakeholders.  Requiring the Debtors to obtain Court approval prior to settling each De Minimis Claim would give rise to costs for preparing, filing, and serving separate motions for each proposed Settlement.  In many cases, such costs may even exceed the value of the De Minimis Claim at issue.  In addition, the Debtors would likely suffer delays inherent to filing individual settlement motions and, in some cases, may lose negotiating leverage in resolving claims as a result.  Therefore, the Debtors seek to establish the Settlement Procedures to allow them to enter into Settlements on a more cost-effective and expeditious basis.

10.     The Debtors propose that the Settlement Procedures apply to De Minimis Claims by: (i) third parties that are not "insiders" or "affiliates" as defined in sections 101(31) and 101(2), respectively, of the Bankruptcy Code (each, a "Settling Party") against the Debtors, or (ii) the Debtors against a Settling Party.  For the purposes of determining the amount of a De Minimis Claim subject to the Settlement Procedures, the Debtors propose that the applicable settlement amount be the aggregate dollar amount payable or receivable by the Debtors (i) in cash or (ii) in cash-equivalent or non-cash consideration (as valued in the good faith judgment of the Debtors)

that the Debtors and the Settling Party agree upon to resolve all claims asserted by a Settling Party against the Debtors or by the Debtors against a Settling Party (the "Settlement Amount").[3]

11.    The Debtors propose the following Settlement Procedures applicable to De Minimis Claims:

a.    No Settlement will be effective unless it is executed by an authorized representative of the Debtors.

b.    A full release of the Debtors, the Settling Party, and any applicable third parties may be included in the Settlement.

c.    No Settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of all relevant factors, including:  (i) the reasonableness of the Settlement as a whole; (ii) the probability of success if the De Minimis Claim(s) were to be further litigated, mediated, or otherwise pursued or defended through other means; (iii) the complexity, expense, and likely duration of any litigation, mediation, or dispute resolution process; (iv) the likelihood of collecting any judgment if the Debtors proceeded with either litigation or arbitration; (v) the fairness of the Settlement regarding the Debtors' estates, creditors, and other parties in interest; and (vi) other factors the Debtors may, in the exercise of their business judgment, deem relevant in assessing the utility of the proposed Settlement.

d.    Any Settlement where the proposed Settlement Amount is less than or equal to $250,000 for the settlement of one or multiple De Minimis Claim(s) in the aggregate, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement of such Settlement on any reasonable terms that will be binding on the Debtors, their estates, and the Settling Party without notice by the Debtors to any third party or further action by this Court.

e.    With respect to any Settlement where the proposed Settlement Amount is greater than $250,000 but less than or equal to $1 million (i) for the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement of such Settlement on any reasonable terms that will be

---

[3]    If the proposed settlement resolves less than all of the claims asserted by the Settling Party, then the Debtors shall give notice of such settlement pursuant to subclause (e) below, which notice shall specify the claim being resolved as well as any unresolved claims with the Settling Party.  Any subsequent settlements of claims with the Settling Party shall be aggregated with any previous settlements for purposes of calculating the Settlement Amount.

binding on the Debtors, their estates, and the Settling Party without further action by this Court; *provided* that:

i.     Before entering into, executing, or consummating a written agreement of such Settlement, the Debtors shall give at least seven (7) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals' eyes only basis, to:  (a) the U.S. Trustee for the District of New Jersey, Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn.:  Fran Steele (Fran.B.Steele@usdoj.gov) and Peter D'Auria (Peter.DAuria@usdoj.gov); (b) counsel to the Ad Hoc Group, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.:  Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (c) counsel to SoftBank, (i) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.:  Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); (d) counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com); (e) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (f) any party to the Settlement; (g) counsel to any statutory committee appointed in these chapter 11 cases; and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "<u>Notice Party</u>," and, collectively, the "<u>Notice Parties</u>").

