**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT**
**OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

**PLEASE TAKE NOTICE** that on December 6, 2023, at 11:00 a.m., prevailing Eastern

Time, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in

possession (the "Debtors"), by and through their undersigned proposed counsel, shall move

the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals*

*Utilized in the Ordinary Course of Business* (the "Motion") before the Honorable John K.

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, authorizing the debtors to employ and compensate professionals utilized in the ordinary course of business.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring at https://dm.epiq11.com/WeWork. You may also obtain copies of any pleadings

by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures

and fees set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly

filed and served, the Motion shall be decided on the papers in accordance with

D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: November 15, 2023

/s/ *Michael D. Sirota*
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER AUTHORIZING EMPLOYMENT AND PAYMENT**
**OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")
respectfully state as follows in support of this motion (the "Motion"):[2]

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on
September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a
final order in connection with this Motion to the extent that it is later determined that the Court,
absent consent of the parties, cannot enter final orders or judgments in connection herewith
consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), and 503(b) of
title 11 of the United States Code (the "Bankruptcy Code"), rules 6003 and 6004 of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Local
Bankruptcy Rules for the District of New Jersey (the "Local Rules").

## Background

4.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or
the "Company"), are the global leader in flexible workspace, integrating community, member
services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's
mission is to create a collaborative work environment where people and companies across a variety

---

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to
the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork
Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "First Day Declaration").
A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors'
chapter 11 cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

of industries, from freelancers to Fortune 100 companies, come together to optimize performance. WeWork became a publicly traded company in 2021 and employs over 2,650 full-time and fifty part-time workers in the United States and abroad.  The Company operates over 750 locations in thirty-seven countries and is among the top commercial real estate lessors in business hubs including New York City, London, Dublin, Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.  The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

5.      On November 6, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

6.      Prior to the Petition Date, the Debtors employed the professionals identified on Exhibit 1 attached to the Order (the "Initial Ordinary Course Professionals").  The Initial Ordinary Course Professionals perform services, including legal and accounting matters, that are not intrinsically related to these chapter 11 cases.  The Debtors require the services of the Initial Ordinary Course Professionals regardless of the pendency of these chapter 11 cases, and the services do not significantly impact the direction of the Debtors' reorganization.  To the best of

the Debtors' knowledge, the Initial Ordinary Course Professionals have no interest materially adverse to the Debtors and their estates.

**Relief Requested**

7.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) authorizing, but not directing, the Debtors to (i) retain both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals (each as defined below, and together, the "Ordinary Course Professionals") without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional Court approval; and (b) granting related relief.

8.      For the sake of clarity, individual retention applications will be required for any professionals (the "Chapter 11 Professionals") that the Debtors seek to employ in connection with these chapter 11 cases or in connection with special matters not appropriate for ordinary course treatment.   Moreover, the Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases governing professional compensation and reimbursement for services rendered and expenses incurred.

**A.      Proposed Ordinary Course Professional Procedures**

9.      The Debtors propose the following procedures in recognition of the importance of providing information regarding Ordinary Course Professionals to the Court and the U.S. Trustee.

10.      The Debtors propose they be permitted to continue to employ and retain the Initial Ordinary Course Professionals.   Within thirty (30) days of the later of (i) the entry of an order

granting the relief requested herein or (ii) the date on which each retained Initial Ordinary Course

Professional commences services for the Debtors, each Initial Ordinary Course Professional will

be required to provide to the Debtors' counsel a declaration pursuant to Section 1746 of title 28 of

the United States Code, substantially in the form annexed as Exhibit 2 to the Order, certifying that

the professional does not represent or hold any interest adverse to the Debtors or the Debtors'

estates with respect to the matter on which such Initial Ordinary Course Professional is to be

employed (the "Declaration") for filing with the Court and service upon: (i) the Debtors, WeWork

Inc., c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005, Attn:

weworknotices@wework.com; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP,

601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C.

(steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré

(oliver.pare@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court

Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq.

(msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R.

Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com);

(iv) the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New

Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov) and Peter J. D'Auria

(Peter.J.D'Auria@usdoj.gov); (v) counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP,

450 Lexington Ave, New York, NY 10017, Attn: Eli J. Vonnegut, Esq.

(eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and

Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and Greenberg Traurig, LLP, 500

Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq.

(BrodyA@gtlaw.com); (vi) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 5th Ave, New

York, NY 10153, Attn:  Gabriel A. Morgan (Gabriel.Morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com), and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn:  Paul R. DeFilippo (PDefilippo@wmd-law.com), James N. Lawlor (jlawlor@ wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (JPacelli@wmd-law.com); (vii) counsel to Cupar Grimmond LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com), and Lauren A. Reichardt (lreichardt@cooley.com); (viii) counsel to the special committee of the board of directors of WeWork Inc., Munger, Tolles & Olson LLP, 350 South Grand Avenue, 50th Floor, Los Angeles, California 90071-1560, Attn.: Thomas Walper (Thomas.Walper@mto.com) and Seth Goldman (Seth.Goldman@mto.com); and (ix) those parties that have filed a notice of appearance and request for service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  Each Initial Ordinary Course Professional shall also complete and return a retention questionnaire substantially in the form annexed as Exhibit 3 to the Order (the "Retention Questionnaire"), which shall be served upon the Notice Parties.

