**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER (I) AUTHORIZING AND ESTABLISHING**
**PROCEDURES FOR THE DE MINIMIS ASSET TRANSACTIONS;**
**(II) AUTHORIZING AND ESTABLISHING PROCEDURES FOR**
**DE MINIMIS ASSET ABANDONMENT; (III) APPROVING THE**
**FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET**
**TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on December 6, 2023, at 11:00 a.m., prevailing Eastern

Time, or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton,
OR 97005.

possession (the "Debtors"), by and through their undersigned proposed counsel, shall move the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief* (the "Motion") before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Court"), 50 Walnut Street, Newark, NJ 07102, for entry of an order (the "Order"), substantially in the form submitted herewith, (i) authorizing and establishing procedures providing for the expedited use, sale, or transfer of the De Minimis Assets in any De Minimis Asset Transaction to a single buyer or group of related buyers with an aggregate sale price equal to or less than $4,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all Liens, without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer; (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset; (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment; and (iv) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the relief requested in the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

2

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing, (ii) state with particularity the basis of the objection, and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order"), and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/WeWork.   You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com


*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' MOTION FOR**
**ENTRY OF AN ORDER (I) AUTHORIZING**
**AND ESTABLISHING PROCEDURES FOR**
**THE DE MINIMIS ASSET TRANSACTIONS;**
**(II) AUTHORIZING AND ESTABLISHING PROCEDURES**
**FOR DE MINIMIS ASSET ABANDONMENT; (III) APPROVING**
**THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET**
**TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF**

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):[2]

## **Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (i) authorizing and establishing procedures providing for the expedited use, sale, or transfer of certain assets, including any rights or interests therein (collectively, the "<u>De Minimis Assets</u>") in any individual transaction or series of related transactions (each, a "<u>De Minimis Asset Transaction</u>") to a single buyer or group of related buyers with an aggregate sale price equal to or less than $4,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all liens, claims, interests, and encumbrances (collectively, the "<u>Liens</u>"), without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer, (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset, (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment; and (iv) granting related relief.

## **Jurisdiction**

2.    The United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "<u>First Day Declaration</u>"), which is incorporated herein by reference. Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court's entering

a final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a), 363, and 554 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and rules 2002,

6004, 6007, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or

the "Company"), are the global leader in flexible workspace, integrating community, member

services, and technology. Founded in 2010 and headquartered in New York City, WeWork's

mission is to create a collaborative work environment where people and companies across a

variety of industries, from freelancers to Fortune 100 companies, come together to optimize

performance. WeWork became a publicly traded company in 2021 and employs over 2,650

full-time and fifty part-time workers in the United States and abroad. The Company operates

over 750 locations in thirty-seven countries and is among the top commercial real estate lessors

in business hubs including New York City, London, Dublin, Boston, and Miami. For the fiscal

year 2022, WeWork's revenue was approximately $3.25 billion. The Debtors commenced these

chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position

WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), each Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses

and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### De Minimis Asset Transactions

7.      In the ordinary course of business, the Debtors frequently enter into various agreements and transactions related to their interests in various assets that the Debtors are authorized to enter into on a postpetition basis pursuant to section 363(c) of the Bankruptcy Code.  For example, the Debtors may sell certain non-core assets, including, but not limited to, certain intellectual property, personal property, furniture, fixtures, and equipment, that are no longer needed for their business.  It is foreseeable that some of the counterparties to these transactions may have concerns about whether the Debtors are authorized to enter into such transactions without receiving approval from the Court.  Accordingly, the Debtors seek approval of certain procedures that will, to the extent necessary, authorize the Debtors to use, sell, swap, or transfer certain assets outside the ordinary course of business with a transaction value equal to or less than $4,000,000.  In addition, the Debtors currently own (or may in the future own) assets of little or no use to the Debtors' estates.  This Motion also seeks approval of procedures for governing the abandonment of such assets.[3]

8.      In certain circumstances, the Debtors have a limited window of time in which they may enter into or take advantage of opportunities to sell, transfer, or otherwise monetize the

De Minimis Assets.  The cost and delay associated with seeking individual Court approval of each De Minimis Asset Transaction could eliminate or substantially diminish the economic benefits of the transactions.  The De Minimis Asset Transaction Procedures (as defined below) permit the Debtors to dispose of De Minimis Assets in a cost efficient manner and allow for more expeditious and cost-effective review of certain De Minimis Asset Transactions by interested parties while at the same time protecting the rights of creditors and other parties in interest.

