**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*,<br><br>Debtors.[1] | Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**DEBTORS' APPLICATION FOR ENTRY**
**OF AN ORDER (I) AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF PJT PARTNERS LP AS INVESTMENT**
**BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION**
**EFFECTIVE AS OF THE PETITION DATE, (II) WAIVING CERTAIN**
**TIMEKEEPING REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEW JERSEY:

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this application (the "<u>Application</u>"):

**<u>Relief Requested</u>**

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"):   (a) authorizing the Debtors to retain and employ PJT Partners LP ("<u>PJT</u>") as their investment banker, effective as of the Petition Date (as defined below), in accordance with that certain engagement letter, dated as of September 15, 2023 (the "<u>Engagement Letter</u>"),[2] a copy of which is attached as <u>Exhibit 1</u> to the Order, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>"); (b) waiving certain timekeeping requirements of Local Rule 2016-1, the guidelines (the "<u>U.S. Trustee Guidelines</u>") of the Office of the United States Trustee for the District of New Jersey, and any other applicable procedures and orders of the Court (as defined herein) in connection with PJT's engagement; and (c) granting related relief.  In support of this Application, the Debtors submit the *Declaration of Jamie Baird, Partner of PJT Partners LP, in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief*, attached hereto as **<u>Exhibit B</u>** and incorporated by reference herein (the "<u>Baird Declaration</u>").

---

[2]    Any references to, or summaries of, the Engagement Letter in this Application are qualified by the express terms of the Engagement Letter, which shall govern if there is any conflict between the Engagement Letter and the summaries provided herein. Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Engagement Letter.

2

**Jurisdiction and Venue**

2.　　The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on
September 18, 2012 (Simandle, C.J.).　The Debtors confirm their consent to the Court's entering
a final order in connection with this Application to the extent that it is later determined that the
Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith
consistent with Article III of the United States Constitution.

3.　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.　　The bases for the relief requested herein are sections 327(a) and 328(a) of title 11
of the Bankruptcy Code, rules 2014(a) and 2016 of the Bankruptcy Rules, and Local Rules 2014-
1 and 2016-1.

**Background**

5.　　The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or
the "Company"), are the global leader in flexible workspace, integrating community, member
services, and technology.　Founded in 2010 and headquartered in New York City, WeWork's
mission is to create a collaborative work environment where people and companies across a variety
of industries, from freelancers to Fortune 100 companies, come together to optimize performance.
WeWork became a publicly-traded company in 2021 and employs over 2,650 full-time and fifty
part-time workers in the United States and abroad.　The Company operates over 750 locations in
thirty-seven countries and is among the top commercial real estate lessors in business hubs
including New York City, London, Dublin, Boston, and Miami.　For the fiscal year 2022,
WeWork's revenue was approximately $3.25 billion.　The Debtors commenced these chapter 11

cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

6.      On November 6, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  On November 16, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 150].  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases are set forth in greater detail in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 21], which is incorporated herein by reference.

## PJT's Qualifications

7.      The Debtors submit this Application because they require a qualified investment banker to assist them in the critical tasks associated with guiding the Debtors through these chapter 11 cases.  The Debtors believe that their retention of an investment banker is necessary and appropriate to enable them to evaluate the financial and economic issues raised by these chapter 11 cases, to successfully consummate one or more transactions, and to fulfill certain of their statutory duties.

8.      As detailed in the Baird Declaration, PJT's Restructuring and Special Situations Group ("RSSG") is one of the industry's leading advisors to companies and creditors in a variety of complex restructurings and bankruptcies.  PJT was created in connection with a spin-off from

4

The Blackstone Group L.P. ("Blackstone"), effective October 1, 2015. Upon the consummation of the spinoff, Blackstone's Restructuring and Reorganization advisory group became a part of PJT, and Blackstone's restructuring professionals became employees of PJT. The former Blackstone restructuring professionals, in their capacity as PJT employees, have been conducting business and providing their clients with the same high-quality restructuring services that Blackstone had itself provided since the formation of its restructuring advisory practice approximately 32 years ago. PJT professionals have extensive experience working with financially troubled companies in complex financial restructurings. Since 1991, PJT professionals have advised on more than 725 distressed situations, both in- and out-of-court, involving more than $2.3 trillion of total liabilities.

9.      The partners and members of RSSG have provided services to debtors, creditors' committees, and other constituencies in numerous chapter 11 cases.

10.      PJT was engaged by the Debtors on or around September 1, 2023, to provide certain advisory and investment banking services in connection with a possible Transaction, Restructuring and/or Capital Raise[3] and assist in analyzing, structuring, negotiating and effecting any such Transaction, Restructuring and/or Capital Raise. Prior to that time, PJT was engaged to provide financial advisory services to the Company in connection with its merger with BowX Acquisition Corp. in October 2021. In addition, subsequently to that transaction, PJT was engaged by the

---

[3]      As defined in the Engagement Letter, (a) "Transaction" means the sale, merger or other disposition of all or a portion of the Debtors or their assets; (b) "Restructuring" means, collectively, (i) any restructuring, reorganization (whether or not pursuant to chapter 11 of the Bankruptcy Code), and/or recapitalization of the Debtors affecting a material portion of its existing or potential debt obligations or other claims against the Debtors, including, without limitation, senior debt, junior debt, trade claims, general unsecured claims and preferred stock (collectively, the "Obligations"), (ii) an in-court sale or other acquisition or disposition of a majority of the assets and/or equity of the Debtors, and/or (iii) any complete or material repurchase, refinancing, debt-for-debt or debt-for-equity exchange, extension or repayment by the Debtors of any of the Obligations (excluding, for the avoidance of doubt, a stand-alone extension to the senior tranche of the Debtors' letter of credit facility as to which PJT does not provide the Debtors with material assistance); and (c) "Capital Raise" means any financing arranged by PJT at the request of the Debtors.

Company in December 2022 in connection with potential refinancing, restructuring and/or recapitalization transactions which culminated with the consummation in May 2023 of a recapitalization transaction.

11.     As a result of the prepetition and postpetition work performed by PJT on behalf of the Debtors since its initial engagement, PJT has acquired significant knowledge of the Debtors' financial affairs, business operations, capital structure, assets, key stakeholders, financing documents, and other related materials and information.  Over the past several months, PJT has engaged in extensive due diligence of the Debtors' business, including its operations, assets, market dynamics, capital structure, contractual arrangements, cash flows, and liquidity to build a foundation for a restructuring strategy. In providing services to the Debtors, PJT's professionals have worked closely with the Debtors' management, the Debtors' boards of directors or managers, as applicable (each, a "Board," and collectively, the "Boards"), and the Debtors' other advisors. If this Application is approved, several of PJT's professionals, all with substantial expertise in the areas discussed above, will continue to provide services to the Debtors and will work closely with the Debtors' management, the Boards, and the Debtors' other professionals throughout the reorganization process.

12.     Since September 1, 2023, PJT has spent a significant amount of time and effort regarding negotiations with the Debtors' capital structure constituents on the terms of the Restructuring Support Agreement and the Debtors' efforts to obtain critically important use of cash collateral and postpetition, debtor-in-possession ("DIP") financing.  Since the Petition Date, PJT has continued to work closely with the Debtors, the Debtors' secured lenders, the DIP lenders, and their respective advisors with respect to such cash collateral usage and DIP financing, as well as other critical issues in these chapter 11 cases.

13.     As a result of PJT's representation of the Debtors prior to and since the commencement of these chapter 11 cases and PJT's extensive experience representing chapter 11 debtors, PJT is well-qualified to provide its services to and represent the Debtors during these chapter 11 cases.

14.     If the Debtors were required to retain an investment banker other than PJT in connection with these chapter 11 cases, the Debtors, their estates, and the Debtors' creditors, stakeholders, and other parties in interest would be unduly prejudiced by the time and expense necessary to familiarize another investment banker with the intricacies of the Debtors, their business operations and capital structure, the terms governing the Debtors' access to cash collateral and DIP financing, and the restructuring transactions the Debtors may pursue during these chapter 11 cases.

<u>**Services to Be Provided**</u>

15.     Subject to further order of the Court, and consistent with the terms of the Engagement Letter, PJT's anticipated services in these chapter 11 cases will, to the extent necessary, appropriate, feasible, and as may be requested by the Debtors, include the following:

a.     assist in the evaluation of the Debtors' businesses and prospects;

b.     assist in the development of the Debtors' long-term business plan and related financial projections;

c.     assist in the development of financial data and presentations to the Boards, various creditors, and other third parties;

d.     analyze the Debtors' financial liquidity and evaluate alternatives to improve such liquidity;

e.     analyze various restructuring scenarios and the potential impact of these scenarios on the recoveries of those stakeholders impacted by the Restructuring;

f.     provide strategic advice with regard to restructuring or refinancing the Debtors' obligations;

g.       evaluate the Debtors' debt capacity and alternative capital structures;

h.       participate in negotiations among the Debtors and their creditors, suppliers, lessors, and other interested parties;

i.       value securities offered by the Debtors in connection with a Restructuring;

j.       advise the Debtors and negotiate with lenders with respect to potential waivers, amendments, and/or forbearances of various credit facilities and other Obligations;

k.       assist in arranging financing for the Debtors, as requested;

l.       provide expert witness testimony concerning any of the subjects encompassed by the other investment banking services;

m.       assist the Debtors in preparing marketing materials in conjunction with a possible Transaction;

n.       assist the Debtors in identifying potential buyers or parties in interest to a Transaction and assist in the due diligence process;

o.       assist and advise the Debtors concerning the terms, conditions, and impact of any proposed Transaction; and

p.       provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a transaction similar to a potential Transaction and/or Restructuring, as requested and mutually agreed.

## No Duplication of Services

16.    PJT's services are intended to complement, and not duplicate, the services to be rendered by any other professional retained by the Debtors in these chapter 11 cases. PJT has informed the Debtors that it understands that the Debtors have retained, and may retain, additional professionals during the term of the engagement and will use its reasonable efforts to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.

**Professional Compensation**

17.     PJT's decision to advise and assist the Debtors in connection with these chapter 11 cases is subject to its ability to be retained in accordance with the terms of the Engagement Letter pursuant to section 328(a), and not section 330, of the Bankruptcy Code.  For the avoidance of doubt, the Engagement Letter specifies that PJT's retention is through Kirkland, as counsel to the Debtors.  However, the Engagement Letter states that the "all fees and expenses payable to [PJT] pursuant to [the Engagement Letter] shall be payable solely by the [Debtors]" and that Kirkland "shall have no obligation to pay [PJT's] fees or expenses."

18.     In consideration of the services to be provided by PJT, and as more fully described in the Engagement Letter, subject to this Court's approval, the Debtors and PJT have agreed that PJT shall, in respect of its services, be compensated under the following fee structure (the "Fee Structure"):

    a.     **Monthly Fee**.    The Debtors shall pay PJT a monthly advisory fee (the "Monthly Fee") of $225,000 per month.  Fifty percent (50%) of all Monthly Fees paid to PJT after the sixth Monthly Fee has been paid (*i.e.*, after $1,350,000 has been paid) until and including the twelfth Monthly Fee has been paid shall be credited, only once and without duplication, against any Restructuring Fee or Transaction Fee payable under the Engagement Letter, up to a maximum total credit of $675,000; *provided* that, any such credit of Monthly Fees shall apply only in the event that all fees earned by PJT pursuant to the Engagement Letter are approved in their entirety by the Court pursuant to a final order not subject to appeal and which order is acceptable in all respects to PJT.

    b.     **Capital Raising Fee**.    The Debtors shall pay PJT a capital raising fee (the "Capital Raising Fee") for any Capital Raise, earned and payable upon the earlier of the receipt of a binding commitment letter and the closing of such Capital Raise.  If access to the financing is limited by orders of the Court, a proportionate fee shall be payable with respect to each available commitment (irrespective of availability blocks, borrowing base, or other similar restrictions).  The Capital Raising Fee will be calculated as:

        ▪ 1.25% of the total issuance and/or committee amount of senior debt financing;
        ▪ 2.0% of the total issuance and/or committed amount of (A) junior debt financing or (B) unsecured debt financing (including, without limitation, financing that is junior in right of payment,

9

second lien, subordinated (structurally or otherwise) and unsecured debt); and

▪ 4.0% of the issuance and/or committed amount of equity financing;

in each case, including by means of a back-stop commitment. Notwithstanding the foregoing, (a) the Capital Raising Fee in respect of any chapter 11 debtor-in-possession financing ("DIP Financing") shall be 1.0% of the aggregate amount of any "new-money" DIP Financing issued and/or committed, (b) there shall be no Capital Raising Fee payable in respect of any "roll-up" DIP Financing (including, without limitation, the conversion of any existing debt into DIP financing), and (c) if any portion of the debt or equity financing is raised from holders of the Debtors' debt or equity as of the effective date of the Engagement Letter (i.e., September 1, 2023), or any of their respective affiliates, the Capital Raising Fee attributable to that portion of the capital raised shall be reduced by 50%.

c. **Restructuring Fee**. The Debtors shall pay PJT an additional fee (the "Restructuring Fee") equal to $14,500,000, earned and payable upon consummation of a Restructuring, including consummation of a chapter 11 plan or any other Restructuring pursuant to an order of the Court or any other court. [4]

d. **Transaction Fee**. The Debtors shall pay PJT a transaction fee (the "Transaction Fee"), payable in cash at the closing of a Transaction directly out of the gross proceeds of the Transaction (or, if there are insufficient proceeds, from other funds) equal to (a) in the event of a Transaction in respect of WeWork Japan or WeWork India, 1.0% of the Transaction Value[5] and (b) in the event of any other Transaction, a market fee based on sales, mergers, acquisitions or dispositions of a similar nature, to be negotiated by the parties in good faith; provided that, the first $1,250,000 in Transaction Fees paid to PJT shall be credited against the Restructuring Fee payable to PJT hereunder..

e. **Expense Reimbursements**. In addition to the fees described above, the Debtors agree to reimburse PJT for all reasonable and documented out-of-pocket expenses incurred during the engagement, including, but not limited to, travel and lodging, direct

---

[4]  For the avoidance of doubt, PJT is not seeking to be paid any part of the Restructuring Fee prior to consummation of a Restructuring.

[5]  As defined in the Engagement Letter, "Transaction Value" means (a) the total consideration paid or received or to be paid or received in connection with the Transaction (including amounts payable to holders of any equity securities, options, warrants and convertible securities and amounts in escrow); plus (b) payments to be made in installments. For purposes of computing Transaction Value, non-cash consideration shall be valued as follows: (a) publicly traded securities shall be valued at the average of their closing prices for the five trading days prior to the date of consummation or closing of the Transaction, and (b) any other non-cash consideration shall be valued at the fair market value thereof as determined in good faith by the Company and PJT Partners in writing. If the Transaction Value to be paid is computed in any foreign currency, the value of such foreign currency shall, for purposes hereof, be converted in U.S. dollars at the prevailing exchange rate on the date the Transaction Value is paid.

identifiable data processing, document production, publishing services and communication charges, courier services, working meals, reasonable and documented fees and expenses of PJT's counsel (without the requirement that the retention of such counsel be approved by the Court in any bankruptcy case) and other necessary expenditures, payable upon rendition of invoices setting forth in reasonable detail the nature and amount of such expenses. Further, in connection with the reimbursement, contribution and indemnification provisions set forth in the Engagement Letter and Attachment A to the Engagement Letter (the "Indemnification Agreement"), which is incorporated therein by reference and addressed further below, the Debtors agree to reimburse each PJT Party (as defined in the Indemnification Agreement), for its documented out-of-pocket legal and other expenses (including the cost of any investigation and preparation) as such expenses are incurred by each PJT Party in connection with any matter in any way relating to or referred to in the Engagement Letter or arising out of the matters contemplated by the Engagement Letter (including, without limitation, in enforcing the Engagement Letter), subject to certain exceptions, limitations, and requirements set forth in the Indemnification Agreement.

## **Indemnification**

19.    The Debtors have agreed to certain indemnification, contribution, and reimbursement obligations set forth in the Indemnification Agreement.  The Indemnification Agreement provides, among other things, that the Debtors will indemnify, defend and hold the PJT Parties harmless to the fullest extent permitted by law, from and against any losses, claims, damages, fines, penalties, liabilities and actual reasonable and documented out-of-pocket expenses (collectively, the "Losses") in connection with any such Losses resulting from such PJT Parties' gross negligence, willful misconduct, bad faith, or fraud.  The terms of the Engagement Letter and Indemnification Agreement were negotiated at arm's-length and the Debtors respectfully submit that the indemnification, contribution, and reimbursement provisions are reasonable and appropriate under the circumstances.

20.    The Debtors request that the Court approve the indemnification, contribution, and reimbursement provisions set forth in the Indemnification Agreement, subject, during the pendency of these chapter 11 cases, to the following:

a.      subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, any PJT Party (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter; *provided*, *however*, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Indemnification Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

b.      notwithstanding subparagraph (a) above or any provisions of the Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify PJT or provide contribution or reimbursement to PJT (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from PJT's self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith, (ii) for a contractual dispute in which the Debtors allege the breach of PJT's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which PJT should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement, as modified by the Order;

c.      if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (*i.e.*, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith) and PJT makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso beginning with the word "provided" in the first sentence of the second paragraph of the Indemnification Agreement shall not apply; and

d.      if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJT believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors'

indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by the Order), including without limitation, the advancement of defense costs, PJT must file an application in this Court, and the Debtors may not pay any such amounts to PJT before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which this Court shall have jurisdiction over any request by PJT for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, PJT.

21.    The Debtors believe that the provisions of the Indemnification Agreement, as modified by the proposed Order, are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction, and should be approved. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an investment banker in these chapter 11 cases.

22.    To the best of the Debtors' knowledge, information, and belief, no promises have been received by PJT as to compensation in connection with these chapter 11 cases other than as outlined in the Engagement Letter, and PJT has no agreement with any other entity to share any compensation received with any person other than the principals and employees of PJT.

23.    PJT will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses (to the extent compliance is not waived).

24.    PJT will maintain records in support of any actual, necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. However, because (a) it is not the general practice of investment banking firms such as PJT to keep detailed time records similar to those customarily kept by attorneys, (b) PJT does not ordinarily keep time

13

records on a "project category" basis, and (c) PJT's compensation is based on a fixed Monthly Fee and contingent Capital Raising Fees, the Restructuring Fee and Transaction Fees, the Debtors request that PJT's professionals only be required to maintain records (in summary format) of the services rendered for the Debtors, including summary descriptions of those services, the approximate time expended in providing those services (in one-half hour increments), and the identity of the professionals who provided those services.  PJT will present such records to this Court in its fee applications.  The Debtors request that PJT's professionals not be required to keep time records on a "project category" basis, that its non-investment banking professionals and personnel in administrative departments (including legal) not be required to maintain any time records, and that it not be required to provide or conform to any schedule of hourly rates.  To the extent that PJT would otherwise be required to submit more detailed time records for its professionals by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or other applicable procedures and orders of the Court, the Debtors request that this Court waive or excuse compliance with such requirements or guidelines.

25.    The Debtors believe that the Fee Structure described above and in the Engagement Letter is consistent with, and typical of, compensation arrangements entered into by PJT and other comparable firms in connection with the rendering of similar services under similar circumstances and is reasonable, market-based, and merited by PJT's restructuring expertise.  After discussions and arm's-length negotiations, the Debtors believe that the Fee Structure is reasonable, market-based, and designed to compensate PJT fairly for its work and to cover customary expenses.

26.    PJT's strategic and financial expertise, together with its capital markets knowledge, financing skills, and restructuring capabilities, some or all of which have and will be required by

the Debtors during the term of PJT's engagement, as well as PJT's extensive prior involvement

and deep familiarity with the Debtors' businesses and capital structure, were all important factors

to the Debtors in determining the Fee Structure.  The Debtors believe that the ultimate benefit of

PJT's services hereunder cannot be measured by reference to the number of hours to be expended

by PJT's professionals in the performance of such services.  The Debtors and PJT have agreed

upon the Fee Structure in anticipation that a substantial commitment of professional time and effort

will be required of PJT and its professionals in connection with these chapter 11 cases and in light

of the fact that:  (a) such commitment may foreclose other opportunities for PJT and (b) the actual

time and commitment required of PJT and its professionals to perform its services under the

Engagement Letter may vary substantially from week-to-week and month-to-month, creating

"peak load" issues for PJT.

### PJT's Disinterestedness

27.    PJT has reviewed the list of parties-in-interest provided by the Debtors.  To the best

of PJT's knowledge, as of the date hereof, and except to the extent disclosed herein or in the Baird

Declaration, PJT:  (a) is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, as required by section

327(a) of the Bankruptcy Code; (b) does not hold or represent an interest adverse to the Debtors'

estate; and (c) has no connection to the Debtors, their creditors, or related parties.

28.    Given the large number of parties-in-interest in these chapter 11 cases, and despite

the efforts to identify and disclose PJT's relationships with parties-in-interest in these chapter 11

cases, PJT is unable to state with certainty that every client relationship or other connection has

been disclosed in the Baird Declaration.  PJT will make continued inquiries following the filing of

the Application, on a periodic basis, with additional disclosures to this Court if necessary or

otherwise appropriate.

15

29.     During the ninety-day period before the Petition Date, the Debtors paid PJT $487,604.58 for fees earned and expenses incurred prior to the Petition Date.  Prior to the Petition Date, PJT had also received advance payments from the Debtors in the aggregate amount of $262,500.00.  Given the timing of the filing, PJT may not yet have accounted for all expenses it incurred before the Petition Date.  In the event PJT subsequently becomes aware of additional prepetition expenses incurred on behalf of the Debtors, PJT will reduce its advance by such amounts.  To the extent that amounts paid by the Debtors to PJT prior to the Petition Date exceed amounts incurred by PJT prepetition, such excess will be held by PJT as security throughout these chapter 11 cases until PJT's fees and expenses are fully paid.

30.     The Debtors are informed that PJT will not share any compensation to be paid by the Debtors, in connection with services to be performed after the Petition Date, with any other person, other than other principals and employees of PJT, to the extent required by section 504 of the Bankruptcy Code.

## **Basis for Relief**

**I.     The Debtors Should be Permitted to Retain and Employ PJT on the Terms of the Engagement Letter Pursuant to Sections 327 and 328 of the Bankruptcy Code**

31.     The Debtors seek approval of the retention and employment of PJT pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code authorizes a debtor in possession to employ professionals that "do not hold or represent an interest adverse to the estate, and that are disinterested persons."  11 U.S.C. § 327(a).  As discussed above and in the Baird Declaration, PJT satisfies the disinterestedness standard of section 327(a).

32.     In addition, the Debtors seek approval of the Engagement Letter (including the Fee Structure set forth therein) and the Indemnification Agreement, pursuant to section 328(a) of the Bankruptcy Code.  Section 328(a) of the Bankruptcy Code provides, in relevant part, that

debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 328 of the Bankruptcy Code permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions.

33.    As set forth above, notwithstanding approval of the Engagement Letter under section 328(a) of the Bankruptcy Code, PJT intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court (to the extent compliance is not waived) and consistent with the Fee Structure set forth in the Engagement Letter.

34.    The Debtors believe that the Fee Structure appropriately reflects the nature and scope of services to be provided by PJT in these chapter 11 cases, PJT's substantial experience with respect to investment banking services, and the fee structures typically utilized by PJT and other leading investment banks that do not bill their client on an hourly basis. In agreeing to seek PJT's retention under section 328(a) of the Bankruptcy Code, the Debtors acknowledge that: (a) they believe that PJT's general restructuring experience and expertise, its knowledge of the capital markets, and its merger and acquisition capabilities will inure to the benefit of the Debtors in pursuing any Transaction, Restructuring, or Capital Raise; (b) that the value to the Debtors of PJT's services under the Engagement Letter derives in substantial part from that expertise and experience; (c) that, accordingly, the Fee Structure is reasonable regardless of the number of hours

to be expended by PJT's professionals in the performance of the services to be provided under the Engagement Letter; and (d) that any deferred fees earned by PJT pursuant to the Engagement Letter should not be considered to be "bonuses" or fee enhancements under applicable law.

35.    Indeed, similar fixed and contingency fee arrangements in other large chapter 11 cases have been routinely approved and implemented by courts in this circuit and elsewhere. *See, e.g.*, *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022); *In re Alto Maipo SpA*, No. 21-11507 (KBO) (Bankr. D. Del. Dec. 17, 2021); ; *In re Insys Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 27, 2017); *In re Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sep. 17, 2014); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del. Sept. 24, 2013); *In re Maxcom Telecomm., S.A.B. de C.V.*, No. 13-11839 (PJW) (Bankr. D. Del. Aug. 15, 2013);[6]

36.    The Debtors also believe that employment of PJT effective as of the Petition Date is warranted by the circumstances presented by these chapter 11 cases.  The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive retention.  *See In re Ark. Co.*, 798 F.2d 645, 650 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power." (collecting cases)).  The complexity, compressed timing, and intense activity relating to the preparation and filing of these chapter 11 cases necessitated that the Debtors and PJT, as well as the Debtors' other professionals, focus their immediate attention on time-sensitive

---

[6]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Application.  Copies of these orders are available upon request of the Debtors' proposed counsel.

matters, and promptly devote substantial resources to the affairs of the Debtors to comply with the pending submission and approval of this Application.

## II.      The Provisions of the Indemnification Agreement Are Appropriate

37.      The Debtors and PJT believe that the provisions set forth in the Indemnification Agreement are customary and reasonable for investment banking engagements, both out of court and in chapter 11 cases, and (as modified by the proposed Order) reflect the qualifications and limitations on indemnification provisions in this district, and others.  *See, e.g.*, *In re Redwood Liquidating Co.*, No. 22-10621 (BLS) (Bankr. D. Del. Aug. 17, 2022) (approving similar indemnification provisions as set forth in the Indemnification Agreement);; *In re Insys-Therapeutics, Inc.*, No. 19-11292 (KG) (Bankr. D. Del. July 15, 2019) (same); *In re Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del. Apr. 4, 2018) (same); *In re GST AutoLeather*, *Inc.*, No. 17-12100 (LSS) (Bankr D. Del. Oct. 27, 2017) (same); *In re Standard Register Co.*, No. 15-10541 (BLS) (Bankr. D. Del. Apr. 13, 2015) (same); *In re AWI Delaware, Inc.*, No. 14-12092 (KJC) (Bankr. D. Del. Sep. 17, 2014) (same); *In re Longview Power, LLC*, No. 13-12211 (BLS) (Bankr. D. Del.  Sept. 24, 2013) (same).

38.      In light of the foregoing, and given the numerous issues that PJT may be required to address in the performance of its services under the Engagement Letter, PJT's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for PJT's services for engagement of this nature, the Debtors believe that the terms and conditions of the Engagement Letter are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## III.     The Retention of PJT is Critical to the Debtors' Chapter 11 Efforts

39.      The Debtors submit that the retention of PJT is in the best interests of all parties in interest in these chapter 11 cases.  As set forth above, PJT has extensive experience in matters

involving complex financial restructurings and an excellent reputation for the services that it has

rendered in chapter 11 cases on behalf of debtors and creditor constituencies throughout the United

States.  PJT is a preeminent investment banking firm that is intimately familiar with the Debtors'

businesses.  Denial of the relief requested herein will deprive the Debtors of the assistance of PJT's

uniquely qualified professionals who have provided services to them in two different transactions

over the past two years, and most recently since December 2022, and have continued to assist them

following the Petition Date.  Indeed, if the Debtors were forced to engage a new investment banker

who lacks a thorough understanding of the Debtors' businesses, such change would mandate the

commitment of significant resources to educate a replacement, causing significant delay and

increased cost.  Based on services performed to date, PJT was integral in preparing the Debtors for

these chapter 11 cases

40.    Based on the foregoing, the Debtors submit that they have satisfied the

requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to support entry

of an order authorizing the Debtors to retain and employ PJT in these chapter 11 cases on the terms

described herein and in the Engagement Letter.

### **Request of Waiver of Stay**

41.    To the extent that the relief sought in this Application constitutes a use of property

under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the fourteen-day stay

under Bankruptcy Rule 6004(h).  As explained herein, the relief requested in this Application is

immediately necessary for the Debtors to be able to continue to operate their businesses and

preserve the value of their estates. To implement the foregoing successfully, the Debtors request

that the Court enter an Order providing that notice of the relief requested herein satisfies

Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

### No Prior Request

42.    No prior Application for the relief sought in this Application has been made to this Court or any other court.

### Notice

43.    The Debtors will provide notice of this Application to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (d) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (e) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; (f) Cooley LLP, as counsel to Cupar Grimmond, LLC; (g) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (h) the office of the attorney general for each of the states in which the Debtors operate; (i) the United States Attorney's Office for the District of New Jersey; (j) the Securities and Exchange Commission; (k) the Internal Revenue Service; (l) the monitor in the CCAA proceeding and counsel thereto; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: November 20, 2023                    Respectfully submitted,

                                            **WEWORK, INC.,** *et al.*

                                            By: *[/s/ Pamela Swidler](#)*
                                                    Pamela Swidler
                                                    Chief Legal Officer
                                                    WeWork Inc., *et al.*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and
Debtors in Possession*

---

In re:

WEWORK INC., *et al.*,

      Debtors.[1]

Chapter 11

Case No. 23-19865 (JKS)

(Jointly Administered)

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PJT PARTNERS LP AS INVESTMENT
BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
AS OF THE PETITION DATE, (II) WAIVING CERTAIN TIMEKEEPING
REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, number three (3) through ten (10), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

---

Upon the *Debtors Application for Entry of an Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief* (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) authorizing the Debtors to retain and employ PJT Partners LP ("PJT") as their investment banker, effective as of the Petition Date, in accordance with that certain engagement letter, dated as of September 15, 2023, a copy of which is attached hereto as **Exhibit 1**; (b) waiving certain timekeeping requirements pursuant to Local Rule 2016-1, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court in connection with PJT's engagement; and (c) granting related relief, all as more fully set forth in the Application; and upon the Baird Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing

---

[1]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

3

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

---

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** on a basis as set forth herein.

