| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Douglas G. Leney<br>ARCHER & GREINER, P.C.<br>Three Logan Square<br>1717 Arch Street, Suite 3500<br>Philadelphia, Pennsylvania 19103<br>Telephone: (215) 246-3151<br>Facsimile: (215) 963-9999<br>Email: dleney@archerlaw.com<br><br>and<br><br>Michel S. Held<br>(*Pro hac vice* admission pending)<br>JACKSON WALKER LLP<br>2323 Ross Avenue, Suite 600<br>Dallas, Texas 75201<br>Telephone: (214) 953-6000<br>Facsimile: (214) 953-6051<br>Email: mheld@jw.com<br><br>*Co-Counsel for Fairway East Kennedy Owner, LLC f/k/a AG-EREP East Kennedy Owner, LLC* | |
| In re:<br><br>WEWORK INC., *et al.*,<br><br>                Debtors. | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**LIMITED OBJECTION, JOINDER AND RESERVATION OF RIGHTS OF EAST KENNEDY OWNER, LLC TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF**

Fairway East Kennedy Owner, LLC f/k/a AG-EREP East Kennedy Owner, LLC (the "Landlord") files this limited objection, joinder and reservation of rights (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject*

228071032 v1

*or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 12] (the "Motion").  In support of this Limited Objection, the Landlord submits the following:

## BACKGROUND

1. The Landlord is the landlord to Debtor 501 East Kennedy Boulevard Tenant LLC. The building is a 20-story, Class A office building located at 501 East Kennedy Boulevard, Tampa, Florida 33602.

## LIMITED OBJECTION

2. While the Landlord continues to negotiate with the Debtors in hopes of resolving all open issues with the Debtors, it is filing this Limited Objection out of an abundance of caution. The Landlord has three primary objections regarding the Motion—the first two of which seem to have been resolved consensually.

3. ***First***, landlords should not be prevented by the rejection procedures (or the automatic stay) from drawing down or otherwise exercising rights relative to surety bonds and/or letters of credit.  It is black letter law that surety bonds and letters of credit are not property of the Debtors' estates, and there is no basis for an order on the Motion to contain an injunction prohibiting landlords from exercising their rights against third-party credit enhancement if authorized under controlling documents.

4. ***Second***, the Debtors' actions authorized under the order ultimately entered on the Motion should be according to applicable law and the underlying leases.  For example, the removal of personally identifiable information and hazardous materials from rejected premises should be done not only in accordance with applicable law, but also in accordance with applicable provisions of the underlying leases.  At a minimum, procedures should be included in the proposed order on the Motion mirroring those approved in the pending bankruptcy of Rite Aid Corporation.  The relevant language from the Rite Aid Corporation case is as follows:

(a) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, and (b) to the extent the Debtors seek to abandon personal property that contains "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall remove the PII from such personal property before abandonment.

*See Rite Aid Corporation* (Case No. 23-18993), *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 702], ¶ 2.g.

5. ***Third***, all changes made to any order granting the Motion must be implemented in the many attachments to such order, including but not limited to the proposed Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases and the proposed Notice of Assumption of Certain Executory Contracts and/or Unexpired Leases.

## RESERVATION OF RIGHTS AND JOINDER

6. The Landlord reserves all rights with respect to this Limited Objection, including the right to amend and/or otherwise supplement this Limited Objection prior any hearing related to the Motion.

7. The Landlord also joins in all other objections to the Motion filed by landlords and contract counterparties that are not inconsistent with the arguments and authorities herein.

228071032 v1

The Landlord respectfully requests that the Court sustain the limited objections herein and grant such other and further relief as is appropriate under the circumstances.

Dated: November 22, 2023

/s/ *Douglas G. Leney*
Douglas G. Leney
**ARCHER & GREINER, P.C.**
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, Pennsylvania 19103
Telephone: (215) 246-3151
Facsimile: (215) 963-9999
Email: dleney@archerlaw.com

and

**JACKSON WALKER LLP**
Michael S. Held (*pro hac vice* admission pending)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-6051
Email: mheld@jw.com

*Co-Counsel for Fairway East Kennedy Owner, LLC f/k/a AG-EREP East Kennedy Owner, LLC*