**PAUL HASTINGS LLP**
Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Frank A. Merola, Esq. (admitted *pro hac vice*)
Gabriel E. Sasson, Esq.
Emily L. Kuznick, Esq. (admitted *pro hac vice*)
Matthew D. Friedrick, Esq. (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
krishansen@paulhastings.com
frankmerola@paulhastings.com
gabesasson@paulhastings.com
emilykuznick@paulhastings.com
matthewfriedrick@paulhastings.com

*Proposed Co-Counsel to the Official
Committee of Unsecured Creditors*

**RIKER DANZIG LLP**
Joseph L. Schwartz, Esq.
Tara J. Schellhorn, Esq.
Daniel A. Bloom, Esq.
Gregory S. Toma, Esq.
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tschellhorn@riker.com
dbloom@riker.com
gtoma@riker.com

*Proposed Co-Counsel to the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | Hon. John K. Sherwood |

**JOINDER OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO THE DEBTORS' REPLY TO
UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION
FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, (B) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR, (C) REDACT
OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS, AND (D)
REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION; (II) WAIVING THE
REQUIREMENT TO FILE A LIST OF EQUITY HOLDERS AND PROVIDE NOTICES
DIRECTLY TO EQUITY SECURITY HOLDERS AND PROVIDE NOTICES DIRECTLY TO
<u>EQUITY SECURITY HOLDERS; AND (III) GRANTING RELATED RELIEF</u>**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The Official Committee of Unsecured Creditors (the "Committee") of WeWork, Inc. ("WeWork") and its affiliated debtors and debtors in possession (collectively with WeWork, the "Debtors"), under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), by and through its undersigned proposed counsel, hereby submits this joinder (the "Joinder") to the Debtors' reply [D.I. 454] (the "Reply") to the objection by the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") [D.I. 269] (the "U.S. Trustee's Objection") to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (B) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (C) Redact or Withhold Certain Confidential Information of Customers, and (D) Redact Certain Personally Identifiable Information; (II) Waiving the Requirement to File a List of Equity Holders and Provide Notices Directly to Equity Security Holders; and (III) Granting Related Relief* [D.I. 17] (the "Motion").[2]  In support of the Motion, the Committee joins in the Debtors' Reply and respectfully states as follows:

1. The Committee recognizes the fundamental importance transparency and access to records plays in any chapter 11 process. Public access to information, however is not absolute and, under certain circumstances, depending on the nature of the potentially sensitive information, disclosure may not be appropriate or required by the Bankruptcy Code. Under these facts and given the business of these Debtors, the Committee agrees with the Debtors that their customer list, and related customer data, are protected under section 107(b) of the Bankruptcy Code and should be redacted in accordance with the Motion.

2. Bankruptcy Code section 107(b) gives this Court the authority to restrict public

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

2

access to commercially sensitive information. Specifically, pursuant to section 107(b), once a court determines that a party in interest is seeking the protection of "trade secrets and confidential research, development, and commercial information" "the court is **required** to protect a requesting party and has no discretion" to deny a motion to seal. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Courts have held that commercial information includes "information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (internal quotation marks and citation omitted). The public dissemination of the Debtors' customer list would provide an unfair advantage to the Debtors' competitors and should be restricted here.

3.  The Debtors' customers, particularly on a location-by-location basis, are the foundation of their business, and many of the Debtors' customers would be easily identifiable to competitors by name only. As a result, the Debtors' customer list presents a unique and valuable asset of the Debtors, which should be protected from disclosure for the benefit of all of the Debtors' creditors. Further, the Debtors are at the beginning stages of lease negotiations with their landlord community and are preparing a revised business plan for a go-forward business. Public disclosure of the customer list at the beginning of those processes and at the beginning of these cases, in particular, would significantly risk the business stability of the Debtors. *See, e.g., In re Cred Inc.*, Dec. 18, Hr'g Tr. at 113:20-114:2,2 Case No. 20-12836 (JTD) (Bankr. D. Del. Dec. 18, 2020) (recognizing that "there is at least some credible argument that the creditor list – which is, also, in this case, the customer list of . . . the debtors . . . has some intrinsic value, and that disclosure of that list could affect the ability of the debtors to market and sell that list as a part of their going toward a plan of reorganization here."); *Altegrity*, 2015 WL 10963572, at *4

3

(holding debtors' list of customers and independent contractors was confidential commercial information and subject to seal pursuant to section 107(b)); *In re Faucett*, 438 B.R. 564, 568 (Bankr. W.D. Tex. 2010) (similar); *In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (similar).

4. As such, the Committee joins in the Debtors' arguments as set forth in the Reply and respectfully requests that the Court overrule the U.S. Trustee's Objection, grant the Motion and grant the Committee and the Debtors such other and further relief as the Court may deem just, proper and equitable.

## **RESERVATION OF RIGHTS**

The Committee reserves all rights to amend, modify or supplement this Joinder. The Committee further reserves the right to respond, as appropriate, to any filings related to the Motion that are filed in the future and to make arguments with regard to any other related filings.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| December 16, 2023<br>Morristown, New Jersey | **RIKER DANZIG LLP**<br>By: /s/ *Joseph L. Schwartz*<br>Joseph L. Schwartz, Esq.<br>Tara J. Schellhorn, Esq.<br>Daniel A. Bloom, Esq.<br>Gregory S. Toma, Esq.<br>Headquarters Plaza, One Speedwell Avenue<br>Morristown, New Jersey 07962-1981<br>Telephone: (973) 538-0800<br>Facsimile: (973) 538-1984<br>jschwartz@riker.com<br>tschellhorn@riker.com<br>dbloom@riker.com<br>gtoma@riker.com<br><br>-and-<br><br>**PAUL HASTINGS LLP**<br>Kristopher M. Hansen, Esq. (admitted *pro hac vice*)<br>Frank A. Merola, Esq. (admitted *pro hac vice*)<br>Gabriel E. Sasson, Esq.<br>Emily L. Kuznick, Esq. (admitted *pro hac vice*)<br>Matthew D. Friedrick, Esq. (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>krishansen@paulhastings.com<br>frankmerola@paulhastings.com<br>gabesasson@paulhastings.com<br>emilykuznick@paulhastings.com<br>matthewfriedrick@paulhastings.com<br><br>*Proposed Co-Counsel to the Official*<br>*Committee of Unsecured Creditors* |

4877-2701-7623, v. 1