**Exhibit C**

**Committee Declaration**

| | |
|---|---|
| **PAUL HASTINGS LLP**<br>Kristopher M. Hansen, Esq. (admitted *pro hac vice*)<br>Frank A. Merola, Esq. (admitted *pro hac vice*)<br>Gabriel E. Sasson, Esq.<br>Matthew D. Friedrick, Esq. (admitted *pro hac vice*)<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>krishansen@paulhastings.com<br>frankmerola@paulhastings.com<br>gabesasson@paulhastings.com<br>matthewfriedrick@paulhastings.com<br><br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* | **RIKER DANZIG LLP**<br>Joseph L. Schwartz, Esq.<br>Tara J. Schellhorn, Esq.<br>Daniel A. Bloom, Esq.<br>Gregory S. Toma, Esq.<br>Headquarters Plaza, One Speedwell Avenue<br>Morristown, New Jersey  07962-1981<br>Telephone: (973) 538-0800<br>Facsimile: (973) 538-1984<br>jschwartz@riker.com<br>tschellhorn@riker.com<br>dbloom@riker.com<br>gtoma@riker.com<br><br>*Proposed Co-Counsel to the Official Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>Hon. John K. Sherwood |

**DECLARATION OF MICHELLE A. DREYER**
**IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF PAUL HASTINGS LLP AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS, EFFECTIVE AS OF NOVEMBER 20, 2023**

I declare under penalty of perjury as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

1.  I am an authorized representative of Delaware Trust Company, a member of the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). As Vice President of Delaware Trust Company, I am authorized to make, and hereby submit, this declaration in support of the Committee's application (the "Application")[2] for authorization to employ and retain Paul Hastings LLP ("Paul Hastings") as lead counsel to the Committee, effective as of November 20, 2023. Unless otherwise stated in this declaration, all facts are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by Paul Hastings. If called as a witness, I would testify competently to the facts set forth herein.

2.  This declaration is provided pursuant to Paragraph D.2 of the Appendix B Guidelines, which requests that any application for employment of an attorney under 11 U.S.C. § 1103 be accompanied by a verified statement from the client addressing the following:

    (a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

    (b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    (c) The number of firms the client interviewed.

    (d) If the billing rates are not comparable to the applicant's billing rates for other nonbankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    (e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedures for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Application.

2

nonbankruptcy cases to supervise outside counsel, explain how and why. In addition, describe any efforts to negotiate rates, including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

### **THE COMMITTEE'S SELECTION OF COUNSEL**

3. Following its formation on November 16, 2023, the Committee interviewed six law firms to represent the Committee as bankruptcy counsel in the Chapter 11 Cases. As a member of the Committee, I was directly involved with the Committee's selection process for counsel. After interviewing each of the candidate law firms, the Committee found Paul Hastings to be uniquely qualified to represent the Committee. I understand Paul Hastings has extensive experience and knowledge of the chapter 11 bankruptcy process and a long history of representing official committees and other creditors in bankruptcy cases. Based on Paul Hastings' extensive experience and Paul Hastings' broad and directly applicable skill set, the Committee decided to retain Paul Hastings, subject to this Court's approval.

### **RATE STRUCTURE**

4. Paul Hastings has informed the Committee that its rates for bankruptcy representations are the same as its rates for non-bankruptcy representations. I understand that the hourly rates charged by Paul Hastings attorneys vary with the experience and seniority of the individuals assigned and not as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement.

5. Paul Hastings also has informed the Committee that it endeavors to set hourly rates for its attorneys and paralegals at levels competitive to those charged by comparably skilled professionals in other law firms. Based on the my experience retaining various law firms in other matters, including to represent the interests of official committees of unsecured creditors, and my participation in the interviews of the other firms considered for this engagement, Paul Hastings' current hourly rates and those to be implemented as of January 1, 2024 are consistent with the

3

hourly rates charged by other law firms for similar services. The Committee believes that, in light of the nature and complexity of these cases and Paul Hastings' qualifications, these rates, and the other terms and conditions of Paul Hastings' employment, are reasonable.

6.     Paul Hastings has informed the Committee that its hourly rates are subject to periodic adjustments to reflect economic and other conditions. Paul Hastings has advised the Committee that it will inform the Committee of any increase in the rates set forth in the Application. So long as Paul Hastings charges its regular hourly rates in effect at the time services are rendered, the Committee consents to Paul Hastings' annual and other periodic rate increases.

## **COST SUPERVISION**

7.     The Committee recognizes its responsibility to closely monitor the billing practices of its counsel to ensure that the fees and expenses remain consistent with the Committee's expectations and the exigencies of the Chapter 11 Cases.

8.     The Committee and Paul Hastings expect to work together to develop a budget and staffing plan to comply with the U.S. Trustee's requests for information and disclosures and any orders of the Court, recognizing that in the course of complex insolvency cases, there may be unforeseeable fees and expenses that the Committee and Paul Hastings will need to address. The Committee will review the invoices that Paul Hastings submits and, together with Paul Hastings, periodically amend the budget and staffing plans as the Chapter 11 Cases develop, as necessary.

9.     Nothing contained herein is intended to limit Paul Hastings' ability to request allowance and payment of fees and expenses pursuant to 11 U.S.C. §§ 330 and 331, nor to restrict Paul Hastings' right to defend against any objection raised to the allowance or payment of such fees, nor to restrict the Committee's right to use conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the U.S. Trustee.

4

## RETROACTIVE RETENTION

10.  I understand that the employment of Paul Hastings effective as of November 20, 2023 is warranted under the circumstances of these Chapter 11 Cases so that Paul Hastings may be compensated for its services prior to entry of an order approving Paul Hastings' retention. I understand that the Committee's selection of Paul Hastings on November 20, 2023, necessitated that Paul Hastings immediately commence work and promptly devote resources to the Chapter 11 Cases pending submission and approval of the Application. Further, the Committee believes that no party in interest will be prejudiced by the approval of Paul Hastings' employment effective as of November 20, 2023, because Paul Hastings has provided, and will continue to provide, valuable services to the Committee and the estates' creditors in the interim period.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 21st day of December, 2023.

Delaware Trust Company, solely in its capacity as a Member of the Official Committee of Unsecured Creditors of WeWork Inc., *et al.* and not in any other capacity

*/s/ Michelle A. Dreyer*
Name: Michelle A. Dreyer
Title:  Vice President

4892-2596-4952, v. 2

5