| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)** | |
| **KELLEY DRYE & WARREN LLP**<br>Robert L. LeHane, Esq.<br>Maeghan J. McLoughlin, Esq. (admitted *pro hac vice*)<br>Connie Y. Choe, Esq.<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 808-7800<br>Fax: (212) 808-7897<br>Email: rlehane@kelleydrye.com<br>mmcloughlin@kelleydrye.com<br>cchoe@kelleydrye.com<br><br>-and-<br><br>One Jefferson Road, 2nd Floor<br>Parsippany, NJ 07054<br>Tel: (973) 503-5900<br><br>*Counsel for T-C 501 Boylston Street LLC and T-C 33 Arch Street LLC* | |
| In re:<br><br>     WEWORK INC., *et. al*,<br><br>                   Debtors[1]. | Chapter 11<br><br>Case Number: 23-19865 (JKS)<br><br>(Jointly Administered) |

### MOTION OF T-C 501 BOYLSTON STREET LLC AND T-C 33 ARCH STREET LLC FOR ENTRY OF AN ORDER (I) COMPELLING THE DEBTORS' PAYMENT OF POSTPETITION RENT AND RELATED CHARGES, AND (II) REQUIRING ADEQUATE PROTECTION OF THE LANDLORDS' INTERESTS

T-C 501 Boylston Street LLC and T-C 33 Arch Street LLC (each a "Landlord" and collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren

---

[1] The last four digits of the Debtor WeWork Inc.'s taxpayer identification number are 4904. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017, and the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005.

LLP, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") compelling 501 Boylston Street Tenant LLC and 33 Arch Street Tenant LLC (each a "Debtor", and collectively with WeWork Inc. and its affiliates, the "Debtors"), to pay January post-petition rent and comply with their lease obligations. In support of this Motion, the Landlords state as follows:

## PRELIMINARY STATEMENT

1. The Debtors unilaterally and intentionally elected not to pay January rent to the Landlords, and to much of the landlord community, as a conspicuous negotiating tactic. The Bankruptcy Code, however, does not permit the Debtors to exert leverage over the Landlords by picking and choosing when and if they will pay their rent obligations for the postpetition use of their leased premises. The Bankruptcy Code is explicit on this point—Section 365(d)(3) mandates that the Debtors must timely honor all rent obligations until a lease is assumed or rejected, and the leases at issue have not been assumed or rejected.

2. While the Landlords are generally supportive of the Debtors' efforts to restructure their operations, the Landlords are not responsible for financing these cases. The Debtors' cash collateral budget projected full payment of January rent to all landlords. If the Debtors now need to preserve liquidity, they should seek appropriate DIP financing. The Debtors should not, however, be authorized to willfully withhold rent to pressure the Landlords into rent concessions.

3. Therefore, the Landlords request that the Debtors be compelled to pay all outstanding postpetition rent due under the leases and timely perform all future obligations.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Relief is requested herein pursuant to sections 365(d)(3) and 503(b) of the Bankruptcy Code, Rules 9013 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") and the case management procedures approved by this Court.

## BACKGROUND

7. On November 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code, including the use of the Landlords' properties.

8. On November 7, 2023, the Debtors filed a motion for joint administration of its cases, which the Court granted on November 8, 2023. WeWork Inc. and all its affiliates' cases were consolidated under case no. 23-19865 (JKS).

9. Prior to the Petition Date, on January 9, 2018, Landlord T-C 33 Arch Street LLC (the "Arch Street Landlord") entered into a fifteen year lease with Debtor 33 Arch Street Tenant LLC (as amended, the "Arch Street Lease"). Pursuant to the Arch Street Lease, the Debtor agreed to make its monthly rent payment on the 5th day of each month. Arch Street Lease ¶ 2. In addition to the base rent, the Debtor agreed to pay additional rent, including operating expenses

3

and real estate taxes. *Id.* ¶ 3.  The Arch Street Lease also provides that if the Arch Street Landlord prevails, it is entitled to its reasonable attorneys' fees and costs. *Id.* ¶¶ 12(k); 19(a).

