**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-2(c)
**GOODWIN PROCTER LLP**
Kizzy L. Jarashow, Esq. (admitted *pro hac vice*)
Meredith L. Mitnick, Esq. (NJ Bar No. 337002020)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
kjarashow@goodwinlaw.com
mmitnick@goodwinlaw.com

*Attorneys for Trinity Centre, LLC*

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,[1]<br>　　　　　Debtors. | Chapter 11<br><br>Case Nos. 23-19865 (JKS) and 23-20255 (JKS)<br>(Jointly Administered)<br><br>**Requested Hearing Date**: February 20, 2024 at 2:00 p.m. (ET)<br><br>**Objection Deadline**: February 13, 2024 at 4:00 p.m. (ET) |

**MOTION OF TRINITY CENTRE LLC FOR AN ORDER COMPELLING THE
DEBTORS' PAYMENT OF POST-PETITION RENT AND OTHER OBLIGATIONS
OWED UNDER UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Trinity Centre LLC ("Trinity Centre"), by and through its undersigned attorneys, hereby files this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** compelling the debtors' payment of post-petition rent and other obligations owed under

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

an unexpired lease of nonresidential real property. In support of the Motion, Trinity Centre states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 157(b) and § 1334(b). Venue before this court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding arising under the Bankruptcy Code, which the Court has authority to hear and determine pursuant to 28 U.S.C. § 157(b)(2).

3. Relief is requested herein pursuant to Bankruptcy Code Sections 365 and 503, Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 9013 and 9014, Bankruptcy Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") Rule 9013-1 and the Case Management Procedures approved by this Court.

## BACKGROUND

4. On November 6, 2023, (the "Petition Date"), WeWork Inc. and its affiliates (the "Debtors," including 115 Broadway Tenant LLC, "115 Broadway Tenant"), filed voluntary petitions (the "Petitions") for relief, commencing these cases (the "Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to manage and operate their business as debtor-in-possession under Bankruptcy Code Sections 1107 and 1108.

5. On November 29, 2023, the Court entered the *Order Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and Granting Related Relief* (Dkt. No. 289) (the "Rejection and Assumption Procedures Order").

6. On November 9, 2023, the Court entered the *Interim Order (I) Authorizing The Debtors To Use Cash Collateral, (II) Granting Adequate Protection, (III) Scheduling A Final Hearing, (IV) Modifying The Automatic Stay, and (V) Granting Related Relief* (Dkt. No. 103) (the

2

"Interim Cash Collateral Order"). The Debtors' initial cash collateral budget (the "Debtors' Budget") attached as Exhibit 1 to the Interim Cash Collateral Order shows anticipated rent payments for the month of January amounting to $78 million to be paid the week of January 5, 2024, with $75 million in cash on hand after $78 million of the January rent payments.

7. To date, the Debtors have filed motions to reject certain leases. However, the Debtors have not filed any motion with the Court to reject or assume the Lease (as herein defined) between 115 Broadway Tenant and Trinity Centre and they have continued using and occupying the leased premises (as defined herein).

**A. The Lease**

8. On July 28, 2017, 115 Broadway Tenant entered into a lease agreement (as amended, supplemented or modified from time to time, and together with all exhibits, appendices and supplements, the "Lease") with Trinity Centre (c/o Capital Properties), for 115 Broadway, New York, NY, 10006 (the "Premises").

9. Under the terms of the Lease, 115 Broadway Tenant agreed to rent approximately 124,779 rentable square feet of space across six (6) floors located on at 115 Broadway, New York, NY. As of the Petition Date, the Lease remained in full force and effect, and 115 Broadway Tenant has continued using and occupying the Premises from and after the Petition Date.

10. Under the Lease, Base Rent (as defined therein) is due on the first day of each calendar month. *See* Lease, § 2(a). In addition to Base Rent, 115 Broadway Tenant is also obligated to pay other charges, including its proportionate share of (i) real estate taxes (the "Real Estate Taxes") and (ii) electricity costs (the "Electricity Costs" and, together with the Real Estate Taxes, the "Additional Rent"). *See id.*, §§ 2(d), 5. If not timely paid, late charges are assessed against the Base Rent and Additional Rent under the Lease. *See id.*, § 3.

