UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-l(b)

**GREENBERG TRAURIG, LLP**

Paul H. Schafhauser, Esq.
500 Campus Drive
Florham Park, New Jersey 07932
Telephone: (973) 443-3233
Email: paul.schafhauser@gtlaw.com

*Counsel to Lincoln Street Property Owner, LLC*

In re:

    WEWORK INC., *et al.*,

        Debtors.[1]

Chapter 11

Case Number: 23-19865 (JKS)

(Jointly Administered)

**Requested Hearing Date: February 20, 2024, at 2:00 p.m. (ET)**

**Requested Objection Deadline: February 13, 2024, at 4:00 p.m. (ET)**

**LINCOLN STREET PROPERTY OWNER, LLC'S MOTION FOR ENTRY OF AN ORDER COMPELLING THE DEBTORS' PAYMENT OF CERTAIN POST-PETITION RENT AND OTHER OBLIGATIONS DUE AND REQUIRING <u>ADEQUATE PROTECTION OF LANDLORD'S INTERESTS</u>**

TO:    THE HONORABLE JOHN K. SHERWOOD,
          UNITED STATES BANKRUPTCY JUDGE:

Lincoln Street Property Owner, LLC ("Landlord") files this motion (the "Motion") for entry of an order compelling Lincoln Street Tenant LLC (the "Debtor" or "Tenant") to pay post-petition rent obligations due and payable under the Lease in accordance with 11 U.S.C. § 365(d)(3) and to provide adequate protection of Landlord's interests. In support of the Motion, Landlord states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiqll.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**PRELIMINARY STATEMENT**

1. As of the date of this Motion, the post-petition rent obligations due and payable to Landlord under the Lease (as defined below) total at least $1,264,404.29. This does not include of stub rent, and stub rent is not being sought at this time. Section 365(d)(3) of the Bankruptcy Code requires the Debtor, as tenant, to timely perform all obligations under the Lease, including payment of all post-petition rent unless and until the Lease is rejected and the premises are surrendered. The Lease has not been rejected, no motion has been filed seeking to reject the Lease, and the Debtor has not surrendered possession. Debtor has unilaterally withheld $1,264,404.27 of post-petition rent payment of which is mandated by Section 365(d)(3) as an improper negotiating tactic to obtain leverage in an effort to force Landlord to modify the Lease. The Debtors have intentionally ignored the mandate that rent be paid to Landlord (and apparently many other landlords). This willful disregard for the Debtors' statutory obligations is imposing irreparable hardship on Landlord.

2. Landlord asks this Court to enforce the unambiguous statutory mandate under Section 365(d)(3) by entering an order compelling the Debtor to pay all outstanding post-petition rent obligations due under the Lease and timely perform all future obligations. The relief requested is appropriate in these chapter 11 cases because, as set forth more fully below, the Debtor has failed to fully perform its obligations under the Lease and failed to pay all rent owing for the months of December 2023 and January 2024. The post-petition rent obligations are entitled to administrative priority under section 503(b)(1) of the Bankruptcy Code and should be immediately paid regardless of whether the Lease is rejected at some future date. Landlord is entitled to adequate protection of its interest in the Lease, which should be provided in the form of monetary payments for the amounts that are owing.

**JURISDICTION, NATURE OF MATTER, AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334. This action constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought in this Motion is 11 U.S.C. § 365(d)(3).

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

A. **General Background**

5. On November 6, 2023 (the "Petition Date"), each of the above-captioned debtors, including 1 Lincoln Street Tenant LLC (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 ("Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On November 16, 2023, the U.S. Trustee appointed the official committee of unsecured creditors [Dkt. No. 150]. No trustee or examiner has been appointed in these chapter 11 cases.

7. While the Debtors have rejected certain unexpired leases, the Debtors have not filed a motion with this Court to assume or reject the Lease between Landlord and Debtor.

B. **The Lease**

8. Landlord and Tenant are parties to an Office Lease Agreement dated as of December 31, 2018 (as amended, the "Lease") for the lease of certain premises (the "Premises") located in the building commonly known as 1 Lincoln Street, Boston, MA (the "Building"). A true and correct copy of the Lease, including amendments, is attached to the Declaration of Terrence Storey ("Storey Decl.") filed concurrently herewith as **Exhibit A.**

9. Under the terms of the Lease, Debtor is required to timely pay rent, with Base Rent (as defined in the Lease) due on the fifth of each month.

10. The Lease further provides that if there is an Event of Default (as defined in the Lease) by Debtor, Debtor shall pay Landlord its reasonable attorneys' fees and expenses.

