**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:   (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on March 4, 2024, the above-captioned debtors and

debtors in possession (the "Debtors"), by and through their undersigned counsel, filed the *Debtors'*

*Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11*

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

*Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on **April 18, 2024, at 10:00 a.m., prevailing Eastern Time**, or as soon thereafter as counsel may be heard (the "Hearing"), before the Honorable John K. Sherwood, United States Bankruptcy Judge, in Courtroom 3D of the United States Bankruptcy Court for the District of New Jersey (the "Court"), 50 Walnut Street, Newark, NJ 07102.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall:  (i) be in writing; (ii) state with particularity the basis of the objection; and (iii) be filed with the Clerk of the Court electronically by attorneys who regularly practice before the Court in accordance with the *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Court) and, by all other parties in interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the General Order and the Supplemental Commentary so as to be received no later than seven (7) days before the Hearing.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to timely file an objection may result in entry of a final order granting the Motion as requested by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these chapter 11 cases may be obtained free of charge by visiting the website of Epiq Corporate Restructuring, LLC at https://dm.epiq11.com/WeWork.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion will be decided on the papers in accordance with D.N.J. LBR 9013-3(d)(1), and the relief requested may be granted without further notice or hearing.

*[Remainder of page intentionally left blank]*

Dated:  March 4, 2024

/s/  Michael D. Sirota
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com


*Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:   (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

## DEBTORS' MOTION FOR ENTRY OF
## AN ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
## SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
## OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY

COURT FOR THE DISTRICT OF NEW JERSEY:

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

the following in support of this motion (the "<u>Motion</u>"):[2]

<b><u>Preliminary Statement</u></b>[3]

1.    Approximately four months ago, in the wake of both long- and short-term

disruptions in the commercial real estate market, including the onset of COVID-19, changing

workplace patterns, accelerating inflation, and higher interest rates across the globe, the Debtors

executed the RSA and commenced these chapter 11 cases to effectuate a comprehensive

restructuring that will position WeWork for sustainable, long-term stability and profitability.  The

transactions underpinning the Debtors' restructuring, as embodied in the Plan, will accomplish that

end by eliminating approximately $3 billion of funded debt and rationalizing the Debtors' global

real estate portfolio and are supported by the SoftBank Parties, the Ad Hoc Group, and Cupar, who

collectively represent approximately ninety-two percent of the Debtors' secured notes.

2.    Since the Petition Date, the Debtors have made significant progress in these

chapter 11 cases.  The Debtors successfully transitioned into chapter 11 with their operations

largely uninterrupted and have continued to provide best-in-class service to their members.  The

Debtors have also received Court approval of the DIP Order and Cash Collateral Order on a fully

---

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21] (the "<u>First Day Declaration</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in (i) the First Day Declaration, (ii) the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries* [Docket No. 1291] (as may be amended, supplemented, or modified from time to time, the "<u>Disclosure Statement</u>"), or (iii) *the Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries* [Docket No. 1290] (as amended, supplemented, or modified from time to time, the "<u>Plan</u>"), as applicable.

[3]    Consistent with paragraph 24 of the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100], the Motion is being filed prior to the expiration of the Exclusivity Periods.  Accordingly, the Exclusivity Periods are automatically extended until the Court acts on the Motion, which is currently scheduled to be heard at the hearing on April 18, 2024.

2

consensual basis, filed the Plan and Disclosure Statement, and rejected or assumed approximately

106 leases collectively, all while they continue to engage with key stakeholders in an effort to

reach a consensual conclusion to these chapter 11 cases.  Other important steps to advance the

Debtors' goal of achieving a value maximizing restructuring transaction include, among other

things:

- *"First Day" and "Second Day" Relief.*  Obtaining important procedural and operational relief in the form of "first day" and "second day" relief, which has helped stabilize the Debtors' business and their relationships with their stakeholders following the commencement of these chapter 11 cases;

- *Lease Negotiations.*  Continuing efforts to right-size the Debtors' expansive lease portfolio, including by negotiating complex and bespoke lease terms with landlord counterparties in the United States and Canada, rejecting, or filing papers to reject, approximately ninety-three leases, and assuming, or filing papers to assume, approximately thirteen leases;

- *Stakeholder Engagement.*  Addressing numerous questions, concerns, and issues raised by the Debtors' employees, members, landlords, vendors, utility providers, and other parties in interest;

