| | |
|---|---|
| **PAUL HASTINGS LLP** | **RIKER DANZIG LLP** |
| Kristopher M. Hansen, Esq. (admitted *pro hac vice*) | Joseph L. Schwartz, Esq. |
| Frank A. Merola, Esq. (admitted *pro hac vice*) | Tara J. Schellhorn, Esq. |
| Gabriel E. Sasson, Esq. | Daniel A. Bloom, Esq. |
| Matthew D. Friedrick, Esq. (admitted *pro hac vice*) | Gregory S. Toma, Esq. |
| 200 Park Avenue | Headquarters Plaza, One Speedwell Avenue |
| New York, New York 10166 | Morristown, New Jersey 07962-1981 |
| Telephone: (212) 318-6000 | Telephone: (973) 538-0800 |
| Facsimile: (212) 319-4090 | Facsimile: (973) 538-1984 |
| krishansen@paulhastings.com | jschwartz@riker.com |
| frankmerola@paulhastings.com | tschellhorn@riker.com |
| gabesasson@paulhastings.com | dbloom@riker.com |
| matthewfriedrick@paulhastings.com | gtoma@riker.com |
| | |
| *Co-Counsel to the Official* | *Co-Counsel to the Official* |
| *Committee of Unsecured Creditors* | *Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | Hon. John K. Sherwood |

**SECOND SUPPLEMENTAL DECLARATION**
**OF KRISTOPHER M. HANSEN REGARDING RETENTION OF PAUL HASTINGS**
**LLP AS COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Kristopher M. Hansen, pursuant to 28 U.S.C. § 1746, under penalty of perjury declare as follows:

1. I am an attorney admitted and in good standing to practice in the State of New York.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

2. I am a partner with the law firm of Paul Hastings LLP ("Paul Hastings"), located at, among other offices worldwide, 200 Park Avenue, New York, NY 10166, and am duly authorized to make this declaration on behalf of Paul Hastings.

3. The facts set forth in this second supplemental declaration (this "Second Supplemental Declaration") are based upon my personal knowledge, discussions with other Paul Hastings attorneys and employees, and the firm's client/matter records that were reviewed by Paul Hastings attorneys and employees acting under my supervision and direction.

4. On December 21, 2023, I submitted a declaration (the "Initial Declaration") in support of the *Application for Entry of an Order Authorizing the Retention and Employment of Paul Hastings LLP as Lead Counsel to the Official Committee of Unsecured Creditors, Effective as of November 20, 2023* [Docket No. 490] (the "Retention Application")[2] filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned cases. On January 10, 2024, I submitted the *First Supplemental Declaration of Kristopher M. Hansen Regarding Retention of Paul Hastings LLP as Counsel to the Official Committee of Unsecured Creditors* [Docket No. 1134] (the "First Supplemental Declaration" and, together with the Initial Declaration, the "Prior Declarations"). I hereby incorporate by reference, in their entirety, the Prior Declarations as if fully set forth herein.

5. On February 1, 2024, the Debtors' counsel provided Paul Hastings with a list of additional interested parties in the Chapter 11 Cases, as set forth on Schedule 1 hereto (the "Additional Interested Parties").[3] In preparing this Second Supplemental Declaration, Paul

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Retention Application.

[3] Paul Hastings' inclusion of any parties in the attached Schedules is solely to illustrate Paul Hastings' conflict search process and is not an admission that any party has a valid claim against the Debtors or that any party properly belongs in the Schedules or has a claim or legal relationship to the Debtors of the nature described in the Schedules.

2

Hastings reviewed its conflicts check system for the names of the Additional Interested Parties. The results of our conflicts checks were compiled and analyzed by Paul Hastings attorneys acting under my supervision.[4]

6.  To the extent the conflicts check searches indicated that Paul Hastings has performed services for any Additional Interested Party within the last three years, the identity of such entity and the nature of Paul Hastings' relationship with such entity are set forth in Schedule 2 hereto.[5]  Schedule 2 reflects parties (or their affiliates) whom Paul Hastings represents, or has represented in the past, in matters unrelated to the matters on which the Committee has retained Paul Hastings.  Although Paul Hastings has represented, currently represents, and may continue to represent certain entities listed on Schedule 2 hereto, Paul Hastings will not represent any such entity in the Chapter 11 Cases.

