**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:     (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF ASSUMPTION OF CERTAIN**
**EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

      **PLEASE TAKE NOTICE** that on November 29, 2023, the United States Bankruptcy

Court for the District of New Jersey (the "Court") entered an order on the motion (the "Motion")[2]

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion or the First Day Declaration.

of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection, assumption, or assumption and assignment of executory contracts and unexpired leases and granting related relief Docket No. 289 (the "Procedures Order") attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they are seeking to assume, or assume and assign, as applicable, in the exercise of their business judgment, each Contract (including as amended outside of the ordinary course of business by mutual agreement of the parties to the Contract) set forth on **Schedule 2** attached hereto effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree; *provided*, *however*, that no Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced by the adequate assurance information, thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 and served on the following parties so that such

---

[3]    The Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice upon the Assumption Counterparties affected by the Assumption Notice (and their counsel, if known) by electronic mail.

objection is ***actually received*** by them no later than ten (10) days after the date that the Debtors

filed and sent this Notice (via overnight mail and/or email): (i) the Debtors, WeWork Inc. c/o Epiq

Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005

(weworknotices@wework.com); (ii) co-counsel to the Debtors, (A) Kirkland & Ellis LLP,

601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C.

(steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré

(oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis

LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Connor Casas

(connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street,

Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com),

Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq.

(fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) Office of

The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark,

New Jersey 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria

(Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to the

Committee, (A) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Gabe Sasson

(gabesasson@paulhastings.com) and Frank Merola (frankmerola@paulhastings.com) and (B)

Riker Danzig LLP, 1 Speedwell Ave, Headquarters Plaza, Morristown, NJ 07962, Attn: Joseph

Schwartz (jschwartz@riker.com) and Tara Schellhorn (tschellhorn@riker.com); (v) counsel to the

Ad Hoc Group, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New

York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq.

(natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com),

and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan

J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com), and (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn.: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), James N. Lawlor (jlawlor@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com); *provided* that this Notice includes a proposed cure amount. Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on such date as the Debtors and the Assumption Counterparty or Assumption Counterparties to such Contract agree or as otherwise ordered by the Court.[4]

**PLEASE TAKE FURTHER NOTICE** that the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties, and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the assumption of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing

---

[4]    An objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption is not timely or properly objected to, such assumption will be effective in accordance with this Assumption Notice and the Procedures Order.

to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed as of (i) such date to which the Debtors and the Assumption Counterparty to such Contract have agreed or (ii) as otherwise ordered by the Court; *provided*, *however*, that no Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order.

[*Remainder of page intentionally left blank*]

Dated: April 8, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
Email:          msirota@coleschotz.com
                wusatine@coleschotz.com
                fyudkin@coleschotz.com
                rjareck@coleschotz.com


*Co-Counsel for Debtors and
Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                joshua.sussberg@kirkland.com
                steven.serajeddini@kirkland.com
                ciara.foster@kirkland.com


*Co-Counsel for Debtors and
Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal
place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these
chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR
97005.

**ORDER (I) AUTHORIZING AND APPROVING
PROCEDURES TO REJECT OR ASSUME EXECUTORY
CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief |

Upon the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures for rejecting or assuming executory contracts and unexpired leases (each, a "Contract" and, collectively, the "Contracts"), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.    The Motion is **GRANTED** as set forth herein.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the First Day Declaration.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

2.      The following Rejection Procedures are approved in connection with rejecting Contracts:

a.      ***Rejection Notice***.  The Debtors shall, upon not less than two (2) days' notice to (i) counsel for the Official Committee of Unsecured Creditors (the "Committee"); (ii) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group, (iii) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; and (iv) Cooley LLP, as counsel to Cupar Grimmond, LLC, file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors to such Contract; (iii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty" and, collectively, the "Rejection Counterparties"); (iv) the proposed effective date of rejection for each such Contract(s), which, in the case of real property leases, shall be the later of (a) the "Scheduled Rejection Date" set forth in the applicable Rejection Notice and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) of the Debtors' surrender of the premises as of the date of such writing and, as applicable, (1) turning over keys issued by the landlord, key codes, and/or security codes, if any, to the affected landlord or (2) notifying such affected landlord and such landlord's counsel (if known to Debtors' counsel) in writing (email being sufficient) that the property has been surrendered, all WeWork-issued key cards have been disabled and, unless otherwise agreed as between the Debtors and the landlord, each affected landlord is authorized to disable all WeWork-issued key cards (including those of any members using the leased location) and the landlord may rekey the leased premises (each, a "Rejection Date"); (v) if any such Contract is a real property lease, the address of the leased location affected by the Rejection Notice and the personal property to be abandoned by Debtors (the "Abandoned Property"), if any, and a reasonable description of abandoned property; (vi) with respect to real property, any known third party having a secured interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100, and

