**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:	(201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**APPLICATION FOR ORDER SHORTENING TIME PERIOD FOR NOTICE**

TO:  THE HONORABLE JOHN K. SHERWOOD UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, request that the time period prescribed under rule 2002(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") to notice a hearing on the *Debtors' Amended Motion for Entry of an Order (I) Conditionally Approving the Adequacy of*

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' Notice and Claims Agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

*the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* (the "Motion")[2] be shortened pursuant to Bankruptcy Rule 9006(c)(1). In support of this application (this "Application"), the Debtors state the following:

1.   Shortened Notice is Requested Because: Less than six months ago, the Debtors filed these chapter 11 cases with one overarching goal—to effectuate a financial and operational restructuring that will allow WeWork to emerge from chapter 11 with a vastly improved real estate portfolio, a deleveraged balance sheet, and renewed prospects for long-term, sustainable growth. To that end, the Debtors and their advisors have spent thousands of hours over the course of these chapter 11 cases engaging with all key stakeholders, including, among others, the Consenting Stakeholders, the Special Committee, the Creditors' Committee, landlords, vendors, and the U.S. Trustee, in an effort to bring these cases to a value-maximizing conclusion as expeditiously as possible. Though not yet finalized, these negotiations have led to the formulation of the comprehensive restructuring transactions contemplated by the Plan and a clear path to Confirmation in a matter of weeks. In order for Confirmation to occur and for WeWork to emerge from bankruptcy, however, the Debtors need to commence solicitation of the Plan as soon as possible. Here, shortened notice is warranted for several reasons.

2.   ***First***, a path to an expeditious Confirmation is critical to obtaining the financing that is necessary to emerge from these chapter 11 cases. To date, the Debtors have incurred a significant amount of Administrative Claims on account of stub rent, postpetition rent obligations,

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the *First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* (the "Plan") filed contemporaneously herewith, as applicable.

2

and other administrative expenses. The Debtors are confident that they will raise sufficient cash to fund these obligations, either through debtor-in-possession financing during these chapter 11 cases or exit financing in the form of a rights offering or other facility. Time is of the essence, however, as the attractiveness of such an investment, which will almost certainly come in the form of equity, will diminish with each day the Debtors remain in chapter 11—where they will continue to incur additional administrative expenses. The timeline contemplated by the Motion provides for consideration of the Disclosure Statement on a conditional basis and complies with the notice requirements set forth under the Bankruptcy Rules by establishing tight but necessary deadlines between conditional approval of the Disclosure Statement and the Combined Hearing. The proposed deadlines are appropriate and should be adopted because they (i) will avoid incurring additional administrative expenses associated with a prolonged stint in chapter 11, (ii) make a new money investment in reorganized WeWork as attractive as possible to any prospective investor, and (iii) ultimately maximize the value of the Debtors' estates for the benefit of all parties in interest.

3. ***Second***, the Debtors' mission critical project throughout these chapter 11 cases has been the rationalization of their expansive, best-in-class lease portfolio. After months of hard work, the Debtors have a path forward for nearly ninety percent of their leases through amendments, new management agreements, or via the lease rejection process under the Bankruptcy Code. Those significant efforts have resulted in the reduction of over $8 billion (over 40 percent) in future rent obligations. While the Debtors expect to finalize their lease rationalization process prior to Confirmation, the time afforded to them under section 365(d)(4)(A) of the Bankruptcy Code to assume or reject unexpired leases of non-residential real property expires, at the latest, on June 3, 2024 (the "365(d)(4) Deadline"), absent consent of the applicable

landlords.[3] But while the path forward is now clear, many lease amendments are still in various stages of documentation, and the Debtors believe that a confirmation timeline that stretches beyond the 365(d)(4) Deadline risks derailing negotiations in the critical final moments of these cases. Accordingly, the Debtors crafted the proposed confirmation schedule to hold all parties accountable, drive remaining lease negotiations to an expeditious conclusion, and confirm the Plan before the Debtors lose the ability to utilize the tools of the Bankruptcy Code to continue optimizing their lease portfolio.

4. *Finally*, the Debtors believe that the relief sought herein and in the Motion appropriately balances the need to provide sufficient notice to all parties in interest with the need to emerge from chapter 11 as expeditiously as possible and preserve the value of the Debtors' estates. Notably, no party will be prejudiced by the shortened notice period. Indeed, the Debtors are seeking only *conditional* approval of the Disclosure Statement through the Motion, and parties in interest will have until May 28, 2024—forty days from the date hereof and more than the twenty-eight-day notice period contemplated under Bankruptcy Rule 2002(b)—to object to final approval of the Disclosure Statement. Furthermore, other than the request for conditional approval and an updated Confirmation schedule, the Motion is substantially the same as the originally filed motion, further ensuring that parties in interest will be afforded due process.

