**PAUL HASTINGS LLP**
Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Frank A. Merola, Esq. (admitted *pro hac vice*)
Gabriel E. Sasson, Esq.
Matthew D. Friedrick, Esq. (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
krishansen@paulhastings.com
frankmerola@paulhastings.com
gabesasson@paulhastings.com
emilykuznick@paulhastings.com
matthewfriedrick@paulhastings.com

*Co-Counsel to the Official*
*Committee of Unsecured Creditors*

**RIKER DANZIG LLP**
Joseph L. Schwartz, Esq.
Tara J. Schellhorn, Esq.
Daniel A. Bloom, Esq.
Gregory S. Toma, Esq.
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tschellhorn@riker.com
dbloom@riker.com
gtoma@riker.com

*Co-Counsel to the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) PURUSANT TO SECTION 365(D)(4) OF THE BANKRUPTCY CODE**
**EXTENDING DEBTORS' TIME TO ASSUME OR REJECT UNEXPIRED LEASES**
**OF NON-RESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the

chapter 11 cases (the "Chapter 11 Cases") of WeWork, Inc. and its affiliated debtors and

debtors-in-possession (collectively, the "Debtors"), by and through its undersigned counsel,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork. The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Blvd., Beaverton, OR 97005.

hereby submits this objection (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending Debtors' Time to Assume or Reject Unexpired Leases of Non-Residential Real Property and (II) Granting Related Relief* [Docket No. 1453] (the "Motion").  In support of this Objection, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT[2]

1.      In an April 2, 2024 press release (the "Press Release"), the Debtors announced that they had determined "a final path forward at 90% of the locations in [their] global real estate portfolio."[3]  The Debtors also noted that approximately 150 locations will support the go-forward business plan, either by being assumed in the Chapter 11 Cases or continuing internationally, and that another approximately 150 leases had been rejected or terminated.  The Debtors also disclosed their nearly complete lease negotiation process in their Revised Disclosure Statement, which was hastily filed earlier today.  So, according to the Debtors, the process of rationalizing their lease portfolio and developing a go-forward business plan is largely completed, and there is no reason they need an additional ninety days to make assumption or rejection decisions.

2.      Against this backdrop is the fact that Debtors have minimal cash on hand, and the operation of these Chapter 11 Cases have been funded, in part, by the Debtors failure to pay post-petition rent to many of the same landlords from whom the Debtors are seeking lease concessions. The current amount of unpaid post-petition rent is over $40 million and, at this point in time, the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 21], the *First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries* [Docket No. 1690] (the "Proposed Plan"), or the accompanying *First Amended Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries* [Docket No. 1691] (the "Revised Disclosure Statement"), as applicable.

[3] *See*, Press Release, WeWork Companies LLC, WeWork Announces Substantial Progress in Real Estate and Financial Restructuring (Apr. 2, 2024), https://www.wework.com/newsroom/wework-announces-substantial-progress-in-real-estate-and-financial-restructuring

Debtors have no answer to the question of how they will be able to satisfy these claims, confirm a plan and exit bankruptcy. Yet through actions like the request to extend the 365(d)(4) deadline into June, the Debtors seem more focused on playing games with their landlords and pushing these Chapter 11 Cases to the brink in order to – *potentially* – renegotiate a few final leases.

3.       The gamesmanship needs to stop.  The Debtors have no stated reason to extend the 365(d)(4) deadline as far as they have requested, and it should not be extended any further than April 30, 2024, which provides enough time for the Debtors to wrap up whatever remaining negotiations they have, pay the outstanding rent and focus their attention on advancing these cases.

## <u>OBJECTION</u>

4.       Section 365(d)(4)(A) of the Bankruptcy Code provides that, unless assumed, any unexpired lease of nonresidential real property shall be automatically rejected (i) 120 days after the petition date, or (ii) upon entry of an order confirming a plan.  Subsection (B) provides the court may extend the 365(d)(4) deadline  "prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4).

