**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com


**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:    (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re:<br><br>WEWORK INC., *et al.*,<br><br>       Debtors.[1] | Chapter 11<br><br>Case No. 23-19865 (JKS)<br><br>(Jointly Administered) |

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these Chapter 11 Cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND
ORDER (I) APPROVING THE DEBTORS' DISCLOSURE STATEMENT
AND (II) CONFIRMING THE THIRD AMENDED JOINT CHAPTER 11 PLAN
OF REORGANIZATION OF WEWORK INC. AND ITS DEBTOR SUBSIDIARIES**

The relief set forth on the following pages, numbered three (3) through [one hundred and nineteen (119)], is **ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), having:[2]

a. commenced, on November 6, 2023 (the "<u>Petition Date</u>"), these chapter 11 cases (these "<u>Chapter 11 Cases</u>") by Filing voluntary petitions in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Local Bankruptcy Rules for the District of New Jersey (the "<u>Local Rules</u>");

b. Filed, on November 6, 2023, (i) the *Declaration of David Tolley, Chief Executive Officer of WeWork Inc., in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 21], detailing the facts and circumstances of these Chapter 11 Cases;

c. entered into that certain Restructuring Support Agreement, by and among the Debtors and the Consenting Stakeholders party thereto, dated as of November 6, 2023 (the "<u>Restructuring Support Agreement</u>"), which provides for the restructuring of the Debtors' capital structure and financial obligations pursuant to a plan of reorganization;

d. continued to operate their businesses and manage their properties as debtors in possession in accordance with sections 1107(a) and 1108 of the Bankruptcy Code;

e. Filed, on November 7, 2023, the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Scheduling a Final Hearing, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [Docket No. 43];

f. Filed, on November 19, 2023, the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 186];

g. obtained, on February 2, 2024, the *Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code; (II) Establishing an Amended Schedules Bar Date, a Rejection Damages Bar Date, and a Stub Rent Bar Date; (III) Approving the Form, Manner,*

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan, the Disclosure Statement, or the Bankruptcy Code (each as defined herein). The rules of interpretation set forth in <u>Article I.B</u> of the Plan apply to this Confirmation Order.

(Page | 4)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

*and Procedures for Filing Proofs of Claim; (IV) Approving Notices Thereof; and (V) Granting Related Relief* [Docket No. 1285];

h. Filed, on February 4, 2024, (i) the Debtors' *Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1290], (ii) the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1291];

i. Filed, on February 17, 2024, the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Information Contained in the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 1397] (the "Disclosure Statement Motion");

j. Filed, on April 18, 2024, the *Debtors' Amended Motion for Entry of an Order (I) Conditionally Approving the Adequacy of the Information Contained in the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith, (IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 1687];

k. Filed, on April 19, 2024, (i) the *First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1690] and (ii) the *First Amended Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1691];

l. Filed, on April 26, 2024, the *Second Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1757];

m. Filed, on April 27, 2024, the *Second Amended Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1773];

n. Filed, on April 29, 2024, (i) the *Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1781] and (ii) the *Third Amended Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1783];

o. obtained, on April 29, 2024, entry of the *Order (I) Conditionally Approving the Adequacy of the Information Contained in the Disclosure Statement, (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Plan, (III) Approving the Forms of Ballots and Notices in Connection Therewith,*

(Page | 5)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

*(IV) Scheduling Certain Dates with Respect Thereto, and (V) Granting Related Relief* [Docket No. 1787] (the "Conditional Disclosure Statement Order"), conditionally approving the Disclosure Statement and approving the confirmation timeline, the solicitation procedures (the "Solicitation and Voting Procedures"), approving the notices of (i) the combined hearing to be held to consider the adequacy of the Disclosure Statement and Confirmation (the "Combined Hearing," and such notice, the "Combined Hearing Notice") and (ii) non-voting status and opt-out form (the "Notice of Non-Voting Status"), the cover letter, and other related forms and ballots (the foregoing materials, collectively, the "Solicitation Packages");

p.   entered, on May 8, 2024, into (i) that certain Senior Secured Superpriority Secured Debtor-in-Possession Interim Term Loan Credit Agreement, by and among WeWork Inc., each lender from time to time party hereto (collectively, the "Lenders"), Acquiom Agency Services LLC ("Acquiom") and Seaport Loan Products LLC ("Seaport"), each as an administrative agent for the Lenders, and Acquiom, as collateral agent (the "Collateral Agent"), certain of the Consenting Stakeholders, and the Debtors party thereto (as may be amended, amended and restated, supplemented, or otherwise modified from time to time in accordance with its terms, the "DIP New Money Interim Facility Credit Agreement"); and (ii) that certain Senior Secured Superpriority Debtor-in-Possession Exit Term Loan Credit Agreement by and among WeWork Inc., the Lenders, Acquiom and Seaport, each as an administrative agent for the Lenders, and the Collateral Agent, certain of the Consenting Stakeholders, and the Debtors party thereto (as may be amended, amended and restated, supplemented, or otherwise modified from time to time in accordance with its terms, the "DIP New Money Exit Facility Credit Agreement");

q.   Filed, on May 1, 2024, (i) the solicitation version of the *Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1816] and (ii) the solicitation version of the *Third Amended Disclosure Statement Relating to the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1818] (the "Disclosure Statement");

r.   caused the Solicitation Packages, including the Combined Hearing Notice, to be distributed on or about April 29, 2024, April 30, 2024, May 6, 2024, May 7, 2024, and May 14, 2024, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Conditional Disclosure Statement Order, and the Solicitation and Voting Procedures, as evidenced by the certificate of services with respect to solicitation [Docket No. 1965] (together with all the exhibits thereto, the "Solicitation Affidavits");

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

s.  caused the Combined Hearing Notice to be published in *The New York Times* (national edition) and *The Financial Times* (global edition) (collectively, the "Publication Affidavits," and together with the Solicitation Affidavits, the "Affidavits");

t.  entered into that certain Amended and Restated Restructuring Support Agreement, by and among the Debtors and the Consenting Stakeholders, dated as of May 5, 2024, (as may be amended, amended and restated, supplemented, or otherwise modified from time to time in accordance with its terms, the "Amended and Restated Restructuring Support Agreement"), which provides for the restructuring of the Debtors' capital structure and financial obligations pursuant to a plan of reorganization, which includes a post-petition financing;

u.  Filed, on May 7, 2024, the *Debtors' Motion for Entry of an Order (I) Approving (A) the Settlement Between the Debtors and the Ad Hoc Unsecured Noteholder Group and (B) The Opt-In Procedures Applicable to the Settlement, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief* [Docket No. 1880];

v.  Filed, on May 17, 2024, the *Notice of Filing of Plan Supplement* [Docket No. 1954] (the "Initial Plan Supplement," and as amended, supplemented, or otherwise modified from time to time in accordance with the Plan, including by the *Notice of Filing of First Amended Plan Supplement* [Docket No. [●]], the "Plan Supplement," and which, for purposes of the Plan and this Confirmation Order, is included in the definition of the "Plan");

w.  Filed, on May 23, 2024, the *Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications)* [Docket No. 1982] (as may be amended, supplemented, or otherwise modified from time to time, in accordance with the terms thereof, the Amended and Restated Restructuring Support Agreement, and this Confirmation Order, and including all exhibits and supplements thereto, the "Plan");

x.  Filed, on May 26, 2024, the *Findings of Fact, Conclusions of Law, And Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries* [Docket No. [●]] (the "Confirmation Order");

y.  Filed, on [●], 2024, the *Declaration of Stephenie Kjontvedt of Epiq Corporate Restructuring, LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications)* [Docket No. [●]] (the "Voting Report");

(Page | 7)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

z.  Filed, on [●], 2024, the *Declaration of Kurt Wehner, Chief Financial Officer of WeWork Inc., in Support of Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications)]* [Docket No. [●]] (the "<u>Wehner Declaration</u>");

aa.  Filed, on [●], 2024, the *Declaration of Brian Corio in Support of (I) Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications) and (II) Final Approval of the Disclosure Statement* [Docket No. [●]] (the "<u>Corio Declaration</u>");

bb.  Filed, on [●], 2024, the *Declaration of Paul Keglevic, Chairman of Board of Directors of WeWork Inc., in Support of (I) Final Approval of the Disclosure Statement and (II) Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications)* [Docket No. [●]] (the "<u>Keglevic Declaration</u>");

cc.  Filed, on [●], 2024, the *Declaration of Jamie Baird in Support of (I) Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications) and (II) Final Approval of the Disclosure Statement, and (III) Entry of a Final Order (A) Authorizing the Debtors to Obtain New Postpetition Financing, (B) Granting Liens and Providing Claims Superpriority Administrative Expense Status, (C) Modifying the Automatic Stay, and (D) Granting Related Relief* [Docket No. [●]] (the "<u>Baird Declaration</u>");

dd.  Filed, on [●], 2024, the *Declaration of Matthew Frank in Support of (I) Confirmation of the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications) and (II) Final Approval of the Disclosure Statement* [Docket No. [●]] (the "<u>Frank Declaration</u>," and together with the Voting Report, the Corio Declaration, the Baird Declaration, the Keglevic Declaration, and the Wehner Declaration, the "<u>Declarations</u>")); and

ee.  Filed, on [May 29], 2024, the *Debtors' Memorandum of Law in Support of (I) Final Approval of the Disclosure Statement and (II) Confirmation of the First Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries (Technical Modifications)* [Docket No. [●]] (the "<u>Confirmation Brief</u>").

This Court having:

a.  entered, on December 11, 2023, the *Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. 427];

(Page | 8)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

b. entered, on December 11, 2023, the *Final Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* [Docket No. 428] (the "Cash Collateral Final Order");

c. entered, on April 29, 2024, the Conditional Disclosure Statement Order, among other things, conditionally approving the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

d. entered, on May 8, 2024, the *Interim Order (I) Authorizing the Debtors to Obtain New Postpetition Financing, (II) Granting Liens and Providing Claims Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 1883];

e. entered on May 21, 2024, the *Order (I) Approving (A) the Settlement Between the Debtors and the Ad Hoc Unsecured Noteholder Group, and (B) the Opt-In Procedures Applicable to the Settlement, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief* (the "9019 Order") [Docket No. 1966];

f. set May 24, 2024, at 4:00 p.m. (prevailing Eastern Time), as the deadline for voting on the Plan and opt-out deadline (the "Voting Deadline");

g. set May 28, 2024, at 4:00 p.m. (prevailing Eastern Time), as the deadline for Filing objections to final approval of the Disclosure Statement and/or Confirmation (the "Combined Objection Deadline");

h. entered, on May 30, 2024, the *Final Order (I) Authorizing the Debtors to Obtain New Postpetition Financing, (II) Granting Liens and Providing Claims Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [Docket No. [●]];

i. set May 30, 2024, at 10:00 a.m. (prevailing Eastern Time), as the date and time for the Combined Hearing, pursuant to sections 1125, 1126, 1128, and 1129 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, rule 3018-1 of the Local Rules, as set forth in the Conditional Disclosure Statement Order;

j. set June 20, 2024, at 4:00 p.m. (prevailing Eastern Time), as the deadline for Holders of Claims in Non-Voting Classes to submit Opt-Out Forms;

k. reviewed:  (i) the Plan (including the Plan Supplement and the discharge, compromises, settlements, releases, exculpations, and injunctions set forth in Article VIII of the Plan); (ii) the Disclosure Statement; (iii) the Disclosure Statement Motion; (iv) the Conditional Disclosure Statement Order; (v) the Plan Supplement; (vi) the Confirmation Brief; (vii) the Declarations; (viii) the Voting

(Page | 9)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Report; (ix) the Affidavits; (x) the Combined Hearing Notice; and (xi) all Filed pleadings, exhibits, declarations, affidavits, statements, responses, and comments regarding final approval of the Disclosure Statement and Confirmation, including all objections, joinders, statements, and reservations of rights;

l.  considered the Restructuring Transactions incorporated and described in the Plan, including the Plan Supplement;

m.  held the Combined Hearing on May 30, 2024 at 10:00 a.m. (prevailing Eastern Time);

n.  heard the statements and arguments made by counsel in respect of final approval of the Disclosure Statement and Confirmation;

o.  considered all oral representations, live testimony, written direct testimony, exhibits, documents, filings, and other evidence presented at the Combined Hearing;

p.  made rulings on the record at the Combined Hearing;

q.  overruled (i) any and all objections to the Plan and to Confirmation, except as otherwise stated herein or indicated on the record, and (ii) all statements, joinders, and reservations of rights not consensually resolved, agreed to, adjourned, or withdrawn unless otherwise indicated herein; and

r.  taken judicial notice of all pleadings and other documents Filed, all orders entered, and all evidence and arguments presented in these Chapter 11 Cases.

NOW, THEREFORE, it appearing to the Court that the Combined Hearing Notice and the opportunity for any party in interest to object to approval of the Disclosure Statement and Confirmation having been adequate and appropriate as to all parties affected or to be affected by the Plan and the transactions contemplated thereby; and the record of the Chapter 11 Cases, and the legal and factual bases set forth in the documents Filed in support of final approval of the Disclosure Statement and Confirmation and other evidence presented at the Combined Hearing, including, without limitation, the Declarations in support thereof, establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefor, the Court hereby makes and issues the following findings of fact, conclusions of Law, and orders:

| (Page \| 10) | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED

THAT:

**A.    Findings of Fact and Conclusions of Law.**

1.    The findings of fact and conclusions of Law set forth herein and in the record of

the Combined Hearing constitute the Court's findings of fact and conclusions of Law under rule 52

of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and

9014.  All findings of fact and conclusions of Law announced by the Court at the Combined

Hearing in relation to Confirmation, including any rulings made on the record at the Combined

Hearing, are hereby incorporated in this Confirmation Order.  To the extent any of the following

conclusions of Law constitute findings of fact, or vice versa, they are adopted as such.

**B.    Jurisdiction, Venue, and Core Proceeding.**

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23,

1984, and amended on September 18, 2012 (Simandle, C.J.).  The Court has (a) exclusive

jurisdiction to determine the adequacy of the Disclosure Statement and whether the Plan, including

the Restructuring Transactions and the establishment of the UCC Settlement Trust contemplated

in connection therewith, comply with all of the applicable provisions of the Bankruptcy Code and

should be confirmed and (b) enter a final order with respect thereto.  Pursuant to Bankruptcy

Rule 7008, the Debtors consent to entry of a final order by the Court in connection with

Confirmation to the extent that it is later determined that the Court, absent consent of the parties,

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.  Venue in this Court was proper as of the Petition Date and continues

to be proper under 28 U.S.C. §§ 1408 and 1409.  Approval of the Disclosure Statement on a final

basis and Confirmation of the Plan are core proceedings within the meaning of 28 U.S.C.

§ 157(b)(2).

**C.     Eligibility for Relief.**

3.     The Debtors were and are Entities eligible for relief under chapter 11 pursuant to

section 109 of the Bankruptcy Code.

**D.     Commencement and Joint Administration of these Chapter 11 Cases.**

4.     On the Petition Date, each Debtor commenced its respective Chapter 11 Case.

In accordance with the *Order (I) Directing Joint Administration of Chapter 11 Cases and

(II) Granting Related Relief* [Docket No. 87], these Chapter 11 Cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

Since the Petition Date, the Debtors have operated their businesses and managed their properties

as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee

or examiner has been appointed in these Chapter 11 Cases.

**E.     Appointment of the Creditors' Committee.**

5.     On November 16, 2023, the United States Trustee for the District of New Jersey

(the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code [Docket No. 150] (the "Committee").  The Committee

supports confirmation of the Plan.

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

### F.    The Bar Dates.

6.    On February 2, 2024, the Court entered an order setting (i) March 12, 2024, as the last date and time for all persons and entities to file Proofs of Claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code and unsecured priority claims specified in the Bar Date Motion against any Debtor; (ii) March 12, 2024, as the last date and time for a Member Claimant (as defined in the Bar Date Motion) to file Proofs of Claim if the Member Claimant disagrees with the amount of Member Claims (as defined in the Bar Date Motion) listed on its Member Notice (as defined in the Bar Date Motion); (iii) May 6, 2024, as the last date and time for each Governmental Unit (as defined in section 101(27) of the Bankruptcy Code) to file Proofs of Claim asserting claims against any Debtor that arose or are deemed to have arisen on or before the Petition Date; (iv) in the event that the Debtors amend or supplement their Schedules and Statements, the later of (a) the applicable Bar Date and (b) the date that is thirty (30) calendar days from the date on which the Debtors serve notice of the amendment to the Schedules and Statements, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim with respect thereto against any Debtor, solely as to claims arising from the Debtors' rejection of executory contracts and unexpired leases; (v) the later of (a) (i) the General Claims Bar Date or (ii) the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) calendar days after the later of (i) entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease and (ii) the effective date of such rejection, as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim with respect thereto against any Debtor, unless

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

otherwise ordered by the Court; and (vi) solely as to claims that from the Stub Rent Claims (as defined in the Bar Date Motion) and solely in the event that a Stub Rent Claimant (as defined in the Bar Date Motion) disagrees with the amount of its Stub Rent Claim identified on the Stub Rent Claim Schedule and does not resolve such disagreement with the Debtors in accordance with the reasonable consent rights provided for in the Bar Date Order, the date that is forty-five (45) calendar days after the Debtors serve the Stub Rent Claim Schedule on each Stub Rent Claimant and any other party entitled to receive notice of the same pursuant to the Case Management Order, as the last date and time by which Stub Rent Claimants must file Proofs of Claim with respect to Stub Rent Claims against any Debtor.

**G.      Plan Supplement.**

7.      The Plan Supplement (including as subsequently amended, supplemented, or otherwise modified from time to time in accordance with the Plan) complies with the Bankruptcy Code and the terms of the Plan, and the Debtors provided good and proper notice of the Filing of the Plan Supplement in accordance with the Conditional Disclosure Statement Order, the Solicitation and Voting Procedures, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and all other applicable rules, Laws, and requirements. No other or further notice is necessary or will be required with respect to the Plan Supplement or any of the documents contained therein or related thereto. All documents included in the Plan Supplement are integral to, part of, and incorporated by reference into the Plan. Subject to the terms of the Plan, the Debtors reserve the right to alter, amend, update, or modify the Plan Supplement and any of the documents contained therein or related thereto before the Effective Date, subject to compliance with the

(Page | 14)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Bankruptcy Code and the Bankruptcy Rules; provided that no such alteration, amendment, update, or modification shall be inconsistent with the terms of this Confirmation Order or the Plan.

**H.      Modifications to the Plan.**

8.      Pursuant to section 1127 of the Bankruptcy Code, the modifications to the Plan since the commencement of Solicitation described or set forth in this Confirmation Order constitute technical or clarifying changes, changes with respect to particular Claims by agreement with Holders of such Claims, or modifications that do not otherwise materially and adversely affect or change the treatment of any other Claim or Interest under the Plan.  These modifications are consistent with the disclosures previously made pursuant to the Disclosure Statement and the Solicitation Packages served pursuant to the Conditional Disclosure Statement Order, and notice of these modifications was adequate and appropriate under the facts and circumstances of these Chapter 11 Cases.  In accordance with Bankruptcy Rule 3019, these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code or the resolicitation of votes on the Plan under section 1126 of the Bankruptcy Code, and they do not require that Holders of Claims or Interests be afforded an opportunity to change previously cast votes accepting or rejecting the Plan.  Accordingly, the Plan is properly before this Court and all votes cast with respect to the Plan prior to such modification shall be binding and shall apply with respect to the Plan.  The disclosure of any Plan modifications prior to or on the record at the Combined Hearing constitutes due and sufficient notice of any and all Plan modifications.

| | |
|---|---|
| (Page | 15) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## I.      Conditional Disclosure Statement Order.

9.      On April 29, 2024, the Court entered the Conditional Disclosure Statement Order [Docket No. 1787], which, among other things, fixed May 24, 2024, at 4:00 p.m. (prevailing Eastern Time) as the Voting Deadline, May 28, 2024, at 4:00 p.m. (prevailing Eastern Time) as the Combined Objection Deadline, and May 30, 2024, at 10:00 a.m. (prevailing Eastern Time) as the date and time for the Combined Hearing.  The Debtors' use of the Disclosure Statement to solicit votes to accept or reject the Plan was authorized by the Conditional Disclosure Statement Order.

## J.      Disclosure Statement.

10.      The Disclosure Statement contains (a) sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable non-bankruptcy Laws, rules, and regulations, including the Securities Act, and (b) "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the transactions contemplated therein.

## K.      Bankruptcy Rule 3016.

11.      The Plan and all modifications thereto were dated and identified the entities submitting such modification, thus satisfying Bankruptcy Rule 3016(a).  The Debtors appropriately Filed the Disclosure Statement and the Plan with the Court, thereby satisfying Bankruptcy Rule 3016(b).  The injunction, release, and exculpation provisions in the Disclosure Statement and the Plan describe, in bold font and with specific and conspicuous language, all acts

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

to be enjoined, released, and exculpated and identify the entities that will be subject to the injunction, releases, and exculpations, thereby satisfying Bankruptcy Rule 3016(c).

**L.      Burden of Proof—Confirmation of the Plan.**

12.      The Debtors, as proponents of the Plan, have met their burden of proving the applicable elements of sections 1129(a) and 1129(b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard for Confirmation.  In addition, and to the extent applicable, the Plan is confirmable under the clear and convincing evidentiary standard. Each witness who testified on behalf of the Debtors in connection with Confirmation, including those who testified via the Declarations, was credible, reliable, and qualified to testify as to the topics addressed in his or her testimony.

