**RIKER DANZIG LLP**
Joseph L. Schwartz, Esq.
Tara J. Schellhorn, Esq.
Daniel A. Bloom, Esq.
Gregory S. Toma, Esq.
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey  07962-1981
Telephone: (973) 538-0800
Facsimile: (973) 538-1984
jschwartz@riker.com
tschellhorn@riker.com
dbloom@riker.com
gtoma@riker.com

*Co-Counsel to Trustee for the
WeWork UCC Settlement Trust
Created Under Confirmed Plan*

**SQUIRE PATTON BOGGS (US) LLP**
Jeffrey N. Rothleder, Esq. (admitted *pro hac vice*)
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
jeffrey.rothleder@squirepb.com

Maura P. McIntyre, Esq. (admitted *pro hac vice*)
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8715
Facsimile: (216) 479-8780
maura.mcintyre@squirepb.com

*Co-Counsel to Trustee for the
WeWork UCC Settlement Trust
Created Under Confirmed Plan*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WEWORK INC., et al., | Case No. 23-19865 (JKS) |
| Reorganized Debtors.[1] | Hon. John K. Sherwood |

**THE WEWORK UCC SETTLEMENT TRUST TRUSTEE'S SECOND OMNIBUS OBJECTION TO CERTAIN GENERAL UNSECURED CLAIMS**

Entity Services (SPV), LLC, as Trustee of the WeWork UCC Settlement Trust (respectively, the "Trustee" and the "Trust") established pursuant to the *Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries (Further Technical Modifications)* [Docket No. 2051] (the "Plan") in the above-captioned cases (the "Bankruptcy

---

[1] The Reorganized Debtor with an open case remaining in these chapter 11 cases (along with the last four digits of its federal tax identification number) is WeWork Inc. (4904). A complete list of each of the Reorganized Debtors whose chapter 11 cases have been closed may be obtained on the website of the Reorganized Debtor's claims and noticing agent at https://dm.epiq11.com/WeWork.  The location of the Reorganized Debtor's principal place of business is 71 5th Avenue, 2nd Floor, New York, NY 10003; the Reorganized Debtor's service address in these chapter 11 cases is WeWork Inc. c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005.

1

Cases"),[2] by and through its undersigned counsel, hereby files this second omnibus objection (the "Second Omnibus Objection"), seeking entry of an order, substantially in the form submitted herewith (the "Proposed Order"), reducing, modifying and/or disallowing and expunging the claims listed on (i) **Schedule 1** (the "Wrong Debtor Claims"), and (ii) **Schedule 2** (the "Late Filed Claims").  In support of the Second Omnibus Objection, the Trustee submits and incorporates herein the Declaration of Jessica L. Mullenix Woodward (the "Woodward Declaration"), and respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules").

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Confirmation Order and the Plan, as applicable.

**BACKGROUND**

A. **General Background**

5. On November 6, 2023 (the "Petition Date"), WeWork Inc. and its Debtor subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court, thereby commencing the Bankruptcy Cases.

6. Following the Petition Date, on November 16, 2023, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' Bankruptcy Cases. See Docket No. 150.

B. **Claims Bar Dates**

7. On January 7, 2024, the Debtors filed their *Motion for Entry of an Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(b)(9) of the Bankruptcy Code; (II) Establishing an Amended Schedules Bar Date, a Rejection Damages Bar Date, and a Stub Rent Bar Date; (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim; (IV) Approving Notices Thereof; and (V) Granting Related Relief* [Docket No. 1108] (the "Bar Date Motion").

8. On February 2, 2024, the Court entered an order granting the Bar Date Motion, which, among other things, (i) established March 12, 2024 as the deadline for all persons and entities to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code and unsecured priority claims (the "General Claims Bar Date"); (ii) established March 12, 2024 as the deadline for the Debtors' customers and members to file proofs of claim for claims arising out of service retainers paid in connection with such customer's or member's membership agreement with the Debtors (the "Member Claims Bar Date"); and (iii) established May 6, 2024 as the deadline for governmental units to file proofs of

claim (the "Governmental Bar Date" and, collectively with the General Claims Bar Date and the Member Claims Bar Date, the "Bar Dates").

9. The Bar Dates have all passed. As a result, potential claimants are barred from asserting any additional claims against the Debtors.

### C. Plan and Confirmation

10. On May 30, 2024, the Debtors filed the Plan (as defined above).

11. On the same date, the Court confirmed the Plan and entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement and (II) Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries* [Docket No. 2060] (the "Confirmation Order").