ii.    Such notice will be in substantially the form of the settlement notice attached to as <u>Exhibit 1</u> to **<u>Exhibit A</u>** attached hereto (the "<u>Settlement Notice</u>") and will specify (i) the identity of the other party or parties to the Settlement, (ii) a summary of the dispute with such other party, (iii) the material terms of the Settlement, including, without limitation, the Settlement Amount, and (iv) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iii.    The Notice Parties shall have until 5:00 p.m., prevailing Eastern Time, on the date that is seven (7) calendar days after service of the written notice (the "<u>Objection Deadline</u>") to object to the Settlement by filing and serving such objection in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100] (the "<u>Case Management Procedures</u>") on (a) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com), and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), Ryan T. Jareck, Esq. (RJareck@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); and (c) the other Notice Parties.

iv.    The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing (email being sufficient) by no later than the Objection Deadline and serve such request on counsel to the Debtors.  If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested.  Each Notice Party may make only one request for additional time and one request for additional information per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

v.    If no objection from any Notice Party is filed with the Court and served by the Objection Deadline, the Debtors may, in their sole discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors, their estates, and the Settling Party without notice to any third party or further action by the Court.

vi.    If any Notice Party properly and timely objects to any Settlement by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the Settling Party, the execution of the Settlement shall not proceed except upon

(i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

vii.   Should a hearing on a proposed Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.  All time periods set forth in the Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

f.   With respect to any and all De Minimis Claims asserted by the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought by the Debtors against a non-Debtor third party that is not an affiliate or an insider (each as defined in section 101 of the Bankruptcy Code) of the Debtors, including any applicable counterclaims and crossclaims, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement settling such De Minimis Claims on any reasonable terms that will be binding on the Debtors, their estates, and the Settling Party without further action by this Court; *provided* that:

i.   Before entering into, executing, or consummating a written agreement of such Settlement, the Debtors shall give at least seven (7) calendar days' advance written notice (email being sufficient) to the Notice Parties on a confidential, and to the extent applicable, professionals' eyes only basis.

ii.  Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, (iii) the material terms of the Settlement, including, without limitation, the Settlement Amount, and (iv) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iii. The Notice Parties shall have until the Objection Deadline to object to the Settlement by filing and serving such objection in accordance with the Case Management Procedures on (a) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré

9

(oliver.pare@kirkland.com), and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), Ryan T. Jareck, Esq. (RJareck@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); and (c) the other Notice Parties.

iv.    If no written objection from any Notice Party is properly served by the Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors, their estates, and the Settling Parties without notice to any third party or further action by this Court.

v.    If any of the Notice Parties properly and timely object to any Settlement by the Objection Deadline and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the Settling Party, the execution of the Settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

vi.    Should a hearing on a proposed Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

vii.    All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

g.    On a monthly basis, beginning 30 days after entry of an Order granting the Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month pursuant to the Settlement Procedures. Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

h.    Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of the Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

12. To the extent that the Debtors are authorized to fix the allowed amount and priority of a claim without further order of this Court, the allowed amount and priority of such filed claim and the Debtor against which such filed claim is allowed shall be as set forth in the applicable agreement between the Debtor and the Settling Party, and such agreement shall be fully binding upon the applicable Debtor's estate and the Settling Party.

13. Additionally, the Debtors will provide written notice to Epiq Corporate Restructuring, LLC ("Epiq"), the Debtors' authorized claims and noticing agent, with respect to any proofs of claim filed in these chapter 11 cases that are settled pursuant to these Settlement Procedures. If applicable, Epiq will be authorized and directed to amend the claims register to reflect the applicable Settlement without further order of the Court.

14. The Settlement Procedures are designed to afford parties reasonable time to review a Settlement. Under the Local Rules, an adverse party would typically have seven (7) calendar days to object to a proposed consent order. *See* D.N.J. LBR 9021-1(c). But under the Settlement Procedures, such parties in interest will have up to twelve (12) days to review a Settlement (if such party makes a request for an additional five (5) calendar days).