11.    The Debtors further request that upon the later of (i) the entry of the Order, or (ii) service of each required Declaration and Retention Questionnaire, the Notice Parties will have fourteen (14) days (the "Objection Deadline") to object to the retention of the Initial Ordinary Course Professional in question.  Any such objections must be filed with the Court and served upon the Notice Parties and the subject Initial Ordinary Course Professional by the Objection Deadline.  If any such objection cannot be resolved or withdrawn within fourteen (14) days after service, the matter will be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Initial Ordinary Course Professional,

the Debtors, and the objecting party.  If no objection is received on or before the Objection

Deadline, if any objection is withdrawn, or if any objection submitted is timely resolved, the

Debtors will be authorized to retain the Initial Ordinary Course Professional, as of the Petition

Date or the applicable date of engagement, as a final matter without further order of the Court.

12.    The Debtors also request that they be authorized to employ and retain additional

ordinary course professionals not currently listed as Initial Ordinary Course Professionals as future

circumstances require (the "Additional Ordinary Course Professionals"), without the need to file

individual retention applications or provide further hearing or notice to any party, by filing with

the Court a supplement to Exhibit 1 to the Order (the "Supplement") and serving copies of both

the Supplement and the Retention Questionnaire upon the Notice Parties.

13.    The Debtors propose that, as with the Initial Ordinary Course Professionals, each

Additional Ordinary Course Professional be required to provide to the Debtors and their counsel,

for filing with the Court, a Declaration, and for service upon the Notice Parties, both a Declaration

and a Retention Questionnaire, within thirty (30) days after the filing of the Supplement.  The

Notice Parties will have fourteen (14) days after service of each required Declaration to object to

the retention of the Additional Ordinary Course Professional in question.  Any objection would be

handled as set forth in paragraph 11 above.  If no objection is timely submitted, the objection is

withdrawn, or the objection submitted is timely resolved, the Debtors would be authorized to retain

the Additional Ordinary Course Professional as a final matter without further order, effective as of

the date of filing the Supplement or the applicable date of engagement.

14.    The Debtors will not pay any fees or expenses to any Ordinary Course Professional

(nor shall any such Ordinary Course Professional draw down on any existing retainer) unless:

(i) such Ordinary Course Professional has submitted its Declaration and such Declaration is filed

with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (ii) the

applicable Objection Deadline has expired; and (iii) no timely objection is pending.  If a timely

objection is received, no payment will be made until such objection is resolved, withdrawn, or

otherwise overruled by the Court.

**B.      Proposed Payment Procedures**

15.     Once the Debtors retain an Ordinary Course Professional in accordance with these

procedures above, they propose to pay such Ordinary Course Professional 100 percent of their fees

and expenses incurred with respect to postpetition services, upon the submission to, and approval

by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services

rendered and expenses incurred after the Petition Date; *provided*, *however*, that each Ordinary

Course Professional's total compensation and reimbursement shall not exceed the applicable

monthly fee cap set forth in Exhibit 1 to the Order or in any Supplement, as applicable, on average

over any three month period on a rolling basis (the "Monthly Fee Cap").

16.     The Debtors propose that payments to a particular Ordinary Course Professional

would become subject to Court approval based upon an application for allowance of fees and

expenses under sections 330 and 331 of the Bankruptcy Code, under the same procedures that are

established for Chapter 11 Professionals, only if such payments exceed the Monthly Fee Cap;

*provided*, *however*, that the applicable Ordinary Course Professional shall be entitled to interim

payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's

allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

17.     In the ordinary course of business, as a routine matter, the Debtors review all

invoices received from the Ordinary Course Professionals to assess the reasonableness of the fees

charged and the necessity of the expenses incurred.  This type of review will continue postpetition

and, coupled with the proposed Monthly Fee Cap, will protect the Debtors' estates against excessive and improper billings.

**C.      Periodic Payment Statements**

18.      Within thirty (30) days after the end of, and with respect to, each full three-month period after the Petition Date (including any initial partial month in the first period), the Debtors propose to file a periodic payment summary statement with the Court and to serve such statement upon the Notice Parties.  The summary statement will include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a general description of the services rendered by such Ordinary Course Professional.  The obligation to file summary statements will terminate upon confirmation of a plan in these chapter 11 cases.

**Basis for Relief Requested**

19.      The Debtors seek the relief requested in this Motion to avoid any later controversy about employing and paying the Ordinary Course Professionals during the pendency of these chapter 11 cases.  The Debtors believe that their decision to employ the Ordinary Course Professionals is appropriate under Bankruptcy Code section 363(c)(1) because the employment and compensation of the Ordinary Course Professionals are matters that relate to the ordinary course of the Debtors' business.  "The Code takes cognizance of the fact that if a debtor had to seek court approval to pay for every expense incurred during the normal course of its affairs, the debtor would be in court more than in business." *Bagus v. Clark (In re Buyer's Club Markets)*, 5 F.3d 455, 457–58 (10th Cir. 1993).  By this Motion, the Debtors are neither requesting to pay

prepetition amounts owed to any of the Ordinary Course Professionals nor requiring the Ordinary

Course Professionals to waive any claim against the Debtors.