### De Minimis Asset Transaction Procedures

9.      The Debtors propose to use, sell, swap, or transfer each of the De Minimis Assets on the best terms available, taking into consideration the exigencies and circumstances in each such transaction under the following procedures (the "De Minimis Asset Transaction Procedures"):

    a.      With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $200,000:

        i.      the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates without further order of the Court, subject only to the noticing procedures set forth herein;

        ii.      any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

---

3    For the avoidance of doubt, the De Minimis Asset Abandonment Procedures (as defined below) are without prejudice to the Debtors' rights to abandon their personal property under the terms of an order entered by the Court in respect of the *Debtors Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 12].

iii.    before closing such sale or effectuating such transaction, the Debtors shall give at least five (5) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to: (a) the U.S. Trustee for the District of New Jersey; (b) (i) counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn.: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (c) (i) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); (d) counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com); (e) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) any party to the transaction; (g) counsel to any statutory committee appointed in these chapter 11 cases; and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and, collectively, the "Notice Parties");

iv.    such notice will be in substantially the form of the Transaction Notice attached as Exhibit 1 to the Order and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v.    if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.    any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors

in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) calendar days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "Objection Notice") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.    if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.   good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.    With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $200,000, and less than or equal to $4,000,000:

i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.    any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.    before closing such sale or effectuating such transaction, the Debtors shall give at least seven (7) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to the Notice Parties;

iv.    such notice will be in substantially the form of the Transaction Notice attached as Exhibit 1 to the Order and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of

the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v.    if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send an Amended Transaction Notice to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.    if no written objections are filed by the Notice Parties within the greater of (i) seven (7) calendar days of service of such Transaction Notice or (ii) two (2) calendar days of service of an Amended Transaction Notice, as applicable (the "Objection Deadline"), the Debtors are authorized to consummate such transaction immediately;

vii.    if any of the Notice Parties properly and timely object to any transaction by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into such transaction, the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.    good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

10.    To the extent that De Minimis Assets cannot be sold at a price greater than the cost of liquidating such asset that is no longer needed for the Debtors' operations, the Debtors seek authority to abandon De Minimis Assets in accordance with the following procedures (the "De Minimis Asset Abandonment Procedures," and, together with the De Minimis Asset Transaction Procedures, the "De Minimis Asset Procedures"):[4]

a.    The Debtors shall give written notice of the abandonment substantially in the form attached as Exhibit 2 to the Order (each such notice, an "Abandonment Notice") to the Notice Parties;

---

[4]    For the avoidance of doubt, the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' right to abandon *de minimis* intellectual property assets in the ordinary course.

    b.     the Abandonment Notice shall contain:  (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; and (iv) the Debtors' reasons for such abandonment;

    c.     if no written objections from any of the Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.     if a written objection from any Notice Party is filed with the Court within ten (10) calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.

11.    Additionally, the Debtors will provide a written report to the Court, the U.S. Trustee, the Notice Parties, counsel to any statutory committees appointed in these cases, and those parties requesting notice pursuant to Bankruptcy Rule 2002, beginning with the calendar quarter ending on December 31, 2023, and each calendar quarter thereafter, no later than thirty (30) days after the end of each such calendar quarter, concerning any De Minimis Asset Transactions consummated during the preceding calendar quarter pursuant hereto, including the names of the purchasing or selling parties, as applicable, and the types and amounts of the transactions.