2.      Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain PJT as investment banker to the Debtors in these chapter 11 cases effective as of the Petition Date on the terms and conditions set forth in the Application and the Engagement Letter attached hereto as **Exhibit 1**, as may be modified by this Order.

3.      Except to the extent set forth herein, the Engagement Letter (together with all attachments thereto), including the Fee Structure and the Indemnification Agreement, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized and directed to perform their payment, reimbursement, contribution, and indemnification obligations and their non-monetary obligations in accordance with the terms and conditions, and at the times specified, in the Engagement Letter. Subject to Paragraph 8 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

4.     The Debtors are authorized to pay PJT's fees and to reimburse PJT for its reasonable costs and expenses, each as provided in the Engagement Letter, and in particular, all of PJT's fees and expenses in these chapter 11 cases, including the Monthly Fees, the Capital Raising Fees, the Restructuring Fee, and the Transaction Fees, are hereby approved pursuant to section 328(a) of the Bankruptcy Code.  For the avoidance of doubt, to the extent not previously paid prior to the Petition Date, PJT shall be paid (a) each Capital Raising Fee for any financing, as to which PJT may be entitled under the Engagement Letter as soon as such financing is approved by this Court (or, if such approval occurred prior to entry of this Order, immediately following entry of this Order) and with respect to amounts available to the Debtors, (b) the Restructuring Fee upon consummation of a Restructuring, and (c) each Transaction Fee upon consummation of such Transaction, in each case subject to subsequent Court approval of any such Capital Raising Fee, Restructuring Fee or Transaction Fee pursuant to PJT's interim and/or final fee application.

5.     PJT shall file monthly statements and interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.  PJT is hereby authorized to keep reasonably detailed time records in half-hour increments, and shall not be required to keep time records on a "project category" basis or conform to any schedules of hourly rates, and will submit, with any interim or final fee application, together with the time records, a narrative summary of services

(Page | 6)
Debtors:            WeWork Inc., *et al.*
Case No.            23-19865 (JKS)
Caption of Order:   Order (I) Authorizing the Retention and Employment of PJT Partners LP
                    as Investment Banker to the Debtors and Debtors in Possession Effective
                    as of the Petition Date, (II) Waiving Certain Timekeeping Requirements,
                    and (III) Granting Related Relief

rendered and will identify each professional rendering services and the total amount of compensation requested by PJT.

6.      PJT's Monthly Fee shall be prorated for any month in which PJT is not employed for each day of the month, and PJT shall refund the prorated amount of any Monthly Fee paid in advance.

7.      PJT will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8.      PJT shall be compensated in accordance with the terms of the Engagement Letter. Notwithstanding anything to the contrary herein, the fees and expenses payable to PJT pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee.  This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of PJT's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code.

9.      The indemnification, contribution, and reimbursement provisions set forth in the Indemnification Agreement are approved, subject, during the pendency of these chapter 11 cases, to the following:

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

---

a.  subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, any PJT Party (as defined in the Indemnification Agreement) in accordance with the Indemnification Agreement for any claim arising from, related to, or in connection with the services provided for in the Engagement Letter; *provided*, *however*, that the indemnified persons shall not be indemnified for any claim arising from services other than the services provided under the Indemnification Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

b.  notwithstanding subparagraph (a) above or any provisions of the Indemnification Agreement to the contrary, the Debtors shall have no obligation to indemnify PJT or provide contribution or reimbursement to PJT (i) for any claim or expense that is judicially determined (the determination having become final and no longer subject to appeal) to have arisen from PJT's self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of PJT's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which PJT should not receive indemnity, contribution, or reimbursement under the terms of the Indemnification Agreement, as modified by this Order;

c.  if, during the pendency of the Debtors' cases, the indemnification is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (*i.e.*, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct, or bad faith) and PJT makes a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the proviso beginning with the word "provided" in the first sentence of the second paragraph of the Indemnification Agreement shall not apply;

7

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

---

d.    if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, PJT believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Agreement (as modified by this Order), including without limitation, the advancement of defense costs, PJT must file an application therefor in this Court, and the Debtors may not pay any such amounts to PJT before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which this Court shall have jurisdiction over any request by PJT for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, PJT.

10.    PJT is authorized to apply any prepetition advance or retainer to satisfy any unbilled or other remaining prepetition fees and expenses PJT becomes aware of during its ordinary course billing review and reconciliation. Any remaining retainer held by PJT shall be held by PJT as security throughout these chapter 11 cases until PJT's fees and expenses are fully paid. PJT shall note or otherwise indicate any such application of prepetition advances or retainers on any fee applications filed with the Court.

11.    PJT shall make reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

12.    To the extent there is any inconsistency between the terms of the Engagement Letter, the Application, the Baird Declaration, and this Order, the terms of this Order shall govern.

13.    To the extent the Debtors wish to expand the scope of PJT's services beyond those services set forth in or contemplated in the Engagement Letter or this Order (and as to which

8

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

---

additional compensation would otherwise be payable), the Debtors shall be required to seek further approval from this Court.  The Debtors shall file notice of any proposed additional services and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, counsel for any committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002.  If no such party files an objection within fourteen days of the Debtors filing such notice, such additional services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.

14.    Notwithstanding anything in the Application, the Baird Declaration, or the Engagement Letter to the contrary: (a) PJT shall, to the extent that PJT uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that PJT pays the Contractors and (ii) seek reimbursement for actual costs only; and (b) the Debtors shall ensure that the Contractors are subject to the same conflict checks as required for PJT, including filing such disclosures required by Bankruptcy Rule 2014 with the Court.

15.    In the event that, during the pendency of these cases, PJT seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys, appropriately redacted to preserve applicable privileges, shall be included in PJT's fee applications and such invoices and time records shall be in compliance with the Local Rules and approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief |

whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided, however*, that PJT shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any of PJT's fee applications in these chapter 11 cases.

16.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

18.      Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Engagement Letter**

PJT Partners



As of September 15, 2023

Steven N. Serajeddini, P.C.
Partner
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Dear Mr. Serajeddini:

This letter confirms the understanding and agreement (the "**Agreement**") between PJT Partners LP ("**PJT Partners**") and Kirkland & Ellis LLP ("**Counsel**"), on behalf of and as counsel to WeWork Inc. ("**WeWork**", and together with its affiliates and subsidiaries, the "**Company**"), regarding the retention of PJT Partners on an exclusive basis by Counsel on behalf of the Company effective as of September 1, 2023 (the "**Effective Date**") as its investment banker for the purposes set forth herein. For the avoidance of doubt, this Agreement replaces and supersedes in its entirety that certain letter agreement dated September 15, 2023 by and between PJT Partners, Counsel and the Company.

Under this Agreement, PJT Partners will provide investment banking services to Counsel in connection with a possible Transaction, Restructuring and/or Capital Raise (each as defined below) and will assist Counsel in analyzing, structuring, negotiating and effecting the Transaction, Restructuring and/or Capital Raise pursuant to the terms and conditions of this Agreement.  As used in this Agreement, the term (a) **"Transaction"** shall mean the sale, merger or other disposition of all or a portion of the Company or its assets (as to which the Company requests, and PJT provides the Company with, assistance) (for the avoidance of doubt, Counsel and the Company agree that PJT Partners is retained as the exclusive financial advisor by Counsel on behalf of the Company in connection with any potential Transactions in respect of all or substantially all of the Company's assets or equity until this Agreement is terminated in accordance with its terms), (b) "**Restructuring**" shall mean, collectively, (i) any restructuring, reorganization (whether or not pursuant to chapter 11 ("**Chapter 11**") of title 11 of the United States Code (the "**Bankruptcy Code**")) and/or recapitalization of the Company affecting a material portion of its existing or potential debt obligations or other claims against the Company, including, without limitation, senior debt, junior debt, trade claims, general unsecured claims and preferred stock (collectively, the "**Obligations**"), (ii) an in-court sale or other acquisition or disposition of a majority of the assets and/or equity of the Company, and/or (iii) any complete or material repurchase, refinancing, debt-for-debt or debt-for-equity exchange, extension or repayment by the Company of any of the Obligations (excluding, for the avoidance of doubt, a stand-alone extension to the senior tranche of the Company's letter of credit facility as to which PJT does not provide the Company with material assistance), and (c) "**Capital Raise**" shall mean any financing arranged by PJT Partners at the request of the Company.

The investment banking services to be rendered by PJT Partners will, if appropriate and at the request of Counsel, include the following:

(a)      assist in the evaluation of the Company's businesses and prospects;

(b)      assist in the development of the Company's long-term business plan and related financial projections;

(c)      assist in the development of financial data and presentations to the Company's Board of Directors, various creditors and other third parties;

(d)      analyze the Company's financial liquidity and evaluate alternatives to improve such liquidity;

(e)      analyze various restructuring scenarios and the potential impact of these scenarios on the recoveries of those stakeholders impacted by the Restructuring;

(f)      provide strategic advice with regard to restructuring or refinancing the Company's Obligations;

**WeWork Inc.**
As of September 15, 2023

(g)    evaluate the Company's debt capacity and alternative capital structures;

(h)    participate in negotiations among the Company and its creditors, suppliers, lessors and other interested parties;

(i)    value securities offered by the Company in connection with a Restructuring;

(j)    advise the Company and negotiate with lenders with respect to potential waivers, amendments, and/or forbearances of various credit facilities and other Obligations;

(k)    assist in arranging financing for the Company, as requested;

(l)    provide expert witness testimony concerning any of the subjects encompassed by the other investment banking services;

(m)    assist the Company in preparing marketing materials in conjunction with a possible Transaction;

(n)    assist the Company in identifying potential buyers or parties in interest to a Transaction and assist in the due diligence process;

(o)    assist and advise the Company concerning the terms, conditions and impact of any proposed Transaction; and

(p)    provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a transaction similar to a potential Transaction and/or Restructuring, as requested and mutually agreed.

Notwithstanding anything contained in this Agreement to the contrary, PJT Partners shall have no responsibility for designing or implementing any initiatives to improve the Company's operations, profitability, cash management or liquidity.  PJT Partners makes no representations or warranties about the Company's ability to (i) successfully improve its operations, (ii) maintain or secure sufficient liquidity to operate its business or (iii) successfully complete a Transaction, Restructuring or Capital Raise.  PJT Partners is retained under this Agreement solely to provide advice regarding a Transaction, Restructuring and/or Capital Raise, and is not being retained to provide "crisis management" or any legal, tax, accounting or actuarial advice.  It is understood and agreed that nothing contained herein shall constitute a commitment, express or implied, on the part of PJT Partners to underwrite, purchase or place any securities, in a financing or otherwise.

It is agreed that the Company will pay the following fees to PJT Partners for its investment banking services (all fees and expenses payable to PJT Partners pursuant to this Agreement shall be payable solely by the Company; Counsel shall have no obligation to pay PJT Partners' fees or expenses):

(i)    a monthly advisory fee (the "**Monthly Fee**") in the amount of $225,000 per month, payable by the Company in cash as follows: (a) to the extent that the Effective Date occurs after the 1st day of the month, for the period beginning on the Effective Date through the end of the first calendar month (the "**Stub Period**"), a pro-rated monthly fee in advance upon execution of this Agreement; (b) for the first full calendar month following the Stub Period, if applicable, or the Effective Date if there is no Stub Period, in advance upon execution of this Agreement; and (c) for each month thereafter, in advance on the first day of each month.  Fifty percent (50%) of all Monthly Fees paid to PJT Partners after the sixth Monthly Fee has been paid (*i.e.*, after $1,350,000 has been paid) until and including the twelfth Monthly Fee has been paid shall be credited, only once and without duplication, against any Restructuring Fee or Transaction Fee (each as defined below) payable hereunder, up to a maximum total credit of $675,000; <u>provided</u> that, in the event of a Chapter 11 filing by the Company, any such credit of fees contemplated by the foregoing sentence shall apply only in the event that all fees earned by PJT Partners pursuant to this Agreement are approved by the Bankruptcy Court (as defined below) pursuant to a final order not subject to appeal and which order is acceptable in all respects to PJT Partners;

**WeWork Inc.**
As of September 15, 2023

(ii)    a capital raising fee (the "**Capital Raising Fee**") for any Capital Raise, earned and payable upon the earlier of the receipt of a binding commitment letter and the closing of such Capital Raise.  If access to the financing is limited by orders of the Bankruptcy Court, a proportionate fee shall be payable with respect to each available commitment (irrespective of availability blocks, borrowing base or other similar restrictions).  The Capital Raising Fee will be calculated as 1.25% of the total issuance and/or committed amount of senior debt financing, 2.0% of the total issuance and/or committed amount of (A) junior debt financing or (B) unsecured debt financing (including, without limitation, financing that is junior in right of payment, second lien, subordinated (structurally or otherwise) and unsecured debt), and 4.0% of the issuance and/or committed amount of equity financing, in each case, including by means of a back-stop commitment; provided that, (a) the Capital Raising Fee in respect of any Chapter 11 debtor-in-possession financing ("**DIP Financing**") shall be 1.0% of the aggregate amount of any "new-money" DIP Financing issued and/or committed, (b) there shall be no Capital Raising Fee payable in respect of any "roll-up" DIP Financing (including, without limitation, the conversion of any existing debt into DIP Financing), and (c) if any portion of the debt or equity financing is raised from holders of the Company's debt or equity as of Effective Date, or any of their respective affiliates, the Capital Raising Fee attributable to that portion of the capital raised shall be reduced by 50%;

(iii)    an additional fee (the "**Restructuring Fee**") equal to $14,500,000.  For the avoidance of doubt, no more than one Restructuring Fee shall be payable hereunder.  Except as otherwise provided herein, a Restructuring shall be deemed to have been consummated upon: (a) in the case of an out-of-court Restructuring, the closing of the Restructuring, including, to the extent applicable, the binding execution and effectiveness of all necessary waivers, consents, amendments or restructuring agreements between the Company and its creditors involving (1) the compromise of the face amount of any of the Obligations, (2) the conversion of all or part of such Obligations into alternative securities, including equity, or (3) any other Restructuring; or (b) in the case of an in-court Restructuring, the consummation of a Chapter 11 plan or any other Restructuring pursuant to an order of the Bankruptcy Court or other applicable court.  The Restructuring Fee will be:

(I)    earned on the earliest of:

(w)    consummation of the Restructuring,

(x)    in the event the Company attempts to implement the Restructuring in whole or in part by means of an exchange offer, then upon commencement of the exchange offer,

(y)    in the event that the Company attempts to implement the Restructuring by means of a pre-negotiated Chapter 11 plan, the receipt of sufficient commitments, agreements or other expressions of intention to accept such plan that the Company elects to file a Chapter 11 case and therein represent to the Bankruptcy Court hearing such case that the Company will seek to confirm a plan based on the pre-negotiated plan, and

(z)    in the event that the Company solicits acceptances for a prepackaged Chapter 11 plan to implement the Restructuring, then on the date established as the voting deadline for such acceptances or rejections, provided that at least one class of creditors impaired by such plan has accepted such plan, and

(II)    payable, in immediately available funds, on the earliest of:

(A)    consummation of the Restructuring,

(B)    consummation of the exchange offer,

**WeWork Inc.**
As of September 15, 2023

| | | |
|---|---|---|
| (C) | | the first business day immediately following (I) in the case of clause "(y)" above, the receipt of such commitments, agreements or expressions of intention to accept the pre-negotiated Chapter 11 plan, and (II) in the case of clause "(z)" above, the deadline for delivery of acceptances or rejections of a prepackaged Chapter 11 plan, provided that at least one class of creditors impaired by such plan has accepted such plan; and |
| (D) | | two years after the date on which any such Restructuring Fee is earned; and |

(iv)  upon the consummation of a Transaction, a Transaction fee ("**Transaction Fee**") payable in cash at the closing of such Transaction directly out of the gross proceeds of the Transaction (or, if there are insufficient proceeds, from other funds) equal to (a) in the event of a Transaction in respect of WeWork Japan or WeWork India, 1.0% of the Transaction Value (as defined below) and (b) in the event of any other Transaction, a market fee based on sales, mergers, acquisitions or dispositions of a similar nature, to be negotiated by the parties in good faith; provided that, the first $1,250,000 in Transaction Fees paid to PJT Partners shall be credited against the Restructuring Fee payable to PJT Partners hereunder.

For the purposes of this Agreement, "**Transaction Value**" shall mean (a) the total consideration paid or received or to be paid or received in connection with the Transaction (including amounts payable to holders of any equity securities, options, warrants and convertible securities and amounts in escrow); plus (b) payments to be made in installments. For purposes of computing Transaction Value, non-cash consideration shall be valued as follows: (a) publicly traded securities shall be valued at the average of their closing prices for the five trading days prior to the date of consummation or closing of the Transaction, and (b) any other non-cash consideration shall be valued at the fair market value thereof as determined in good faith by the Company and PJT Partners in writing.  If the Transaction Value to be paid is computed in any foreign currency, the value of such foreign currency shall, for purposes hereof, be converted in U.S. dollars at the prevailing exchange rate on the date the Transaction Value is paid; and

(v)  reimbursement of all reasonable and documented out-of-pocket expenses incurred during this engagement, including, but not limited to, travel and lodging, direct identifiable data processing, document production, publishing services and communication charges, courier services, working meals, reasonable and documented fees and expenses of PJT Partners' counsel (without the requirement that the retention of such counsel be approved by the court in any bankruptcy case) and other necessary expenditures, payable upon rendition of invoices setting forth in reasonable detail the nature and amount of such expenses.  In connection therewith, the Company shall pay PJT Partners on the Effective Date and maintain thereafter a $75,000 expense advance for which PJT Partners shall account upon termination of this Agreement.

PJT Partners will direct all communications and notices regarding financial matters, including billing, to the contacts designated by the Company on Schedule I (the "**Company Financial Matters Contacts**").  Please note that any invoices in excess of $500,000 will be provided to the Company Financial Matters Contacts in an encrypted form or other secure manner and subject to an authentication process.  Payments to PJT Partners shall be made pursuant to the wire instructions set forth on Schedule II, and any changes to the PJT Partners' wire instructions will be provided by the PJT Partners financial matters contacts, as set forth on Schedule I (the "**PJT Partners Financial Matters Contacts**"), to the Company Financial Matters Contacts in an encrypted form or other secure manner and subject to an authentication process.  For the avoidance of doubt, any amounts due and owing hereunder may be paid to PJT Partners by any Company entity.  Any notices and communications regarding financial matters, including billing, from the Company shall be directed to one of the PJT Partners Financial Matters Contacts.

**WeWork Inc.**
As of September 15, 2023

All amounts herein are stated in U.S. dollars and all payments under this Agreement shall be paid in immediately available funds in U.S. dollars, free and clear of any tax, assessment or other governmental charge (with appropriate gross-up for withholding taxes).  If any amount to be paid is computed in any foreign currency, the value of such foreign currency shall, for purposes hereof, be converted in U.S. dollars at the prevailing exchange rate on the date such amount is paid.

In the event that the Company is or becomes a debtor under Chapter 11, the Company shall use its best efforts to promptly apply to the bankruptcy court having jurisdiction over the Chapter 11 case or cases (the "**Bankruptcy Court**") for the approval pursuant to sections 327 and 328 of the Bankruptcy Code of (A) this Agreement, including the attached expense, indemnity and limitation of liability agreement attached hereto as <u>Attachment A</u> (the "**Indemnity Agreement**"), and (B) PJT Partners' retention by the Company under the terms of this Agreement and subject to the standard of review provided in section 328(a) of the Bankruptcy Code and not subject to any other standard of review under section 330 of the Bankruptcy Code.  The Company shall supply PJT Partners with a draft of such application and any proposed order authorizing PJT Partners' retention sufficiently in advance of the filing of such application and proposed order to enable PJT Partners and its counsel to review and comment thereon.

PJT Partners shall have no obligation to provide any services under this Agreement in the event that the Company becomes a debtor under Chapter 11 unless PJT Partners' retention under the terms of this Agreement is approved under section 328(a) of the Bankruptcy Code by a final order entered by the Bankruptcy Court that is no longer subject to appeal, rehearing, reconsideration or petition for certiorari, and which order is acceptable to PJT Partners in all respects.

The Company will use its commercially reasonable efforts to ensure that PJT Partners' post-petition compensation, expense reimbursements and payment received or payable pursuant to the provisions of the Indemnity Agreement shall be entitled to priority as expenses of administration under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, and shall be entitled to the benefits of any "carve-outs" for professional fees and expenses in effect pursuant to one or more cash collateral and/or financing orders entered by the Bankruptcy Court.  Following entry of an order authorizing PJT Partners' retention, the Company will assist PJT Partners in preparing, filing and serving fee statements, interim fee applications and a final fee application.  The Company will support PJT Partners' fee applications that are consistent with this Agreement in papers filed with the Bankruptcy Court and during any Bankruptcy Court hearing.  The Company will pay promptly the fees and expenses of PJT Partners, in each case, which are both (i) owed pursuant to this Agreement and (ii) approved by the Bankruptcy Court in accordance with the orders of the Bankruptcy Court.

PJT Partners acknowledges that in the event that the Bankruptcy Court approves its retention by the Company, PJT Partners' fees and expenses shall be subject to the jurisdiction and approval of the Bankruptcy Court under section 328(a) of the Bankruptcy Code and any applicable fee and expense guideline orders; <u>provided</u>, <u>however</u>, that, to the extent time records are required, PJT Partners will keep them in one-half hour increments; <u>provided</u>, <u>further</u>, that PJT Partners shall not be required to maintain receipts for expenses in amounts less than $75.  In the event that the Company becomes a debtor under Chapter 11 and PJT Partners' engagement hereunder is approved by the Bankruptcy Court, the Company shall pay all fees and expenses of PJT Partners hereunder as promptly as practicable in accordance with the terms hereof.  Prior to commencing a Chapter 11 case, the Company shall pay all invoiced amounts to PJT Partners in immediately available funds by wire transfer.

With respect to PJT Partners' retention under sections 327 and 328 of the Bankruptcy Code, the Company acknowledges and agrees that PJT Partners' restructuring expertise as well as its capital markets knowledge, financing skills and mergers and acquisitions capabilities, some or all of which may be required by the Company during the term of PJT Partners' engagement hereunder, were important factors in determining the amount of the various fees set forth herein, and that the ultimate benefit to the Company of PJT Partners' services hereunder could not be measured merely by reference to the number of hours to be expended by PJT Partners' professionals in the performance of such services.  The Company also acknowledges and agrees that the various fees set forth herein have been agreed upon by the parties in anticipation that a substantial commitment of professional time

**WeWork Inc.**
As of September 15, 2023

and effort will be required of PJT Partners and its professionals hereunder over the life of the engagement, and in light of the fact that such commitment may foreclose other opportunities for PJT Partners and that the actual time and commitment required of PJT Partners and its professionals to perform its services hereunder may vary substantially from week to week or month to month, creating "peak load" issues for the firm.  In addition, given the numerous issues which PJT Partners may be required to address in the performance of its services hereunder, PJT Partners' commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for PJT Partners' services for engagements of this nature in an out-of-court context, the Company agrees that the fee arrangements hereunder (including the Monthly Fee, Capital Raising Fee, Transaction Fee and Restructuring Fee) are reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

The advisory services and compensation arrangement set forth in this Agreement do not encompass other investment banking services or transactions that may be undertaken by PJT Partners at the request of Counsel or the Company, including the arranging of debt or equity capital (except as provided above), issuing fairness opinions, acting as dealer-manager in respect of an exchange or any other specific services not set forth in this Agreement.  The terms and conditions of any such investment banking services, including compensation arrangements, would be set forth in a separate written agreement between PJT Partners and the appropriate party.

PJT Partners agrees that, for a period of two years from the date of termination of this Agreement, PJT Partners shall keep confidential, using means at least as restrictive as those used to protect its own information of similar import but it any event, no less than reasonable means, all material non-public information concerning the Company provided to it by or at the request of the Company in connection with PJT Partners' engagement hereunder (the "**Confidential Information**"), except to the extent that such disclosure (a) has been consented to by the Company, (b) is required by law, rule, regulation, supervisory authority or other applicable judicial or governmental order or other judicial or legal process in the reasonable opinion of counsel or (c) is reasonably necessary in connection with PJT Partners' engagement hereunder, including disclosures to those of PJT Partners' employees, affiliates, members, partners, agents, attorneys and other representatives (those that receive or review Information, collectively, "**Representatives**") who need to know such Confidential Information for the purpose of assisting PJT Partners with PJT Partners' engagement hereunder (it being understood that such Representatives will be informed of the confidential nature of the Information and instructed by PJT Partners to comply with this paragraph).  The Confidential Information shall not include Confidential Information that: (a) is or becomes generally available to the public (other than as a result of disclosure by PJT Partners or any of its Representatives in violation of this Agreement); (b) was available to PJT Partners or its Representatives on a non-confidential basis prior to its disclosure by or on behalf of the Company; (c) becomes available to PJT Partners or any of its Representatives from a person other than the Company or its Representatives who is not, to PJT Partners' knowledge or that of such Representative bound by a duty of confidentiality to the Company with respect to such Confidential Information; or (d) is independently developed by or on behalf of PJT Partners without violating any of PJT Partners' obligations hereunder.  For the avoidance of doubt, PJT Partners may provide nonpublic Information (as defined below) to prospective transaction parties as contemplated by this Agreement, subject to such parties executing appropriate confidentiality agreements with the Company.

The Company will make reasonable efforts to furnish or cause to be furnished to PJT Partners such information as PJT Partners believes appropriate to its assignment (all such information so furnished being the "**Information**").  The Company further agrees that it will provide PJT Partners with reasonable access to the Company and its directors, officers, employees, accountants, counsel and other advisers. To the best of the Company's knowledge, the Information will be true and correct in all material respects and will not contain any material misstatement of fact or omit to state any material fact necessary to make the statements contained therein not misleading.  During the term of the engagement, the Company shall inform PJT Partners promptly upon becoming aware of any material developments relating to the Company which the Company reasonably expects may impact on the proposed Transaction, Restructuring and/or Capital Raise or if the Company becomes aware that any Information provided to PJT Partners is, or has become, untrue, unfair, inaccurate or misleading in any material respect. Furthermore, the Company warrants and undertakes to PJT Partners that, in respect of all Information supplied by the Company, the Company has not knowingly obtained any such Information other than by lawful means and that

**WeWork Inc.**
As of September 15, 2023

disclosure to PJT Partners will not breach any agreement or duty of confidentiality owed to third parties.  The Company recognizes and confirms that PJT Partners (a) will use and rely primarily on the Information and on information available from generally recognized public sources in performing the services contemplated by this Agreement without having independently verified the same, (b) does not assume responsibility for the accuracy or completeness of the Information and such other information, (c) is entitled to rely upon the Information without independent verification and (d) will not make an appraisal of any assets in connection with its assignment.

In the event that the Information belonging to the Company is stored electronically on PJT Partners' computer systems, PJT Partners shall not be liable for any damages resulting from unauthorized access, misuse or alteration of such information by persons not acting on its behalf, provided that PJT Partners exercises the same degree of care in protecting the confidentiality of, and in preventing unauthorized access to, the Company's information that it exercises with regard to its own most sensitive proprietary information.

PJT Partners acknowledges and agrees that the work product produced by PJT Partners pursuant to this Agreement is for the purpose of facilitating the rendering by Counsel of legal advice to the Company and constitutes attorney work product, and that any communication to Counsel, including, without limitation, any correspondence, analyses, reports and related materials that PJT Partners prepares, constitutes confidential and privileged communications and PJT Partners will not disclose the same or any of the Information to any other person except as requested by Counsel.

Except as required by applicable law, any advice to be provided by PJT Partners under this Agreement shall not be disclosed publicly or made available to third parties (other than the Company's other professional advisors or, if appropriate in the Company's judgment, in any filings in a Chapter 11 proceeding) without the prior written consent of PJT Partners.  In the event disclosure is required by subpoena or court order, the Company will provide PJT Partners with reasonable advance notice and permit PJT Partners to comment on the form and content of the disclosure.  All services, advice and information and reports provided by PJT Partners to Counsel or the Company in connection with this assignment shall be for the sole benefit of the Company and Counsel and shall not be relied upon by any other person.

The Company acknowledges and agrees that PJT Partners will provide its investment banking services exclusively to Counsel on behalf of the members of the Board of Directors and senior management of the Company and not to the Company's shareholders or other constituencies.  The Board of Directors and senior management will make all decisions for the Company regarding whether and how the Company will pursue a Transaction, Restructuring and/or Capital Raise and on what terms and by what process.  In so doing, the Board of Directors and senior management will also obtain the advice of the Company's legal, tax and other business advisors and consider such other factors which they consider appropriate before exercising their independent business judgment in respect of a Transaction, Restructuring and/or Capital Raise.  The Company and Counsel further acknowledge and agree that PJT Partners has been retained to act solely as investment banker to Counsel on behalf of the Company and does not in such capacity act as a fiduciary or agent for the Company or any other person.  PJT Partners shall act as an independent contractor and any duties of PJT Partners arising out of its engagement pursuant to this Agreement shall be owed solely to the Company.  Subject to compliance with applicable securities laws, following the public announcement of a Transaction, Restructuring and/or Capital Raise, PJT Partners may, at its own expense, place tombstones on its marketing materials, including its website, describing PJT Partners' services hereunder and the Company agrees that PJT Partners may use the Company's logo in any such tombstones.  Subject to compliance with applicable securities laws, in any press release or other public announcement made by the Company regarding a Transaction, Restructuring and/or Capital Raise that references the services hereunder, the Company shall include a mutually acceptable reference to PJT Partners LP unless otherwise directed by PJT Partners.