10. On February 27, 2018, Landlord T-C 501 Boylston Street LLC (the "Boylston Street Landlord") entered into a fifteen year lease with Debtor 501 Boylston Street Tenant LLC (as amended, the "Boylston Street Lease", and together with the Arch Street Lease, the "Leases").[2] Pursuant to the Boylston Street Lease, the Debtor agreed to make its monthly rent payment to the Landlord on the 5th day of each month.  Boylston Street Lease ¶ 2(a).  In addition to the base rent, the Debtor agreed to pay additional rent, including operating expenses and real estate taxes. *Id.* ¶ 3.  The Boylston Street Lease also provides that if the Boylston Street Landlord prevails, it is entitled to its reasonable attorneys' fees and costs. *Id.* ¶¶ 12(k); 19(a).

11. The Debtors have not assumed or rejected the Leases.  Since the Petition Date, the Debtors have continued to occupy and use the properties in the operation of their business.  While the Debtors have paid the Landlords December rent, the Debtors have failed to pay the January rent and additional rent due and owing under the Leases.

12. The unpaid January rent arising under the Arch Street Lease totals $558,417.26.  The same amount will come due in February 2024.

13. The unpaid January rent arising under the Boylston Street Lease totals $554,082.92.  The same amount will come due in February 2024.

**RELIEF REQUESTED**

14. The Landlords respectfully request entry of the Proposed Order directing the Debtors to: (i) pay the Arch Street Landlord $558,417.26, which represents the January rent

---

[2] The Leases are not attached hereto because they are voluminous.  Copies are available upon request to the Landlords' counsel.

due and owing under the Arch Street Lease as an administrative expense within three business days of entry of such order; (ii) pay the Boylston Street Landlord $554,082.92, which represents the January rent due and owing under the Boylston Street Lease as an administrative expense within three business days of entry of such order; (iii) perform all postpetition obligations under the Leases in a timely manner going forward unless and until the Leases are rejected; and (iv) award to the Landlords their reasonable attorneys' fees and costs incurred in connection with the postpetition enforcement of their rights under the Leases.

## BASIS FOR RELIEF

### A. THE DEBTORS ARE REQUIRED TO TIMELY PAY RENT UNDER SECTION 365(D)(3) OF THE BANKRUPTCY CODE

15. The plain language of the Bankruptcy Code compels the Debtors to pay postpetition rent and charges to the Landlords. Section 365(d)(3) provides, in relevant part, that the Debtors "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3); *see also In re Buyer's Club Markets, Inc.*, 115 B.R. 700, 702 (Bankr. D. Col. 1990) ("The language of [Bankruptcy] Code § 365(d)(3) is clear that the obligation of the Debtor to perform in a timely manner is mandatory, not permissive."). This section of the Bankruptcy Code protects landlords by requiring debtors to perform their obligations under the leases in the postpetition period. *Centerpoint Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 208-11 (3d Cir. 2001); *Hertz Gateway Ctr., L.P. v. KDA Grp., Inc. (In re KDA Grp., Inc.)*, 574 B.R. 556, 558-59 (Bankr. W.D. Pa. 2017). Obligations to pay rent include base rent, common area maintenance costs, and other charges arising under the applicable lease. *In re Simbaki, Ltd.*, No. 13-16878, 2015 WL 1593888, at *2 (Bankr. S.D. Tex. Apr. 3, 2015).

16. The legislative history of section 365(d)(3) supports the Landlords' argument that the Debtors are required to pay postpetition rent and related charges to the Landlords in a timely manner. As Senator Hatch explained:

> [T]he landlord is forced to provide current services -- the use of its property, utilities, security, and other services -- without current payment. No other creditor is put in this position . . . .The bill would lessen [this] problem by requiring the trustee to perform all the obligations of the debtor under a lease of nonresidential real property at the time required in the lease. This timely performance requirement will insure that debtor-tenants pay their rent, common area, and other charges on time pending the Debtor's assumption or rejection of the lease.

130 Cong. Rec. § 8894-95 (daily ed. June 29, 1984).

17. Section 365(d)(3) ensures prompt payment of lease obligations so that a landlord is not required to provide use of the leased premises to a debtor without compensation under the terms of the lease. *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987). The underlying rationale of section 365(d)(3) is to prevent landlords from becoming involuntary postpetition creditors of the Debtors' estate. *See In re Handy Andy Home Imp. Ctrs, Inc.*, 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996). Thus, a landlord is not required to provide postpetition services without current payments for those services. *See In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002).