3

11. Trinity Centre is also entitled reasonable attorneys' fees "involved in collection or endeavoring to collect the Rent" or otherwise related to "enforcing or endeavoring to enforce any rights against [115 Broadway Tenant], as well as "curing or endeavoring to cure any default of Tenant, under or in connection with the Lease … including any such costs, expense or disbursement involved in instituting and prosecuting summary proceedings." *See* Lease, § 31(b).

12. The obligations of 115 Broadway Tenant under the Lease are secured by an unconditional, irrevocable letter of credit (the "Letter of Credit"), and WeWork Companies Inc.[2] (the "Guarantor") has guaranteed 115 Broadway Tenant's obligations under the Lease pursuant to that certain Guarantee, dated as of July 28, 2017 (as amended, supplemented or modified from time to time, and together with all exhibits, appendices and supplements, the "Guarantee").

13. Since the Petition Date, 115 Broadway Tenant has continually used and occupied the Premises in the operation of 115 Broadway Tenant's business. Notwithstanding such post-petition use and benefit, 115 Broadway Tenant has failed to timely pay Base Rent due under the Lease for January 2024 and Additional Rent for December 2023 and January 2024, which unpaid amounts, as the date hereof, equal $613,665.81 (the "Post-Petition Rent Obligations").

14. The following is a breakdown of the Post-Petition Rent Obligations:

| Category | Amount |
|---|---|
| Base Rent | $588,290.33 |
| December 2023 Electricity Costs | $18,772.11 |
| January 2024 Electricity Costs | $14,921.97 |
| January 2024 Real Estate Taxes reconciliation amounts | ($8,318.60) |
| **TOTAL ACCRUED AND UNPAID POST-PETITION RENT OBLIGATIONS** | **$613,665.81** |

---

[2] WeWork Companies Inc. is the predecessor-in-interest to the current WeWork Companies U.S. LLC.

15. Despite its clear and unambiguous obligations under Section 365 of the Bankruptcy Code, 115 Broadway Tenant has failed to pay its Post-Petition Rent Obligations and soon will owe Base Rent and Additional Rent for the month of February 2024 under the Lease (the "<u>February Rent</u>").

16. The Post-Petition Rent Obligations are fully due and owing post-petition pursuant to Bankruptcy Code Section 365(d)(3), and by the time that this Motion is scheduled to be heard by the Bankruptcy Court, we anticipate that the February Rent will be fully due and owing as well.

## RELIEF REQUESTED

17. Trinity Centre respectfully requests the Court enter an order requiring 115 Broadway Tenant to (i) immediately perform its obligations under the Lease, including, without limitation, paying Trinity Centre the Post-Petition Rent Obligations and the February Rent (if then unpaid) within two (2) business days of entry of such order, (ii) perform all post-petition obligations under the Lease in a timely manner going forward unless and until the Lease is rejected and the Premises is surrendered in accordance with the terms of the Rejection and Assumption Procedures Order, and (iii) award to Trinity Centre its reasonable attorneys' fees and costs incurred in connection with the post-petition enforcement of its rights under the Lease and with the instant Motion.

## DISCUSSION

### A. <u>Payment of Post-Petition Rent is Required under Bankruptcy Code Section 365(d)(3).</u>

18. Bankruptcy Code Section 365(d)(3) provides, in pertinent part, that:

[t]he [debtor-in-possession] **shall timely perform all the obligations of the debtor** . . . arising from and after the order for relief under any unexpired lease of nonresidential property, **until such lease is assumed or rejected**, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3) (emphasis added).

19. Section 365(d)(3) protects landlords of nonresidential real property by requiring debtors-in-possession to perform their obligations, including rent payments under leases as the obligations become due in the post-petition period. *Centerpoint Props. v. Montgomery Ward Holding Corp.* (*In Re Montgomery Ward Holding Corp.*), 268 F.3d 205, 208-09, 211 (3rd Cir. 2001); *Hertz Gateway Ctr., L.P. v. KDA Grp., Inc.* (*In re KDA Grp., Inc.*), 574 B.R. 556, 558-59 (Bankr. W.D. Penn. 2017).