C. **December and January Rent**[2]

11. Since the Petition Date, the Debtor has continuously occupied and used the Premises in the operation of the Debtor's business. The Debtor receives income from members who use the Premises. The Debtor unilaterally decided to withhold (a) $14,711.37 of the rent due for the month of December 2023, which was due and payable under the Lease on December 18, 2023 and (b) $1,249,692.92 of the rent for the month of January 2024, which was due and payable under the Lease for January rent. Landlord has been negotiating a potential prospective restructuring of the Lease with Tenant which would involve reducing the number of floors that are being leased. The partial payment of January rent tendered by Tenant of $354,553.89 presupposes that such a deal is in retroactively in place, even though the entire premises are being leased and no agreement has been reached on reducing the space that is subject to the Lease. Tenant was advised that the partial payment that was tendered was not acceptable and a default under the Lease. Tenant has refused to tender the additional rent owing. On February 5, 2024, the Debtor will owe an additional $1,577,216.82 for rent for the month of February 2024, exclusive of charges for electricity and HVAC which will be billed later in the month.

12. As of the date of this Motion, the rent for December 2023 due and payable by the Debtor under the Lease totals $14,711.37 (the "December 2023 Rent").

13. As of the date of this Motion, the rent for January 2024 due and payable by the Debtor under the Lease totals $1,264,404.29 (the "January 2024 Rent").

14. In addition, as noted above, under the Lease Landlord is entitled to recover all of its costs and expenses (including reasonable attorneys' fees) in seeking to protect its rights and enforce the provisions of the Lease on account of the Debtor's failure to pay its rent obligations.

---

[2] The relief sought by this Motion is limited to unpaid December 2023 and January 2024 rent and charges (and other rent and charges that may come due prior to the hearing on the Motion) and fees and costs incurred in bringing this Motion. The Landlord's claim and remedies with respect to any other amounts owing post-petition and that have accrued under the Lease are expressly reserved.

**RELIEF REQUESTED**

15. Landlord respectfully requests that the Court enter the proposed order attached hereto as Exhibit "A" compelling immediate payment of the December 2023 Rent and January 2024 Rent as required by section 365(d)(3) of the Bankruptcy Code, performance of all post-petition obligations under the Lease going forward unless and until the Lease is rejected, and awarding Landlord its reasonable attorneys' fees and costs incurred in connection with bringing this Motion.

A. **Section 365(d)(3) of the Bankruptcy Code Mandates that the Debtor Promptly Pay All Post-Petition Rent and Obligations Arising Under the Lease**

16. Section 365(d)(3) of the Bankruptcy Code is unambiguous—a debtor in possession "shall timely perform all of the obligations of the debtor . . . arising from and after the order for relief under any expired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3); *see In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001) ("The clear and express intent of § 365(d)(3) is to require the trustee to perform the lease in accordance with its terms."); *In re Pelican Pool & Ski Ctr., Inc.*, No. 05-22983 (DHS), 2009 WL 2244573, at *11 (D.N.J. July 27, 2009) (recognizing same); *In re Pac-West TeleComm, Inc.*, 377 B.R. 119, 123 (Bankr. D. Del. 2007).

17. The purpose of section 365(d)(3) of the Bankruptcy Code is to ensure immediate payment of lease obligations so that a landlord is not forced to provide the leased premises to the debtor without compensation. *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr. E.D. Pa. 1987) (summarizing legislative history of section 365(d)(3)). It operates to prevent landlords from becoming involuntary creditors of the bankruptcy estates. *See In re Handy Andy Home Imp. Centers, Inc.*, 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996).

18. Section 365(d)(3) of the Bankruptcy Code requires the Debtor to pay all post-petition obligations under the Lease, pursuant to its terms. Indeed, even obligations under the Lease that are due post-petition but relate to prepetition activity must be "timely" paid by the debtor under section 365(d)(3) of the Bankruptcy Code. *See In re Pac-W. Telecomm, Inc.*, 377 B.R. 119, 126 (Bankr. D.

Del. 2007) (compelling the payment of reconciliation amounts owed to a landlord for pre-petition charges because such amounts became due under the lease post-petition); *see Pelican Pool & Ski Ctr., Inc.*, 2009 WL 2244573, at *16 (awarding landlord administrative expense claims for reconciliation charges that became due post-petition). The Debtor's obligations under section 365(d)(3) of the Bankruptcy Code are independent of, and not subject to, the requirements for the allowance of administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code. *See In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010) ("[Section] 365(d)(3) is best understood as an exception to the general procedures of § 503(b)(1) that ordinarily apply."). Courts uphold the requirement of immediate payment—and the landlord's right to retain such payments—even when faced with an estate's later administrative insolvency. *See In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003).