- *DIP and Cash Collateral.*  Negotiating and obtaining, on a consensual basis, Court approval of (i) the *Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 427] (the "DIP Order"), and (ii) the *Final Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 428] (the "Cash Collateral Order");

- *Statutory Reporting.*  Preparing and submitting the Debtors' extensive schedules of assets and liabilities and statements of financial affairs;

- *Creditor Meetings.*  Participating in two meetings of creditors and equity security holders pursuant to section 341 of the Bankruptcy Code;

- *Removal Order.*  Obtaining court approval to enlarge the period within which the Debtors may remove civil actions [Docket No. 1252];

- *Bar Date Order.*  Obtaining court approval of procedures and deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) [Docket No. 1285];

- ***Special Committee Investigation.***  Working with the Special Committee on its investigation into estate claims and causes of action;

- ***Statutory Reporting.***  Coordinating with the U.S. Trustee to provide requested information on a variety of issues and complying with all reporting requirements under the Bankruptcy Code, including preparing and filing monthly operating reports, *see* Docket Nos. 1268 and 1269;

- ***Committee Engagement.***  Engaging meaningfully with the Committee and its advisors on a regular basis, including by producing over 500,000 documents totaling more than 4 million pages, and holding telephonic and in-person meetings on a variety of issues;

- ***Hearings.***  Preparing for and attending various hearings, including, but not limited to, the first day hearing and the hearing to approve the DIP Facilities and use of cash collateral;

- ***New-Money Financing.***  Soliciting interest in and negotiating the terms of a new-money, debtor-in-possession financing facility to fund the Debtors' operations and the administration of these chapter 11 cases through to the Plan effective date;

- ***Retention of Professionals.***  Obtaining approval of several retention applications for the Debtors' professionals; and

- ***Plan and Disclosure Statement.***  Filing the Disclosure Statement and the Plan with the support of the Consenting Stakeholders.

3.      The Debtors' progress to date has been achieved in no small part due to the exclusive right of chapter 11 debtors to put forth a plan of reorganization.  Over the coming weeks and months, as the Debtors continue to advance a value-maximizing restructuring transaction, it is critical that the Debtors retain control of these chapter 11 cases through an extension of the exclusivity period pursuant to section 1121 of the Bankruptcy Code.  As such, the Debtors request extensions of their exclusive right (i) to file a chapter 11 plan by 120 days through and including July 3, 2024; and (ii) to solicit votes thereon by 120 days through and including September 3, 2024.

4.      The requested extension is essential to preserving the Debtors' ability to continue developing an effective business plan, completing a comprehensive lease rationalization process,

and ultimately negotiating and prosecuting a value-maximizing chapter 11 plan for the benefit of all parties in interest.  The mere existence of one or more competing plans—however untenable they may be—would unnecessarily complicate the Debtors' plan confirmation process.  Fighting multiple creditor factions would also undermine the Debtors' going-concern value and jeopardize creditors' recoveries.  Such disruption would be antithetical to the Debtors' reorganization and rehabilitation efforts to date and highly prejudicial to all parties in interest.

5.      For these reasons, as well as the reasons set forth below, cause exists under section 1121 of the Bankruptcy Code to extend the Filing Exclusivity Period and the Solicitation Exclusivity Period for 120 days each.  Accordingly, the Court should grant the Motion.

## Relief Requested

6.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):  (i) extending the Debtors' exclusive right to file a chapter 11 plan by 120 days through and including July 3, 2024 (the "Filing Exclusivity Period") and to solicit votes thereon for 120 days[4] through and including September 3, 2024 (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"),[5] without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods; and (ii) granting related relief.[6]

---

[4]   For the avoidance of doubt, section 1121 of the Bankruptcy Code provides for a 60-day extension of the Solicitation Exclusivity Period.  The Debtors request a 120-day extension of the already extended deadline for the Solicitation Exclusivity Period (*i.e.*, 182 days from the expiration of the original Filing Exclusivity Period).

[5]   Calculated in accordance with Bankruptcy Rule 9006(a).

[6]   The Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on March 6, 2024, and May 6, 2024, respectively, absent further order of the Court.  For the avoidance of doubt, the Solicitation Exclusivity Period expires Saturday, May 4, 2024, but is automatically extended to May 6, 2024, by operation of Bankruptcy Rule 9006(a).