7.  Each of the entities identified on Schedule 2 for whom Paul Hastings has performed services accounted for 1.0% or less of the aggregate fees collected by Paul Hastings for the firm's fiscal year ending January 31, 2024.

8.  To the best of my knowledge, information and belief, based on the review procedures described above, neither I, nor any partner, of counsel, or associate of Paul Hastings, as far as I have been able to ascertain, has any "connection" with any Additional Interested Party, except as set forth in the Prior Declarations or this Second Supplemental Declaration (including

---

[4] While certain entities may be involved in more than one capacity in the Chapter 11 Cases, Paul Hastings' updates do not cover changes in capacity during the course of a bankruptcy case.  Given the prior disclosure of Paul Hastings' relationship, if any, to such entities, such disclosure is not repeated here.

[5] The list of Additional Interested Parties identified in Schedule 2 includes corporate affiliates or related parties of such Additional Interested Parties known to Paul Hastings based on searches conducted by Paul Hastings employees pursuant to the Firm Disclosure Procedures.  It is possible that such search did not identify all corporate affiliates or related parties of each of the Additional Interested Parties, and Paul Hastings will supplement this disclosure as and when additional information becomes known.

the Schedules hereto). Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of an estate professional's search for "connection" has been expressly defined under the Bankruptcy Code. Accordingly, out of an abundance of caution, I am disclosing many representations that would not, to my understanding, preclude Paul Hastings from representing the Committee under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or applicable standards of professional ethics.

9. Based on the foregoing and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, neither Paul Hastings nor any partner, counsel, or associate thereof holds or represents any other entity having an adverse interest in connection with the Chapter 11 Cases.

10. Based on the foregoing and except as provided herein and in the Prior Declarations, to the best of my knowledge, information, and belief formed after reasonable inquiry, Paul Hastings is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and Paul Hastings:

    a. is not a creditor, equity security holder, or insider of the Debtors;

    b. is not and was not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    c. does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11. Despite the efforts described above to identify and disclose Paul Hastings' connections with parties in interest in the Chapter 11 Cases, Paul Hastings is unable to state with certainty that every client representation or other connection has been disclosed. To the extent any information disclosed in the Prior Declarations or this Second Supplemental Declaration requires

4

amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 7th day of March, 2024

*Kristopher M. Hansen*
Kristopher M. Hansen

## Schedule 1

### Additional Interested Parties

**Lease Rejection**
490 Lower Unit LP
Chevy Chase, LLC
Douglas Ricardo Moore
EIB Studio Square LLC
F1 Stevenson, LLC
Interlock Atlanta, LLC
Kanji Investment Corporation
ROC-Fifth Avenue Associates, LLC
SDL Partners, Ltd.
Vandergrand Properties Co., L.P.

**Ordinary Course Professionals**
Ali Budiardjo
BDO USA
Crowell & Morring
Maples and Calder (Cayman)

**Schedule F Parties**
400 California LLC
AG Redstone Owner, L.P.
Radio Wave LLC
Redwood Nebraska, L.P.
Softbank Vision Fund (AIV M1) L.P.
TIAA for the Benefit of Its Real Estate Account

## Schedule 2

### Connection to Additional Interested Parties

| **Interested Parties** | **Relationship to Debtors** | **Clients & Their Affiliates** |
|---|---|---|
| Maples and Calder (Cayman) | Ordinary Course Professionals | Not a client. Entities related to parent Maples & Calder are current clients. |
| TIAA for the Benefit of Its Real Estate Account | Scheduled Parties - F | Not a client. Entities related to parent Teachers Insurance & Annuity Assoc. College Retirement Equities Fund are current clients. |