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

the Rejection Counterparties shall be listed in alphabetical order. Further, the Rejection Notice shall include the proposed form of Order (the "<u>Rejection Order</u>") approving the rejection of the Contracts, which shall be substantially in the form of <u>Schedule 3</u> to the Rejection Notice. No Contract shall be deemed rejected absent entry of an applicable Rejection Order.

b.    ***Service of the Rejection Notice***.  No later than two (2) business days after filing a Rejection Notice, the Debtors will cause such Rejection Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s): (i) by overnight service and electronic mail upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known, with email service upon such counsel being sufficient) and all known parties who may have any interest in any applicable Abandoned Property; and (ii) by first class mail, email, or fax, upon (A) the office of the United States Trustee for the District of New Jersey, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (B) Paul Hastings LLP, Attn: Frank Merola (frankmerola@paulhastings.com) and Gabe Sasson (gabesasson@paulhastings.com) and Riker Danzig LLP, Attn: Joseph Schwartz (jschwartz@riker.com) and Tara Schellhorn (tschellhorn@riker.com) as counsel for the Committee; (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) Davis Polk & Wardwell LLP (Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com) and Greenberg Traurig, LLP (Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com)), as counsel to the Ad Hoc Group; (E) Weil, Gotshal & Manges LLP, Attn: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com) and Wollmuth Maher & Deutsch LLP, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd law.com), as counsel to SoftBank; (F) Cooley LLP, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com), as counsel to Cupar Grimmond, LLC; (G) the United States Attorney's Office for the District of New Jersey; (H) the Internal Revenue Service; (I) the U.S. Securities and Exchange Commission; (J) the office of the attorney general for each of the states in which the Debtors operate; and (K) any party that has requested notice

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No.: | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c. ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[1] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and served on the following Objection Service Parties so that such objection is ***actually received*** no later than ten (10) days after the date the relevant Rejection Notice is filed and sent by overnight service and/or electronic mail:

(i) the Debtors, WeWork Inc. c/o Epiq Restructuring, LLC 10300 SW Allen Blvd. Beaverton, Oregon 97005 (weworknotices@wework.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Steven Serajeddini, P.C. (steven.serajeddini@kirkland.com), Ciara Foster (ciara.foster@kirkland.com), Oliver Paré (oliver.pare@kirkland.com), and Jimmy Ryan (jimmy.ryan@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Connor Casas (connor.casas@kirkland.com), and (B) Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601, Attn.: Michael D. Sirota, Esq. (msirota@coleschotz.com), Warren A. Usatine, Esq. (wusatine@coleschotz.com), Felice R. Yudkin, Esq. (fyudkin@coleschotz.com), and Ryan T. Jareck, Esq. (rjareck@coleschotz.com); (iii) Office of The United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Fran Steele (Fran.B.Steele@usdoj.gov), Peter D'Auria (Peter.DAuria@usdoj.gov), and Rachel Wolf (Rachel.Wolf@usdoj.gov); (iv) counsel to the Committee, (A) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn: Gabe Sasson (gabesasson@paulhastings.com) and Frank Merola (frankmerola@paulhastings.com) and (B) Riker Danzig LLP, 1 Speedwell Ave, Headquarters Plaza, Morristown, NJ 07962, Attn: Joseph Schwartz (jschwartz@riker.com) and Tara Schellhorn (tschellhorn@riker.com); (v) counsel to the Ad Hoc Group, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut, Esq. (eli.vonnegut@davispolk.com), Natasha Tsiouris, Esq. (natasha.tsiouris@davispolk.com) and Jonah A. Peppiatt, Esq. (jonah.peppiatt@davispolk.com), and (B) Greenberg Traurig, LLP, 500 Campus Drive, Florham Park, New Jersey 10017, Attn: Alan J. Brody, Esq. (BrodyA@gtlaw.com); (vi) counsel to SoftBank, (A) Weil, Gotshal &