5. Courts in this and other jurisdictions have granted expedited relief to consider approval of a disclosure statement on a conditional basis. *See, e.g.*, *In re DirectBuy Home Improvement, Inc.*, No. 23-19159 (SLM) (Bankr. D.N.J. Feb. 27, 2024) (granting the application to shorten time with respect to the debtors' motion for entry of an order conditionally approving

---

[3] *See Debtors' Motion for Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief* [Docket No. 1453] (seeking an extension of the 365(d)(4) Deadline to June 3, 2024).

the disclosure statement on seven days' notice); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Feb. 1, 2024) (same on thirteen days' notice); *In re BlockFi Inc.*, No. 22-19361 (MBK) (Bankr. D.N.J. July 31, 2023) (same on one day notice); *In re Bed Bath & Beyond Inc.*, No. 23-13359 (VFP) (Bankr. D.N.J. July 24, 2023) (same on eight days' notice); *In re Icon Eyewear, Inc.*, No. 18-34902 (JKS) (Bankr. D.N.J. Jan. 16, 2019) (same on seven days' notice).[4]

6. For the foregoing reasons, cause exists pursuant to Bankruptcy Rule 9006(c)(1) to shorten the notice period for the Court to hold a hearing to conditionally approve the Disclosure Statement. Accordingly, the Debtors request entry of the proposed order shortening time in the form attached here to as **Exhibit A**.

7. <u>State the hearing dates requested</u>: The Debtors respectfully request that the Court hear the Motion on April 29, 2024, at 10:00 a.m., prevailing Eastern Time, and set an objection deadline no later than April 26, 2024, at 4:00 p.m., prevailing Eastern Time.

8. Reduction of the time period is not prohibited under Fed. R. Bankr. P. 9006(c)(2).

9. <u>Notice</u>: The Debtors will provide notice of this Application and the Motion to the following parties or their respective counsel via email or first class mail, as applicable: (a) the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) Davis Polk & Wardwell LLP and Greenberg Traurig, LLP, as counsel to the Ad Hoc Group; (d) Weil, Gotshal & Manges LLP and Wollmuth Maher & Deutsch LLP, as counsel to the SoftBank Parties; (e) Cooley LLP, as counsel to Cupar Grimmond, LLC; (f) the agents under each of the Debtors' prepetition secured credit facilities and counsel thereto; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of New Jersey;

---

[4] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' counsel.

(i) the Securities and Exchange Commission; (j) the Internal Revenue Service; (k) the monitor in the CCAA proceeding and counsel thereto; (l) the Master Service List, (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

**WHEREFORE,** the Debtors request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  April 18, 2024

/s/ Michael D. Sirota

| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Ciara Foster (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:     (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:     (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:     (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
|  | steven.serajeddini@kirkland.com |
|  | ciara.foster@kirkland.com |
| *Co-Counsel for Debtors and Debtors in Possession* | *Co-Counsel for Debtors and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Edward O. Sassower, P.C.<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>Steven N. Serajeddini, P.C. (admitted *pro hac vice* )<br>Ciara Foster (admitted *pro hac vice* )<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br>edward.sassower@kirkland.com<br>joshua.sussberg@kirkland.com<br>steven.serajeddini@kirkland.com<br>ciara.foster@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Ryan T. Jareck, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone:    (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br>rjareck@coleschotz.com<br><br>*Co-Counsel for Debtors and*<br>*Debtors in Possession* |  |
| In re:<br><br>WEWORK INC., *et al.*,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

(Page 2)
Debtors:            WEWORK, INC., *et al.*
Case No.            23-19865 (JKS)
Caption of Order:   Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice

---

# ORDER SHORTENING TIME PERIOD FOR NOTICE, SETTING HEARING AND LIMITING NOTICE

The relief set forth on the following pages, numbered three (3) and four (4), is hereby **ORDERED**.

(Page 3)
Debtors:           WEWORK, INC., *et al.*
Case No.           23-19865 (JKS)
Caption of Order:  Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice

After review of the *Application for Order Shortening Time Period for Notice* (the "Application"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") for a reduction of time for a hearing on the *Debtors' Amended Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Information in the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* (the "Motion") under Fed. R. Bankr. P. 9006(c)(1), it is ORDERED as follows:

1. A hearing will be conducted on the matter on April 29, 2024, at 10:00 a.m., prevailing Eastern Time, in the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Newark, NJ 07102.  Courtroom No. 3D.

2. The Applicant must serve a copy of this Order, and all related documents, on the following parties:

_____ by ☐ each, ☐ any of the following methods selected by the Court:

☐ fax, ☐ overnight mail,  ☐ regular mail, ☐ email, ☐ hand delivery.

3. The Applicant must also serve a copy of this Order, and all related documents, on the following parties:

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

(Page 4)
Debtors: WEWORK, INC., *et al.*
Case No. 23-19865 (JKS)
Caption of Order: Order Shortening Time Period for Notice, Setting Hearing and Limiting Notice

_____

_____ by ☐ each, ☐ any of the following methods selected by the Court:

☐ fax, ☐ overnight mail, ☐ regular mail, ☐ email, ☐ hand delivery.

4. Service must be made:

☐ on the same day as the date of this order, or

☐ within _____ day(s) of the date of this Order.

5. Notice by telephone:

☐ is not required

☐ must be provided to

_____

☐ on the same day as the date of this Order, or

☐ within _____ day(s) of the date of this Order.

6. A *Certification of Service* must be filed prior to the hearing date.

7. Any objections to said motion/application identified above:

☐ must be filed with the Court and served on all parties in interest by electronic or overnight mail _____ day(s) prior to the scheduled hearing; or

☐ may be presented orally at the hearing.

8.   ☐ Court appearances are required to prosecute said motion/application and any objections.

☐ Parties may request to appear by phone by contacting Chambers prior to the return date.