5.       The Debtors have failed to demonstrate that cause exists warranting the requested extension.  Courts will consider a variety of factors to determine whether "cause" has been shown, including, but not limited to, whether:  (i) the decision to assume or reject the lease is central to the chapter 11 cases; (ii) the landlord has a reversionary interest in a building that would represent a windfall to the landlord; (iii) the debtor has not had the time necessary to formulate a plan; and (iv) the existence of any other facts indicating the lack of a reasonable time to make a determination. *Legacy, Ltd. v. Channel Home Centers, Inc.*, No. CIV. A. 91-4270 (AJL), 1991 WL 497171, at *11 (D.N.J. Dec. 12, 1991), citing *In re Channel Home Centers, Inc.*, 989 F.2d 682 (3d Cir. 1993).  In addition to the affirmative factors in support of whether a debtor should be granted an extension under section 365(d)(4)(B), courts have also recognized certain factors that

should *cut against* the finding of "cause" and the granting of an extension, including, among others, the failure to pay rent. *See id.* at 11 (citing failure to pay for use of the property (such as rent) as a factor in evaluating a request for extension under section 365(d)(4)); *see also In re Burger Boys, Inc.*, 94 F.3d 755, 761 (2d Cir. 1996) (same).

6.      As noted, the Debtors claim to have essentially wrapped up their lease negotiations, so they are no longer central to whatever plan the Debtors ultimately seek to confirm. As a result, the Debtors' extension request cannot satisfy the legal standards necessary to grant an extension. In addition, the Debtors have repeatedly refused to pay post-petition rent as required by Bankruptcy Code section 365(d)(3)(A) ("shall timely perform all obligations of the debtor…arising from and after the order for relief under any unexpired lease") as an act of extreme brinksmanship in negotiations, which also cuts directly against their request for an extension of the 365(d)(4) deadline.[4] As a result, the Court could deny the Motion outright, but in order to permit the Debtors a short window to close out all negotiations, the Committee requests that the Court extend the 365(d)(4) deadline to no later than April 30, 2024.[5] The Committee also requests that the Court condition any extension of the deadline on the requirement for the Debtors to pay all outstanding amounts due as a result of unpaid rents, something which the Debtors will have to do in order to confirm a plan in any event.

---

[4] As early as January 2024, the Debtors began selectively defaulting on the payment of post-petition rents, over $40 million of which remains unpaid, including several million of April rent. As a result, at least 4 landlords have pending motions to compel the payment of rent (of the approximately 46 landlords who filed similar motions with the Court). As the Court is aware, the Committee filed a statement in support of the motions to compel payment of post-petition rent on January 23, 2024.

[5] A number of landlords (collectively, the "Objecting Landlords") have filed objections to the Motion [Docket Nos. 1674, 1675, 1681 & 1682] arguing, among other things, that the deadline to assume or reject leases under section 365(d)(4) of the Bankruptcy Code has already expired because the Debtors have sought to improperly use an automatic extension provision included in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 100]. The Committee has not taken a position in respect of these arguments, but is cognizant of the impact of such arguments on the Debtors' estates, and nothing herein should be deemed to limit the rights of such Objecting Landlords, as determined by the Court.

## **RESERVATION OF RIGHTS**

7.      The Committee reserves its rights to supplement this Objection and to respond to any filing of the Debtors, or any other party-in-interest in these Chapter 11 Cases, either by further submission to this Bankruptcy Court, at oral argument or by testimony presented at the hearing to consider the Motion.  The Committee further reserves the right to review and comment on any order with respect to the Motion.


[*Remainder of Page Intentionally Left Blank*]

Dated:    April 19, 2024

**PAUL HASTINGS LLP**

By:    */s/ Kristopher M. Hansen*

Kristopher M. Hansen, Esq. (admitted *pro hac vice*)
Frank A. Merola, Esq. (admitted *pro hac vice*)
Gabriel E. Sasson, Esq.
Matthew D. Friedrick, Esq. (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
krishansen@paulhastings.com
frankmerola@paulhastings.com
gabesasson@paulhastings.com
emilykuznick@paulhastings.com
matthewfriedrick@paulhastings.com

-    and    -

**RIKER DANZIG LLP**
Joseph L. Schwartz, Esq.
Tara J. Schellhorn, Esq.
Daniel A. Bloom, Esq.
Gregory S. Toma, Esq.
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tschellhorn@riker.com
dbloom@riker.com
gtoma@riker.com

*Co-Counsel to the Official*
*Committee of Unsecured Creditors*