**M.      Notice.**

13.      As evidenced by the Affidavits and the Voting Report, the Debtors provided due, adequate, and sufficient notice of commencement of these Chapter 11 Cases, the Plan (and the opportunity to opt out of the third-party release contained therein (the "Third-Party Release")), the Disclosure Statement, the Conditional Disclosure Statement Order, the Solicitation Packages, the Voting Deadline, any applicable bar dates and hearings described in the Conditional Disclosure Statement Order, the Combined Hearing, (as may be continued from time to time), the Plan Supplement, and all other materials distributed by the Debtors in connection with Confirmation in compliance with the Bankruptcy Code, the Bankruptcy Rules, including Bankruptcy Rules 2002, 3017, 2019, and 3020, the Bankruptcy Local Rules, and the Solicitation and Voting Procedures set forth in the Conditional Disclosure Statement Order.  Further, (a) the Combined Hearing Notice

| | |
|---|---|
| (Page \| 17) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

was published in *The New York Times* (U.S. national edition) and *The Financial Times* (global edition) in compliance with Bankruptcy Rule 2002(i), as evidenced by the Publication Affidavits, and (b) the Combined Hearing Notice was properly served on parties in interest on April 29, 2024, and April 30, 2024, as evidenced by the *Affidavit of Service* [Docket No. 1965].  The foregoing notice was adequate and sufficient under the facts and circumstances of these Chapter 11 Cases in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Conditional Disclosure Statement Order.  No other or further notice is necessary or shall be required.

**N.    Voting Report.**

14.    Before the Combined Hearing, the Debtors Filed the Voting Report.  The Voting Report was admitted into evidence during the Combined Hearing.  The procedures used to solicit and tabulate the Ballots were fair, reasonable, and conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Conditional Disclosure Statement Order, and all other applicable non-bankruptcy rules, Laws, and regulations.

15.    As set forth in the Plan and the Disclosure Statement, Holders of Claims in Class 3A (Drawn DIP TLC Claims), Class 3B (Undrawn DIP TLC Claims), Class 4A (Prepetition LC Facility Claims), Class 4B (1L Notes Claims), and Class 5 (2L Notes Claims) (collectively, the "Voting Classes") were eligible to vote to accept or reject the Plan in accordance with the Solicitation and Voting Procedures.  The Ballots used to solicit votes to accept or reject the Plan

(Page | 18)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

from Holders in the Voting Classes adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for Holders in the Voting Classes to vote to accept or reject the Plan.

16.     Holders of Claims in Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), and Class 9 (Go-Forward Guaranty Claims) (collectively, the "Deemed Accepting Classes") are Unimpaired and conclusively presumed to have accepted the Plan and, therefore, were not entitled to vote to accept or reject the Plan.  Holders of Claims in Class 6 (3L Notes Claims), Class 7 (Unsecured Notes Claims), Class 8 (General Unsecured Claims), Class 12 (Parent Interests), and Class 13 (Section 510(b) Claims) (collectively, the "Deemed Rejecting Classes") are Impaired, are entitled to no recovery under the Plan, and are deemed to have rejected the Plan, and, therefore, were not entitled to vote to accept or reject the Plan.  Holders of Claims in Class 10 (Intercompany Claims) and Holders of Interests in Class 11 (Intercompany Interests) (together, the "Deemed Accepting/Rejecting Classes," and together with the Deemed Accepting Classes and the Deemed Rejecting Classes, the "Non-Voting Classes") are Unimpaired and conclusively presumed to have accepted the Plan (to the extent Reinstated) or are Impaired and deemed to have rejected the Plan (to the extent cancelled and released), and, in either event, were not entitled to vote to accept or reject the Plan.

17.     As evidenced by the Voting Report, each of the Voting Classes voted to accept the Plan.

**O.     Solicitation.**

18.     As described in the Voting Report and the Solicitation Affidavits, the Debtors solicited votes for acceptance or rejection of the Plan in good faith, and the Solicitation Packages

(Page | 19)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

provided the Holders of Claims in the Voting Classes the opportunity to opt out of the Third-Party Releases. Such solicitation complied with the Solicitation and Voting Procedures, was appropriate and satisfactory based upon the circumstances of these Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and all other applicable non-bankruptcy rules, Laws, and regulations, including any registration requirements under the Securities Act.

19.     As described in the Voting Report and the Solicitation Affidavits, as applicable, the Solicitation Packages were transmitted and served, including to all Holders of Claims in the Voting Classes, in compliance with the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, including Bankruptcy Rules 3017, 3018, and 3019, the Bankruptcy Local Rules, the Conditional Disclosure Statement Order, and all other applicable non-bankruptcy rules, Laws, and regulations. Transmission and service of the Solicitation Packages was timely, adequate, and sufficient under the facts and circumstances of these Chapter 11 Cases. No further notice is necessary or will be required.

20.     As set forth in the Voting Report and the Solicitation Affidavits, the Solicitation Packages were distributed to Holders in the Voting Classes that held a Claim in such Class as of April 22, 2024 (the "Voting Record Date"). The establishment and notice of the Voting Record Date were reasonable and sufficient under the facts and circumstances of these Chapter 11 Cases.

21.     The period during which the Debtors solicited acceptances of or rejections to the Plan was a reasonable and sufficient period of time for each Holder in the Voting Classes to make an informed decision to accept or reject the Plan.

(Page | 20)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## P.    Service of Opt-Out Form.

22.    Under sections 1126(f) and 1126(g) of the Bankruptcy Code, the Debtors were not required to solicit votes from the Holders of Claims or Interests in the Non-Voting Classes, each of which is conclusively presumed to have accepted or deemed to have rejected the Plan. Nevertheless, the Debtors served the Combined Hearing Notice and the Notices of Non-Voting Status on Holders of Claims and Interests in the Non-Voting Classes,[3] which adequately summarized the material terms of the Plan, including classification and treatment of Claims and Interests and the release, exculpation, and injunction provisions of the Plan.  Further, because the form enabling stakeholders to opt out of the Third-Party Release (the "Opt-Out Form") was included in both the Ballots and the Notices of Non-Voting Status, every known stakeholder was provided with the means to opt out of the Third-Party Release.  For the avoidance of doubt, any party that elected in the Opt-Out Form to opt out of the Third-Party Release prior to the applicable deadline to submit an Opt-Out Form, whether under an original or extended deadline, shall be neither a Released Party nor a Releasing Party under the Plan; *provided, however,* that any Opt-Out Form submitted by an Unsecured Notes Settlement Participant (as defined in the 9019 Order) is deemed withdrawn and such Unsecured Notes Settlement Participant is deemed to have granted the Third-Party Release and to be a Releasing Party under the 9019 Order and the Plan.

---

[3]    *See Affidavits of Service of Mailings of Solicitation Materials for the Period from April 29, 2024, through May 14, 2024* [Docket No. 1965].

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

**Q.    9019 Settlement.**

23.    In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, the provisions of the Unsecured Notes Settlement by and between the Debtors, the Creditors' Committee, the Ad Hoc Group, the SoftBank Parties, Cupar, and the Unsecured Notes Settlement Participants, as approved by the 9019 Order, constitute a good-faith compromise of the settled claims and disputes held by the Unsecured Notes Settlement Participants.  Such compromise and settlement are fair, equitable, and reasonable and in the best interests of the Debtors, the Reorganized Debtors, and their Estates.

**R.    DIP New Money Interim Facility and DIP New Money Exit Facility.**

24.    The DIP New Money Interim Facility, the DIP New Money Interim Facility Documents, the DIP New Money Exit Facility, and the DIP New Money Exit Facility Documents, are each an essential element of the Plan, necessary for Consummation, and critical to the overall success and feasibility of the Plan.

25.    Entry into the DIP New Money Interim Facility, the DIP New Money Interim Facility Documents, the DIP New Money Exit Facility, and the DIP New Money Exit Facility Documents is in the best interests of the Debtors, the Reorganized Debtors, and their Estates and consistent with the Debtors' exercise of their fiduciary duties.  The Debtors have exercised reasonable business judgment in determining to enter into the DIP New Money Interim Facility Documents and the DIP New Money Exit Facility Documents and have or will have provided sufficient and adequate notice of the material terms of the DIP New Money Interim Facility and the DIP New Money Exit Facility, which material terms were or will be Filed as part of the Plan

(Page | 22)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

(including through the Plan Supplement) and related pleadings prior to the Effective Date. The terms and conditions of the DIP New Money Interim Facility and the DIP New Money Exit Facility are fair and reasonable and were negotiated in good faith and at arm's length, and any credit extended and loans made thereunder shall be deemed to have been extended, assumed and assigned, issued, or made in good faith.  All premiums and fees due and payable under or in connection with the DIP New Money Interim Facility and the DIP New Money Exit Facility (which, for the avoidance of doubt, includes the DIP New Money Initial Commitment Premium (as defined in the DIP New Money Order)) have been or are hereby approved, and the Debtors or the Reorganized Debtors, as applicable, are authorized and directed to pay such premiums and fees in accordance with the DIP New Money Interim Facility Documents and the DIP New Money Exit Facility Documents.  The Debtors or the Reorganized Debtors, as applicable, have been or are authorized without further approval of this Court or any other party to execute and deliver the DIP New Money Interim Facility Documents and the DIP New Money Exit Facility Documents, and execute, deliver, File, record, and issue all agreements, guarantees, instruments, mortgages, control agreements, certificates, and other documents related or incidental thereto and to perform their obligations thereunder and all transactions contemplated thereby, including the payment or reimbursement of any premiums, fees, expenses, losses, damages, or indemnities and the creation or perfection of all Liens in connection therewith, in each case, without further notice to this Court or further act or action under applicable non-bankruptcy Law, regulation, order, or rule or the vote, consent, authorization, or approval of any Entity.

(Page | 23)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

26. To the extent applicable, the Reorganized Debtors and the Persons and Entities granted such Liens and security interests have been or in conjunction with the DIP New Money Interim Facility and the DIP New Money Exit Facility shall be authorized to make all filings and recordings, and to obtain all governmental approvals and consents, necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, federal, or other Law that would be applicable in the absence of the Plan and this Confirmation Order (it being understood that perfection shall occur automatically by virtue of entry of this Confirmation Order and any such filings, recordings, approvals, and consents shall not be required).

**S.     Exit LC Facility.**

27. The Exit LC Facility and the Exit LC Facility Documents[4], are each an essential element of the Plan, necessary for Consummation, and critical to the overall success and feasibility of the Plan.

28. Entry into the Exit LC Facility and the Exit LC Facility Documents is in the best interests of the Debtors, the Reorganized Debtors, and their Estates. The Debtors have exercised reasonable business judgment in determining to enter into the Exit LC Facility and the Exit LC Facility Documents and have or will have provided sufficient and adequate notice of the material terms of the Exit LC Facility and the Exit LC Facility Documents, which material terms were or will be Filed as part of the Plan (including through the Plan Supplement) and related pleadings

---

[4]   For the avoidance of doubt, the "Exit LC Facility Documents" include all documents related to cash collateral support for the Exit LC Facility, including, without limitation, any agreements relating to the issuance of New Interests and the release of such New Interests or cash to the SoftBank Parties post-emergence in satisfaction of the Undrawn DIP TLC Claims.

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

prior to the Effective Date.  The terms and conditions are fair and reasonable and were negotiated

in good faith and at arm's length, and any credit that was or will be extended and loans that were

or will be made pursuant to the Exit LC Facility, if and as applicable, shall be deemed to have been

extended, assumed and assigned, issued, or made, as applicable, in good faith.  All fees due and

payable or that will become due and payable under or in connection with the Exit LC Facility and

Exit LC Facility Documents are hereby approved, and the Debtors or the Reorganized Debtors, as

applicable, are authorized and directed to pay such fees in accordance with the Exit LC Facility

and Exit LC Facility Documents.  The Debtors are authorized without further approval of this

Court or any other party to execute and deliver the Exit LC Facility Documents and execute,

deliver, File, record, and issue all agreements, guarantees, instruments, mortgages, control

agreements, certificates, and other documents related or incidental thereto and to perform their

obligations thereunder and all transactions contemplated thereby, including the payment or

reimbursement of any fees, expenses, losses, damages, or indemnities and the creation or

perfection of all Liens in connection therewith, in each case, without further notice to this Court

or further act or action under applicable non-bankruptcy Law, regulation, order, or rule or the vote,

consent, authorization, or approval of any Entity.

**T.     UCC Settlement Trust.**

29.     As set forth in <u>Article IV.D.4</u> of the Plan, on or following the later of the Effective

Date and the UCC Settlement Determination Date, the Reorganized Debtors shall transfer, or cause

to be transferred, to the UCC Settlement Trust all of the rights, title, and interest in the UCC

Settlement Proceeds, and the UCC Settlement Trustee shall execute the UCC Settlement Trust

(Page | 25)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Documents and take all steps necessary to establish the UCC Settlement Trust in accordance with the Plan and the UCC Settlement Trust Documents; *provided*, *however*, no disbursement or distribution shall be made from the UCC Settlement Trust until such point in time as final amounts have been determined (including in the case of Allowed Professional Fee Claims of the Professionals retained by the Creditors' Committee, until such point in time as final fee applications have been approved and Allowed) in respect of (i) the Ad Hoc Unsecured Noteholder Group Expenses, (ii) the 3L/Unsecured Notes Trustee Expenses, (iii) the Creditors' Committee Member Expenses, and (iv) Allowed Professional Fee Claims of the Professionals retained by the Creditors' Committee; *provided* that only after such final amounts have been determined and final fee applications have been approved and Allowed shall the UCC Settlement Deduction be calculated.  The transfers contemplated under the Plan from the applicable Debtors to the UCC Settlement Trust shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

30.     To the extent that any UCC Settlement Proceeds cannot be transferred to the UCC Settlement Trust because of a restriction on transferability under applicable non-bankruptcy Law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such UCC Settlement Proceeds shall be deemed to have been retained by the Reorganized Debtors on behalf of the UCC Settlement Trust and the UCC Settlement Trust shall be deemed to have been designated as a representative of the Reorganized Debtors pursuant to section 1123(b)(3)(B) of the Bankruptcy Code to enforce and pursue such UCC Settlement Proceeds on behalf of the Reorganized Debtors for the benefit of the UCC Settlement Trust

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

beneficiaries, until such transfer restrictions are removed or the Reorganized Debtors receive or become entitled to distribute the UCC Settlement Proceeds.

31.    **Method and Timing of Distributions.**  Distributions to Holders of Allowed 3L Notes Claims and Allowed General Unsecured Claims will be made from the UCC Settlement Trust in accordance with the terms of the Plan, the UCC Settlement Trust Documents, and this Confirmation Order; *provided* that no disbursement or distribution shall be made from the UCC Settlement Trust until the UCC Settlement Determination Date (which, for the avoidance of doubt, shall only occur after such point in time as final amounts have been determined (including in the case of Allowed Professional Fee Claims of the Professionals retained by the Creditors' Committee, after such point in time as final fee applications have been approved and Allowed) in respect of (i) the Ad Hoc Unsecured Noteholder Group Expenses, (ii) the 3L/Unsecured Notes Trustee Expenses, (iii) the Creditors' Committee Member Expenses, and (iv) Allowed Professional Fee Claims of the Professionals retained by the Creditors' Committee (each as defined in the Plan).  The UCC Settlement Trust may engage disbursing agents and other Persons to assist in making distributions.

**U.     Compliance with Bankruptcy Code Requirements—Section 1129(a)(1).**

32.    The Plan complies with all applicable provisions of the Bankruptcy Code, including sections 1122 and 1123, as required by section 1129(a)(1) of the Bankruptcy Code.

(i)    *Proper Classification—Sections 1122 and 1123.*

33.    <u>Article III</u> of the Plan provides for the separate classification of Claims and Interests into thirteen Classes based on differences in the legal nature or priority of such Claims and Interests

(Page | 27)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

(other than Administrative Claims, Professional Fee Claims, DIP Administrative Claims, Priority Tax Claims, Stub Rent Claims, and Post-Petition Rent Claims, which are addressed in <u>Article II</u> of the Plan and are not required to be classified by section 1123(a)(1) of the Bankruptcy Code). Valid business, factual, and legal reasons exist for the separate classification of such Classes of Claims and Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Interests. The classifications reflect no improper purpose and do not unfairly discriminate between, or among, Holders of Claims or Interests. Each Class of Claims and Interests contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class. Accordingly, the Plan satisfies the requirements of sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.

(ii) *Specified Unimpaired Classes—Section 1123(a)(2).*

34. <u>Article III</u> of the Plan specifies that Claims in the following Classes are Unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code:

| Class | Claims |
|---|---|
| 1 | Other Secured Claims |
| 2 | Other Priority Claims |
| 9 | Go-Forward Guarantee Claims |

35. Holders of Intercompany Claims in Class 10 and Holders of Intercompany Interests in Class 11 are either Unimpaired and conclusively presumed to have accepted the Plan or are Impaired and deemed to have rejected the Plan, and, in either event, are not entitled to vote to accept or reject the Plan. Additionally, <u>Article II</u> of the Plan specifies that Allowed Administrative

(Page | 28)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Claims, DIP Administrative Claims, Professional Fee Claims, Priority Tax Claims, Stub Rent

Claims, Post-Petition Rent Claims, and the Restructuring Expenses will be paid in full or otherwise

unimpaired in accordance with the terms of the Plan, although these Claims are not classified under

the Plan.  Accordingly, the Plan satisfies the requirements of section 1123(a)(2) of the Bankruptcy

Code.

>        (iii)    *Specified Treatment of Impaired Classes—Section 1123(a)(3).*

36.    Article III of the Plan specifies that Claims and Interests, as applicable, in the

following Classes (the "Impaired Classes") are Impaired under the Plan within the meaning of

section 1124 of the Bankruptcy Code, and describes the treatment of such Classes:

| Class | Claims |
|---|---|
| 3A | Drawn DIP TLC Claims |
| 3B | Undrawn DIP TLC Claims |
| 4A | Prepetition LC Facility Claims |
| 4B | 1L Notes Claims |
| 5 | 2L Notes Claims |
| 6 | 3L Notes Claims |
| 7 | Unsecured Notes Claims |
| 8 | General Unsecured Claims |
| 12 | Parent Interests |
| 13 | Section 510(b) Claims |

37.    Accordingly, the Plan satisfies the requirements of section 1123(a)(3) of the

Bankruptcy Code.

(Page | 29)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

(iv)     *No Discrimination—Section 1123(a)(4).*

38.     The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest.  Accordingly, the Plan satisfies the requirements of section 1123(a)(4) of the Bankruptcy Code.

(v)     *Adequate Means for Plan Implementation—Section 1123(a)(5).*

39.     The provisions of the Plan, including <u>Article IV</u>, together with the exhibits and attachments to the Plan (including the Plan Supplement), provide, in detail, adequate and proper means for the Plan's implementation, including, among other provisions:   (a) the general settlement of Claims and Interests; (b) the authorization for the Debtors and/or the Reorganized Debtors, as applicable, to take all actions necessary or appropriate to effectuate the Plan, including those actions necessary or appropriate to effectuate the Restructuring Transactions and any and all actions set forth in the Restructuring Transactions Exhibit; (c) the adoption, authorization, and entry of the New Corporate Governance Documents; (d) the funding and sources of consideration for the Plan distributions, including the Exit LC Facility, the DIP New Money Interim Facility, the DIP New Money Exit Facility, and Cash on hand; (e) preservation of the Debtors' corporate existence following the Effective Date (except as otherwise provided in the Plan); (f) the reservation of New Interests for future distribution in accordance with the terms and conditions of the MIP and at the discretion of the New Board following the Effective Date; (g) the vesting of assets of the Debtors' estates in the Reorganized Debtors; (h) except as otherwise provided in this Confirmation Order or the Plan, the cancellation of all notes, instruments, certificates, and other

(Page | 30)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

documents evidencing Claims or Interests; (i) except as otherwise provided in this Confirmation Order or the Plan, the cancellation of existing securities and agreements; (j) the authorization and approval of the Debtors and/or the Reorganized Debtors, as applicable, to enter into the Exit LC Facility, the DIP New Money Interim Facility, the DIP New Money Exit Facility; (k) the issuance and distribution of the New Interests, and entry into any agreements related to the same as set forth in the Plan or the Plan Supplement; (*l*) the authorization, approval, and entry of corporate actions under the Plan; (k) the creation of the Professional Fee Escrow Account; (m) the appointment of the New Board; (n) the adoption, authorization, and entry of the UCC Settlement Trust Documents and all actions contemplated thereby, including the appointment of Entity Services (SPV), LLC as the UCC Settlement Trustee and creation of the UCC Settlement Trust; (o) the preservation and vesting of certain Causes of Action not released pursuant to the Plan in the Reorganized Debtors; (p) the adoption or assumption of all Compensation and Benefits Programs; (q) the assumption and assignment or rejection of Executory Contracts and Unexpired Leases; and (r) the effectuation and implementation of documents and further transactions.   Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

(vi)    *Voting Power of Equity Securities—Section 1123(a)(6).*

40.    The New Corporate Governance Documents and the Plan prohibit the issuance of non-voting equity securities to the extent required to comply with section 1123(a)(6) of the Bankruptcy Code and provide for an appropriate distribution of voting power among the classes of equity securities possessing voting power.   To the extent the beneficial interests in the UCC Settlement Trust are deemed to be "securities" as defined in section 2(a)(1) of the Securities Act,

(Page | 31)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

section 101 of the Bankruptcy Code, and/or applicable state securities laws, the beneficial interests shall not be non-voting equity securities. Accordingly, the Plan satisfies the requirements of section 1123(a)(6) of the Bankruptcy Code.

(vii)   *Directors and Officers—Section 1123(a)(7).*

41.   The appointment, employment, and manner of selection of any officer, director, or trustee (or any successor of any officer, director, or trustee) of the Reorganized Debtors will be determined in accordance with the Plan, the New Corporate Governance Documents, and the Corporate Governance Term Sheet, as applicable, which is consistent with the interests of creditors and equity holders and with public policy. The selection of the members of the New Board, identified in the Plan Supplement, is also consistent with the interests of creditors and equity holders and with public policy. Accordingly, the Plan satisfies the requirement of section 1123(a)(7) of the Bankruptcy Code.

(viii)   *Impairment/Unimpairment of Classes—Section 1123(b)(1).*

42.   <u>Article III</u> of the Plan Impairs or leaves Unimpaired, as the case may be, each Class of Claims and Interests, as contemplated by section 1123(b)(1) of the Bankruptcy Code. Thus, the Plan satisfies section 1123(b)(1).

(ix)   *Assumption—Section 1123(b)(2).*

43.   Notwithstanding anything to the contrary herein, entry of this Confirmation Order shall not prejudice any assumption, rejection, or Cure disputes that are pending as of such entry. The applicable parties' rights with respect to such disputes are fully reserved, and any such disputes

(Page | 32)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

shall be addressed and, if applicable, heard pursuant to the procedures set forth in the Plan, including Article V.D thereof.