12. On June 11, 2024, the Debtors substantially consummated the transactions contemplated under the Plan, and the Effective Date occurred. See *Notice of (I) Entry of an Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and Its Debtor Subsidiaries and (II) Occurrence of Effective Date (Further Technical Modifications)* [Docket No. 2099].

### D. Appointment, Rights, Powers and Duties of the Trustee

13. Upon the occurrence of the Effective Date, the Trust was created pursuant to the Plan, Confirmation Order and the UCC Settlement Trust Agreement.[3] See Plan, Article IV, Section D.4(a).

14. The Trust was created for the purposes of, among other things:

> (i) distribution of the UCC Settlement Proceeds to Holders of Allowed General Unsecured Claims and Holders of Allowed 3L Notes Claims; (ii) reconciling, contesting, objecting to, seeking to

---

[3] The UCC Settlement Trust Documents, which include the UCC Settlement Trust Agreement, are available at Exhibit H-1 of the *Notice of Filing Third Amended Plan Supplement for the Third Amended Joint Chapter 11 Plan of Reorganization of WeWork Inc. and its Debtor Subsidiaries*, dated June 11, 2024 [Docket No. 2093].

4

subordinate, compromising, or settling any and all Disputed General Unsecured Claims and Disputed 3L Notes Claims; and (iii) performing such other functions as are provided for in the Plan or the UCC Settlement Trust Documents.

See id.

15. The Trustee's powers, duties, and authority to act on behalf of the Trust are set forth in the UCC Settlement Trust Agreement.

16. Pursuant to Article III of the UCC Settlement Trust Agreement, the Trustee has the power to, among other things, "protect and enforce the rights to the Trust Assets vested in the Trust and Trustee by this Agreement by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise" (see Section 3.4.6), to "review, reconcile, compromise, settle, or object to General Unsecured Claims of any kind . . ." (see Section 3.4.7), to "cause the Trust to review, reconcile, prosecute, enforce, collect, compromise, settle, abandon or elect not to pursue all Disputed General Unsecured Claims . . ." (see Section 3.4.10), and to "review, and where appropriate, cause the Trust to allow or object to General Unsecured Claims, and, supervise and administer the Trust's commencement, prosecution, settlement, compromise, withdrawal or resolution of all objections to Disputed General Unsecured Claims required to be administered by the Trust." (see Section 3.4.14).

17. Pursuant to the Plan, the Trust was to be funded by the Reorganized Debtors with the UCC Settlement Proceeds (as defined therein), which funding occurred on August 28, 2024. See Plan, Article IV, Section D.4.

   **E.**    **The Claims Procedures Order**

18. On May 8, 2024, the Court entered the *Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice; (II) Waiving Bankruptcy Rule 3007(E)(6); and (III)*

5

*Granting Related Relief* [Docket No. 1892] (the "Claims Procedures Order"), which set forth certain procedures to be followed by the Debtors, the Reorganized Debtors and the Trustee in connection with the disposition of Claims.

19. On September 27, 2024, the Trustee filed a *Notice of Filing of Amended Procedures for Filing and Serving Omnibus Claims Objections and Notices of Satisfaction of Claims* [Docket No. 2325] (the "Amended Claims Objection Procedures"), which incorporated certain non-material modifications to the original Claims procedures attached to the Claims Procedures Order, as authorized therein.

### F. The Claims Objection Bar Date

20. Pursuant to the Plan, the Trustee is authorized to object to the amount or validity of any General Unsecured Claims and/or 3L Notes Claims within 180 days of the Effective Date (i.e., through and including December 9, 2024[4]) (the "Claims Objection Bar Date"), which deadline may be extended by order of the Court upon motion by the Trustee. See Plan, Article VII, Section G.

21. On November 5, 2024, the Trustee filed its *Motion to Extend the Period Within Which the Trustee May Object to General Unsecured Claims and/or 3L Notes Claims* [Docket No. 2348].

22. On November 27, 2024, the Court entered an *Order Extending the Period Within Which the UCC Settlement Trust Trustee May Object to General Unsecured Claims and/or 3L Notes Claims* [Docket No. 2359], extending the Claims Objection Bar Date to and including April 8, 2025.

---

[4] The 180th day after the Effective Date is Sunday, December 8, 2024. The time period is automatically continued to Monday, December 9, 2024 by operation of Bankruptcy Rule 9006.