15. The Settlement Procedures provide the Debtors and their estates a significant cost savings benefit by obviating the need to file a separate motion to approve each Settlement with service on all creditors. Likewise, as set forth in greater detail below, excepting relatively low-cost Settlements from notice requirements ensures that the Debtors will be able to reach the greatest number of low-cost Settlements—which have a comparatively minor impact on the Debtors' bankruptcy estates—in an expeditious and cost-effective manner.

**Basis for Relief**

16.      Compromises and settlements are "a normal part of the process of reorganization."

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414,

424 (1968).  Courts recognize that, particularly in the bankruptcy context, settlements "are favored

in bankruptcy proceedings because they 'minimize litigation and expedite the administration of

the bankruptcy estate.'"  *In re Petersburg Regency LLC*, 540 B.R. 508, 535 (Bankr. D.N.J. 2015)

(citing *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996)).  Settlements generally

are approved pursuant to Bankruptcy Rule 9019 and sections 105 and 363 of the Bankruptcy Code.

17.      Bankruptcy Rule 9019(a) provides this Court with the power to approve

compromises and settlements.  Fed. R. Bankr. P. 9019(a).  To approve a settlement under

Bankruptcy Rule 9019, the court "need only canvas the issues to determine whether the settlement

falls above the 'lowest point in the range of reasonableness.'"  *In re Immune Pharmaceuticals Inc.*,

635 B.R. 118, 122 (Bankr. D.N.J. 2021) (citing *In re ID Liquidation One, LLC*, 555 F. App'x 202,

207 (3d Cir. 2014)); *see also In re Nutraquest, Inc.*, 434 F.3d 639, 645 (3d Cir. 2006).   In

determining whether to approve a settlement as fair and equitable under Bankruptcy Rule 9019(a),

courts in the Third Circuit consider the following factors:  "(1) the probability of success in

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and

the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of

the creditors."  *Nutraquest*, 434 F.3d at 644 (quoting *Martin*, 91 F.3d at 393); *see also In re ICL

Holding Co.*, 802 F.3d 547, 551–52 (3d Cir. 2015) (same); *In re Energy Future Holdings Corp.*,

648 Fed. Appx. 277, 281 (3d Cir. 2016) (same); *In re Summit Metals, Inc.*, 477 Fed. Appx. 18, 20

(3d Cir. 2012) (same).

18.     Courts defer to the debtor's business judgment to enter into a settlement "so long as there is a legitimate business justification."  *Immune Pharmaceuticals*, 635 B.R. at 122; *see* 11 U.S.C. § 363(c)(1) (authorizing a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing"); *In re Sabine Oil & Gas Corp.*, 555 B.R. 180, 258 (Bankr. S.D.N.Y. 2016) ("Although in considering approval of a settlement of claims a court may not substitute the debtor's judgment for its own and instead must undertake an independent, reasoned analysis of the claims at issue, in making its determination, the court may nonetheless take into account the debtor's business judgment in recommending a settlement." (internal citations omitted)).  "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").  Indeed, when applying the "business judgment" standard, courts show great deference to a debtor's business decisions. *See Granada Invs., Inc. v. DWG Corp.*, 823 F. Supp. 448, 454 (N.D. Ohio 1993) (observing that "courts employ the business judgment rule because in order for a corporation to be managed properly and efficiently, latitude must be given in the handling of corporate affairs").

19.     Moreover, the Court does not need to require that the Debtors seek Court approval of all settlements.  Rather, pursuant to Bankruptcy Rule 9019(b), this Court is empowered to approve settlement procedures for entire classes of controversies by a debtor without requiring separate notice and hearing with respect to each individual controversy.  *See* Fed. R. Bankr. P. 9019(b).  The rule merely requires that the proposed procedures be reasonable.  *See In re NJ*

*Affordable Homes Corp.*, Case No. 05-60442 (DHS), 2007 WL 3166950, at *13 (Bankr. D.N.J. Oct. 22, 2007); *In re Check Reporting Service, Inc.*, 137 B.R. 653, 658 (Bankr. W.D. Mich. 1992). Finally, section 105 of the Bankruptcy Code incorporates this Court's equitable powers and provides that this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