**A.      The Debtors Employ the Ordinary Course Professionals in the Ordinary Course of the Debtors' Business.**

20.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors, as

debtors in possession, are authorized to operate their businesses.  Section 363(c)(1) further defines

the scope of a debtor's authority and provides that, unless the court orders otherwise, a debtor in

possession may enter into transactions, including the use, sale, or lease of estate property in the

ordinary course of business without notice and a hearing.   "The framework of section 363 is

designed to allow a trustee (or debtor in possession) the flexibility to engage in ordinary

transactions without unnecessary creditor and bankruptcy court oversight, while protecting

creditors by giving them an opportunity to be heard when transactions are not ordinary."  *In re

Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992).  "Neither the Bankruptcy Code nor its legislative

history provide a framework for analyzing whether particular transactions are in the ordinary

course of a debtor's business for the purposes of section 363."  *Id.*

21.      To determine whether or not a transaction is in the ordinary course of business,

many courts have adopted a two-step inquiry:  the "vertical dimension" or "creditor's expectation"

test, and the "horizontal dimension" or "industry-wide" test.  *See id.* (citations omitted); s*ee also

N.J. Mobile Dental Practice, P.A. v. Cont'l Assocs. Ltd.* (*In re N.J. Mobile Dental Practice. P.A.*),

No. 05-17772 (DHS), Adv. No. 07-1988 (DHS), 2008 Bankr. LEXIS 1184 at *14 (Bankr. D.N.J.

Apr. 7, 2008) (explaining that "the Third Circuit adopted a two-step approach consisting of a

horizontal and a vertical dimension").

22.      Under the vertical dimension test, courts "analyze[] the transactions 'from the

vantage point of a hypothetical creditor and the inquiry is whether the transaction subjects a

creditor to economic risk of a nature different from those he accepted when he decided to extend credit.'" *In re Roth Am., Inc., 975 F.2d* at 953 (citations omitted). A debtor's "pre-petition business practices and conduct" are the primary focus of the vertical analysis. *Id.* Under the horizontal dimension test, courts analyze "whether, from an industry-wide perspective, the transaction is of the sort commonly undertaken by companies in that industry." *Id.*

23.     Application of the vertical and horizontal tests to the Debtors' employment and compensation of the Ordinary Course Professionals demonstrates that the Debtors' actions should be considered ordinary course transactions pursuant to section 363(c)(1) of the Bankruptcy Code. With regard to the vertical dimension test, the Debtors' employment and compensation of the Ordinary Course Professionals is consistent with the Debtors' prepetition business practices. The Debtors utilize the services of each of the Initial Ordinary Course Professionals in connection with the day-to-day operation of the Debtors' businesses. Further, the Debtors' creditors may reasonably assume that the operation of the Debtors' businesses requires the assistance of various non-bankruptcy professionals in connection with legal, tax, accounting, regulatory, and other matters.

24.     With regard to the horizontal dimension test, it is standard practice for companies in the flexible workspace industry to utilize the services provided by the Ordinary Course Professionals in connection with day-to-day operations. Therefore, employment and compensation of the Ordinary Course Professionals satisfies both the horizontal and vertical tests and is therefore consistent with section 363(c)(1) of the Bankruptcy Code.

**B.     The Ordinary Course Professionals are not Professional Persons Under Section 327.**

25.     The Ordinary Course Professionals are not "professional persons" within the meaning of section 327(a) of the Bankruptcy Code and, therefore, should not be subject to its requirements. Under section 327(a), a debtor, "with the court's approval, may employ one or more

11

attorneys, accountants, appraisers, auctioneers, *or other professional persons* . . . to represent or assist the [debtor] *in carrying out the [debtor's] duties under this title.*" 11 U.S.C. § 327(a) (emphasis added).  "[N]ot all individuals normally considered as professionals are deemed professionals for purposes of section 327." *U.S. ex rel. Kraft v. Aetna Cas. & Sur. Co.*, 43 B.R. 119, 121 (M.D. Tenn. 1984); *see also, e.g.*, *In re Napoleon*, 233 B.R. 910, 913 (Bankr. D.N.J. 1999) (explaining that "it is not enough that the party be a professional by education or training" but that "he or she must also play an integral role in the administration of the bankruptcy case" to be considered a "professional person" under section 327(a)).  Section 327(a) only requires the court's approval of a professional "to represent or assist the trustee in carrying out the trustee's duties under this title."  Therefore, courts have required that the professional person's employment must specifically relate to the administration of the bankruptcy case, as opposed to the ordinary course operation of the debtor's business.  *See, e.g.*, *In re Napoleon*, 233 B.R. at 913.

26.    Furthermore, section 327(a) should only apply if the professional will play a "central" and intimate role in the reorganization and administration of the debtor's estate. *In re Napoleon*, 233 B.R. at 913*; see also, e.g.*, *In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case"); *In re Zais Inves. Grade Ltd. VII*, 2011 WL 4543215 at *2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required for the Debtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practices.").