12.    The Debtors submit that the establishment of the foregoing procedures is desirable and in the best interests of the Debtors' estates, their creditors, and other parties in interest in these chapter 11 cases.  The procedures set forth herein will enable the Debtors to generate additional value and help preserve existing value for the benefit of the Debtors' estates and all parties in interest.  These procedures will promote an efficient administration of these chapter 11 cases, make De Minimis Asset Transactions cost effective, and expedite the use, sale,

or transfer of more valuable assets in a manner that will provide the most benefit to the Debtors'

estates and creditors.

**Basis for Relief**

**I.      The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(b) of the Bankruptcy Code.**

13.      The Debtors believe they are authorized to use, sell, or transfer the De Minimis

Assets in the ordinary course of business without notice or a hearing pursuant to section

363(c)(1) of the Bankruptcy Code.  To the extent that any De Minimis Asset Transaction is not

in the ordinary course of business, the Debtors believe that they are able to satisfy the

requirements of 363(b) with respect to such De Minimis Asset Transaction.

14.      Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice

and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of

the estate."   11 U.S.C. § 363(b)(1).  Although section 363 of the Bankruptcy Code does not

specify a standard for determining when it is appropriate for a court to authorize the use, sale, or

lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if

such sale is based upon the sound business judgment of the debtor.  *See In re Chateaugay Corp.*,

973 F.2d 141 (2d Cir.1992) (approval of section 363(b) sale is appropriate if good business

reasons exist for such sale); *see also In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

15.      The De Minimis Asset Transaction Procedures reflect a reasonable exercise of

their business judgment and satisfy the requirements of section 363(b) of the Bankruptcy Code.

Courts generally accord significant deference to a debtor's business judgment to use or sell assets

outside the ordinary course of business.  *See In re W.A. Mallory Co., Inc.*, 214 B.R. 834, 836–37

(Bankr. E.D. Va. 1997) ("[G]reat deference is given to a business in determining its own best

interests.").  Requiring the Debtors to file a motion with the Court each time the Debtors seek to

dispose of certain De Minimis Assets would distract from their restructuring efforts and force the Debtors to incur unnecessary costs that would reduce whatever value might be realized from the sale of such assets.  In addition, the De Minimis Asset Transaction Procedures afford those creditors with an interest in the De Minimis Assets the opportunity to object to their use, sale, or transfer and obtain a hearing if necessary, and the relief requested will not apply to sales of De Minimis Assets to "insiders," as that term is described in section 101(31) of the Bankruptcy Code.

**II.     The De Minimis Asset Transaction Procedures Are Appropriate Under Section 363(f) of the Bankruptcy Code.**

16.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if:  (i) applicable nonbankruptcy law permits such a "free and clear" sale; (ii) the holder of the interest consents; (iii) the interest is a lien and the sales price of the property exceeds the value of all liens on the property; (iv) the interest is in bona fide dispute; or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

17.     The Debtors propose to sell or transfer the De Minimis Assets in a commercially reasonable manner and expect that the value of the proceeds from such sales or transfers will fairly reflect the value of the property sold.  The Debtors further propose that any party with a Lien on De Minimis Assets sold or transferred pursuant to this Motion shall have a corresponding security interest in the proceeds of such sale or transfer.  Moreover, the Debtors propose that a party's failure to object timely to (i) the entry of the Order approving this Motion and (ii) a De Minimis Asset Transaction as required under the De Minimis Asset Transaction Procedures, as applicable, in each case following the provision of notice, be deemed "consent" to any sales or transfers pursuant to the Order within the meaning of section 363(f)(2) of the

Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code would be satisfied for any proposed sales or transfers free and clear of Liens.