In consideration of PJT Partners' agreement to provide investment banking services to Counsel in connection with this Agreement, it is agreed that the Company will indemnify PJT Partners and its agents, representatives, members and employees pursuant to the Indemnity Agreement.  The Indemnity Agreement is an integral part of this Agreement and the terms thereof are incorporated by reference herein.  PJT Partners acknowledges Counsel has no obligation to indemnify PJT Partners.

**WeWork Inc.**
As of September 15, 2023

PJT Partners' engagement hereunder commenced on the Effective Date and will continue until the earlier of consummation of a Restructuring or thirty (30) days after either Counsel or PJT Partners shall have notified the other party in writing of the termination of this Agreement; termination for cause by either party will occur immediately following such written notice.  Notwithstanding the foregoing, (a) the provisions relating to the payment of fees and expenses accrued through the date of termination, the status of PJT Partners as an independent contractor, the limitation as to whom PJT Partners shall owe any duties and any other provision of this Agreement that, by its terms, survives termination, will survive any such termination and (b) any such termination shall not affect the Company's obligations under the Indemnity Agreement or PJT Partners' confidentiality obligations hereunder.  Without limiting the foregoing, PJT Partners shall be entitled to the Transaction Fee, Restructuring Fee and/or Capital Raising Fee, as applicable (a "**Tail Fee**"), in the event that, at any time prior to the expiration of twelve (12) months following the written termination of this Agreement either (i) a Transaction, Restructuring and/or Capital Raising Fee, as applicable, is consummated or (ii) a definitive agreement with respect to a Transaction, Restructuring and/or Capital Raising Fee, as applicable, is executed and any Transaction, Restructuring and/or Capital Raising Fee, as applicable, is thereafter consummated; provided that (x) no Tail Fee shall be payable pursuant to this sentence in the event PJT Partners is terminated in writing for Cause, (y) no Tail Fee shall be payable in respect of a sale or merger of the Company's joint ventures in Japan or Latin America or any other non-material joint venture or assets of the Company, and (z) PJT Partners shall not be entitled to be paid any Tail Fee following the occurrence of an in-court Restructuring and payment of the Restructuring Fee to PJT Partners (except that, in the event that a Transaction occurs in connection with a Restructuring and/or is contemplated prior to the Restructuring but consummated thereafter, PJT Partners shall be entitled to the greater of the Restructuring Fee in respect of the Restructuring and the Transaction Fee in respect such Transaction.  As used in clause (x) of the immediately preceding proviso, "**Cause**" shall mean a final judicial determination of the gross negligence, willful misconduct, fraud or bad faith of PJT Partners in performing the services that are the subject of this Agreement.

WeWork represents that neither it nor any of its subsidiaries, nor, to the knowledge of the Company, any of their respective directors or officers, is an individual or entity ("**Person**") that is, or is owned or controlled by a Person that is: (i) a Person with whom dealings are prohibited or restricted under U.S. economic sanctions (including those administered or enforced by the U.S. Department of Treasury's Office of Foreign Assets Control and the U.S. Department of State) or under sanctions imposed by the United Nations Security Council, Canada, the European Union, or member countries of the European Union; (ii) a Person that is the subject to anti-money laundering prohibitions, restrictions, or sanctions specifically imposed on such Person by the United States, Canada, the European Union, member countries of the European Union, or any other relevant jurisdiction; or (iii) to the knowledge of the Company, not in compliance in all material respects with all applicable anti-money laundering laws and sanctions laws.

The Company should be aware that PJT Partners and/or its affiliates may be providing or may in the future provide financial or other services to other parties with conflicting interests.  Consistent with PJT Partners' policy to hold in confidence the affairs of its clients, PJT Partners will not use confidential information obtained from the Company except in connection with PJT Partners' services to, and PJT Partners' relationship with, the Company, nor will PJT Partners use on the Company's behalf or have any obligation to disclose or otherwise have any liability with respect to any confidential information obtained from any other client.  Notwithstanding anything to the contrary provided elsewhere herein, the Company expressly acknowledges and agrees that none of the provisions of this Agreement shall in any way restrict PJT Partners from being engaged or mandated by any third party, or otherwise participating or assisting with any transaction involving any other party, other than a transaction that is the subject of this Agreement prior to the termination of this Agreement.

WeWork hereby represents and warrants that (a) it is duly authorized to execute and deliver this Agreement for and on behalf of each of its subsidiaries listed on Schedule III hereto and (b) the execution and delivery of this Agreement and the performance of the obligations of WeWork and each of its subsidiaries listed on Schedule III hereto under this Agreement has been duly authorized and this Agreement constitutes a valid and legal agreement binding on each such party and enforceable in accordance with its terms.

**WeWork Inc.**
As of September 15, 2023

This Agreement (including the Indemnity Agreement) embodies the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof. If any provision of this Agreement is determined to be invalid or unenforceable in any respect, such determination will not affect or impair such provision or the remaining provisions of this Agreement in any other respect, which will remain in full force and effect.  No waiver, amendment or other modification of this Agreement shall be effective unless in writing and signed by each party to be bound thereby.  This Agreement and any dispute or claim that may arise out of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed in that state.

Each of the Company and Counsel hereby agrees that any action or proceeding brought by the Company and/or Counsel against PJT Partners based hereon or arising out of PJT Partners' engagement hereunder, shall be brought and maintained by the Company and/or Counsel exclusively in the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York; provided, if the Company commences a Chapter 11 case, all legal proceedings pertaining to this engagement arising after such case is commenced may be brought in the Bankruptcy Court handling such case.  Each of the Company and Counsel irrevocably submits to the jurisdiction of the courts of the State of New York located in the City and County of New York and the United States District Court for the Southern District of New York and appellate courts from any thereof for the purpose of any action or proceeding based hereon or arising out of PJT Partners' engagement hereunder and irrevocably agrees to be bound by any judgment rendered thereby in connection with such action or proceedings.  Each of the Company and Counsel hereby irrevocably waives, to the fullest extent permitted by law, any objection it may have or hereafter may have to the laying of venue of any such action or proceeding brought in any such court referred to above and any claim that such action or proceeding has been brought in an inconvenient forum and agrees not to plead or claim the same.

**Notices**.  Any notices required or permitted to be given hereunder by either party hereto to the other will be given in writing (i) by personal delivery, email or facsimile transmission, (ii) by nationally-recognized overnight delivery company or (iii) by prepaid first class, registered or certified mail, postage prepaid, in each case addressed to the other party hereto as set forth on Schedule I (or to such other address as the other party hereto may request in writing by notice given pursuant to this section).  Notices will be deemed received on the earliest of: (a) if personally delivered, emailed or sent via facsimile, the same day; (b) if sent by overnight delivery company, on the second working day after the day it was sent; or (c) if sent by mail, when actually received.

This Agreement may be executed, including by electronic signature, in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument.  A facsimile of a signed copy of this Agreement or other copy made by reliable mechanical means or an electronic signature may be relied upon as an original.

[SIGNATURE PAGE FOLLOWS]

Please confirm that the foregoing correctly sets forth our agreement by signing and returning to PJT Partners the duplicate copy of this Agreement and the Indemnity Agreement.

Very truly yours,

PJT PARTNERS LP

By: _____
      Name:   James H. Baird III
      Title:    Partner

Accepted and Agreed to as
of the date first written above:

WEWORK INC.
(on behalf of itself and its subsidiaries listed on Schedule III hereto)

By: _____
      Name:
      Title:

KIRKLAND & ELLIS LLP

By: _____
      Name:   Steven N. Serajeddini, P.C.
      Title:    Partner

Please confirm that the foregoing correctly sets forth our agreement by signing and returning to PJT Partners the duplicate copy of this Agreement and the Indemnity Agreement.

Very truly yours,

PJT PARTNERS LP

By: _____
     Name:  James H. Baird III
     Title:    Partner

Accepted and Agreed to as
of the date first written above:

WEWORK INC.
(on behalf of itself and its subsidiaries listed on Schedule III hereto)

By: _____
     Name: Pamela Swidler
     Title:  Authorized Signatory

KIRKLAND & ELLIS LLP

By: _____
     Name:  Steven N. Serajeddini, P.C.
     Title:    Partner

Please confirm that the foregoing correctly sets forth our agreement by signing and returning to PJT Partners the duplicate copy of this Agreement and the Indemnity Agreement.

Very truly yours,

PJT PARTNERS LP

By: _____
     Name:   James H. Baird III
     Title:    Partner

Accepted and Agreed to as
of the date first written above:

WEWORK INC.
(on behalf of itself and its subsidiaries listed on <u>Schedule III</u> hereto)

By: _____
     Name:
     Title:

KIRKLAND & ELLIS LLP

By: _____
     Name:   Steven N. Serajeddini, P.C.
     Title:    Partner

WeWork Inc.
As of September 15, 2023

ATTACHMENT A

As of September 15, 2023

PJT Partners LP
280 Park Avenue
New York, NY  10017

EXPENSE, INDEMNITY AND LIMITATION OF LIABILITY AGREEMENT

Ladies and Gentlemen:

This letter will confirm that PJT Partners LP ("**PJT Partners**") has been engaged by Kirkland & Ellis LLP ("**Counsel**") as counsel to WeWork Inc. ("**WeWork**", and together with its affiliates and subsidiaries, the "**Company**") in connection with the matters referred to in the letter of agreement, dated as of September 15, 2023, by and between PJT Partners and Counsel (the "**Engagement Letter**").  In connection with the engagement of PJT Partners to advise and assist Counsel on behalf of the Company as described in the attached Engagement Letter (the "**Engagement**"), in the event that PJT Partners becomes involved in any capacity in any claim, suit, action, proceeding, investigation or inquiry (including, without limitation, any shareholder or derivative action or arbitration proceeding) (each, a "**Proceeding**") in connection with any matter in any way relating to or referred to in the Engagement Letter or arising out of the matters contemplated by the Engagement Letter, including, without limitation, related services and activities prior to the date of the Engagement Letter, the Company agrees to indemnify, defend and hold PJT Partners and its affiliates, and their respective current and former directors, officers, agents, employees, attorneys and other representatives and the successors and assigns of all of the foregoing persons (each, a "**PJT Party**") harmless to the fullest extent permitted by law, from and against any losses, claims, damages, fines, penalties, liabilities and actual reasonable and documented out-of-pocket expenses (collectively, "**Losses**"), whether they be joint or several, in connection with any matter in any way relating to or referred to in the Engagement Letter or arising out of the matters contemplated by the Engagement Letter, including, without limitation, related services and activities prior to the date of the Engagement Letter, except to the extent that it shall be determined by a court of competent jurisdiction in a judgment that has become final in that it is no longer subject to appeal or other review that such Losses resulted from the gross negligence, willful misconduct, bad faith or fraud of such PJT Party.  In the event that any PJT Party becomes involved in any capacity in any Proceeding (regardless of whether or not such or any PJT Party is a party to or the subject of such Proceeding) in connection with any matter in any way relating to or referred to in the Engagement Letter or arising out of the matters contemplated by the Engagement Letter (including, without limitation, in enforcing the Engagement Letter), the Company will reimburse such PJT Party for its reasonable and documented out-of-pocket legal and other expenses (including the cost of any investigation and preparation) as such expenses are incurred by such PJT Party in connection therewith.  The Company also agrees to cooperate with any PJT Party and to give, and so far as it is able to reasonably procure the giving of, all such information and render all such assistance to such PJT Party as such PJT Party may reasonably request in connection with any Proceeding and not to take any action which might reasonably be expected to prejudice the position of any PJT Party in relation to any Proceeding without the consent of PJT Partners (such consent not to be unreasonably withheld, conditioned or delayed); provided, however, that nothing herein shall require the Company to take any action that would prejudice itself. In the event that any PJT Party is requested or authorized by the Company or required by government regulation,

**WeWork Inc.**
As of September 15, 2023

subpoena or other legal process to produce documents, or to make its current or former personnel available as witnesses at deposition or trial, arising as a result of or in connection with the matters referred to in the Engagement Letter, the Company will pay PJT Partners the reasonable and documented fees and expenses of its counsel incurred in responding to such a request.

If such indemnification is for any reason not available or insufficient to hold an PJT Party harmless, the Company agrees to contribute to the Losses involved in the proportion appropriate to reflect the relative benefits received or sought to be received by the Company and its security holders and affiliates and other constituencies, on the one hand, and the PJT Party, on the other hand, in connection with the matters contemplated by the Engagement Letter, or, if such allocation is determined by a court or arbitral tribunal to be unavailable, in such proportion as is appropriate to reflect other equitable considerations such as the relative fault of the Company or its security holders and affiliates or other constituencies, on the one hand, and of the PJT Parties, on the other hand; provided, however, that, to the extent permitted by applicable law, the PJT Parties shall not be responsible for amounts which in the aggregate are in excess of the amount of all fees actually received by PJT Partners from the Company pursuant to the Engagement Letter.  The Company agrees that for the purposes of this paragraph the relative benefits received, or sought to be received, by the Company and its security holders and affiliates and other constituencies, on the one hand, and the PJT Party, on the other hand, in connection with the matters contemplated by the Engagement Letter shall be deemed to be in the same proportion that the total value received or paid or contemplated to be received or paid by the Company or its security holders or affiliates and other constituencies, as the case may be, as a result of or in connection with the matters (whether or not consummated) for which PJT Partners has been retained to perform financial services bears to the fees paid to PJT Partners under the Engagement Letter; provided, further, to the extent permitted by applicable law, the PJT Parties, taken together, shall not be liable for Losses which in the aggregate are in excess of the amount of fees actually received by PJT Partners from the Company pursuant to the Engagement Letter (exclusive of amounts paid for reimbursement of expenses under the Engagement Letter).

The Company agrees that no PJT Party shall have any liability to the Company or any person asserting claims on behalf of or in right of the Company in connection with any matter in any way relating to or referred to in the Engagement Letter or arising out of the matters contemplated by the Engagement Letter, including, without limitation, related services and activities prior to the date of the Engagement Letter, except to the extent that it shall be determined by a court of competent jurisdiction in a judgment that has become final in that it is no longer subject to appeal or other review that any Losses incurred by the Company resulted from the gross negligence, willful misconduct, bad faith or fraud of such PJT Party (other than with respect to actions taken at the direction or request of the Company).

If any Proceeding shall be brought, threatened or asserted against an PJT Party in respect of which indemnity or contribution may be sought against the Company, PJT Partners shall promptly notify the Company in writing; provided that failure to so notify the Company shall not relieve the Company from any liability which the Company may have on account of this indemnity or otherwise, except to the extent the Company shall have been actually materially prejudiced by such failure.  The Company, upon the written request of such PJT Party, shall or, upon written notice to such PJT Party, may elect to, assume the defense of such Proceeding, at the Company's own expense, with counsel reasonably satisfactory to such PJT Party.  Such PJT Party shall have the right to employ separate counsel in any such Proceeding and to participate in the defense thereof, but the fees and expenses of such counsel shall be at the expense of such PJT Party unless (a) the Company has agreed in writing to pay such fees and expenses, (b) the Company has failed to assume the defense, pursue the defense reasonably diligently or to employ counsel in a reasonably timely manner, (c) outside counsel to such PJT Party has advised such PJT Party that in such Proceeding there is an actual or potential conflict of interest or a conflict on any material issue between the Company's position and the position of such PJT Party (provided that the Company shall be responsible for the reasonable and documented fees and expenses of only one separate outside counsel at any time in each applicable jurisdiction for all such PJT Parties, which outside counsel shall be designated in writing by PJT Partners) or (d) the named parties to any such Proceeding (including any impleaded parties) include such PJT Party and the Company, and outside counsel to such PJT Party has advised such PJT Party that there may be one or

**WeWork Inc.**
As of September 15, 2023

more legal defenses available to such PJT Party which are different from or in addition to those available to the Company.

The Company agrees that, without PJT Partners' prior written consent (which shall not be unreasonably withheld, conditioned or delayed), it will not settle, compromise or consent to the entry of any judgment in any pending or threatened Proceeding in respect of which indemnification or contribution may be sought hereunder (whether or not an PJT Party is an actual or potential party to such Proceeding), or otherwise directly or indirectly facilitate or participate in any such settlement, compromise or consent by any director, officer or affiliate of the Company, unless such settlement, compromise or consent (a) includes an explicit and unconditional release from the settling, compromising or consenting party of each PJT Party from all liability arising out of such Proceeding and (b) does not contain any factual or legal admission by or with respect to any PJT Party or any adverse statement with respect to the character, professionalism, due care, loyalty, expertise or reputation of any PJT Party or any action or inaction by each PJT Party.  No PJT Party seeking indemnification, reimbursement or contribution under this letter agreement will, without the Company's prior written consent (which shall not be unreasonably withheld, conditioned or delayed), settle, compromise, consent to the entry of any judgment or otherwise seek to terminate any action, claim, suit, investigation or proceeding in respect of which indemnification, reimbursement or contribution may be sought.

The Company's reimbursement, indemnification and contribution obligations under this letter agreement shall be in addition to any liability which the Company may otherwise have at law or in equity, shall not be limited by any rights PJT Partners or any other PJT Party may otherwise have and shall be binding upon and inure to the benefit of any successors, assigns, heirs and personal representatives of the Company, PJT Partners and any other PJT Party.

Prior to entering into any agreement or arrangement with respect to any proposed out-of-court transaction involving the sale of all or substantially all of the assets of the Company that does not directly or indirectly provide for assumption of the obligations of the Company set forth in this letter agreement, the Company will notify PJT Partners in writing thereof (if not previously notified) and, if requested by PJT Partners, shall arrange in connection therewith a reasonable alternative means of providing for the obligations of the Company set forth in this letter agreement, which could include the assumption of such obligations by another creditworthy party, insurance, surety bonds or the creation of an escrow, in each case in an amount and upon such terms and conditions as are reasonably satisfactory to PJT Partners.

This agreement (together with the Engagement Letter) embodies the entire agreement and understanding between the parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof. If any provision of this agreement is determined to be invalid or unenforceable in any respect, such determination will not affect or impair such provision or the remaining provisions of this agreement in any other respect, which will remain in full force and effect.  No waiver, amendment or other modification of this letter agreement shall be effective unless in writing and signed by each party to be bound thereby.

The Company hereby agrees that any action or proceeding brought by the Company against PJT Partners based hereon or arising out of the Engagement shall be brought and maintained by the Company exclusively in the courts of the State of New York located in the City and County of New York or in the United States District Court for the Southern District of New York; provided, if the Company commences a Chapter 11 case, all legal proceedings pertaining to the Engagement arising after such case is commenced may be brought in the Bankruptcy Court handling such case.  The Company irrevocably submits to the jurisdiction of the courts of the State of New York located in the City and County of New York and the United States District Court for the Southern District of New York and appellate courts from any thereof for the purpose of any action or proceeding based hereon or arising out of the Engagement and irrevocably agrees to be bound by any judgment rendered thereby in connection with such action or proceedings.  The Company hereby irrevocably waives, to the fullest extent permitted by law, any objection it may have or hereafter may have to the laying of venue of any such action or proceeding brought in any such court referred to above and any claim that such action or proceeding has been brought in an inconvenient forum and agrees not to plead or claim the same.

**WeWork Inc.**

As of September 15, 2023

This agreement may be executed, including by electronic signature, in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument. A facsimile of a signed copy of this agreement or other copy made by reliable mechanical means or an electronic signature may be relied upon as an original.

The provisions of this agreement shall apply to the Engagement, as well as any additional engagement of PJT Partners by us in connection with the matters which are the subject of the Engagement, and any modification of the Engagement or additional engagement and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

WeWork hereby represents and warrants that (a) it is duly authorized to execute and deliver this agreement for and on behalf of each of its subsidiaries listed on Schedule III to the Engagement Letter and (b) the execution and delivery of this agreement and the performance of the obligations of WeWork and each of its subsidiaries listed on Schedule III to the Engagement Letter under this agreement has been duly authorized and this agreement constitutes a valid and legal agreement binding on each such party and enforceable in accordance with its terms.

This agreement and the Engagement Letter shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed in that state.

Very truly yours,

WEWORK INC.
(on behalf of itself and its subsidiaries listed on Schedule III to the Engagement Letter)

By: _____

    Name: Pamela Swidler
    Title:  Authorized Signatory

Accepted and Agreed to as
of the date first written above:

PJT PARTNERS LP

By: _____
    Name:  James H. Baird III
    Title:  Partner

**WeWork Inc.**
As of September 15, 2023

This agreement may be executed, including by electronic signature, in one or more counterparts, each of which will be deemed an original and all of which together will constitute one and the same instrument.  A facsimile of a signed copy of this agreement or other copy made by reliable mechanical means or an electronic signature may be relied upon as an original.

The provisions of this agreement shall apply to the Engagement, as well as any additional engagement of PJT Partners by us in connection with the matters which are the subject of the Engagement, and any modification of the Engagement or additional engagement and shall remain in full force and effect regardless of any termination or the completion of your services under the Engagement Letter.

WeWork hereby represents and warrants that (a) it is duly authorized to execute and deliver this agreement for and on behalf of each of its subsidiaries listed on Schedule III to the Engagement Letter and (b) the execution and delivery of this agreement and the performance of the obligations of WeWork and each of its subsidiaries listed on Schedule III to the Engagement Letter under this agreement has been duly authorized and this agreement constitutes a valid and legal agreement binding on each such party and enforceable in accordance with its terms.

This agreement and the Engagement Letter shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed in that state.

Very truly yours,

WEWORK INC.
(on behalf of itself and its subsidiaries listed on
Schedule III to the Engagement Letter)

By: _____
    Name:
    Title:

Accepted and Agreed to as
of the date first written above:

PJT PARTNERS LP

By: _____
    Name:  James H. Baird III
    Title:  Partner

**WeWork Inc.**
As of September 15, 2023

# Schedule I

**Notices**

Financial Matters Contacts:  All communications and notices related to financial matters, including billing, shall be addressed to the following:

If to PJT Partners:

       PJT Partners LP
       280 Park Avenue
       New York, NY 10017

       Attention to either:
- Helen Meates, Chief Financial Officer; htm@pjtpartners.com; 212.364.7807
- Yun Rim, Senior Vice President of Finance; rim@pjtpartners.com; 212.364.7131

If to the Company:

       WeWork Inc.
       12 East 49th Street, 3rd Floor
       New York, NY 10017
       Attention:
- Kurt Wehner, Chief Financial Officer; kurt.wehner@wework.com

All other notices shall be addressed to the following:

If to PJT Partners:

       PJT Partners LP
       280 Park Avenue
       New York, NY 10017
       Attention:
- David Travin, General Counsel; travin@pjtpartners.com; 212.364.5003

If to the Company:

       WeWork Inc.
       12 East 49th Street, 3rd Floor
       New York, NY 10017
       Attention:
- Pamela Swidler, Chief Legal Officer and Corporate Secretary; pam@wework.com

With a copy (which shall not constitute notice) to:

       Kirkland & Ellis LLP
       601 Lexington Avenue
       New York, New York 10022
       Attention:
- Steven N. Serajeddini, P.C.; steven.serajeddini@kirkland.com

**WeWork Inc.**
As of September 15, 2023

# Schedule II

**Wire Instructions**

| | |
|---|---|
| Bank Name: | First Republic Bank |
| | 1230 Avenue of the Americas |
| | New York, NY 10020 |
| Bank Routing Number: (ABA) | 321 081 669 |
| For the benefit of: (Account Name/Title) | PJT Partners LP |
| Account Number: | 80008146369 |
| Swift Code: | FRBBUS6S |

**WeWork Inc.**
As of September 15, 2023

# Schedule III

## Subsidiaries

WW Holdco LLC
The We Company MC LLC
The We Company Management Holdings L.P.
WeWork Companies LLC
1 Beacon Street Tenant LLC
1 Belvedere Drive Tenant LLC
1 Glenwood Ave Tenant LLC
1 Lincoln Street Tenant LLC
1 Milk Street Tenant LLC
1 Post Street Tenant LLC
1 South Dearborn Street Tenant LLC
1 Union Square West HQ LLC
10 East 38th Street Tenant LLC
10 East 40th Street HQ LLC
100 Bayview Circle Tenant LLC
100 Broadway Tenant LLC
100 S State Street Tenant LLC
100 Summer Street Tenant LLC
10000 Washington Boulevard Tenant LLC
1001 Woodward Ave Tenant LLC
1003 East 4th Place Tenant LLC
101 East Washington Street Tenant LLC
101 Marietta Street NorthWest Tenant LLC
101 North 1st Avenue Tenant LLC
10250 Constellation Tenant LLC
1031 South Broadway Tenant LLC
10585 Santa Monica Boulevard Tenant LLC
10845 Griffith Peak Drive Tenant LLC
10885 NE 4th Street Tenant LLC
109 S 5th Street Tenant LLC
10900 Stonelake Boulevard Tenant LLC
1099 Stewart Street Tenant LLC
11 Park Pl Tenant LLC
110 110th Avenue Northeast Tenant LLC
110 Corcoran Street Tenant LLC
110 Wall Manager LLC
1100 15th Street NW Tenant LLC
1100 Ludlow Street Tenant LLC
1100 Main Street Tenant LLC
1111 Broadway Tenant LLC
1111 West 6th Street Tenant LLC
1114 W Fulton Market Q LLC
1115 Broadway Q LLC
1115 Howell Mill Road Tenant LLC
1115 W Fulton Market Q LLC
115 Broadway Tenant LLC
115 East 23rd Street Tenant LLC

1150 South Olive Street Tenant LLC
1155 Perimeter Center West Tenant LLC
1155 West Fulton Street Tenant LLC
1156 6th Avenue Tenant LLC
117 NE 1st Ave Tenant LLC
1175 Peachtree Tenant LLC
11801 Domain Blvd Tenant LLC
12 East 49th Street Tenant LLC
12 South 1st Street Tenant LLC
120 West Trinity Place Tenant LLC
1200 17th Street Tenant LLC
1200 Franklin Avenue Tenant LLC
1201 3rd Avenue Tenant LLC
1201 Wills Street Tenant LLC
1201 Wilson Blvd Tenant LLC
12130 Millennium Drive Tenant LLC
1240 Rosecrans Tenant LLC
125 S Clark Street Tenant LLC
125 West 25th Street Tenant LLC
12655 Jefferson Blvd Tenant LLC
128 South Tryon Street Tenant LLC
130 5th Avenue Tenant LLC
130 Madison Avenue Tenant LLC
130 W 42nd Street Tenant LLC
1305 2nd Street Q LLC
1330 Lagoon Avenue Tenant LLC
1333 New Hampshire Avenue Northwest Tenant LLC
135 E 57th Street Tenant LLC
135 Madison Ave Tenant LLC
1372 Peachtree Street NE Tenant LLC
1389 Peachtree Street Northwest Tenant LLC
1400 Lavaca Street Tenant LLC
1410 Broadway Tenant LLC
1411 4th Avenue Tenant LLC
142 W 57th Street Tenant LLC
1430 Walnut Street Tenant LLC
1440 Broadway Tenant LLC
1448 NW Market Street Tenant LLC
1449 Woodward Avenue Tenant LLC
145 W 45th Street Tenant LLC
1450 Broadway Tenant LLC
1453 3rd Street Promenade Q LLC
1455 Market Street Tenant LLC
1460 Broadway Tenant LLC
148 Lafayette Street Tenant LLC
149 5th Avenue Tenant LLC
149 Madison Avenue Tenant LLC

**WeWork Inc.**
As of September 15, 2023

15 West 27th Street Tenant LLC
150 4th Ave N Tenant LLC
152 3rd Street Tenant LLC
1525 11th Ave Tenant LLC
1535 Broadway Tenant LLC
154 W 14th Street Tenant LLC
1547 9th Street HQ LLC
1557 West Innovation Way Tenant LLC
1560 Broadway Tenant LLC
16 East 34th Street Tenant LLC
160 Varick Street Tenant LLC
160 W Santa Clara St Tenant LLC
1600 7th Avenue Tenant LLC
1601 Elm Street Tenant LLC
1601 Market Street Tenant LLC
1601 Vine Street Tenant LLC
161 Avenue of the Americas Tenant LLC
1615 Platte Street Tenant LLC
1619 Broadway Tenant LLC
166 Geary Street HQ LLC
1660 Lincoln Street Tenant LLC
167 N Green Street Tenant LLC
1700 Lincoln Street Tenant LLC
1701 Rhode Island Avenue Northwest Tenant LLC
1725 Hughes Landing Boulevard Tenant LLC
1730 Minor Avenue Tenant LLC
17300 Laguna Canyon Road Tenant LLC
177 E Colorado Blvd Tenant LLC
1775 Tysons Boulevard Tenant LLC
18 West 18th Street Tenant LLC
180 Geary Street HQ LLC
180 Sansome Street Tenant LLC
1814 Franklin St Q LLC
18191 Von Karman Avenue Tenant LLC
1825 South Grant Street Tenant LLC
1828 Walnut St Tenant LLC
183 Madison Avenue Q LLC
1840 Gateway Dr Tenant LLC
185 Madison Avenue Tenant LLC
18691 Jamboree Road Tenant LLC
1875 K Street NW Tenant LLC
1881 Broadway HQ LLC
1900 Market Street Tenant LLC
1900 Powell Street Tenant LLC
1910 North Ola Avenue Tenant LLC
1920 McKinney Ave Tenant LLC
195 Montague Street Tenant LLC
199 Water Street Tenant LLC
2 Belvedere Drive Tenant LLC
2 Embarcadero Center Tenant LLC
2 North LaSalle Street Tenant LLC
20 W Kinzie Tenant LLC