18. Section 503(b)(1) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed as administrative expenses. Postpetition rent qualifies as administrative expense to the extent that a debtor uses and occupies the leased premises. *In re Cornwall Paper Mills Co.*, 169 B.R. 844, 851 (Bankr. D.N.J. 1994); *Zagata Fabricators v. Superior Air Prod.*, 893 F.2d 624, 627 (3d Cir. 1990).

19. The Debtors' failure to pay January rent violates section 365(d)(3) of the Bankruptcy Code, as there is no legal basis for the Debtors' failure to timely pay while remaining

in the Landlords' premises. The January Rent qualifies as administrative expenses pursuant to section 503(b)(1). Accordingly, the Landlords request an order compelling full and immediate payment of January rent

20. Additionally, pursuant to the terms of the Leases, the Landlords are entitled to their reasonable attorneys' fees and costs in connection with their postpetition enforcement of their rights under the Leases and with this Motion.

## B. THE LANDLORDS ARE ENTITLED TO ADEQUATE PROTECTION

21. Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection. Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the Debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see In re Worldcom, Inc.,* 304 B.R. 611, 618 (Bankr. S.D.N.Y. 2004); *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("[s]ection 363(e) is not permissive or discretionary . . .").[3]

22. Section 363(e) is not limited to secured creditors. A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. *See In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (citing several cases holding that a landlord has the right to adequate protection of its right to timely payment of post-petition rent); *see also In re Ernst Home Center, Inc.*, 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997) (held that real property

---

[3] The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

lessors may request adequate protection under § 363(e) and noted that the right to payment under § 365(d)(3) would be hollow without a remedy); *In re Mr. Gatti's, Inc.*, 164 B.R. 929, 946 (Bankr. W.D. Tex. 1994) (the enactment of § 365(d)(3) abrogated any argument against the entitlement of a landlord to adequate protection); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) (landlord's right to be kept current on post-petition obligations is entitled to adequate protection); *In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("[s]ection 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of [store closing] sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations").

23. Section 361(3) of the Bankruptcy Code is clear that adequate protection *may not* take the form of a deferred administrative claim.[4] In fact, only a contemporaneous transfer of value satisfies the requirements of adequate protection. This is particularly true where the Debtors' budget provides for payment of January rent, but the Debtors are willfully withholding rent payments to exert leverage in rent negotiations.

24. Under these circumstances, the only appropriate form of adequate protection is immediate cash payment equal to the amount of rent and related charges accruing under the Leases, including January rent and all charges going forward until the effective date of rejection.

---

[4] The plain language of section 361 of the Bankruptcy Code states that adequate protection may take one of three forms: a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property.

## NO PRIOR REQUEST

25. No previous request for the relief sought herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

26. The Landlords request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Landlords rely is incorporated herein and the Motion does not raise any novel issues of law.

WHEREFORE, the Landlords respectfully request the entry of an order directing the Debtors to: (i) pay the Arch Street Landlord $558,417.26 within three business days of entry of such order; (ii) pay the Boylston Street Landlord $554,082.92 within three business days of entry of such order; (iii) perform all postpetition obligations under the Leases in a timely manner going forward unless and until the Leases are rejected; (iv) award to the Landlords their reasonable attorneys' fees and costs incurred in connection with the postpetition enforcement of their rights under the Leases; and (v) grant any such other and further relief as this Court deems just and appropriate.

Dated: January 25, 2024
      Parsippany, New Jersey

**KELLEY DRYE & WARREN LLP**

By:   *Robert L. LeHane*
Robert L. LeHane, Esq.
Maeghan J. McLoughlin, Esq. (admitted *pro hac vice*)
Connie Y. Choe, Esq.
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:   (212) 808-7800
Fax:   (212) 808-7897
Email: rlehane@kelleydrye.com
mmcloughlin@kelleydrye.com
cchoe@kelleydrye.com

-and-

One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900

*Attorneys for T-C 501 Boylston Street LLC and T-C 33 Arch Street LLC*