20. Under Section 365(d)(3), a debtor is required to pay all amounts that come due post-petition under nonresidential unexpired lease automatically, and landlords need not demonstrate that such amounts constitute "actual necessary costs and expenses of preserving the estate" as would required for the payment of an administrative claim under Section 503(b)(1) of the Bankruptcy Code. The Third Circuit decision in *Goody's* is instructive, and provides:

> Section 503(b)(1) is specifically mentioned in § 365(d)(3). The provision imposes the duties discussed in *Montgomery Ward* "notwithstanding section 503(b)(1) of [the Bankruptcy Code]." 11 U.S.C. § 365(d)(3). The key word here is "notwithstanding." It means "in spite of" or "without prevention or obstruction from or by." *Webster's Third New Int'l Dictionary* 1545 (1971). In this context, § 365(d)(3) is best understood as an exception to the general procedures of § 503(b)(1) that ordinarily apply.

*In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010).

21. Any arguments by the Debtors that they are prohibited from making timely post-petition rent payments due to liquidity constraints are belied by their filed Budget, which clearly evidences that they would have a projected cash balance of $75 million <u>after</u> satisfaction of their legally required January rent obligations to landlords. The Debtors have repeatedly tried to use the non-payment of rent as a leverage to get their landlords, including Trinity Centre, to engage in negotiations regarding concessions. This is simply not permitted under the Bankruptcy Code. Landlords, including Trinity Centre, are entitled to timely payment of post-petition rent under Section 365(d)(3) **<u>until</u>** and **<u>unless</u>** the Debtors reject their Lease and return the Premises to

6

landlord. This Court should not permit the Debtors to improperly receive the benefits of the leased Premises without timely making payments that the Bankruptcy Code clearly provides for.

22. As of the date hereof, 115 Broadway Tenant remains in possession of and continues to use the Premises for their benefit and the Court has not yet entered any order rejecting the Lease. Therefore, 115 Broadway Tenant remains obligated under the Lease and is liable for timely payment of all post-petition obligations arising thereunder, including, without limitation, the Post-Petition Rent Obligations, the February Rent, and any other payments that come due in the future, until the effective date of a rejection of the Lease and surrender in accordance with the terms of the Rejection and Assumption Procedures Order. Consistent with Section 365(d)(3) and in light of the foregoing, Trinity Centre respectfully requests this Court order 115 Broadway Tenant to pay the Post-Petition Obligations and February Rent to Trinity Centre.

### B. Attorneys' Fees

23. Trinity Centre is entitled to its reasonable attorneys' fees and costs incurred in connection with its post-petition enforcement of its rights under the Lease, including the costs to prepare this Motion. *See Lease,* § 31; *see also In re Pelican Pool*, No. 05-22983 (DHS), 2009 Bankr. LEXIS 4623, at *47 (Bankr. D.N.J. July 27, 2009) (holding that the landlord was entitled to post-petition, pre-rejection attorneys' fees for the trustee's nonpayment of rent, additional rent, and use and occupancy under Section 365(d)(3) when the lease allows for such provisions under applicable state law). Trinity Centre therefore respectfully requests that this Court order 115 Broadway Tenant to reimburse Trinity Centre's reasonable attorneys' fees and costs in connection with its enforcement actions, including this Motion.

### NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

25. Trinity Centre requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which Trinity Centre relies is incorporated herein and the Motion does not raise any novel issues of law.

## CONCLUSION

WHEREFORE, Trinity Centre respectfully requests the entry of an Order (i) requiring 115 Broadway Tenant to comply with its obligations under Bankruptcy Code Section 365(d)(3), including without limitation, to immediately pay its Post-Petition Rent Obligations and February Rent; (ii) requiring 115 Broadway Tenant to pay Trinity Centre's reasonable attorneys' fees and costs; and (iii) granting any other relief this Court deems just and proper.

*[Remainder of Page Intentional Left Blank]*

DATED: January 26, 2024

By: */s/Kizzy L. Jarashow*

**GOODWIN PROCTER LLP**
Kizzy L. Jarashow, Esq. (admitted *pro hac vice*)
Meredith L. Mitnick, Esq. (NJ Bar No. 337002020)
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
kjarashow@goodwinlaw.com
mmitnick@goodwinlaw.com

*Attorneys For Trinity Centre, LLC*

ACTIVE/127211978.10