19. The December 2023 Rent and January 2024 Rent constitute amounts falling due under the terms of the Lease after the order for relief, and the Debtor must timely pay the amounts it has wrongfully withheld. In addition to this rent, Landlord is entitled under section 365(d)(3) of the Bankruptcy Code to prompt payment of all other charges owing under the Lease, including attorneys' fees incurred in connection with the post-petition enforcement of its rights under the Lease. *See Pac-W. Telecomm, Inc.*, 377 B.R. at 126; *Pelican Pool & Ski Ctr., Inc.*, 2009 WL 2244573, at *16.

20. Accordingly, Landlord respectfully requests entry of an order compelling the Debtor to pay the December 2023 Rent and the January 2024 Rent and charges, and any additional rent and charges that have accrued post-petition and are due and owing under the Lease prior to the hearing on this Motion (including Rent and charges for February 2024), within three days of entry of an order granting this Motion.

B. **The Landlord Is Entitled to Adequate Protection**

21. Section 363(e) of the Bankruptcy Code requires adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes such a request. If a creditor with an "interest" in property used by the Debtors makes a request for adequate

protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see In re Worldcom, Inc.,* 304 B.R. 611,618 (Bankr. S.D.N.Y. 2004); *see also In re Metromedia Fiber Network, Inc.,* 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("[s]ection 363(e) is not permissive or discretionary ... ").

22. Section 363(e) is not limited to secured creditors. A landlord holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease and is entitled to adequate protection of that interest. *In re Dabney,* 45 B.R. 312, 313-14 (Bankr. E.D. Pa. 1985); *In re Ernst Home Center, Inc.,* 209 B.R. 955, 966 (Bankr. W.D. Wash. 1997) (current payment of rent is adequate protection).

23. Under § 361(3) adequate protection may not take the form of a deferred administrative claim. A transfer of value satisfies the requirements of adequate protection. This is particularly true where the Debtors' budget provides for payment of rents, but the Debtors are willfully withholding rent payments to exert leverage in rent negotiations with Landlord and numerous other landlords of the Debtors.

24. The appropriate form of adequate protection is immediate cash payment equal to the amount of rent and related charges accruing under the Lease, and all charges going forward until the effective date of rejection.

## WAIVER OF MEMORANDUM OF LAW

25. Landlord requests that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which Landlord relies is incorporated herein and the Motion does not raise any novel issues of law.

[*Remainder of page intentionally left blank*]

**WHEREFORE,** Landlord respectfully requests the entry of an order, (A) directing the Debtor to (i) pay all outstanding post-petition rent and obligations owing under the Lease as an administrative expense within three business days of entry of such order, (ii) perform all post-petition obligations under the Lease going forward unless and until the Lease is rejected and the Premises surrendered, (iii) award to Landlord its reasonable attorneys' fees and costs incurred in connection with the post-petition enforcement of its rights under the Lease, and (B) granting such further relief as is just and proper.

Dated: February 6, 2024.               **GREENBERG TRAURIG, LLP**

                                       By: /s/ Paul H. Schafhauser
                                           Paul H. Schafhauser, Esq.
                                           500 Campus Drive
                                           Florham Park, New Jersey 07932
                                           Telephone: (973) 443-3233
                                           Email: paul.schafhauser@gtlaw.com

                                           and

                                           Howard J. Steinberg
                                           1840 Century Park East, Suite 1900
                                           Los Angeles, California 90067
                                           Telephone: (310) 586-7700
                                           Email: steinbergh@gtlaw.com
                                           (admitted pro hac vice)

                                       *Counsel to Lincoln Street Property Owner, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on February 6, 2024, a true and correct copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the District of New Jersey on those parties registered to receive electronic notices and (ii) regular mail to the following:

| | |
|---|---|
| 1 Lincoln Street Tenant LLC<br>1 Lincoln Street<br>Boston, MA 02111<br>Debtor | Cole Schotz P.C.<br>Attn: Michael D. Sirota<br>Court Plaza North<br>25 Main St.<br>Hackensack, NJ 07601<br>Debtors' Counsel |
| Kirland & Ellis LLP<br>Attn: Edward O. Sassower<br>Joshua A. Sussberg<br>Steven N. Serajeddini<br>Ciara Foster<br>601 Lexington Ave.<br>New York, NY 10022<br>Debtors' Counsel | Office of the US Trustee<br>Attn Fran B. Steele, Esq. & Peter J. D'Auria, Esq.<br>One Newark Center, Ste 2100<br>Newark, NJ 07102<br>US Trustee |

By:  */s/ Paul H. Schafhauser*
     Paul H. Schafhauser, Esq.