**Jurisdiction and Venue**

7.     The United States Bankruptcy Court for the District of New Jersey (the "Court")
has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of
Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on
September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a
final order in connection with this Motion to the extent that it is later determined that the Court,
absent consent of the parties, cannot enter final orders or judgments in connection herewith
consistent with Article III of the United States Constitution.

8.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.     The bases for the relief requested herein are section 1121 of title 11 of the United
States Code (the "Bankruptcy Code") and rule 9006 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules").

**Background**

10.     The Debtors, together with their non-Debtor affiliates (collectively, "WeWork" or
the "Company"), are the global leader in flexible workspace, integrating community, member
services, and technology.  Founded in 2010 and headquartered in New York City, WeWork's
mission is to create a collaborative work environment where people and companies across a variety
of industries, from freelancers to Fortune 100 companies, come together to optimize performance.
WeWork became a publicly traded company in 2021 and employs over 2,650 full-time and fifty
part-time workers in the United States and abroad.  The Company operated over 650 locations in
thirty-seven countries as of November 6, 2023 (the "Petition Date") and is among the top
commercial real estate lessors in business hubs, including New York City, London, Dublin,
Boston, and Miami.  For the fiscal year 2022, WeWork's revenue was approximately $3.25 billion.

The Debtors commenced these chapter 11 cases to rationalize their lease portfolio, right-size their balance sheet, and position WeWork for sustainable, long-term growth.

11.     On the Petition Date, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On November 8, 2023, the Court entered an order [Docket No. 87] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b), which order was revised on January 8, 2024 [Docket No. 1116].  On November 16, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 150] (the "Committee").

**Basis for Relief**

12.     A debtor has the exclusive right to file a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional sixty days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan and is soliciting votes on such plan.  "[T]he point of exclusivity is to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *Cont'l Casualty Co. v. Burns and Roe Enters., Inc. (In re Burns and Roe Enters., Inc.)*, 2005 WL 6289213, at \*4 (D.N.J. Nov. 2, 2005). In these chapter 11 cases, the Filing Exclusivity Period and the Solicitation Exclusivity Period set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on March 6, 2024, and May 6, 2024,[7] respectively, absent further order of the Court.  Extending the Exclusivity Periods

---

[7]     *See supra* note 6.

at this critical moment in these chapter 11 cases will permit the Debtors to prosecute the Plan, solicit votes thereon, and pursue confirmation in an expeditious and orderly manner without the expensive and time-intensive intrusion of extraneous plans.

13.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity periods "for cause," subject to certain limitations not relevant in these chapter 11 cases. Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d).  Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates such term is intended to be a flexible standard to balance the competing interests of a debtor and its creditors and "to allow the debtor to reach an agreement." *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191; H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Newark Airport/Hotel Ltd. P'ship*, 156 B.R. 444, 451 (Bankr. D.N.J.) (noting that the legislature intended that the granting of an extension be based "on a showing of some promise of probable success [for reorganization]."), *aff'd*, *FGH Realty Credit Corp. v Newark Airport/Hotel Ltd. P'ship*, 155 B.R. 93 (D.N.J. 1993). Courts consistently hold that a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See, e.g.*, *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14.     Courts within the Third Circuit and other jurisdictions have held that the decision to extend a debtor's exclusivity is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.  *See Cont'l Casualty*, 2005 WL 6289213, at *3

8

("Whether or not to grant an extension of exclusivity 'is a matter of discretion based on all facts

and circumstances.'") (quoting *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y.

2005); *see also In re Geriatrics Nursing Home, Inc.*, 187 B.R. 128, 132 (Bankr. D.N.J. 1995)

(noting that section 1121(d)(1) "grants great latitude to the [b]ankruptcy [j]udge in deciding, on a

case-specific basis, whether to modify the exclusivity period"); *In re Cent. Jersey Airport Servs.,

LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) (noting that the granting or denial of a request to

extend exclusivity is within the discretion of the bankruptcy court); *First Am. Bank of New York

v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (Bankr. D. Del. 1986) ("Section 1121(d)

provides the Bankruptcy Court with flexibility to either reduce or increase that period of

exclusivity in its discretion.").