---

[1] An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn.: Gabriel A. Morgan (gabriel.morgan@weil.com), Kevin H. Bostel (Kevin.Bostel@weil.com), and Eric L. Einhorn (Eric.Einhorn@weil.com) and (B) Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York, New York 10110, Attn: Paul R. DeFilippo (pdefilippo@wmd-law.com), Steven S. Fitzgerald (sfitzgerald@wmd-law.com), and Joseph F. Pacelli (jpacelli@wmd-law.com); and (vii) counsel to Cupar Grimmond, LLC, Cooley LLP, 355 S. Cooley LLP, 55 Hudson Yards, New York, NY 10001, Attn: Michael Klein (mklein@cooley.com) and Lauren A. Reichardt (lreichardt@cooley.com).

d.   ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, the Debtors shall file a Rejection Order under a certificate of no objection substantially similar to the Rejection Order attached to the Rejection Notice.  Each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date or such other date as the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty (and its counsel if known to Debtors' counsel) and the other Objection Service Parties.  Such Contract will only be deemed rejected upon entry by the Court of a consensual form of Rejection Order resolving the objection as between the objecting party and the Debtors, or if resolution is not reached and/or if such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of (i) such date to which the Debtors and the applicable Rejection Counterparty agree or (ii) as otherwise ordered by the Court.

f.   ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to (i) the applicable date of surrender, with respect to a real property lease, or (ii) the date the Debtors have notified the affected landlord and its counsel (if known to Debtors' counsel) that the Debtors have relinquished control of

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

the leased premises, and in all cases, shall provide any affected Rejection Counterparty (and its counsel if known to Debtors' counsel) and Objection Service Parties notice of removal of any Contract from the Rejection Notice as soon as reasonably practicable after such removal (without prejudice to the affected Rejection Counterparty's right to object to the removal of the Contract from the Rejection Notice). Nothing herein shall prevent the Debtors from removing a Contract from the schedule to a Rejection Notice with the written consent of the affected Rejection Counterparty.

h.   ***No Application of Security Deposits***.   To the extent applicable, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement (other than letters of credit, surety bonds, or deposit not part of the Debtors' estate), such Rejection Counterparty may not set off, recoup, draw on, apply, or otherwise use such security deposit or other arrangement (other than letters of credit, surety bonds, or deposit not part of the Debtors' estate) without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree. For the avoidance of doubt, nothing in this Order shall affect, modify, limit, or expand upon the rights of any party with respect to letters of credit or surety bonds securing an obligation under a lease.

i.   ***Abandoned Property***.   The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract in accordance with applicable law; *provided, however,* that (i) nothing shall modify any requirement under applicable law with respect to the removal of any hazardous materials as defined under the applicable law from any of the Debtors' leased premises, and (ii) to the extent the Debtors seek to abandon personal property known to contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code (the "PII"), the Debtors shall use commercially reasonable efforts to remove the PII from such personal property before abandonment. The applicable landlord may return any remaining PII to the Debtors at WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005. As long as the Debtors are in full compliance with applicable law (and in compliance with generally applicable building rules applicable to the removal of furniture, fixtures, and equipment as required under the applicable lease), the Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all of Debtors' personal property located on the Debtors'

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

leased premises on the Rejection Date of the applicable lease of nonresidential real property (other than any property in which the Debtors have no property interest) shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such property without liability to the Debtors or third parties, and, to the extent applicable, the automatic stay is modified to allow such disposition. Notwithstanding anything herein to the contrary, no license or other right to use any intellectual property of the Debtors, including any right to reproduce, modify, or create derivatives, shall be conferred to any landlord as a result of such abandonment, and landlords shall have no right to the continued use of such intellectual property at the premises subject to the rejected lease.