44.     Article V of the Plan provides that, on the Effective Date, except as otherwise provided in the Plan, all Executory Contracts and Unexpired Leases will be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that: (1) are Unexpired Leases of non-residential real property that are not expressly set forth in the Schedule of Assumed Executory Contracts and Unexpired Leases and assumed by the deadline set forth in section 365(d)(4) or any applicable Extension Order; (2) are identified on the Schedule of Rejected Executory Contracts and Unexpired Leases; (3) have previously expired or terminated pursuant to their own terms or agreement of the parties thereto, forfeiture or by operation of law; (4) have been previously assumed or rejected by the Debtors pursuant to a Final Order; (5) any obligations of WeWork Inc. arising under contracts or leases that are not assumed; or (6) are, as of the Effective Date, the subject of (a) a motion to reject that is pending or (b) an order of the Court that is not yet a Final Order. For the avoidance of doubt, for an Unexpired Lease that is as of the Effective Date the subject of a pending notice of assumption filed pursuant to the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 289] for which no Final Order has been entered ("Pending Assumption Notice"), such Unexpired Lease will be assumed by separate Final Order and not by this Confirmation Order. Accordingly, the Plan is consistent with section 1123(b)(2) of the Bankruptcy Code.

(Page | 33)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

45.     The Debtors' determinations regarding the assumption and rejection of Executory Contracts and Unexpired Leases are based on and within the sound business judgment of the Debtors, are necessary to the implementation of the Plan, and are in the best interests of the Debtors, their Estates, Holders of Claims and Interests, and other parties in interest in these Chapter 11 Cases.  Entry of this Confirmation Order by the Court shall constitute approval of such assumptions, assumptions and assignments, and/or rejections, as applicable, including the assumption of the Executory Contracts or Unexpired Leases as provided in the Plan Supplement pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

(x)     *Settlement, Releases, Exculpation, Injunction, and Preservation of Claims and Causes of Action—Section 1123(b)(3).*

46.     In accordance with section 1123(b)(3)(A) of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, distributions, releases, and other benefits provided under the Plan and with the support of the various creditors, stakeholders, and other parties in interest, including the Creditors' Committee, upon the Effective Date, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, Causes of Action, as applicable, and controversies released, settled, compromised, discharged, satisfied, or otherwise resolved pursuant to the Plan.  The compromises and settlements embodied in the Plan (a) are the result of extensive, arm's-length, good faith negotiations that, in addition to the Plan, resulted in the execution of the Restructuring Support Agreement and the Amended and Restated Restructuring Support Agreement; (b) preserve value for the Debtors, their Estates, and all their stakeholders by, among other things, avoiding extended, uncertain, time-consuming, and

(Page | 34)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

value-destructive litigation; and (c) represent a fair and reasonable compromise of all Claims, Interests, and controversies and a sound exercise of the Debtors' business judgment. The compromises and settlements in the Plan are fair, equitable, reasonable, and in the best interests of the Debtors and their Estates and satisfy the requirements of applicable Law for approval pursuant to Bankruptcy Rule 9019.

a. **Debtor Release.**

47.    <u>Article VIII.C</u> of the Plan describes certain releases granted by the Debtors (the "<u>Debtor Release</u>"). The Debtors have satisfied the business judgment standard under Bankruptcy Rule 9019 with respect to the propriety of the Debtor Release. The Debtors' or the Reorganized Debtors' pursuit of any such claims against the Released Parties is not in the best interests of the Estates' various constituencies because the costs involved would outweigh any potential benefit from pursuing such claims. The Debtor Release is a necessary and integral element of the Plan, is fair, equitable, reasonable, and in the best interests of the Debtors and their Estates.

48.    For the reasons set forth herein and in the Keglevic Declaration, the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) given and made after reasonable investigation by the Debtors through their Special Committee; (d) a bar to any of the Debtors, the Reorganized Debtors, or the or the Debtors' Estates asserting any Claim or Cause of Action of any kind whatsoever released pursuant to the

(Page | 35)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Debtor Release; (e) essential to the Confirmation of the Plan; and (f) a sound exercise of the Debtors' business judgment.

49.     The Debtor Release appropriately offers protection to parties that participated in the Debtors' restructuring process.  Each of the Released Parties made significant concessions and contributions to these Chapter 11 Cases, including, as applicable, (a) negotiating and actively supporting the Plan and the Chapter 11 Cases; (b) providing necessary liquidity for the Debtors during the Chapter 11 Cases; (c) settling and compromising substantial rights and claims against the Debtors under the Plan; and (d) proposing, negotiating in good faith, and ultimately consummating the UCC Settlement and Unsecured Notes Settlement.  The Debtor Release for the Debtors' current and former directors and officers is appropriate because the Debtors' directors and officers share an identity of interest with the Debtors, supported and made substantial contributions to the success of the Plan and these Chapter 11 Cases, actively participated in meetings, hearings, and negotiations during these Chapter 11 Cases, and have provided other valuable consideration to the Debtors to facilitate the Debtors' reorganization and continued operation.  The Debtor Release for the parties to the Amended and Restated Restructuring Support Agreement (which has broad support of parties across the Debtors' capital structure) is appropriate because such parties have actively supported the Plan, and, as applicable, agreed to equitize their Claims to deleverage the Debtors' prepetition capital structure, provided the Debtors with liquidity (including by providing debtor-in-possession financing and consenting to the use of cash collateral), or otherwise provided financing (including exit letter-of-credit financing) and made other contributions of value to the Debtors' restructuring.  In addition, an unbiased and

(Page | 36)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

independent special committee comprising four experienced and independent directors of the Board (the "Special Committee") conducted a thorough and independent investigation into certain potential claims and historical transactions and properly determined that the Debtor Release is appropriate and in the best interests of the Debtors or their Estates in the context of the value-maximizing Plan.

50.    The scope of the Debtor Release is appropriately tailored under the facts and circumstances of these Chapter 11 Cases. The Debtor Release is appropriate in light of, among other things, the value provided by the Released Parties to the Estates and the critical nature of the Debtor Release to the Plan.

51.    In light of the foregoing, the Debtor Release is approved in its entirety.

b. **Third-Party Release.**

52.    The Third-Party Release is a necessary and integral element of the Plan, is fair, equitable, reasonable, and is in the best interests of the Debtors, their Estates, and all Holders of Claims and Interests. Also, the Third-Party Release is: (a) consensual; (b) essential to Confirmation; (c) given in exchange for the good and valuable consideration provided by the Released Parties (other than with respect to parties in interest that were deemed to reject the Plan), including, without limitation, the Released Parties' contributions to facilitating the restructuring and implementing the Plan; (d) a good faith settlement and compromise of the Causes of Action released pursuant to the Third-Party Release; (e) in the best interests of the Debtors, their Estates, and their stakeholders and is important to the overall objectives of the Plan to finally resolve certain Claims among or against certain parties in interest in the Chapter 11 Cases; (f) fair, equitable, and

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

reasonable; (g) given and made after due notice and opportunity for hearing; (h) narrowly tailored to the circumstances of these Chapter 11 Cases; (i) a bar to any of the Releasing Parties asserting any Claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release; and (j) consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

53.     Article VIII.D of the Plan describes the Third-Party Release granted by the Releasing Parties.  The Third-Party Release is an integral part of the Plan.  Like the Debtor Release, the Third-Party Release was critical to incentivizing parties to support the Plan, facilitated participation in the Restructuring Support Agreement, the Amended and Restated Restructuring Support Agreement, and the chapter 11 process generally, and prevents significant, time-consuming, and value-destructive litigation.  The Third-Party Release was a core negotiation point and an integral component of the Restructuring Support Agreement and the Amended and Restated Restructuring Support Agreement, and was critical to developing a plan that maximized value for all of the Debtors' stakeholders.  As such, the Third-Party Release appropriately offers certain protections to parties who constructively participated in the Debtors' restructuring process by, among other things, supporting the Plan.

54.     The Third-Party Release is consensual as to all relevant parties, including all Releasing Parties, and such parties were provided notice of these Chapter 11 Cases, the Plan, and the Combined Objection Deadline, received the Combined Hearing Notice or the Notice of Non-Voting Status, and were properly informed that the Holders of Claims or Interests that did not check the "Opt Out" box on a timely returned Ballot or Opt-Out Form, as applicable, would

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the release and discharge of all Claims and Causes of Action against the Debtors and the Released Parties as set forth in Article VIII.D of the Plan. The Combined Hearing Notice sent to Holders of Claims and Interests and published in *The New York Times* (national edition) and *The Financial Times* (global edition), and the Ballots sent to all Holders of Claims and Interests entitled to vote on the Plan, in each case, unambiguously stated that the Plan contains the Third-Party Release. The Releasing Parties were given due and adequate notice of the Third-Party Release, and thus the Third-Party Release is consensual under controlling precedent as to those Releasing Parties that did not elect to opt out of granting the Third-Party Release. Additionally, the release provisions of the Plan were conspicuous, emphasized with boldface type in the Plan, the Disclosure Statement, the Ballots, the Notices of Non-Voting Status, and the Combined Hearing Notice. The Debtors, as evidenced by the Affidavits, provided sufficient notice of the Third-Party Release, and no further or other notice or disclosure is necessary.

55. There is an identity of interests between the Debtors and the entities that will benefit from the Third-Party Release. Each of the Released Parties, as stakeholders and critical participants in the Debtors' Chapter 11 Cases and the Plan process, share a common goal with the Debtors in seeing the Plan succeed. The Third-Party Release provides finality to the Debtors, the Reorganized Debtors, and the Released Parties regarding the parties' respective obligations under the Plan and with respect to the Reorganized Debtors. The Third-Party Release is specific in language, is integral to and a condition of the compromises and settlements embodied in the Plan, and is appropriately tailored under the facts and circumstances of these Chapter 11 Cases.

(Page | 39)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

56.     In light of the foregoing, the Third-Party Release is approved in its entirety.

### c.  Exculpation.

57.     The exculpation provisions set forth in <u>Article VIII.E</u> of the Plan (the "<u>Exculpation</u>") are appropriately tailored to the facts and circumstances of these Chapter 11 Cases and are essential to the Plan.  The record in the Chapter 11 Cases fully supports the Exculpation, which is appropriately tailored to protect the Exculpated Parties from unnecessary litigation and contains appropriate carve outs for actual fraud, willful misconduct, or gross negligence.

### d.  Injunction.

58.     The injunction provisions set forth in <u>Article VIII.F</u> of the Plan are essential to the Plan and are necessary to implement, preserve, and enforce the Plan, the Debtors' discharge, the Debtor Release, the Third-Party Release, and the Exculpation.  The injunction provisions are appropriately tailored to achieve these purposes.

### e.  Preservation of Causes of Action.

59.     Pursuant to <u>Article IV.O</u> of the Plan and in accordance with section 1123(b) of the Bankruptcy Code, each Reorganized Debtor, as applicable, shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action of the Debtors, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, to commence, prosecute, or settle such Retained Causes of Action, which shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of the Plan to the contrary, other than any Causes of Action released by the Debtors

(Page | 40)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

pursuant to the releases and exculpations contained in the Article VIII of the Plan, which shall be deemed released and waived by the Debtors and the Reorganized Debtors as of the Effective Date; *provided*, *however*, that no Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors or Reorganized Debtors, as applicable, will not pursue any and all available Causes of Action against it. The Debtors or Reorganized Debtors as applicable, expressly reserve all rights to prosecute any and all Causes of Action against any Entity, except as set forth in Article VIII.C of the Plan.

60.    The provisions regarding the preservation of Causes of Action in the Plan, including those contained in the Plan Supplement, are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors and their Estates.  The Debtors and the Reorganized Debtors, as applicable, expressly reserve all rights to prosecute any and all Retained Causes of Action against any Entity, except as set forth in Article VIII.C of the Plan.

### f.  Gatekeeper Provision.

61.    Article VIII.G of the Plan contains a provision that states no party may commence, continue, amend, or otherwise pursue, join in, or otherwise support any other party commencing, continuing, amending, or pursuing, a Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to, or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of, a Cause of Action subject to Article VIII.C, Article VIII.D, Article VIII.E, and Article VIII.F of the Plan without first:  (a) requesting a determination from the Court (which request must

| | |
|---|---|
| (Page \| 41) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

attach the complaint or petition proposed to be filed by the requesting party), after notice and a hearing, that such Cause of Action (i) represents a colorable claim against a Debtor, Reorganized Debtor, Exculpated Party, or Released Party and (ii) was not discharged, released, enjoined, or otherwise prohibited under the Plan; and (b) obtaining from the Court the foregoing determination as well as specific authorization for such party to bring such Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party, as applicable (the "Gatekeeper Provision").  The Court shall have the sole and exclusive jurisdiction to determine whether a Cause of Action constitutes a direct or derivative claim, is colorable and, only to the extent legally permissible, shall have jurisdiction to adjudicate the underlying colorable Cause of Action.  The Court finds that the Gatekeeper Provision is a material and necessary term of the Plan.  The Court admitted the testimony of Paul Keglevic, independent director and member of the Special Committee, regarding the investigation into potential claims and causes of action against certain of the Debtors' Released Parties.  Mr. Keglevic credibly established that, was it not for the inclusion of the Gatekeeper Provision in the Plan, the Debtors or other Released Parties may be bogged down in vexatious, meritless litigation, thereby jeopardizing the consensual Debtor Release and Third-Party Release.  Based on the foregoing, the Court finds that the Gatekeeper Provision is necessary, appropriate, and critical to the effective and efficient administration, implementation, and consummation of the Plan.

### g.  **Lien Release.**

62.     The release and discharge of all mortgages, deeds of trust, Liens, pledges, or other security interests against any property of the Estates described in Article VIII.B of the Plan

(Page | 42)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

(the "<u>Lien Release</u>") is essential to, and necessary to implement, the Plan.  The provisions of the

Lien Release are appropriate, fair, equitable, and reasonable and are in the best interests of the

Debtors, their Estates, and Holders of Claims and Interests.

> (xi)    *Additional Plan Provisions—Section 1123(b)(6).*

63.    The other discretionary provisions of the Plan, including, without limitation, the

Plan Supplement, provisions for the allowance of certain Claims and Interests, treatment of the

D&O Liability Insurance Policies, and the retention of court jurisdiction, are appropriate and

consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying

section 1123(b)(6) of the Bankruptcy Code.

> (xii)    *Cure of Defaults—Section 1123(d).*

64.    <u>Article V.D</u> of the Plan provides for the satisfaction of Cure Claims associated with

each Executory Contract and Unexpired Lease to be assumed in accordance with section 365(b)

of the Bankruptcy Code.  On the Effective Date or as soon as reasonably practicable thereafter, the

Debtors or the Reorganized Debtors, as applicable, shall, in accordance with the Schedule of

Assumed Executory Contracts and Unexpired Leases and <u>Article V.D</u> of the Plan, satisfy all Cure

Obligations relating to Executory Contracts and Unexpired Leases that are being assumed under

the Plan ; *provided* that, to the extent any Cure Obligations are owed on account of the membership

agreements assumed under the Plan, the counterparties to such agreements shall receive the

payment of their respective Cure Obligations; *provided*, *further*, if the effective date of such

assumption occurs prior to the Effective Date, such payment shall be on the effective date of such

assumption or as soon as reasonably practicable thereafter.  If there is any dispute regarding any

(Page | 43)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Cure Claims, the ability of the Reorganized Debtors or any assignee to provide "adequate assurance of future performance" within the meaning of section 365 of the Bankruptcy Code, or any other matter pertaining to assumption or assumption and assignment, such dispute shall be determined in accordance with the terms set forth in <u>Article V.D</u> of the Plan.  As part of the Plan Supplement, the Debtors Filed the Schedule of Assumed and Rejected Executory Contracts and Unexpired Leases, which either (i) listed a proposed Cure amount, based on the Debtors' books and records, for each Executory Contract and Unexpired Lease to be assumed or (ii) listed a proposed Cure amount as "TBD" to the extent such Cure amount is subject to active negotiations between the Debtors and the applicable counterparty.  The counterparties to such Executory Contracts and Unexpired Leases therefore received adequate notice of such proposed Cure amount, with an ability to dispute and be heard in connection therewith.  Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

65.    Each of the Agents under each of the Indentures diligently and in good faith discharged their duties and obligations under their respective Indentures and otherwise conducted themselves with the same degree of care and skill that a prudent person would exercise under the circumstances with respect to all matters in any way related to their respective Indentures, Notes, and any related or ancillary transactions or agreements.  The Holders of the Notes have not received, with respect to their holdings of a particular series of Notes, disparate treatment under the Plan or any related or ancillary transactions or agreements, and the Holders' treatment is consistent with the terms and conditions under such Notes' respective Indenture.

| | |
|---|---|
| (Page \| 44) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## V.     Debtor Compliance with the Bankruptcy Code—Section 1129(a)(2).

66.     The Debtors have complied with the applicable provisions of the Bankruptcy Code, and, thus, satisfied the requirements of section 1129(a)(2) of the Bankruptcy Code.  Specifically, each Debtor:

    a.   is eligible to be a debtor under section 109, and a proper proponent of the Plan under section 1121(a), of the Bankruptcy Code;

    b.   has complied with the applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

    c.   complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126 thereof, the Bankruptcy Rules, the Bankruptcy Local Rules, any applicable non-bankruptcy Law, rule, and regulation, the Conditional Disclosure Statement Order, and all other applicable Law, in transmitting the Solicitation Packages, and related documents and notices, and in soliciting and tabulating the votes on the Plan.

67.     The Debtors and their agents have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with respect to the offering, issuance, and distribution of recoveries under the Plan and, therefore are not and, on account of such distributions, will not be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or distributions made pursuant to the Plan so long as such distributions are made consistent with and pursuant to the Plan.

## W.     Plan Proposed in Good Faith—Section 1129(a)(3).

68.     The Debtors have proposed the Plan in good faith and not by any means forbidden by Law.  In so determining, this Court has examined the totality of the circumstances surrounding the Filing of these Chapter 11 Cases, including the Declarations, the Plan itself and the process leading to its formulation, the Disclosure Statement, the Restructuring Support Agreement , the

(Page | 45)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Amended and Restated Restructuring Support Agreement, the process leading to Confirmation, including the overwhelming support of Holders of Claims for the Plan, and the transactions to be implemented pursuant thereto.  The Debtors' good faith is evident from the facts and the record of these Chapter 11 Cases, the Disclosure Statement, the hearing on conditional approval of the Disclosure Statement, and the record of the Combined Hearing and other proceedings held in these Chapter 11 Cases.  These Chapter 11 Cases were Filed, and the Plan was proposed, with the legitimate purpose of allowing the Debtors to implement the Restructuring Transactions, reorganize, and emerge from these Chapter 11 Cases with a capital and organizational structure that will allow them to conduct their businesses and satisfy their obligations with sufficient liquidity and capital resources.

69.    The Plan and the contracts, instruments, releases, agreements, and other documents necessary and related to implementing, effectuating, and consummating the Plan, are the product of good faith, arm's-length negotiations by and among the Debtors, the Consenting Stakeholders, the Creditors' Committee, and their respective representatives and professionals, among others. The Plan itself and the process leading to its formulation provide independent evidence of the Debtors' and such other parties' good faith, serve the public interest, and assure fair treatment of Holders of Claims and Interests.  Consistent with the overriding purpose of chapter 11, the Debtors Filed these Chapter 11 Cases with the belief that the Debtors were in need of reorganization, and the Plan was negotiated and proposed with the intention of accomplishing a successful reorganization that maximizes value of the Debtors' estates for the benefit of creditors and for no

(Page | 46)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

ulterior purpose. Accordingly, the requirements of section 1129(a)(3) of the Bankruptcy Code are satisfied.

## X.    Payment for Services or Costs and Expenses—Section 1129(a)(4).

70.    The procedures set forth in the Plan for this Court's review and ultimate determination of the fees and expenses to be paid by the Debtors in connection with these Chapter 11 Cases, or in connection with the Plan and incident to these Chapter 11 Cases, satisfy the objectives of, and are in compliance with, section 1129(a)(4) of the Bankruptcy Code.

## Y.    Directors, Officers, and Insiders—Section 1129(a)(5).

71.    The identities, or process for appointment, of the Reorganized Debtors' directors and officers proposed to serve after the Effective Date were disclosed (to the extent known) in the Plan Supplement. The appointment to, or continuance in, such office of such persons is consistent with the interests of the Holders of Claims and Interests and with public policy. Accordingly, the Debtors have satisfied the requirements of section 1129(a)(5) of the Bankruptcy Code.

## Z.    No Rate Changes—Section 1129(a)(6).

72.    Section 1129(a)(6) of the Bankruptcy Code is not applicable to these Chapter 11 Cases. The Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission.

## AA.    Best Interests of Creditors—Section 1129(a)(7).

73.    The liquidation analysis attached as <u>Exhibit F</u> to the Disclosure Statement and the other evidence related thereto in support of the Plan that was proffered at, prior to, or in connection with the Combined Hearing: (a) are reasonable, persuasive, credible, and accurate as of the dates

(Page | 47)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not been controverted by other persuasive evidence; and (d) establish that Holders of Allowed Claims and Interests in each Class will recover at least as much under the Plan on account of such Claim or Interest, as of the Effective Date, as such Holder would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date. As a result, the Debtors have demonstrated that the Plan is in the best interests of their creditors, and the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**BB.    Acceptance by Certain Classes—Section 1129(a)(8).**

74.    The Deemed Accepting Classes are the Unimpaired Classes, each of which is conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code. As evidenced by the Voting Report, each of the Voting Classes has voted to accept the Plan. Holders of Intercompany Claims in Class 10 and Holders of Intercompany Interests in Class 11 are Unimpaired and conclusively presumed to have accepted the Plan (to the extent Reinstated) or are Impaired and deemed to have rejected the Plan (to the extent cancelled and released), and, in either event, were not entitled to vote to accept or reject the Plan. Pursuant to the Plan, Holders of Claims in Class 6, Class 7, Class 8, and Class 13 and Holders of Interests in Class 12 shall receive no recovery under the Bankruptcy Code on account of their Claims and Interests and are deemed to have rejected the Plan. Although the Plan does not satisfy section 1129(a)(8) of the Bankruptcy Code with respect to the Deemed Rejecting Classes, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable with respect

(Page | 48)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

to such Classes as set forth in paragraph [81] herein, and thus satisfies section 1129(b) of the Bankruptcy Code.