### G. Certain Actions by the Trustee Since the Effective Date

23. Since the Effective Date, the Trustee and its professionals have been engaged in an in-depth analysis of the Debtors' books and records for the purpose of reviewing, comparing, and reconciling scheduled and filed proofs of claim (including any supporting documentation) respecting General Unsecured Claims and/or 3L Notes Claims. Additionally, the Trustee and its professionals have been reviewing those Claims that are being reclassified pursuant to orders approving omnibus objections to administrative, secured and priority Claims filed by the Reorganized Debtors.[5] This reconciliation process includes identifying particular categories of Claims that may be subject to objection, and seeking from the Reorganized Debtors additional information and/or confirmation with respect to individual Claims.

24. As a result of this ongoing process, on December 23, 2024, the Trustee filed the *WeWork UCC Settlement Trust Trustee's First Omnibus Objection to Certain General Unsecured Claims* [Docket No. 2374] (the "First Omnibus Claims Objection"), which sought to reduce or disallow/expunge more than one hundred filed or scheduled claims. On January 29, 2025, the Court entered an *Order Granting the First Omnibus Claims Objection* [Docket No. 2408], resulting in the disallowance/expungement or reduction of a large number of Claims.[6]

---

[5] See *Order Granting the Reorganized Debtors First Omnibus Objection to Certain Administrative, Secured, and Priority Claims*, entered on September 20, 2024 [Docket No. 2316]; *Order Granting the Reorganized Debtors Second Omnibus Objection to Certain Administrative, Secured, and Priority Claims*, entered on September 20, 2024 [Docket No. 2317]; *Order Granting the Reorganized Debtors Third Omnibus Objection to Certain Administrative, Secured, and Priority Claims*, entered on November 1, 2024 [Docket No. 2344]; *Order Granting the Reorganized Debtors Fourth Omnibus Objection to Certain Administrative, Secured, and Priority Claims*, entered on December 18, 2024 [Docket No. 2373]; and *Order Granting the Reorganized Debtors Fifth Omnibus Objection to Certain Administrative, Secured, and Priority Claims*, entered on January 13, 2025 [Docket No. 2400].

[6] The Trust received several informal responses to the First Omnibus Claims Objection from claimants holding claims objected to therein. A hearing on the First Omnibus Claims Objection has been adjourned to March 18, 2025 solely with respect to such claims. See *Determination of Adjournment Request Granted as to the claims of Lenox 429 Ave Inc. [Claim Nos. 10696; 10700; 11321] (the Lenox Claims), Met Tower Owner LLC [Claim Nos. 11330; 11331] (the Met Tower Claims) and Arciterra Companies LLC et al. [Claim No. 11087] (the Arciterra Claim)*, filed on January 27, 2025 [Docket No. 2406].

25. Additionally, on December 23, 2024, the Trustee filed the *WeWork UCC Settlement Trust Trustee's First Notice of Satisfaction of Certain General Unsecured Claims* [Docket No. 2376] (the "First Notice of Satisfaction"), which notified claimants and parties-in-interest of the Trust's determination that approximately sixteen claims listed therein have been satisfied in full according to the Debtors' books and records. No responses to the First Notice of Satisfaction were filed on the Court's docket or served on the required notice parties by the applicable deadline or otherwise. As a result, the claims listed on Schedule 1 thereto were expunged from the Claims Register by the Claims Agent.

26. In connection with its ongoing review and analysis of claims, the Trustee anticipates preparing and filing additional objections to claims in the near term.

## RELIEF REQUESTED

27. By this Second Omnibus Objection, the Trustee objects to the General Unsecured Claims set forth on Schedule 1 and Schedule 2 to the Proposed Order (collectively, the "Schedules") pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, the Claims Objection Procedures Order, and the Amended Claims Objection Procedures. The Trustee respectfully requests entry of the Proposed Order reducing, modifying and/or disallowing and expunging the (i) Wrong Debtor Claims on Schedule 1 to the Proposed Order, and (ii) Late Filed Claims on Schedule 2 to the Proposed Order (collectively, the "Disputed Claims").[7]

## OBJECTION

28. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. In re

---

[7] To the extent that any of the Disputed Claims set forth in the Schedules attached to the Proposed Order assert general unsecured, secured and/or priority Claim amounts, this Second Omnibus Objection solely seeks the reduction, modification and/or disallowance and expungement of the general unsecured Claim amounts asserted as part of any such Disputed Claims, as set forth in the Schedules.

8

Allegheny Int'l, Inc., 954 F.2d 167, 173 (3d Cir. 1992).  To receive the benefit of prima facie validity, however, the proof of claim must "set forth facts necessary to support the claim." In re Stoecker, 143 B.R. 879, 883 (N.D. Ill. 1992).  Where the claimant alleges sufficient facts to support its claim, the claim is afforded prima facie validity. Allegheny, 954 F.2d at 173.

29. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

30. Thus, while a properly-filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. See In re Allegheny Int'l, Inc., 954 F.2d at 173-74.  The burden of persuasion with respect to the claim is always on the claimant. See, e.g., Biolitec, AG v. Cyganowski, No. 13-cv-5864, 2013 WL 6795400, *3 (D. N.J. Dec. 16, 2013); see also In re Allegheny Int'l, Inc., 954 F.2d at 173-74.  The failure to allege facts and to provide sufficient support for a claim deprives the claim of prima facie validity. See, e.g., In re Jorczak, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).  Here, there is ample evidence to rebut the prima facie validity of each of the claims that this Second Omnibus Objection seeks to reduce, modify, disallow and/or expunge.

31. The Trustee has standing to file objections to, *inter alia*, General Unsecured Claims under sections 502 and 1109(b) of the Bankruptcy Code, Article IV, Section D.4(a) of the Plan and Article III of the UCC Settlement Trust Agreement.

32. Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

33. Bankruptcy Rule 3007 requires that an objection to a claim be made in writing, and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection. See Fed. R. Bankr. P. 3007(a). Additionally, Bankruptcy Rule 3007 provides that objections of up to 100 claims may be joined in an omnibus objection if such objections are based on the grounds that the claims should be disallowed, in whole or in part, for any of eight enumerated reasons. See Fed. R. Bankr. P. 3007(d). In addition, pursuant to D.N.J. LBR Rule 3007-2, "[a]n omnibus objection to claims may be filed to reduce the amount of a claim or to modify a claim's priority status." Id.

34. The Claims Procedures Order authorizes, *inter alia*, the Trustee to (a) object to a maximum of 250 claims in a single omnibus objection; and (b) object to such claims based on the grounds set forth in Bankruptcy Rule 3007(d), plus certain enumerated "Additional Grounds" not specified therein.[8]

### A. **Wrong Debtor Claims**

35. As set forth in the Woodward Declaration, the Trustee, through its advisors and personnel, has reviewed the Wrong Debtor Claims identified on Schedule 1 and has determined that each of the Wrong Debtor Claims were filed (either in whole or in part, as indicated on Schedule 1) against the wrong Debtor entity or entities and such claims should be modified to make clear that they are only asserted against the Debtor entity or entities identified in the column titled "Reassigned Debtor" on Schedule 1 to the Proposed Order.[9] Additionally, certain of the

---

[8] For a list of such "Additional Grounds" see *Debtors' Motion for Entry of an Order (I) Approving (A) Omnibus Claims Objection Procedures and Form of Notice, (B) Omnibus Substantive Claims Objections, and (C) Satisfaction Procedures and Form of Notice; (II) Waiving Bankruptcy Rule 3007(E)(6); and (III) Granting Related Relief*, filed on April 13, 2024 [Docket No. 1647].

[9] Schedule 1 includes claims filed on a consolidated basis against a single Debtor instead of against multiple Debtors to which portions of such claims are attributed based on underlying documentation provided by claimants and/or the Debtors' books and records.

10

Wrong Debtor Claims listed in Schedule 1, or portions thereof, have been ascribed modified claim amounts in the "Modified Claim Amount" column on Schedule 1, for the reasons set forth therein.

36. Any failure to modify the Wrong Debtor Claims will result in the applicable claimant potentially receiving an unwarranted additional recovery from the UCC Settlement Proceeds to the detriment of other unsecured creditors in these Bankruptcy Cases. In addition, the modification of the Wrong Debtor Claims will result in a more streamlined and accurate claims register.

37. Accordingly, the Trustee respectfully requests that the Court modify each of the Wrong Debtor Claims as set forth on Schedule 1 to the Proposed Order. Further, the Trustee expressly reserves all its rights to object on any basis to any of the Wrong Debtor Claims, including following the modification of such claims by the Court's entry of the Proposed Order.

### B. Late-Filed Claims

38. The Trustee also objects to, and seeks disallowance and expungement of, each of the Late-Filed Claims listed on Schedule 2 to the Proposed Order because each such claim was not filed by the applicable Bar Date set forth in the Bar Date Order, which set forth the deadlines for the filing of proofs of claim in these Bankruptcy Cases.

39. Section 502(b)(9) of the Bankruptcy Code provides that a claim shall not be allowed if "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure." Courts have consistently held that a creditor who fails to timely file its claim may not file a late claim and participate in a distribution from the estate. See, e.g., Matter of LAN Associates XIV, L.P., 193 B.R. 730, 739 (Bankr. D.N.J. 1996) (denying tardy proof of claim, despite apparent good faith of creditor, and citing the need for expeditious distribution of debtor's

estate and potential prejudice to creditors who timely filed claims); In re Big M., Inc., 2014 WL 5822655 (Bankr. D.N.J. Nov. 6, 2014) (expunging tardily filed administrative claim); In re Energy Future Holdings Corp., 2015 WL 77416 at *4 (Bankr. D. Del. Jan. 7, 2015) (stressing importance of a bar date and holding that it is "akin to statute of limitations and must be strictly enforced") (citations omitted).