20.    The Settlement Procedures fall squarely within the spirit of Bankruptcy Rule 9019 as well as the Bankruptcy Code's preference for compromise and should be approved.  Granting the Debtors authority to efficiently and economically settle numerous claims is clearly beneficial to the Debtors' estates and will assist in their restructuring efforts.  Returning to court to resolve each individual claim, no matter how small, would be prohibitively expensive and value destructive and may limit the willingness of parties to settle matters.  The Settlement Procedures (i) allow the Debtors to avoid the time and expense of drafting, filing, and arguing separate Bankruptcy Rule 9019 motions for every small settlement; (ii) reduce the burden on the Court's docket and protect the interests of all creditors through the notice and objection procedures incorporated therein; and (iii) afford the Debtors the flexibility required to settle standard yet confidential business disputes—including those relating to real property leases—while providing all Notice Parties with sufficient transparency to monitor the Debtors' settlement practices.  By

providing the Notice Parties, including the U.S. Trustee, with oversight of the settlement process, the Court can be confident that only settlements that satisfy the *Martin* factors will be affected.[4]

21.    The Debtors also believe strongly in their role to appropriately analyze any settlement before entry into any such agreement.  Under the Settlement Procedures, the Debtors will evaluate any Settlements only after giving due consideration to the factors set forth in *In re Martin* and other relevant cases.    Specifically, the Debtors will consider:  (i) the reasonableness of the Settlement as a whole; (ii) the probability of success if the De Minimis Claim(s) were to be further litigated, mediated, or otherwise pursued or defended through other means; (iii) the complexity, expense, and likely duration of any litigation, mediation, or dispute resolution process; (iv) the likelihood of collecting any judgment if the Debtors proceeded with either litigation or arbitration; (v) the fairness of the Settlement regarding the Debtors' estates, creditors, and other parties in interest; and (vi) other factors the Debtors may, in the exercise of their business judgment, deem relevant in assessing the utility of the proposed Settlement.  Only after giving due consideration to the foregoing will the Debtors enter into a settlement agreement.

22.    Overall, the Settlement Procedures will optimize the Debtors' resolution of *de minimis* controversies by minimizing administrative expenses and easing the burden on the court docket.  These procedures will not unduly prejudice the rights of creditors or other parties in

---

[4]    The Debtors also request that, pursuant to Bankruptcy Rule 2002(a)(3), the Court find that cause exists to limit notice as described above for any settlements entered into pursuant to the Settlement Procedures.  Bankruptcy Rule 2002(a)(3) requires 21-day notices to parties in interest of "the hearing on approval of a compromise or settlement of a controversy . . . unless the court for cause shown directs that notice not be sent."  Fed. R. Bankr. P. 2002(a)(3).  Courts have found that cause exists for purposes of limiting notice under Bankruptcy Rule 2002(a)(3) where there are so many creditors that sending notice to each creditor would constitute an undue burden and expense on the debtors' estates.  *See Cory v. Leasure*, 491 B.R. 476, 487 n.8 (Bankr. W.D. Ky. 2013) ("Other courts similarly have read Rule 2002(a)(3)'s notice requirement as neither absolute nor mandatory." (citing *In re Szabo Contracting, Inc.*, 283 B.R. 242, 253 (Bankr. N.D. Ill. 2002) (finding cause existed to dispense with notice to all creditors where there were more than 500 creditors and "to require notice to go to every creditor listed in the estate for every claim objection settlement would constitute an undue and unnecessary burden upon the Trustee and expense to the Debtor's estate, thereby further reducing the net asset pool available to pay allowed claims"))).

interest.  For these reasons, courts in this district and others have approved similar procedures in other large chapter 11 cases.  *See, e.g.*, *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. July 27, 2023); *In re Genesis Care Pty Ltd.*, No. 23-90614 (MI) (Bankr. S.D. Tex. Sept. 25, 2023); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y.  Aug. 23, 2022); *In re Murray Energy Holdings*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Jan. 9, 2020); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019).[5]

23.     Based on the foregoing, the Debtors submit that the Settlement Procedures are necessary and appropriate and in the best interests of the Debtors, their estates, and their creditors, and should be approved.