27.    If the debtor is not seeking to employ a professional because of a need that arose incident to the bankruptcy, section 327 is inapplicable regardless of whether the professional's

services are important to the debtor's business.  *See In re Livore*, 473 B.R. 864, 870 (Bankr. D.N.J. 2012) (holding that the employed party was not a professional person requiring retention under section 327(a) because he "did not play an integral role in the administration of the bankruptcy case"); *In re Zais Inves. Grade Ltd. VII*, 2011 WL 4543215 at *2 (Bankr. D.N.J. Sept. 26, 2011) ("This court is of the opinion that court approval is not required for the [d]ebtor to engage Cayman Islands counsel for such non-bankruptcy legal services and to compensate the professional in accordance with prior practices."); *see also In re Johns-Manville Corp.*, 60 B.R. 612, 621 (Bankr. S.D.N.Y. 1986) (lobbyists retained to perform services in the ordinary course of debtor's business "performed a function completely external to the reorganization process" and therefore were not professional persons requiring retention under section 327(a)); *In re Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr. S.D.N.Y. 1981) (holding that maritime engineers employed in the course of Debtor's business would "play an important role in the mechanics of [Debtor's] operation," but were not professionals requiring retention under section 327(a) because their retention would not "affect the administration of [Debtor's] reorganization").

28.    Although the Ordinary Course Professionals provide valuable services for the Debtors, their employment is not central to the reorganization of the Debtors' businesses. Furthermore, it could hinder the administration of the Debtors' estates if the Debtors were required to (i) submit to the Court an application, declaration, and proposed retention order for each Ordinary Course Professional; (ii) wait until such order is approved before such Ordinary Course Professional continues to render services; and (iii) withhold payment of the normal fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to Chapter 11 Professionals.

29.     Under such conditions, there is a risk that some Ordinary Course Professionals would be unwilling to provide services and that others would suspend services pending a specific court order authorizing the services.  Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace professionals could have adverse consequences on the Debtors' estates.  For example, if the expertise and background knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the estates undoubtedly would incur additional and unnecessary expenses because the Debtors would have to retain other professionals at potentially higher rates without such background and expertise.  It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required.

30.     Moreover, the requested relief will allow the Debtors to avoid additional fees that such Ordinary Course Professionals would charge in connection with preparing and prosecuting numerous interim fee applications.  Likewise, the procedures set forth above will relieve the Court, the U.S. Trustee, and other interested parties of the burden of reviewing a multitude of fee applications involving relatively small amounts of fees and expenses.

31.     To the best of the Debtors' knowledge, none of the Initial Ordinary Course Professionals represents or holds any interest materially adverse to the Debtors or to their estates with respect to the matter in which the Debtors employ such Ordinary Course Professional(s).  Although certain of the Initial Ordinary Course Professionals may hold unsecured claims against one or more of the Debtors, the Debtors do not believe that any of such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest.

32.      Courts in this district have consistently granted similar relief in other chapter 11

cases.  *See e.g., In re Cyxtera Techs., Inc.,* No. 23-14853 (JKS) (Bankr. D.N.J. Aug. 1, 2023);

*In re Bed Bath & Beyond Inc., et al.,* No. 23-13359 (VFP) (Bankr. D.N.J. May 17, 2023)*;*

*In re David's Bridal, LLC, et al.,* No. 23-13131 (CMG) (Bankr. D.N.J. April 27, 2023);

*In re BlockFi Inc., et al.,* No. 22-19361 (MBK) (Bankr. D.N.J. Dec. 12, 2022); *In re SLT Holdco,*

*Inc.*, No. 20-18368 (MBK) (Bankr. D.N.J. Aug. 31, 2020).

**C.     Retroactive Relief is Appropriate.**

33.      The Debtors request that the employment of the Ordinary Course Professionals be

approved retroactively to the Petition Date, or in the case of Additional Ordinary Course

Professionals, retroactively to the date of the filing of the Supplement or the applicable date of the

engagement.  The Debtors filed this Motion as a precautionary measure to avoid any later

controversy about employing and paying the Ordinary Course Professionals during the pendency

of these chapter 11 cases.  Therefore, granting the relief requested in this Motion retroactive to the

Petition Date will not prejudice any party in interest.  Furthermore, even if the Ordinary Course

Professionals were subject to the requirements of section 327, the Court would have the authority

to approve retroactive relief.  *See, e.g.*, *In re Arkansas Co., Inc.*, 798 F.2d 645, 648 (3d Cir. 1986)

(holding that "the bankruptcy courts have the power to authorize retroactive employment of

counsel and other professionals under their broad equity power").  While the *Arkansas* case limits

*nunc pro tunc* approval to cases involving extraordinary circumstances, courts have recognized

that such "heightened showing" of extraordinary circumstances only applies "when there has been

a months-long delay before seeking approval."   *City of Rockford v. Mallinckrodt Plc*

*(In re Mallinckrodt Plc)*, No. 21-398-LPS, 2022 WL 906451 at *22 (Bankr. D. Del. March 28,

2022); *see also, e.g.*, *In re Sound Radio, Inc.*, 145 B.R. 193, 205 n.18 (Bankr. D.N.J. 1992)

(explaining that another court "held that thirty days from the commencement of the case . . . is the outer limit" for obtaining court approval and after that, "the applicant must show a reasonable explanation for the delay") (citing *In re Martin*, 102 B.R. 653 (Bankr. W.D. Tenn. 1989)).

34.    Based on the foregoing facts and circumstances, the Debtors submit that the employment and compensation of the Ordinary Course Professionals in the manner set forth above and in the proposed Order is supported by sound business judgment and is necessary, prudent, and in the best interests of the Debtors, their estates, and their creditors.

**Request for Waiver of Stay**

35.    To the extent that the relief sought in the Motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue to operate their businesses and preserve the value of their estates.