**III.  Sales or Other Divestitures of De Minimis Assets Should Be Entitled to the Protections of Section 363(m) of the Bankruptcy Code.**

18.     Section 363(m) of the Bankruptcy Code provides in relevant part that the reversal or modification on appeal of an authorization under section 363(b) of a sale or lease of property does not affect the validity of a sale or lease under such authorization to a purchaser who bought or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal. *See* 11 U.S.C. § 363(m).  "Although the Bankruptcy Code does not define the meaning of 'good-faith purchaser,' most courts have adopted a traditional equitable definition:  one who purchases the assets for value, in good faith and without notice of adverse claims."  *In re Gucci*, 126 F.3d 380, 390 (2d Cir. 1997) (internal citations omitted).  The Third Circuit has held that "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of [purchaser's] conduct in the course of the sale proceedings."  *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (internal citations omitted).   Typically, the misconduct that would destroy a purchaser's good faith status involves "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."  *Hoese Corp. v. Vetter Corp. (In re Vetter Corp.)*, 724 F.2d 52, 56 (7th Cir. 1983) (emphasis omitted) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)) (interpreting Bankruptcy Rule 805, the precursor to section 363(m)).  Any agreement that results in the sale or divestiture of De Minimis Assets will be an arm's-length transaction entitled to the protections of section 363(m).

IV.    **The De Minimis Asset Abandonment Procedures Are Justified by the Debtors'
Sound Business Judgment and Appropriate Under Section 554(a) of the Bankruptcy
Code.**

19.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing,
the trustee may abandon any property of the estate that is burdensome to the estate or that is of
inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  The costs associated with
sales of certain De Minimis Assets may exceed any possible proceeds thereof.  Further, the costs
of storing and maintaining such De Minimis Assets may burden the Debtors' estates such that
abandonment of De Minimis Assets pursuant to the De Minimis Asset Abandonment Procedures
is in the best interest of the Debtors' estates.  Accordingly, the Debtors contend that, in such
circumstances, the abandonment of De Minimis Assets pursuant to the De Minimis Asset
Abandonment Procedures is in the best interest of the Debtors' estates.

**Request of Waiver of Stay**

20.    To the extent that the relief sought in the Motion constitutes a use of property
under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay
under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Motion is
immediately necessary for the Debtors to be able to continue to operate their businesses and
preserve the value of their estates.

**Waiver of Memorandum of Law**

21.    The Debtors request that the Court waive the requirement to file a separate
memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal basis upon which the
Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**Reservation of Rights**

22.    Notwithstanding anything to the contrary herein, nothing contained in this Motion
or any actions taken pursuant to any order granting the relief requested by this Motion is

intended as or should be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or of a type otherwise specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

### **No Prior Request**

23.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

15

### **Notice**

24.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) counsel to any statutory committee appointed in these chapter 11 cases; (h) the office of the attorney general for each of the states in which the Debtors operate; (i) the United States Attorney's Office for the District of New Jersey; (j) the Securities and Exchange Commission; (k) the Internal Revenue Service; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the forms submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 15, 2023

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com


*Proposed Co-Counsel for Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com


*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

---

In re:

WEWORK INC., *et al.*,

         Debtors.[1]

Chapter 11

Case No. 23-19865 (JKS)

(Jointly Administered)

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING
AND ESTABLISHING PROCEDURES
FOR THE DE MINIMIS ASSET TRANSACTIONS;
(II) AUTHORIZING AND ESTABLISHING PROCEDURES
FOR DE MINIMIS ASSET ABANDONMENT; (III) APPROVING
THE FORM AND MANNER OF THE NOTICE OF DE MINIMIS ASSET
TRANSACTIONS AND ABANDONMENT; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through twelve (12), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing and establishing procedures providing for the expedited use, sell, or transfer of the De Minimis Assets in any De Minimis Asset Transaction to a single buyer or group of related buyers with an aggregate sale price equal to or less than $4,000,000 as calculated within the Debtors' reasonable discretion, free and clear of all Liens, without the need for further Court approval and with Liens attaching to the proceeds of such use, sale, or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the use, sale, or transfer; (ii) authorizing and establishing procedures to provide for the expedited abandonment of a De Minimis Asset to the extent that a sale thereof cannot be consummated at a value greater than the cost of liquidating such De Minimis Asset; (iii) approving the form and manner of the notice of De Minimis Asset Transactions and abandonment; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court