200 Berkeley Street Tenant LLC
200 Massachusetts Ave NW Tenant LLC
200 Portland Tenant LLC
200 South Biscayne Blvd Tenant LLC
200 South Orange Avenue Tenant LLC
200 Spectrum Center Drive Tenant LLC
201 Spear St Tenant LLC
2031 3rd Ave Tenant LLC
205 Hudson Street Tenant LLC
205 North Detroit Street Tenant LLC
21 Penn Plaza Tenant LLC
210 N Green Partners LLC
210 N Green Promoter LLC
2120 Berkeley Way Tenant LLC
21255 Burbank Boulevard Tenant LLC
214 West 29th Street Tenant LLC
22 Cortlandt Street HQ LLC
2201 Broadway Tenant LLC
221 6th Street Tenant LLC
2211 Michelson Drive Tenant LLC
222 Kearny Street Tenant LLC
222 North Sepulveda Tenant LLC
222 S Riverside Plaza Tenant LLC
2221 Park Place Tenant LLC
2222 Ponce De Leon Blvd Tenant LLC
225 South 6th St Tenant LLC
225 W 39th Street Tenant LLC
229 West 36th Street Tenant LLC
231 11th Ave Tenant LLC
2323 Delgany Street Tenant LLC
24 Farnsworth Street Q LLC
2-4 Herald Square Tenant LLC
2401 Elliott Avenue Tenant LLC
2420 17th Street Tenant LLC
2425 East Camelback Road Tenant LLC
245 Livingston St Q LLC
25 West 45th Street HQ LLC
250 E 200 S Tenant LLC
250 Park Avenue Tenant LLC
255 Giralda Avenue Tenant LLC
255 Greenwich Street Tenant LLC
255 S King St Tenant LLC
2600 Executive Parkway Tenant LLC
2700 Post Oak Blvd. Tenant LLC
27-01 Queens Plaza North Tenant LLC
2755 Canyon Blvd WW Tenant LLC
28 2nd Street Tenant LLC
28 West 44th Street HQ LLC
29 West 30th Street Tenant LLC
30 Hudson Street Tenant LLC
30 Wall Street Tenant LLC
300 Morris Street Tenant LLC

**WeWork Inc.**
As of September 15, 2023

300 Park Avenue Tenant LLC
3000 Olym Boulevard Tenant LLC
3000 S Robertson Blvd Q LLC
3001 Bishop Drive Tenant LLC
3003 Woodbridge Ave Tenant LLC
3090 Olive Street Tenant LLC
31 St James Ave Tenant LLC
3101 Park Boulevard Tenant LLC
311 W 43rd Street Tenant LLC
3120 139th Avenue Southeast Tenant LLC
315 East Houston Tenant LLC
315 W 36th Street Tenant LLC
316 West 12th Street Tenant LLC
3200 Park Center Drive Tenant LLC
3219 Knox Street Tenant LLC
3280 Peachtree Road NE Tenant LLC
33 Arch Street Tenant LLC
33 East 33rd Street Tenant LLC
33 Irving Tenant LLC
330 North Wabash Tenant LLC
3300 N. Interstate 35 Tenant LLC
332 S Michigan Tenant LLC
333 West San Carlos Tenant LLC
3365 Piedmont Road Tenant LLC
340 Bryant Street HQ LLC
345 4th Street Tenant LLC
345 West 100 South Tenant LLC
35 East 21st Street HQ LLC
353 Sacramento Street Tenant LLC
35-37 36th Street Tenant LLC
360 NW 27th Street Tenant LLC
3600 Brighton Boulevard Tenant LLC
38 West 21st Street Tenant LLC
385 5th Avenue Q LLC
3900 W Alameda Ave Tenant LLC
391 San Antonio Road Tenant LLC
40 Water Street Tenant LLC
400 California Street Tenant LLC
400 Capitol Mall Tenant LLC
400 Concar Drive Tenant LLC
400 Lincoln Square Tenant LLC
400 Spectrum Center Drive Tenant LLC
4005 Miranda Ave Tenant LLC
401 San Antonio Road Tenant LLC
404 Fifth Avenue Tenant LLC
4041 Macarthur Boulevard Tenant LLC
405 Mateo Street Tenant LLC
408 Broadway Tenant LLC
410 North Scottsdale Road Tenant LLC
414 West 14th Street HQ LLC
415 Mission Street Tenant LLC
419 Park Avenue South Tenant LLC

420 5th Avenue Q LLC
420 Commerce Street Tenant LLC
WW Project Swift Member LLC
424 Fifth Avenue Holdings LLC
424 Fifth Avenue Junior Holdings LLC
424 Fifth Avenue Senior Holdings LLC
424 Fifth Avenue LLC
424-438 Fifth Avenue Tenant LLC
428 Broadway Tenant LLC
429 Lenox Ave Tenant LLC
430 Park Avenue Tenant LLC
4311 11th Avenue Northeast Tenant LLC
433 Hamilton Avenue Tenant LLC
437 5th Avenue Q LLC
437 Madison Avenue Tenant LLC
44 East 30th Street HQ LLC
44 Montgomery Street Tenant LLC
44 Wall Street HQ LLC
448 North LaSalle Street Tenant LLC
45 West 18th Street Tenant LLC
450 Lexington Tenant LLC
460 Park Ave South Tenant LLC
460 West 50 North Tenant LLC
475 Sansome St Tenant LLC
483 Broadway Tenant LLC
49 West 27th Street HQ LLC
490 Broadway Tenant LLC
50 W 28th Street Tenant LLC
500 11th Ave North Tenant LLC
500 7th Avenue Tenant LLC
501 Boylston Street Tenant LLC
501 East Kennedy Boulevard Tenant LLC
501 East Las Olas Blvd Tenant LLC
501 Eastlake Tenant LLC
5049 Edwards Ranch Tenant LLC
505 Main Street Tenant LLC
505 Park Avenue Q LLC
50-60 Francisco Street Tenant LLC
511 W 25th Street Tenant LLC
515 Folsom Street Tenant LLC
515 N State Street Tenant LLC
5161 Lankershim Boulevard Tenant LLC
5215 North O'Connor Boulevard Tenant LLC
524 Broadway Tenant LLC
525 Broadway Tenant LLC
53 Beach Street Tenant LLC
540 Broadway Q LLC
545 Boylston Street Q LLC
546 5th Avenue Tenant LLC
550 7th Avenue HQ LLC
550 Kearny Street HQ LLC
57 E 11th Street Tenant LLC

**WeWork Inc.**
As of September 15, 2023

575 5th Avenue Tenant LLC
575 Lexington Avenue Tenant LLC
5750 Wilshire Boulevard Tenant LLC
5960 Berkshire Lane Tenant LLC
599 Broadway Tenant LLC
6 East 32nd Street WW Q LLC
600 B Street Tenant LLC
600 California Street Tenant LLC
600 H Apollo Tenant LLC
6001 Cass Avenue Tenant LLC
601 South Figueroa Street Tenant LLC
606 Broadway Tenant LLC
609 5th Avenue Tenant LLC
609 Greenwich Street Tenant LLC
609 Main street Tenant LLC
611 North Brand Boulevard Tenant LLC
615 S. Tenant LLC
625 Massachusetts Tenant LLC
625 West Adams Street Tenant LLC
63 Madison Avenue Tenant LLC
65 East State Tenant LLC
650 California Street Tenant LLC
6543 South Las Vegas Boulevard Tenant LLC
655 15th Street NW Tenant LLC
655 Montgomery St Tenant LLC
655 New York Avenue Northwest Tenant LLC
660 J Street Tenant LLC
660 North Capitol St NW Tenant LLC
6655 Town Square Tenant LLC
67 Irving Place Tenant LLC
6900 North Dallas Parkway Tenant LLC
695 Town Center Drive Tenant LLC
7 West 18th Street Tenant LLC
700 K Street NW Tenant LLC
700 North Miami Tenant LLC
700 SW 5th Tenant LLC
708 Main St Tenant LLC
71 5th Avenue Tenant LLC
71 Stevenson Street Q LLC
711 Atlantic Ave Tenant LLC
725 Ponce De Leon Ave NE Tenant LLC
7272 Wisconsin Avenue Tenant LLC
729 Washington Ave Tenant LLC
7300 Dallas Parkway Tenant LLC
731 Sansome Street Tenant LLC
75 Arlington Street Tenant LLC
75 E Santa Clara Street Tenant LLC
75 Rock Plz Tenant LLC
750 Lexington Avenue Tenant LLC
750 White Plains Road Tenant LLC
755 Sansome Street Tenant LLC
756 W Peachtree Tenant LLC

77 Sands Tenant LLC
77 Sands WW Corporate Tenant LLC
77 Sleeper Street Tenant LLC
7761 Greenhouse Rd Tenant LLC
777 6th Street NW Tenant LLC
78 SW 7th Street Tenant LLC
8 W 40th Street Tenant LLC
80 M Street SE Tenant LLC
800 Bellevue Way Tenant LLC
800 Market Street Tenant LLC
800 North High Street Tenant LLC
801 B. Springs Road Tenant LLC
808 Wilshire Boulevard Tenant LLC
820 18th Ave South Tenant LLC
821 17th Street Tenant LLC
83 Maiden Lane Q LLC
830 Brickell Plaza Tenant LLC
830 NE Holladay Street Tenant LLC
8305 Sunset Boulevard HQ LLC
8687 Melrose Avenue Tenant LLC
8687 Melrose Green Tenant LLC
88 U Place Tenant LLC
880 3rd Ave Tenant LLC
881 Peachtree Street Northeast Tenant LLC
8910 University Center Lane Tenant LLC
90 South 400 West Tenant LLC
901 North Glebe Road Tenant LLC
901 Woodland St Tenant LLC
902 Broadway Tenant LLC
920 5th Ave Tenant LLC
920 SW 6th Avenue Tenant LLC
9200 Timpanogos Highway Tenant LLC
925 4th Avenue Tenant LLC
925 N La Brea Ave Tenant LLC
9777 Wilshire Boulevard Q LLC
980 6th Avenue Tenant LLC
9830 Wilshire Boulevard Tenant LLC
99 Chauncy Street Q LLC
99 High Street Tenant LLC
ARK Investment Group Holdings LLC
Bird Investco LLC
Cities by We LLC
Clubhouse TS LLC
Common Desk Holdings LLC
CD Locations, LLC
Common Coffee, LLC
Common Desk DE, LLC
Common Desk OC , LLC
Common Desk West 7th, LLC
Common Desk Daymaker LLC
Common Desk Operations LLC
Creator Fund Managing Member LLC

**WeWork Inc.**
As of September 15, 2023

| | |
|---|---|
| Euclid LLC | WW 11 John LLC |
| FieldLens LLC | WW 110 Wall LLC |
| Five Hundred Fifth Avenue HQ LLC | WW 111 West Illinois LLC |
| Legacy Tenant LLC | WW 115 W 18th Street LLC |
| Mailroom Bar at 110 Wall LLC | WW 1161 Mission LLC |
| MissionU PBC | WW 120 E 23rd Street LLC |
| One Gotham Center Tenant LLC | WW 1328 Florida Avenue LLC |
| One Metropolitan Square Tenant LLC | WW 1550 Wewatta Street LLC |
| Parkmerced Partner LLC | WW 1601 Fifth Avenue LLC |
| Play by WeWork LLC | WW 1875 Connecticut LLC |
| Powered By We LLC | WW 2015 Shattuck LLC |
| Project Caesar LLC | WW 205 E 42nd Street LLC |
| Project Standby I LLC | WW 210 N Green LLC |
| Prolific Interactive LLC | WW 220 NW Eighth Avenue LLC |
| PxWe Facility & Asset Management Services LLC | WW 222 Broadway LLC |
| South Tryon Street Tenant LLC | WW 2221 South Clark LLC |
| Spacious Technologies, LLC | WW 240 Bedford LLC |
| The Hub Tenant LLC | WW 25 Broadway LLC |
| Waltz Merger Sub LLC | WW 26 JS Member LLC |
| We Rise Shell LLC | WW 312 Arizona LLC |
| WeWork Wellness LLC | WW 350 Lincoln LLC |
| We Work 154 Grand LLC | WW 379 W Broadway LLC |
| We Work 349 5th Ave LLC | WW 401 Park Avenue South LLC |
| We Work Management LLC | WW 5 W 125th Street LLC |
| We Work Retail LLC | WW 500 Yale LLC |
| WeInsure Holdco LLC | WW 51 Melcher LLC |
| Insurance Services by WeWork LLC | WW 520 Broadway LLC |
| Welkio LLC | WW 535 Mission LLC |
| WeWork 156 2nd LLC | WW 555 West 5th Street LLC |
| WeWork 175 Varick LLC | WW 5782 Jefferson LLC |
| WeWork 25 Taylor LLC | WW 600 Congress LLC |
| WeWork 261 Madison LLC | WW 641 S Street LLC |
| WeWork 54 West 40th LLC | WW 718 7th Street LLC |
| WeWork Bryant Park LLC | WW 745 Atlantic LLC |
| WeWork Asset Management LLC | WW 79 Madison LLC |
| WeWork Commons LLC | WW 81 Prospect LLC |
| WeWork Companies Partner LLC | WW 811 West 7th Street LLC |
| WeWork Construction LLC | WW 85 Broad LLC |
| WeWork Holdings LLC | WW 995 Market LLC |
| WeWork Interco LLC | WW Brooklyn Navy Yard LLC |
| WeWork LA LLC | WW BuildCo LLC |
| WeWork Labs Entity LLC | WW Co-Obligor Inc. |
| WeWork Little West 12th LLC | WW Enlightened Hospitality Investor LLC |
| WeWork Magazine LLC | WW Journal Square Holdings LLC |
| WeWork Real Estate LLC | WW Journal Square Member LLC |
| WeWork Services LLC | WW Onsite Services LLC |
| WeWork Space Services Inc. | WW Onsite Services AAG LLC |
| WeWork Space Services LLC | WW Onsite Services EXP LLC |
| WeWork Workplace LLC | WW Onsite Services SFI LLC |
| Wildgoose I LLC | WW Onsite Services SUM LLC |
| WW 1010 Hancock LLC | WW Project Swift Development LLC |
| WW 107 Spring Street LLC | WW VendorCo LLC |

**WeWork Inc.**
As of September 15, 2023

WW CO Architecture Holdings LLC
9670416 CANADA Inc.
WeWork Canada GP B.V.
WeWork Canada GP ULC
WeWork Canada LP B.V.
WeWork Canada LP ULC
700 2 Street Southwest Tenant LP
500 Bloor Street West Tenant LP
4635 Lougheed Highway Tenant LP
33 Bloor Street East Tenant LP
150 9 Avenue Southwest Tenant LP
114 East 4th Avenue Tenant LP
1090 West Pender Street Tenant LP
WW Worldwide CV
WeWork Companies (International) B.V.
Icefish APAC Holdco B.V.
Icefish Investment Holdco B.V.
WeWork APAC Partner Holdings B.V.
WeWork Asia Holding Company B.V.
WeWork Companies Partner (International) B.V.
WeWork Middle East Holdings B.V.
WeWork New Zealand Holdco B.V.
WeWork Netherlands B.V.
1 Locatellikade Q B.V.
Herengracht 206 Tenant B.V.
Keizersgracht 271 Tenant B.V.
Keizersgracht 572 Tenant B.V.
Sarphatistraat 8 Tenant B.V.
Stadhouderskade 5-6 Q B.V.
Strawinskylaan 4117 Tenant B.V.
WW Metropool B.V.
WW Weteringschans B.V.
WeWork Denmark ApS
35 Kalvebod Brygge Tenant ApS
Skelbækgade 2-4 Tenant ApS
WeWork Belgium
31 Handelsstraat Tenant
4 Sint-Lazaruslaan Tenant
53 Belliardstraat Tenant
WeWork Germany GmbH
101 Karl-Marx-Straße Tenant GmbH
11 Neue Bahnhofstraße Q GmbH
11 Spittelmarkt Tenant GmbH
123 Schönhauser Allee Tenant GmbH
15 Herzogstraße Tenant GmbH
19 Schillerstraße Tenant GmbH
20 Heinrich-Heine-Allee Tenant GmbH
20 Rotherstrasse Tenant GmbH
242 Prenzlauer Allee Tenant GmbH
25 Turmstraße Tenant GmbH
3 Cuvrystraße Tenant GmbH
56 Schildergasse Tenant GmbH

72 Knesebeckstraße Tenant GmbH
Alexanderplatz 1 Tenant GmbH
Arnulfstraße 60 Tenant GmbH
Axel-Springer-Platz 3 Tenant GmbH
Ballindamm 40 Tenant GmbH
Chausseestraße 29 Tenant GmbH
Eichhornstraße 3 Tenant GmbH
Friedrichstraße 76 Tenant GmbH
Friesenplatz Tenant GmbH
Gänsemarkt 43 Tenant GmbH
Gerhofstraße 1-3 Tenant GmbH
Junghofstraße 13 Tenant GmbH
Junghofstraße 22 Tenant GmbH
Karl-Liebknecht Street Tenant GmbH
Kemperplatz 1 Tenant GmbH
Kurfürstendamm 11 Tenant GmbH
Neue Schönhauser Straße 3-5 Tenant GmbH
Neuturmstraße 5 Tenant GmbH
Oskar-von-Miller-Ring 20 Tenant GmbH
Oskar-von-Miller-Ring 33 Q GmbH
Powered By We Germany GmbH
Rosenthaler Straße 43-45 Tenant GmbH
Rudolfplatz 7 Tenant GmbH
Standby I Tenant GmbH
Stralauer Allee 6 Tenant GmbH
Stresemannstraße 123 Tenant GmbH
Taunusanlage 8 Tenant GmbH
Warschauer Platz Tenant GmbH
Wilmersdorferstrasse 59 Tenant GmbH
WeWork (Czech Republic) s.r.o.
WeWork France SAS
33 Rue La Fayette Tenant SAS
40 Rue du Colisée Tenant SAS
Rue des Archives 64/66 Tenant SAS
WeWork Paris I Tenant SAS
WeWork Paris II Tenant SAS
WeWork Paris II Tenant SAS - Sucursal Em Portugal
[branch]
WeWork Paris III Tenant SAS
WeWork Paris IV Tenant SAS
WeWork Community Workspace Ireland Limited
1 George's Quay Tenant Limited
155 Townsend St Q Tenant Limited
160 Shelbourne Road Q Limited
42 Charlemont Street Tenant Limited
5 Harcourt Road Tenant Limited
Central Plaza Tenant Limited
Dublin Landings Tenant Limited
Iveagh Court Tenant Limited
WeWork Israel Ltd.
10 Hazerem Street Tenant Ltd
144 Menachem Begin Tenant Ltd.

**WeWork Inc.**

As of September 15, 2023

146 Derech Menachem Begin Tenant Ltd.
16 Efal Tenant Ltd.
16 Helkikey Ha'Or Tenant Ltd
23 Schocken Street Tenant Ltd
3 Aluf Kalman Magen Tenant Ltd.
30 Ibn Gabirol Tenant Ltd.
32 King George Tenant Ltd.
37 Shaul HaMelech Boulevard Tenant Ltd
4 Maale HaShichrur Tenant Ltd
40 Tuval Tenant Ltd.
45 HaAtzmaut Tenant Ltd.
6 Totzeret Haaretz Tenant Ltd.
7 Menachem Begin Tenant Ltd.
Midtown Music Club Ltd.
Unomy Ltd.
WeWork Technology Israel Ltd.
WeWork Italy S.R.L.
WeWork Norway AS
WeWork Poland sp. z o.o.
The We Company ROU S.R.L.
WeWork Company Workspace S. L.
WW Sweden AB
WeWork Rus LLC
WeWork Saudi Arabia Limited
WeWork Middle East Gazelle Limited
WeWork Middle East DWTC FZE
Wework Gulf I FZ-LLC
The We Company Worldwide Limited
WeWork International Limited
1 America Square Q Tenant Limited
1 Ariel Way Tenant Limited
1 Lloyd's Avenue Tenant Limited
1 Mark Square Tenant Limited
1 Poultry Tenant Limited
1 St Katharine's Way Tenant Limited
1 St Peter's Square Tenant Limited
1 Waterhouse Square Tenant Limited
10 East Road Tenant Limited
10 Fenchurch Avenue Tenant Limited
10-12 Russell Square Q Limited
119 Marylebone Road Tenant Limited
12 Hammersmith Grove Tenant Limited
12 Moorgate Tenant Limited
120 Moorgate Tenant Limited
120 Old Broad St Q Limited
123 Buckingham Palace Road Tenant Limited
125 Kingsway Tenant Limited
125 Shaftesbury Tenant Limited
130 Wood Street Tenant Limited
131 Finsbury Pavement Tenant Limited
133 Houndsditch Tenant Limited
14-16 Great Chapel Tenant Limited

142 Old Street Q Tenant Limited
142 Wardour Street Tenant Limited
15 Bishopsgate Tenant Limited
165 Fleet Street Tenant Limited
17 St Helen's Place Tenant Limited
184 Shepherds Bush Road Tenant Limited
2 Eastbourne Tenant Limited
2 Minster Court Tenant Limited
2 Southbank Tenant Limited
207 Old Street Tenant Limited
21 Soho Square Tenant Limited
22 Long Acre Tenant Limited
26 Hatton Garden Tenant Limited
28-42 Banner Street Q Limited
3 Waterhouse Square Tenant Limited
30 Churchill Place Tenant Limited
33 Q Street Tenant Limited
38 Chancery Lane Tenant Limited
41 Blackfriars Road Tenant Limited
5 Merchant Square Tenant Limited
50-60 Station Road Tenant Limited
51 Eastcheap Tenant Limited
52 Bedford Row Tenant Limited
55 Colmore Row Tenant Limited
6 Brindley Place Tenant Limited
70 Wilson Street Tenant Limited
71-91 Aldwych House Tenant Limited
76-78 Clerkenwell Road Tenant Limited
77 Leadenhall Street Tenant Limited
77 Farringdon Road Tenant Limited
8-14 Meard Street Tenant Limited
89-115 Mare Street Tenant Limited
90 York Way Tenant Limited
91 Baker Street Tenant Limited
97 Hackney Road Tenant Limited
99 Q Victoria Street Tenant Limited
Corsham Tenant Limited
Dalton Place Tenant Limited
LT Build Limited
No. 1 Spinningfields Tenant Limited
Powered By We UK Limited
Provost and East Tenant Limited
Shoreditch the Bard Tenant Limited
Stamford Street Tenant Limited
The Hewitt Shoreditch Tenant Limited
WeWork Community Workspace UK Limited
80 George Street Tenant Limited
WW Bishopsgate Limited
WW Devonshire Limited
WW Hanover House Operations Limited
WW Medius Limited
WW Moor Place Limited

**WeWork Inc.**
As of September 15, 2023


WW Sea Containers Limited
Hammerjaw Bengaluru Private Limited
Hagfish Mumbai Private Limited
Houndshark Delhi Private Limited
PxWe India Private Limited
WeWork Uruguay S.R.L.
WeWork Peru Management S.R.L.
WeWork Peru S.R.L.
Emprendimientos y Proyectos del Peru S.A.C.
WeWork New Zealand
WeWork Australia Pty Ltd
1 Sussex Street Pty Ltd
100 Harris Tenant Pty Ltd
120 Spencer Street Pty Ltd
123 Eagle Street Tenant Pty Ltd
152 Saint Georges Terrace Pty Ltd
161 Castlereagh Street Pty Ltd
192 Ann Street Tenant Pty Ltd
222 Exhibition St Pty Ltd
25 K Street Pty Ltd
260 Queen Street Pty Ltd
320 Pitt Street Pty Ltd
333 George Street Pty Ltd
345 Bourke Street Tenant Pty Ltd
383 George Street Tenant Pty Ltd
401 Collins Street Tenant Pty Ltd
5 Martin Place Tenant Pty Ltd
50 Miller Street Pty Ltd
64 York Street Pty Ltd
66 King Street Tenant Pty Ltd
Gravity Coworking Pty Ltd
WeWork Korea Yuhan Hoesa
WeWork Seoul 1-ho Yuhan Hoesa
WeWork Seoul 2-ho Yuhan Hoesa
WeWork Seoul 3-ho Yuhan Hoesa
WeWork Seoul 4-ho Yuhan Hoesa
WeWork Seoul 5-ho Yuhan Hoesa
WeWork Busan 1-ho Yuhan Hoesa
WeWork Singapore Pte. Ltd.
naked Hub Vietnam Holdings Limited
NHNP VN Limited
WeWork Vietnam Limited
WW Community Workspaces Philippines, Inc.
WeWork Malaysia Sdn. Bhd.
WeWork Holding (Thailand) Company Limited
WeWork (Thailand) Limited
Spacemob Pte. Ltd.
PT WeWork Services International
PT PoweredByWe Services Indonesia
WeTech LLC

## **Exhibit B**

**Baird Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF JAMIE BAIRD IN SUPPORT
OF THE DEBTORS' APPLICATION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF PJT PARTNERS LP AS INVESTMENT
BANKER TO THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE
AS OF THE PETITION DATE, (II) WAIVING CERTAIN TIMEKEEPING
REQUIREMENTS, AND (III) GRANTING RELATED RELIEF**

I, James H. Baird III, hereby declare as follows:

1.      I am a Partner in the Restructuring and Special Situations Group at PJT Partners LP ("PJT") and one of the lead restructuring advisors in these chapter 11 cases.  PJT is the proposed investment banker for the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases.  I submit this declaration (the "Declaration") on behalf of PJT in support of the *Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of PJT Partners LP as Investment Banker to the Debtors and Debtors in Possession Effective as of the Petition Date, (II) Waiving Certain Timekeeping Requirements, and (III) Granting Related Relief* (the "Application"),[2] filed by the Debtors in these chapter 11 cases.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Application.

2.      Unless otherwise indicated, all facts set forth in this Declaration are based on my

personal knowledge, my discussions with the Debtors' senior management, other members of the

PJT team, or other interested parties, my review of relevant documents, or my opinion based upon

my experience, knowledge, and information concerning the Debtors' operations and financial

affairs.  If I were called to testify, I would testify competently to the facts set forth herein.

## **PJT's Qualifications**

3.      PJT's Restructuring and Special Situations Group is one of the leading advisors to

companies and creditors in restructurings and bankruptcies.  PJT was created in connection with a

spin-off from The Blackstone Group L.P. ("Blackstone"), effective October 1, 2015.  Upon the

consummation of the spinoff, Blackstone's restructuring and reorganization advisory group

became a part of PJT, and Blackstone's restructuring professionals became employees of PJT.  The

former Blackstone restructuring professionals, in their capacity as PJT employees, have been

providing their clients with the same high-quality restructuring services that Blackstone had itself

provided since the formation of its restructuring advisory practice approximately 31 years ago.

PJT professionals have extensive experience working with financially troubled companies in

complex financial restructurings.  Since 1991, PJT professionals have advised on more than 725

distressed situations, both in- and out-of-court, involving more than $2.3 trillion of total liabilities.

4.      The partners and members of RSSG have provided services to debtors, creditors'

committees, and other constituencies in numerous chapter 11 cases.

5.      PJT was engaged by the Debtors on or around September 1, 2023, to provide certain

advisory and investment banking services in connection with a possible Transaction, Restructuring

and/or Capital Raise and assist in analyzing, structuring, negotiating and effecting any such

Transaction, Restructuring and/or Capital Raise.[3]  Prior to that time, PJT was engaged to provide financial advisory services to the Company in connection with its merger with BowX Acquisition Corp. in October 2021.  In addition, subsequently to that transaction, PJT was engaged by the Company in December 2022 in connection with potential refinancing, restructuring and/or recapitalization transactions which culminated with the consummation in May 2023 of a recapitalization transaction.

6.     As a result of the prepetition and postpetition work performed by PJT on behalf of the Debtors since its initial engagement, PJT has acquired significant knowledge of the Debtors' financial affairs, business operations, capital structure, assets, key stakeholders, financing documents, and other related materials and information.  Over the past several months, PJT has engaged in extensive due diligence of the Debtors' business, including its operations, assets, market dynamics, capital structure, contractual arrangements, cash flows, and liquidity to build a foundation for a restructuring strategy.  In providing services to the Debtors, PJT's professionals have worked closely with the Debtors' management, the Debtors' boards of directors or managers, as applicable (each, a "Board," and collectively, the "Boards"), and the Debtors' other advisors. If this Application is approved, several of PJT's professionals, all with substantial expertise in the areas discussed above, will continue to provide services to the Debtors and will work closely with

---

[3]    As defined in the Engagement Letter, (a) "Transaction" means the sale, merger or other disposition of all or a portion of the Debtors or their assets; (b) "Restructuring" means, collectively, (i) any restructuring, reorganization (whether or not pursuant to chapter 11 of the Bankruptcy Code), and/or recapitalization of the Debtors affecting a material portion of its existing or potential debt obligations or other claims against the Debtors, including, without limitation, senior debt, junior debt, trade claims, general unsecured claims and preferred stock (collectively, the "Obligations"), (ii) an in-court sale or other acquisition or disposition of a majority of the assets and/or equity of the Debtors, and/or (iii) any complete or material repurchase, refinancing, debt-for-debt or debt-for-equity exchange, extension or repayment by the Debtors of any of the Obligations (excluding, for the avoidance of doubt, a stand-alone extension to the senior tranche of the Debtors' letter of credit facility as to which PJT does not provide the Debtors with material assistance); and (c) "Capital Raise" means any financing arranged by PJT at the request of the Debtors.

the Debtors' management, the Boards, and the Debtors' other professionals throughout the reorganization process.