15.    In particular, bankruptcy courts across the United States, including in this district,

typically examine several factors to determine whether sufficient "cause" exists to warrant an

extension of a debtor's exclusive right to file and solicit a plan.  These factors include:

    (a)    the size and complexity of the case(s);

    (b)    the existence of good faith progress toward reorganization;

    (c)    the necessity of sufficient time to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

    (d)    whether the debtor is paying its debts as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)    whether the debtor has made progress negotiating with creditors;

    (g)    the length of time a case has been pending;

    (h)    whether the debtor is seeking an extension to pressure creditors; and

    (i)    whether or not unresolved contingencies exist.

*See Mo v. H.S.B.C. Bank USA, N.A. (In re Mo)*, 650 B.R. 193, 227–28 (Bankr. D.N.J. 2023) (quoting *In re Cent. Jersey Airport Servs.*, 282 B.R. at 184); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997) (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (same); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same).

16.     Importantly, not all the aforementioned factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors).  For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances thereof.  *See* H.R. Rep. No. 95-595, at 231–32, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.") (emphasis added); *see also In re Texaco, Inc.*, 76 B.R. at 327 (holding that size and complexity of the chapter 11 case provided sufficient cause to extend exclusivity); *Cont'l Casualty*, 2005 WL 6289213, at *3 (quoting *Texaco*, 76 B.R. at 326) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a

huge debtor with a complex financial structure are important factors which generally constitute

cause for extending the exclusivity periods.").

17.    Here, cause exists pursuant to section 1121(d) of the Bankruptcy Code to extend

the Exclusivity Periods for the following reasons:

- ***The Debtors' Chapter 11 Cases are Large and Complex.*** These chapter 11 cases include 517 Debtor entities with a vast network of operations, thousands of parties in interest, and a complex corporate and capital structure that includes over $4.2 billion in funded debt obligations. Additionally, the Debtors are the global leader in flexible workspace with one of the most expansive private commercial real estate portfolios in the world, and, as a result, are party to thousands of executory contracts, including hundreds of unexpired leases. Since the commencement of these chapter 11 cases, the Debtors have been in ongoing discussions with hundreds of their landlords to renegotiate the terms of the unexpired leases. These discussions have been extremely time-consuming due to, among other things, the complexity and bespoke nature of many of the deals being negotiated and the number of third parties whose interests are affected, including the landlords' lenders and the Consenting Stakeholders. Such issues have been compounded by the sheer volume of leases the Debtors must negotiate. Additionally, the Debtors have engaged in extensive negotiations with a subset of their landlords with respect to the Debtors' payment of post-petition rent. As of the date hereof, the Debtors have rejected, or have filed papers to reject, approximately ninety-three unexpired leases and have assumed, or have filed papers to assume, approximately thirteen leases. The scale and complexity of the Debtors' business and these chapter 11 cases alone provide sufficient justification for extending the Exclusivity Periods.

- ***The Debtors Have Made Good-Faith Progress Towards Exiting Chapter 11.*** During their short time in chapter 11, the Debtors have made significant progress in negotiating with their stakeholders and administering these chapter 11 cases. Indeed, the Debtors have already satisfied several key milestones in these chapter 11 cases, including obtaining first and second day operational relief, filing the Plan and the Disclosure Statement, obtaining final approval of the DIP Order and Cash Collateral Order, and establishing claims bar dates. The Debtors also completed and filed their extensive schedules and statements for all 517 Debtor entities. In addition, as set forth above, the Debtors have continued to negotiate with landlords, make critical decisions regarding the assumption and rejection of leases, and engage with all key stakeholders to determine the scope of the Company's go-forward business. Furthermore, the Debtors have produced over 500,000 documents, totaling more than 4 million pages, in connection with the Committee's investigation, and the Debtors are actively engaging with the Committee and their other

stakeholders.  The Debtors are also actively negotiating the terms of a new-money, debtor-in-possession financing facility to fund their operations and the administration of these chapter 11 cases through to the effective date of the Plan.  An extension of the Exclusivity Periods is needed to continue this important work and prosecute the Plan.

- ***An Extension of the Exclusivity Periods Will Not Prejudice Creditors.***  The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  Indeed, an extension of the Exclusivity Periods will permit the Debtors to maintain flexibility without competing plans derailing their ongoing restructuring process.  Multi-track negotiations across several plans would give rise to uncertainty to the detriment of all stakeholders and would cause substantial delay in returning value to the Debtors' creditors.  Moreover, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest and will not prejudice the Debtors' creditors especially when, as here, all creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtors throughout these chapter 11 cases. The Debtors are seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date.