j.    ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Date, and (B) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.    The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.    ***Assumption Notice***.  The Debtors shall, upon not less than two (2) days' notice to (i) counsel for the Committee; (ii) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group, (iii) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to SoftBank; and (iv) Cooley LLP, as counsel to Cupar Grimmond, LLC, file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:  (i) the Contract or Contracts to be assumed; (ii) the names and addresses of the counterparties to such Contracts (each, an "Assumption Counterparty"); (iii) with respect to real property leases, the addresses of the affected locations; (iv) the Debtor or Debtors to such Contract; (v) the identity of any proposed assignee of such Contracts (the "Assignee"), if applicable; (vi) the effective date of the assumption for each such Contract (the "Assumption Date"); (vii) the proposed cure amount, if any for each such Contract; (viii) a summary

(Page | 10)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

description of any material amendments to the Contract made outside of the ordinary course of business, by mutual agreement of the parties to such Contract; and (ix) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). The Assumption Notice may list multiple Contracts *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100. Further, the Assumption Notice shall include the proposed form of order (the "<u>Assumption Order</u>") approving the assumption of the Contracts, which shall be substantially in the form of <u>Schedule 3</u> to the Assumption Notice. No Contract shall be deemed assumed or assumed and assigned absent entry of an applicable Assumption Order. The substance of any Assumption Notice shall be subject to the prior reasonable consent of the Required Consenting Stakeholders (as defined in the RSA).

b.   ***Service of the Assumption Notice and Evidence of Adequate Assurance***. No later than two (2) business days after filing an Assumption Notice, the Debtors will cause such Assumption Notice to be served, regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight service and electronic mail upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, with email service upon such counsel being sufficient) and (ii) by first class mail, email, or fax upon the Master Notice Parties. To the extent the Debtors seek to assume or assume and assign a Contract, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice upon the Assumption Counterparties affected by the Assumption Notice (and their counsel, if known) by electronic mail.

c.   ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract, or entry of the Assumption Order, must file and serve a written objection[2] so that such objection is filed with the Court and ***actually received*** by the Objection Service Parties no later than ten (10) days after the date the relevant Assumption Notice is filed and sent by overnight service and/or electronic mail and promptly serve such objection on the Objection Service Parties; *provided* that evidence of adequate assurance of

---

[2]   An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

future performance has been timely served in accordance with these procedures.

d.    **No Objection**.  If no objection to the assumption of any Contract is timely filed, the Debtors shall file an Assumption Order under a certificate of no objection substantially similar to the Assumption Order attached to the Assumption Notice.  Each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    **Unresolved Timely Objections**.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be assumed upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or if resolution is not reached and/or the objection is overruled or withdrawn, such Contract shall be assumed as of (i) such date to which the Debtors and the Assumption Counterparty to such Contract have agreed or (ii) as otherwise ordered by the Court.

f.    **Consent Orders**.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

g.    **Removal from Schedule**.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, subject to the applicable Assumption Counterparty's right to contest the same.

(Page | 12)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

5.    The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments to the Contracts to the extent such amendments are set forth in an Assumption Notice in accordance with this Order.

6.    Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

7.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

8.    All rights and defenses of the Debtors and Assumption or Rejection Counterparties are preserved, including all rights and defenses of the Debtors and Assumption or Rejection Counterparties with respect to a claim for damages arising as a result of a Contract rejection,

(Page | 13)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Order (I) Authorizing and Approving Procedures to Reject Or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief |

including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' or an Assumption or Rejection Counterparty's ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion, the Rejection Notices, and the Assumption Notices.

10. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 2**

**Assumed Contracts[1]**

| Contract to be Assumed | Assumption Counterparty | Counterparty Address | Assignee | Address of the Leased Location | Debtor Legal Entity/Assignor | Amendments to Contract | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| Executory Contract (Service Order Form) | Crown Castle Fiber LLC | 8020 Katy Freeway, Houston, TX 77024 | Thrive Global Holdings, Inc. | N/A | 599 Broadway Tenant LLC | None | N/A | May 1, 2024 |
| Unexpired Lease | The Manufacturers Life Insurance Company | 250 Bloor Street East, 15th Floor, Toronto, ON M4W 1E5, Canada | N/A | 100 University Avenue, Toronto, ON M5J 1V6 | WeWork Canada LP ULC | Reduce premises, reduce rent | $343,711.93 CAD at a later date | April 4, 2024 |
| Unexpired Lease | Power House TSSP, LLC; MRK Power House TSSP, LLC; PREH Power House TSSP, LLC | 6029 S. Fort Apache Rd., Suite 100, Las Vegas, NV 89148 | N/A | 6543 South Las Vegas Boulevard, Las Vegas, NV 89119 | 6543 South Las Vegas Boulevard Tenant LLC | Reduce premises, reduce rent, reduce tenant's share of operating expenses, add revenue share, surety bond drawn and not replaced, terminate guaranty | $387,771.95 | April 4, 2024 |
| Unexpired Lease | Teachers Insurance and Annuity Association of America for the Benefit of its Real Estate Account | 730 Third Avenue, New York, NY 10017 | N/A | 368 Ninth Avenue, New York, NY 10001 | 21 Penn Plaza Tenant LLC | Reduce premises, reduce term, reduce rent, terminate guaranty | $1,037,754.61 at a later date | April 5, 2024 |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Unexpired Lease | 1001 Webward Master Tenant LLC | 630 Woodward Avenue, Detroit, MI 48226 | N/A | 1001 Woodward Avenue, Detroit, MI 48226 | 1001 Woodward Avenue Tenant LLC | None | $0 | April 8, 2024 |
| Unexpired Lease | DTRT 1449 Woodward LLC | 630 Woodward Avenue, Detroit, MI 48226 | N/A | 1449 Woodward Avenue a/k/a 19 Clifford Street, Detroit, MI 48226 | 1449 Woodward Avenue Tenant LLC | None | $0 | April 8, 2024 |

**<u>Schedule 3</u>**

**Proposed Assumption Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:      (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al.*, | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**NINTH ORDER APPROVING THE ASSUMPTION
OR ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

The relief set forth on the following pages, numbered three (3) through six (6), is

**ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Ninth Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts And/or Unexpired Leases |

Upon the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order")[1] [Docket No. 289] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and the Court having jurisdiction over this matter and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served an Assumption Notice on each applicable party as set forth in the Assumption Schedule, attached hereto as **Exhibit 1**, in accordance with the terms of the Procedures Order; and no timely objections having been filed to the assumption or assumption and assignment of such Contracts; and due and proper notice of the Procedures Order and the Assumption Notice having been provided to each applicable Assumption Counterparty as set forth in the Assumption Schedule and no other notice need be provided; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.    The Debtors are authorized to assume or assume and assign the Contracts listed on **Exhibit 1**.  The Contracts, as amended with the prior consent and written agreement of the applicable Assumption Counterparty, if applicable, are hereby deemed to be assumed or assumed and assigned by the Debtors pursuant to section 365(a) of the Bankruptcy Code effective as of the

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Procedures Order.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Ninth Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts And/or Unexpired Leases |

Assumption Date set forth on **Exhibit 1**.

2.      Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Contracts listed on **Exhibit 1** shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) subject to the last sentence of Paragraph 3 below and an Assumption Counterparty's right to contest the same in accordance with the Assumption Procedures, any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) in connection with the assignment by the Debtor to the Assignee); and (b) constitute a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contract(s).[2]  For the avoidance of doubt, all provisions of and obligations under, subject to section 365 of the Bankruptcy Code, the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

3.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order

---

[2]   Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions, including the right to argue such clauses are unenforceable.