## CC.    Treatment of Claims Entitled to Priority Under Section 507(a) of the Bankruptcy Code—Section 1129(a)(9).

75.    The treatment of Allowed Administrative Claims, DIP Administrative Claims, Professional Fee Claims, Priority Tax Claims, Stub Rent Claims, Post-Petition Rent Claims, and the Restructuring Expenses under <u>Article II</u> of the Plan, and Other Priority Claims under <u>Article III</u> of the Plan, satisfies the requirements of, and complies in all respects with, section 1129(a)(9) of the Bankruptcy Code.

## DD.    Acceptance By At Least One Impaired Class—Section 1129(a)(10).

76.    As evidenced by the Voting Report, at least one Voting Class, with all Voting Classes being Impaired, voted to accept the Plan by the requisite number and amount of Claims, determined without including any acceptance of the Plan by any insider (as that term is defined in section 101(31) of the Bankruptcy Code), as specified under the Bankruptcy Code.  Accordingly, the requirements of section 1129(a)(10) of the Bankruptcy Code are satisfied.

## EE.    Feasibility—Section 1129(a)(11).

77.    The financial projections attached as <u>Exhibit E</u> to the Disclosure Statement and the other evidence supporting Confirmation proffered or adduced by the Debtors at, prior to, or in the Declarations Filed in connection with, the Combined Hearing:  (a) are reasonable, persuasive, credible, and accurate as of the dates such analysis or evidence was prepared, presented, or proffered; (b) utilize reasonable and appropriate methodologies and assumptions; (c) have not

| | |
|---|---|
| (Page \| 49) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

been controverted by other persuasive evidence; (d) establish that the Plan is feasible and Confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtors or any successor to the Reorganized Debtors under the Plan, except as provided in the Plan; (e) establish that the Reorganized Debtors will have sufficient funds available to meet their obligations under the Plan, and (f) establishes that the Reorganized Debtors, as applicable, will have the financial wherewithal to pay any Claims that accrue, become payable, or are allowed by Final Order following the Effective Date. Accordingly, the Plan satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

**FF.    Payment of Fees—Section 1129(a)(12).**

78.    Article II.E of the Plan provides for the payment of all fees payable by the Debtors under 28 U.S.C. § 1930(a). Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

**GG.    Continuation of Employee and Retiree Benefits—Section 1129(a)(13).**

79.    Except as otherwise specified in the Plan, Article IV.N of the Plan provides that all Compensation and Benefits Programs shall be assumed by the Reorganized Debtors and the Reorganized Debtors shall be authorized to continue the Compensation and Benefits Programs and shall continue to honor the terms thereof. From and after the Effective Date, all retiree benefits (as such term is defined in section 1114 of the Bankruptcy Code), if any, shall continue to be paid in accordance with applicable Law. Accordingly, the Plan satisfies the requirements of section 1129(a)(13) of the Bankruptcy Code.

(Page | 50)

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## HH.    Non-Applicability of Certain Sections—Sections 1129(a)(14), (15), and (16).

80.    Sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code do not apply to these Chapter 11 Cases.  The Debtors owe no domestic support obligations, are not individuals, and are not nonprofit corporations.

## II.    Confirmation Notwithstanding Deemed Rejection by Certain Classes—Section 1129(b).

81.    Notwithstanding the fact that the Deemed Rejecting Classes have been deemed to reject, the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy Code. *First*, all of the requirements of section 1129(a) of the Bankruptcy Code other than section 1129(a)(8) of the Bankruptcy Code have been met.  *Second*, the Plan is fair and equitable with respect to the Deemed Rejecting Classes.  The Plan has been proposed in good faith, is reasonable, and meets the requirements that (a) no Holder of any Claim or Interest that is junior to each such Class will receive or retain any property under the Plan on account of such junior Claim or Interest and (b) no Holder of a Claim in a Class senior to such Class is receiving more than 100% on account of its Claim.  Accordingly, the Plan is fair and equitable to all Holders of Claims and Interests in the Deemed Rejecting Classes.  *Third*, the Plan does not discriminate unfairly with respect to the Deemed Rejecting Classes because similarly situated creditors in such Classes that have not accepted the Plan will receive substantially similar treatment on account of their Claim or Interest irrespective of Class.  *Finally*, Holders of Claims in Classes 3A, 3B, 4A, 4B, and 5 voted to accept the Plan in sufficient number and in sufficient amount to constitute accepting classes under the Bankruptcy Code.  As a result, the Plan satisfies the requirements of

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

section 1129(b) of the Bankruptcy Code and can be confirmed even though section 1129(a)(8) of the Bankruptcy Code is not satisfied.   After entry of this Confirmation Order and upon the occurrence of the Effective Date, the Plan shall be binding upon the members of the Deemed Rejecting Classes.

**JJ.   Only One Plan—Section 1129(c).**

82.   The Plan (including previous versions thereof) is the only chapter 11 plan Filed in each of these Chapter 11 Cases and, accordingly, satisfies section 1129(c) of the Bankruptcy Code.

**KK.   Principal Purpose of the Plan—Section 1129(d).**

83.   No Governmental Unit has requested that the Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.   As evidenced by its terms, the principal purpose of the Plan is not such avoidance.   Accordingly, the requirements of section 1129(d) of the Bankruptcy Code have been satisfied.

**LL.   Not Small Business Cases—Section 1129(e).**

84.   These Chapter 11 Cases are not small business cases, and accordingly, section 1129(e) of the Bankruptcy Code does not apply to these Chapter 11 Cases.

**MM.   Good Faith Solicitation—Section 1125(e).**

85.   The Debtors, along with the Consenting Stakeholders, and with respect to each of the foregoing parties, each of such party's current and former predecessors, successors, Affiliates (regardless of whether such interests are held directly or indirectly), and any and all Affiliates, agents, representatives, directors, officers, members, managers, principals, shareholders, partners,

| | |
|---|---|
| (Page \| 52) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

employees, attorneys, and advisors of each of the foregoing, as applicable, have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules in connection with all of their respective activities relating to support of the Plan and Consummation, including, among other things, the execution, delivery, and performance of and under the Restructuring Support Agreement, the Amended and Restated Restructuring Support Agreement, the DIP Documents, the Exit LC Facility Documents, and the UCC Settlement Trust Documents, the issuance of the New Interests, the extension of financing under the DIP Documents, DIP Facilities, and Exit LC Facility Documents, and solicitation and tabulation of votes on the Plan, as applicable, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code, the exculpation provisions set forth in Article VIII.E of the Plan, and all other protections and rights provided in the Plan.

**NN.    Satisfaction of Confirmation Requirements.**

86.    Based on the foregoing and all other pleadings and evidence proffered or adduced at or prior to the Combined Hearing, the Plan and the Debtors, as applicable, satisfy the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code.

**OO.    Likelihood of Satisfaction of Conditions Precedent to the Effective Date.**

87.    Each of the conditions precedent to the Effective Date, as set forth in Article IX.A of the Plan, has been or is reasonably likely to be satisfied or waived in accordance with Article IX.B of the Plan.

(Page | 53)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## PP.    Implementation.

88.    All documents and agreements necessary to implement the Plan and the transactions contemplated thereby, including, without limitation, those contained in the Plan Supplement, and all other relevant and necessary or desirable documents (including, but not limited to, the Amended and Restated Restructuring Support Agreement, the DIP Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, the UCC Settlement Trust Documents, and the New Corporate Governance Documents) have been negotiated in good faith and at arm's-length and shall, upon completion of documentation and execution, be valid, binding, and enforceable documents and agreements, not avoidable, and not in conflict with any federal, state, or foreign Law.  The documents and agreements are essential elements of the Plan, and entry into and consummation of the transactions contemplated by each such document or agreement are in the best interests of the Debtors, the Estates, and the Holders of Claims and Interests.  The Debtors have exercised reasonable business judgment in determining which documents and agreements to enter into and have provided sufficient and adequate notice of such documents and agreements.  The Debtors are authorized to take any action reasonably necessary or appropriate to consummate such agreements and the transactions contemplated thereby.

## QQ.    Disclosure of Facts.

89.    The Debtors have disclosed all material facts regarding the Plan, including with respect to (a) the Restructuring Support Agreement, (b) the Amended and Restated Restructuring Support Agreement; (c) the DIP Facilities; (d) the DIP Documents; (e) the Exit LC Facility; (f) the Exit LC Facility Documents;  (g) UCC Settlement Trust Documents; (h) the New Corporate

(Page | 54)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Governance Documents; (i) the method and manner of distributions under the Plan; (j) the adoption, execution, and implementation of the other matters provided for under the Plan, including those involving corporate action to be taken by or required of the Debtors or the Reorganized Debtors, as applicable; (k) the exemptions under sections 1145 and 1146(a) of the Bankruptcy Code; (*l*) the Retained Causes of Action; and (m) the adoption, execution, and delivery of all contracts, leases, instruments, securities, releases, indentures, and other agreements related to any of the foregoing prior to the Combined Hearing, and the fact that each applicable Debtor will emerge from its Chapter 11 Case as a validly existing corporation, limited liability company, partnership, or other form, as applicable, with separate assets, liabilities, and obligations, as set forth in the Plan.

## RR.    Good Faith.

90.    The Debtors and their respective directors, officers, management, counsel, advisors, and other agents have proposed the Plan in good faith, with the legitimate and honest purpose of maximizing the value of the Estates for the benefit of their stakeholders.  The Plan accomplishes this goal.  Accordingly, the Debtors or the Reorganized Debtors, as applicable, and their respective officers, directors, advisors, and the Released Parties, have been, are, and will continue to act in good faith if they proceed to:  (a) consummate the Plan, the DIP New Money Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, the UCC Settlement Trust Documents, the Restructuring Transactions, and all agreements, settlements, transactions, transfers, and other actions contemplated thereby, regardless of whether such agreements, settlements, transactions, transfers, and other actions are expressly authorized by this

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Confirmation Order; and (b) take any actions authorized and directed or contemplated by this Confirmation Order and the Plan to reorganize the Debtors' businesses and effectuate the New Corporate Governance Documents and the Restructuring Transactions.

**SS.     Essential Element of the Plan.**

91.     The DIP Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, the New Corporate Governance Documents, the UCC Settlement Trust Documents, and all other documents and transactions contemplated by the Plan are essential elements of the Plan, are necessary for Confirmation and Consummation, and are critical to the overall success and feasibility of the Plan.  The execution, performance, and incurrence of all obligations by the Reorganized Debtors, and/or any successors, assigns, or transferees of the applicable Debtors or the Reorganized Debtors, including in connection with the Restructuring Transactions and the creation and perfection of Liens in connection therewith, are necessary and appropriate for Confirmation and the operations of the Reorganized Debtors.  The Debtors have exercised sound business judgment in deciding to pursue, enter into, and consummate, as applicable, the DIP Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, the New Corporate Governance Documents, the UCC Settlement Trust Documents, and all other documents and transactions contemplated by the Plan and have provided sufficient and adequate notice of the material terms thereof to all parties in interest in these Chapter 11 Cases.  The execution, delivery, or performance by the Debtors or the Reorganized Debtors, as applicable, of any of the DIP Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, the New Corporate Governance Documents, the UCC Settlement Trust Documents, and any other

(Page | 56)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

document and transaction contemplated by the Plan and any agreements related thereto and compliance by the Debtors or the Reorganized Debtors, as applicable, with the terms thereof is authorized by, and will not conflict with, the terms of the Plan or this Confirmation Order.

**TT.  Valuation.**

92.  The evidence with respect to the valuation analysis of the Debtors set forth in Exhibit D of the Disclosure Statement and introduced at the Combined Hearing and in the Declarations, provides the basis for, and supports, the distributions and recoveries to Holders of Claims and Interests under the Plan, is reasonable, persuasive, and credible, and uses reasonable and appropriate methodologies and assumptions.  Given such enterprise value of the Debtors, pursuant to the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, the Plan's treatment of Claims and Interests is appropriate and reasonable as set forth herein.

**UU.  Vesting of Assets.**

93.  Except as otherwise provided in the Plan, this Confirmation Order, or any other agreement, instrument, or other document incorporated therein or entered into in connection with or pursuant to the Plan or the Plan Supplement, on the Effective Date, all property of the Estates (other than the UCC Settlement Consideration) shall vest in the Reorganized Debtors.  Such assets shall be held free and clear of all liens, claims, charges, or other encumbrances unless expressly provided otherwise by the Plan or this Confirmation Order.  Any distributions to be made under the Plan from such assets shall be made (as applicable) by the Debtors, the Reorganized Debtors, the UCC Settlement Trustee or their designees.  The Reorganized Debtors and the UCC Settlement Trustee shall be deemed to be fully bound by the terms of the Plan and this Confirmation Order.

(Page | 57)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

On and after the Effective Date, except as otherwise provided in the Plan, each Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

## VV.    Treatment of Executory Contracts and Unexpired Leases.

94.    Pursuant to sections 365 and 1123(b)(2) of the Bankruptcy Code, the Plan provides for the assumption, assumption and assignment, assignment, or rejection of certain Executory Contracts and Unexpired Leases, effective as of the Effective Date except as otherwise provided therein or in a prior or pending notice, motion, and/or order.  The Debtors' determinations regarding the assumption, assumption and assignment, assignment, or rejection of Executory Contracts and Unexpired Leases are based on and within the sound business judgment of the Debtors, are necessary to the implementation of the Plan, and are in the best interests of the Debtors, their Estates, Holders of Claims and Interests, and other parties in interest in these Chapter 11 Cases.

## WW.    Approval and Authorization to Enter Into the DIP New Money Exit Facility and the DIP New Money Exit Facility Documents.

95.    The DIP New Money Order, the DIP New Money Exit Facility, and the DIP New Money Exit Facility Documents are an essential element of the Plan, are necessary for consummation of the Plan, and are critical to the overall success and feasibility of the Plan.  Entry into the DIP New Money Exit Facility and the DIP New Money Exit Facility Documents is in the best interests of the Debtors, their Estates, and Holders of Claims and Interests.  The Debtors have

(Page | 58)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

exercised reasonable business judgment in determining to enter into the DIP New Money Exit Facility Documents and have provided sufficient and adequate notice of the material terms of the DIP New Money Exit Facility, which material terms were filed as part of the Plan and other pleadings.  The terms and conditions of the DIP New Money Exit Facility are fair and reasonable and were negotiated in good faith and at arm's length, and any credit extended and loans made pursuant to the DIP New Money Exit Facility shall be deemed to have been extended, assumed and assigned, issued, or made in good faith.  All premiums and fees due and payable under or in connection with the DIP New Money Exit Facility are hereby approved and the Debtors or the Reorganized Debtors, as applicable, are authorized and directed to pay such fees in accordance with the DIP New Money Exit Facility Documents.  The Debtors are authorized without further approval of the Bankruptcy Court or any other party to execute and deliver the DIP New Money Exit Facility Documents and execute, deliver, file, record, and issue all agreements, guarantees, instruments, mortgages, control agreements, certificates, and other documents related or incidental thereto and to perform their obligations thereunder and all transactions contemplated thereby, including the payment or reimbursement of any fees, expenses, losses, damages, or indemnities and the creation or perfection of all liens in connection therewith, in each case, without further notice to the Bankruptcy Court or further act or action under applicable law, regulation, order, or rule or the vote, consent, authorization, or approval of any Entity.

(Page | 59)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## XX.    Issuance of New Interests.

96.    The issuance of the New Interests, and any other Securities derivative thereto, is an essential element of the Plan and is in the best interests of the Debtors, their Estates, and Holders of Claims and interests.

## YY.    Objections.

97.    All objections, responses, reservations, statements, and comments in opposition to the Plan and final approval of the Disclosure Statement, except with respect to unresolved Cure disputes and objections to the assumption or rejection of any Executory Contracts or Unexpired Leases, that are not resolved, adjourned, or withdrawn with prejudice prior to, or on the record at, the Combined Hearing, are overruled on the merits in all respects.  All withdrawn objections, if any, are deemed withdrawn with prejudice.  All objections to Confirmation and to final approval of the Disclosure Statement not filed and served prior to the applicable deadlines, if any, are deemed waived and shall not be considered by the Court.

98.    All parties have had a full and fair opportunity to litigate all issues raised or might have been raised in the objections to Confirmation of the Plan and final approval of the Disclosure Statement, and the objections have been fully and fairly litigated or resolved, including by agreed-upon reservations of rights as set forth in this Confirmation Order.

(Page | 60)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

## ORDER

IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

1.      **Disclosure Statement.**  The Disclosure Statement, the Solicitation Packages, and the Solicitation and Voting Procedures are **APPROVED** on a final basis pursuant to section 1125 of the Bankruptcy Code.

2.      **Confirmation of the Plan.**  The Plan is approved in its entirety and **CONFIRMED** pursuant to section 1129 of the Bankruptcy Code.

3.      The terms of the Plan, the Plan Supplement, all exhibits thereto, and this Confirmation Order shall be effective and binding as of the Effective Date on all parties in interest, including, without limitation:  (a) the Debtors; (b) the Creditors' Committee; and (c) all Holders of Claims or Interests.

4.      This Confirmation Order approves the Plan Supplement, including the documents contained therein, as they may be amended through and including the Effective Date in accordance with and as permitted by the Plan.  The terms of the Plan, including the Plan Supplement, and the exhibits thereto are incorporated herein by reference and are an integral part of this Confirmation Order; *provided* that, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control solely to the extent of such conflict.

5.      **9019 Settlement.**  The 9019 Order is incorporated herein and all transactions implemented in connection therewith are hereby approved in their entirety.

(Page | 61)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

6.    **Objections Overruled.**    To the extent that any objections (including any reservations of rights, joinders, or statements contained therein) to final approval of the Disclosure Statement and/or Confirmation have not been withdrawn, waived, or settled before entry of this Confirmation Order, are not cured by the relief granted in this Confirmation Order or have not been otherwise resolved as stated on the record of the Combined Hearing, all such objections (including any reservation of rights, joinders, or statements contained therein), except with respect to unresolved Cure disputes and objections to the assumption or rejection of Executory Contracts and Unexpired Leases, are hereby overruled in their entirety and on the merits.[5]

7.    All objections to Confirmation or final approval of the Disclosure Statement not Filed and served prior to the Combined Objection Deadline set forth in the Combined Hearing Notice (as may have been extended by the Debtors), if any, are deemed waived and shall not be considered by the Court.

8.    **Findings of Fact and Conclusions of Law.**  The findings of fact and conclusions of Law set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of Law under rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  All findings of fact and conclusions of Law announced by the Court at the Combined Hearing in relation to Confirmation, including any

---

[5]    Notwithstanding anything in this Confirmation Order or the Plan to the contrary, counterparties to Unexpired Leases identified as assumed in *Exhibit B-2 (Draft Schedule of Assumed Executory Contracts and Unexpired Leases)* in the Plan Supplement [Docket No. 1954] (the "Assumption Supplement Schedule") shall have until fourteen days after the later of (i) service of the Assumption Supplement Schedule and (ii) service of any notice of amendment to the treatment of such Unexpired Lease in the Assumption Supplement Schedule (including any adjustment to the proposed cure amount) to file an objection to the assumption of such Unexpired Lease or proposed cure amount.

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

rulings made on the record at the Combined Hearing, are hereby incorporated in this Confirmation Order. To the extent any of the following conclusions of Law constitute findings of fact, or vice versa, they are adopted as such.

9.    **Deemed Acceptance of Plan.** In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Interests who voted to accept the Plan or who are conclusively presumed to accept the Plan are deemed to have accepted the Plan. No Holder of a Claim shall be permitted to change its vote as a consequence of the Plan or the Plan Supplement modifications.

10.    **No Action Required.** Under section 1142(b) of the Bankruptcy Code and any other comparable provisions under applicable Law (including section 303 of the Delaware Corporate Code, 8 Del. C. 1953, § 303), (a) no action of the respective directors, managers, members, stockholders, or other equity holders of any of the Debtors is required to authorize any of the Debtors to enter into, execute, deliver, File, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan, the Restructuring Transactions, this Confirmation Order, and any contract, assignment, certificate, instrument, or other document to be executed, delivered, adopted, or amended in connection with the implementation of the Plan, including each Definitive Document, and the appointment and election of the New Board and the officers, directors, and/or managers of each of the Reorganized Debtors, and (b) to the extent the Debtors determine any Person or Entity is a necessary party to execute and deliver or join in the execution or delivery of any instrument required to effect a transfer of property dealt with by the Plan, or perform any other act in furtherance of the transactions contemplated by the Plan and this Confirmation Order, and

| Debtors: | WeWork Inc., *et al*. |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

in furtherance of consummation of the Plan, and such Person or Entity is so informed by the Debtors, then such Person or Entity is directed to take such steps as necessary to comply with the foregoing and section 1142(b) of the Bankruptcy Code.

11.     Subject to the terms of the Amended and Restated Restructuring Support Agreement and Article IV of the Plan, the Debtors, the Reorganized Debtors, and the UCC Settlement Trustee, as applicable, are also authorized from and after the date of entry of this Confirmation Order to negotiate, execute, issue, deliver, implement, File, or record any contract, instrument, release, or other agreement or document or take any action necessary or appropriate to implement the transactions contemplated by the Plan.