40. The Late-Filed Claims were subject to the requirement that proofs of claim be filed by no later than the applicable Bar Dates established by the Court through the Bar Date Order. As set forth in the Woodward Declaration, the Trustee, through its advisors and personnel, has reviewed the Late-Filed Claims and has determined that each of those claims was filed after the applicable Bar Date. For this reason, the Late-Filed Claims are untimely and unenforceable. Accordingly, the Trustee requests that the Court disallow and expunge the Late-Filed Claims in their entirety. Further, the Trustee reserves all of its rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

## **RESERVATION OF RIGHTS**

41. In the event that any of the claims included in Schedules 1 and 2 attached to the Proposed Order are not reduced, modified and/or disallowed and expunged, as applicable, on the grounds asserted herein and in the Schedules, the Trustee hereby reserves its rights to object to such claims on behalf of the Trust on any other grounds. Additionally, the Trustee expressly reserves the right of the Trust to amend, modify, or supplement any of the objections asserted herein and to file additional objections to the claims included in Schedules 1 and 2 attached to the Proposed Order, or any other claims that have been or may be asserted against the Debtors' estates.

42. Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor

entity or such Debtor entity's estate; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Second Omnibus Objection or any order granting the relief requested by this Second Omnibus Objection; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Trust's rights under the Bankruptcy Code or any other applicable law.

## SEPARATE CONTESTED MATTERS

43. Each of the Disputed Claims objected to by the Trustee in this Second Omnibus Objection constitutes a separate contested matter under Bankruptcy Rule 9014. The Trustee respectfully requests that any order entered by the Court with respect to an objection asserted in this Second Omnibus Objection shall be deemed a separate order with respect to each such Disputed Claim.

## WAIVER OF MEMORANDUM OF LAW

44. The Trustee respectfully requests that this Court waive the requirement to file a separate memorandum of law pursuant to Local Rule 9013-1(a)(3) because the legal bases upon which the Trustee relies is incorporated herein and the Second Omnibus Objection does not raise any novel issues of law.

## NOTICE

45. Notice of this Second Omnibus Objection has been given to: (a) all parties on the Master Service List; and (b) holders of each Disputed Claim included in Schedules 1 and 2 attached to the Proposed Order. The Trustee respectfully submits that such notice is sufficient and proper

under the circumstances and that no other or further notice is required.

## **CONCLUSION**

WHEREFORE, based upon the foregoing, the Trustee respectfully requests that the Court: (a) grant this Second Omnibus Objection; (b) enter an order substantially in the form of the Proposed Order filed herewith granting this Second Omnibus Objection and providing that the Disputed Claims included in Schedules 1 and 2 attached to the Proposed Order shall be reduced, modified and/or disallowed and expunged, as applicable; and (c) grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| February 14, 2025<br>Morristown, New Jersey | **RIKER DANZIG LLP**<br>By: /s/ *Joseph L. Schwartz*<br>Joseph L. Schwartz, Esq.<br>Tara J. Schellhorn, Esq.<br>Daniel A. Bloom, Esq.<br>Gregory S. Toma, Esq.<br>Headquarters Plaza, One Speedwell Avenue<br>Morristown, New Jersey 07962-1981<br>Telephone: (973) 538-0800<br>Facsimile: (973) 538-1984<br>jschwartz@riker.com<br>tschellhorn@riker.com<br>dbloom@riker.com<br>gtoma@riker.com<br><br>-and-<br><br>**SQUIRE PATTON BOGGS (US) LLP**<br>Jeffrey N. Rothleder, Esq. (admitted *pro hac vice*)<br>2550 M Street NW<br>Washington, DC 20037<br>Telephone: (202) 457-6000<br>Facsimile: (202) 457-6315<br>jeffrey.rothleder@squirepb.com<br><br>Maura P. McIntyre, Esq. (admitted *pro hac vice*)<br>1000 Key Tower<br>127 Public Square<br>Cleveland, OH 44114<br>Telephone: (216) 479-8715<br>Facsimile: (216) 479-8780<br>maura.mcintyre@squirepb.com<br><br>*Co-Counsel to Trustee for the WeWork UCC Settlement Trust Created Under Confirmed Plan* |

4931-6936-1175, v. 9