### Request of Waiver of Stay

24.     To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

### Waiver of Memorandum of Law

25.     The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### Reservation of Rights

26.     Notwithstanding anything to the contrary herein, nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended

---

[5]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

**No Prior Request**

27.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

## **Notice**

28.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) counsel to any statutory committee appointed in these chapter 11 cases (h) the office of the attorney general for each of the states in which the Debtors operate; (i) the United States Attorney's Office for the District of New Jersey; (j) the Securities and Exchange Commission; (k) the Internal Revenue Service; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially in the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

<u>**Exhibit A**</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>          Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING AND ESTABLISHING
PROCEDURES FOR THE COMPROMISE AND SETTLEMENT OF
DE MINIMIS CLAIMS, (II) APPROVING THE FORM AND MANNER
OF THE NOTICE OF SETTLEMENT, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving the Settlement Procedures to allow the Debtors to compromise and settle the De Minimis Claims; (b) approving the proposed form and manner of the Settlement Notice, substantially in the form attached hereto as **Exhibit 1**; and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

2.      The Debtors are hereby authorized to enter into settlements for De Minimis Claims

pursuant to the following Settlement Procedures:

a.      No Settlement will be effective unless it is executed by an authorized representative of the Debtors.

b.      A full release of the Debtors, the Settling Party, and any applicable third parties may be included in the Settlement.

c.      No Settlement will be agreed to unless it is reasonable in the judgment of the Debtors upon consideration of all relevant factors, including:  (i) the reasonableness of the Settlement as a whole; (ii) the probability of success if the De Minimis Claim(s) were to be further litigated, mediated, or otherwise pursued or defended through other means; (iii) the complexity, expense, and likely duration of any litigation, mediation, or dispute resolution process; (iv) the likelihood of collecting any judgment if the Debtors proceeded with either litigation or arbitration; (v) the fairness of the Settlement regarding the Debtors' estates, creditors, and other parties in interest; and (vi) other factors the Debtors may, in the exercise of their business judgment, deem relevant in assessing the utility of the proposed Settlement.

d.      Any Settlement where the proposed Settlement Amount is less than or equal to $250,000 for the settlement of one or multiple De Minimis Claim(s) in the aggregate, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement of such Settlement on any reasonable terms that will be binding on the Debtors, their estates, and the Settling Party without notice by the Debtors to any third party or further action by this Court.

e.      With respect to any Settlement where the proposed Settlement Amount is greater than $250,000 but less than or equal to $1 million (i) for the settlement of a De Minimis Claim or (ii) in satisfaction of multiple related De Minimis Claims in the aggregate, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement of such Settlement on any reasonable terms that will be binding on the Debtors, their estates, and the Settling Party without further action by this Court; *provided* that:

i.      Before entering into, executing, or consummating a written agreement of such Settlement, the Debtors shall give at least seven (7) calendar days advance written notice (email being

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

sufficient), on a confidential, and to the extent applicable, professionals' eyes only basis, to: (a) the U.S. Trustee for the District of New Jersey, Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, NJ 07102, Attn.: Fran Steele (Fran.B.Steele@usdoj.gov) and Peter D'Auria (Peter.DAuria@usdoj.gov); (b) counsel to the Ad Hoc Group, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com), and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (c) counsel to SoftBank, (i) Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); (d) counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com); (e) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (f) any party to the Settlement; (g) counsel to any statutory committee appointed in these chapter 11 cases; and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and, collectively, the "Notice Parties").