**Waiver of Memorandum of Law**

36.    The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

37.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

38.    The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the

thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) counsel to any statutory committee appointed in these chapter 11 cases; (h) the office of the attorney general for each of the states in which the Debtors operate; (i) the United States Attorney's Office for the District of New Jersey; (j) the Securities and Exchange Commission; (k) the Internal Revenue Service; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

## **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:       (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>            Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

**ORDER AUTHORIZING EMPLOYMENT AND PAYMENT
OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The relief set forth on the following pages, numbered three (3) through ten (10), is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Upon the *Debtors' Motion for Entry of an Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to (i) retain both the Initial Ordinary Course Professionals and Additional Ordinary Course Professionals (each as defined below, and together, the "Ordinary Course Professionals") without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional, and (ii) pay each Ordinary Course Professional for postpetition services rendered and expenses incurred, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, subject to certain limits set forth below, without the necessity of additional court approval; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

---

[2]       Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized, but not directed, to employ and retain the Ordinary Course Professionals listed on **Exhibit 1** attached hereto (the "Initial Ordinary Course Professionals"), and any Additional Ordinary Course Professional (as defined in the Motion and paragraph 4 of this Order and collectively with the Initial Ordinary Course Professionals, the "Ordinary Course Professionals"), without the need to file individual retention applications or obtain retention orders for each such Ordinary Course Professional.  The Debtors are further authorized, but not directed, to pay such Ordinary Course Professionals' fees, including, if necessary, advancing any reasonable postpetition retainer to the Ordinary Course Professional, and reimburse expenses incurred pursuant to the terms of this Order.  Such authorizations are effective as of the Petition Date or the applicable date of engagement.

3.      Within seven (7) days after the date of entry of this Order, the Debtors shall serve this Order upon each Initial Ordinary Course Professional.  Thereafter, no later than (i) thirty (30) days after the date of entry of this Order or (ii) the date on which each retained Initial Ordinary Course Professional commences services for the Debtors, each Initial Ordinary Course Professional shall provide to the Debtors and the Debtors' counsel a Declaration pursuant to Section 1746 of title 28 of the United States Code, substantially in the form attached hereto as **Exhibit 2** for filing with the Court and service upon (i) the Debtors, WeWork Inc., c/o Epiq Corporate    Restructuring,    LLC    10300    SW    Allen    Blvd.    Beaverton,    OR 97005,

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Attn: weworknotices@wework.com; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), and Oliver Paré (oliver.pare@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iv) the U.S. Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey, 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov) and Peter J. D'Auria (Peter.J.D'Auria@usdoj.gov); (v) counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Ave, New York, NY 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 5th Ave, New York, NY 10153, Attn: Gabriel A. Morgan (Gabriel.Morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com), and Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (PDefilippo@wmd-law.com), James N. Lawlor (jlawlor@ wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (JPacelli@wmd-law.com); (vii) counsel to Cupar Grimmond LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com), and Lauren A. Reichardt (lreichardt@cooley.com); (viii) counsel to

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

the special committee of the board of directors of WeWork Inc., Munger, Tolles & Olson LLP, 350 South Grand Avenue, 50th Floor, Los Angeles, California 90071-1560, Attn.: Thomas Walper (Thomas.Walper@mto.com) and Seth Goldman (Seth.Goldman@mto.com); and (ix) those parties that have filed a notice of appearance and request for service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Each Ordinary Course Professional shall also complete and return the Retention Questionnaire substantially in the form attached hereto as **Exhibit 3** and serve the same upon the Notice Parties.

4.      The Debtors are authorized, without need for further hearing or order from the Court, to employ and retain ordinary course professionals not currently listed on **Exhibit 1** (the "Additional Ordinary Course Professionals") by filing with the Court, and serving on the Notice Parties, a supplement to **Exhibit 1** (the "Supplement"), listing the name of the Additional Ordinary Course Professional, together with a brief description of the services to be rendered and the applicable Monthly Fee Cap, serving a copy of both the Supplement and the Retention Questionnaire on the Notice Parties, and by otherwise complying with the terms of this Order. Such authorization is effective retroactive to the date of filing the Supplement or the applicable date of engagement. Each Additional Ordinary Course Professional shall file a Declaration and shall return a Retention Questionnaire for service upon the Notice Parties within thirty (30) days of the filing of such Supplement.

5.      The Notice Parties shall have fourteen (14) days after the later of (i) the entry of this Order, (ii) the service of any Declaration, or (iii) the service of any Retention Questionnaire (the "Objection Deadline") to object to the retention of any Ordinary Course Professional. Any such objections shall be filed with the Court and served upon the Notice Parties and the Ordinary

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

Course Professional subject to such objection by the Objection Deadline.  If any objection cannot be resolved or withdrawn within fourteen (14) days after service (or on such earlier date as determined by the Debtors in their discretion), upon motion by the Debtors, such objection shall be scheduled for hearing before the Court on the next regularly scheduled hearing date or such other date that may be agreeable to the Ordinary Course Professional, the Debtors, and the objecting party.  If no objection is received on or before the Objection Deadline, or if any submitted objection is timely withdrawn or resolved, the Debtors shall be authorized to retain the Ordinary Course Professional, as of the Petition Date or the applicable date of engagement, as a final matter without further order of the Court.