---

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to use, sell, swap, or transfer De Minimis Assets outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

   a.   With regard to uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, less than or equal to $200,000:

      i.    the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject only to the noticing procedures set forth herein;

      ii.   any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.    before closing such sale or effectuating such transaction, the Debtors shall give at least five (5) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to:  (a) the U.S. Trustee for the District of New Jersey; (b) (i) counsel to the Ad Hoc Group, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (ii) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn.: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (c) (i) counsel to SoftBank, Weil, Gotshal & Manges LLP, 767 5th Ave, New York, New York 10153, Attn.:  Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (kevin.bostel@weil.com), and Eric L. Einhorn (eric.einhorn@weil.com), and (ii) Wollmuth Maher & Deutsch LLP, 500 5th Avenue, New York, New York 10110, Attn.:  Paul R. DeFilippo (pdefilippo@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); (d) counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com); (e) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (f) any party to the transaction; (g) counsel to any statutory committee appointed in these chapter 11 cases; and (h) those parties requesting notice pursuant to Bankruptcy Rule 2002 (each, a "Notice Party," and, collectively, the "Notice Parties");

iv.    such notice will be in substantially the form of the Transaction Notice attached as **Exhibit 1** hereto and will specify:  (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

v.      if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.     any Notice Party shall have the right to object to any such proposed sale, acquisition, or transaction of De Minimis Assets by notifying the Debtors in writing (email being sufficient) of such objection by the later of (i) five (5) calendar days after service of such Transaction Notice and (ii) two (2) calendar days after service of an Amended Transaction Notice, as applicable, without the need to file a formal objection with the Court (an "Objection Notice") and the Debtors shall promptly notify the Notice Parties of any Objection Notices they receive, which notice may be provided electronically; if the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate such transaction immediately;

vii.    if the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection and the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

viii.   good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

b.      With regard to the uses, sales, or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or group of related buyers with a total transaction value, as calculated within the Debtors' reasonable discretion, greater than $200,000, and less than or equal to $4,000,000:

i.      the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

ii.  any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.  before closing such sale or effectuating such transaction, the Debtors shall give at least seven (7) calendar days advance written notice (email being sufficient), on a confidential, and to the extent applicable, professionals'-eye-only basis, to the Notice Parties;

iv.  such notice will be in substantially the form of the Transaction Notice attached as **Exhibit 1** hereto and will specify: (i) identification of the De Minimis Assets being used, sold, or transferred; (ii) identification of the Debtor that directly owns the De Minimis Assets; (iii) identification of the purchaser of the assets; (iv) identification of the holders of any liens, claims, interests, and encumbrances known on the De Minimis Assets known to the Debtors; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with such transaction;

v.  if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send an Amended Transaction Notice to the Notice Parties, after which the Notice Parties shall have an additional two (2) calendar days to object to such sale prior to closing such sale or effectuating such transaction;

vi.  if no written objections are filed by the Notice Parties within the greater of (i) seven (7) calendar days of service of such Transaction Notice or (ii) two (2) calendar days of service of an Amended Transaction Notice, as applicable (the "Objection Deadline"), the Debtors are authorized to consummate such transaction immediately;

vii.  if any of the Notice Parties properly and timely object to any transaction by the Objection Deadline, and the Debtors, in their sole discretion, still desire to enter into such transaction, the transaction shall not proceed except upon (i) resolution of the objection by the parties in question or (ii) further order of the Court; and

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

       viii.   good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

2.    Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets in accordance with the following De Minimis Asset Abandonment Procedures:[1]

    a.   The Debtors shall give written notice of the abandonment substantially in the form attached as **Exhibit 2** hereto (each such notice, an "Abandonment Notice") to the Notice Parties;

    b.   the Abandonment Notice shall contain: (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (ii) the identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders of any liens, claims, interests, and encumbrances on the De Minimis Assets known to the Debtors; and (iv) the Debtors' reasons for such abandonment;

    c.   if no written objections from any of the Notice Parties are filed with the Court within ten (10) calendar days after the date of receipt of such Abandonment Notice, then the Debtors are authorized to immediately proceed with the abandonment; and

    d.   if a written objection from any Notice Party is filed with the Court within ten (10) calendar days after receipt of such Abandonment Notice, then the relevant De Minimis Asset shall only be abandoned upon (i) resolution of the objection by the parties in question or (ii) further order of the Court after notice and a hearing.[2]

---

[1]   For the avoidance of doubt, the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' rights to abandon their personal property under the terms of an order entered by the Court in respect of the *Debtors Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 12].