7.     Since September 1, 2023, PJT has spent a significant amount of time and effort regarding negotiations with the Debtors' capital structure constituents on the terms of the Restructuring Support Agreement and the Debtors' efforts to obtain critically important use of cash collateral and postpetition, debtor-in-possession ("<u>DIP</u>") financing. Since the Petition Date, PJT has continued to work closely with the Debtors, the Debtors' secured lenders, the DIP lenders, and their respective advisors with respect to such cash collateral usage and DIP financing, as well as other critical issues in these chapter 11 cases.

8.     As a result of PJT's representation of the Debtors prior to and since the commencement of these chapter 11 cases and PJT's extensive experience representing chapter 11 debtors, PJT is well-qualified to provide its services to and represent the Debtors during these chapter 11 cases.

## **Services Provided by PJT**

9.     Subject to further order of the Court, and consistent with the terms of the Engagement Letter, PJT's anticipated services in these chapter 11 cases will, to the extent necessary, appropriate, feasible, and as may be requested by the Debtors, include the following:

    a.    assist in the evaluation of the Debtors' businesses and prospects;

    b.    assist in the development of the Debtors' long-term business plan and related financial projections;

    c.    assist in the development of financial data and presentations to the Boards, various creditors, and other third parties;

    d.    analyze the Debtors' financial liquidity and evaluate alternatives to improve such liquidity;

e.      analyze various restructuring scenarios and the potential impact of these scenarios on the recoveries of those stakeholders impacted by the Restructuring;

f.      provide strategic advice with regard to restructuring or refinancing the Debtors' obligations;

g.      evaluate the Debtors' debt capacity and alternative capital structures;

h.      participate in negotiations among the Debtors and their creditors, suppliers, lessors, and other interested parties;

i.      value securities offered by the Debtors in connection with a Restructuring;

j.      advise the Debtors and negotiate with lenders with respect to potential waivers, amendments, and/or forbearances of various credit facilities and other Obligations;

k.      assist in arranging financing for the Debtors, as requested;

l.      provide expert witness testimony concerning any of the subjects encompassed by the other investment banking services;

m.      assist the Debtors in preparing marketing materials in conjunction with a possible Transaction;

n.      assist the Debtors in identifying potential buyers or parties in interest to a Transaction and assist in the due diligence process;

o.      assist and advise the Debtors concerning the terms, conditions, and impact of any proposed Transaction; and

p.      provide such other advisory services as are customarily provided in connection with the analysis and negotiation of a transaction similar to a potential Transaction and/or Restructuring, as requested and mutually agreed.

## **Professional Compensation**

10.      In consideration of the services to be provided by PJT, and as summarized in the Application and more fully described in the Engagement Letter, the Debtors and PJT have agreed that PJT shall, in respect of its services, be compensated under the Fee Structure.

11.      The Fee Structure is consistent with PJT's typical fees for work of this nature and set at a level designed to fairly compensate PJT for the work of its professionals and assistants and

to cover fixed and routine overhead expenses.  It is PJT's policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

12.     The Fee Structure is comparable to those generally charged by investment banking firms of similar stature to PJT and for comparable engagements, both in- and out-of-court, and reflects a balance between a fixed, monthly fee, and contingent amounts tied to the consummation and closing of certain transactions, all as contemplated in the Engagement Letter.

13.     The Engagement Letter was negotiated at arm's length and in good faith, and I believe that the provisions contained therein are reasonable terms and conditions of PJT's employment by the Debtors.

14.     With respect to the provisions of the Indemnification Agreement, as summarized in the Application and more fully described in <u>Attachment A</u> of the Engagement Letter, unlike the market for other professionals that a debtor may retain, indemnification is a standard market term for investment bankers.  The indemnity, moreover, is comparable to those generally obtained by investment banking firms of similar stature to PJT and for comparable engagements, both in- and out-of-court.  The Engagement Letter's indemnification and contribution provisions were fully negotiated by the Debtors and PJT at arm's length and in good faith, and I believe that these indemnification and contribution provisions of the Engagement Letter are reasonable.

15.     Other than as set forth above, there is no proposed arrangement between the Debtors and PJT for compensation to be paid in these chapter 11 cases.  PJT has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

16.     PJT is willing to be retained by the Debtors as their investment banker and will make appropriate applications to this Court pursuant to the Bankruptcy Code for compensation

and reimbursement of out-of-pocket expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court.

17.     PJT has requested, pursuant to section 328(a) of the Bankruptcy Code, payment of its fees on a fixed-rate, contingent, and/or fixed-percentage basis.  It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys.  PJT's restructuring professionals, when formally retained in chapter 11 cases, and when required by local rules, do, and in these chapter 11 cases will, keep time records in half-hour increments describing their daily activities and the identity of persons who performed such tasks. In addition, apart from the time-recording practices described above, PJT's personnel do not maintain their time records on a "project category" basis.  As such, I understand the Debtors have requested modification of such requirements under the Local Rules.

18.     During the ninety-day period before the Petition Date, the Debtors paid PJT $487,604.58 for fees earned and expenses incurred prior to the Petition Date.  Prior to the Petition Date, PJT had also received advance payments from the Debtors in the aggregate amount of $262,500.00.  Given the timing of the filing, PJT may not yet have accounted for all expenses it incurred before the Petition Date.  In the event PJT subsequently becomes aware of additional prepetition expenses incurred on behalf of the Debtors, PJT will reduce its advance by such amounts.  To the extent that amounts paid by the Debtors to PJT prior to the Petition Date exceed amounts incurred by PJT prepetition, such excess will be held by PJT as security throughout these chapter 11 cases until PJT's fees and expenses are fully paid.

### No Duplication of Efforts

19.     PJT's services are intended to complement, and not duplicate, the services to be rendered by any other professional retained by the Debtors in these chapter 11 cases.  PJT understands that the Debtors have retained, and may retain, additional professionals during the

term of the engagement and will use its reasonable efforts to work cooperatively with such professionals to integrate any respective work conducted by such professionals on behalf of the Debtors.

### **PJT's Disinterestedness**

20.      On or about October 11, 2023, as supplemented thereafter, my colleagues received from Debtors' counsel a list of potential parties-in-interest (the "<u>PII</u>" and such list, the "<u>PII List</u>") in these chapter 11 cases.  A copy of the PII List is attached hereto as **<u>Schedule 1</u>**.

21.      As part of PJT's conflicts management program (the "<u>Conflicts Management Program</u>"), PJT maintains information pertaining to (a) every active matter on which PJT is currently engaged, (b) the entities represented by PJT in such engagements, (c) the material parties involved in each current matter (inclusive of adverse and related parties, as identified to PJT by the prospective client and/or its counsel in the case of a restructuring advisory assignment), and (d) the professional at PJT that is knowledgeable about the matter.  As part of any conflict review undertaken, this information, including information on closed assignments, is also incorporated into the review.  It is the policy of PJT that no new matter may be accepted or opened within the firm without completing and submitting to those charged with administering the Conflicts Management Program the information necessary to check such matter for conflicts.  The scope of the review is a function of the completeness and accuracy of the information submitted by the PJT professional opening a new matter.

22.      As part of the Conflicts Management Program, PJT reviews the business activity of all entities under the control of PJT Partners, Inc., the publicly traded company that is the ultimate parent company of PJT and all of its affiliates.  The Conflicts Management Program utilizes a database that stores the details of all such business activity, including the names of all PJT clients (past and present) and the search methodology utilized by the database is key word

based.  Results are reviewed for relevance by PJT personnel trained to evaluate situations for potential conflicts and, in this case as in all cases where PJT represents a debtor, any and all potential connections to the PII are identified by such personnel.  All proposed and actual business activity to be undertaken is subject to the foregoing review process to evaluate potential conflicts.

23.    PJT has undertaken a review of the PII to determine possible connections relating to the Debtor (the "Conflicts Check") and such results for the Conflicts Check are disclosed on **Schedule 2** attached hereto.  Subject to the foregoing limitations and the disclosures set forth on **Schedule 2**, no material connections have been found.

24.    Certain of the PIIs or their affiliates may hold a passive equity interest (*i.e.*, less than 20%) in certain of the entities to whom PJT and/or its affiliates have provided in the past or continue to provide advisory services.  PJT does not routinely track or maintain such information but is not aware of any such engagement that is related to the Debtors or these chapter 11 cases or, by virtue of which, the interests of the Debtors or their estates are adversely affected.

25.    Partners and/or employees of PJT or its affiliates may, from time to time, directly or indirectly hold equity and/or debt in certain of the PII.  However, to the best of my knowledge, none of PJT, its affiliates, or any partner or employee of PJT or its affiliates currently holds (other than potentially through mutual funds, ETFs, or professionally managed discretionary accounts) any interest in any debt or equity securities of the Debtors.

26.    Moreover, the Conflicts Management Program searched all PJT affiliates, and, to the best of my knowledge, information, and belief, all connections between PJT's affiliates and the PIIs are disclosed herein.

27.    Based on the results of the Conflict Check, to the best of my knowledge, neither I, PJT, nor any partner or employee thereof, insofar as I have been able to ascertain, is an insider of

the Debtors, nor has any connection with the Debtors, their creditors, or other parties-in-interest, except as otherwise described herein.

28.     PJT does not believe that its involvement with any of the parties included in the PII List will adversely affect the Debtors in any way.  PJT does not believe that any potential relationship it may have with any of the PII would interfere with or impair PJT's representation of the Debtors.

29.     PJT and certain of its partners and employees may have in the past represented, may currently represent, and may in the future represent, entities that may be on the PII List or may otherwise be parties-in-interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.

30.     As part of its diverse practice, PJT appears in numerous cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, investment bankers, and financial consultants, some of which may represent claimants and PII.  In addition, PJT has in the past, is currently, and will likely in the future be working with or against other professionals involved in these chapter 11 cases in matters unrelated to these chapter 11 cases, including certain professionals that are PII.  Further, PJT and its affiliates engage attorneys and other service providers from time to time to provide legal advice and/or other services to PJT and/or its affiliates, and certain of such service providers may be PII.  Based on my current knowledge of the professionals, vendors, and other parties involved in these chapter 11 cases, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtors or their estates, and none are in connection with these chapter 11 cases.

31.     To the best of my knowledge, except as disclosed herein:  (a) PJT has no material connection with the Debtors or their estates, the Debtor's creditors, the U.S. Trustee, any person

employed by the U.S. Trustee, or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants; (b) PJT (and PJT's professionals) are not direct creditors, equity security holders, or insiders of the Debtors; (c) neither PJT nor any of its professionals is or was, within two years of the date of the Debtors' filing of these chapter 11 cases, a director, officer, or employee of the Debtors; and (d) neither PJT nor its professionals holds or represents an interest materially adverse to the Debtors, their estates, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason. Accordingly, I believe that PJT is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and PJT's employment is permissible under sections 327(a) and 328(a) of the Bankruptcy Code.

32.     PJT has performed reasonable due diligence for possible conflicts with the PII in the Debtors' chapter 11 cases. The following is a list of the categories that PJT searched with respect to the PII List:[4]

      a. Debtors
      b. Current and Former Directors and Officers
      c. Bankruptcy Judges and Court Staff
      d. Banks, Lenders, Agents, and Payment Processors
      e. Customers
      f. Bankruptcy Professionals
      g. Equity Holders
      h. Insurance
      i. Landlords, Lease Rejection Counterparties, and Guarantor Landlords
      j. Litigation Counterparties
      k. Non-Debtor Affiliates
      l. Noteholders

---

[4] Given the extensive number of parties listed in the PII List, and consistent with the approach of the other professionals to be retained by the Debtors in these chapter 11 cases, only vendors of the Debtors meeting the following criteria were subject to PJT's Conflict Check: (i) vendors in the top 80% in amount of disbursements from the Debtors during the one year period from October 1, 2022 to September 30, 2023 and/or (ii) vendors in the top 80% in amount of current accounts payable for the Debtors as of the end of September 2023.

    m.  Office of the United Trustee Office
    n.  Surety Bonds
    o.  Taxing Authorities
    p.  Utilities
    q.  Vendors

33.    The PII List was provided to PJT by counsel to the Debtors and may change during the pendency of the Debtors' chapter 11 cases.  Should PJT learn that a relationship with any of the PII should be disclosed in the future, a supplemental declaration with such disclosure will be promptly filed.

34.    Given the large number of parties-in-interest in these chapter 11 cases, despite the efforts to identify and disclose PJT's relationships with the PII, I am unable to state with absolute certainty that every client relationship or other connection has been disclosed in this Declaration. PJT, therefore, will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new material facts or relationships are discovered or arise, PJT will promptly file a supplemental declaration with the Court.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, to the best of my information, knowledge and belief.

Dated: November 20, 2023

*/s/ James H. Baird III*
James H. Baird III
Partner
PJT Partners LP

## **Schedule 1**

**Parties in Interest List**

# SCHEDULE 1

### List of Schedules

| <u>Schedule</u> | <u>Category</u> |
|---|---|
| 1(a) | Debtors |
| 1(b) | Current and Former Directors and Officers |
| 1(c) | Bankruptcy Judges and Court Staff |
| 1(d) | Banks, Lenders, Agents, and Payment Processors |
| 1(e) | Customers |
| 1(f) | Bankruptcy Professionals |
| 1(g) | Equity Holders |
| 1(h) | Insurance |
| 1(i) | Landlords, Lease Rejection Counterparties, and Guarantor Landlords |
| 1(j) | Litigation Counterparties |
| 1(k) | Non-Debtor Affiliates |
| 1(l) | Noteholders |
| 1(m) | Office of the United Trustee Office |
| 1(n) | Surety Bonds |
| 1(o) | Taxing Authorities |
| 1(p) | Utilities |
| 1(q) | Vendors |

# SCHEDULE 1(a)

## Debtors

1 Beacon Street Tenant LLC
1 Belvedere Drive Tenant LLC
1 Glenwood Ave Tenant LLC
1 Lincoln Street Tenant LLC
1 Milk Street Tenant LLC
1 Post Street Tenant LLC
1 South Dearborn Street Tenant LLC
1 Union Square West HQ LLC
10 East 38th Street Tenant LLC
10 East 40th Street HQ LLC
100 Bayview Circle Tenant LLC
100 Broadway Tenant LLC
100 S State Street Tenant LLC
100 Summer Street Tenant LLC
10000 Washington Boulevard Tenant LLC
1001 Woodward Ave Tenant LLC
1003 East 4th Place Tenant LLC
101 East Washington Street Tenant LLC
101 Marietta Street Northwest Tenant LLC
101 North 1St Avenue Tenant LLC
10250 Constellation Tenant LLC
1031 South Broadway Tenant LLC
10585 Santa Monica Boulevard Tenant LLC
10845 Griffith Peak Drive Tenant LLC
10885 Ne 4th Street Tenant LLC
109 S 5Th Street Tenant LLC
10900 Stonelake Boulevard Tenant LLC
1099 Stewart Street Tenant LLC
11 Park Pl Tenant LLC
110 110th Avenue Northeast Tenant LLC
110 Corcoran Street Tenant LLC
110 Wall Manager LLC
1100 15th Street Nw Tenant LLC
1100 Ludlow Street Tenant LLC
1100 Main Street Tenant LLC
1111 Broadway Tenant LLC
1111 West 6th Street Tenant LLC
1114 W Fulton Market Q LLC
1115 Broadway Q LLC
1115 Howell Mill Road Tenant LLC
1115 W Fulton Market Q LLC
115 Broadway Tenant LLC

115 East 23Rd Street Tenant LLC
1150 South Olive Street Tenant LLC
1155 Perimeter Center West Tenant LLC
1155 West Fulton Street Tenant LLC
1156 6th Avenue Tenant LLC
117 NE 1St Ave Tenant LLC
1175 Peachtree Tenant LLC
11801 Domain Blvd Tenant LLC
12 East 49th Street Tenant LLC
12 South 1st Street Tenant LLC
120 West Trinity Place Tenant LLC
1200 17th Street Tenant LLC
1200 Franklin Avenue Tenant LLC
1201 3rd Avenue Tenant LLC
1201 Wills Street Tenant LLC
1201 Wilson Blvd Tenant LLC
12130 Millennium Drive Tenant LLC
1240 Rosecrans Tenant LLC
125 S Clark Street Tenant LLC
125 West 25th Street Tenant LLC
12655 Jefferson Blvd Tenant LLC
128 South Tryon Street Tenant LLC
130 5th Avenue Tenant LLC
130 Madison Avenue Tenant LLC
130 W 42nd Street Tenant LLC
1305 2nd Street Q LLC
1330 Lagoon Avenue Tenant LLC
1333 New Hampshire Avenue Northwest
  Tenant LLC
135 E 57th Street Tenant LLC
135 Madison Ave Tenant LLC
1372 Peachtree Street NE Tenant LLC
1389 Peachtree Street Northwest Tenant
  LLC
1400 Lavaca Street Tenant LLC
1410 Broadway Tenant LLC
1411 4th Avenue Tenant LLC
142 W 57th Street Tenant LLC
1430 Walnut Street Tenant LLC
1440 Broadway Tenant LLC
1448 NW Market Street Tenant LLC
1449 Woodward Avenue Tenant LLC

145 W 45th Street Tenant LLC
1450 Broadway Tenant LLC
1453 3rd Street Promenade Q LLC
1455 Market Street Tenant LLC
1460 Broadway Tenant LLC
148 Lafayette Street Tenant LLC
149 5th Avenue Tenant LLC
149 Madison Avenue Tenant LLC
15 West 27th Street Tenant LLC
150 4th Ave N Tenant LLC
152 3rd Street Tenant LLC
1525 11th Ave Tenant LLC
1535 Broadway Tenant LLC
154 W 14th Street Tenant LLC
1547 9th Street HQ LLC
1557 West Innovation Way Tenant LLC
1560 Broadway Tenant LLC
16 East 34th Street Tenant LLC
160 Varick Street Tenant LLC
160 W Santa Clara St Tenant LLC
1600 7th Avenue Tenant LLC
1601 Elm Street Tenant LLC
1601 Market Street Tenant LLC
1601 Vine Street Tenant LLC
161 Avenue of the Americas Tenant LLC
1615 Platte Street Tenant LLC
1619 Broadway Tenant LLC
166 Geary Street Hq LLC
1660 Lincoln Street Tenant LLC
167 N Green Street Tenant LLC
1700 Lincoln Street Tenant LLC
1701 Rhode Island Avenue Northwest
    Tenant LLC
1725 Hughes Landing Boulevard Tenant
    LLC
1730 Minor Avenue Tenant LLC
17300 Laguna Canyon Road Tenant LLC
177 E Colorado Blvd Tenant LLC
1775 Tysons Boulevard Tenant LLC
18 West 18th Street Tenant LLC
180 Geary Street Hq LLC
180 Sansome Street Tenant LLC
1814 Franklin St Q LLC
18191 Von Karman Avenue Tenant LLC
1825 South Grant Street Tenant LLC
1828 Walnut St Tenant LLC

183 Madison Avenue Q LLC
1840 Gateway Dr Tenant LLC
185 Madison Avenue Tenant LLC
18691 Jamboree Road Tenant LLC
1875 K Street NW Tenant LLC
1881 Broadway Hq LLC
1900 Market Street Tenant LLC
1900 Powell Street Tenant LLC
1910 North Ola Avenue Tenant LLC
1920 McKinney Ave Tenant LLC
195 Montague Street Tenant LLC
199 Water Street Tenant LLC
2 Belvedere Drive Tenant LLC
2 Embarcadero Center Tenant LLC
2 North Lasalle Street Tenant LLC
20 W Kinzie Tenant LLC
200 Berkeley Street Tenant LLC
200 Massachusetts Ave NW Tenant LLC
200 Portland Tenant LLC
200 South Biscayne Blvd Tenant LLC
200 South Orange Avenue Tenant LLC
200 Spectrum Center Drive Tenant LLC
201 Spear St Tenant LLC
2031 3Rd Ave Tenant LLC
205 Hudson Street Tenant LLC
205 North Detroit Street Tenant LLC
21 Penn Plaza Tenant LLC
210 N Green Partners LLC
210 N Green Promoter LLC
2120 Berkeley Way Tenant LLC
21255 Burbank Boulevard Tenant LLC
214 West 29th Street Tenant LLC
22 Cortlandt Street HQ LLC
2201 Broadway Tenant LLC
221 6th Street Tenant LLC
2211 Michelson Drive Tenant LLC
222 Kearny Street Tenant LLC
222 North Sepulveda Tenant LLC
222 S Riverside Plaza Tenant LLC
2221 Park Place Tenant LLC
2222 Ponce De Leon Blvd Tenant LLC
225 South 6th St Tenant LLC
225 W 39th Street Tenant LLC
229 West 36th Street Tenant LLC
231 11th Ave Tenant LLC
2323 Delgany Street Tenant LLC

24 Farnsworth Street Q LLC
2-4 Herald Square Tenant LLC
2401 Elliott Avenue Tenant LLC
2420 17th Street Tenant LLC
2425 East Camelback Road Tenant LLC
245 Livingston St Q LLC
25 West 45th Street Hq LLC
250 E 200 S Tenant LLC
250 Park Avenue Tenant LLC
255 Giralda Avenue Tenant LLC
255 Greenwich Street Tenant LLC
255 S King St Tenant LLC
2600 Executive Parkway Tenant LLC
2700 Post Oak Blvd. Tenant LLC
27-01 Queens Plaza North Tenant LLC
2755 Canyon Blvd WW Tenant LLC
28 2nd Street Tenant LLC
28 West 44th Street Hq LLC
29 West 30th Street Tenant LLC
30 Hudson Street Tenant LLC
30 Wall Street Tenant LLC
300 Morris Street Tenant LLC
300 Park Avenue Tenant LLC
3000 Olym Boulevard Tenant LLC
3000 S Robertson Blvd Q LLC
3001 Bishop Drive Tenant LLC
3003 Woodbridge Ave Tenant LLC
3090 Olive Street Tenant LLC
31 St James Ave Tenant LLC
3101 Park Boulevard Tenant LLC
311 W 43rd Street Tenant LLC
3120 139th Avenue Southeast Tenant LLC
315 East Houston Tenant LLC
315 W 36th Street Tenant LLC
316 West 12th Street Tenant LLC
3200 Park Center Drive Tenant LLC
3219 Knox Street Tenant LLC
3280 Peachtree Road NE Tenant LLC
33 Arch Street Tenant LLC
33 East 33rd Street Tenant LLC
33 Irving Tenant LLC
330 North Wabash Tenant LLC
3300 N. Interstate 35 Tenant LLC
332 S Michigan Tenant LLC
333 West San Carlos Tenant LLC
3365 Piedmont Road Tenant LLC

340 Bryant Street Hq LLC
345 4th Street Tenant LLC
345 West 100 South Tenant LLC
35 East 21St Street Hq LLC
353 Sacramento Street Tenant LLC
35-37 36th Street Tenant LLC
360 NW 27th Street Tenant LLC
3600 Brighton Boulevard Tenant LLC
38 West 21St Street Tenant LLC
385 5th Avenue Q LLC
3900 W Alameda Ave Tenant LLC
391 San Antonio Road Tenant LLC
40 Water Street Tenant LLC
400 California Street Tenant LLC
400 Capitol Mall Tenant LLC
400 Concar Drive Tenant LLC
400 Lincoln Square Tenant LLC
400 Spectrum Center Drive Tenant LLC
4005 Miranda Ave Tenant LLC
401 San Antonio Road Tenant LLC
404 Fifth Avenue Tenant LLC
4041 Macarthur Boulevard Tenant LLC
405 Mateo Street Tenant LLC
408 Broadway Tenant LLC
410 North Scottsdale Road Tenant LLC
414 West 14th Street Hq LLC
415 Mission Street Tenant LLC
419 Park Avenue South Tenant LLC
420 5th Avenue Q LLC
420 Commerce Street Tenant LLC
424 Fifth Avenue Holdings LLC
424-438 Fifth Avenue Tenant LLC
428 Broadway Tenant LLC
429 Lenox Ave Tenant LLC
430 Park Avenue Tenant LLC
4311 11th Avenue Northeast Tenant LLC
433 Hamilton Avenue Tenant LLC
437 5th Avenue Q LLC
437 Madison Avenue Tenant LLC
44 East 30th Street Hq LLC
44 Montgomery Street Tenant LLC
44 Wall Street HQ LLC
448 North Lasalle Street Tenant LLC
45 West 18th Street Tenant LLC
450 Lexington Tenant LLC
460 Park Ave South Tenant LLC

460 West 50 North Tenant LLC
475 Sansome St Tenant LLC
483 Broadway Tenant LLC
49 West 27th Street Hq LLC
490 Broadway Tenant LLC
50 W 28th Street Tenant LLC
500 11th Ave North Tenant LLC
500 7th Avenue Tenant LLC
501 Boylston Street Tenant LLC
501 East Kennedy Boulevard Tenant LLC
501 East Las Olas Blvd Tenant LLC
501 Eastlake Tenant LLC
5049 Edwards Ranch Tenant LLC
505 Main Street Tenant LLC
505 Park Avenue Q LLC
50-60 Francisco Street Tenant LLC
511 W 25th Street Tenant LLC
515 Folsom Street Tenant LLC
515 N State Street Tenant LLC
5161 Lankershim Boulevard Tenant LLC
5215 North O'Connor Boulevard Tenant
    LLC
524 Broadway Tenant LLC
525 Broadway Tenant LLC
53 Beach Street Tenant LLC
540 Broadway Q LLC
545 Boylston Street Q LLC
546 5th Avenue Tenant LLC
550 7th Avenue Hq LLC
550 Kearny Street Hq LLC
57 E 11th Street Tenant LLC
575 5th Avenue Tenant LLC
575 Lexington Avenue Tenant LLC
5750 Wilshire Boulevard Tenant LLC
5960 Berkshire Lane Tenant LLC
599 Broadway Tenant LLC
6 East 32nd Street Ww Q LLC
600 B Street Tenant LLC
600 California Street Tenant LLC
600 H Apollo Tenant LLC
6001 Cass Avenue Tenant LLC
601 South Figueroa Street Tenant LLC
606 Broadway Tenant LLC
609 5th Avenue Tenant LLC
609 Greenwich Street Tenant LLC
609 Main Street Tenant LLC

611 North Brand Boulevard Tenant LLC
615 S. Tenant LLC
625 Massachusetts Tenant LLC
625 West Adams Street Tenant LLC
63 Madison Avenue Tenant LLC
65 East State Street Tenant LLC
650 California Street Tenant LLC
6543 South Las Vegas Boulevard Tenant
    LLC
655 15th Street Nw Tenant LLC
655 Montgomery St Tenant LLC
655 New York Avenue Northwest Tenant
    LLC
660 J Street Tenant LLC
660 North Capitol St NW Tenant LLC
6655 Town Square Tenant LLC
67 Irving Place Tenant LLC
6900 North Dallas Parkway Tenant LLC
695 Town Center Drive Tenant LLC
7 West 18th Street Tenant LLC
700 K Street NW Tenant LLC
700 North Miami Tenant LLC
700 SW 5Th Tenant LLC
708 Main St Tenant LLC
71 5th Avenue Tenant LLC
71 Stevenson Street Q LLC
711 Atlantic Ave Tenant LLC
725 Ponce De Leon Ave Ne Tenant LLC
7272 Wisconsin Avenue Tenant LLC
729 Washington Ave Tenant LLC
7300 Dallas Parkway Tenant LLC
731 Sansome Street Tenant LLC
75 Arlington Street Tenant LLC
75 E Santa Clara Street Tenant LLC
75 Rock Plz Tenant LLC
750 Lexington Avenue Tenant LLC
750 White Plains Road Tenant LLC
755 Sansome Street Tenant LLC
756 W Peachtree Tenant LLC
77 Sands Tenant LLC
77 Sands WW Corporate Tenant LLC
77 Sleeper Street Tenant LLC
7761 Greenhouse Rd Tenant LLC
777 6th Street NW Tenant LLC
78 SW 7th Street Tenant LLC
8 W 40th Street Tenant LLC