- ***These Cases Are Less Than Four Months Old.***  The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes less than four months after the Petition Date.  As discussed above, during this short time, the Debtors have accomplished a great deal and continue to work diligently with all stakeholders toward an expeditious resolution of these chapter 11 cases.  Additionally, the Debtors' request comes as the Debtors are poised to obtain approval of the Disclosure Statement and solicit votes in advance of the Confirmation Hearing.  While these steps represent great progress for the Debtors and their stakeholders, the Debtors require an extension of the Exclusivity Period to finish several critical initiatives, including continuing to rationalize their lease portfolio, finalizing the Plan and Disclosure Statement, and soliciting votes in advance of confirmation.

- ***The Debtors Have Filed a Viable Plan.***  The Debtors have already filed a chapter 11 plan the Debtors believe to be viable and will continue to work with stakeholders on finalizing its terms.  The Plan enjoys the support of Holders of approximately ninety-two percent of the Debtors' secured notes, and the Debtors are working diligently with other parties in interest to ensure the Plan can be confirmed on a fully consensual basis.

18.    An objective analysis of the relevant factors demonstrates that the Debtors are making meaningful progress in these chapter 11 cases.  Accordingly, sufficient cause exists to extend the Exclusivity Periods as provided herein.  There is ample precedent in this district for an

initial extension of exclusivity. *See, e.g.*, *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Sept. 21, 2023) (granting an initial exclusivity extension of 120 days); *In re Whittaker, Clark & Daniels, Inc.*, No. 23-13575 (MBK) (Bankr. D.N.J. Aug. 14, 2023) (same); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. Aug. 2, 2023) (granting an initial exclusivity extension of ninety days); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. Apr. 19, 2023) (granting an initial filing exclusivity extension of forty-eight days and a solicitation exclusivity extension of seventy-three days); *In re Nat'l Realty Inv. Advisors LLC*, No. 22-14539 (JKS) (Bankr. D.N.J. Oct. 5, 2022) (granting an initial exclusivity extension of 120 days).[8]

19.     Accordingly, the Debtors request an extension of the Exclusivity Periods and reserve the right to request further extensions of the Exclusivity Periods as circumstances require.

### Waiver of Memorandum of Law

20.     The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to rule 9013-1(a)(3) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

### No Prior Request

21.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

### Notice

22.     The Debtors will provide notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the Committee;

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' counsel.

(c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group;

(d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank;

(e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors'

prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for

each of the states in which the Debtors operate; (h) the United States Attorney's Office for the

District of New Jersey; (i) the Securities and Exchange Commission; (j) the Internal Revenue

Service; (k) the monitor in the CCAA proceeding and counsel thereto; and (l) any party that has

requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested,

no other or further notice need be given.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request that the Court enter an order, substantially in the form

submitted herewith, granting the relief requested herein and such other relief as is just and proper

under the circumstances.

Dated:  March 4, 2024

/s/  Michael D. Sirota

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Ciara Foster (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:   (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:   (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:   (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Co-Counsel for Debtors and* | *Co-Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through five (5), is **ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) extending the Filing Exclusivity Period by 120 days through and including July 3, 2024, and the Solicitation Exclusivity Period for 120 days through and including September 3, 2024, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all

---

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief |

of the proceedings had before the Court and after due deliberation and sufficient cause appearing

therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on a final basis as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period

pursuant to section 1121(b) of the Bankruptcy Code is hereby extended by 120 days through and

including July 3, 2024.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Solicitation Exclusivity

Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended by 120 days through

and including September 3, 2024.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the

Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this Order in accordance with the Motion.

6.      Notwithstanding any Bankruptcy Rule to the contrary, to the extent applicable, this

Order shall be effective and enforceable immediately upon entry hereof.

7.      Notice of the Motion as provided therein constitutes good and sufficient notice

thereof, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by

such notice.

8.      The requirement set forth in Local Rule 9013-1(a)(3) that any motion be

accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion

or otherwise waived.

(Page | 5)

| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (II) Granting Related Relief |

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.