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Ninth Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts And/or Unexpired Leases |

(including the Assumption Procedures in the Procedures Order and entry of the applicable Assumption Order), the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to the Assignees identified on **Exhibit 1** the applicable Contracts, with any such applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order or as agreed between the Debtors and the applicable Assumption Counterparty and (b) execute and deliver to any such applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract. Notwithstanding anything to the contrary in any assignment documents (if applicable) or this Order, pursuant to section 365(d) of the Bankruptcy Code, unless otherwise agreed as between the Debtors (or an Assignee, as applicable) and the Assumption Counterparty thereto, with respect to any assumed or assumed and assigned lease of non-residential real property, the Debtors, in the case of an assumption, and the Assignee, in the case of an assumption and assignment, shall, subject to all rights and defenses available to the Debtors and/or the Assignee, as applicable, remain liable for, regardless of when such amounts or liabilities accrued, unless such amounts are waived or otherwise amended when assumed: (i) any amounts owed under the applicable lease that are unbilled or not yet due as of the Assumption Date, such as common area maintenance, insurance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation of charges under the applicable lease that are not due as of the Assumption Date; (iii) any percentage rent that may come due under the applicable lease; (iv) indemnification obligations, if any, under the applicable lease; and (v) any other monetary or non-monetary obligations under the applicable lease; *provided* that the foregoing shall, subject to all rights and defenses available to the landlord under the assumed or

(Page | 6)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Ninth Order Approving the Assumption or Assumption and Assignment of Certain Executory Contracts And/or Unexpired Leases |

assumed and assigned Contract, not affect any potential liabilities owed by such landlord under

the assumed or assumed and assigned Contract to the Debtors, the Assignee, or any other party, as

applicable, including, but not limited to:  (i) tenant improvement allowances, (ii) abatement, and

(iii) reduction of a letter of credit or other security deposit.

4.      Except as expressly set forth herein, the Assignee (if applicable) shall have no

liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing,

or relating to a period prior to the applicable closing date.

5.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy

Code, to enter into the consensual amendments as set forth in the Assumption Notice.

6.      The Debtors are authorized to execute and deliver all instruments and documents

and take all additional actions necessary to effectuate the relief granted in this Order and the

assumption without further order from this Court.

7.      The fourteen-day stay required of any assignment of any Contract pursuant to

Bankruptcy Rule 6006(d) is hereby waived.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Assumption Schedule[1]**

| Contract to be Assumed | Assumption Counterparty | Counterparty Address | Assignee | Address of the Leased Location | Debtor Legal Entity/Assignor | Amendments to Contract | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| Executory Contract (Service Order Form) | Crown Castle Fiber LLC | 8020 Katy Freeway, Houston, TX 77024 | Thrive Global Holdings, Inc. | N/A | 599 Broadway Tenant LLC | None | N/A | May 1, 2024 |
| Unexpired Lease | The Manufacturers Life Insurance Company | 250 Bloor Street East, 15th Floor, Toronto, ON M4W 1E5, Canada | N/A | 100 University Avenue, Toronto, ON M5J 1V6 | WeWork Canada LP ULC | Reduce premises, reduce rent | $343,711.93 CAD at a later date | April 4, 2024 |
| Unexpired Lease | Power House TSSP, LLC; MRK Power House TSSP, LLC; PREH Power House TSSP, LLC | 6029 S. Fort Apache Rd., Suite 100, Las Vegas, NV 89148 | N/A | 6543 South Las Vegas Boulevard, Las Vegas, NV 89119 | 6543 South Las Vegas Boulevard Tenant LLC | Reduce premises, reduce rent, reduce tenant's share of operating expenses, add revenue share, surety bond drawn and not replaced, terminate guaranty | $387,771.95 | April 4, 2024 |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| Unexpired Lease | Teachers Insurance and Annuity Association of America for the Benefit of its Real Estate Account | 730 Third Avenue, New York, NY 10017 | N/A | 368 Ninth Avenue, New York, NY 10001 | 21 Penn Plaza Tenant LLC | Reduce premises, reduce term, reduce rent, terminate guaranty | $1,037,754.61 at a later date | April 5, 2024 |
| Unexpired Lease | 1001 Webward Master Tenant LLC | 630 Woodward Avenue, Detroit, MI 48226 | N/A | 1001 Woodward Avenue, Detroit, MI 48226 | 1001 Woodward Avenue Tenant LLC | None | $0 | April 8, 2024 |
| Unexpired Lease | DTRT 1449 Woodward LLC | 630 Woodward Avenue, Detroit, MI 48226 | N/A | 1449 Woodward Avenue a/k/a 19 Clifford Street, Detroit, MI 48226 | 1449 Woodward Avenue Tenant LLC | None | $0 | April 8, 2024 |