12.     **Plan Modifications.**  In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are presumed to accept the Plan, subject to modifications, if any.  All modifications to the Plan or Plan Supplement made after the Voting Deadline are hereby approved pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

13.     **Binding Effect.**  Subject to Article IX.A of the Plan and paragraph [43] hereof, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, on the date of and after entry of this Confirmation Order (but subject to any applicable provisions of the Bankruptcy Rules and the occurrence of the Effective Date), the terms of the Plan and the Restructuring Transactions (and any documents related or ancillary thereto, including any Liens, Claims[6], and security

---

[6]     For the avoidance of doubt, while Adequate Protection Obligations and Adequate Protection Claims (each as defined in the Cash Collateral Orders) will be deemed waived and cancelled as of the Effective Date, the SoftBank

| | |
|---|---|
| (Page \| 64) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

interests and, for the avoidance of doubt, the documents and instruments contained in the Plan Supplement) shall be immediately effective and enforceable and not subject to avoidance or other challenge, legal or otherwise, and deemed binding upon the Debtors, the Reorganized Debtors, the Creditors' Committee, any and all Holders of Claims or Interests (irrespective of whether Holders of such Claims or Interests have, or are deemed to have, accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or this Confirmation Order, each Entity acquiring property under the Plan and this Confirmation Order, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.  All Claims against and Interests in the Debtors shall be as fixed, adjusted, or compromised, as applicable, pursuant to the Plan regardless of whether any Holder of a Claim or Interest has voted on the Plan.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, upon the Effective Date, the provisions of this Confirmation Order and the Plan shall apply and be binding and enforceable notwithstanding any otherwise applicable non-bankruptcy Law.

14.    **Corporate Existence.**    Except as otherwise provided in the Plan, the Plan Supplement, or any agreement, instrument, or other document incorporated therein, each Debtor shall continue to exist after the Effective Date as a separate corporation, limited liability company, partnership, or other form, as the case may be, with all the powers of a corporation, limited liability company, partnership, or other form, as the case may be, pursuant to the applicable Law in the

---

Parties shall receive the Adequate Protection Supplemental Distribution on account of its waiver of such Adequate Protection Obligations and Adequate Protection Claims (other than First Lien Adequate Protection Fees and Expenses).

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

jurisdiction in which each applicable Debtor is incorporated or formed and pursuant to the respective certificate of incorporation and bylaws (or other formation documents) in effect prior to the Effective Date, except to the extent such certificate of incorporation and bylaws (or other formation documents) are amended under the Plan or otherwise, in each case, consistent with the Plan, and to the extent such documents are amended in accordance therewith, such documents are deemed to be amended pursuant to the Plan and require no further action or approval (other than any requisite Filings, approvals, or consents required under applicable state, provincial, or federal Law).

15.     **Incorporation by Reference.**   The terms and provisions of the Plan, the Plan Supplement, and each of the foregoing schedules and exhibits are incorporated by reference herein asset forth therein and are an integral part of this Confirmation Order.  The terms of the Plan, the Plan Supplement, all exhibits thereto, this Confirmation Order, the Definitive Documents, and all other relevant and necessary documents shall, on and after the Effective Date, be binding in all respects upon, and shall inure to the benefit of, the Debtors, the Reorganized Debtors, their Estates and their creditors and equity holders, and their respective successors and assigns, non-Debtor affiliates, any affected third parties, all Holders of Interests, all Holders of any Claims, whether known or unknown, including, but not limited to, all contract counterparties, leaseholders, Governmental Units, and any trustees, examiners, administrators, responsible officers, estate representatives, or similar Entities for the Debtors, if any, subsequently appointed in any of these Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of any of these Chapter 11 Cases, and each of their respective affiliates, successors, and assigns.

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

16.    **Vesting of Assets in the Reorganized Debtors.**  Except as otherwise provided in the Plan (including, for the avoidance of doubt, the Plan Supplement and the Restructuring Transactions Exhibit and the vesting of the UCC Settlement Trust Proceeds in the UCC Settlement Trust), or any agreement, instrument, or other document incorporated in, or entered into in connection with or pursuant to, the Plan or the Plan Supplement, on the Effective Date, all property in each Estate, all Causes of Action of the Debtors that are not released, waived, or extinguished pursuant to the Plan, and any property acquired by any of the Debtors under the Plan shall vest in each respective Reorganized Debtor, and/or any successors, assigns, or transferees of the applicable Debtors or the Reorganized Debtors, including in connection with the Restructuring Transactions, free and clear of all Liens, Claims, Causes of Action, charges, or other encumbrances.  On and after the Effective Date, except as otherwise provided in the Plan, this Confirmation Order, or any agreement, instrument, or other document incorporated herein, each Reorganized Debtor may operate its business and may use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

17.    **Effectiveness of All Actions.**  All actions contemplated by the Plan, including all actions in connection with the DIP Documents, the DIP Facilities, the Exit LC Facility, the Exit LC Facility Documents, the New Corporate Governance Documents, the UCC Settlement Trust Documents, the Restructuring Transactions Exhibit, and any other Definitive Document are hereby effective and authorized to be taken on, prior to, or after the Effective Date, as applicable, under this Confirmation Order, without further application to or order of this Court, or further action by

| (Page \| 67) | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

the respective officers, directors, managers, members, or equity holders of the Debtors or the

Reorganized Debtors and with the effect that such actions had been deemed taken by unanimous

action, consent, approval, and vote of such officers, directors, managers, members, or equity

holders.

18.     **Compromise of Controversies.**   In consideration for the classification,

distributions, and other benefits, including releases, provided under the Plan, the provisions of the

Plan hereby constitute a good faith compromise and settlement of all Claims, Interests, and

controversies resolved under the Plan, including resolution of intercompany liabilities, allocation

of value among the Debtors, and treatment of Holders of Claims against each of the Debtors, and

the entry of this Confirmation Order constitutes approval of the compromise or settlement of all

such Claims, Interests, and controversies, as well as a finding by the Court that such compromise

and settlement is in the best interests of the Debtors and their Estates under Bankruptcy Rule 9019.

19.     **Release, Exculpation, Discharge, and Injunction Provisions.**   The release,

exculpations, discharge, injunction, and related other provisions in Article VIII of the Plan,

including, for the avoidance of doubt, Articles VIII.B, VIII.C, VIII.D, VIII.E, VIII.F, are

incorporated herein in their entirety, are approved and authorized in their entirety, and such

provisions are immediately effective and binding on the Effective Date on all parties and Entities

to the extent provided therein.

20.     **Preservation of Causes of Action.**   Except as otherwise provided in the Plan, this

Confirmation Order, or in any contract, instrument, release, or other agreement entered into or

delivered in connection with the Plan, in accordance with section 1123(b)(3) of the Bankruptcy

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Code, each Reorganized Debtor shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action of the Debtors, whether arising before or after the Petition Date, including any actions specifically enumerated in the Schedule of Retained Causes of Action, and the Reorganized Debtors' rights to commence, prosecute, or settle such Retained Causes of Action, which shall be preserved notwithstanding the occurrence of the Effective Date or any other provision of the Plan to the contrary, other than any Causes of Action released by the Debtors pursuant to the releases and exculpations contained in the Plan, including in <u>Article VIII</u> thereof, which shall be deemed released and waived by the Debtors and the Reorganized Debtors as of the Effective Date.

21.    The Reorganized Debtors may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Reorganized Debtors. <u>Article IV.O</u> of the Plan further provides that: "No Entity may rely on the absence of a specific reference in th[e] Plan, the Plan Supplement, or the Disclosure Statement to any Cause of Action against it as any indication that the Debtors or the Reorganized Debtors will not pursue any and all available Retained Causes of Action of the Debtors against it. The Debtors and the Reorganized Debtors (as applicable) expressly reserve all rights to prosecute any and all Retained Causes of Action against any Entity (except as set forth in <u>Article VIII.C</u>)." Unless any Causes of Action against an Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or a Final Order, the Reorganized Debtors expressly reserve all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of *res judicata*, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

such Causes of Action upon, after, or as a consequence of the Confirmation or Consummation. The Reorganized Debtors reserve and shall retain such Causes of Action notwithstanding the rejection or repudiation of any Executory Contract or Unexpired Lease during the Chapter 11 Cases or pursuant to the Plan.

22.     The provisions regarding the preservation of Causes of Action in <u>Article IV.O</u> of the Plan are approved in their entirety, are appropriate, fair, equitable, and reasonable, and are in the best interests of the Debtors and their Estates.

23.     **Executory Contracts and Unexpired Leases.**  The provisions governing the treatment of Executory Contracts and Unexpired Leases set forth in <u>Article V</u> of the Plan (including the procedures regarding the resolution of any and all disputes concerning the assumption, assumption and assignment, Cure, or rejection, as applicable, of such Executory Contracts and Unexpired Leases) shall be, and hereby are, approved in their entirety.  For the avoidance of doubt, and subject to paragraph [43] hereof, on the Effective Date, except as otherwise provided in the Plan or this Confirmation Order, all Executory Contracts or Unexpired Leases (including those set forth in the Schedule of Assumed and Rejected Executory Contracts and Unexpired Leases) shall be deemed assumed by the applicable Reorganized Debtor in accordance with the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, other than those that:  (1) are Unexpired Leases of non-residential property that (a) have not been previously assumed by the Debtors pursuant to a Final Order or (b) are not expressly set forth on the Schedule of Assumed Executory Contracts and Unexpired Leases and assumed by the deadline set forth in section 365(d)(4) or any applicable Extension Order; (2) are identified on the

| (Page | 70) | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Schedule of Rejected Executory Contracts and Unexpired Leases; (3) have previously expired or terminated pursuant to their own terms or agreement of the parties thereto, forfeiture or by operation of law; (4) have been previously rejected by the Debtors pursuant to a Final Order; (5) any obligations of WeWork Inc. arising under contracts or leases that are not assumed; or (6) are, as of the Effective Date, the subject of (a) a motion to reject that is pending or (b) an order of the Court that is not yet a Final Order.  For the avoidance of doubt, the Unexpired Leases and Executory Contracts described in subsection (1) of this paragraph shall be deemed rejected pursuant to section 365 of the Bankruptcy Code.

24.     Guaranty obligations that (i) arise under any Unexpired Lease that is assumed pursuant to an order of the Bankruptcy Court, including this Confirmation Order, (ii) are listed in the Plan Supplement on the schedule of Go-Forward Guaranty Claims, or (iii) are identified via written notice provided by the Debtors (or the Reorganized Debtors) to such creditor at any time on or after the Effective Date shall be Reinstated effective as of the Effective Date.

25.     The Debtors will not be considered a holdover tenant or otherwise be required to pay rent at a holdover or penalty rate solely on account of any member's failure to vacate either (i) premises previously occupied pursuant to an Unexpired Lease that is rejected pursuant to an order of the Bankruptcy Court or (ii) sections of premises that are vacated pursuant to an amendment to an Unexpired Lease that is amended and assumed pursuant to an order of the Bankruptcy Court; provided, in both (i) and (ii), that the Debtors notify such members of the Debtors' exit of the relevant space and instruct such members to vacate the same.

(Page | 71)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

26.     For the avoidance of doubt, the "Sell-Out Right" arising under and as defined in that certain Shareholders' Agreement by and among LATAM CO B.V., WeWork Companies (International) B.V., and SLA WW Holdco LLC, dated as of September 1, 2021 (as amended, modified, or supplemented from time to time), and any Claims or Causes of Action related thereto, are cancelled, released, discharged, and extinguished pursuant to the Plan (including Article III and Article VIII of the Plan).

27.     Unless a party to an Executory Contract or Unexpired Lease has objected to the Cure amounts or any assumption or assumption and assignment of such Executory Contract or Unexpired Lease identified in the Plan Supplement and any amendments thereto, as applicable, the Debtors or the Reorganized Debtors, as applicable, shall satisfy all Cure Obligations in accordance with the terms of the Plan and the assumption or assumption and assignment of any Executory Contract or Unexpired Lease, pursuant to the Plan or otherwise, shall result in the full release and satisfaction of any Cure Obligations, Claims or defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption, upon the satisfaction of all applicable Cure Obligations.  Any disputed Cure amounts shall be determined in accordance with the procedures set forth in Article V.D of the Plan, and applicable bankruptcy and non-bankruptcy Law.  For the avoidance of doubt, any Executory Contract or Unexpired Lease assumed or assumed and assigned pursuant to the Plan or otherwise may not be terminated on account of such assumption or assumption and assignment or on account of the Plan or the

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

consummation thereof, the transactions contemplated therein, or any change of control or ownership interest composition that may occur at any time before or on the Effective Date. The consummation of the Plan and implementation of the Restructuring Transactions are not intended to, and shall not, constitute a "change of control," "change in control," or other similar event under any lease, contract, or agreement to which the Debtor or Reorganized Debtor, as applicable, is a party. To the maximum extent permitted by law (a) to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the assumption of such Executory Contract or Unexpired Lease (including any "change of control" provision), then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to terminate such Executory Contract or Unexpired Lease or to exercise any other rights with respect thereto, and (b) to the extent any provision in any Executory Contract or Unexpired Lease assumed pursuant to the Plan includes a "change of control," "change in control," or other similar provision, then such provision shall be deemed modified such that the transactions contemplated by the Plan shall not entitle the non-Debtor party thereto to exercise any other rights with respect thereto. Each Executory Contract or Unexpired Lease assumed pursuant to the Plan or by Court order but not assigned to a third party before the Effective Date shall revest in and be fully enforceable by the applicable Reorganized Debtors in accordance with its terms, including in accordance with any amendments executed by the Debtors and the counterparties to the applicable Executory Contract or Unexpired Lease during these Chapter 11 Cases and effective upon assumption by the Debtors; *provided* that, prior to the Effective Date and in connection with

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

such assumption, any such terms that are rendered unenforceable by the provisions of the Plan or the Bankruptcy Code shall remain unenforceable solely in connection therewith. Notwithstanding anything herein to the contrary, upon assumption of an Unexpired Lease, the Debtors or the Reorganized Debtors, as applicable, shall be obligated to pay or perform, unless waived or otherwise modified by any amendment to such Unexpired Lease mutually agreed to by the applicable landlord and Debtor(s), any accrued, but unbilled and not yet due to be paid or performed, obligations as of the applicable deadline to File objections or disputes to the Cure Obligations for such Unexpired Lease under such assumed Unexpired Lease, including, but not limited to, common area maintenance charges, taxes, year-end adjustments, indemnity obligations, and repair and maintenance obligations, under the Unexpired Lease, regardless of whether such obligations arose before or after the Effective Date, when such obligations become due in the ordinary course; *provided*, *further*, that all rights of the parties to any such assumed Unexpired Lease to dispute amounts asserted thereunder are fully preserved; *provided*, *further*, that nothing herein shall relieve the Debtors or the Reorganized Debtors, as applicable, from any amounts that come due between (a) the applicable deadline to File objections or disputes to the Cure Obligation for such Unexpired Lease and (b) the effective date of assumption for such Unexpired Lease.

28.    The Debtors' determinations regarding the assumption, assumption and assignment, or rejection of Executory Contracts and Unexpired Leases are based on and within the sound business judgment of the Debtors, are necessary to the implementation of the Plan, and are in the best interests of the Debtors, their Estates, and other parties in interest in these Chapter 11 Cases. This Confirmation Order shall constitute a Final Order, subject to paragraph [43] hereof,

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

approving the assumptions, assumptions and assignments, or rejections of the Executory Contracts and Unexpired Leases (in each case, including with agreed modifications as applicable) as set forth in the Plan, the Schedule of Rejected Executory Contracts and Unexpired Leases or the Schedule of Assumed Executory Contracts and Unexpired Leases, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

29.     Notwithstanding Bankruptcy Rule 3020(e) or 6004, upon the entry of this Confirmation Order, the Debtors are immediately authorized, subject to paragraph [43] hereof, to assume any Executory Contract or Unexpired Lease, and pay any related Cure Claims, pursuant to the Plan, including the Plan Supplement.

30.     The Master Services Agreement, MSA-870109, and related amendments, schedules, exhibits, appendices and documents (the "Aetna MSA"), under which Aetna Life Insurance Company ("Aetna") provides claims administration and related services with respect to the Debtors' self-funded employee benefits plan (the "Benefits Plan"), is hereby assumed. Notwithstanding any other provision of the Plan or this Confirmation Order or any other order entered in these Bankruptcy Cases, the Debtors or the Reorganized Debtors, as applicable, shall pay to Aetna in the ordinary course of business all amounts that become due to Aetna under the Aetna MSA or otherwise, including, without limitation, all service fees, premiums, and all Benefits Plan obligations paid by Aetna for which Aetna has not otherwise been reimbursed, without regard to the dates of service for such benefits.

31.     **Plan Supplement**.  The Debtors reserve the right to alter, amend, modify, or supplement any document in the Plan Supplement in accordance with the Plan at any time before

| | |
|---|---|
| (Page \| 75) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

the Effective Date or any such other date as may be provided for by the Plan or by order of this

Court.  To the extent any document intended to be in the Plan Supplement is not attached to the

Plan Supplement as of the entry of this Confirmation Order, the Debtors are authorized to enter

into such document to the extent it is consistent with this Confirmation Order and the Plan.

32.    **Restructuring Transactions**.  The Debtors or the Reorganized Debtors, as

applicable, are hereby authorized, immediately upon entry of this Confirmation Order (but subject

to the occurrence of the Effective Date), to enter into and take all steps desirable or necessary to

effectuate the Restructuring Transactions, including the entry into and consummation of the

transactions contemplated by the Amended and Restated Restructuring Support Agreement, the

DIP Documents, the DIP Facilities, the Exit LC Facility, the Exit LC Facility Documents, the Plan,

the Plan Supplement, or the New Corporate Governance Documents, as the same may be modified

from time to time prior to the Effective Date (including, without limitation, any restructuring

transaction steps set forth in the Restructuring Transactions Exhibit or other exhibits to or referred

to in the Plan Supplement), and may take any actions as may be necessary or appropriate to

effectuate a corporate restructuring of their respective businesses or a corporate restructuring of

the overall corporate structure of the Reorganized Debtors, as and to the extent provided in the

Plan, which actions may include, as applicable:  (a) the execution and delivery of appropriate

agreements or other documents of merger, amalgamation, consolidation, restructuring, conversion,

disposition, transfer, arrangement, continuance, dissolution, sale, purchase, or liquidation

containing terms that are consistent with the terms of the Plan and the Plan Supplement, and that

satisfy the requirements of applicable Law and any other terms to which the applicable Entities

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

may agree; (b) the execution and delivery of appropriate instruments of transfer, assignment, assumption, or delegation of any asset, property, right, liability, debt, or obligation on terms consistent with the terms of the Plan and the Plan Supplement and having other terms for which the applicable Entities may agree; (c) the execution, delivery, and Filing, if applicable, of appropriate certificates or articles of incorporation, formation, reincorporation, merger, consolidation, conversion, amalgamation, arrangement, continuance, or dissolution pursuant to applicable state or provincial Law, including any applicable New Corporate Governance Documents; (d) such other transactions and/or Bankruptcy Court filings that are required to effectuate the Restructuring Transactions, including any sales, mergers, consolidations, restructurings, conversions, dispositions, transfers, formations, organizations, dissolutions, or liquidations or those conducted pursuant to the Restructuring Transactions Exhibit (including, for the avoidance of doubt, if so provided in the Restructuring Transactions Exhibit, all transactions necessary to provide for the sale/purchase of all or substantially all of the assets or Interests of any of the Debtors, which purchase may be structured as a taxable transaction for U.S. federal income tax purposes); (e) the execution, delivery, and Filing of the DIP New Money Documents; (f) the execution, delivery, and Filing of the Exit LC Facility Documents; (g) the execution and delivery of the UCC Settlement Trust Documents and all other steps that are necessary or appropriate to establish the UCC Settlement Trust; and (h) all other actions that the applicable Entities determine to be necessary or appropriate, including making filings or recordings that may be required by applicable Law in connection with the Plan. Any transfers of assets, Claims, or equity interests effected or any obligations incurred through the Restructuring Transactions (including the deemed

| | |
|---|---|
| (Page | 77) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

contributions of Claims or the transfers of assets of and/or Claims and Liens against a Debtor or a Reorganized Debtor or its property contemplated in the Restructuring Transactions Exhibit) are hereby approved and shall be deemed not to constitute a fraudulent conveyance, fraudulent transfer, or undervalue transaction or any similar avoidable or voidable transaction and shall not otherwise be subject to avoidance, recharacterization, or subordination for any purposes whatsoever and shall not constitute an unfair preference or a preferential transfer, fraudulent conveyance, or any similar avoidable or voidable transaction under the Bankruptcy Code or any applicable Law, whether federal, state, or foreign Law.  Except as otherwise provided in the Plan, including in the Restructuring Transactions Exhibit, each Reorganized Debtor, as applicable, shall continue to exist after the Effective Date as a separate corporate Entity, limited liability company, partnership, or other form, as the case may be, with all the powers of a corporation, limited liability company, partnership, or other form, as the case may be, under the applicable Law in the jurisdiction in which such applicable Debtor is incorporated or formed.  The Debtors or the Reorganized Debtors, as applicable, are hereby authorized, immediately upon entry of this Confirmation Order, without the need to seek any third-party consents, corporate approvals, or further approvals of this Court, to take any and all actions necessary to implement the Restructuring Transactions contemplated by the Restructuring Transactions Exhibit, including the transfers of assets of and/or Claims and Liens against a Debtor or a Reorganized Debtor or its property. Holders of Excess DIP TLC Claims who receive cash in accordance with Article III.B(4)(c)(i) of the Plan may direct such payment in their sole and absolute discretion.

| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

33.    **Cancelation of Existing Securities and Agreements**.  On the later of the Effective Date and the date on which distributions are made pursuant to the Plan (if not made on the Effective Date), except for the purpose of evidencing a right to a distribution under the Plan or as otherwise provided in the Plan, the Plan Supplement, this Confirmation Order, the DIP New Money Documents, or the Exit LC Facility Documents, or any agreement, instrument, or other document incorporated therein, all notes, Securities, instruments, certificates, credit agreements, indentures, and other documents evidencing Claims or Interests (collectively, the "Canceled Instruments"), shall be cancelled and the rights of the Holders thereof and obligations of the Debtors (and, as applicable under bankruptcy and non-bankruptcy Law, of the non-Debtor Affiliates) thereunder or in any way related thereto shall be deemed satisfied in full, cancelled, released, discharged, and of no force and effect without any need for further action or approval of the Court or for a Holder to take further action, and the Agents and Holders, as applicable, shall be discharged and released and shall not have any continuing duties or obligations thereunder.  Holders of or parties to such Cancelled Instruments will have no rights arising from or relating to such Cancelled Instruments, or the cancellation thereof, except the rights provided for or reserved pursuant to the Plan, this Confirmation Order, the DIP New Money Documents, or the Exit LC Facility Documents.