ii.    Such notice will be in substantially the form of the settlement notice attached hereto as **Exhibit 1** (the "Settlement Notice") and will specify (i) the identity of the other party or parties to the Settlement, (ii) a summary of the dispute with such other party, (iii) the material terms of the Settlement, including, without limitation, the Settlement Amount, and (iv) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

iii.    The Notice Parties shall have until 5:00 p.m., prevailing Eastern Time, on the date that is seven (7) calendar days after service of the

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

written notice (the "<u>Objection Deadline</u>") to object to the Settlement by filing and serving such objection in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100] (the "<u>Case Management Procedures</u>") on (a) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com), and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), Ryan T. Jareck, Esq. (RJareck@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); and (c) the other Notice Parties.

iv. The Notice Parties may request additional time or additional information to evaluate the proposed Settlement in writing (email being sufficient) by no later than the Objection Deadline and serve such request on counsel to the Debtors. If a Notice Party provides a written request to counsel for the Debtors for additional information or additional time to evaluate the proposed Settlement, then the Objection Deadline with respect to such Notice Party shall be (i) in the case of a request for additional time, five (5) days after the initial Objection Deadline, or (ii) in the case of a request for additional information, three (3) days after receipt by the Notice Party of the additional information requested. Each Notice Party may make only one request for additional time and one request for additional information per Settlement Notice, unless otherwise agreed to by the Debtors in their sole discretion.

v. If no objection from any Notice Party is filed with the Court and served by the Objection Deadline, the Debtors may, in their sole discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors, their estates, and the Settling Party without notice to any third party or further action by the Court.

| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

vi.    If any Notice Party properly and timely objects to any Settlement by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the Settling Party, the execution of the Settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

vii.    Should a hearing on a proposed Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

viii.    All time periods set forth in the Settlement Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

f.    With respect to any and all De Minimis Claims asserted by the Debtors or in satisfaction of multiple De Minimis Claims in the aggregate brought by the Debtors against a non-Debtor third party that is not an affiliate or an insider (each as defined in section 101 of the Bankruptcy Code) of the Debtors, including any applicable counterclaims and crossclaims, the Debtors, in the reasonable exercise of their business judgment, may enter into, execute, and consummate a written agreement settling such De Minimis Claims on any reasonable terms that will be binding on the Debtors, their estates, and the Settling Party without further action by this Court; *provided* that:

i.    Before entering into, executing, or consummating a written agreement of such Settlement, the Debtors shall give at least seven (7) calendar days' advance written notice (email being sufficient) to the Notice Parties on a confidential, and to the extent applicable, professionals' eyes only basis.

ii.    Such notice will be in substantially the form of the Settlement Notice and will specify (i) the identity of the other party to the Settlement, (ii) a summary of the dispute with such other party, (iii) the material terms of the Settlement, including, without limitation, the Settlement Amount, and (iv) an explanation of why the Settlement of such De Minimis Claim is favorable to the Debtors, their estates, and their creditors.

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

iii.   The Notice Parties shall have until the Objection Deadline to object to the Settlement by filing and serving such objection in accordance with the Case Management Procedures on (a) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com), and (ii) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), Ryan T. Jareck, Esq. (RJareck@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); and (c) the other Notice Parties.

iv.   If no written objection from any Notice Party is properly served by the Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors, their estates, and the Settling Parties without notice to any third party or further action by this Court.

v.   If any of the Notice Parties properly and timely object to any Settlement by the Objection Deadline and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement with the Settling Party, the execution of the Settlement shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

vi.   Should a hearing on a proposed Settlement be required pursuant to the Settlement Procedures, the Debtors are authorized to schedule their request to approve the Settlement for hearing at the next scheduled omnibus hearing following the Objection Deadline, or any subsequent hearing, without filing a separate motion or other pleading.

vii.   All time periods set forth in the Notice Procedures shall be calculated in accordance with Bankruptcy Rule 9006.

g.   On a monthly basis, beginning 30 days after entry of an Order granting the Motion, the Debtors will provide to the Notice Parties a report of all Settlements that the Debtors entered into during the previous month

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

        pursuant to the Settlement Procedures.  Such reports will set forth the name of the parties with whom the Debtors have settled a De Minimis Claim, the asserted claim amount (if applicable), the types of De Minimis Claims asserted by each settling party, and the terms and amounts for which such De Minimis Claims were settled.

      h.     Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of the Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.