6.      The Debtors shall not pay any fees or reimburse any expenses (nor shall any Ordinary Course Professional draw down any previously provided retainer) to any Ordinary Course Professional unless (i) the Ordinary Course Professional has submitted its Declaration and such Declaration has been filed with the Court and, along with the Retention Questionnaire, served on the Notice Parties; (ii) the Objection Deadline has expired; and (iii) no timely objection is pending.  If a timely objection is received, no payment shall be made until such objection is either resolved, withdrawn, or otherwise overruled by the Court.

7.      The Debtors shall pay each Ordinary Course Professional retained in accordance with the procedures outlined above 100 percent of the fees and expenses incurred with respect to postpetition services, upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred; *provided*, *however*, that each Ordinary Course Professional's total compensation and

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

reimbursement shall not exceed the Monthly Fee Cap set forth in **<u>Exhibit 1</u>** or in any Supplement, as applicable, on average over any three-month (3-month) period on a rolling basis.

8.     The Debtors shall have the authority to, in their sole discretion, to change the Monthly Fee Cap applicable to any given Ordinary Course Professional upon five (5) calendar days' notice to the Notice Parties.

9.     If an Ordinary Course Professional's fees and expenses exceed the Monthly Fee Cap over a three-month rolling basis, such Ordinary Course Professional shall file a fee application on account of the amount over the applicable limit and apply for compensation and reimbursement of such amount in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Federal Rules of Bankruptcy Procedure, the Local Rules, and any other procedures and orders of the Court.  Such applicable Ordinary Course Professional shall be entitled to interim payment of its requested fees and expenses up to the Monthly Fee Cap pending the Court's allowance of those requested fees and expenses in excess of the Monthly Fee Cap.

10.     Within thirty (30) days after the end of, and with respect to, each full three-month (3-month) period after entry of this Order (including any initial partial month in the first period), the Debtors shall file with this Court, and serve upon the Notice Parties, a summary statement that includes the following information for each Ordinary Course Professional:  (i) the name of the Ordinary Course Professional; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (iii) a general description of the services rendered by such Ordinary Course Professional.  The obligation to file summary statements shall terminate upon confirmation of a plan in these chapter 11 cases.

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

11.     This Order shall not apply to any Chapter 11 Professional retained by the Debtors under a separate order of this Court.

12.     Each non-attorney Ordinary Course Professional shall waive any prepetition claim against the Debtors as a condition of its retention and compensation as an Ordinary Course Professional.

13.     Each Ordinary Course Professional shall periodically update its Declaration and Retention Questionnaire to the extent necessary to reflect new facts or circumstances relevant to its retention, including, without limitation, any changes in the type or scope of services to be provided.

14.     Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made pursuant to the authority granted in this Order shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders.  To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Order, the terms of the Cash Collateral Orders shall control.

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business |

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

19.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Initial Ordinary Course Professionals**

| Vendor Name | Service Description | Cap |
|---|---|---|
| ABNR COUNSELORS AT LAW | Legal-Local Counsel | $25,000 |
| ACCENTURE LLP | Accounting-Attestation Services | $225,000 |
| AKERMAN LLP | Legal-Finance Construction | $100,000 |
| AL TAMIMI & CO. | Legal-Local Counsel | $25,000 |
| AUGUST DEBOUZY | Legal-Real Estate | $100,000 |
| AXIOM GLOBAL USA | Legal-Commercial, Compliance and Real Estate | $225,000 |
| BAKER & MCKENZIE LLP AUSTRALIA | Legal-Corporate Secretarial and Employment | $100,000 |
| BARREDA MOLLER | Legal-Intellectual Property | $100,000 |
| BDO USA | Accounting-Tax Consultant | $100,000 |
| BERGSTEIN ABOGADOS | Legal-Corporate Secretarial | $100,000 |
| BLACK OAK | Legal-Local Counsel | $25,000 |
| BLAKE, CASSELS & GRAYDON LLP | Legal-Corporate Secretarial | $100,000 |
| BLANK ROME LLP | Legal-Real Estate | $225,000 |
| BRIGARD & CASTRO S.A.S. | Legal-Intellectual Property | $100,000 |
| BUCHANAN INGERSOLL & ROONEY | Legal-Litigation | $100,000 |
| CABINET BEAU DE LOMENIE | Legal-Intellectual Property | $100,000 |
| CAHILL GORDON & REINDEL | Legal-Compliance | $100,000 |
| CHATHAM PARTNERS RECHTSANWÄLTE NÚÑEZ MÜLLER SCHÄFER FISCHER PARTG MBB | Legal-Corporate Secretarial | $100,000 |
| CLINTONS | Legal-Intellectual Property | $100,000 |
| CMS DEBACKER | Legal-Local Counsel | $25,000 |
| CMS GRAU | Legal-Local Counsel | $25,000 |