[2]   For the avoidance of doubt. the De Minimis Asset Abandonment Procedures are without prejudice to the Debtors' right to abandon *de minimis* intellectual property assets in the ordinary course.

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

3.      Any uses, sales, or transfers to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

4.      A party's failure to timely object to (i) the relief requested in the Motion and (ii) the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be determined to be "consent" to such use, sale, or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

5.      Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately prior to such sale or transfer.  The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale.  Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

6.      Purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

7.      The Debtors shall provide a written report to the Court, the U.S. Trustee, the Notice Parties, counsel to any statutory committees appointed in these cases, and those parties

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

requesting notice pursuant to Bankruptcy Rule 2002, beginning with the calendar quarter ending on December 31, 2023, and each calendar quarter thereafter, no later than thirty (30) days after the end of each such calendar quarter, concerning any such transactions consummated during the preceding calendar quarter pursuant hereto, including the names of purchasing or selling parties, as applicable, and the types and amounts of the transactions.

8.     The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached hereto as <u>Exhibit 1</u> is hereby authorized and approved.

9.     Service of the Transaction Notice, as applicable, is sufficient notice of the use, sale, or transfer of such De Minimis Assets.

10.     Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

11.     With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient

| | |
|---|---|
| (Page \| 11) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

12.     The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the use, sale, or transfer of De Minimis Assets, including commission and fees to agents, brokers, auctioneers, and liquidators.

13.     Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the use, sale, or transfer of any asset under Section 363 of the Bankruptcy Code.

14.     Notwithstanding anything to the contrary in the Motion or this Order, any authorization granted in this Order shall not be inconsistent with, and shall be subject to the consent rights set forth in the RSA, including, without limitation, the requirement that the Debtors shall not directly or indirectly consummate any sale or disposition of material assets in excess of $2,000,000 in the aggregate per transaction or outside the ordinary course of business without the prior written consent of the Required Consenting Stakeholders (as defined in the RSA).

15.     Notwithstanding anything to the contrary in this Motion or this Order, any payment to be made or authorization granted in this Order shall not be inconsistent with, and shall be subject to and in compliance with the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the*

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order Approving (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief |

*Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 103] (the "Cash Collateral Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Collateral Orders. To the extent there is any inconsistency between the terms of the Cash Collateral Orders and this Order, the terms of the Cash Collateral Orders shall control.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

18.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Form of Transaction Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF TRANSACTION**

**PLEASE TAKE NOTICE** that, on November 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHRE NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions; (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment; (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment; and (IV) Granting Related Relief* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "De Minimis Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

attached hereto (the "Transaction Assets").  **Exhibit A** provides, for each Transaction Asset (i) identification of the Transaction Assets; (ii) identification of the Debtor that directly owns the Transaction Assets; (iii) identification of the purchaser of the Transaction Assets; (iv) identification of holders known to the Debtors as holding liens on the Transaction Assets; (v) the purchase price; (vi) the material economic terms and conditions of the sale or transfer; and (vii) any commission, fees, or similar expenses to be paid in connection with the transaction.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of this Transaction Notice but prior to the applicable deadline of any Notice Parties' right to object to such sale, the Debtors will send an amended Transaction Notice (the "Amended Transaction Notice") to the Notice Parties.