80 M Street SE Tenant LLC
800 Bellevue Way Tenant LLC
800 Market Street Tenant LLC
800 North High Street Tenant LLC
801 B. Springs Road Tenant LLC
808 Wilshire Boulevard Tenant LLC
820 18th Ave South Tenant LLC
821 17th Street Tenant LLC
83 Maiden Lane Q LLC
830 Brickell Plaza Tenant LLC
830 NE Holladay Street Tenant LLC
8305 Sunset Boulevard Hq LLC
8687 Melrose Avenue Tenant LLC
8687 Melrose Green Tenant LLC
88 U Place Tenant LLC
880 3rd Ave Tenant LLC
881 Peachtree Street Northeast Tenant LLC
8910 University Center Lane Tenant LLC
90 South 400 West Tenant LLC
901 North Glebe Road Tenant LLC
901 Woodland St Tenant LLC
902 Broadway Tenant LLC
920 5th Ave Tenant LLC
920 SW 6th Avenue Tenant LLC
9200 Timpanogos Highway Tenant LLC
925 4th Avenue Tenant LLC
925 N La Brea Ave Tenant LLC
9670416 Canada Inc.
9777 Wilshire Boulevard Q LLC
980 6th Avenue Tenant LLC
9830 Wilshire Boulevard Tenant LLC
99 Chauncy Street Q LLC
99 High Street Tenant LLC
Ark Investment Group Holdings LLC
Bird Investco LLC
CD Locations LLC
Cities By We LLC
Clubhouse TS LLC
Common Coffee LLC
Common Desk Daymaker LLC
Common Desk De LLC
Common Desk Holdings LLC
Common Desk Oc LLC
Common Desk Operations LLC
Common Desk West 7th LLC
Creator Fund Managing Member LLC

Euclid LLC
Fieldlens LLC
Five Hundred Fifth Avenue Hq LLC
Hub Tenant LLC, The
Insurance Services By Wework LLC
Legacy Tenant LLC
Mailroom Bar at 110 Wall LLC
Missionu PBC
One Gotham Center Tenant LLC
One Metropolitan Square Tenant LLC
Parkmerced Partner LLC
Play By Wework LLC
Powered By We LLC
Project Caesar LLC
Project Standby I LLC
Prolific Interactive LLC
Pxwe Facility & Asset Management
    Services LLC
South Tryon Street Tenant LLC
Spacious Technologies LLC
Waltz Merger Sub LLC
We Co. Management Holdings LP, The
We Co. MC LLC, The
We Co. Worldwide Ltd., The
We Rise Shell LLC
We Work 154 Grand LLC
We Work 349 5th Ave LLC
We Work Management LLC
We Work Retail LLC
Weinsure Holdco LLC
Welkio LLC
Wework 156 2nd LLC
Wework 175 Varick LLC
Wework 25 Taylor LLC
Wework 261 Madison LLC
Wework 54 West 40th LLC
Wework Asset Management LLC
Wework Bryant Park LLC
Wework Capital Advisors LLC
Wework Commons LLC
Wework Construction LLC
Wework Cos. (International) BV
Wework Cos. LLC
Wework Cos. Partner LLC
Wework Cos. US LLC
Wework Holdings LLC

Wework Inc.
Wework Interco LLC
Wework La LLC
Wework Labs Entity LLC
Wework Little West 12th LLC
Wework Magazine LLC
Wework Real Estate LLC
Wework Services LLC
Wework Space Services Inc.
Wework Space Services LLC
Wework Wellness LLC
Wework Workplace LLC
Wildgoose I LLC
WW 1010 Hancock LLC
WW 107 Spring Street LLC
WW 11 John LLC
WW 110 Wall LLC
WW 111 West Illinois LLC
WW 115 W 18th Street LLC
WW 1161 Mission LLC
WW 120 E 23rd Street LLC
WW 1328 Florida Avenue LLC
WW 1550 Wewatta Street LLC
WW 1601 Fifth Avenue LLC
WW 1875 Connecticut LLC
WW 2015 Shattuck LLC
WW 205 E 42nd Street LLC
WW 210 N Green LLC
WW 220 NW Eighth Avenue LLC
WW 222 Broadway LLC
WW 2221 South Clark LLC
WW 240 Bedford LLC
WW 25 Broadway LLC
WW 26 JS Member LLC
WW 312 Arizona LLC
WW 350 Lincoln LLC
WW 379 W Broadway LLC
WW 401 Park Avenue South LLC
WW 5 W 125th Street LLC
WW 500 Yale LLC
WW 51 Melcher LLC
WW 520 Broadway LLC
WW 535 Mission LLC
WW 555 West 5th Street LLC
WW 5782 Jefferson LLC
WW 600 Congress LLC

WW 641 S Street LLC
WW 718 7th Street LLC
WW 745 Atlantic LLC
WW 79 Madison LLC
WW 81 Prospect LLC
WW 811 West 7th Street LLC
WW 85 Broad LLC
WW 995 Market LLC
WW Brooklyn Navy Yard LLC
WW Buildco LLC
WW Co-Obligor Inc.
WW Enlightened Hospitality Investor LLC
WW Holdco LLC
WW Journal Square Holdings LLC
WW Journal Square Member LLC
WW Onsite Services Aag LLC
WW Onsite Services Exp LLC
WW Onsite Services LLC
WW Onsite Services Sfi LLC
WW Onsite Services Sum LLC
WW Project Swift Development LLC
WW Project Swift Member LLC
WW Vendorco LLC
WW Worldwide CV
WWCO Architecture Holdings LLC

# SCHEDULE 1(b)

## **Current and Former Directors and Officers**

Aronzon, Paul
Catalano, Susan
Clavel, Alex
Greenspan, Peter
Keglevic, Paul
Lapuma, Elizabeth
Miller, Henry S.
Neumann, Adam
Parekh, Vikas
Swidler, Pam
Tolley, David
Wehner, Kurt
Yazbeck, Anthony

# SCHEDULE 1(c)

## **Bankruptcy Judges and Court Staff**

Altenburg, Andrew B., Jr.
Ferguson, Kathryn C.
Gambardella, Rosemary
Gravelle, Christine M.
Kaplan, Michael B.
Meisel, Stacey L.
Naughton, Jeanna A.
Papalia, Vincent F.
Poslusny, Jerrold N., Jr.
Sherwood, John K.

# SCHEDULE 1(d)

## **Banks, Lenders, Agents, and Payment Processors**

Adyen NV
Bank of America NA, Tokyo Branch
Citibank Europe plc, Hungarian Branch Office
Citibank NA
Citibank NA, London Branch
Cybersource
Deutsche Bank AG, London Branch
Goldman Sachs Asset Management LP
Goldman Sachs Bank USA
Goldman Sachs International Bank
HSBC Bank USA NA
JPMorgan Chase Bank Luxembourg SA
JPMorgan Chase Bank NA
JPMorgan Chase Bank NA, Johannesburg
JPMorgan Chase Bank NA, London Branch
JPMorgan Chase Bank, Amsterdam
JPMorgan Chase Bank, London
JPMorgan Chase Bank, Toronto
Kroll Agency Services Ltd.
Mizuho Bank Ltd.
Natixis, Hong Kong Branch
OneIM Fund I LLP
Societe Generale, Hong Kong Branch
Stripe Inc.
US Bank Trust Co. NA
Wells Fargo Bank NA

# SCHEDULE 1(e)

## **Customers**

Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted
Customer – Redacted

## SCHEDULE 1(f)

### **Bankruptcy Professionals**

Alvarez & Marsal North America LLC
Cole Schotz PC
Cooley LLP
Davis Polk & Wardwell LLP
Ducera Partners LLC
Epiq Corporate Restructuring LLC
Freshfields Bruckhaus Deringer LLP
Greenberg Traurig LLP
Hilco Global
Houlihan Lokey Capital Inc.
Munger Tolles & Olson LLP
Piper Sandler & Co.
PJT Partners LP
Province Inc.
Weil Gotshal & Manges LLP
Wollmuth Maher & Deutsch LLP

# SCHEDULE 1(g)

## **Equity Holders**

Cupar Grimmond LLC
SB WW Holdings (Cayman) Ltd.
Softbank
SVF Endurance (Cayman) Ltd.
SVF II WW Holdings (Cayman) Ltd.

# SCHEDULE 1(h)

## Insurance

1389 Peachtree Street LP
1711 Rhode Island Owner LLC
575 Lex Property Owner LLC
601 Metropolitan Square LLC
729 Washington Property Owner LLC
881 Peachtree Street LLC
AAT Lloyd District LLC
AB Metro Properties Ltd.
AG-Erep East Kennedy Owner LLC
AIG Property Casualty Co.
AIG Specialty Insurance Co.
AIU Insurance Co.
Allianz Global US Risk Insurance Co.
American Bankers Insurance Co. of Florida
Americani International Group Inc.
Arch Specialty Insurance Co.
Argo Group International Holdings Ltd.
Argonaut Insurance Co.
Aspen American Insurance Co.
BCSP Circa Property LLC
Beazley Insurance Co.
Berkley Insurance Co.
Canopius Insurance Services
Capitol View
Chubb
Continental Casualty Co.
Continental Insurance Co.
Crp/Mi West Loop Owner LLC
Endurance American Insurance Co.
Endurance Assurance Corp.
Federal Insurance Co.
Giralda PB LLC
Greenwich Insurance Co.
.

GW Property Services LLC
Hiscox Insurance Co.
Illinois National Insurance Co.
Illinois Union Insurance Co.
KBSIII Legacy Town Center LLC
Ma-100 Summer Street Owner LLC
Madison Centre LLC
Mikoma Electric Co.
National Casualty Co.
National Union Fire Insurance Co.
Nationwide
Philadelphia Indemnity Insurance Co.
Pioneer Underwriters – Syndicate Number
     1980
QBE Insurance Co.
Red Development
RenaissanceRe – Syndicate Number 1458
RLI Insurance Co.
Royal & Sun Alliance Insurance Co. of
     Canada
RSUI Indemnity Co.
Sompo America Insurance Co.
Station Square 4670 Assembly LP
Sunset North LLC
T-C 4th & Madison LLC
Tokio Marine Hcc
TSSP LLC
U.S. Specialty Insurance Co.
VGB 990 Aoa LLC
Wasserstein Enterprises LLC
Westchester Fire Insurance Co.
XL Specialty Insurance Co.
Zurich American Insurance Co

# SCHEDULE 1(i)

## Landlords, Lease Rejection Counterparties, and Guarantor Landlords

0862223 BC Ltd.
10 East 38th Street Co. LLC
100 Summer Owner LLC
1001 Dominion Square Management Inc.
1001 Webward Master Tenant LLC
101 North First Avenue LLC
1045 Howe Street Holdings Ltd.
1090 Pender Properties Ltd.
11 Park Place LLC
110 Wall Street LP
1100 15th Street LLC
1156 APF LLC
120 East 16th Street Co. LLC
1201 Tab Owner LLC
120MG Jersey Ltd.
130 Wood Street Trustees Ltd.
130W42 Opco LLC
1389 Peachtree Street LP
1440 Broadway (NY) Owner LLC
1450 Broadway LLC
1460 Leasehold Swighm LLC
149 Fifth Ave. Corp.
1547 9th LLC
1619 Broadway Realty LLC
1701 Rhode Island Inc.
17-18 Management Co. LLC
177 Colorado Owner LLC
1814 Franklin Investors LLC
18191 Von Karman Avenue Tenant LLC
183 Madison Owner APF LP
185 Madison Avenue LLC
1900 McKinney Harwood LLC
195 Montague Owner LLC
2 Ninth Avenue Partners LLC
200 Portland Street LLC
200 Spectrum Center Drive LLC
2000 Sierra Point Parkway LLC
2015 Main Partnership
2016 Soho LLC
221 W. 6th Street (TX) Owner LLC
2211 Michelson Holdings LLC
222 Broadway Owner LLC

229 West 36th Street Tenant LLC
2420 17th Street LLC
255 South King Street LP
2600 CR LLC
260-261 Madison Avenue LLC
270B Metropolitan Square LLC
2755 Canyon Boulevard LLC
29 West Manager LLC
3000 S Robertson Property Owner LLC
3000 S. Robertson Property Owner LLC
34 South 11th Street LP
36 LLC
385 Fifth Avenue LLC
400 California LLC
400 Spectrum Holdings LLC
408 Bway Realty LLC
419 Park Avenue South Associates LLC
44 Wall Street Holdings LP
448 North LaSalle LLC
460 Park Avenue South Associates LLC
490 Lower Unit LP
500 Fifth Avenue (New York) LLC
500-512 Seventh Avenue LP
520 Broadway Owner LLC
54 West 40th Realty LLC
550 Stewart Acquisition LLC
575 Lex Property Owner LLC
58508 Alberta Ltd.
599-6 LLC
600 B Street San Diego Owner LLC
600 California Owner LLC
6001 Cass LLC
601 Metropolitan Square LLC
625 Mass Ave. Owner LLC
625 W. Adams LLC
655 New York LLC
6763332 Canada Inc.
6E32 Fee Owners LLC
711 Atlantic Avenue Co. LLC
77 Leadenhall Ltd.
77 Sands Owner LLC
79 Madison LLC

80 Lafayette Associates LLC
800 Market Street LLC
800 N. High Investments LLC
801 Barton Springs Owner LLC
8440 Cambie Nominee Corp.
85 Broad Street Property Owner LLC
881 Peachtree Street LLC
A&A UKI Three Ltd.
A+E Immobilienverwaltungs Gmbh & Co.
    KG
AAA Northeast
Aareal Capital Corp.
AAT Lloyd District LLC
AB 40th Street LLC
AB Metro Properties Ltd.
Abner Properties Co.
Acorns Grow Inc.
Administradora Jockey Plaza Shopping
    Center SA
Afiaa 125 West 25th Street LLC
AG Beltane 33 Queen BV
AG Redstone Owner LP
AG-LC Warner Center Phase IV Owner LP
AGLM IMMO
Agre Williams Square Holdings LLC
AL 511 West 25th Street Owner LLC
Aldwych Investments Ltd.
Alese SAC
Alida Grundstucksgesellschaft Mbh & Co.
    KG
Allen Matkins Leck Gamble Mallory &
    Natsis LLP
Allianz Lebensversicherungs AG
Allianz Private Krankenversicherungs AG
Allianz SpA
Alston & Bird LLP
Amazonia Administracao E Locacoes Ltda.
AMCO 120 West Trinity
Amerant Bank NA
AMF Pensionsforsakring AB
Amundi Re Italia Sgr SpA
AP The Hill Owner LLC
AP Victory Park LP
APF 28 West 44 Owner LP
Apollo Technology Platform Inc.
Apple Bank For Savings

Archlane Ltd.
Argonaut Insurance Co.
ARI SP Nominee Inc.
ARI SP1 Nominee Inc.
Arnold & Porter Kaye Scholer LLP
Arrendadora Nest SA de CV
Asana Partners Fund III REIT 1 LLC
Atim Universite SCI
Atrium North Tower BV
Avenida Capital De Colombia SAS
Aviva Life & Pensions UK Ltd.
BA1 2201 Broadway LLC
Banca Mifel SA Multiple Banking
    Institution Trust Division
Banca Mifel, Sociedad Anonima, Institucion
    De Banca Multiple, Como Fiduciaria En
    El Fideicomiso Banca Mifel Fideicomiso
    1664/2013
Banco Actinver
Banco Actinver SA
Banco Actinver SA Institution De Banca
    Multiple
Banco Monex SA
Bank of America Merrill Lynch Real Estate
    Structured Finance Servicing Nc1-026-
    06-01
Bank of America NA
Bank of East Asia Ltd., The
Bank of New York Mellon, The
Bank of The Ozarks
Bank OZK
BCAL 44 Montgomery Property LLC
BCAL Gateway Property LLC
BCSP 330 North Wabash Property LLC
BCSP 515 North State Street LLC
BCSP 8 600 Property LP
BCSP Circa Property LLC
BCSP Crossroads Property LLC
BCSP Denver Property LLC
Bcsp Vii Investments LP
BDN 1900 Market Owner LLC
Bellevue Place Office LLC
Belvedere Place JV LLC
BH Centre Head Corp.
BICE Vida Compañía De Seguros SA
Block Younger LLC

Blue Bottle Coffee Inc.
BNY Tower Associates LLC
Boston Properties LP
Botanic Building NV
Brentwood Town Centre LP
Broadway Continental Corp.
Brown Rudnick LLP
Bryan Cave Leighton Paisner LLP
BSREP II SJ Towers LLC
BSREP LLL Orion V REIT LLC
Building at 575 Fifth Office Owner LLC,
    The
BXP Madison Centre I LLC
BXP Madison Centre I LLC And BXP
    Madison Centre II LLC
BXP Madison Centre II LLC
BXP Mission 535 LP
C&A 483 Broadway LLC
CA 5-15 West 125th LLC
Cab Bedford LLC
Canadian Imperial Bank of Commerce
Canadian Imperial Bank of Commerce Real
    Estate Finance Division
Capital & Counties CG Ltd.
Capital & Counties CG Nominee Ltd.
Capitol Crossing I LLC
Capitol View JV-E, a Tennessee General
    Partnership
CBD One Pty Ltd.
Cbus Property 5 Martin Place Pty. Ltd.
CCP/MS SSIII Denver Tabor Center 1
    Property Owner LLC
Cedar Real Estate Investments plc
Centenario Renta Immobiliaria SAC
Central Place Office LLC
Centro Comercial Punto Sur SAPI de CV
Cetza Trustees S1 Ltd.
Cetza Trustees S2 Ltd.
CG Cutlers Gardens (Jersey) 2 Ltd.
CG Cutlers Gardens (Jersey) Ltd.
Chevy Chase LLC
Chun, Yang Hyeon
Cibanco SA
Cibanco Sociedad Anonima Institucion De
    Banca Multiple Fideicomiso CIB
CIO Bloc 23 LLC

CIO Bloc 83 LLC
CIO Terraces LLC
Cit Bank NA
Citibank NA
Citizens Bank NA
Civic Center Owner LLC
CLDN NY LLC
Clearfork Retail Venture LLC
Cmsreuk Moorgate Propco Ltd.
CMTG Lender 33 LLC
Colisee RE
College Park Coworking LLC
Columbia REIT - 650 California LLC
Commerz Grundbesitz
    Investmentgesellschaft MBH
Constellation Place LLC
Cordova II Equities Inc.
Core & Value Advisors LLC
Coref Spencer Property Pty. Ltd.
Corporativo Plaza Del Parque SA de CV
Corrigan Station LLC
Corum Eurion SCPI
Costa E. Oliveira Participacoes Ltda.
Cousins 725 Ponce LLC
Cousins Railyard LP
CP 1875 K Street LLC
CP 7272 Wisconsin Avenue LLC
CP/IPERS Seattle LLC
CR-Chicago 125 South Clark Street LLC
Crystal Realty 1 SAC
CSHV 1600 7th Avenue LLC
CSHV 615 College LLC
CT021 Acquisitions II LLC
Curtis Mallet-Prevost Colt & Mosle LLP
Cushman & Wakefield Inc.
Cushman & Wakefield of California Inc.
CV Latitude 34 LLC
CZ Properties LLC
Daishin Securities Co. Ltd.
Daisho Co. Ltd.
Dame Plaza Property Trading DAC
Dataminr Inc.
Dcv Berlin-Mitte Gmbh & Co. KG
Dellia Investments - Projekt Echo - 115
    Spolka Z Ograniczona
Deo Belgium 2 SRL

DEREIF Dublln Harcourt Road SARL
Desarrollos P. Hierro SA de CV
Deutsche Bank AG, New York Branch
Deutsche Bank Mexico SA
Deutsche Bank Trust Co. Americas
Dexus Cpa Pty. Ltd.
Dexus Wholesale Management Ltd.
Diamond Marina II LLC
Diamond Marina LLC
Dixcity Real Estate SA
DLA Piper LLP (US)
Domain Northside Office Property Owner LP
Douglas Emmett 2014 LLC
DP Leasehold (Illinois) LLC
Dream Office LP
DRN SRO
DTRT 1449 Woodward LLC
DTS Office Holdings LLC
Dunnhumby Ltd.
DWF V 311 W 43rd LLC
DWF V 311 W. 43 Rd. LLC
Eastcheap Luxembourg SARL
Edissimmo & Rivoli Avenir Patrimoine
EIB Studio Square LLC
El Rosal Trust Fund
Eldon Street Ltd.
Elementum SCS
Elisabeth House Nominee No. 1 Ltd.
Elisabeth House Nominee No. 2 Ltd.
Elkins Kalt Weintraub Reuben Gartside LLP
Ellpa Participacoes Patrimoniais e Empresariais Ltda.
Embarcadero Center Associates
Emmet Marvin & Martin LLP
Engage Inversiones 2014 SL
EPGF (NL) Amsterdam Cooperative UA
Epic (General Partner Russel Square) Ltd.
Epic Lafayette Street LLC
Epic Nominees (Russell Square) Ltd.
Esplanade Owner LLC
European Medicines Agency
European Property Lux Acquico 3 SARL
F1 Stevenson LLC
Fade Promociones SA de CV
Fairway East Kennedy Owner LLC

Fideicomiso Arriendos y Concesiones OFI 7 La Francia
Fideicomiso Arriendos y Concesions OFI 7 - II
Fideicomiso de Actividades Empresariales Numero F/4143
Fideicomiso Flormorado Plaza
Fideicomiso Master 8111
Fideicomiso Oficinas WeWork Atlantica
Fideicomiso Patrimonio Autonomo Torre Aconstruir
Fideicomiso Torre Calle 100
Fife Y&G Pty. Ltd.
First Property Group plc
Flagstar Bank NA
Focheong Pty. Ltd.
Fondo de Capital Privado Fondo Inmobiliario Colombia
Forethought Life Insurance Co.
Fundo de Investimento Imobiliario – FII Torre Almirante
Fundo de Investimento Imobiliario - FII Torre Norte
Fundo de Investimento Imobiliário - FII Torre Norte
Fundo de Investimento Imobiliario JK D - FII
Fundo de Investimentos Imobiliarios Multi Renda Urbana
Fundo de Investmento Imobiliario - FII Prime Portifolio
Fundo de Investimento Imobiliario TM-FII
G.S. 505 Park LLC
Gaia Realizacoes Imobiliarias Ltda.
Galewood Ltd.
Gamma Sudamericana SA
Garber, Ricardo Elías
Gateway Property Owner LLC
Gazprom Germania GmbH
GC 123 BPR Ltd.
Geary-Stockton Realty LLC
Geciter SAS
Generali Real Estate SGR SpA
Gibson Dunn & Crutcher LLP
Giralda Complex LLC
Giralda PB LLC

GJP Bossa Nova Empreendimentos SA
Godo Kaisha Minori Investment
Goldberg Weprin Finkel Goldstein LLP
Goldman Sachs International Bank
Goldman Sachs Lending Partners LLC
Gorsuch Street Development Ltd.
GP Commercial JPM LLC
GPT Funds Management Ltd.
Grandland Management Ltd.
Greenberg Traurig LLP
GRE-F 222 Kearny Fee LLC
GRE-F 222 Kearny Leasehold LLC
Grunwalder Grundvermogen GmbH
Grupo Accionario Colorado SA de CV
Grupo Catalana Occidente Activos
    Inmobiliarios SL
Grupo Catalana Occidente Activos
    Inmobiliarios SLU
Grupo Patio Oficinas SAC
GS 505 Park LLC
GSJC Master Lessee LLC
GT RP Halcyon LLC
GTIS Atilio Innocenti Empreendimentos
    Ltda.
GW Property Services LLC
Haakon VIIS Gate 5 Holding AS
Halifax Pension Nominees Ltd.
Hana Property SARL
Hancock S-REIT Sacramento LLC
Hansef Propco GmbH
Haynes & Boone LLP
HBR 1 - Investimentos Imobiliarios Ltda.
HCG Block 69 LP
Heinz Bose Immobilien Verwaltungs GBR
Herald Square Owner LLC
Hesa 112 Investimentos Imobiliarios Ltda.
Hesa 37 - Investimentos Imobiliarios Ltda.
Hghi Schultheiss Quartier GmbH & Co. KG
HL Champion Holding Co. LLC
Holland & Knight LLP
Hoopp Realty Inc.
Hospitals Contribution Fund of Australia
    Ltd., The
Hpref Ireland (Georges Quay & Court) DAC
HSRE-Portman Tech Square LLC
Hudson 1003 4th Place LLC

Hudson 1099 Stewart Street LLC
Hudson 1455 Market Street LLC
Hudson 405 Mateo LLC
Hudson's Bay Co. ULC
Hullmark (230-240 Richmond) LP
Ilsong Private Qualified Investors Real
    Estate Investment Co.
Imotur - Fundo Especial de Investimento
    Imobiliario Fechado
Inmobilia Nivel Cinco Cero Dos SA de CV
Inmobiliaria Puente Ltda.
Inmobiliaria Valle De Colorines SA de CV
Innovation Pointe One LLC
Innovation Pointe Two LLC
Institucion De Banca Multiple
Interlock Atlanta LLC
International Plaza Associates LP
Inversioners Centro Sur SA
Inversiones Montanel SAS
Invesco Real Estate
IQHQ-Aventine West LP
Irish Life Assurance plc
Ivanhoé Cambridge Inc. - PVM
J.G. Capital Hill LLC
Jack Resnick & Sons Inc.
Jack Vogel Associates
Jameson Babbitt Stites & Lombard pllc
John Hancock Life Insurance Co.
Jones Lang Lasalle Real Estate Services Inc.
Joseph P. Day Realty Corp.
JPMBB Commercial Mortgage Securities
    Trust 2014-C26
JPMorgan Chase Bank NA
JPPF Waterfront Plaza LP
Jules Lefebvre SAS
Kanji Investment Corp.
Karrev (Reserve) Ltd.
Kasowitz Benson Torres LLP
Kato International LLC
Katten Muchin Rosenman LLP
Kaye Scholer LLP
KBSIII 201 Spear Street LLC
KBSIII Legacy Town Center LLC
Kinea Investimentos Ltda.
Kingboard Moor Place SARL
Kingsclub Development Inc.

Koffman Kalef LLP
KRE Summit 1, 2, Owner LLC
KS SP Nominee Inc.
KS Sp1 Nominee Inc.
L. Charney 1410 Broadway LLC
La375 WW SA de CV
Ladder Capital Finance LLC
Laffite Pierre
Lakeshore Land Lessee PT LLC
Landings 2 Propco SARL
Lasalle Brokerage Inc.
Laurelgrove Ltd.
Law Offices of David J. Feit, Esq., pllc
Lawland Corp.
LBA RV - Co. IX LP
LCL Global-Golden Gate LLC
LCM EU Investment 1 SARL
Legacy West Investors LP
Lendinvest Secure Trustees Ltd.
Lendlease (Daramu House) Pty. Ltd.
Lenox 429 Avenue Inc.
LF Gramercy Property Co. LLC
LF Greenwich LLC
LHREV Austin University Park LP
Libercorner SA
Liberty Market Building Two LP
LIC Site B-1 Owner LLC
Lifetime Adelaide Street Inc.
Lincoln Street Property Owner LLC
Link Properties Investimentos Imobiliarios
    Ltda.
Loeb & Loeb LLP
Lore BCA 2120 LP
Loro Piana SpA
LS2 Office LLC
LUX Europa III SARL
LVA4 Atlanta Colony Square LP
LV-Patio Renta Inmobiliaria III SpA
M&G Ltd.
Madison Avenue Leasehold LLC
Madison-OFC 5161 CA LLC
Maguire Properties-555 W. Fifth LLC
Manufacturers Life Insurance Co., The
Maplestone Ltd.
Marble Range Ltd.
Market Holdings Co. LLC

Market Place Torres Ltda.
Marks & Spencer plc
Mayore Estates LLC
MC 19 East Houston LLC
MC 71 Fifth Avenue Realty LLC
McGavock Pike Partners GP
MCP Hub I Property LLC
Mennica Towers GGH MT Spolka Z
    Organiczona Odpowiedzialnoscia SKA
MEPT 475 Sansome Street LLC
MET Tower Owner LLC
Metropolitan Life Insurance Co.
Metropolitan Life Insurance Co., Law
    Department
MMG Properties Ltd.
Monex Grupo Financiero
Monroe, James
Moore, Douglas Ricardo
Morrison & Foerster LLP
Morrison Cohen LLP
Mozaic East LLC
MPG St Katharine Nominee Two Ltd.
MPG St Katharine Nominee Ltd.
MSI Holyoke LLC
MT Back Bay One LLC
Namor Realty Co. LLC
Narland Management Services Partnership
National Farmers Union Mutual Insurance
    Society Ltd., The
Natixis Real Estate Capital LLC
Natixis, New York Branch
Neumann, Adam
New Roman House Ltd.
Newmark Group Inc.
North West House One Guernsey PTC Ltd.
North West House Two Guernsey PTC Ltd.
NP 18th & Chet LLC
NPS 3 Propco SARL
NW 524 Soho LLC
O&R Ltd.
OBS REIT LLC
OCC Commercial LLC
Old Street (Jersey) 1 Ltd.
Old Street Trustee (Jersey) 1 Ltd.
Old Street Trustee (Jersey) 2 Ltd.
Olive/Hill Street Partners LLC

Olshan Frome Wolosky LLP
Omers Realty Corp.
One Metropolitan Square Tenant LLC
One Town Center Associates
Onni Brand LP
Onni Manhattan Towers LP
OOO Kvartal 674-675
Opera Italiens SNC
Optrust West Pender Inc.
Oskar 20 GmbH & Co. KG
OSS 2016 LLC
Pacific Design Center 1 LLC
Pacific Red LLC
PAM Connecta Trust
Parhaus
Park 430 Operating Co. LLC
Park Place Associates Ltd.
Parlex 3A Finco LLC
Parnassus Tower BV
Patrizia Oval Ltd.
Patterson Belknap Webb & Tyler LLP
Paul Hastings LLP
PEA Green Owner LLC
Perkins Coie LLP
Perron Investments Pty. Ltd. (Perron)
PF Grand Paris
PFP Holding Co. VI LLC
PH Retail Advisors S de RL de CV
Piazza Partners I LP
Piedmont 1155 PCW LLC
Piedmont Office Realty Trust
Pigment Inc.
Placeholder Labs Inc.
PNBJ IV Ltd.
PNC Bank NA
Polsinelli PC
Ponte Gadea Biscayne LLC
Portland Administradora Fiduciaria SA
Potsdamer Platz C1 SARL
Power & Light Building LLC
Power House TSSP LLC
Predial JM Imobiliaria E Participacoes SA
Prevu Loans LLC
Principal Life Insurance Co.
Promenade Gateway LP
Property Chancery (UK) Ltd.