34.    Notwithstanding anything to the contrary herein or in the Plan, but subject to any applicable provisions of Article VI of the Plan, to the extent cancelled pursuant to paragraph [33], the Debt Documents shall continue in effect solely to the extent necessary to:  (a) permit Holders of Claims under the Debt Documents to receive and accept their respective Plan Distributions on

| | |
|---|---|
| (Page \| 79) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

account of such Claims or Interests, if any, subject to any applicable charging Liens;[7] (b) permit

the Disbursing Agent or other Agents, as applicable, to make Plan Distributions on account of the

Allowed Claims under the Debt Documents, subject to any applicable charging Liens; (c) preserve

any rights of each Agent (on its own behalf or on behalf of any applicable Holder) thereunder,

respectively, to maintain, exercise, and enforce any applicable rights of indemnity, reimbursement,

or contribution, or subrogation or any other claim or entitlement; (d) preserve any rights of each

Agent (on its own behalf or on behalf of any applicable Holder) thereunder, respectively, to

maintain, enforce and exercise their respective liens, including any charging liens, as applicable,

under the terms of the applicable Indentures or other agreements, or any related or ancillary

document, instrument, agreement, or principle of law, against any money or property distributed

or allocable on account of such Claims or Interests, as applicable; and (e) preserve the rights of

each Agent (on its own behalf or on behalf of any applicable Holder), to appear and be heard in

the Chapter 11 Cases or in any proceeding in the Court, including, but not limited to, enforcing

any obligations owed to any such Agent (on its own behalf or on behalf of any applicable Holder),

as applicable under the Plan, the Plan Supplement, this Confirmation Order, or any other document

incorporated therein.   Except as provided in the Plan (including Article VI thereof), the Plan

Supplement, or this Confirmation Order, or as may be necessary to effectuate the terms of the Plan,

---

[7]   For the avoidance of doubt, charging Liens include any and all charging liens the applicable Agents may assert, pursuant to the Indentures, with respect to the Plan Distributions set forth in the Plan; *provided*, *however*, that notwithstanding anything to the contrary in the Plan or the Plan Supplement, the Unsecured Notes Trustee shall not be entitled to assert any charging Liens or other right of surcharge over payment of the Unsecured Notes Settlement Proceeds to Unsecured Notes Settlement Participants pursuant to the Unsecured Notes Settlement and the 9019 Order.

(Page | 80)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

on the Effective Date, without any further action or approval of the Court or any Holders, the Agents and each Holder, and their respective agents, successors, and assigns, shall be automatically and fully discharged and released of all of their duties and obligations associated with the Debt Documents, as applicable; *provided* that any provisions of the Debt Documents that survive their termination shall survive in accordance with their terms.

35.     **Distributions.**  The procedures governing distributions contained in <u>Article VII</u> of the Plan and the UCC Settlement Trust Documents shall be, and hereby are, approved in their entirety.   The timing of distributions required under the Plan, the UCC Settlement Trust Documents, or this Confirmation Order shall be made in accordance with and as set forth in the Plan, the UCC Settlement Trust Documents, or this Confirmation Order, as applicable.

36.     **Subordination.**  Pursuant to section 510 of the Bankruptcy Code, the Reorganized Debtors reserve the right to seek to re-classify any Allowed Claim or Allowed Interest in accordance with any contractual, legal, or equitable subordination relating thereto.

37.     **Indemnification.**  All indemnification provisions, consistent with applicable Law, in place as of the Effective Date (whether in the bylaws, certificates of incorporation or formation, limited liability company agreements, other organizational documents, board resolutions, indemnification agreements, employment contracts, or otherwise) for current and former directors, officers, managers, employees, attorneys, accountants, investment bankers, restructuring advisors, the Unsecured Notes Trustee (whether or not such indemnification provisions are determined by a court of competent jurisdiction to be executory), and other professionals and/or agents or representatives of, or acting on behalf of the Debtors, as applicable, shall be Reinstated and remain

| | |
|---|---|
| (Page \| 81) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

intact, irrevocable, and shall survive the effectiveness of the Plan on terms no less favorable to such current and former directors, officers, managers, employees, attorneys, accountants, investment bankers, restructuring advisors, the Unsecured Notes Trustee, and other professionals and/or agents or representatives of, or acting on behalf of the Debtors, as applicable, than those that existed prior to the Effective Date; *provided* that the Reorganized Debtors shall retain the ability not to indemnify former directors of the Debtors for any Claims or Causes of Action arising out of or relating to any act or omission that constitutes intentional fraud, gross negligence, or willful misconduct, or to the extent the agreement contemplating such indemnification obligation is rejected, terminated, or discharged pursuant to the Plan Supplement; *provided, further,* that nothing in the Plan or this Confirmation Order shall expand any of the Debtors' indemnification obligations in place as of the Petition Date.

38.     Notwithstanding anything in the Plan to the contrary, the Reorganized Debtors shall be deemed to have assumed all of the Debtors' D&O Liability Insurance Policies pursuant to section 365(a) of the Bankruptcy Code effective as of the Effective Date.   Entry of this Confirmation Order constitutes this Court's approval of the Reorganized Debtors' foregoing assumption of each of the unexpired D&O Liability Insurance Policies.   Notwithstanding anything to the contrary contained in the Plan, Confirmation shall not discharge, impair, or otherwise modify any indemnity obligations assumed by the foregoing assumption of the D&O Liability Insurance Policies, and each such indemnity obligation will be deemed and treated as an Executory Contract that has been assumed by the Debtors under the Plan as to which no Proof of Claim need be Filed.

(Page | 82)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

39.    In addition, after the Effective Date, none of the Reorganized Debtors shall terminate or otherwise reduce the coverage under any D&O Liability Insurance Policies (including any "tail policy") in effect on or after the Petition Date, with respect to conduct occurring prior to, on, or after the Petition Date, and all members, directors, managers, and officers of the Debtors who served in such capacity at any time prior to the Effective Date shall be entitled to the full benefits of any such policy for the full term of such policy, to the extent set forth therein, regardless of whether such members, directors, managers, and officers remain in such positions after the Effective Date; *provided, however*, that the Reorganized Debtors shall retain the ability to supplement, terminate or otherwise modify the coverage under any D&O Liability Insurance Policies for any Causes of Action arising out of or related to any act or omission that is a criminal act or constitutes actual fraud, gross negligence, bad faith, or willful misconduct.

40.    **Exit LC Facility.**  On or after the Effective Date, the Debtors and Reorganized Debtors, as applicable, shall enter into the Exit LC Facility (on the terms set forth in the Exit LC Facility Documents, which terms shall be in all respects consistent with the Plan and the Amended and Restated Restructuring Support Agreement), and are hereby authorized to enter into the Exit LC Facility.  This Confirmation Order shall be deemed approval of the Exit LC Facility and the Exit LC Facility Documents, as applicable, and all transactions and related agreements contemplated thereby, and all actions to be taken, undertakings to be made, and obligations to be incurred by the Reorganized Debtors in connection therewith, including the payment of all premiums, fees, indemnities, expenses, and other payments provided for therein and authorization of the Debtors or the Reorganized Debtors to enter into, execute, and perform under the Exit LC

| | |
|---|---|
| (Page \| 83) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Facility Documents and such other documents as may be required to effectuate the treatment

afforded by the Exit LC Facility.  To the extent any document or agreement relating to the Exit LC

Facility is not attached to the Plan Supplement as of the entry of this Confirmation Order, such

document or agreement shall be filed with the Court prior to the Effective Date, and such document

or agreement is approved to the extent it is consistent with this Confirmation Order, the Plan, and

the Plan Supplement.

41.     Upon the execution and delivery of the Exit LC Facility Documents, except as

otherwise expressly provided in the Plan, all of the Liens and security interests to be granted in

accordance with the Exit LC Facility Documents:  (i) shall be deemed to be granted; (ii) shall be

legal, binding, automatically perfected, non-avoidable, and enforceable Liens on, and security

interests in, the collateral granted thereunder in accordance with the terms of the Exit LC Facility

Documents; (iii) shall be deemed automatically perfected on the Effective Date, subject only to

such Liens and security interests as may be permitted under the respective Exit LC Facility

Documents; (iv) shall have the priorities set forth in the Exit LC Facility Documents; and (v) shall

not be subject to avoidance, recharacterization, or equitable subordination for any purposes

whatsoever and shall not constitute preferential transfers, fraudulent transfers, or fraudulent

conveyances under the Bankruptcy Code or any applicable non-bankruptcy Law.

42.     To the extent applicable, the Reorganized Debtors, the applicable non-Debtor

Affiliates, and the Persons and Entities granted such Liens and security interests are authorized to

make all filings and recordings, and to obtain all governmental approvals and consents, and to take

any other actions necessary to establish and perfect such Liens and security interests under the

(Page | 84)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

provisions of the applicable state, federal, or other Law that would be applicable in the absence of the Plan and this Confirmation Order (it being understood that perfection shall occur automatically by virtue of entry of this Confirmation Order and any such filings, recordings, approvals, and consents shall not be required), and will thereafter cooperate to make all other filings and recordings that otherwise would be in accordance with the Exit LC Facility Documents and necessary under applicable Law to give notice of such Liens and security interests to third parties. In the event an order dismissing these Chapter 11 Cases is at any time entered, the Liens securing the Exit LC Facility shall not be affected and shall continue in full force and effect in all respects and shall maintain their priorities and perfected status as provided in the Exit LC Facility Documents until all obligations in respect thereof shall have been paid and satisfied in full.

43.     **DIP New Money Exit Facility.**  On or before the Effective Date, the Debtors or the Reorganized Debtors, as applicable, shall enter into the DIP New Money Exit Facility (on the terms set forth in the DIP New Money Exit Facility Documents, which terms shall be in all respects consistent with the Plan and the Amended and Restated Restructuring Support Agreement, and are hereby and by the DIP New Money Order authorized to enter into the DIP New Money Exit Facility).  This Confirmation Order shall be deemed approval of the DIP New Money Exit Facility and DIP New Money Exit Facility Documents, as applicable, and all transactions and related agreements contemplated thereby, and all actions to be taken, undertakings to be made, and obligations to be incurred by the Reorganized Debtors in connection therewith, including the payment of all premiums, fees, indemnities, expenses, and other payments provided for therein and authorization of the Debtors or the Reorganized Debtors to enter into and execute the DIP

(Page | 85)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

New Money Exit Facility Documents and such other documents as may be required to effectuate the treatment afforded by the DIP New Money Exit Facility.

44.     Pursuant to the DIP New Money Order and upon the execution and delivery of the DIP New Money Documents, except as otherwise expressly provided in the Plan, all of the Liens and security interests to be granted in accordance therewith:  (a) shall be deemed to be granted; (b) shall be legal, binding, automatically perfected, non-avoidable, and enforceable Liens on, and security interests in, the collateral granted thereunder in accordance with the terms of the DIP New Money Exit Facility Documents; (c) shall be deemed automatically perfected on the date of entry of the interim order approving the DIP New Money Facilities, subject only to such Liens and security interests as may be permitted under the respective DIP New Money Exit Facility Documents; (d)  shall have the priorities set forth in the DIP New Money Exit Facility Documents; and (e) shall not be subject to avoidance, recharacterization, or equitable subordination for any purposes whatsoever and shall not constitute preferential transfers, fraudulent transfers, or fraudulent conveyances under the Bankruptcy Code or any applicable non-bankruptcy Law.

45.     To the extent applicable, the Reorganized Debtors, the applicable non-Debtor Affiliates, and the Persons and Entities granted such Liens and security interests are authorized to make all filings and recordings, and to obtain all governmental approvals and consents, and to take any other actions necessary to establish and perfect such Liens and security interests under the provisions of the applicable state, federal, or other Law that would be applicable in the absence of the Plan and this Confirmation Order (it being understood that perfection shall occur automatically by virtue of entry of this Confirmation Order and any such filings, recordings, approvals, and

(Page | 86)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

consents shall not be required), and will thereafter cooperate to make all other filings and

recordings that otherwise would be in accordance with the DIP New Money Exit Facility

Documents and necessary under applicable Law to give notice of such Liens and security interests

to third parties.  In the event an order dismissing these Chapter 11 Cases is at any time entered, the

Liens securing the DIP New Money Exit Facility shall not be affected and shall continue in full

force and effect in all respects and shall maintain their priorities and perfected status as provided

in the DIP New Money Exit Facility Documents until all obligations in respect thereof shall have

been paid and satisfied in full.

46.     **New Corporate Governance Documents and the Issuance of New Interests.**

The terms of the New Corporate Governance Documents, which shall be included in the Plan

Supplement, in each case as may be amended, restated, amended and restated, supplemented, or

modified on or before the Effective Date consistent with the Plan and the Amended and Restated

Restructuring Support Agreement, are approved in all respects.  To the extent any document or

agreement is not attached to the Plan Supplement as of the entry of this Confirmation Order, such

document or agreement shall be filed with the Court prior to the Effective Date, and such document

or agreement is approved to the extent it is consistent with this Confirmation Order, the Plan, and

the Plan Supplement.  The obligations of the applicable Reorganized Debtors related thereto will,

upon execution, constitute legal, valid, binding, and authorized obligations of each of the Debtors

or the Reorganized Debtors, as applicable, enforceable in accordance with their terms and not in

contravention of any state, federal, or foreign Law.  To the extent applicable, entry of this

Confirmation Order shall be deemed approval of the New Corporate Governance Documents and

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

the issuance of the New Interests, if any, contemplated thereunder (in each case, including the transactions and related agreements contemplated thereby, and all actions to be taken, undertakings to be made, and obligations to be incurred and fees and expenses to be paid by the applicable Debtors or the Reorganized Debtors, as applicable, and/or any successors, assigns, or transferees of the applicable Debtors or the Reorganized Debtors, including in connection with the Restructuring Transactions, as applicable, in connection therewith), to the extent not approved by this Court previously.  On the Effective Date, without any further action by this Court or the directors, officers, or equity holders of any of the Reorganized Debtors, each Reorganized Debtor, as applicable, will be and is authorized to enter into the New Corporate Governance Documents and all related documents to which such Reorganized Debtor is contemplated to be a party on the Effective Date.

47.    In addition, on the Effective Date, without any further action by this Court or the directors, officers, or equity holders of any of the Reorganized Debtors, each applicable Reorganized Debtor will be and is authorized to:  (a) execute, deliver, file, and record any other contracts, assignments, certificates, instruments, agreements, guaranties, or other documents executed or delivered in connection with the New Corporate Governance Documents and the New Interests; (b) issue the New Interests; (c) perform all of its obligations under the New Corporate Governance Documents; and (d) take all such other actions as any of the responsible officers of such Reorganized Debtor may determine are necessary, appropriate, or desirable in connection with the consummation of the transactions contemplated by the New Corporate Governance Documents and for the issuance of the New Interests.  Notwithstanding anything to the contrary

(Page | 88)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

in this Confirmation Order or <u>Article XI</u> of the Plan, after the Effective Date, any disputes arising under the New Corporate Governance Documents and any documents related thereto shall be governed by the jurisdictional provisions therein and the Court shall not retain jurisdiction with respect thereto. For the avoidance of doubt, any claimant's acceptance of the New Interests shall be deemed as its agreement to be bound by the New Corporate Governance Documents without the need for execution by any party other than Reorganized WeWork.

48.     **Issuance of New Interests.**   On or prior to the Effective Date, Reorganized WeWork shall take steps to provide that the New Interests are issued and/or transferred in accordance with the terms of the Plan (including the Plan Supplement and the Restructuring Transactions), this Confirmation Order, the Exit LC Facility, the Exit LC Facility Documents, the New Corporate Governance Documents, and applicable Law (including applicable securities Laws).

49.     **Certain Securities Laws Matters.**   The New Interests (other than any New Interests issued pursuant to the MIP), or any other Securities, being issued, offered, or distributed under the Plan (including any securities issued on the Effective Date pursuant to the Exit LC Facility Documents), and any securities issued in connection with the UCC Settlement Trust pursuant to the Plan and the UCC Settlement Trust Documents, will be issued without registration under the Securities Act or any similar federal, state, or local Law in reliance upon section 1145 of the Bankruptcy Code to the maximum extent permitted by law. To the extent the New Interests, or any other Securities cannot be issued, offered, or distributed in reliance upon section 1145 of the Bankruptcy Code, including with respect to an Entity that is an "underwriter" as defined in

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

section 1145(b) of the Bankruptcy Code relating to the definition of underwriter in section 2(a)(11) of the Securities Act, they will be issued without registration under the Securities Act or similar Law in reliance upon Section 4(a)(2) of the Securities Act, Regulation D promulgated thereunder, and/or Regulation S under the Securities Act (or another applicable exemption from the registration requirements of the Securities Act). Any equity or equity-linked interests issued pursuant to the MIP (including any New Interests issued pursuant to the MIP) will be issued without registration under the Securities Act or similar Law in reliance upon Section 4(a)(2) of the Securities Act, Rule 506 of Regulation D and/or Rule 701 promulgated thereunder, and/or Regulation S under the Securities Act (or another applicable exemption from the registration requirements of the Securities Act).

50.     Pursuant to section 1145 of the Bankruptcy Code and applicable non-bankruptcy law, the offering, issuance, distribution, and sale of the New Interests (other than any New Interests issued pursuant to the MIP), as applicable, (a) shall be exempt from, among other things, the registration requirements of section 5 of the Securities Act and any other applicable U.S. state or local law requiring registration for the offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker or dealer in, a security, (b)(i) are not "restricted securities" as defined in Rule 144(a)(3) under the Securities Act, and (ii) are freely tradable and transferable by any initial recipient thereof that (w) is not an "affiliate" of the Reorganized Debtors as defined in Rule 144(a)(1) under the Securities Act, (x) has not been such an "affiliate" within ninety (90) calendar days of such transfer, (y) has not acquired such New Interests from an "affiliate" of the Reorganized Debtors within one year of such transfer, and (z) is not an entity that is an

(Page | 90)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

"underwriter" as defined in subsection (b) of Section 1145 of the Bankruptcy Code, and (c) will be freely tradable by the recipients thereof, subject to (i) the provisions of section 1145(b)(1) of the Bankruptcy Code relating to the definition of an underwriter in section 2(a)(11) of the Securities Act, (ii) compliance with applicable securities laws and any rules and regulations of the SEC, if any, applicable at the time of any future transfer of such securities or instruments, and (iii) the restrictions in the New Corporate Governance Documents.  The offering, issuance, distribution, and sale of any Securities in accordance with section 1145 of the Bankruptcy Code shall be made without registration under the Securities Act or any similar federal, state, or local Law in reliance upon section 1145(a) of the Bankruptcy Code.

51.    The issuance of the New Interests or any other Securities shall not constitute an invitation or offer to sell, or the solicitation of an invitation or offer to buy, any securities in contravention of any applicable Law in any jurisdiction.  No action has been taken, nor will be taken, in any jurisdiction that would permit a public offering of any of the New Interests or any other Securities (other than Securities issued pursuant to section 1145 of the Bankruptcy Code) in any jurisdiction where such action for that purpose is required.

52.    Any New Interests, or any other Securities, issued in reliance upon the exemption from registration provided by Section 4(a)(2) of the Securities Act, Regulation D promulgated thereunder, and/or Regulation S under the Securities Act will be "restricted securities."  Such Securities may not be resold, exchanged, assigned, or otherwise transferred except pursuant to an effective registration statement under the Securities Act or an available exemption therefrom and other applicable Law and subject to any restrictions in the New Corporate Governance Documents.

(Page | 91)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

The offering, issuance, distribution, and sale of such Securities shall be made without registration under the Securities Act or any similar federal, state, or local Law in reliance upon Section 4(a)(2) of the Securities Act, Regulation D promulgated thereunder, and/or Regulation S under the Securities Act.

53.      Should the Reorganized Debtors elect on or after the Effective Date to reflect any ownership of the New Interests to be issued under the Plan through the facilities of DTC (or another similar depository), the Reorganized Debtors need not provide any further evidence other than the Plan or this Confirmation Order with respect to the treatment of the New Interests to be issued under the Plan under applicable securities Laws.  DTC (or another similar depository) shall be required to accept and conclusively rely upon the Plan and this Confirmation Order in lieu of a legal opinion regarding whether the New Interests to be issued under the Plan is exempt from registration and/or eligible for DTC book-entry delivery, settlement, and depository services. Notwithstanding anything to the contrary in the Plan, no Entity (including, for the avoidance of doubt, DTC) may require a legal opinion regarding the validity of any transaction contemplated by the Plan, including, for the avoidance of doubt, whether the New Interests to be issued under the Plan is exempt from registration and/or eligible for DTC book-entry delivery, settlement, and depository services.

54.      **Waiver or Estoppel.**  Except as otherwise set forth in the Plan or this Confirmation Order, each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured, or not subordinated by virtue of an agreement made with the

(Page | 92)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Debtors or their counsel, or any other Entity, if such agreement was not disclosed in the Plan, the

Disclosure Statement, or papers Filed with the Court before the Confirmation Date.

55.     **Dissolution of Statutory Committees.**   On the Effective Date, any statutory

committee appointed in the Chapter 11 Cases shall dissolve, and the members thereof shall be

released and discharged from all rights and duties arising from, or related to, the Chapter 11 Cases.

56.     **Claims Reconciliation Process.**   The procedures and responsibilities for, and costs

of, reconciling Disputed Claims shall be as set forth in the Plan or as otherwise ordered by

the Court.

57.     **Authorization to Consummate.**   The Debtors are authorized to consummate the

Plan after the entry of this Confirmation Order subject to satisfaction or waiver (by the required

parties) of the conditions precedent to Consummation set forth in Article IX of the Plan.

58.     **Professional Compensation.**   All final requests for payment of Professional Fee

Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date

must be Filed no later than forty-five days after the Effective Date.   The Court shall determine the

Allowed amounts of such Professional Fee Claims after notice and a hearing in accordance with

the procedures established by the Court, the Bankruptcy Rules, and Prior Court Orders.