    3.    Any Settlement that is not authorized pursuant to the foregoing procedures, or pursuant to any other order of the Court, will be authorized only upon separate order of this Court upon a motion of the Debtors served upon the necessary parties in interest.  The proposed form and manner of the Settlement Notice, substantially in the form attached hereto as **Exhibit 1**, is approved.

    4.    Notwithstanding anything herein to the contrary, the Settlement Procedures shall not apply to (i) claims asserted against the Debtors by any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code and (ii) claims asserted by the Debtors against any insider or affiliate within the meaning of sections 101(31) and 101(2) of the Bankruptcy Code, respectively.

    5.    Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made pursuant to the authority granted in this Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the*

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

*Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 43] (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders.  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Order, the terms of the Cash Collateral Orders shall control.

6.      Notwithstanding anything herein to the contrary, to the extent a proposed Settlement provides for the assumption or rejection of any executory contracts or unexpired leases, such assumption and rejection shall be effected in accordance with the Assumption Procedures or the Rejection Procedures set forth in the order entered by the Court in respect of the the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 12], as applicable.

7.      Pursuant to Bankruptcy Rule 9006, cause exists to shorten the applicable notice period in Bankruptcy Rule 2002(a)(3) with respect to each Settlement.

8.      Upon the expiration of the applicable Notice Period without an objection or upon resolution of any filed objection after the applicable Notice Period, each Settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, and (ii) to have satisfied the standards under Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

9.      The Debtors are authorized to compromise and settle De Minimis Claims in accordance with the Settlement Procedures.

(Page | 11)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

10.    The Debtors are authorized to resolve all of the De Minimis Claims of a single party in a single settlement agreement.

11.    Notwithstanding anything to the contrary in the Motion, this Order, the Settlement Procedures, or any notice pursuant thereto, the Settlement Procedures approved by this Order shall not apply to (a) worker's compensation claims; (b) claims where there is a judgment entered or settlement already agreed to and signed by all applicable parties; (c) direct action claims against any of the Debtors' insurers under applicable non-bankruptcy state law; or (d) any claims or actions relating to any claims between the Debtors' insurers, on the one hand, and the Debtors, on the other hand.

12.    Nothing in this Order, the Settlement Procedures, or any notice pursuant thereto (a) amends, modifies or otherwise alters (i) the terms and conditions of any insurance policies issued to the Debtors and any related agreements (collectively, the "Insurance Policies"), including, but not limited to, any provisions (A) requiring certain notice to insurers regarding claims possibly covered under the Insurance Policies, (B) allowing an insurer to assume and/or control the defense or settlement of claims possibly covered under the Insurance Policies, (C) requiring the approval of any insurer prior to settlement of or payment on account of any claims possibly covered under the Insurance Policies, or (D) regarding payment of and liability for self-insured retentions or deductibles; or (ii) either the duty or right, if any, under the Insurance Policies or applicable non-bankruptcy law of insurers to (A) pay claims covered by the Insurance Policies and seek payment or reimbursement from the insured therefor pursuant to the terms of the Insurance Policies, or (B) reduce any payment from insurance proceeds by any amount received

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

by a claimant on account of the same claim from another source including, but not limited to, the Debtors or the Debtors' estates; (b) creates or permits a direct right of action against any of the Debtors' insurers; (c) obligates an insurer to be bound by a settlement; or (d) requires an insurer to pay, in whole or in part, a settlement.

13.     The Debtors shall provide written notice to Epiq, the Debtors' authorized claims and noticing agent, with respect to any proof of claim settled pursuant to these Settlement Procedures. If applicable, Epiq is authorized and directed to amend the claims register accordingly without further order of the Court.