| Vendor Name | Service Description | Cap |
|---|---|---|
| COVINGTON & BURLING LLP | Legal-Compliance, Corporate Secretarial, Corporate Transactions and Employment | $225,000 |
| CUATRECASAS PORTUGAL | Legal-Local Counsel | $25,000 |
| CUATRECASAS SPAIN | Legal-Local Counsel | $25,000 |
| CYWIAK & COMPANY LLP | Accounting-Tax Consultant | $100,000 |
| DEBEVOISE & PLIMPTON LLP | Legal-Litigation and Regulatory | $100,000 |
| DLA PIPER AUSTRALIA | Legal-Real Estate | $100,000 |
| DLA PIPER DENMARK LAW FIRM P/S | Legal-Corporate Secretarial | $100,000 |
| DLA PIPER LLP US | Legal-Real Estate | $225,000 |
| DLA PIPER UNITED KINGDOM | Legal-Compliance | $100,000 |
| EPSTEIN BECKER GREEN, PC | Legal-Employment | $100,000 |
| FITCH LAW PARTNERS | Legal-Litigation | $100,000 |
| FROSS ZELNICK LEHRMAN & ZISSU PC | Legal-Intellectual Property | $225,000 |
| GILBERT & TOBIN | Legal-Local Counsel | $25,000 |
| GOWLING WLG (CANADA) LLP | Legal-Intellectual Property | $100,000 |
| GREENBERG TRAURIG LLP [DORAL] | Legal-Franchising, Litigation and Real Estate | $225,000 |
| GREENBERG TRAURIG TOKYO | Legal-Local Counsel | $25,000 |
| GRUNECKER PATENT- UND RECHTSANWÄLTE PARTG MBB | Legal-Intellectual Property | $100,000 |
| GUN DANISMANLIK HIZMETLERI LTD. STI. | Legal-Intellectual Property | $100,000 |
| HERRICK, FEINSTEIN LLP | Legal-Real Estate and Litigation | $100,000 |
| INVENTURE IP | Legal-Intellectual Property | $100,000 |
| JIPYONG LLC | Legal-Local Counsel | $25,000 |

| Vendor Name | Service Description | Cap |
|---|---|---|
| KARAVAS KIELY SCHLOSS & WHITMAN LLP | Legal-Real Estate and Litigation | $100,000 |
| KAUFMAN DOLOWICH & VOLUCK LLP | Legal-Litigation | $100,000 |
| KIM & CHANG | Legal-Corporate Secretarial, Employment, Intellectual Property and Membership and Sales | $100,000 |
| KING & WOOD MALLESONS (MELBOURNE) | Legal-Intellectual Property | $100,000 |
| KINSTELLAR | Legal-Local Counsel | $25,000 |
| KNAUTHE RECHTSANWÄLTE PARTNERSCHAFT | Legal-Real Estate | $100,000 |
| KPMG LLP (DBA KPMG) | Accounting-Technical Accounting Advisors and Transactions | $225,000 |
| LEASON ELLIS LLP | Legal-Intellectual Property | $100,000 |
| LEE AND LI ATTORNEYS-AT-LAW | Legal-Intellectual Property | $100,000 |
| LEXFIELD LAW OFFICES | Legal-Intellectual Property | $100,000 |
| LOCKE LORD LLP | Legal-Real Estate and Litigation | $100,000 |
| LOYENS & LOEFF | Legal-Local Counsel | $25,000 |
| MANNHEIMER SWARTLING | Legal-Local Counsel | $25,000 |
| MATHESON LLP | Legal-Local Counsel | $25,000 |
| MEISTER SEELIG AND FEIN LLP | Legal-Litigation | $225,000 |
| MININO ABOGADOS | Legal-Intellectual Property | $100,000 |
| MOLINARI AGOSTINELLI | Legal-Local Counsel | $25,000 |
| MORGAN, LEWIS & BOCKIUS LLP | Legal-Employment | $225,000 |
| MORRIS NICHOLS ARSHT & TUNNELL | Legal-Real Estate | $100,000 |
| NAUTADUTILH N.V. (AMSTERDAM) | Legal-Corporate Secretarial | $100,000 |
| NAUTADUTILH N.V. (NEW YORK) | Legal-Corporate Secretarial | $100,000 |

| Vendor Name | Service Description | Cap |
|---|---|---|
| OLIVARES & CIA. | Legal-Intellectual Property | $100,000 |
| O'MELVENY & MYERS LLP | Legal-Franchising | $100,000 |
| PERKINS COIE LLP | Legal-Litigation, Real Estate and Data Privacy | $225,000 |
| PINSENT MASONS | Legal-Local Counsel | $25,000 |
| PRYOR CASHMAN LLP | Legal-Litigation | $225,000 |
| RAHMAT LIM & PARTNERS | Legal-Local Counsel | $25,000 |
| RICHARDS, LAYTON & FINGER | Legal-Local Counsel | $25,000 |
| ROMERO PINEDA & ASOCIADOS | Legal-Intellectual Property | $100,000 |
| ROMULO MABANTA BUENAVENTURA SAYOC & DE LOS ANGELES | Legal-Local Counsel | $25,000 |
| SABA & CO. (BAHRAIN) | Legal-Intellectual Property | $100,000 |
| SABA & CO. (MOROCCO) | Legal-Intellectual Property | $100,000 |
| SABA & CO. INTELLECTUAL PROPERTY - EGYPT | Legal-Intellectual Property | $100,000 |
| SABA & CO. INTELLECTUAL PROPERTY - LEBANON | Legal-Intellectual Property | $100,000 |
| SABA & CO. INTELLECTUAL PROPERTY (QATAR) | Legal-Intellectual Property | $100,000 |
| SALTZ NALIBOTSKY | Legal-Litigation | $100,000 |
| SHOOK HARDY & BACON | Legal-Litigation | $100,000 |
| SIMMONS & SIMMONS | Legal-Employment | $100,000 |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | Legal-Corporate Transactions, Litigation and Real Estate | $100,000 |
| SMART & BIGGAR | Legal-Intellectual Property | $100,000 |
| SPHERIENS | Legal-Intellectual Property | $100,000 |
| STEPHENSON HARWOOD | Legal-Real Estate | $100,000 |