*If the De Minimis Asset Transaction value is less than $200,000:*

Any Notice Parties may object to the Transaction **by the later of (a) five (5) calendar days after service of this Transaction Notice and (b) two (2) calendar days after service of an Amended Transaction Notice, as applicable**, by serving such objection in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100] (the "Case Management Procedures"), without the need to file a formal objection with the Court (an "Objection Notice"), on (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005; (ii) proposed counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), and Ciara Foster (ciara.foster@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), Esq., and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); and (iii) the other Notice Parties.  **If the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate the Transaction immediately.**  If the Debtors receive an Objection Notice, and, after good faith negotiations, the Debtors and such Notice Party are unable to resolve such objection consensually, the Notice Party shall **have two (2) business days after being notified by the Debtors that the objection has not been resolved to file a formal objection** and the matter shall be resolved by the Court (or by withdrawal of the formal objection) prior to the closing of the Transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.

*If the De Minimis Asset Transaction value is greater than $200,000 and less than or equal to $4,000,000:*

Any Notice Parties may object to the Transaction **by the later of (a) seven (7) calendar days after service of this Transaction Notice and (b) two (2) calendar days after service of an Amended Transaction Notice, as applicable** (the "Objection Deadline") to object to the De Minimis Asset Transaction by filing and serving such objection in accordance with the Case Management Procedures on (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005; (ii) proposed counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan

(jimmy.ryan@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), Esq., and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); and (iii) the other Notice Parties. **If the Debtors do not receive an Objection Notice, the Debtors are authorized to consummate the Transaction immediately.**

Dated: [_____], 2023

/s/
_____

| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C (*pro hac vice* pending) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (*pro hac vice* pending) |
| Court Plaza North, 25 Main Street | Ciara Foster (*pro hac vice* pending) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:    (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:    (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:    (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |

*Proposed Co-Counsel for Debtors and Debtors in Possession*

*Proposed Co-Counsel for Debtors and Debtors in Possession*

**Exhibit A**

| Required Notice Information | |
|---|---|
| Transaction Assets | |
| Debtor that directly owns the Transaction Assets | |
| Purchaser of the Transaction Assets | |
| Holders known to the Debtors as holding liens on the Transaction Assets | |
| Purchase Price | |
| Material economic terms and conditions of the sale or transfer | |
| Commission, fees, or similar expenses to be paid in connection with the transaction | |

## **Exhibit 2**

**Form of Abandonment Notice**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ABANDONMENT**

**PLEASE TAKE NOTICE** that, on November 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], the United States Bankruptcy Court for the District of New Jersey (the "Court") approved an *Order (I) Authorizing and Establishing Procedures for the De Minimis Asset Transactions, (II) Authorizing and Establishing Procedures for De Minimis Asset Abandonment, (III) Approving the Form and Manner of the Notice of De Minimis Asset Transactions and Abandonment, and (IV) Granting Related Relief* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Court authorized the Debtors to use, sell, transfer, swap, or abandon certain non-core assets (collectively, the "De Minimis Assets").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**Exhibit A** attached hereto, which exhibit also sets forth (i) a description in reasonable detail of the De Minimis Assets to be abandoned, including the projected book value of the assets being abandoned as reflected in the Debtors' books and records; (ii) identification of the Debtor entity that directly owns the De Minimis Assets; (iii) identification of holders known to the Debtors as holding liens on the De Minimis Assets; and (iv) the Debtors' reasons for such abandonment.

**PLEASE TAKE FURTHER NOTICE** that, any Notice Parties may object to the Transaction **by the date that is ten (10) days after service of the written notice** (the "Objection Deadline") to object to the abandonment of the De Minimis Asset by filing and serving such objection in accordance with the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100] (the "Case Management Procedures") on (i) the Debtors, WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005; (ii) proposed counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven N. Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: Connor K. Casas (connor.casas@kirkland.com); and (b) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin (fyudkin@coleschotz.com), Esq., and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); and (iii) the other Notice Parties.

Dated: [_____], 2023

/s/
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C (*pro hac vice* pending)
Steven N. Serajeddini, P.C. (*pro hac vice* pending)
Ciara Foster (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

**Exhibit A**

| Required Notice Information | |
|---|---|
| De Minimis Assets to be abandoned | |
| Debtor that directly owns the Transaction Assets | |
| Holders known to the Debtors as holding liens on the Transaction Assets | |
| Reason for the abandonment | |