Prudential Assurance Co. Ltd., The
Prudential Services Ltd.
Quarry Oaks Owner LP
RAR2 – 222 South Riverside LLC
Redwood Nebraska LP
Refep Spain I SL
Resnick & Sons Inc.
Resnick 255 Greenwich LLC
Resnick Seaport LLC
Rfm Block On Congress I LLC
RFM-KTB CSQ Propco LLC
RFR Holding LLC
RFR/K 77 Sands Owner LLC
RFR/K 81 Prospect Owner LLC
Rio Tinto European Holdings Ltd.
Riverpark Tower I Owner LLC
Robinson Brog Leinwand Greene Genovese
    & Gluck PC
Roc-Fifth Avenue Associates LLC
Rockhill Management LLC
Rockpoint Group LLC
Romer Debbas LLP
Ronbet 40th Street LLC
Ronbet 437 LLC
Rosenberg & Estis PC
Royal Bank of Canada
Royal London Mutual Insurance Society
    Ltd., The
RXR 620 Master Lessee LLC
RXR Atlas LLC
Safeguard AI Inc.
Sage Realty Corp.
Samsung SRA Asset Management Co. Ltd.
Santander Holdings USA Inc.
SBP 2 SARL
Schulte Roth & Zabel LLP
Schwartz Levine pllc
SCI GRE Paneu Coeur Marais
SCI Le France
SCI LF Maillot 2000
SCI New York Fresnel
SCI Stresemann
SCI Trudaine
SDL Partners Ltd.
Seaport B/C Retail Owner LLC
SFIII 1111 Broadway LLC

Shape Brentwood LP
Sheley Hall & Williams PC
Sherin & Lodgen LLP
Signature Bank
Sociedad Agrícola Y de Inversiones Cuatro
    Robles SpA
Societe Immobiliere Camont Inc.
SOF-11 Propco 13 GBP SARL
SOF-11 SBC Propco SARL
SOF-Dearborn LP
SOF-XI PCT Single Tower Owner LLC
Soho AOA Owner LLC
Solidus SA Corretora De Cambio E Valores
    Mobiliarios
Somera Road - 1100 Main Street LLC
Spaulding & Slye Investments
Sperber Denenberg & Kahan PC
Spinningfields Unit Trust
SRI Eleven Minneapolis 225 LLC
Stafe 505 WW SA de CV
Stage Shoreditch (Office North) GP Ltd.,
    The
Stage Shoreditch (Office South) Nominee
    Ltd., The
Stena Realty BV
Sundance East Partners LP
Sunset North Owner LLC
Sunset Park Holdings LLC
Sutton Investment Group Ltd.
SVF Criterion Santa Monica Corp.
Swiss Life Asset Managers France
Takami Space Sp Zoo
T-C 33 Arch Street LLC
T-C 501 Boylston Street LLC
Teachers Insurance & Annuity Association
    of America for the Benefit of its Real
    Estate Account
Terminus Venture T100 LLC
Terra Capital Partners LLC
Threadneedle Pensions Ltd.
Three Galleria Office Buildings LLC
Tishman Speyer Junghof GmbH & Co. KG
Tjuvholmen Alle 1-5 AS
TMG 1333 New Hampshire Ave LLC
TMG 800 K Street LLC
Tokyu Land Corp.

Tower Nominees No.1 & No. 2 Jersey Ltd.
TPL Property Owner LLC
Tranel 1 LLC
Transbay Tower LLC
Trimont Real Estate Advisors UK Ltd.
Trinity Centre LLC
Trinity Hudson Holdings LLC
True Securitizadora SA
Trust Co. (Australia) Ltd., The
Trust Co. (Re Services) Ltd., The
Trust Co. Ltd. ATF the Lav Australia Sub
    Trust 1, The
Trustor Torre Calle 100
TS Q207 SARL
TYH Development Co. LLC
UI 55 Colmore Row Ltd.
Unico 250 East 200 South Tower LLC
Unico One Nashville Place LLC
Union Investment Real Estate GmbH
Union Square Associates LLC
Unitarian Universalist Association
United States, Government of the, Postal
    Service
Universal-Investment- GmbH
UPD 729 Washington LLC
Upper West Immobilien GmbH & Co. KG
Urbanismo Y Construccion SL
USBC Mortgage Lender LLC
US VI 2 Brickell LLC
Value Invest Immo #2
Vandergrand Properties Co. LP
VBG 990 AOA LLC
Vinci Offices Fundo de Investimento
    Imobiliario SA
Vinson & Elkins LLP
VREF Charlemont
VREF Shaftesbury SCS
W&S Properties LLC
Walber 419 Co. LLC
Wallarkaden Beteiligungs GmbH & Co. KG
Walsam 130 MAD LLC
Walsam Twenty-Nine Co.
War Horse Golden Gate LLC
Warschauer Platz Entwicklungsgesellschaft
    MBH
Warshaw Burstein LLP

Wasserstein Enterprises LLC
Watermark Tempe I LLC
WAW CED Sp Zoo
Wegweiser & Ehrlich LLC
Wells Fargo Bank NA
Wells REIT II - 80 M. Street LLC
West 18th Street Venture LLC
West 36 TT LLC
West 45 APF LLC
West Pender II LP
Westerman Ball Ederer Miller Zucker &
    Sharfstein LLP
Westfield Fulton Center LLC
Westlnvest Gesellschaft Fur
    Investmentfonds MBH
Westminister Meard Street Ltd.
Westview on 12th - Arc LLC
Witting Ton Investments (Properties) Ltd.
Wohio Holding Inc.
Wohl Loewe Stettner Fabricant & Deitz PC
W-SF Goldfinger Owner VIII LLC
Wynwood DS LLC
Yukon Capital SLU
Ziref Lux Netherlands 2 SARL

# SCHEDULE 1(j)

## Litigation Counterparties

1814 Franklin Investors LLC
2420 17th Street LLC
260-261 Madison Avenue LLC
400 California LLC
Individual – Redacted
AL 511 West 25th Street Owner LLC
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Bastion Collective Pty. Ltd.
Bastion Elevate LLC
Bastion Rare LLC
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Cognovi Labs Inc.
Individual – Redacted
CP1875 K Street LLC
CR-Chicago 125 South Clark Street LLC
CT021 Acquisitions II LLC
CTO Realty Growth Inc.
Individual – Redacted
Individual – Redacted
Detroit, City of (MI)
DP Leasehold (Illinois) LLC
DWF Group
Individual – Redacted
Individual – Redacted
Express LLC
Individual – Redacted
George Investment Partners LP

Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Indigo Group Inc.
Individual – Redacted
JC Elite Construction Services LLC
Individual – Redacted
Lakeshore Land Lessee PT LLC
Law Offices of Michael S. Lamonsoff, The
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
MCP Hub I Property LLC
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
New Angel Capital LLC
Individual – Redacted
Parkmerced Investors LLC
Individual – Redacted
Polanco, Jose
Q Globe
Individual – Redacted
Individual – Redacted
Individual – Redacted
Individual – Redacted
Shareholder Representative Services LLC
Individual – Redacted
Individual – Redacted
Thirteenth Floor Group LLC
Individual – Redacted
Individual – Redacted
Individual – Redacted

TPL Property Owner LP
United States, Department of the Treasury,
    Internal Revenue Service
United States, Government of the, Attorney
    General, Southern District of New York
United States, Government of the, Securities
    and Exchange Commission
United States, Government of the, Security
    and Exchange Commission,
    Enforcement Division
Individual – Redacted
Individual – Redacted
Individual – Redacted
War Horse Golden Gate LLC
Individual – Redacted
Individual – Redacted
Individual – Redacted

# SCHEDULE 1(k)

## Non-Debtor Affiliates

1 America Square Q Tenant Ltd.
1 Ariel Way Tenant Ltd.
1 George's Quay Tenant Ltd.
1 Lloyd's Avenue Tenant Ltd.
1 Locatellikade Q BV
1 Mark Square Tenant Ltd.
1 Poultry Tenant Ltd.
1 St Katharine's Way Tenant Ltd.
1 St Peter's Square Tenant Ltd.
1 Sussex Street Pty. Ltd.
1 Waterhouse Square Tenant Ltd.
10 East Road Tenant Ltd.
10 Fenchurch Avenue Tenant Ltd.
10 Hazerem Street Tenant Ltd.
100 Harris Tenant Pty. Ltd.
101 Karl-Marx-Straße Tenant GmbH
10-12 Russell Square Q Ltd.
1090 West Pender Street Tenant LP
11 Neue Bahnhofstraße Q GmbH
11 Spittelmarkt Tenant GmbH
114 East 4Th Avenue Tenant LP
119 Marylebone Road Tenant Ltd.
12 Hammersmith Grove Tenant Ltd.
12 Moorgate Tenant Ltd.
120 Moorgate Tenant Ltd.
120 Old Broad St Q Ltd.
120 Spencer Street Pty. Ltd.
123 Buckingham Palace Road Tenant Ltd.
123 Eagle Street Tenant Pty. Ltd.
123 Schönhauser Allee Tenant GmbH
125 Kingsway Tenant Ltd.
125 Shaftesbury Tenant Ltd.
130 Wood Street Tenant Ltd.
131 Finsbury Pavement Tenant Ltd.
133 Houndsditch Tenant Ltd.
14-16 Great Chapel Tenant Ltd.
142 Old Street Q Tenant Ltd.
142 Wardour Street Tenant Ltd.
144 Menachem Begin Tenant Ltd.
146 Derech Menachem Begin Tenant Ltd.
15 Bishopsgate Tenant Ltd.
15 Herzogstraße Tenant GmbH

150 9 Avenue Southwest Tenant LP
152 Saint Georges Terrace Pty. Ltd.
155 Townsend St Q Tenant Ltd.
16 Efal Tenant Ltd.
16 Helkikey Ha'Or Tenant Ltd.
160 Shelbourne Road Q Ltd.
161 Castlereagh Street Pty. Ltd.
165 Fleet Street Tenant Ltd.
17 St Helen'S Place Tenant Ltd.
184 Shepherds Bush Road Tenant Ltd.
19 Schillerstraße Tenant GmbH
192 Ann Street Tenant Pty. Ltd.
2 Eastbourne Tenant Ltd.
2 Minster Court Tenant Ltd.
2 Southbank Tenant Ltd.
20 Heinrich-Heine-Allee Tenant GmbH
20 Rotherstrasse Tenant GmbH
207 Old Street Tenant Ltd.
21 Soho Square Tenant Ltd.
22 Long Acre Tenant Ltd.
222 Exhibition St Pty Ltd.
23 Schocken Street Tenant Ltd.
242 Prenzlauer Allee Tenant GmbH
25 K Street Pty. Ltd.
25 Turmstraße Tenant GmbH
26 Hatton Garden Tenant Ltd.
260 Queen Street Pty. Ltd.
28-42 Banner Street Q Ltd.
3 Aluf Kalman Magen Tenant Ltd.
3 Cuvrystraße Tenant GmbH
3 Waterhouse Square Tenant Ltd.
30 Churchill Place Tenant Ltd.
30 Ibn Gabirol Tenant Ltd.
31 Handelsstraat Tenant
32 King George Tenant Ltd.
320 Pitt Street Pty. Ltd.
33 Bloor Street East Tenant LP
33 Q Street Tenant Ltd.
33 Rue La Fayette Tenant SAS
333 George Street Pty. Ltd.
345 Bourke Street Tenant Pty. Ltd.
35 Kalvebod Brygge Tenant ApS

37 Shaul Hamelech Boulevard Tenant Ltd.
38 Chancery Lane Tenant Ltd.
383 George Street Tenant Pty. Ltd.
4 Maale Hashichrur Tenant Ltd.
4 Sint-Lazaruslaan Tenant
40 Rue Du Colisée Tenant SAS
40 Tuval Tenant Ltd.
401 Collins Street Tenant Pty. Ltd.
41 Blackfriars Road Tenant Ltd.
42 Charlemont Street Tenant Ltd.
424 Fifth Avenue Junior Holdings LLC
424 Fifth Avenue LLC
424 Fifth Avenue Senior Holdings LLC
45 Haatzmaut Tenant Ltd.
4635 Lougheed Highway Tenant LP
5 Harcourt Road Tenant Ltd.
5 Martin Place Tenant Pty Ltd.
5 Merchant Square Tenant Ltd.
50 Miller Street Pty Ltd.
500 Bloor Street West Tenant LP
50-60 Station Road Tenant.
51 Eastcheap Tenant Ltd.
52 Bedford Row Tenant Ltd.
53 Belliardstraat Tenant
55 Colmore Row Tenant Ltd.
56 Schildergasse Tenant GmbH
6 Totzeret Haaretz Tenant Ltd.
64 York Street Pty Ltd.
66 King Street Tenant Pty Ltd.
7 Menachem Begin Tenant Ltd.
70 Wilson Street Tenant Ltd.
700 2 Street Southwest Tenant LP
71-91 Aldwych House Tenant Ltd.
72 Knesebeckstraße Tenant GmbH
76-78 Clerkenwell Road Tenant Ltd.
77 Farringdon Road Tenant Ltd.
77 Leadenhall Street Tenant Ltd.
80 George Street Tenant Ltd.
8-14 Meard Street Tenant Ltd.
89-115 Mare Street Tenant Ltd.
90 York Way Tenant Ltd.
91 Baker Street Tenant Ltd.
97 Hackney Road Tenant Ltd.
99 Q Victoria Street Tenant Ltd.
Alexanderplatz 1 Tenant GmbH
Arnulfstraße 60 Tenant GmbH

Axel-Springer-Platz 3 Tenant GmbH
Ballindamm 40 Tenant GmbH
Central Plaza Tenant Ltd.
Chausseestraße 29 Tenant GmbH
Corsham Tenant Ltd.
Dalton Place Tenant Ltd.
Dublin Landings Tenant Ltd.
Eichhornstraße 3 Tenant GmbH
Emprendimientos Y Proyectos Del Peru
    SAC
Euclid WW Holdings Inc.
Friedrichstraße 76 Tenant Gmbh
Friesenplatz Tenant GmbH
Gänsemarkt 43 Tenant GmbH
Gerhofstraße 1-3 Tenant GmbH
Gravity Coworking Pty Ltd.
Hagfish Mumbai Private Ltd.
Hammerjaw Bengaluru Private Ltd.
Herengracht 206 Tenant BV
Hewitt Shoreditch Tenant Ltd., The
Houndshark Delhi Private Ltd.
Icefish Apac Holdco BV
Icefish Investment Holdco BV
Iveagh Court Tenant Ltd.
Junghofstrasse 13 Tenant GmbH
Junghofstraße 22 Tenant GmbH
Karl-Liebknecht Street Tenant GmbH
Keizersgracht 271 Tenant BV
Keizersgracht 572 Tenant BV
Kemperplatz 1 Tenant GmbH
Kurfürstendamm 11 Tenant GmbH
Latam Co. BV
Lt Build Ltd.
Midtown Music Club Ltd.
Naked Hub Vietnam Holdings Ltd.
Neue Schönhauser Straße 3-5 Tenant GmbH
Neuturmstraße 5 Tenant GmbH
NHNP Vn Ltd.
No. 1 Spinningfields Tenant Ltd.
Oskar-Von-Miller-Ring 20 Tenant GmbH
Oskar-Von-Miller-Ring 33 Q GmbH
Powered By We Germany GmbH
Powered By We UK Ltd.
Provost And East Tenant Ltd.
PT Poweredbywe Services Indonesia
PT Wework Services International

Pxwe India Private Ltd.
Rosenthaler Straße 43-45 Tenant GmbH
Rudolfplatz 7 Tenant GmbH
Rue Des Archives 64/66 Tenant SAS
Sarphatistraat 8 Tenant BV
Shoreditch The Bard Tenant Ltd.
Skelbækgade 2-4 Tenant APS
Spacemob Pte. Ltd.
Stadhouderskade 5-6 Q BV
Stamford Street Tenant Ltd.
Standby I Tenant GmbH
Stralauer Allee 6 Tenant GmbH
Strawinskylaan 4117 Tenant BV
Stresemannstraße 123 Tenant GmbH
Taunusanlage 8 Tenant GmbH
Unomy Ltd.
Warschauer Platz Tenant GmbH
We Co. Management LLC, The
We Co. Pi LP, The
We Co. Rou SRL, The
We Co. Worldwide Ltd., The
WeTech LLC
WeWork (Czech Republic) SRO
WeWork (Thailand) Ltd.
WeWork APAC Partner Holdings BV
WeWork Asia Holding Co. BV
WeWork Australia Pty. Ltd.
   WeWork Belgium
WeWork Busan 1-Ho Yuhan Hoesa
WeWork Canada GP BV
WeWork Canada GP ULC
WeWork Canada LP BV
WeWork Canada LP ULC
Wework Capital Advisors LLC
WeWork Community Workspace Ireland
   Ltd.
WeWork Community Workspace SL
WeWork Community Workspace UK Ltd.
Wework Cos. (International) BV
Wework Cos. LLC
WeWork Cos. Partner (International) BV
WeWork Denmark ApS
WeWork France SAS
WeWork Germany GmbH
WeWork Greater China Holding Co. BV
WeWork Gulf I FZ-LLC

WeWork Holding (Thailand) Co. Ltd.
WeWork India Management Pvt. Ltd.
WeWork International Ltd.
WeWork Israel Ltd.
WeWork Italy SRL
WeWork Japan GK
WeWork Korea Yuhan Hoesa
WeWork Malaysia Sdn. Bhd.
WeWork Middle East DWTC FZE
WeWork Middle East Gazelle Ltd.
WeWork Middle East Holdings BV
WeWork Netherlands BV
WeWork New Zealand
WeWork New Zealand Holdco BV
WeWork Norway AA
WeWork Paris I Tenant SAS
WeWork Paris II Tenant SAS
WeWork Paris III Tenant SAS
WeWork Paris IV Tenant SAS
WeWork Peru Management SRL
WeWork Peru SRL
WeWork Poland Sp. Zoo.
WeWork Rus LLC
WeWork Saudi Arabia Ltd.
WeWork Seoul 1-Ho Yuhan Hoesa
WeWork Seoul 2-Ho Yuhan Hoesa
WeWork Seoul 3-Ho Yuhan Hoesa
WeWork Seoul 4-Ho Yuhan Hoesa
WeWork Seoul 5-Ho Yuhan Hoesa
WeWork Singapore Pte. Ltd.
WeWork Technology Israel Ltd.
WeWork Uruguay SRL
WeWork Vietnam Ltd.
Wilmersdorferstrasse 59 Tenant GmbH
WW Bishopsgate Ltd.
WW Community Workspaces Philippines
   Inc.
WW Devonshire Ltd.
WW Hanover House Operations Ltd.
WW Medius Ltd.
WW Metropool BV
WW Moor Place Ltd.
WW Sea Containers Ltd.
WW Sweden AB
WW Weteringschans BV

# SCHEDULE 1(l)

## Noteholders

BlackRock Inc.
Brigade Capital Management LP
Capital Group
Cupar Grimmond LLC
King Street Capital Management LP
Sculptor SC II LP
Silver Point Capital LP

# SCHEDULE 1(m)

## Office of the United Trustee Office

Alfaro, Adela
Ardelean, Kirsten K.
Arendas, Francyne D.
Artis, Michael
Bielskie, Lauren
D'Auria, Peter J.
Gerardi, David
Green, Tia
Hildebrandt, Martha
Kern, Joseph C.
Kropiewnicki, Daniel C.
McGee, Maggie
Nikolinos, Alexandria
Oppelt, Tina L.
Ortiz-Ng, Angeliza
Schneider, Robert J., Jr.
Shaarawy, Adam
Sponder, Jeffrey
Steele, Fran B.
Stives, James
Vara, Andrew
Ziemer, William J.

# SCHEDULE 1(n)

## Surety Bonds

Argonaut Insurance Co.
Aspen American Insurance Co.
Chubb Corp., The
Nationwide Mutual Insurance Co.
Partage Empreendimentos e Participacoes Ltda.
Philadelphia Indemnity Insurance Co.
Seoul Guarantee Insurance Co. Ltd.
Tokio Marine HCC

# SCHEDULE 1(o)

## Taxing Authorities

Alameda, County of (CA), Assessment
Appeals Board
Alameda, County of (CA), Tax Collector
Arizona, State of, Department Of Revenue
Arizona, State of, Privilege Use Return Tpt-
2
Arlington, County of (VA), Treasurer
Arlington, County of (VA), Treasurer
Atlanta, City of (GA)
Bellevue, City of (WA)
Berkeley, City of (CA)
Beverly Hills, City of (CA)
Boulder, County of (CO), Treasurer
Burbank, City of (CA)
California, State of, Franchise Tax Board
California, State of, Local District Sales Use
Cdtfa- 401-A
Cambridge, City of (MA)
Chicago, City of (IL), Department Of
Finance, Tax Division
City College of San Francisco
Clark, County of (NV)
Collin, County of (TX), Tax Assessor-
Collector
Colorado, State of, Boulder Sales Use Tax
Return
Colorado, State of, Denver Occupancy Tax
Colorado, State of, Department Of Revenue
Colorado, State of, Retail Sales Tax Return
Dr0100
Colorado, State of, Retailers Use Tax Return
Dr0173
Contra Costa, County of (CA), Tax
Collector
Coral Gables, City of (FL)
Costa Mesa, City of (CA)
Culver City, City of (CA)
Dallas, County of (TX), Tax Assessor /
Collector
Dallas, County of (TX), Utility &
Reclamation District
Davidson, County of (TN), Clerk

Decatur, City of (IL)
DeKalb, County of (TX), Tax
Commissioner
Delaware, State of
Denver, City of (CO)
Denver, County of (CO)
Detroit, City of (MI)
Durham, County of (NC), Tax Collector
El Segundo, City of (CA)
Emeryville, City of (CA)
Fairfax, County of (VA)
Florida, State of, Department of Revenue
Florida, State of, Sales Use Tax Return Dr-
15
Forsyth, County of (GA)
Forsyth, County of (GA), Office of Tax
Commissioner
Fulton, County of (GA), Tax Commissioner
Georgia, State of, Sales Use Tax Report St-3
Glendale, City of (AZ)
Harris, County of (TX), Tax Office
Hillsborough, County of (FL)
Hillsborough, County of (FL), Tax Collector
Illinois, State of, Department Of Revenue
Illinois, State of, Sales Use Tax Return E911
St-1
Irving ISD (TX), Tax Assessor - Collector
Jackson,County of (MO), Courthouse
Kansas City, City of (MO)
King, County of (WA), Treasury
Lehi, City of (UT)
Long Beach, City of (CA)
Los Angeles, County of (CA), Tax Collector
Manhattan Beach, City of (CA)
Maricopa, County of (AZ), Treasurer
Marin, County of (CA), Central Collections
Marin, County of (CA), Tax Collector
Maryland, State of, Department of
Assessments &  Taxation
Maryland, State of, Sales And Use Tax
Return Form 202
Massachusetts, Commonwealth of

Massachusetts, Commonwealth of, Sales
Use Tax Return St-9
Mecklenburg, County of (NC), Tax
Collector
Miami, City of (FL)
Miami-Dade, County, of (FL)
Michigan, State of, Sales Use Withholding
5080 (The 20Th)
Minnesota, State of, Department of Revenue
Minnesota, State of, Sales Use Tax Return
St-1
Missouri, State of, Consumers Use Tax
Return 53-C
Montgomery, County of (TX), Tax Assessor
- Collector
Mountain View, City of (CA)
Multnomah, County of (OR), Tax Collector
Nevada, State of, Combined Sales Use Tax
Return St-18
New Jersey, State of, Division Of Taxation
New Jersey, State of, Sales Use Tax Return
St-50 (Q) St-51 (M)
New York, City of (NY), Department of
Finance
New York, State of, Department of Taxation
& Finance
New York, State of, Department of Taxation
And Finance
New York, State of, Sales Tax Processing
Newport Beach, City of (CA)
North Carolina, State of, Department of
Revenue
North Carolina, State of, Sales And Use Tax
Return E-500
Oakland, City of (CA)
Ohio, State of
Ohio, State of, Universal Use Tax Return
Uut-1
Ohio, State of, Ust-1 Sales
Orange, County of (CA), Treasurer - Tax
Collector
Oregon, State of, Department of Revenue
Palo Alto, City of (CA)
Pasadena, City of (CA)
Pennsylvania, Commonwealth of, Sales Use
Hotel Tax Pa-3

Philadelphia, City of (PA)
Portland, City of (OR)
Portland, City of (OR), Metro Supportive
Housing Services Tax, Revenue
Division -
Sacramento, City of (CA)
Salt Lake, County of (UT), Assessor'S
Office
San Diego, County of (CA), Treasurer-Tax
Collector
San Francisco, City of (CA), Treasurer &
Tax Collector
San Francisco, City of (CA), Treasurer And
Tax Collector
San Jose, City of (CA)
San Mateo, County of (CA), Tax Collector
San Ramon, City of (CA)
Sandy Springs, City of (GA)
Santa Clara, County of (CA), County
Department of Tax & Collections
Santa Monica, City of (CA), Finance
Department
Seattle, City of (WA)
Seattle, City of (WA), B&O Tax
Seattle, City of (WA), Business Licensing &
Tax Administration
St. Louis, City of (MO), Personal Property
Tax, Collector of Revenue
Tampa, City of (FL), Business License Tax
Division
Tarrant, County of (TX), Tax Assessor-
Collector
Tennessee, State of, Department of Revenue
Tennessee, State of, Sales Use Tax Return
Rvr0000201
Texas, State of, Comptroller of Public
Accounts
Texas, State of, Sales Use Tax Return 01-
114
Travis, County of (TX), Tax Office
Utah, County of (UT), Assessor's Office
Utah, State of, Sales And Use Tax Return
Tc- 62M
Utah, State of, Tax Commission
Virginia, Commonwealth of, Dealers Sales
Use Tax St-9

Virginia, Commonwealth of, Department of
    Taxation
Wake, County of (NC), Tax Administration
Washington, District of Columbia, Office Of
    Tax And Revenue
Washington, District of Columbia, Sales
    Use Tax Return Fr-800 M
Washington, District of Columbia, Treasurer
Washington, State of, Combined Annual
    Excise Tax Return
Washington, State of, Department of
    Revenue
West Hollywood, City of (CA)

# SCHEDULE 1(p)

### Utilities

1156 APF LLC
ACC Business
Access One
Access One Inc.
Action Environmental Services Inc.
ADT Security Services Inc.
AT&T Inc.
AT&T Mobility LLC
Atlanta, Ciry of (GA), Department of
    Watershed Management
Atlanta, City of (GA)
Atmos Energy Corp.
Austin, City of (TX)
BAI Connect
BC Hydro
BCN Telecom Inc.
Beanfield Metroconnect
Bell Canada
Berkeley, City of (CA)
Beverly Hills, City of (CA)
Bin There Dump That Ltd.
Break It Down LLC
Break It Down Ltd.
Cablevision Lightpath LLC
Centurylink
Centurylink Ltd.
Charter Communications Inc.
Cogent Canada Inc.
Cogent Communications
Cogent Waste Solutions LLC
Columbia Gas of Ohio Inc.
Comcast Corp.
ComEd
Commonwealth Edison Co.
CompostNow
Compostnow Inc.
Con Edison
Cox Business
Cox Communications
Crown Castle Fiber
Crown Castle Fiber LLC
Dallas, City of (TX)

Dataverge
Direct Energy
Ebs-Energy Billing Service
EllumNet
Engie Resources
Enwave Energy Corp.
Eversource Energy
Everstream
Everstream Sum
Filco Carting
Filco Carting Corp.
First-Citizens Bank & Trust
Firstdigital
Florida Power & Light Co.
Fpl - Florida Power & Light
Fusion
Fusion Data Services LLC
Georgia Natural Gas
Georgia Power
Granite Telecommunications
GTT Communications
GTT Communications Inc.
Hotwire Communications
Hudson Energy
Hudson Energy Services LLC
Industrial Carting
Junkluggers of New York City, The
Just Energy
KBSIII 201 Spear Street
KBSIII 201 Spear Street LLC
Kelltech Systems
Kings III of America
Kings III of America Inc.
Level 3 Communications
Level 3 Communications LLC
Logix Fiber Networks
Los Angeles, City of (CA), Department of
    Water & Power
LS2 Office LLC
MCI Communications Service
McKinney, City of (TX)
MetTel Inc.