The Reorganized Debtors shall pay Professional Fee Claims in Cash in the amount this Court

Allows, including from the Professional Fee Escrow Account, as soon as reasonably practicable

after such Professional Fee Claims are Allowed, and which Allowed amount shall not be subject

to disallowance, setoff, recoupment, subordination, recharacterization, or reduction of any kind,

including pursuant to section 502(d) of the Bankruptcy Code.   To the extent that funds held in the

| | |
|---|---|
| (Page \| 93) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Professional Fee Escrow Account are insufficient to satisfy the amount of Professional Fee Claims owing to the Professionals, such Professionals shall have an Allowed Administrative Claim for any such deficiency, which shall be satisfied in accordance with <u>Article II.A</u> of the Plan.

59.    When all such Allowed Professional Fee Claims have been paid in full, any remaining amount in the Professional Fee Escrow Account shall promptly be transferred to the Reorganized Debtors without any further notice to or action, order, or approval of this Court. Except as otherwise specifically provided in the Plan, from and after the Effective Date, the Reorganized Debtors are authorized in the ordinary course of business and without any further notice to or action, order, or approval by the Court, pay in Cash the reasonable and documented legal, professional, or other fees and expenses incurred by the Reorganized Debtors, or solely as it pertains to the final fee applications, the Creditors' Committee.  Upon the Confirmation Date, any requirement that Professionals comply with sections 327 through 331, 363, and 1103 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date shall terminate, and the Reorganized Debtors may employ and pay any Professional in the ordinary course of business without any further notice to or action, order, or approval of the Court.

60.    **Payment of Restructuring Expenses.**  The Restructuring Expenses incurred, or estimated to be incurred, up to and including the Effective Date, shall be paid in full in Cash on the Effective Date or as reasonably practicable thereafter (to the extent not previously paid during the course of the Chapter 11 Cases) in accordance with the terms of the Amended and Restated Restructuring Support Agreement, the Cash Collateral Orders, or any other Final Order of the Court without any requirement to (1) File a fee application with the Court, or (2) for review or

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

approval by the Court; *provided* that the foregoing shall be subject to the Debtors' receipt of an invoice with reasonable detail (but without the need for itemized time detail) from the applicable Entity entitled to such Restructuring Expenses.  All Restructuring Expenses to be paid on the Effective Date shall be estimated prior to and as of the Effective Date, and such estimates shall be delivered to the Debtors at least 3 Business Days before the anticipated Effective Date; *provided*, *however*, that such estimates (and related invoices) shall not be considered an admission or limitation with respect to such Restructuring Expenses.  In addition, the Debtors and the Reorganized Debtors (as applicable) shall continue to pay, when due and payable in the ordinary course (but no sooner than within 5 Business Days of receipt of an invoice), Restructuring Expenses directly related to implementation, Consummation, and defense of the Plan, whether incurred before, on, or after the Effective Date without any requirement for review or approval by the Bankruptcy Court or for any party to File a fee application with the Bankruptcy Court; *provided* that the foregoing shall be subject to the Debtors' receipt of an invoice with reasonable detail (but without the need for itemized time detail) from the applicable Entity entitled to such Restructuring Expenses.

61.    **Section 1146(a) Exemption.**  To the fullest extent permitted by section 1146(a) of the Bankruptcy Code and applicable Law, any transfers (whether from a Debtor to a Reorganized Debtor or to any other Person) of property under the Plan or pursuant to (a) the issuance, distribution, transfer, or exchange of any debt, equity Security, or other interest in the Debtors or the Reorganized Debtors, including the New Interests, the Exit LC Facility, the DIP New Money Facilities,  (b) the  Restructuring  Transactions,  (c) the creation,  modification,  consolidation,

(Page | 95)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

termination, refinancing, and/or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means, (d) the making, assignment, or recording of any lease or sublease, (e) the grant of collateral as security for the Reorganized Debtors' obligations under and in connection with the Exit LC Facility, or (f) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment, and upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing, other than in respect of any tax imposed under any foreign Law), wherever located and by whomever appointed, shall comply with the requirements of section 1146(a) of the Bankruptcy Code, and upon entry of this Confirmation Order, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

(Page | 96)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

62.     **Provisions Regarding the United States.**  As to the United States (including all agencies, departments, and instrumentalities thereof), notwithstanding anything to the contrary in this Confirmation Order, the Plan or any other Definitive Documents, nothing shall:

  a.      limit or expand the scope of discharge, release or injunction permitted to Debtors under the Bankruptcy Code.  For the avoidance of doubt, the discharge, release, and injunction provisions contained in the Plan and this Confirmation Order are not intended and shall not be construed to bar the United States from, subsequent to the Confirmation Order, pursuing any police or regulatory action, or any criminal action;

  b.      discharge, release, exculpate, impair, extinguish, enjoin, or otherwise preclude the United States in any way from asserting, enforcing, or collecting, outside the Bankruptcy Court:  (i) any liability to the United States that is not a "claim" (as defined in 11 U.S.C. § 101(5)) against a Debtor; (ii) any Claim of the United States arising on or after the Effective Date; (iii) any liability of the Debtors under police or regulatory statutes or regulations to the United States as the owner, lessor, lessee or operator of property that such Entity owns, operates or leases after the Confirmation Date; or (iv) any liability to the United States, including but not limited to any liabilities arising under the Tax Code, environmental law,  criminal law, civil law or common law, of any non-Debtor Entity (including any Released Parties or Exculpated Parties);

  c.      affect or impair any right of setoff or recoupment of the United States; provided, however, that the rights and defenses with respect to any such rights of setoff or recoupment are fully preserved (other than any rights or defenses based on language in the Plan or the Confirmation Order that may extinguish or limit setoff or recoupment rights or otherwise require the United States to seek leave of the Bankruptcy Court before exercising its rights;

  d.      confer jurisdiction (exclusive or otherwise) to the Bankruptcy Court with respect to any interests, claims, rights, defenses, liabilities, or causes of action of the United States, except to the extent set forth in 28 U.S.C. § 1334 (as limited by any other provisions of the United States Code); and

  e.      characterize the United States (including any department, agency, or instrumentality thereof) as a Releasing Party.  For the avoidance of doubt, without need for further action, the United States shall not be required to opt out of the Releases and the United States is not required to seek permission

(Page | 97)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

from the Bankruptcy Court authorizing the United States to bring any claim or Cause of Action against any Released Party.

63.    **Provisions Regarding Philadelphia Insurance Indemnity Company.**

Notwithstanding any other provisions of the Plan or this Confirmation Order, on the Effective

Date, any rights, claims, and obligations of Philadelphia Indemnity Insurance Company (the "PIIC

Surety"), including trust and subrogation rights, arising under (a) that certain surety bond

numbered PB02096600004, dated July 19, 2019, as amended, supplemented, or otherwise

modified from time to time, including by the surety rider dated January 19, 2023 (the "PIIC Surety

Bond"); (b) that certain lease between Debtor 6900 North Dallas Parkway Tenant LLC and KBSIII

Legacy Town Center, LLC for the premises at 6900 North Dallas Parkway, Plano, Texas, dated

June 19, 2019, as amended, supplemented, or otherwise modified from time to time (the "6900

North Dallas Parkway Lease"); and (c) any agreements governing the collateral of the PIIC Surety,

with respect to or in connection with the PIIC Surety Bond or any other bonds issued by PIIC

Surety (the "PIIC Bonds"), including cash, letters of credit, and the proceeds thereto (the "PIIC

Surety Collateral," and together with the PIIC Bonds and the 6900 North Dallas Parkway Lease,

the "PIIC Surety Bond Agreements") shall be deemed reaffirmed and ratified by the applicable

Reorganized Debtors, shall continue in full force and effect, and the rights, claims, and obligations

thereunder, including, trust and subrogation rights, shall not be altered, modified, discharged,

enjoined, impaired, or released by the Plan or this Confirmation Order.  Solely to the extent any

of the PIIC Surety Bond Agreements are deemed to be executory contracts, such PIIC Surety Bond

Agreements will be deemed assumed with the consent of the PIIC Surety on the Effective Date,

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

by the applicable Reorganized Debtor, pursuant to section 365 of the Bankruptcy Code.  If on or after the Effective Date any of the PIIC Surety Bond Agreements cease to be in effect solely as a result of a determination by a court of competent jurisdiction that such agreements are non-assumable under applicable bankruptcy law, the PIIC Surety Bond Agreements shall be deemed reinstated or ratified on the terms of such PIIC Surety Bond Agreements that existed immediately prior to the Effective Date.

64.    Notwithstanding any other provisions of the Plan or this Confirmation Order, the PIIC Surety Collateral shall remain in place to secure any obligations under the PIIC Surety Bond Agreements in accordance with the terms of such agreements.  To the extent expressly permitted by the terms of the PIIC Surety Bond Agreements, any other agreements with the Debtors, and applicable law, the PIIC Surety may apply its respective PIIC Surety Collateral or the proceeds therefrom to payment or reimbursement of any and all claims and demands under the PIIC Bonds, premiums, losses, and expenses, including reasonable attorneys' fees to the extent permitted under the PIIC Surety Bond Agreements.  The PIIC Surety's Claims under the PIIC Surety Bond Agreements are Allowed without any requirement for the PIIC Surety to file a Proof of Claim or request for payment of an Administrative Claim.  The PIIC Surety's Claims shall be Reinstated and are thus Unimpaired.  PIIC shall be deemed to have opted out of the third-party releases contained in Article VIII.D of the Plan and other Definitive Documents.

65.    **Provisions Regarding U.S. Specialty Insurance Company.**  Notwithstanding anything to the contrary in the Definitive Documents, nothing in the Definitive Documents shall in any way prime, discharge, impair, modify, subordinate or affect the rights of U.S. Specialty

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Insurance Company and/or its past, present, or future affiliated sureties (each as surety in their role as an issuer of bonds individually and collectively referred to herein as "<u>USSIC Surety</u>") including, without limitation, as to:  (a) any indemnity or collateral obligations relating to bonds or related instruments issued and/or executed on behalf of or at the request of any of the Debtors, and/or non-Debtor affiliates (each such bond or related instrument, including but not limited to any and all bonds that were assumed in these proceedings with the consent of the USSIC Surety, a "<u>Bond</u>," and, collectively, the "<u>Bonds</u>"); (b) any funds the USSIC Surety is holding and/or that are being held for USSIC Surety presently or in the future, whether in trust, as security, or otherwise, including any proceeds due or to become due to any of the Debtors in relation to contracts or obligations for which the USSIC Surety has issued or may in the future issue any bond or related instrument; (c) any substitutions or replacements of such funds including accretions to and interest earned on such funds; (d) any collateral or letter of credit related to any indemnity, collateral trust, bond, arrangement, contract, or other agreements between or involving the USSIC Surety and any of the Debtors and/or their non-debtor affiliates or predecessors; (e) any rights, remedies and/or defenses the USSIC Surety may now or in the future have with respect to any and all bonds and/or related instruments issued and/or executed by the USSIC Surety on behalf of any of the Debtors and/or their non-debtor affiliates; (f) current or future setoff and/or recoupment rights and/or the lien rights and/or trust fund claims of the USSIC Surety or any party to whose rights the USSIC Surety has or may be subrogated and/or any existing or future subrogation or other common law rights of the USSIC Surety; (g) any indemnity agreement related to any of the Bonds (collectively, the "<u>USSIC Indemnity Agreements</u>"), which include, without limitation, six (6) General

| | |
|---|---|
| (Page \| 100) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Agreements of Indemnity in favor of the USSIC Surety, as indemnitee, dated on or about March 22, 2019, April 9, 2019, April 10, 2019, April 30, 2019, August 26, 2019, and March 10, 2020, by non-debtors WeWork Companies LLC, WeWork Companies Inc. and Debtors 500 11th Ave North Tenant LLC, 101 East Washington Street Tenant LLC, 1115 Broadway Q LLC, 2222 Ponce DeLeon Blvd Tenant LLC, and 830 NE Holladay Street Tenant LLC; and (h) the rights of the USSIC Surety in connection with any letter of credit and/or the proceeds thereof (and any amendment(s) or modifications (s) thereto) relating to any of the Debtors or their non-debtor affiliates, including but not limited to that certain Irrevocable Letter of Credit and amendments thereto in favor of among others, the USSIC Surety, having an aggregate amount of credit of $5,113,960.00 (the "ILOCs"), which proceeds were received by the USSIC Surety pursuant to a draw on the ILOCs and thereafter reduced by $1,633,210.00 by way of payment of a claim on a bond, resulting in current cash being held by the USSIC Surety in the amount of $3,480,750.00 (and neither the ILOCs nor an proceeds therefrom constitute property of the bankruptcy estate).

66.    The USSIC Surety shall be deemed to have opted out of the third-party releases contained in Article VIII.D of the Plan and other Definitive Documents.

67.    In addition, notwithstanding anything in the Definitive Documents, the rights, claims, and defenses of the Debtors and of the USSIC Surety, including, but not limited to, the USSIC Surety's rights under any properly perfected liens and claims, trust claims, and/or claims for equitable rights of subrogation, and rights of the Debtors and of any successors in interest to any of the Debtors and any creditors, to object to any such liens, trust claims, claims, and/or equitable subrogation and other rights, are fully preserved, and the USSIC Surety need not be

(Page | 101)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

required to file an administrative proof of claim, request for payment or fee application to protect any such claims.

68.     For the avoidance of doubt, <u>Article IV.H</u> (Cancelation of Existing Securities and Agreements), <u>Article IV.O</u> (Preservation of Causes of Action), that portion of <u>Article V.A</u> that provides that the Schedule of Rejected Executory Contracts and Unexpired Leases and/or Schedule of Assumed Executory Contracts and Unexpired Leases may be amended or supplemented through and including 45 days after the Effective Date, <u>Article VI.D.5</u> (Surrender of Canceled Instruments or Securities), <u>Article VI.K</u> (Preservation of Setoffs and Recoupment), <u>Article VI.L.1</u> (Claims Paid by Third Parties), <u>Article VII.D</u> (Estimation of Claims and Interests to the extent such provision contradicts section 502(j) of the Bankruptcy Code), <u>Article VII.F</u> (Adjustment to Claims or Interests without Objection), <u>Article VIII.B</u> (Release of Liens), <u>Article VIII.F(d)</u> (Injunction clause that bars an entity holding a claim that is released or discharged from thereafter asserting any right of setoff, subrogation, or recoupment), and <u>Article VIII.J</u> (Reimbursement or Contribution to the extent the USSIC Surety's rights under section 502(j) of the Bankruptcy Code are extinguished), of the Plan shall not apply to the USSIC Surety or any beneficiary of the bonds issued by the USSIC Surety.  Nothing herein shall limit the USSIC Surety's rights to cancel, terminate, not renew, or refuse to increase the amount of any bonds, to the extent not inconsistent with the terms of such bonds, and nothing herein shall require the USSIC Surety to issue new bonds.

69.     Upon the reasonable request of the USSIC Surety, the Reorganized Debtors will undertake to execute a post-Effective Date indemnity agreement with the USSIC Surety, in

(Page | 102)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

accordance with the terms of the Bonds, which will be substantially similar to the USSIC Indemnity Agreement.

70.     Nothing in the Definitive Documents is an admission by the USSIC Surety or the Debtors, or a determination by the Court, regarding any claims under any bonds, and the USSIC Surety and the Debtors (on behalf of themselves and their successors and creditors) reserve any and all rights, remedies, and defenses in connection therewith.

71.     Notwithstanding any provision in the Definitive Documents, upon reasonable request and to the extent not inconsistent with the USSIC Indemnity Agreement or other agreement with the Debtors or the Reorganized Debtors, as applicable, and the USSIC Surety, the USSIC Surety shall have access to specific portions of any and all books and records held by the Debtor Entities relating to the USSIC Surety's Bonds, and the USSIC Surety shall receive no less than thirty (30) days written notice by the entity holding such books and records prior to destruction or abandonment of any such books and records.  Without limitation to any other rights of the USSIC Surety, if one or more claims is or are asserted against any Bond(s) and/or related instruments, then the USSIC Surety shall be granted access to, and may make copies of, any books and records related to such Bonds upon the USSIC Surety's reasonable request.

72.     Notwithstanding any provision in the Definitive Documents, consistent with certain joint and several obligations under the USSIC Indemnity Agreement, and/or any new indemnity agreement executed after the Effective Date, the Debtors and/or Reorganized Debtors shall continue to reimburse the USSIC Surety for any and all fees and costs, including attorneys' fees, incurred or to be incurred by the USSIC Surety with regard to this matter and the suretyship

(Page | 103)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

through and after the Effective Date, to the extent such amounts have not been previously reimbursed, without filing any administrative claim.

73.    **Provisions Regarding Federal Insurance Company and Westchester Fire Insurance Company.[8]** The Westchester Surety issued various surety bonds on behalf of certain of the Debtors, certain of their affiliates, and certain non-Debtors (collectively, the "Existing Surety Bonds" and each, individually, an "Existing Surety Bond"). WeWork Companies Inc., on behalf of itself and certain subsidiaries and/or affiliates, and certain non-Debtors (all such affiliates and non-Debtors, collectively, the "Indemnitors"), executed certain written indemnification agreements with the Westchester Surety, including, but not limited to, a certain General Agreement of Indemnity dated January 30, 2019 (collectively, the "Westchester Indemnity Agreements"), and the Indemnitors provided to the Westchester Surety certain letters of credit ("Letters of Credit") to secure all obligations under the Westchester Indemnity Agreements.

74.    Nothing in the Plan, the Plan Supplement, this Confirmation Order, the Amended and Restated Restructuring Support Agreement, or any other document or order of the Bankruptcy Court shall be deemed to limit Westchester Surety's existing rights or interests under applicable non-bankruptcy law in any collateral or the proceeds of such collateral securing the Existing Surety Bonds and the Westchester Indemnity Agreements (the "Surety Collateral"), including, without limitation, under or in connection with any Letter of Credit, the right to draw or use any Surety

---

[8]    Federal Insurance Company and Westchester Fire Insurance Company, their respective direct and indirect subsidiaries, parent companies, and affiliates, whether in existence now or formed or acquired hereafter, co-sureties, fronting companies, companies which any of them may procure to issue or deliver any bonds for, on behalf of or at the request of any of the Indemnitors, and reinsurers, and the successors and assigns of each of them (individually and collectively, the "Westchester Surety").

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Collateral to reimburse any claim of Westchester Surety under or in respect of any Existing Surety Bond and/or the Westchester Indemnity Agreements consistent with applicable non-bankruptcy law (the "Right to Draw"). For the avoidance of doubt, but subject to any agreements as between the Debtors or the Reorganized Debtors and Westchester Surety, Westchester Surety shall retain the Right to Draw notwithstanding the replacement of any Existing Surety Bonds prior to, or after, Confirmation or the occurrence of the Effective Date.

75.     Nothing in the Plan, the Plan Supplement, this Confirmation Order, the Amended and Restated Restructuring Support Agreement, or any other document or order of the Bankruptcy Court shall impair, release, discharge, preclude, or enjoin any obligations of the Debtors or the Reorganized Debtors, including Reorganized WeWork, to the Westchester Surety under or related to the Westchester Indemnity Agreements, any Existing Surety Bond, or under the common law of suretyship, and such obligations are unimpaired and are not being released, discharged, precluded, or enjoined by the Plan, the Plan Supplement, this Confirmation Order, the Amended and Restated Restructuring Support Agreement, or any other document or order of the Bankruptcy Court or any agreements with any third parties.

76.     For the avoidance of doubt:  (i) the Westchester Surety shall be deemed to have opted-out of the third-party release set forth in Article VIII.D of the Plan; (ii) the Westchester Surety shall not be deemed to be a Releasing Party; (iii) the Existing Surety Bonds, the Westchester Indemnity Agreements, and the Surety Collateral shall not be cancelled, surrendered, satisfied, or released as provided in Article IV.H of the Plan; (iv) the Westchester Surety's liens and security interests evidenced by the Surety Collateral shall not be released or cancelled as provided in

(Page | 105)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Article VIII.B of the Plan; and (v) to the extent any of the Existing Surety Bonds, the Westchester Indemnity Agreement, or the Surety Collateral are deemed to be assets of the Estate, they shall vest in the applicable Reorganized Debtor or the Reorganized WeWork, subject to the Westchester Surety's related rights, claims or liens.

77.    The Westchester Surety's execution of bonds for any Debtor shall not be deemed or construed as an agreement to issue any other bonds on behalf of any Debtor, to bond any Reorganized Debtor or Reorganized WeWork, or to prevent Westchester Surety from cancelling any bond in accordance with the terms of any bond and applicable law.

78.    To the extent that any Unexpired Lease of the Debtors, as to which any Existing Surety Bond relates, is assumed by the Debtors in accordance with Article V of the Plan and applicable law, then in such case, all related Existing Surety Bonds shall, with the Westchester Surety's consent, continue in effect and, to the extent that any such Unexpired Lease is assumed by or assigned to the Reorganized Debtor or Reorganized WeWork, the related Existing Surety Bond shall, with the Westchester Surety's consent, be deemed to be modified such that the named principal thereupon shall be the Reorganized Debtor or Reorganized WeWork who has assumed the Unexpired Lease, as applicable.

79.    Upon the reasonable request of the Westchester Surety, the Reorganized Debtors and Reorganized WeWork will undertake to execute and deliver to the Westchester Surety a post-Effective Date Westchester Indemnity Agreement, which shall be substantially similar to the Westchester Indemnity Agreements.

| | |
|---|---|
| (Page \| 106) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

80.     Notwithstanding anything set forth to the contrary in the Plan, the Plan Supplement, this Confirmation Order, the Amended and Restated Restructuring Support Agreement, or any other document or order of the Bankruptcy Court, including in <u>Article VI.K</u> of the Plan, nothing shall be deemed to impair, limit, release, discharge, preclude, or enjoin Westchester Surety's existing rights or defenses of setoff or recoupment.

81.     **Provisions Regarding Certain Landlords' Leases.**  With respect to the leases of nonresidential property listed on the Schedule of Assumed Executory Contracts and Unexpired Leases, notwithstanding anything to the contrary in the Plan, the Plan Supplement, or this Confirmation Order, nothing in the Plan, the Plan Supplement, or this Confirmation Order shall modify, limit, or impair the liabilities or obligations of the Debtors or the Reorganized Debtors, as applicable, under any assumed Unexpired Lease or the obligation to effectuate a replacement guaranty with respect to any Allowed Go-Forward Guaranty Claims, or the remedies of any lessor in connection therewith, if any; *provided*, *however*, that all rights and defenses, if any, of the Debtors or the Reorganized Debtors, as applicable, to dispute cure amounts due under the assumed Unexpired Leases as well as with respect to any liabilities or obligations of guarantor Debtors under the terms of assumed Unexpired Leases are preserved.