14.     Assuming no objection has been filed by the applicable Objection Deadline, immediately after the expiration of the Notice Period, the settlement agreement shall be deemed approved by a final order of this Court for all purposes, including for purposes of any appeal.

15.     In the event there is an inconsistency between the Motion and this Order, this Order shall control.

16.     This Court retains jurisdiction to hear and determine all matters arising from or related to the Motion, this Order, or any Settlement.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

18.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

(Page | 13)

| | |
|---|---|
| Debtors: | *WeWork Inc., et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief |

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

21.     The requirement set forth in Local Rule 9019-3 that a party seeking approval of a proposed compromise or settlement of a controversy, other than approval of an agreement under Bankruptcy Rule 4001(d), must file the local form "Notice of Proposed Compromise or Settlement of Controversy" is hereby deemed satisfied by the service of the Settlement Notice pursuant to the Settlement Procedures or otherwise waived.

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Settlement Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**NOTICE OF SETTLEMENT**

    **PLEASE TAKE NOTICE** that on November 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

    **PLEASE TAKE FURTHER NOTICE** that, on [____], 2023, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an *Order (I) Authorizing and Establishing Procedures for the Compromise and Settlement of De Minimis Claims, (II) Approving the Form and Manner of the Notice of Settlement, and (III) Granting Related Relief* [Docket No. [●]] (the "Settlement Procedures Order"),[2] pursuant to which the Court authorized the Debtors to settle certain prepetition or postpetition claims and causes of action brought by or

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Settlement Procedures Order.

against the Debtors in a judicial, administrative, arbitral, or other action or proceeding (collectively, the "De Minimis Claims").

**PLEASE TAKE FURTHER NOTICE** that the Debtors, in the reasonable exercise of their business judgment and in consideration of (i) the reasonableness of the settlement as a whole; (ii) the probability of success if the De Minimis Claim(s) were to be further litigated, mediated, or otherwise pursued or defended through other means; (iii) the complexity, expense, and likely duration of any litigation, mediation, or dispute resolution process; (iv) the likelihood of collecting any judgment if the Debtors proceeded with either litigation or arbitration; (v) the fairness of the settlement regarding the Debtors' estates, creditors, and other parties in interest; and (vi) other factors the Debtors may, in the exercise of their business judgment, deem relevant in assessing the utility of a proposed settlement, have decided to enter into the settlement (the "Settlement"), the material terms of which are attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Settlement Procedures Order, this notice of the Settlement (this "Notice") is provided to you on a **confidential and, to the extent applicable, professionals' eyes only** basis.

**PLEASE TAKE FURTHER NOTICE** that you shall have until **5:00 p.m., prevailing Eastern Time, on the date that is seven (7) days after service of the written notice** (the "Objection Deadline") to object to the Settlement by filing and serving such objection in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100] (the "Case Management Procedures") on (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com), and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (WUsatine@coleschotz.com), Ryan T. Jareck, Esq. (RJareck@coleschotz.com), and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com); and (iii) the other Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that if no written objection from any Notice Party is properly served by the Objection Deadline, the Debtors may, in their discretion, enter into, execute, and consummate a written agreement of settlement that will be binding on the Debtors, their estates, and the Settling Parties **without notice to any third party, including you, or further action by this Court**.

**PLEASE TAKE FURTHER NOTICE** that if you or any of the Notice Parties properly and timely object to the Settlement by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into the proposed Settlement, the execution of the Settlement shall not proceed except upon (i) resolution of the objection or (ii) further order of the Court after notice and a hearing.

## Exhibit A

**Material Terms of the Settlement**

| De Minimis Settlement Notice | |
|---|---|
| Identity of the Settling Parties | |
| Summary of the Dispute | |
| Material Terms of the Settlement | |
| Explanation of Why the Settlement of Such De Minimis Claim is Favorable to the Debtors, Their Estates, and Their Creditors | |