| Vendor Name | Service Description | Cap |
|---|---|---|
| THOMPSON HINE LLP - CLEVELAND | Legal-Governance and Compensation | $100,000 |
| TILLEKE & GIBBINS INTERNATIONAL LIMITED | Legal-Intellectual Property | $100,000 |
| TMI ASSOCIATES | Legal-Intellectual Property | $100,000 |
| VELA WOOD | Legal - Real Estate | $100,000 |
| VINSON & ELKINS LLP | Legal-Real Estate | $100,000 |
| VON SEIDELS INTELLECTUAL PROPERTY ATTORNEYS | Legal-Intellectual Property | $100,000 |
| WEERAWONG, CHINNAVAT & PARTNERS LTD. | Legal-Local Counsel | $25,000 |
| WEIRFOULDS | Legal-Real Estate and Litigation | $100,000 |
| WIKBORG REIN | Legal-Local Counsel | $25,000 |
| WILSON SONSINI GOODRICH & ROSATI | Legal-Corporate Transactions | $225,000 |
| WKB LAWYERS | Legal-Local Counsel | $25,000 |
| YKVN LLC | Legal-Local Counsel | $25,000 |

## **Exhibit 2**

**Form of Declaration**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF [DECLARANT], ON BEHALF OF**
**PROPOSED ORDINARY COURSE PROFESSIONAL [COMPANY NAME]**

I, [**Declarant**], pursuant to Section 1746 of title 28 of the United States Code, hereby

declare that the following is true to the best of my information, knowledge, and belief:

1.      I am [**Title**] of [**Company Name**], located at [**Address**] (the "Company").

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

2.      WeWork Inc. and/or its affiliated debtors (collectively, the "<u>Debtors</u>") have requested that the Company provide [**Type of Services**] to the Debtors, and the Company has consented to provide such services.

3.      The Company may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in these cases.  As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these cases.  The Company does not perform services for any such person in connection with these cases.  In addition, the Company does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

4.      Neither I, nor any principal of, or professional employed by the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Company.

5.      Neither I, nor any principal of, or professional employed by the Company, insofar as I have been able to discover, holds or represents any interest adverse to the Debtors or their estates.

6.      [**FOR LEGAL SERVICES FIRMS:**  The Debtors owe the Company $__ for prepetition services, the payment of which is subject to limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.]

7.      [**FOR NON-LEGAL SERVICE FIRMS ONLY:**  The Company agreed to waive all unpaid amounts for services rendered prior to the Petition Date.]

8.      As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Company [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.      At any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

10.     I, or a representative of the Company, have read and am familiar with the requirements of the *Order Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business.*


I declare under penalty of perjury that the foregoing is true and correct.

Executed this [**Date**] in [**City, State, Country**].

_____
[**Declarant**]

## Exhibit 3

**Form Retention Questionnaire**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

<u>**RETENTION QUESTIONNAIRE**</u>

**TO BE COMPLETED BY EACH ORDINARY COURSE PROFESSIONAL**
**EMPLOYED BY THE DEBTORS**

<u>**Do not file**</u> this Questionnaire with the Court.  Please return it to:

| | |
|---|---|
| **KIRKLAND & ELLIS LLP** | **COLE SCHOTZ P.C.** |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Michael D. Sirota, Esq. |
| Edward O. Sassower, P.C. | Warren A. Usatine, Esq. |
| Joshua A. Sussberg, P.C. (*pro hac vice* pending) | Felice R. Yudkin, Esq. |
| Steven N. Serajeddini, P.C. (*pro hac vice* pending) | Ryan T. Jareck, Esq. |
| Ciara Foster (*pro hac vice* pending) | Court Plaza North, 25 Main Street |
| 601 Lexington Avenue | Hackensack, New Jersey 07601 |
| New York, New York 10022 | Telephone:      (201) 489-3000 |
| Telephone:      (212) 446-4800 | |
| Facsimile:      (212) 446-4900 | msirota@coleschotz.com |
| edward.sassower@kirkland.com | wusatine@coleschotz.com |
| joshua.sussberg@kirkland.com | fyudkin@coleschotz.com |
| steven.serajeddini@kirkland.com | rjareck@coleschotz.com |
| ciara.foster@kirkland.com | |

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

_____

_____

_____

_____

2. Date of retention:

_____

3. Type of services provided (accounting, legal, etc.):

_____

_____

_____

4. Brief description of services to be provided:

_____

_____

_____

5. Arrangements for compensation (hourly, contingent, etc.):

_____

_____

_____

6. Prepetition claims against the Debtors held by the firm (if any):

_____

_____

_____

(a) Average hourly rate (if applicable):

_____

(b) Estimated average monthly compensation:

_____

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

_____

_____

_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to its estate with respect to the matters on which the above-named firm is to be employed:

_____

_____

_____

9. Name and title of individual completing this Retention Questionnaire:

_____

_____

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true

and correct to the best of my knowledge and information.

Dated:_____, 2023

[Name]
[Title]
[Firm]