Miami Beach, City fo (FL)
MidAmerican Energy Co.
Midamerican Energy Services LLC
Monkeybrains
Monkeybrains ISP
Mountain View, City of (CA)
MSI Holyoke LLC
New York City Water Board
Nitel Inc.
NRG
NV Energy
NV Energy Inc.
Optical Communications
Optical Communications Group
Pacific Gas & Electric
Pacific Power
Palo Alto, City of (CA), Utilities
PECO
Peoples Gas
Pinnacle Sustainability Solutions
Pinnacle Sustainability Solutions Inc.
Portland, City of (OR)
Potomac Electric Power Co., The
Provident Energy Management
RCN Corp.
Recycle Track Systems
Recycle Track Systems Inc.
Reliant Energy Solutions
Reliant Energy Solutions Inc.
Republic Services Inc.
Re-Stream
Re-Stream Waste Management
Rogers Communications Canada
Royal Waste Services Inc.
RWS Facility Services
Santa Monica, City of (CA)
Sea07-1099 Stewart St
Shaw Business
Shaw Cable
Silverip Communications
Skywire Networks
Sohonet Inc.
Southern California Edison
Southern California Gas
Southwest Gas
Sparklight

Spectrum Business
Telus Services
Texas Gas Service
Toronto Hydro Electric System
Toronto Water & Solid Waste Management
    Services
TXU Energy
United World Telecom
University of Maryland
Verizon
Verizon Wireless
Washington Gas
Waste Connections Lone Star
Waste Connections LS
Waste Connections of Florida
Waste Connections of New York
Waste Connections of New York Inc.
Waste Management
Waste Management Inc.
Water Systems Inc.
Wave
Wave Broadband
Wiline Networks
Wiline Networks Inc.
Wyse Meter Solutions Inc.
Xcel Energy
Zayo Canada Inc.
Zayo Group LLC
Zrace Communications

# SCHEDULE 1(q)

## **Vendors**

100 Summer Owner LLC
1001 Dominion Square Management Inc.
1090 Pender Properties Ltd.
11 Park Place Associates
1100 15th Street LLC
120 East 16th Street Co. LLC
1201 Tab Owner LLC
135 East 57th Street LLC
1440 Broadway (NY) Owner LLC
1460 Leasehold Swighm LLC
1701 Rhode Island Inc.
17-18 Management Co. LLC
1818 Advocacy Group
1900 McKinney Harwood LLC
195 Montague Owner LLC
200 Portland Street LLC
2000 Sierra Point Parkway LLC
221 W. 6th Street (TX) Owner LLC
255 South King Street LP
2600 CR LLC
270B Metropolitan Square LLC
34 South 11th Street LP
400 California LLC
408 Bway Realty LLC
4282639 Canada Inc.
430 Park Avenue Co. LLC
448 North LaSalle LLC
460 Park Ave. S. Associates
500-512 Seventh Avenue LP
575 Lex Parent LLC
600 B Street San Diego Owner LLC
600 California JV Holdco LLC
6001 Cass LLC
655 New York LLC
79 Madison LLC
801 Barton Springs Owner LLC
85 Broad Street Property Owner LLC
9044-1866 Quebec Inc.
A&G Realty Partners LLC
ABM Janitorial Services Northeast Inc.
Abner Properties Co.
Accenture International Ltd.
Advanced Parking Systems
Adyen NV
AFCO Credit Corp.
Affinity Building Solution LLC

Alberta, Province of (Canada), Province of
Amazon Web Services Inc.
Amazon.Ca
American Express Travel Related Services Co. Inc.
Anixter Canada Inc.
Annex Ale Project
ANP Atelier & Associates Ltd.
Anybill Financial Services Inc.
ARI SP LP
ARI SP1 LP
Armstrong Transfer & Storage Co. Inc.
Arup Canada Inc.
Ateesh Chand Personal Real Estate Corp.
Audio Video Galerie Mgmt Inc.
Aus10 Development Ltd.
Avicor Construction Inc.
Avison Young Commercial Real Estate Services LP
BBSPro Services Inc.
BCAL 44 Montgomery Property LLC
BCAL Met Park Property LLC
BCSP 330 North Wabash Co-Investment JV
BCSP 515 North State Street LLC
BCSP 8 600 Holdings LLC
BCSP 8 Investments LP
BCSP Denver Property LLC
Beer Worx Inc.
BH Centre Head Corp.
BHRS Group LLC
BHS Food Services Solutions International
Bird, Jonathan
Bizstratplan Inc.
Blake Cassels & Graydon LLP
Blantyre Holdings LLC
BluCar LLC
BNY Tower Holdings LLC
Boston Properties LP
Brass, Eric
British Columbia, Province of (Canada), Ministry of Finance
BSREP LLL Orion V REIT LLC
Building at 575 Fifth Office Owner LLC, The
BVK US VI Master REIT LLC
BXP Mission 535 LP
Caf Caf Inc.
Calgary, City of (Canada)
California State Teachers Retirement System
Canadian Turner Construction Co. Ltd.

2

Carr Properties Partnership LP
CBRE Inc.
CBRE Ltd.
CC SPE I LLC
CDW Canada Corp.
Central Place Office LLC
Cintas Canada Ltd.
CIO Bloc 83 LLC
City Office Reit Operating Partnership LP
CLAdirect Peru Sa.C.
CLDN NY LLC
Clifford Fischer & Co. Inc.
CloudPay Inc.
CMN Calgary Inc.
Colliers International (Quebec) Inc.
Columbia Property Trust Inc.
Common Desk Operations LLC
Compass Group USA Inc.
Constellation Place LLC
Convergint Technologies Ltd.
Cordova II Equities Inc.
Cowper Corporate Realty Advisory CRA Inc.
CP 1875 K Street LLC
CTO Realty Growth Inc.
Cushman & Wakefield US Inc.
CV Latitude 34 LLC
CZ Properites LLC
Davis Polk & Wardwell LLP
Dearborn Partners LP
Deloitte Tax & Consulting Sarl
Deloitte Tax LLP
Deutsche Bank AG, London Branch
Domain Northside Office Property Owner LP
Dominion Neon Inc.
Donoghue, Connor
Doordash Technologies Canada Inc.
Douglas Emmett Properties LP
DP Leasehold (Illinois) LLC
Ducera Partners LLC
DWF V OT REIT LLC
East Van Vinyl
El-Din, Ali Serag
Empire Office Inc.
Epic Lafayette LLC
Eq3 Ltd.
Ernst & Young U.S. LLP

Eversys Inc.
F1 Stevenson LLC
Freedom Jars
Fruit O Bureau Inc.
Genpact (UK) Ltd.
Gilbane Building Co.
Gillman Consulting Inc.
Goldman Sachs Group Inc., The
Goldman Sachs International Bank
Govan Brown & Associates Ltd.
Grow Digital Services DMCC
Grzywacz, Warren
Guard-X Inc.
HDR Architecture Associates Inc.
Herald Square Owner LLC
Hillsboro Corp. Inc.
Himes Associates Ltd.
HITT Contracting Inc.
Hoochy 'Booch Kombucha Inc.
Horizon Media Inc.
Houlihan Lokey Inc.
HP Inc.
HSRE-Portman Tech Square LLC
Hudson 1099 Stewart Reit LLC
Hudson 1455 Market Street LLC
Hudson Pacific Properties LP
Hudson's Bay Co. ULC
Immobilier Mirador Inc.
Imperial Coffee & Services Inc.
Imperial Parking Canada Corp.
Innovation Pointe Holdings LLC
Instant Offices Ltd.
International Plaza Associates LP
IQ EQ (Luxembourg) SA
IQHQ LP
Irvine Co. LLC, The
Ivanhoe Cambridge Inc.  Place Ville Marie
J.G. Capital Hill LLC
John Hancock Life Insurance Co. (USA)
Jones Lang Lasalle Brokerage Inc.
JPPF Waterfront Plaza LP
Kato International LLC
KBS Real Estate Investment Trust III Inc.
Kismet Realty Corp.
KRE Summit 1, 2, Owner LLC
Kroll Agency & Trustee Services Ltd.

4

KS SP LP
KS SP1 LP
L. Charney 1410 Broadway LLC
La Cie Electrique Britton Ltee Ltd.
La375 WW SA de CV
Lazarus Direct Inc.
Leapley Construction Group of Atlanta LLC
Lee & Associates Commercial Real Estate (BC) Ltd.
Legacy West Investors LP
Lemay Co. Inc.
Lennard Commercial Realty
LF Gramercy LLC
LHREV Austin University Park LP
LIC Site B-1 JV Holdings LP
Lincoln Street Property Owner LLC
LJ Realties Inc.
Logixx Security Inc.
LS2 Office LLC
Lyreco Canada
Madison Avenue Leasehold LLC
Majcherkiewicz, Joanna
Mallin, Ben
Mani Jefferson Landing (DE) LLC
Mantica Coffee Traders Inc.
Manufacturers Life Insurance Co., The
Maple Red Financial Management Canada Inc.
Marcus & Millichap Real Estate Investment Services Canada Inc.
Marsh Canada Ltd.
Matala, Patrick Julian
Matt Anderson Personal Real Estate Corp.
MC 19 East Houston LLC
MC 71 Fifth Avenue Realty LLC
MEPT 475 Sansome Street LLC
Mermaids UK
MET Tower Owner LLC
Metlife Core Property Reit LLC
Metropolitan Square Reit LLC
Michael White Realties Inc.
Mid Arctic Transportation Co. Ltd.
Mill Creek Coffee Co. Ltd.
Minhas, Rupin
Mori America LLC
Mozaic East LLC
Myriad360 LLC
Namor Realty Co. LLC
New York, City of (NY), Department of Finance

5

Newmark Canada
Nfinity Global Inc.
North Downs Realty Inc.
North Hydration Ltd.
NW SoHoCa REIT LLC
Oakwood Corporate Services Ltd.
OBN Consulting Inc.
OBS REIT LLC
Omers Realty Corp.
One Culver Owner LP
Orkin Canada Corp.
Pacific Red LLC
Park Place Associates Ltd.
Pawlewicz, Karl
PCI Cordova Properties Inc.
PCI Green LP
PEA Green Owner LLC
Piedmont Operating Partnership LP
PJT Partners LP
Ponte Gadea USA Inc.
Portland, City of (OR), Revenue Division
Power House TSSP LLC
Presidio Networked Solutions Group LLC
Prit Core 501(C)(25) LLC
Pryor Cashman LLP
Rampart Brokerage Corp.
Rar2-222 Broadway Owner Spe LLC
RCAP Leasing Inc.
Redefine Properties Ltd.
Redpath Relocations Inc.
Resnick Water St. Development Co. LP
RFM-KTB CSQ Propco LLC
RFR/K 77 Sands Owner LLC
Rice Re Holdings III
Riverpark Tower I Owner LLC
Roc-Fifth Avenue Associates LLC
Rxr 620 Reit LLC
RXR Atlas LLC
Sajo Inc.
Salesforce.com Inc.
San Francisco, City & Council of (CA)
Sarabin, Ryan
Savills Inc.
Securitas Canada Ltd.
Service D'Entretien Des Plantes Alpha Inc.
Service Du Bâtiment G.R. Inc.

SFIII 1111 Broadway LLC
Shape Brentwood LP
SHI Canada ULC
Simmons & Simmons LLP
Smith And Andersen Consulting Engineering
Softbank Group Corp.
Softbank Vision Fund II-2 LP
SoftServe Inc.
SOF-XI PCT Single Tower Ultimate Mezz Holdings LLC
Stantec Consulting Ltd.
Staples Canada Inc. - Building Openings & Procurement
Staples Inc.
Staples US For Canada
Starbright WW LP
Station Cold Brew Coffee Co. Inc.
Steelcase Canada Ltd.
Stikeman Elliott LLP
Stripe Payments Canada Ltd.
Structure Tone Inc.
Sun Life Assurance Co. of Canada
Sunset North Owner LLC
Sutter Hill Management Corp.
Sweeny & Co. Architects Inc
Tabor Center REIT I LLC
T-C 33 Arch Street LLC
Teachers Insurance & Annuity Association of America
Terminus Venture T100 LLC
Three Galleria Office Buildings LLC
TMG 1333 NH Sub-Holdings LLC
TMG 800 K Street Reit LLC
TMG Bay Area Investments I LLC
TPC Inc. (Canada)
Training Establishment Pty. Ltd., The
Tranel 1 LLC
Transbay Tower Holdings LLC
Trinity Centre LLC
Trinity Hudson Holdings LLC
Turner Construction Co.
Tysons II Land Co. LLC
Uline Canada Corp.
Unco Re Holdings LLC
U-Need-A-Bottle Ltd.
Union Investment Real Estate GmbH
Unity Building Services Inc.
UPD 729 Washington LLC
Urban Outline Building Group Ltd.

7

US Bank NA
US Electrical Services Inc.
USODP 625 W. Adams JV LLC
UTS Group Inc.
Vandergrand Properties Co. LP
VaynerMedia LLC
VBG 990 AOA LLC
Verticore Communications Ltd.
Ville De Montréal, Service Des Finances
Vishal Marapon Photography
W&S Properties LLC
Walsam 36 Delaware LLC
Walsam Twenty Nine Co.
War Horse Golden Gate LLC
Wasserstein Enterprises LLC
Watermark Tempe I LLC
WDI Services Ltd.
Westbank Pacific Realty Corp. ITF 5th & Main Partnership
Westview on 12th - Arc LLC
Workday Inc.
Workplace Solutions LLC (Canada)
Workplace Solutions LLC (United Kingdom)
W-SF Goldfinger REIT VIII LLC
WSP Canada Inc.
Wyco Inc.
Yardi Systems Inc.
Zelos Capital Ltd.

## Schedule 2

**List of Potential Parties in Interest as to Which PJT Has a Connection[1]**

a.    PJT was previously engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group included an affiliate of AFCO Credit Corporation, an affiliate of Amundi RE Italia SGR S.P.A ("Amundi"), an affiliate of Bank of America National Association, Tokyo Branch ("BofA"), an affiliate of Mizuho Bank, Ltd., and an affiliate of Sun Life Assurance Company of Canada ("Sun Life"), each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

b.    An individual with whom PJT has an ongoing consultancy arrangement is a member of the board of directors of an affiliate of AIG Property Casualty Company ("AIG"), one of the PII. Such consultant is not part of the PJT team representing the Debtors in these Chapter 11 Cases. This connection is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

c.    PJT has been engaged to provide financial advisory services to an affiliate of AIG, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

d.    PJT has been engaged to provide financial advisory services to an ad hoc group of noteholders and the indenture trustee in connection with the chapter 11 case of SVB Financial Group. The members of such group include an affiliate of Allianz S.P.A. ("Allianz"), an affiliate of BofA, BlackRock Inc. ("Blackrock"), an affiliate of Deutsche Bank Mexico, S.A. ("Deutsche Bank"), an affiliate of JPMorgan Chase Bank, National Association ("JPMorgan"), an affiliate of King Street Capital, L.P. ("King Street") and an affiliate of Teachers Insurance and Annuity Association of America ("TIAA"), L.P., each of which is a PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

---

[1] Given the extensive number of parties listed in the PII List, and consistent with the approach of the other professionals to be retained by the Debtors in these chapter 11 cases, only vendors of the Debtors meeting the following criteria were subject to PJT's Conflict Check: (i) vendors in the top 80% in amount of disbursements from the Debtors during the one year period from October 1, 2022 to September 30, 2023 and/or (ii) vendors in the top 80% in amount of current accounts payable for the Debtors as of the end of September 2023.

e.      PJT was previously engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter.  The members of such group included an affiliate of Citibank, N.A. London Branch ("Citibank"), an affiliate of Sculptor SC II, LP ("Sculptor") and Silver Point Capital, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

f.      An affiliate of PJT has been engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter.  The members of such group include an affiliate of Allianz and an affiliate of Amundi, each of which is a PII.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

g.      PJT was previously engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter.  The members of such group included an affiliate of Allianz, an affiliate of BlackRock and an affiliate of King Street, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

h.      PJT was previously engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter.  The members of such group included an affiliate of Allianz, an affiliate of BofA, BlackRock, an affiliate of JPMorgan and an affiliate of King Street, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

i.      PJT has been engaged to provide financial advisory services to a company in a confidential matter.  An affiliate of Allianz, one of the PII, is a significant equity holder in such company.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

j.      An affiliate of PJT has been engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter. The members of such group include an affiliate of Allianz, one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

k.      PJT has been engaged to provide financial advisory services to a company in two separate confidential matters. An affiliate of Allianz, one of the PII, is an equity holder in such company. These engagements are wholly unrelated to the Debtors

and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

l.  PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group included an affiliate of Allianz and Brigade Capital Management, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

m.  PJT was previously engaged to provide financial advisory services to a group of creditors of Frontier Communications Corporation in connection with its chapter 11 case. The members of such group included an affiliate of Allianz, an affiliate of BlackRock, an affiliate of JP Morgan and an affiliate of Natixis Hong Kong Branch ("Natixis"), each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

n.  PJT was previously engaged to provide financial advisory services to a group of lenders of a certain company in a confidential matter.  The members of such group included an affiliate of Allianz, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

o.  PJT has been engaged to provide financial advisory services to a certain company in a confidential matter.  The owner of such company is an affiliate of Amundi, one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

p.  An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors of a certain company in a confidential matter. The members of such group included an affiliate of Amundi and an affiliate of Citibank, each of which is a PII.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

q.  An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a company in a confidential matter.  The members of such group include an affiliate of Amundi and BlackRock, each of which is a PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

r.  An affiliate of PJT was previously engaged to provide financial advisory services to an affiliate of Amundi, one of the PII, in two separate confidential matters, one

of which is closed.  These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

s.      PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include an affiliate of Amundi, one of the PII.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

t.      PJT was previously engaged to provide financial advisory services to the administrative agent to certain lenders under a credit agreement with a company in a confidential matter.  The lenders included an affiliate of Amundi, an affiliate of Citibank, an affiliate of HSBC Bank USA NA ("HSBC"), an affiliate of JPMorgan and Wells Fargo Bank N.A. ("Wells Fargo"), each of which is a PII.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

u.      An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group included an affiliate of Amundi, one of the PII.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

v.      PJT has been engaged to provide advisory services to an affiliate of AT&T Mobility, one of the PII, in a confidential matter.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

w.      PJT maintains a banking relationship with an affiliate of BofA, one of the PII. This connection is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

x.      PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group included an affiliate of BofA, an affiliate of Deutsche Bank, an affiliate of JPMorgan, and an affiliate of The Goldman Sachs Group, Inc. ("Goldman Sachs"), each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

y.      An affiliate of PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such

group included an affiliate of BofA, one of the PII.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

z.  PJT has been engaged to provide advisory services to an affiliate of BofA, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

aa.  An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter.  The members of such group include BlackRock, one of the PII.  This engagement is wholly unrelated to the Debtor and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtor or its estate are adversely affected by such engagement.

bb.  PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group include BlackRock, Brigade Capital Management, an affiliate of JPMorgan, Silver Point Capital, an affiliate of SoftBank Group Corp. ("Softbank"), and an affiliate of TIAA, each of which is a PII.  This engagement is wholly unrelated to the Debtor and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtor or its estate are adversely affected by such engagement.

cc.  An affiliate of PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group include BlackRock, one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

dd.  PJT was previously engaged to provide financial advisory services to a company in a confidential matter. BlackRock, one of the PII, was the equity holder of such company.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ee.  PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group include an affiliate of BlackRock, one of the PII.   This engagement is wholly unrelated to the Debtor and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtor or its estate are adversely affected by such engagement.

ff.  PJT was previously engaged to provide financial advisory services to a company in two separate confidential matters.  BlackRock, one of the PII, was an equity holder of such company.  These engagements were wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estate are adversely affected by such engagements.

gg.     PJT was previously engaged to provide financial advisory services to a company in a confidential matter. An affiliate of BlackRock, one of the PII, was an equity holder of such company. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

hh.     An affiliate of PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group included BlackRock and an affiliate of SoftBank, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ii.     PJT was previously engaged to provide financial advisory services to iCapital Network in connection with its acquisition of Artivest Holdings, Inc. BlackRock, one of the PII, was an equity holder of iCapital Network. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

jj.     PJT has been engaged to provide financial advisory services to an ad hoc group of creditors to a company in a confidential matter. The members of such group include Brigade Capital Management and an affiliate of TIAA, each of which is a PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

kk.     PJT was previously engaged to provide financial advisory services to a group of creditors of a certain company in a confidential matter. The members of such group included Brigade Capital Management, an affiliate of Deutsche Bank, and an affiliate of TIAA, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ll.     PJT was previously engaged to provide financial advisory services to Monitronics International in connection with its chapter 11 case. Brigade Capital Management LP, one of the PII, was an equity holder of such company. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

mm.    PJT was previously engaged to provide financial advisory services to California Public Employee's Retirement System (CalPERS), one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

nn.  PJT was previously engaged to provide financial advisory services to California State Teachers' Retirement System, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

oo.  PJT was previously engaged to provide financial advisory services to California Public Employee's Retirement System, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

pp.  PJT was previously engaged to provide financial advisory services to an affiliate of CBRE, Inc., one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

qq.  PJT was previously engaged to provide financial advisory services to a group of lenders to a certain company in a confidential matter. The members of such group included an affiliate of Chevy Chase, LLC, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

rr.  An affiliate of PJT was previously engaged to provide financial advisory services to the facility agent on behalf of a group of lenders to a company in a confidential matter.  The members of such group included an affiliate of Citibank, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ss.  PJT has been engaged to provide financial advisory services to Comcast Corporation, one of the PII, in one or more confidential matters. These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

tt.  The father of one of PJT's employees is Deputy Chairman of the Supervisory Board, Chairman of the Internal Control Committee, member of the Risk Committee and of the Appointments Committee of, Deutsche Bank SpA, an affiliate of Deutsche Bank, one of the PII.  This connection is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

uu.  An affiliate of PJT was previously engaged to provide financial advisory services to a group of creditors to a certain company in a confidential matter.  The members

of such group included an affiliate of Deutsche Bank and an affiliate of HSBC, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

vv.    PJT was previously engaged to provide financial advisory services to a group of creditors of a company in a confidential matter. The members of such group included an affiliate of Deutsche Bank, Silver Point Capital, and an affiliate of Goldman Sachs, each of which is a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ww.    PJT was previously engaged to provide financial advisory services to a group of creditors in the chapter 11 case of Garrett Motion. The members of such group included an affiliate of Deutsche Bank, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

xx.    PJT was previously engaged to provide financial advisory services to an affiliate of Engie Resources, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

yy.    PJT has been engaged to provide advisory services to HP Inc., one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

zz.    PJT was previously engaged to provide financial advisory services to a steering committee of limited partners in a confidential matter. The members of such group included an affiliate of HSBC, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

aaa.    PJT has been engaged to provide financial advisory services to three separate affiliates of Hudson Energy, one of the PII, in three separate confidential matters, one of which is closed. These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by these engagements.

bbb.    An affiliate of PJT was previously engaged to provide financial advisory services to an affiliate of Hudson Energy, one of the PII, in three separate confidential matters. These engagements were wholly unrelated to the Debtors and these

Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estate are adversely affected by such engagements.

ccc.    PJT has been engaged to provide financial advisory services to Hudson Pacific Properties, LP, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ddd.    PJT was previously engaged to provide advisory services to an affiliate of Jones Lang LaSalle Brokerage, Inc., one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

eee.    An affiliate of PJT has been engaged to provide financial advisory services a group of lenders of a certain company in two separate confidential matters, one of which has been completed. The members of such group include an affiliate of JPMorgan, one of the PII.  These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

fff.    PJT has been engaged to provide financial advisory services to an affiliate of JPMorgan, one of the PII, in a confidential matter.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ggg.    PJT was previously engaged to provide financial advisory services to an affiliate of JPMorgan, one of the PII, in connection with the chapter 11 case of The Boy Scouts of America. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

hhh.    PJT has been engaged to provide advisory services to an affiliate of JPMorgan, one of the PII, in a confidential matter.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

iii.    PJT was previously engaged to provide financial advisory services to a group of creditors of a certain company in a confidential matter. The members of such group included an affiliate of King Street, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

jjj.    PJT was previously engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group included

an affiliate of King Street, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

kkk.   PJT was previously engaged to provide advisory services to Microsoft Corporation, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

lll.   PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include an affiliate of Natixis, one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

mmm.  PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter. The members of such group include an affiliate of Natixis, one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

nnn.   An affiliate of PJT has been to provide financial advisory services to a group of lenders of a certain company in a confidential matter. The members of such group include an affiliate of Natixis and Sculptor, each of which is a PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ooo.   PJT was previously engaged to provide financial advisory services to an affiliate of OMERS Realty Corporation, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

ppp.   PJT was previously engaged to provide financial advisory services to Pacific Gas & Electric, one of the PII, in connection with a sale of certain of its assets to a subsidiary of SBA Communications Corporation. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

qqq.   PJT has been engaged to provide advisory services to an affiliate of Potomac Electric Power Company (PEPCO), one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtor and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtor or its estate are adversely affected by such engagement.

rrr.    PJT has been engaged to provide advisory services to Republic Services, Inc., one of the PII, in a confidential matter.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

sss.    An affiliate of PJT was previously engaged to provide financial advisory services to an affiliate of Rio Tinto European Holdings Limited, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

ttt.    PJT has been engaged to provide advisory services to Salesforce, Inc., one of the PII, in one or more confidential matters.  These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

uuu.    An affiliate of PJT has been engaged to provide financial advisory services to an affiliate of Santander Holdings USA, Inc., one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

vvv.    An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors to a company in a confidential matter. The members of such group include an affiliate of Santander Holdings USA, Inc., one of the PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

www.    An affiliate of PJT has been engaged to provide financial advisory services to a group of creditors of a certain company in a confidential matter.  The members of such group include an affiliate of Sculptor, one of the PII.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

xxx.    An affiliate of PJT has been engaged to provide financial advisory services to a company in a confidential matter. The equity holders of such company include Sculptor and an affiliate of SoftBank, each of which is a PII. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

yyy.    PJT has been engaged to provide financial advisory services to the special committee to the board of directors of an affiliate of Sculptor, one of the PII, in connection with a confidential matter. This engagement is wholly unrelated to the

Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

zzz.    PJT has been engaged to provide financial advisory services to a group of lenders to a company in a confidential matter.  The members of such group include an affiliate of Sculptor, one of the PII.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

aaaa.    PJT was previously engaged to provide financial advisory services to a company in a confidential matter. The owners of such company included an affiliate of Sculptor and an affiliate of TIAA, each of which was a PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

bbbb.    PJT was previously engaged to provide financial advisory services to a group of lenders to of a certain company in a confidential matter. The members of such group included an affiliate of Sculptor, one of the PII. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

cccc.    PJT has been engaged to provide financial advisory services to Silver Point Capital, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

dddd.    PJT was previously engaged to provide financial advisory services to an ad hoc committee of creditors of a company in a confidential matter.  The members of such group included Silver Point Capital, one of the PII.  This engagement was wholly unrelated to the Debtors and these chapter 11 cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

eeee.    PJT has been engaged to provide financial advisory services to two separate affiliates of SoftBank, one of the PII, in two separate confidential matters. These engagements are wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

ffff.    PJT was previously engaged to provide financial advisory services to a group of lenders to a company in two separate confidential matters. The members of such group included an affiliate of SoftBank, one of the PII.  These engagements were wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

gggg.   PJT was previously engaged to provide financial advisory services to an affiliate of SoftBank, one of the PII, in a confidential matter.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

hhhh.   PJT was previously engaged to provide financial advisory services to Fortress Value Acquisition IV, an affiliate of SoftBank, one of the PII, in connection with its initial public offering.  This engagement was wholly unrelated to the Debtor and this chapter 11 case, and PJT does not believe that the interests of the Debtor or its estate are adversely affected by this engagement.

iiii.   PJT was previously engaged to provide financial advisory services to T-Mobile, an affiliate of SoftBank, one of the PII, in connection with T-Mobile's purchase of assets from Shenandoah Telecommunications Company (Shentel). This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

jjjj.   PJT has been engaged to provide financial advisory services to Southern California Edison, one of the PII, in a confidential matter. This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

kkkk.   An affiliate of PJT was previously engaged to provide financial advisory services to a company in a confidential matter. An affiliate of Goldman Sachs, one of the PII, was a material equity holder of such company. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

llll.   PJT was previously engaged to provide financial advisory services to a company in a confidential matter. An affiliate of Goldman Sachs, one of the PII, is an equity holder in such company. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

mmmm.     PJT was previously engaged to provide financial advisory services to an affiliate of Goldman Sachs, one of the PII, in a confidential matter. This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by this engagement.

nnnn.   PJT was previously engaged to provide advisory services to an affiliate of Threadneedle Pensions Limited, one of the PII, in a confidential matter.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and

PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

oooo.  PJT was previously engaged to provide financial advisory services to an affiliate of Tokio Marine HCC, one of the PII, in a confidential matter.  This engagement was wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

pppp.  An individual with whom PJT has an ongoing consultancy arrangement is a member of the stakeholder advisory committee to an affiliate of Wells Fargo, one of the PII.  Such consultant is not part of the PJT team representing the Debtors in these Chapter 11 Cases. This connection is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such connection.

qqqq.  PJT has been engaged to provide advisory services to an affiliate of Wells Fargo, one of the PII, in a confidential matter.  This engagement is wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagement.

rrrr.  PJT was previously engaged to provide financial advisory services to an affiliate of Zurich American Insurance Company, one of the PII, in two separate confidential matters. These engagements were wholly unrelated to the Debtors and these Chapter 11 Cases, and PJT does not believe that the interests of the Debtors or their estates are adversely affected by such engagements.

ssss.  Certain of the PIIs or their affiliates may hold a passive equity interest (*i.e.*, less than 20%) in certain of the entities to whom PJT and/or its affiliates have provided in the past or continue to provide advisory services. PJT does not routinely track or maintain such information but is not aware of any such engagement that is related to the Debtors or these Chapter 11 Cases or, by virtue of which, the interests of the Debtors or their estates are adversely affected.