82.     **Provisions Regarding Power & Light Stipulation.**  The Debtors, on behalf of themselves, their respective Estates, and the Reorganized Debtors, pursuant to that certain *Stipulation and Consent Order Resolving the Motion to Compel Filed by Power & Light Buildings, LLC at Docket No. 1249*, dated February 15, 2024 (the "<u>Power & Light Stipulation</u>"), hereby release Power & Light Buildings, LLC ("<u>Power & Light</u>") from any claims they may have arising

| | |
|---|---|
| (Page \| 107) | |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

from or related to the December LC Draw (as defined in the Power & Light Stipulation) or Power & Light's use of the proceeds therefrom.

83.    **Provisions Regarding the Texas Comptroller of Public Accounts.** Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller of Public Accounts (the "Texas Comptroller") reserves the following rights: (1) any statutory or common law setoff rights in accordance with 11 U.S.C. § 553; (2) any rights to pursue any non-debtor third parties for tax debts or claims; (3) the payment of interest on the Texas Comptroller's administrative expense tax claims, if any; (4) to the extent that interest is payable with respect to any administrative expense, priority, or secured tax claim of the Texas Comptroller, the statutory rate of interest pursuant to Texas Tax Code § 111.060; and (5) the Texas Comptroller is not required to file a motion or application for payment of administrative expense claims pursuant to 11 U.S.C. § 503(b)(1)(D).

84.    If the Debtors or the Reorganized Debtors fail to make a Plan payment to an agency of the State of Texas and fail to cure such missed payment within fifteen (15) days after service of a written notice of default, then that agency may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies available under applicable non-bankruptcy law; and (c) seek such relief as may be appropriate in this court.  The Debtors and/or Reorganized Debtors can receive up to three (3) notices of default, however, the third default cannot be cured.

85.    **Provisions Regarding the Commonwealth of Pennsylvania, Department of Revenue.**  Notwithstanding any provision to the contrary in the Plan, the Definitive Documents, and this Confirmation Order (the "Specified Documents"), as to any tax claim held by the

(Page | 108)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Commonwealth of Pennsylvania, Department of Revenue ("Pennsylvania DOR") nothing in the Specified Documents shall:  (a) require the Pennsylvania DOR, as provided "in 11 U.S.C. § 503(b)(1)(D), to file an administrative claim in order to receive payment for any liability described in 11 U.S.C. §§ 503(b)(1)(B) and 503(b)(1)(C); (b) affect any setoff and recoupment rights of the Pennsylvania DOR under applicable law or the Debtors' defenses thereto and such rights are expressly preserved and shall not be altered or impaired; (c) affect the ability of the Pennsylvania DOR to pursue any non-Debtors to the extent allowed by non-bankruptcy law for any liabilities that may be related to any state tax liabilities owed to the Pennsylvania DOR by the Debtors and the Reorganized Debtors; (d) affect the imposition of the Pennsylvania realty transfer tax against all transfers made prior to the confirmation of the Plan as provided for under 11 U.S.C. § 1146(a); (e) confer exclusive jurisdiction to the Bankruptcy Court, except to the extent set forth in 28 U.S.C. § 1334(b), or divest any court of its jurisdiction to adjudicate the validity of any claim of the Pennsylvania DOR; and (f) allow the Debtors and the Reorganized Debtors to estimate, for whatever reason, any of the Department's allowed claims beyond what is provided and allowed for in section 502(c) of the Bankruptcy Code.

86.     Administrative expense claims, regardless of amount, of the Pennsylvania DOR allowed pursuant to the Plan or the Bankruptcy Code shall be paid in accordance with section 1129(a)(9)(A) of the Bankruptcy Code in full in cash on the later of (i) the Effective Date or as soon as practicable after the Effective Date, or (ii) the date on which such Allowed Administrative Expense Claim becomes payable under applicable law, and shall accrue interest (if any) (pursuant to section 511 of the Bankruptcy Code at the rate set forth under applicable law)

| | |
|---|---|
| (Page \| 109) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

and penalties (if any) in accordance with the Bankruptcy Code and non-bankruptcy law[9] until paid in full.  Priority Tax Claims, regardless of amount, of the Pennsylvania DOR allowed pursuant to the Plan or the Bankruptcy Code will be paid in accordance with section 1129(a)(9)(C) of the Bankruptcy Code with interest to the extent required under applicable law.  To the extent such allowed Priority Tax Claims (including any penalties, interest, or additions to tax entitled to priority under the Bankruptcy Code) are not paid in full in cash on the Effective Date, then such Priority Tax Claims shall accrue interest commencing on the Effective Date at the rate set forth in section 511 of the Bankruptcy Code and non-bankruptcy law until paid in full.

87.    Nothing contained in the Specified Documents shall be deemed to bind the Pennsylvania DOR to any characterization of any transaction for tax purposes or to determine the tax liability or withholding or collection obligations of any person or entity, including, but not limited to the Debtors or any of the Debtors' estates, nor shall the Specified Documents be deemed to have determined the Pennsylvania state tax treatment of any item, distribution, or entity, including the Pennsylvania state tax consequences of the Plan nor shall anything in the Specified Documents be deemed to have conferred jurisdiction upon the Bankruptcy Court to make determinations as to Pennsylvania state tax liability and Pennsylvania state tax treatment except as provided under section 505 of the Bankruptcy Code.

---

[9]    *See* 53 Pa.B. 8006 (Saturday, December 23, 2023) ("Under sections 806 and 806.1 of The Fiscal Code (72 P.S. §§ 806 and 806.1), the Secretary of Revenue announces that, for the calendar year beginning January 1, 2024, all underpayments of tax which became due and payable to the Commonwealth shall bear interest at the rate of 8% per annum. …. These rates will remain constant until December 31, 2024.  These rates will be codified under 61 Pa. Code § 4.2(a) (relating to rate of interest).").

| | |
|---|---|
| (Page \| 110) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

88.     Nothing in the Specified Documents shall relieve the Debtors and the Reorganized Debtors and their non-Debtor affiliates from any obligation to file pre-petition and post-petition Pennsylvania tax returns that are required under applicable law and pay all taxes, if any, on such tax returns when due.

89.     **Provisions Regarding the United States Securities and Exchange Commission.** Notwithstanding any language to the contrary in the Disclosure Statement, the Plan, and/or this Confirmation Order, no provision shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or (ii) enjoin, limit, impair, or delay the SEC from commencing or continuing any claims, causes of action, proceeding, or investigations against any non-debtor person or non-debtor entity in any forum.

90.     **Provisions Regarding the Texas Taxing Authorities.**  Notwithstanding anything to the contrary in the Plan or this Order, the prepetition claims of the Texas Taxing Authorities[10] (the "Tax Claims"), shall be classified as Class 1 – Other Secured Claims and paid in full, in cash within 10 days of the Effective Date.  The Tax Claims shall include all accrued interest required to be paid under section 506(b) of the Bankruptcy Code through the date of payment.  The prepetition and postpetition tax liens of the Texas Taxing Authorities, if any, shall be expressly retained against the Debtors' assets in accordance with applicable non-bankruptcy law until the applicable Tax Claims and post-petition taxes are paid in full.  The Texas Taxing Authorities' lien

---

[10]    The "Texas Taxing Authorities" are Dallas County, City of Houston, Houston Community College System, Houston Independent School District, Irving Independent School District, City of Richardson, Montgomery County, Tarrant County, Plano Independent School District, Highland Park Independent School District, Dallas County Utility and Reclamation District, Woodlands Road Utility District, Montgomery County Municipal District 67, and Harris County Improvement District #01.

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

priority shall not be primed or subordinated by any exit financing entered into in conjunction with the confirmation of the Plan or otherwise. In the event that collateral that secures a Tax Claim or post-petition taxes is returned pursuant to the Plan to a creditor holding a lien that is junior to that of the Texas Taxing Authorities, the Debtors shall first pay all ad valorem property taxes that are secured by such collateral. All rights and defenses of the Debtors under applicable law are reserved and preserved with respect to such Tax Claims. Reorganized Debtors shall pay all post-petition ad valorem tax liabilities (tax year 2024 and subsequent tax years) owing to the Texas Taxing Authorities in the ordinary course of business as such tax debt comes due and prior to said ad valorem taxes becoming delinquent without the need of the Texas Taxing Authorities to file an administrative expense claim and/or request for payment.

91. **Documents, Mortgages, and Instruments.** This Confirmation Order is, and shall be, binding upon and shall govern the acts of all Persons or Entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, federal state, and local officials, and corresponding officials in all applicable jurisdictions, both foreign and domestic, and all other Persons and Entities who may be required, by operation of Law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument, including, for the avoidance of doubt, the United States Patent and Trademark Office, the United States Copyright Office, and any other governmental intellectual property office. Each and every federal, state, local, and foreign government agency is hereby directed to accept any and all documents and instruments necessary, useful, advisable, or appropriate (including financing statements under the applicable uniform

| Debtors: | WeWork Inc., *et al.* |
|---|---|
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

commercial code) to effectuate, implement, and consummate the transactions contemplated by the Plan, including the Restructuring Transactions and this Confirmation Order, without payment of any stamp tax or similar tax imposed by state, local, or foreign Law, or, to the extent such Persons or Entities are not identified by the Debtors or the Reorganized Debtors, as applicable, after reasonable due inquiry, the Debtors or the Reorganized Debtors, as applicable, shall be granted power of attorney to sign on behalf of such Person or Entity.

92.     **Continued Effect of Stays and Injunction.**  Unless otherwise provided in the Plan or this Confirmation Order, all injunctions or stays in effect in these Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or any order of the Court that are in existence upon entry of this Confirmation Order (excluding any injunctions or stays contained in the plan or this Confirmation Order) shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

93.     **Nonseverability of Plan Provisions Upon Confirmation.**  Each provision of the Plan, and the transactions related thereto as it therefore may have been altered or interpreted by the Court, is:  (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without the Debtors' or the Reorganized Debtors' consent, as applicable; and (c) nonseverable and mutually dependent.

94.     **Post-Confirmation Modifications.**  In accordance with Article X.A of the Plan, without need for further order or authorization of the Court, the Plan, the Plan Supplement, and any and all other documents that are necessary or desirable to effectuate the Plan may be amended

| | |
|---|---|
| (Page | 113) | |
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

or modified, subject to the terms and conditions set forth therein or in the DIP Facilities, the DIP

Documents, the Exit LC Facility, the Exit LC Facility Documents, and the UCC Settlement Trust

Documents, as applicable.  Subject to those restrictions on modifications set forth in the Plan, the

DIP Facilities, the DIP Documents, the Exit LC Facility, the Exit LC Facility Documents, and the

UCC Settlement Trust Documents, and the requirements of section 1127 of the Bankruptcy Code,

Bankruptcy Rule 3019, and, to the extent applicable, sections 1122, 1123, and 1125 of the

Bankruptcy Code, each of the Debtors expressly reserves its respective rights to revoke or

withdraw, or to alter, amend, or modify the Plan with respect to such Debtor, one or more times,

after Confirmation, and, to the extent necessary, may initiate proceedings in this Court to so alter,

amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in

the Plan, the Disclosure Statement, or this Confirmation Order, in such matters as may be necessary

to carry out the purposes and intent of the Plan.  Any such modification or supplement shall be

considered a modification of the Plan and shall be made in accordance with Article X.A of

the Plan.

95.    Except as otherwise provided in this Confirmation Order, if any or all of the

provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by

subsequent order of the Bankruptcy Court, or any other court, such reversal, stay, modification or

vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability,

priority, or Lien incurred or undertaken by the Debtors or Reorganized Debtors, or any other party

authorized or required to take action to implement the Plan, as applicable, prior to the effective

date of such reversal, stay, modification, or vacatur, including, without limitation, the validity and

| | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

enforceability of the Liens securing the DIP New Money Facilities and the Exit LC Facility, as applicable.  Notwithstanding any such reversal, stay, modification, or vacatur of this Confirmation Order, (a) any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and (b) any obligation, indebtedness or liability incurred by the Debtors or the Reorganized Debtors under the DIP New Money Interim Facility Documents, the DIP New Money Exit Facility Documents, and the Exit LC Facility Documents, as applicable, shall be governed in all respects by the provisions of this Confirmation Order and the Plan, and the DIP New Money Lenders and the Exit LC Facility Lender, as applicable shall be entitled to all of the rights, remedies, privileges and benefits granted herein and pursuant to the DIP New Money Interim Facility Documents, the DIP New Money Exit Facility Documents, and the Exit LC Facility Documents, as applicable.

96. **Applicable Non-Bankruptcy Law.**  The provisions of this Confirmation Order, the Plan and related documents, and any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable federal, state, or foreign Law.

97. **Waiver of Filings.**  Any requirement under section 521 of the Bankruptcy Code or Bankruptcy Rule 1007 obligating the Debtors to File any list, schedule, or statement with this Court or the U.S. Trustee is permanently waived as to any such list, schedule, or statement not Filed as of the Confirmation Date.

98. **Governmental Approvals Not Required.**   This Confirmation Order shall constitute all approvals and consents required, if any, by the Laws, rules, or regulations of any

| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

state, federal, or other governmental authority with respect to the dissemination, implementation, or consummation of the Plan and the Disclosure Statement, any certifications, documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement, including the documents contained in the Plan Supplement, the implementation and consummation of the Restructuring Transactions, and any other documents that are necessary or desirable to implement or consummate the Restructuring Transactions.

99.    **Reporting.**  After entry of this Confirmation Order, the Debtors or the Reorganized Debtors, as applicable, shall have no obligation to File with this Court, serve on any parties, or otherwise provide any party with any other report that the Debtors or the Reorganized Debtors, as applicable, were obligated to provide under the Bankruptcy Code or an order of the Court, including obligations to provide (a) any reports to any parties otherwise required under the "first" and "second" day orders entered in these Chapter 11 Cases and (b) monthly operating reports (even for those periods for which a monthly operating report was not Filed before the Confirmation Date); *provided* that the Debtors or the Reorganized Debtors, as applicable, will comply with the U.S. Trustee's quarterly reporting requirements in accordance with <u>Article II.E</u> of the Plan.

100.    **Notices of Confirmation and Effective Date.**  The Reorganized Debtors shall cause to be served a notice of entry of this Confirmation Order and the occurrence of the Effective Date, substantially in form attached hereto as **<u>Exhibit B</u>** (as may be revised to the applicable Debtors, the "<u>Notice of Effective Date</u>"), in accordance with Bankruptcy Rules 2002 and 3020(c) on all Holders of Claims and Interests within seven days after the Effective Date.  Notwithstanding

| (Page | 116) | |
| --- | --- |
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

the above, no notice of Confirmation or Consummation or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed the Combined Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. The Combined Hearing Notice, this Confirmation Order, and the Notice of Effective Date are adequate under the particular circumstances of these Chapter 11 Cases and no other or further notice is necessary.

101.    The Notice of Effective Date will have the effect of an order of the Court, will constitute sufficient notice of the entry of this Confirmation Order to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

102.    **Termination of the Challenge Period.**  Notwithstanding any provision in the Cash Collateral Final Order, the *Stipulation to Extend the Challenge Period By and Among the Consent Parties and the Committee* [Docket No. 1233], the *Stipulation to Further Extend the Challenge Period By and Among the Consent Parties and the Committee* [Docket No. 1407], the Challenge Period (as defined in the Cash Collateral Final Order) for all parties in interest is terminated upon entry of this Confirmation Order, and the stipulations, admissions, findings, and releases contained in the Cash Collateral Final Order are binding on the Debtors' Estates and all parties in interest to the same extent as provided in the Cash Collateral Final Order.

| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

103.    **Failure of Consummation.**  If Consummation does not occur for a Debtor, the Plan and the findings in this Confirmation Order shall be null and void in all respects as to such Debtor and nothing contained in the Plan, the Disclosure Statement, or the Amended and Restated Restructuring Support Agreement as to such Debtor shall, in each case as to such Debtor: (a) constitute a waiver or release of any claims by the Debtors, Claims, or Interests; (b) prejudice in any manner the rights of the Debtors, any Holders of Claims or Interests, or any other Entity; or (c) constitute an admission, acknowledgement, offer, or undertaking by the Debtors, any Holders of Claims or Interests, or any other Entity; *provided* that the provisions of the Amended and Restated Restructuring Support Agreement that survive termination thereof on account of a failure of the Effective Date to occur shall remain in effect in accordance with the terms thereof; *provided*, *further*, that any Restructuring Expenses that have been paid as of the date of any revocation or withdrawal of the Plan shall remain paid and shall not be subject to disgorgement or repayment without further order of the Court.

104.    **Substantial Consummation.**  On the Effective Date, the Plan shall be deemed to be substantially consummated under section 1101(2) of the Bankruptcy Code.

105.    **References to and Omissions of Plan Provisions.**  References to articles, sections, and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan.  The failure to specifically include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, it being the intent of the

| (Page \| 118) | |
|---|---|
| Debtors: | WeWork Inc., *et al.* |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

Court that the Plan and any related document, agreement, or exhibit be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

106.    **Debtors' Actions Post-Confirmation Through the Effective Date.**  During the period from entry of this Confirmation Order through and until the Effective Date, the Debtors shall continue to operate their business as debtors in possession, subject to the oversight of the Court as provided under the Bankruptcy Code, the Bankruptcy Rules, this Confirmation Order, and any Final Order of the Court and in accordance with the terms of the Plan.

107.    **Headings.**  Headings utilized herein are for convenience and reference only, and do not constitute a part of the Plan or this Confirmation Order for any other purpose.

108.    **Effect of Conflict.**  This Confirmation Order supersedes any Court order issued prior to the Confirmation Date that may be inconsistent with this Confirmation Order.  If there is any inconsistency between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order govern and control.

109.    **Waiver of 14-Day Stay.**  Notwithstanding Bankruptcy Rule 3020(e), and to the extent applicable, Bankruptcy Rules 6004(h), 7062, and 9014, this Confirmation Order is effective immediately and not subject to any stay.

110.    **Final Order.**  This Confirmation Order is a Final Order, and the period in which an appeal must be Filed shall commence upon the entry hereof.

111.    **Retention of Jurisdiction.**  The Court may properly, and upon the Effective Date shall, to the full extent set forth in the Plan, retain jurisdiction over all matters arising out of, and

(Page | 119)

| | |
|---|---|
| Debtors: | WeWork Inc., *et al*. |
| Case No. | 23-19865 (JKS) |
| Caption of Order: | Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries |

related to, these Chapter 11 Cases, including the matters set forth in <u>Article XI</u> of the Plan and

section 1142 of the Bankruptcy Code.

## Exhibit A

**Plan**

**<u>Exhibit B</u>**

**Proposed Notice of Effective Date**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
Ciara Foster (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
edward.sassower@kirkland.com
joshua.sussberg@kirkland.com
steven.serajeddini@kirkland.com
ciara.foster@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Ryan T. Jareck, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., *et al*., | Case No. 23-19865 (JKS) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) ENTRY OF AN ORDER**
**CONFIRMING THE FIRST AMENDED JOINT**
**CHAPTER 11 PLAN OF REORGANIZATION OF WEWORK INC. AND**
**ITS DEBTOR SUBSIDIARIES AND (II) OCCURRENCE OF EFFECTIVE DATE**

On [May 30], 2024, the Honorable John K. Sherwood, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of New Jersey (the "Court"), entered the *Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. [●]] (the "Confirmation Order") confirming the Plan[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of Debtor WeWork Inc.'s principal place of business is 12 East 49th Street, 3rd Floor, New York, NY 10017; the Debtors' service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

[2]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 1816] (with all supplements and exhibits thereto, the "Plan") or the Confirmation Order, as applicable.

The Effective Date of the Plan occurred on **[●], 2024**.

The Confirmation Order, the Plan, and copies of all documents Filed in these Chapter 11 Cases are available free of charge by visiting https://dm.epiq11.com/WeWork or by calling the Debtors' restructuring hotline at (877) 959-5845 (Toll-free from US / Canada) or +1 (503) 852-9067 (International).  You may also obtain copies of any pleadings Filed in these Chapter 11 Cases for a fee via PACER at:  https://ecf.njb.uscourts.gov.

The Court has approved certain discharge, release, exculpation, injunction, and related provisions in Article VIII of the Plan.

The Plan and its provisions are binding on the Debtors, the Reorganized Debtors, the Disbursing Agent, and any Holder of a Claim or an Interest and such Holder's respective successors and assigns, whether or not the Claim or the Interest of such Holder is Impaired under the Plan, and whether or not such Holder voted to accept the Plan.

The Plan and the Confirmation Order contain other provisions that may affect your rights. You are encouraged to review the Plan and the Confirmation Order in their entirety.

Dated: [_____], 2024

*/s/  DRAFT*
_____

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Edward O. Sassower, P.C. |
| Felice R. Yudkin, Esq. | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Ryan T. Jareck, Esq. | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Court Plaza North, 25 Main Street | Ciara Foster (admitted *pro hac vice*) |
| Hackensack, New Jersey 07601 | 601 Lexington Avenue |
| Telephone:  (201) 489-3000 | New York, New York 10022 |
| msirota@coleschotz.com | Telephone:  (212) 446-4800 |
| wusatine@coleschotz.com | Facsimile:  (212) 446-4900 |
| fyudkin@coleschotz.com | edward.sassower@kirkland.com |
| rjareck@coleschotz.com | joshua.sussberg@kirkland.com |
| | steven.serajeddini@kirkland.com |
| | ciara.foster@kirkland.com |
| | |
| *Co-Counsel for Debtors and* | *Co-Counsel for Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

---

**IF YOU HAVE ANY QUESTIONS ABOUT THIS
NOTICE, PLEASE CONTACT EPIQ CORPORATE RESTRUCTURING, LLC BY
CALLING (877) 959-5845 (TOLL FREE) or +1 (503) 852-9067 (INTERNATIONAL)**